# Minutes of Proceedings

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------------x

Date:      May 5, 2009                                          :

-------------------------------------------------------------------------------------x

In re:                                                          :
                                                               :
**Chrysler LLC**                                                :      Case No. **09-50002** (AJG)
                          Debtor(s).                            :

-------------------------------------------------------------------------------------x

| | | |
|---|---|---|
| Hon. Arthur J. Gonzalez | _____ | ECRO |
| Bankruptcy Judge | Courtroom Deputy | Court Reporter |

| | |
|---|---|
| Trustee | Counsel |
| Debtor(s) Chrysler LLC | Counsel Jones Day |
| 1. Creditor | Counsel |
| 2. Creditor | Counsel |
| 3. Plaintiff/Applicant | Counsel |
| 4. Defendant/Respondent | Counsel |

**Proceedings:**
¤ Motion for Relief from Automatic Stay Filed By
¤ Motion to Void Lien Held By
¤ Motion to Dismiss Filed By
¤ Motion to Confirm/Modify Plan
¤ Motion to Convert to Chapter
X Motion By **Certain Chrysler Non-TARP Lenders authorizing White & Case LLP to file in redacted form and under seal verified statement pursuant to Bankruptcy Rule 2019.**
¤ Complaint By
¤ Appearances made, arguments presented
¤ No appearances
¤ Oral findings and conclusions made of record
¤ Witnesses sworn          ¤ See attached list   ¤ Exhibits entered   ¤ See attached list
¤ Pretrial                ¤ Status Conference
¤ Other
¤ Continued to                    at             for

**Orders:**
X Relief sought in complaint/motion:
¤ Granted          X Denied               ¤ Dismissed          ¤ Awarded by Default
X **Movants are directed to file the 2019 Statement by 10:00 a.m., May 6, 2009.**
¤ Judgment to enter for:

¤ Plaintiff          ¤ Defendant          ¤ Applicant               ¤ Respondent
¤ In the amount of $              ¤ Cost in the amount of $
¤ Matter taken under advisement
¤ Formal order or Judgment to enter
¤ Confirmation/modification of plan          ¤ granted        ¤ denied
X **The Motion is denied for the reasons set forth in Exhibit "A."**

FOR THE COURT: Vito Genna, Clerk of the Court

BY THE COURT:

| | | |
|---|---|---|
| **s/Arthur J. Gonzalez** | 5/5/2009 | Jacqueline De Pierola |
| United States Bankruptcy Judge | Date | Courtroom Deputy |

EXHIBIT "A"

Certain Chrysler Non-TARP Lenders seek entry of an order, pursuant to sections 105(a) and 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and General Order #M-242 authorizing White & Case to file in redacted form and under seal the 2019 Statement. For the following reasons, the Court denies the relief requested.

According to these Lenders, "[t]he Chrysler Non-TARP Lenders are seeking to protect commercial information – specifically their reputational interests that are being tarnished by inaccurate and misleading information disseminated by the executive branch of the United States government. The failure to issue such an order puts these parties at risk of undue influence on the part of the government and physical danger in the form of death threats."

Section 107(b) states that the Court "shall" on the "request of a party in interest" issue an order to "protect an entity with respect to . . . commercial information . . . or protect a person with respect to scandalous or defamatory matter contained in a paper filed in" a case under the Bankruptcy Code. In *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994), the Second Circuit held that "[c]ommercial information has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'"

These Lenders assert that their reputational interests require protection. However, reputational interests are not "commercial information" under the Second Circuit's test and therefore are not entitled to protection under section 107(b). The Second Circuit has held that a "naked conclusory statement" that information not placed under seal would cause reputational injury "falls woefully short of the kind of which raises even an

arguable issue as to whether it may be kept under seal." *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982). These Lenders also do not argue that they require protection from scandalous or defamatory matter contained in a paper filed in this case. Instead, the exhibits to these Lenders' motion come from sources outside this case. Accordingly, these Lenders do not have grounds under section 107(b) for their 2019 Statement to be sealed.

For the same reasons, these Lenders do not have grounds under Rule 9018 for their 2019 Statement to be sealed. These Lenders' citation of *In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003), for the proposition that the court's authority to issue "any order which justice requires" "goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice" is unavailing because the court only has such authority if the requirements of Rule 9018 are met. The relevant Rule 9018 requirements are the same as those under section 107(b), and these Lenders have not met those requirements.

Section 107(c) allows the court "for cause" to protect an individual with respect to certain types of information, including any means of identification, "where disclosure of such information would create an undue risk of … unlawful injury to the individual or the individual's property." These Lenders first cite *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005), in which the district court upheld the bankruptcy court's order limiting access to a 2019 statement that contained personal identifying information of asbestos claimants. The *Kaiser* court cited *Nixon v. Warner Comm., Inc.* 435 U.S. 589, 597-98 n.8, 98 S.Ct. 1306 (1978), for the proposition that courts have "supervisory power

over their records and files and may deny access to those records and files to prevent

them from being used for an improper purpose."

These Lenders assert that the use of their 2019 Statement as "a means of

identifying targets for coercion and threats" is an "improper purpose," but they provide

no evidence or support that their 2019 Statement would be used in this way.

Additionally, the bankruptcy court in *Kaiser* expressed privacy concerns over

individuals' personal information being made public on the electronic case filing system.

Although the bankruptcy court there stated that it would make the information available

to a party who requested it, in this case, the interest for the information is apparent.  Also

in this case, entities' rather than individuals' information would be disclosed in the 2019

Statement.

These Lenders also cite *Lozano v. City of Hazleton*, 496 F. Supp. 2d 477, 508

(M.D. Pa. 2007), in which the court allowed legal and illegal immigrants plaintiffs to

proceed anonymously because even Hazleton residents with a "more secure social and

legal status than the anonymous plaintiffs" were subject to "harassment and intimidation"

resulting from face-to-face comments.  As an exception to the general principle that

"lawsuits are public events," the *Lozano* court cited other courts' protection of litigants'

anonymity only where there was "real danger of physical harm" or "revealing their true

identities would lead to physical violence."  In this case, these Lenders point to certain

comments posted on a website.  They point to no particularized threats evidencing a real

danger of physical harm, and moreover, although they may have reported these threats to

law enforcement authorities, they do not show that law enforcement authorities consider

such threats bona fide.  Accordingly, these Lenders do not have grounds under section 107(c) for their 2019 Statement to be sealed.

For the foregoing reasons, the Court denies the relief requested.

Further, the 2019 Statement shall be filed by 10:00 a.m., May 6, 2009.