# **EXHIBIT E**

ATI-2353079v29

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re                                                   :   Chapter 11
                                                        :
Chrysler LLC, *et al*.,                                 :   Case No. 09-50002 (AJG)
                                                        :
                    Debtors.                            :   (Jointly Administered)
                                                        :
------------------------------------------------------- x

**ORDER, PURSUANT TO SECTIONS 105,
365 AND 525 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 6006, (A) AUTHORIZING THE REJECTION
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES WITH
<u>CERTAIN DOMESTIC DEALERS AND (B) GRANTING CERTAIN RELATED RELIEF</u>**

This matter coming before the Court on the Omnibus Motion of Debtors and Debtors in Possession for an Order, Pursuant to Sections 105, 365 and 525 of the Bankruptcy Code and Bankruptcy Rule 6006, (A) Authorizing the Rejection of Executory Contracts and Unexpired Leases With Certain Domestic Dealers and (B) Granting Certain Related Relief (the "<u>Motion</u>"),[1] filed by the debtors and debtors in possession in the above captioned cases (collectively, the "<u>Debtors</u>"); the Court having reviewed the Motion and the Second Declaration of Peter M. Grady filed in support of the Motion and attached thereto as Exhibit B (the "<u>Grady Declaration</u>") and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "<u>Hearing</u>");

THE COURT HEREBY FINDS AND DETERMINES THAT:

A.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

ATI-2353079v29

      B.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334.

      C.      Venue is proper in this district pursuant to 28 U.S.C. § 1409.

      D.      Adequate notice of the Motion and the Hearing and an opportunity to be heard with respect to the relief granted herein was afforded to all necessary and appropriate interested parties, including, without limitation, the Affected Dealers and the Governmental Entities.

      E.      A waiver of the limitations of Bankruptcy Rule 6006(f)(6) is appropriate and justified with respect to the Motion.

      F.      Each of the Rejected Dealer Agreements is an executory contract capable of being rejected under section 365 of the Bankruptcy Code.

      G.      The rejection of the Rejected Dealer Agreements, and the consequences and limitations on the Affected Dealers arising from such rejection, including as set forth herein, (1) constitute an exercise of sound business judgment by the Debtors, (2) are appropriate and necessary under the circumstances described in the Motion and the Grady Declaration, (3) comprise critical and necessary relief in support of the transactions contemplated in the Sale Motion and the Debtors' chapter 11 restructuring strategy and (4) are warranted and permissible under sections 105, 365 and 525 of the Bankruptcy Code and Bankruptcy Rule 6006.

      H.      All Dealer Laws that purport to interfere with or undermine the terms of this Order or the impact of a full and complete rejection of the Rejected Dealer Agreements as set forth herein or as otherwise embodied in the Bankruptcy Code and related case law are preempted by the Bankruptcy Code, pursuant to the Supremacy Clause of the United States Constitution, which protects and preserves the Debtors' federal bankruptcy rights.  As such, the Dealer Laws may not be enforced by or on behalf of the Affected Dealers (including by

Government Entities) to limit or restrict the relief granted herein.  For the avoidance of doubt and by way of examples only, Dealer Laws that are preempted include, without limitation, any laws that (a) provide Dealers' Blocking Rights; (b) govern or restrict the termination, cancellation or non-renewal of new motor vehicle dealer agreements and franchise rights by Original Equipment Manufacturers; and (c) Government Entities or Affected Dealers may purport to rely upon to restrict, terminate, cancel, not renew or refuse to issue necessary operating licenses or similar licenses to the Debtors, New Chrysler and any Remaining Dealers as a consequence of or otherwise motivated by the rejection herein of the Rejected Dealer Agreements.

        I.        Pursuant to section 365(g)(1) of the Bankruptcy Code, the rejection of the Rejected Dealer Agreements granted herein constitutes a prepetition breach by the applicable Debtors of each such Affected Dealership Agreement, which is authorized by the Bankruptcy Code and this Court, with such breach in each instance rendering each Affected Dealership Agreement abrogated, cancelled and unenforceable by or on behalf of the Affected Dealers, other than through the assertion of Rejection Damages Claims (as defined below) in this Court.  Without limiting the foregoing, any alleged obligation of the Debtors to repurchase the inventory of the Affected Dealers at the dealership locations or pay rental assistance to the Affected Dealers subject to the Rejected Dealer Agreements may be asserted only as prepetition general unsecured claims as part of any Rejection Damages Claim.

        J.        As a result of the rejection of the Rejected Dealer Agreements granted herein, the rights of each Affected Dealer to act as an Authorized Dealer for the Debtors under these agreements or related Dealer Laws, and the Dealers' Blocking Rights of the Affected Dealers, are terminated and extinguished and of no further force or effect.

  K. New Chrysler and all Remaining Dealers each constitute "another person with whom [the Debtors have] been associated" under section 525(a) of the Bankruptcy Code, and each such party therefore is entitled to the protections afforded by that provision.

  L. The legal and factual bases set forth in the Motion and Grady Declaration and at the Hearing establish just cause for the relief granted, and the findings made, herein.

  NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

  1. The Motion is GRANTED as set forth herein.

  2. The limitations contained in Bankruptcy Rule 6006(f)(6) are waived with respect to the Motion.

  3. The Debtors are authorized to reject the Rejected Dealer Agreements with respect to the dealership locations identified on Exhibit A attached hereto and incorporated herein by reference. Effective as of June 9, 2009, all such Rejected Dealer Agreements are: (a) rejected, pursuant to section 365 of the Bankruptcy Code; and (b) abrogated, cancelled and unenforceable by or on behalf of the Affected Dealers other than through the assertion of Rejection Damages Claims in this Court.

  4. All Affected Dealers who wish to assert Rejection Damages Claims must file a proof of claim for such Rejection Damages Claims no later than the general bar date to be established by the Court in these cases under Bankruptcy Rule 3003(c)(3). If an Affected Dealer fails to file a timely and proper Rejection Damages Claim, such Affected Dealer shall be forever barred, estopped and enjoined from asserting such Rejection Damages Claim against the Debtors or voting or receiving distributions under any plan in these cases on account of such Rejection Damages Claim. The Debtors and other parties in interest reserve and retain the right to object to any Rejection Damages Claims filed by the Affected Dealers.

5. Pursuant to sections 105 and 365 of the Bankruptcy Code, as a result of the rejection of the Rejected Dealer Agreements, each Affected Dealer shall have no further rights (direct, indirect, contractual or otherwise) to act as an Authorized Dealer of the Debtors (or any purchaser of the Debtors' businesses) with respect to the dealership locations covered by the Rejected Dealer Agreements, and each Affected Dealer's status as an Authorized Dealer of the Debtors with respect to these locations is hereby deemed to be revoked, annulled and cancelled for all purposes. As such, immediately as of the entry of this Order, each such Affected Dealer is no longer authorized, appointed or permitted (contractually or otherwise) to, among other things:

(a) undertake any advertising, sales, trades, repair or service of any of the Debtors' Products under the terms of the Rejected Dealer Agreements;

(b) hold itself out to any third party as an Authorized Dealer of the Debtors (or any purchaser of the Debtors' businesses) for any purpose;

(c) display, distribute or otherwise use any signage, promotional or other materials bearing or containing the Debtors' trademarks and servicemarks, including, without limitation, company and vehicle make and model names and logos; and

(d) exercise or enforce any other rights, entitlements, privileges or status arising from or related to the Rejected Dealer Agreements or having been an Authorized Dealer of the Debtors, including any rights under Dealer Laws, other than through the assertion of Rejection Damages Claims in this Court.

6. Government Entities are prohibited under section 525(a) of the Bankruptcy Code from discriminating (including through the use of Dealer Laws) against the Debtors, New Chrysler and all Remaining Dealers as a result of the commencement of these cases, the rejection of the Rejected Dealer Agreements or the other relief granted herein.

7. Pursuant to sections 105 and 365 of the Bankruptcy Code, any conduct by any Affected Dealer or Government Entity that is inconsistent with paragraphs 3 through 6 above

may be deemed to be in violation of this Order, the automatic stay and/or the Debtors' other rights and protections under the Bankruptcy Code (any such conduct, "<u>Unauthorized Conduct</u>"). If any Affected Dealer or Government Entity undertakes alleged Unauthorized Conduct, the Debtors may, at any time after learning of the alleged Unauthorized Conduct, (a) file a Notice of Unauthorized Conduct, substantially in the form attached hereto as <u>Exhibit B</u>, identifying the Affected Dealer or Government Entity and relevant Rejected Dealer Agreement(s), setting forth the Debtors' belief that the Affected Dealer or Government Entity is in violation of this Order and the Bankruptcy Code, and describing the particular conduct of the Affected Dealer or Government Entity that the Debtors maintain constitutes Unauthorized Conduct; and (b) seek the entry of an Order to Show Cause, substantially in the form attached hereto as <u>Exhibit C</u>, which shall require the Affected Dealer or Government Entity to appear before the Court within five business days (a "<u>Show Cause Hearing</u>") to demonstrate why it should not be found to have willfully violated this Order and the Bankruptcy Code.  Any Affected Dealer or Government Entity that properly is served with a Notice of Unauthorized Conduct and an Order to Show Cause but fails to appear for a Show Cause Hearing shall be deemed, without further notice or hearing, to be in contempt of this Order and the Order to Show Cause and may be held liable for all demonstrated damages, fees and costs of the Debtors, and may be subject to additional sanctions, to the extent permitted by law.

    8.   This Order shall be immediately effective and enforceable upon its entry.

    9.   This Court shall retain jurisdiction to resolve all matters relating to the implementation, enforcement and interpretation of this Order.

Dated: New York, New York
     _____, 2009

                              UNITED STATES BANKRUPTCY JUDGE

**EXHIBITS A THROUGH C**
**INTENTIONALLY OMITTED**

ATI-2353079v29

ATI-2353079v29