Hearing Date and Time:  May 27, 2009 at 10:00 a.m.
Objection Deadline:  May 19, 2009 at 4:00 p.m. EDT

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION
Sander L. Esserman
Peter C. D'Apice
Jacob L. Newton
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 969-4900
Facsimile:  (214) 969-4999

COUNSEL FOR PATRICIA PASCALE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           )
In re                                                      )    Chapter 11
                                                           )
Chrysler LLC, *et al.*,                                    )    Case No. 09-50002 (AJG)
                                                           )
                    Debtors.                               )    Jointly Administered
-----------------------------------------------------------X

**OBJECTION OF UNSECURED CREDITORS COMMITTEE MEMBER, PATRICIA PASCALE, TO MOTION OF DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND 6006, FOR (I) AN ORDER (A) APPROVING BIDDING PROCEDURES AND BIDDER PROTECTIONS FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND (B) SCHEDULING A FINAL SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREON; AND (II) AN ORDER (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION THEREWITH AND RELATED PROCEDURES, AND <u>(C) GRANTING CERTAIN RELATED RELIEF</u>**

Patricia Pascale ("Mrs. Pascale"), plaintiff in a wrongful death case against Debtors[1], by and through her undersigned counsel, hereby submits her objection to the 363 Motion (as defined below) filed by the above-captioned debtors and debtors-in-possession (collectively, "Chrysler") on May 3, 2009 and seeking approval of the sale of substantially all of Chrysler's assets to Fiat.

## Background

1. On April 30, 2009, Chrysler filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On May 3, 2009, Chrysler filed the Motion of Debtors and Debtors In Possession, Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, for (I) an Order (A) Approving Bidding Procedures and Bidder Protections for the Sale of Substantially All of the Debtors' Assets and (B) Scheduling a Final Sale Hearing and Approving the Form and Manner of Notice Thereon; and (II) an Order (A) Authorizing the Sale of Substantially All of the Debtors' Assets, Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures, and (C) Granting Certain Related Relief (the "363 Motion").

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the 363 Motion.

2

3. In the 363 Motion, Chrysler asks the Court to approve its proposed sale of substantially all of its assets to Fiat, as "New Chrysler," in exchange for $2 billion in cash and the assumption of certain liabilities. Chrysler also seeks the Court's approval of procedures for assuming and assigning certain contracts to New Chrysler.

4. On May 5, 2009, the Court granted Chrysler's motion with respect to the sale procedures, including the procedures for assuming and assigning contracts to New Chrysler.

### Mrs. Pascale's Claims Against Chrysler

5. Mrs. Pascale brought a wrongful death action against Chrysler arising from the death of her husband, Michael Pascale, who died after contracting mesothelioma caused by his exposure to asbestos in the course of working on the brakes of Chrysler automobiles.

6. Mrs. Pascale's action is pending against Chrysler in the Superior Court of the State of California for the County of Los Angeles, Case No. BC345910 and is set for trial on June 15, 2009.

7. On May 6, 2009, Mrs. Pascale was appointed to the Official Committee of Unsecured Creditors by Diana G. Adams, the United States Trustee for Region 2. Appointment of Official Committee of Unsecured Creditors [Doc. 366].

## Grounds for the Objection

8. Mrs. Pascale objects to the 363 Motion on the following grounds:

- The 363 Motion purports to grant successor liability protections to New Chrysler from asbestos personal injury and wrongful death claims, but the 363 Motion fails to comply with the statutory requirements of 11 U.S.C. § 524(g).

- As currently structured, sale of substantially all of Chrysler's assets constitutes an impermissible *sub rosa* plan of reorganization and includes various releases, assumptions and discriminatory treatment which would be prohibited in a plan.

- The 363 Motion does not specify what will happen to tort claims like Mrs. Pascale's. Such claims are **not** listed among the Assumed Liabilities that Fiat will assume. The Debtors should be required to explain how tort claims will be treated and what assets, if any, will be available for payment of tort claims if the Sale Transaction is approved and consummated.

- The Sale Transaction, including any related ancillary agreements, as currently structured, allocates proceeds and consideration of the sale disproportionately in favor of certain unsecured creditors to the detriment of other, similarly situated unsecured creditors, including Mrs. Pascale, and is not in the best interests of unsecured creditors as a whole.

- The Sale Transaction, including any affiliated agreements and proposals, provides for releases of, or injunctions in favor of, non-Debtor third parties, outside of a plan of reorganization and to the detriment of unsecured creditors as a whole and tort claimants in particular.

- Chrysler has not met and cannot meet its burden to demonstrate that the sale of substantially all of its assets as contemplated by the 363 Motion satisfies all of the requirements of 11 U.S.C. § 363 and General Order M-331 of this Court.

### Reservation of Rights

9. Mrs. Pascale reserves the right to supplement or amend this objection and to assert whatever rights she has against New Chrysler under applicable state law.

## Request for Relief

For all of reasons set forth herein, Mrs. Pascale respectfully requests the Court to deny the 363 Motion and to award her such other and further relief to which she is justly entitled.

May 19, 2009                              Respectfully submitted,

                                          STUTZMAN, BROMBERG, ESSERMAN
                                          & PLIFKA, A PROFESSIONAL
                                          CORPORATION

                                          By: /s/    *Peter C. D'Apice*

                                          Sander L. Esserman
                                          Peter C. D'Apice
                                          Jacob L. Newton
                                          2323 Bryan Street, Suite 2200
                                          Dallas, Texas 75201
                                          Telephone: (214) 969-4900
                                          Facsimile: (214) 969-4999

                                          COUNSEL FOR PATRICIA PASCALE