Hearing: June 3, 2009 at 11:00 a.m.
Objections Due: May 26, 2009 at 4:00 p.m.

William C. Isakson, President
Isakson Motor Sales, Inc.
3530 North Hobart Road
Hobart, IN 46342
(888) 799-0589

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CHRYSLER LLC, et al., | ) Case No. 09-50002 (AJG) |
| Debtors | ) (Jointly Administered) |

**OBJECTION OF ISAKSON MOTOR SALES, INC. TO OMNIBUS MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER, PURSUANT TO SECTIONS 105, 365 AND 525 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, (A) AUTHORIZING THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES WITH CERTAIN DOMESTIC DEALERS AND (B) GRANTING CERTAIN RELATED RELIEF**

TO THE HONORABLE ARTHUR J. GONZALEZ
UNITED STATES BANKRUPTCY JUDGE

Isakson Motor Sales, Inc. (the "Objecting Dealer"), by and through its President, William C. Isakson, hereby files this objection to the "Omnibus Motion of Debtors and Debtors in Possession for an Order, Pursuant to Sections 105, 365 and 525 of the Bankruptcy Code and Bankruptcy Rule 6006, (A) Authorizing the Rejection of Executory Contracts and Unexpired Leases with Certain Domestic Dealers, and (B) Granting Certain Related Relief" (the "Rejection Motion") (Doc. No. 780), and respectfully states as follows:

1.  The Objecting Dealer respectfully joins in the objections raised by the Committee of Chrysler Affected Dealers in the Objection By The Committee Of Chrysler Affected Dealers To Omnibus Motion Of Dealers and Debtors in Possession For An Order, Pursuant to Sections 105, 365, And 525 Of The Bankruptcy Code And Bankruptcy Rule 6006, (A) Authorizing

Rejection Of The Executory Contracts And Unexpired Leases With Certain Domestic Dealers And (B) Granting Certain Related Relief (the "Committee Objection"), which objections are incorporated herein by reference in their entirety.

2. In addition, the Objecting Dealer emphasizes the following points in furtherance of its objection:

- The impact of rejecting these agreements would be devastating to the community, town, and city, in which this and other affected dealers operate. Among other things, an immediate rejection would result in a severe loss of jobs and a substantial risk of driving dealers and their families into bankruptcy themselves.

- Dealer agreements are subject to specific state laws intended to protect dealers from the very actions the Debtors are seeking approval of in the Rejection Motion. Similar to collective-bargaining agreements, these dealer agreements contain important rights and are a protected class of contract under the above-referenced dealer laws. As such, the Debtors should be required to satisfy a standard stricter than the business judgment rule in order to show that rejection is warranted in the face of the substantial harm it will cause to communities and individuals alike across the nation.

- In any case, the Debtors have not fully disclosed the criteria used in determining whether a dealer's agreements should be rejected. In addition, the claimed benefits to Chrysler are disproportionately small compared to the effects on the affected dealers, including the Objecting Dealer, and their communities.

- Section 365 of the Bankruptcy Code only addresses the Debtors' rights to reject executory contracts. It does not purport to give a debtor the right to ignore its

obligations under state laws arising from the termination of those contracts.

- Dealers have significant obligations to their customers and to the states in which they operate. They will default on many of those obligations if the rejection motion is granted.

**WHEREFORE,** Isakson Motor Sales, Inc., the Objecting Dealer, respectfully requests that the Court deny the Rejection Motion in its entirety.

Respectfully submitted,

Dated: May 26, 2009

*William C. Isakson*
William C. Isakson, President
Isakson Motor Sales, Inc.
3530 North Hobart Road
Hobart, IN 46342
(888) 799-0589