UNITED STATES BANKRUPTCY COURT  NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK

_____
           :
In re          :  Chapter 11
           :
Old Carco LLC     :  Case No. 09 B 50002 (AJG)
(f/k/a Chrysler LLC), *et al.*,  :
      Debtors.  :  (Jointly Administered)
           :
_____:

### ORDER AND OPINION REGARDING VARIOUS MOTIONS FILED BY JONATHAN LEE RICHES

On June 4, 2009, Jonathan Lee Riches ("Movant") filed a Motion for Change of Venue presumably pursuant to 28 U.S.C. § 1408 and a Motion for Recusal pursuant to 28 U.S.C. § 455(a)(b)(c), asserting Judge Gonzalez should recuse himself due to personal and financial conflicts of interest resulting from Judge Gonzalez's previous use of and investment in Canadian National Railway, a party in the Chrysler bankruptcy proceedings.[1]  Movant concludes that a strong appearance of partiality is created as a result of these circumstances and therefore recusal is required.

On June 4, 2009, Movant filed a Motion for Recusal pursuant to 28 U.S.C. § 455(a)(b)(c), asserting Judge Gonzalez should recuse himself due to a personal conflict of interest since Judge Gonzalez and various family members own products manufactured by Dell Inc., a party in the Chrysler bankruptcy proceedings, and therefore have a financial interest in the outcome of this case.  Movant further asserts that Judge Gonzalez has a personal relationship with Michael Dell, Chief Executive Officer of Dell Inc.

---

[1] In his motion papers, Movant identifies certain entities as parties that the Court has not verified are actually parties in the Chrysler bankruptcy proceedings.  Therefore, the Court's use of the term "party" referencing any of the entities identified by the Movant is not a finding by the Court as to their status as a party in the case.  However, verification of these parties' status in the case is not necessary for the purposes of ruling on the motions presently before the Court.

Movant concludes that a strong appearance of partiality is created as a result of these circumstances and therefore recusal is required.

On June 5, 2009, Movant filed a Motion for Recusal pursuant to 28 U.S.C. § 455(a)(b)(c), asserting Judge Gonzalez should recuse himself.  Movant asserts that newly discovered evidence establishes Judge Gonzalez's past financial dealings with Honeywell International, a party in the Chrysler bankruptcy proceedings.  Movant concludes that a strong appearance of partiality is created as a result of this evidence and therefore recusal is required.

On June 6, 2009, Movant filed a Motion for Recusal pursuant to 28 U.S.C. § 455(a)(b)(c) and the Federal Rules of Bankruptcy Procedure, asserting Judge Gonzalez should recuse himself due to his previous and current business dealings with Mitsubishi Motors North America, Inc., a party in the Chrysler bankruptcy proceedings.  Movant alleges this conflict of interest arises because Judge Gonzalez and members of his family own cars manufactured by Mitsubishi, and therefore have a financial interest in the outcome of these proceedings.  Movant concludes that a strong appearance of partiality is created as a result of these circumstances and therefore recusal is required.

On June 6, 2009, Movant filed a Motion for Recusal pursuant to 28 U.S.C. § 455(a)(b)(c), asserting that Judge Gonzalez should recuse himself due to a personal conflict of interest with North American Fuel Systems, a party in the Chrysler bankruptcy proceedings.  Movant alleges that this conflict of interest arises due to the fact that various family members of Judge Gonzalez were previously employed by and engaged in financial dealings with North American Fuel Systems.  Movant concludes that a strong

2

appearance of partiality is created as a result of these circumstances and therefore recusal is required.

On June 7, 2009, Movant filed a Motion for Counsel presumably pursuant to 28 U.S.C. § 1915(e)(1) stating he is entitled to legal counsel as an imprisoned litigant who is unable to represent himself effectively in a court of law.

On June 7, 2009, Movant filed a Motion for Recusal pursuant to 28 U.S.C. § 455(a)(b)(c) seeking to present evidence establishing the existence of a personal and financial conflict of interest between Judge Gonzalez and the Office of the U.S. Trustee. Movant concludes that a strong appearance of partiality is created as a result of this evidence and therefore recusal is required.

On June 8, 2009, Movant filed a Motion for Recusal pursuant to 28 U.S.C. § 455(a)(b)(c) and the Federal Rules of Bankruptcy Procedure, asserting Judge Gonzalez should recuse himself due to personal and financial conflicts of interest and personal bias against the Movant.  Movant asserts that Judge Gonzalez holds a "grudge" against him and therefore Judge Gonzalez cannot preside impartially over these proceedings (ECF No. 4067).  Further, Movant asserts that a conflict of interest arises due to the fact that Judge Gonzalez and various members of his family have either worked for, been engaged in business dealings with, or owned cars manufactured by Chrysler LLC.  Movant concludes that a strong appearance of partiality is created as a result of these circumstances and therefore recusal is required.

On June 8, 2009, Movant filed a Motion for Recusal pursuant to 28 U.S.C. § 455(a)(b)(c), asserting Judge Gonzalez should recuse himself due to personal and financial conflicts of interest.  Movant asserts that Judge Gonzalez donates to the

Michigan Workers' Compensation Agency, a party in the Chrysler bankruptcy

proceedings, and also asserts that the Judge has a personal relationship with Sally M.

Henry, attorney for the Michigan Workers' Compensation Agency.  Movant concludes

that a strong appearance of partiality is created as a result of these circumstances and

therefore recusal is required.  Movant also moves to correct a clerical error that omitted

the notation of "a/k/a Madoff" alongside Movant's name in previously filed court

documents.

On June 8, 2009, Movant filed a Motion for Recusal pursuant to 28 U.S.C. §

455(a)(b)(c) and the Federal Rules of Bankruptcy Procedure, asserting Judge Gonzalez

should recuse himself due to a personal conflict of interest.  In support of this motion,

Movant seeks to present evidence establishing that both Judge Gonzalez and Round Rock

ISD, a party in the Chrysler bankruptcy proceedings, own stock in General Motors and

Ford Motor Company and therefore have a financial interest in the outcome of these

proceedings.  Movant concludes that a strong appearance of partiality is created as a

result of this evidence and therefore recusal is required.

On June 8, 2009, Movant filed a Motion to Object in opposition to Horton Inc.'s

participation as a party in the Chrysler bankruptcy proceedings.  Movant asserts that a

conflict of interest exists due to the fact that Horton Inc. has engaged in previous business

dealings with Judge Gonzalez.  Movant concludes that a strong appearance of partiality is

created as a result of these circumstances and therefore Horton Inc. should not be

permitted to participate as a party in the proceedings before Judge Gonzalez.

On June 8, 2009, Movant filed a Motion for Recusal pursuant to 28 U.S.C. §

455(a)(b)(c), asserting Judge Gonzalez should recuse himself due to a financial conflict

of interest.  Movant asserts that a conflict of interest exists due to the fact that Horton,

Inc. engaged in previous business dealings with Judge Gonzalez.  Movant concludes that

a strong appearance of partiality is created as a result of these circumstances and

therefore recusal is required.

On June 9, 2009, Movant filed a Motion for Recusal pursuant to 28 U.S.C. §

455(a)(b)(c), asserting Judge Gonzalez should recuse himself due to personal and

financial conflicts of interest regarding International Automotive Components ("IAC"), a

party in the Chrysler bankruptcy proceedings.  In support of this motion, Movant seeks to

present evidence establishing Judge Gonzalez's personal affiliation with IAC and

financial interest in the outcome of these proceedings.  Movant concludes that a strong

appearance of partiality is created as a result of this evidence and therefore recusal is

required.

Further, Movant submitted multiple requests seeking access to Judge Gonzalez's

financial disclosure forms presumably pursuant to section 105 of the Ethics in

Government Act of 1978 (5 U.S.C. app. §105) to investigate additional financial conflicts

of interest among the parties involved in the Chrysler bankruptcy proceedings.

As to the factual allegations asserted regarding Judge Gonzalez's connection with

any above-referenced party, with the exception that a family member owns a Dell

product, none of the allegations is accurate.

CONCLUSION

Upon reviewing the allegations presented, the Court finds that Movant has not

established a sufficient factual or legal basis for any of the relief sought.  As a result,

Movant's arguments are meritless and any relief sought is denied.

Movant's burden in the Motion for Change of Venue presumably pursuant to 28 U.S.C. § 1408 was to demonstrate that a change of venue is necessary in the interest of justice. After reviewing the allegations presented, the Court finds that Movant has not established a sufficient factual or legal basis upon which it may be concluded that this court is an improper venue in which the interests of justice will not be served.

Movant's burden in the Motions for Recusal pursuant to 28 U.S.C. § 455(a)(b)(c) was to demonstrate that a reasonable person with knowledge of all the facts of the case would question Judge Gonzalez's impartiality and perceive a significant risk that Judge Gonzalez would resolve the case on a basis other than the merits. After reviewing the allegations presented, the Court finds no sufficient factual or legal basis for the relief sought.

With respect to Movant's Motion for Counsel pursuant to 28 U.S.C. § 1915(e)(1), Movant has failed to establish a sufficient factual or legal basis upon which the court may exercise discretion to grant the relief requested.

With respect to Movant's request for access to Judge Gonzalez's financial disclosure forms presumably pursuant to section 105 of the Ethics in Government Act of 1978 (5 U.S.C. app. §105), such requests should be submitted to the Office of the Committee on Financial Disclosure, located at the Administrative Office of the U.S. Courts, Suite 231, One Columbus Circle, NE, Washington, D.C. 20544. Movant's request for access to these documents is therefore denied, without prejudice, for failure to comport with proper procedure regarding requests of this nature.

Accordingly, it is hereby

6

ORDERED, Movant's request for Change of Venue pursuant to 28 U.S.C. § 1408 is denied; and it is further

ORDERED, Movant's requests for Judge Gonzalez's recusal pursuant to 28 U.S.C. § 455(a)(b)(c) is denied; and it is further

ORDERED, Movant's request for counsel pursuant to 28 U.S.C. § 1915(e)(1) is denied; and it is further

ORDERED, Movant's request for access to Judge Gonzalez's financial disclosure forms pursuant to section 105 of the Ethics in Government Act of 1978 (5 U.S.C. app. §105) is denied without prejudice to seek such information in accordance with the above-referenced procedure.


Dated: New York, New York
       July 31, 2009

                              s/Arthur J. Gonzalez
                              UNITED STATES BANKRUPTCY JUDGE