**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11
                                              :
Old Carco LLC                                 :    Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al.,*               :
                                              :    (Jointly Administered)
                         Debtors.             :
                                              :
-------------------------------------------------------------x

### ORDER, PURSUANT TO SECTIONS 105, 501 AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c)(3), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

This matter coming before the Court on the Motion of Debtors and Debtors in

Possession, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy

Rules 2002 and 3003(c)(3), for an Order Establishing Bar Dates for Filing Proofs of Claim and

Approving Form and Manner of Notice Thereof (Docket No. 4861) (the "Motion"),[1] filed by the

above-captioned debtors and debtors in possession (collectively, the "Debtors"); a limited

objection (Docket No. 4951) and supplemental objection (Docket No. 4971) to the motion

having been filed by certain multi-district litigation property damage class plaintiffs

(collectively, the "Objection"); the Court having reviewed the Motion and the Objection and

having heard the statements of counsel regarding the relief requested in the Motion at a hearing

before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2) and (c) notice of the Motion and the Hearing was sufficient under the circumstances;

---

[1]        Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Objection is hereby deemed resolved on the terms set forth herein.

3.      As used herein, (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

4.      The forms of the Publication Notice and the Bar Date Notice Package, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7) and 2002(l), Local Bankruptcy Rule 3003-1 and Amended General Order M-279.  The form and manner of notice of the Bar Dates approved herein are deemed to fulfill the notice requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Amended General Order M-279.  As such, the Debtors are authorized to serve the Bar Date Notice Package in the manner described in paragraphs 17 through 19 below.

5.      Except as otherwise provided in this Order, all entities (including, without limitation, individuals, partnerships, corporations, joint ventures and trusts) that assert a claim against a Debtor that arose or is deemed to have arisen prior to the applicable Filing Date[2] must

---

[2]          As used herein, the term "Filing Date" refers to the commencement date of a Debtor's chapter 11 case — i.e., as applicable, (a) April 30, 2009 for Debtors other than Alpha Holding LP ("Alpha Holding") or (b) May 19, 2008 for Alpha Holding.

file a proof of claim in writing in accordance with the procedures described herein by

September 28, 2009 ("General Bar Date").

       6.     The General Bar Date applies to all types of claims against the Debtors

that arose prior to the applicable Filing Date, including secured claims, unsecured priority claims

(including, without limitation, claims entitled to priority under sections 507(a)(4), 507(a)(5)

and 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims.  The filing of a proof

of claim form shall be deemed to satisfy the procedural requirements for the assertion of any

administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

       7.     Subject to the provisions of paragraphs 11 through 15 of this Order with

respect to holders of claims subject to the Rejection Bar Date, the Amended Schedule Bar Date

and the Governmental Bar Date and the exceptions described in paragraphs 9 and 10 below, the

following entities must file a proof of claim on or before the General Bar Date:

       (a)     any entity (i) whose prepetition claim against a Debtor is not listed
in the applicable Debtor's Schedules or is listed as "disputed," "contingent" or
"unliquidated" and (ii) that desires to participate in any of these bankruptcy cases or share
in any distribution in any of these bankruptcy cases; and

       (b)     any entity that believes that its prepetition claim is improperly
classified in the Schedules or is listed in an incorrect amount and that desires to have its
claim allowed in a classification or amount other than that identified in the Schedules.

       8.     The following procedures for the filing of proofs of claim shall apply:

       (a)     Proofs of claim must be on the Proof of Claim Form attached
hereto as Exhibit 2 or otherwise conform substantially to Official Bankruptcy Form
No. 10;

       (b)     Proofs of claim must be filed either (i) by mailing the original
proof of claim to Old Carco LLC (f/k/a Chrysler LLC) Claims Processing Center,
c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4834, New York,
New York  10163-4834 or (ii) by delivering the original proof of claim by hand or
overnight courier to Old Carco LLC (f/k/a Chrysler LLC) Claims Processing Center,
c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, New
York  10017.  Proofs of claim submitted by facsimile or electronic mail shall not be
accepted and shall not be deemed properly filed;

(c)    Proofs of claim will be deemed filed only when <u>actually received</u> by the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>"), at the addresses set forth in the foregoing subparagraph on or before the applicable Bar Date.  If a creditor wishes to receive acknowledgement of Epiq's receipt of a proof of claim, the creditor also must submit to Epiq by the applicable Bar Date and concurrently with submitting its original proof of claim (i) a copy of the original proof of claim and (ii) a self-addressed, postage prepaid return envelope;

(d)    Proofs of claim must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include any documents upon which the claim is based (or, if such documents are voluminous, a summary) or an explanation as to why the documents are not available; (iii) be written in the English language; and (iv) be denominated in United States currency; and

(e)    Proofs of claim must specify by name and case number the Debtor against which the claim is filed.  If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor.  In addition, any entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its claim is asserted.  If more than one debtor is listed on the form, the claim shall be treated as filed only against the first listed Debtor.  Any claim filed in the joint administration case number (Old Carco LLC f/k/a Chrysler LLC, Case No. 09-50002) or that otherwise fails to identify a Debtor shall be deemed to be filed only against Debtor Old Carco LLC.

9.    The following entities, whose claims otherwise would be subject to the General Bar Date, shall <u>not</u> be required to file proofs of claim in these chapter 11 cases:

(a)    Any entity that already has filed a signed proof of claim against the applicable Debtor(s) with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

(b)    Any entity whose claim is listed on the Schedules if (i) the claim is <u>not</u> scheduled as "disputed," "contingent" or "unliquidated" <u>and</u> (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules <u>and</u> (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)    A holder of a claim that previously has been allowed by order of the Court;

(d)    A holder of a claim that has been paid in full by any of the Debtors (or any other party) in accordance with the Bankruptcy Code or an order of the Court;

(e)    A holder of a claim for which a specific deadline previously has been fixed by the Court;

(f)       Any Debtor having a claim against another Debtor, or any of the wholly-owned direct and indirect nondebtor subsidiaries of the Debtors, as of August 20, 2009, having a claim against any of the Debtors;

(g)       Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code or any portion of a Rejection Damage Claim asserting administrative priority under section 503(b) of the Bankruptcy Code);

(h)       Any entity seeking only to preserve its right to pursue New Chrysler for the recovery or payment of Assumed Liabilities (as such term is defined in the Sale Order); and

(i)       Any entity whose claim is a Debt Claim on or under the First Lien Credit Agreement; provided, however, that (i) the foregoing exclusion in this subparagraph shall not apply to the Agent; (ii) the Agent is required to file a proof of claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under the First Lien Credit Agreement; and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to the First Lien Credit Agreement is required to file a proof of claim on or before the General Bar Date, unless another exception in this paragraph applies.

10.       Any entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a membership interest in a limited liability corporation or partnership or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception contained in this Order applies. The Debtors retain the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

11.     Any entity asserting claims arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan of liquidation in the applicable Debtor's chapter 11 case (any such order, a "Rejection Order"), or claims otherwise related to such rejected agreements, including (i) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the applicable Filing Date and (ii) administrative claims under section 503(b) of the Bankruptcy Code (collectively, "Rejection Damage Claims") are required to file proofs of claim by the later of (a) the General Bar Date and (b) 5:00 p.m., Eastern Time, on the date that is 30 days after the entry of the relevant Rejection Order (the "Rejection Bar Date").  For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to executory contacts or unexpired leases rejected by a Rejection Order must be filed by the Rejection Bar Date. Rejection Orders entered after the date of entry of this Order shall include a description of the Rejection Bar Date in the text of the Rejection Order.

12.     Each entity asserting a Rejection Damage Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the nature and basis of the portion of the Rejection Damage Claim asserting an administrative priority under section 503(b) of the Bankruptcy Code (the "Administrative Claim Supplement"). The filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, shall be deemed to satisfy the procedural requirements for the assertion of a Rejection Damage Claim (including any administrative claim included therein).

13.     All administrative claims under section 503(b) of the Bankruptcy Code other than (a) claims under section 503(b)(9) of the Bankruptcy Code and (b) any portion of a

Rejection Damage Claim asserting administrative priority must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by proof of claim.

14.    The Debtors shall retain the right to (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules. If the Debtors amend or supplement their Schedules after the service of the Bar Date Notice Package, the Debtors shall give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.  In particular, if a Debtor amends or supplements its Schedules to (a) reduce the undisputed, noncontingent and liquidated amount of a claim, (b) change the nature or classification of a claim against the Debtor in a manner adverse to the scheduled creditor or (c) add a new claim to the Schedules with respect to a party that was not previously served with notice of the Bar Dates, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein by the later of (a) the General Bar Date; and (b) 5:00 p.m., Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant (the "Amended Schedule Bar Date").  By contrast, if the amendment to the Schedules improves the amount or treatment of a previously scheduled or filed claim, a claimant that previously was served with a notice of the Bar Dates is not permitted to file additional claims by the Amended

Schedule Bar Date.  Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

15.    All governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the applicable Filing Date (including secured claims, unsecured priority claims and unsecured nonpriority claims) are required to file proofs of claim by (a) October 27, 2009 at 5:00 p.m., Eastern Time, for claims against any Debtors other than Alpha Holding and (b) November 15, 2009 at 5:00 p.m., Eastern Time, for claims against Alpha Holding (as applicable, the "Governmental Bar Date").

16.    Pursuant to sections 105(a) and 503(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in these cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against a Debtor, but that fails to properly do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from:  (a) asserting any claim against the Debtors or their estates or property that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any plan of liquidation in these chapter 11 cases or other order authorizing the winddown of the Debtors' estates in respect of an Unscheduled Claim; or (c) with respect to any administrative priority claim component of any Rejection Damage Claim, asserting any such priority claim against the Debtors or their estates or property.

17.    As soon as practicable, but in any event no later than August 20, 2009, the Debtors, through Epiq or otherwise, shall serve the Bar Date Notice Package, including a copy of the Bar Date Notice and the Proof of Claim Form substantially in the forms attached hereto as Exhibit 1 and Exhibit 2, respectively, by first class mail, postage prepaid, on:

(a)    all known potential claimants and their counsel (if known), including all entities listed in the Schedules as potentially holding claims;

(b)    the U.S. Trustee;

(c)    counsel to the Creditors' Committee;

(d)    all parties that have requested notice of the proceedings in these cases as of the date of entry of this Order, as reflected on the General Service List and the Special Service List in these cases;

(e)    all parties that have filed proofs of claim in these cases as of the date of the Bar Date Order;

(f)    all parties included on the matrix of the Debtors' creditors provided to Epiq in lieu of filing a creditor matrix with the Debtors' bankruptcy petitions pursuant to Bankruptcy Rule 1007(a)(1);

(g)    all parties to executory contracts and unexpired leases with the Debtors, including all parties to executory contracts and unexpired leases rejected by a Rejection Order as of the date of the Bar Date Order;

(h)    all parties to pending litigation with the Debtors;

(i)    the Internal Revenue Service for this District and all other taxing authorities for the jurisdictions in which the Debtors conducted business as of the commencement of these cases;

(j)    the Securities Exchange Commission;

(k)    counsel to the United States Treasury;

(l)    counsel to the Agent;

(m)    all federal and state environmental protection agencies for the jurisdictions in which the Debtors hold property or conducted business as of the commencement of these cases; and

(n)    the Extra Service Parties (as defined, and on the terms described, in paragraph 18 below).

The Debtors are not required to serve the Bar Date Notice Package on all of their potential warranty claimants ("Warranty Claimants") in light of (a) the scope and cost of such service and (b) New Chrysler's assumption of warranty liabilities in connection with the Fiat Transaction. Publication notice pursuant to paragraph 21 below shall be deemed sufficient notice to all such Warranty Claimants.

18.    In addition, the Debtors shall serve a Bar Date Notice Package on persons who, on or prior to August 6, 2009, contacted Impartial Services Group ("ISG") asserting, or are otherwise included in the Debtors' Customer Assistance Inquiry Record ("CAIR") database as having asserted, a complaint or inquiry regarding a 2.7 liter engine of a model year 1998-2004 Chrysler Concorde, Chrysler Sebring, Dodge Intrepid or Dodge Stratus that included the words "engine" or "oil" in either (a) the Reason Code in the CAIR database for such complaint or inquiry or (b) in the narrative of such complaint or inquiry (collectively, the "Extra Service Parties").  The Bar Date Notice Package shall be mailed to the current address or addresses for the Extra Service Parties in the CAIR database or provided to the Debtors by ISG, if such parties are not included in the CAIR database.  The certificate of service for the Extra Service Parties shall reference only the customer numbers and/or Report ID Numbers assigned to such parties' complaints by CAIR or ISG, if such party is not included in the CAIR database.  The service of the Bar Date Notice Package on the Extra Service Parties is not a determination as to whether the Extra Service Parties are actually creditors of the Debtors and the rights of all parties with respect to claims, if any, that may or can be asserted by the Extra Service Parties against the Debtors or any other party, including, without limitation, New Chrysler and Daimler AG (and any related entities), are not waived and are expressly preserved.

19.    As part of the Bar Date Package, the Debtors shall mail one or more Proof
of Claim Forms (as appropriate) to the parties receiving the Bar Date Notice.  For holders of
potential claims listed in the Schedules, the Proof of Claim Form mailed to such entities shall
indicate how the Debtors have scheduled the creditor's claim in the Schedules, including (a) the
identity of the Debtor against which the entity's claim is scheduled; (b) the amount of the claim,
if any; (c) whether the claim is listed as disputed, contingent or unliquidated; and (d) whether the
claim is listed as a secured claim, an unsecured priority claim, an unsecured nonpriority claim or
an administrative claim arising under section 503(b)(9) of the Bankruptcy Code.

20.    Upon the advance express written consent of the Debtors (which consent
shall be granted at the Debtors' sole discretion), a claimant's proof of claim may be filed without
the documents required by Bankruptcy Rules 3001(c) and 3001(d); provided, however, that any
claimant that receives such a written consent shall be required to transmit these documents in
support of its claim to Epiq, the Debtors or other parties in interest within ten days after the date
of a written request for such documents.

21.    Pursuant to Bankruptcy Rule 2002(f), the Debtors shall publish notice of
the Bar Dates in substantially the form of the Publication Notice attached hereto as Exhibit 3,
once, in the national editions of the *New York Times*, *USA Today* and *The Wall Street Journal*
and the worldwide edition of the *Financial Times* at least 25 days prior to the General Bar Date,
which publication is hereby approved and shall be deemed good, adequate and sufficient
publication notice of the Bar Dates.  The Debtors, in their sole discretion, may publish the
Publication Notice in other newspapers, trade journals or similar publications.

22.    The Debtors and Epiq are authorized and empowered to take such steps
and perform such acts as may be necessary to implement and effectuate the terms of this Order.

23.     The entry of this Order is without prejudice to the right of the Debtors to

seek a further order of this Court fixing a date by which holders of claims or interests not subject

to the Bar Dates established herein must file such proofs of claim or interest or be barred from

doing so.

Dated: New York, New York
      August 6, 2009                       **s/Arthur J. Gonzalez**
                                             UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

**(Form of Notice of Bar Date)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11
                                                             :
Old Carco LLC                                                :    Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al.*,                              :
                                                             :    (Jointly Administered)
                                        Debtors.             :
                                                             :
-------------------------------------------------------------x

## NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM
### (GENERAL BAR DATE IS SEPTEMBER 28, 2009 AT 5:00 P.M., ET)

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE**
**DEBTOR ENTITIES LISTED ON APPENDIX A ATTACHED HERETO:**

On **[August 6]**, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). A list of all of the Debtors and their respective case numbers is attached hereto as Appendix A.

By the Bar Date Order, the Court established **September 28, 2009 at 5:00 p.m., Eastern Time** (the "General Bar Date"), as the general claims bar date for filing proofs of claim in the Debtors' cases. As described below, the Bar Date Order also establishes different bar dates for other categories of claims. *Among other exceptions described below, the General Bar Date does not apply to claims of any governmental unit.*

For your convenience, enclosed with this Notice is a proof of claim form, which identifies on its face the amount, nature and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these cases (collectively, the "Schedules").

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States trustee. As used in this Notice, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment,

whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 1.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim in these cases (collectively, the "Bar Dates"):

(a)    The General Bar Date.  Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases are required to file proofs of claim by the General Bar Date (i.e., by September 28, 2009 at 5:00 p.m., Eastern Time).  These cases were commenced on April 30, 2009 by all Debtors other than Debtor Alpha Holding LP and on May 19, 2009 by Debtor Alpha Holding LP (either date, as applicable, the "Filing Date").  The General Bar Date applies to all types of claims against the Debtors that arose prior to the applicable Filing Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4), 507(a)(5) and 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims.

(b)    The Rejection Bar Date.  Pursuant to the Bar Date Order, any entity asserting claims arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan of liquidation in the applicable Debtor's chapter 11 case (any such order, a "Rejection Order"), or claims otherwise related to such rejected agreements, including (i) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the applicable Filing Date and (ii) administrative claims under section 503(b) of the Bankruptcy Code (collectively, "Rejection Damage Claims") are required to file proofs of claim by the later of (a) the General Bar Date and (b) 5:00 p.m., Eastern Time, on the date that is 30 days after the entry of the relevant Rejection Order.  The later of these dates is referred to in this Notice as the "Rejection Bar Date."  *For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature arising from or relating to executory contacts or unexpired leases rejected by a Rejection Order must be filed by the Rejection Bar Date.*

(c)    The Amended Schedule Bar Date.  Pursuant to the Bar Date Order, if, subsequent to the date of this Notice, a Debtor amends or supplements its Schedules to (a) reduce the undisputed, noncontingent and liquidated amount of a claim against the Debtor, (b) change the nature or classification of a claim against a Debtor in a manner adverse to the scheduled creditor or (c) add a new claim to the Schedules with respect to a party that was not previously served with notice of the Bar Dates, the affected claimant is required to file a proof of claim or amend any previously-filed proof of claim in respect of the amended scheduled claim on or before the later of (i) the General Bar Date and (ii) 5:00 p.m., Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment or

supplement to the Schedules is served on the claimant. The later of these dates is referred to in this Notice as the "Amended Schedule Bar Date." By contrast, if an amendment to the Schedules improves the amount or treatment of a previously scheduled or filed claim, a claimant that previously was served with a notice of the Bar Dates is not permitted to file additional claims by the Amended Schedule Bar Date.

(d)    The Governmental Bar Date. Pursuant to the Bar Date Order, and consistent with Rule 3002(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the applicable Filing Date (including secured claims, unsecured priority claims and unsecured nonpriority claims) are required to file proofs of claim by (a) October 27, 2009 at 5:00 p.m., Eastern Time, for claims against any Debtors other than Alpha Holding LP and (b) November 15, 2009 at 5:00 p.m., Eastern Time, for claims against Alpha Holding LP (as applicable, the "Governmental Bar Date").

## 2.    WHO MUST FILE A PROOF OF CLAIM

Unless one of the exceptions described in Section 5 below applies, if you have a claim that arose or is deemed to have arisen prior to the applicable Filing Date, you MUST file a proof of claim to vote on a chapter 11 plan of liquidation or to share in distributions from the Debtors' bankruptcy estates. Claims based on acts or omissions of the Debtors that occurred before the applicable Filing Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the applicable Filing Date.

Except where the Rejection Bar Date, the Amended Schedule Bar Date or the Governmental Bar Date apply to establish a different deadline or one of the exceptions in Section 5 applies, the following entities must file proofs of claim on or before the General Bar Date:

(a)    any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "disputed," "contingent" or "unliquidated" and (ii) that desires to participate in any of these bankruptcy cases or share in any distribution in any of these bankruptcy cases; and

(b)    any entity that believes its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

## 3.    WHAT TO FILE

The Debtors are enclosing a proof of claim form for use in these cases, or you may use another proof of claim form that conforms substantially to Official Bankruptcy Form No. 10. If your claim is scheduled by the Debtors, the attached proof of claim form also sets forth: (a) the amount of your claim (if any) as scheduled by the Debtors; (b) the identity of the Debtor against which your claim is scheduled; (c) whether your claim is scheduled as disputed,

contingent or unliquidated; and (d) whether your claim is scheduled as a secured claim, an unsecured priority claim, an unsecured nonpriority claim or an administrative claim arising under section 503(b)(9) of the Bankruptcy Code.  You will receive a different proof of claim form for each claim scheduled in your name by the Debtors.  You may utilize the proof of claim form(s) provided by the Debtors to file your claim.  Additional proof of claim forms may be obtained at the following websites:  http://www.chryslerrestructuring.com or http://www.uscourts.gov/bkforms.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  The proof of claim form must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

All entities asserting claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor.  In addition, any entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its claim is asserted. A list of all of the Debtors, together with their respective case numbers, is found on Appendix A attached hereto.  Any claim filed in the joint administration case number (Old Carco LLC f/k/a Chrysler LLC, Case No. 09-50002) or that otherwise fails to identify a Debtor shall be deemed as filed only against Debtor Old Carco, LLC.  If more than one Debtor is listed on the form, the proof of claim will be treated as filed only against the first listed Debtor.

Each entity asserting a Rejection Damage Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the nature and basis of the portion of the Rejection Damage Claim asserting an administrative priority under section 503(b) of the Bankruptcy Code (the "Administrative Claim Supplement").

Under the Bar Date Order, the filing of a proof of claim form shall be deemed to satisfy the procedural requirements for the assertion of any administrative priority claims under section 503(b)(9) of the Bankruptcy Code.  Likewise, the filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, shall be deemed to satisfy the procedural requirements for the assertion of a Rejection Damage Claim (including any administrative claim included therein).  *All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by proof of claim.*  No deadline has been established for the filing of administrative claims other than (a) claims under section 503(b)(9) of the Bankruptcy Code and (b) any portion of a Rejection Damage Claim seeking administrative priority, which types of administrative claims must be filed by the General Bar Date and the Rejection Bar Date, respectively.

## 4.      WHEN AND WHERE TO FILE

All proofs of claim must be filed so as to be received **on or before the applicable Bar Date,** at one of the following addresses (together, the "Old Carco LLC Claims Docketing Center"):

| IF SENT BY MAIL | IF DELIVERED BY HAND OR OVERNIGHT COURIER |
|---|---|
| Old Carco LLC (f/k/a Chrysler LLC) Claims    Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>Grand Central Station, P.O. Box 4834<br>New York, New York 10163-4834 | Old Carco LLC (f/k/a Chrysler LLC) Claims    Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>757 Third Avenue, 3rd Floor<br>New York, New York 10017 |

Proofs of claim will be deemed filed only when **actually received** by the Old Carco LLC Claims Docketing Center on or before the applicable Bar Date.  **Proofs of claim may not be delivered by facsimile or electronic mail transmission**.  Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the methods described above.

Proof of claim forms will be collected from the Old Carco LLC Claims Docketing Center, docketed and maintained by the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq").  If you wish to receive acknowledgement of Epiq's receipt of a proof of claim, you must submit by the applicable Bar Date and concurrently with submitting your original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, postage prepaid return envelope.

## 5.      WHO NEED NOT FILE A PROOF OF CLAIM

The Bar Date Order further provides that the following entities, whose claims otherwise would be subject to the General Bar Date, need not file proofs of claim:

(a)      Any entity that already has filed a signed proof of claim against the applicable Debtor(s) with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

(b)      Any entity whose claim is listed on the Schedules if (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)      A holder of a claim that previously has been allowed by order of the Court;

(d)      A holder of a claim that has been paid in full by any of the Debtors (or any other party) in accordance with the Bankruptcy Code or an order of the Court;

(e)      A holder of a claim for which a specific deadline previously has been fixed by the Court;

(f)      Any Debtor having a claim against another Debtor, or any of the wholly-owned direct and indirect nondebtor subsidiaries of the Debtors, as of August 20, 2009, having a claim against any of the Debtors;

(g)      Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code or any portion of a Rejection Damage Claim asserting administrative priority under section 503(b) of the Bankruptcy Code);

(h)      Any entity seeking only to preserve its right to pursue Chrysler Group LLC f/k/a New CarCo Acquisition LLC ("New Chrysler") for the recovery or payment of liabilities assumed by New Chrysler in connection with the Debtors sale' of substantially all of their assets to New Chrysler; and

(i)      Any entity whose claim is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges (a "Debt Claim") on or under the Amended and Restated First Lien Credit Agreement, dated as of August 3, 2007 (as amended, the "First Lien Credit Agreement"); provided, however, that (i) the foregoing exclusion in this subparagraph shall not apply to the administrative agent under the First Lien Credit Agreement (the "Agent"); (ii) the Agent is required to file a proof of claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under the First Lien Credit Agreement; and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to the First Lien Credit Agreement is required to file a proof of claim on or before the General Bar Date, unless another exception in this paragraph applies.

**No Bar Date for Proofs of Interest.**  Any entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a membership interest in a limited liability corporation or partnership or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to in this Notice as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in this Notice applies.

6.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

As described in Section 1 above, any entity wishing to assert a Rejection Damage Claim must file a proof of claim for any prepetition or postpetition damages caused by such rejection, or any other prepetition or postpetition claims of any kind or nature whatsoever relating to the rejected agreement, by the Rejection Bar Date.

7.    **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST A DEBTOR, BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE, SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM THE FOLLOWING: (A) ASSERTING ANY CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND LIQUIDATED OR (II) IS OF A DIFFERENT NATURE OR A DIFFERENT CLASSIFICATION THAN ANY CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY PLAN OR PLANS OF LIQUIDATION IN THESE CHAPTER 11 CASES OR OTHER ORDER AUTHORIZING THE WINDDOWN OF THE DEBTORS' ESTATES IN RESPECT OF AN UNSCHEDULED CLAIM; OR (C) WITH RESPECT TO ANY ADMINISTRATIVE PRIORITY CLAIM COMPONENT OF ANY REJECTION DAMAGE CLAIM, ASSERTING ANY SUCH PRIORITY CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY.

8.    **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim form(s) regarding the nature, amount and status of your claim(s).  If you received postpetition payments from the Debtors (as authorized by the Court) on account of your claim, the information on the enclosed proof of claim form may reflect the net remaining amount of your claims.  If the Debtors believe that you may hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form, which sets forth (a) the amount of your claim (if any) as scheduled; (b) identifies the Debtor against which your claim is scheduled; (c) specifies whether your claim is listed in the Schedules as disputed, contingent or unliquidated; and (d) identifies whether your claim is scheduled as a secured, unsecured priority or unsecured nonpriority claim.

As described above, if you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the

Debtor specified by the Debtors in the Schedules, and if your claim is not described in the Schedules as "disputed," "contingent" or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

**9.      RESERVATION OF RIGHTS**

The Debtors reserve the right to (a) dispute, or to assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules.  Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

**10.     ADDITIONAL INFORMATION**

Copies of the Debtors' Schedules, the Bar Date Order and other information and documents regarding the Debtors' chapter 11 cases are available for inspection free of charge on Epiq's website at http://www.chryslerrestructuring.com.  The Schedules and other filings in the Debtors' chapter 11 cases also are available for a fee at the Court's website at https://ecf.nysb-mega.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., Eastern Time, Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408.

If you require additional information regarding the filing of a proof of claim, you may contact the Chrysler Claims Hotline at (877) 271-1568 (for domestic and Canadian callers) and (503) 597-7708 (for callers outside the United States and Canada) between 9:00 a.m. and 9:00 p.m., Eastern Time.  You also may contact the Debtors' claims agent, Epiq, directly by writing to:

Old Carco LLC (f/k/a Chrysler LLC) Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, New York  10017

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

Dated:  New York, New York                                      BY ORDER OF THE COURT
               _____, 2009

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Corinne Ball
Veerle Roovers

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
David G. Heiman

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330
Jeffrey B. Ellman

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

# APPENDIX A

## LIST OF THE DEBTORS AND THEIR CASE NUMBERS

| DEBTOR | CASE NUMBER |
|---|---|
| Alpha Holding LP | 09-50025 |
| DCC 929, Inc. | 09-50017 |
| Dealer Capital, Inc. | 09-50018 |
| Global Electric Motorcars, LLC | 09-50019 |
| NEV Mobile Service, LLC | 09-50020 |
| NEV Service, LLC | 09-50021 |
| Old Carco Aviation Inc. (f/k/a Chrysler Aviation Inc.) | 09-50003 |
| Old Carco Dutch Holding LLC (f/k/a Chrysler Dutch Holding LLC) | 09-50004 |
| Old Carco Dutch Investment LLC (f/k/a Chrysler Dutch Investment LLC) | 09-50005 |
| Old Carco Dutch Operating Group LLC (f/k/a Chrysler Dutch Operating Group LLC) | 09-50006 |
| Old Carco Institute of Engineering (f/k/a Chrysler Institute of Engineering) | 09-50007 |
| Old Carco International Corporation (f/k/a Chrysler International Corporation) | 09-50008 |
| Old Carco International Limited, LLC (f/k/a Chrysler International Limited, LLC) | 09-50009 |
| Old Carco International Services, S.A. (f/k/a Chrysler International Services, S.A.) | 09-50010 |
| Old Carco LLC (f/k/a Chrysler LLC) | 09-50002 |
| Old Carco Motors LLC (f/k/a Chrysler Motors LLC) | 09-50011 |
| Old Carco Realty Company LLC (f/k/a Chrysler Realty Company LLC) | 09-50000 |
| Old Carco Service Contracts Florida, Inc. (f/k/a Chrysler Service Contracts Florida, Inc.) | 09-50012 |

| DEBTOR | CASE NUMBER |
|---|---|
| Old Carco Service Contracts Inc.<br>(f/k/a Chrysler Service Contracts Inc.) | 09-50013 |
| Old Carco Technologies Middle East Ltd.<br>(f/k/a Chrysler Technologies Middle East Ltd.) | 09-50014 |
| Old Carco Transport Inc.<br>(f/k/a Chrysler Transport Inc.) | 09-50015 |
| Old Carco Vans LLC<br>(f/k/a Chrysler Vans LLC) | 09-50016 |
| Peapod Mobility LLC | 09-50001 |
| TPF Asset, LLC | 09-50022 |
| TPF Note, LLC | 09-50023 |
| Utility Assets LLC | 09-50024 |

# **EXHIBIT 2**

**(Proof of Claim Form)**

**FORM B10/Old Carco** (Modified Official Form 10)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor: | Case Number: |
|---|---|

**NOTE:** Other than claims asserting administrative priority (1) under 11 U.S.C. § 503(b)(9) or (2) arising from or relating to the rejection of executory contracts or unexpired leases, pursuant to section 365 of the Bankruptcy Code (or otherwise related to such rejected agreements), this form should not be used to make a claim for administrative expenses arising after the commencement of the case.  A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br><br>**Last four digits of any number by which creditor identifies debtor**:<br>Name and address where notices should be sent:<br><br><br><br><br>Telephone number: | ☐  Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐  Check this box if you have never received any notices from the bankruptcy court in this case.<br>☐  Check this box if the address differs from the address on the envelope sent to you by the court.<br>☐  Check this box to indicate that this claim amends a previously filed claim.<br>**Court Claim Number** (if known): _____<br>Filed on: _____ |
|---|---|

| 1.  **Basis for Claim**<br>☐  Goods sold<br>☐  Services performed<br>☐  Money loaned<br>☐  Personal injury/wrongful death<br>☐  Taxes<br>☐  Other _____ | ☐    Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐    Wages, salaries, and compensation (fill out below)<br>Last four digits of your SS #: _____<br>Unpaid compensation for services performed<br><br>from    _____ to_____<br>           (date)           (date) |
|---|---|

| 2.    **Date debt was incurred:** | 3.    **If court judgment, date obtained:** |
|---|---|

4.    **Amount and Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.  See reverse side for important explanations.

| **Unsecured Nonpriority Claim** $_____<br><br>☐  Check this box if:  (a) there is no collateral or lien securing your claim, (b) your claim exceeds the value of the property securing it or (c) none or only part of your claim is entitled to priority.<br><br>**Unsecured Priority Claim.**<br><br>☐  Check this box if you have an unsecured claim, all or part of which is entitled to priority.<br>**Amount entitled to priority**: $_____<br><br>Specify the priority of the claim:<br>☐  Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)<br>☐  Wages, salaries, or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).<br>☐  Contribution to an employee benefit plan – 11 U.S.C. § 507(a)(5).<br>☐  Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).<br>☐  Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).<br>☐  Other – Specify applicable paragraph of 11 U.S.C. § 507(a) (____). | **Secured Claim**<br>☐    Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br><br>☐  Real Estate  ☐ Motor Vehicle   ☐ Other _____<br>Value of Collateral:     $_____<br>Annual Interest Rate:     _____%<br>Amount of arrearage and other charges <u>at time case filed</u> included in secured claim if any:  $_____<br><br>**Administrative Claim (Important: See Note at Top of Form)**<br>☐    <u>Section 503(b)(9) Claim</u>:  Check this box if your claim is for the value of goods received by the debtor in the ordinary course of the debtor's business within 20 days before the date of commencement of the case.<br>**Amount of Section 503(b)(9) Claim** $_____<br>☐    <u>Administrative Priority Rejection Damages Claim</u>:  Check this box if your claim asserts administrative priority arising from or relating to the rejection of executory contracts or unexpired leases, pursuant to section 365 of the Bankruptcy Code (or otherwise related to such rejected agreements).  You must attach a detailed statement describing the nature and basis of any portion of a Rejection Damages Claim asserting administrative priority pursuant to section 503(b) of the Bankruptcy Code.<br>**Amount of Administrative Priority Rejection Damages Claim**<br>$_____ |
|---|---|

5.    **Total Amount of Claim at Time Case Filed:  $**_____  +    _____  +    _____  +  _____  =  _____
                                            (unsecured)      (secured)      (priority)      (administrative)       (Total)
If all or part or your claim is secured or entitled to unsecured priority or administrative priority, also complete the relevant portions of Item 4 above.
☐  Check this box if claim includes interest or other charges in addition to the principal amount of the claim.
    Attach itemized statement of all interest or additional charges.

| 6.    **Credits:**  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>7.    **Supporting Documents:**  *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.<br>8.    **Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and a copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

**FORM B10/Old Carco** (Modified Official Form 10)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

# — DEFINITIONS —

### Debtor

A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

### Creditor

A creditor is a person, corporation, or other entity owed a debt by the debtor on or before the date of the bankruptcy filing.

### Proof of Claim

A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

### Secured Claim

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property. Any amount owed to the creditor in excess of the value of the collateral is an unsecured claim.

Examples of liens are a mortgage on real estate and a security interest in a car or other item of property. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. A claim also may be secured if the creditor owes the debtor money (*i.e.*, has a right to setoff).

### Unsecured Claim

An unsecured claim is one that does not meet the requirements of a secured claim or administrative claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

### Unsecured Priority Claim

Unsecured priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

### Administrative Claims

Administrative claims are claims identified by 11 U.S.C. § 503 that are paid from the available money or property in a bankruptcy case before all unsecured claims and unsecured priority claims.

# Items to be completed in Proof of Claim form (if not already filled in)

**Name of Debtor, and Case Number:** Fill in the name of the debtor in the bankruptcy case and the bankruptcy case number. A list of the Debtors and their case numbers is attached to the notice provided to you.

**Information about Creditor:** Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:** Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly described the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:** Fill in the date when the debt first was owed by the debtor.

3. **Court Judgments:** If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Classification of Claim**

   **Secured Claim:** Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**Unsecured Priority Claim:** Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**Unsecured Nonpriority Claim:** Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim." (See DEFINITIONS, above). If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**Administrative Claim:** Check the appropriate place if you have an administrative claim. (See DEFINITIONS, above). Only claims entitled to administrative priority under 11 U.S.C. § 503(b)(9) or portions of Rejection Damages Claims for which you are seeking administrative priority should be asserted by filling in the appropriate information on this proof of claim form and attaching the required supporting documents. *All other administrative claims must be asserted by an appropriate "request" under 11 U.S.C. § 503(a) and should not be asserted on this proof of claim form.*

5. **Total Amount of Claim at Time Case Filed:** Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

6. **Credits:** By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

7. **Supporting Documents:** You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

# **EXHIBIT 3**

**(Form of Publication Notice)**

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                              :
In re                                                         :   Chapter 11
                                                              :
Old Carco LLC                                                 :   Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al.,*                               :
                                                              :   (Jointly Administered)
                              Debtors.                        :
                                                              :
-------------------------------------------------------------x

<u>**NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM**</u>
**(GENERAL BAR DATE IS SEPTEMBER 28, 2009 AT 5:00 P.M., ET)**

PLEASE TAKE NOTICE OF THE FOLLOWING:

On **[August 6]**, 2009, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered an order (the "<u>Bar Date Order</u>") establishing certain deadlines for the filing of proofs of claim in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "<u>Debtors</u>"):

| DEBTOR | CASE NUMBER |
|---|---|
| Alpha Holding LP | 09-50025 |
| DCC 929, Inc. | 09-50017 |
| Dealer Capital, Inc. | 09-50018 |
| Global Electric Motorcars, LLC | 09-50019 |
| NEV Mobile Service, LLC | 09-50020 |
| NEV Service, LLC | 09-50021 |
| Old Carco Aviation Inc.<br>(f/k/a Chrysler Aviation Inc.) | 09-50003 |
| Old Carco Dutch Holding LLC<br>(f/k/a Chrysler Dutch Holding LLC) | 09-50004 |
| Old Carco Dutch Investment LLC<br>(f/k/a Chrysler Dutch Investment LLC) | 09-50005 |
| Old Carco Dutch Operating Group LLC<br>(f/k/a Chrysler Dutch Operating Group LLC) | 09-50006 |
| Old Carco Institute of Engineering<br>(f/k/a Chrysler Institute of Engineering) | 09-50007 |

| | |
|---|---|
| Old Carco International Corporation<br>(f/k/a Chrysler International Corporation) | 09-50008 |
| Old Carco International Limited, LLC<br>(f/k/a Chrysler International Limited, LLC) | 09-50009 |
| Old Carco International Services, S.A.<br>(f/k/a Chrysler International Services, S.A.) | 09-50010 |
| Old Carco LLC<br>(f/k/a Chrysler LLC) | 09-50002 |
| Old Carco Motors LLC<br>(f/k/a Chrysler Motors LLC) | 09-50011 |
| Old Carco Realty Company LLC<br>(f/k/a Chrysler Realty Company LLC) | 09-50000 |
| Old Carco Service Contracts Florida, Inc.<br>(f/k/a Chrysler Service Contracts Florida, Inc.) | 09-50012 |
| Old Carco Service Contracts Inc.<br>(f/k/a Chrysler Service Contracts Inc.) | 09-50013 |
| Old Carco Technologies Middle East Ltd.<br>(f/k/a Chrysler Technologies Middle East Ltd.) | 09-50014 |
| Old Carco Transport Inc.<br>(f/k/a Chrysler Transport Inc.) | 09-50015 |
| Old Carco Vans LLC<br>(f/k/a Chrysler Vans LLC) | 09-50016 |
| Peapod Mobility LLC | 09-50001 |
| TPF Asset, LLC | 09-50022 |
| TPF Note, LLC | 09-50023 |
| Utility Assets LLC | 09-50024 |

By the Bar Date Order, the Court established **September 28, 2009 at 5:00 p.m., Eastern Time** (the "General Bar Date"), as the general claims bar date for filing proofs of claim in the Debtors' cases. As described below, the Bar Date Order also establishes different bar dates for other categories of claims. *Among other exceptions described below, the General Bar Date does not apply to claims of any governmental unit.*

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States trustee. As used in this Notice, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "<u>claim</u>" means, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code:  (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 1.  THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim in these cases (collectively, the "<u>Bar Dates</u>"):

(a)    <u>The General Bar Date</u>.  Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases are required to file proofs of claim by the General Bar Date (<u>i.e.</u>, by September 28, 2009 at 5:00 p.m., Eastern Time).  These cases were commenced on April 30, 2009 by all Debtors other than Debtor Alpha Holding LP and on May 19, 2009 by Debtor Alpha Holding LP (either date, as applicable, the "<u>Filing Date</u>").  *The General Bar Date applies to all types of claims against the Debtors that arose prior to the applicable Filing Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4), 507(a)(5) and 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims.*

(b)    <u>The Rejection Bar Date</u>.  Pursuant to the Bar Date Order, any entity asserting claims arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan of liquidation in the applicable Debtor's chapter 11 case (any such order, a "<u>Rejection Order</u>"), or claims otherwise related to such rejected agreements, including (i) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the applicable Filing Date and (ii) administrative claims under section 503(b) of the Bankruptcy Code (collectively, "<u>Rejection Damage Claims</u>") are required to file proofs of claim by the later of (a) the General Bar Date and (b) 5:00 p.m., Eastern Time, on the date that is 30 days after the entry of the relevant Rejection Order.  The later of these dates is referred to in this Notice as the "<u>Rejection Bar Date</u>."  *For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature arising from or relating to executory contacts or unexpired leases rejected by a Rejection Order must be filed by the Rejection Bar Date.*

(c)    <u>The Amended Schedule Bar Date</u>.  Pursuant to the Bar Date Order, if, subsequent to the date of this Notice, a Debtor amends or supplements its Schedules to (a) reduce the undisputed, noncontingent and liquidated amount of a claim against the Debtor, (b) change the nature or classification of a claim against a Debtor in a

manner adverse to the scheduled creditor or (c) add a new claim to the Schedules with respect to a party that was not previously served with notice of the Bar Dates, the affected claimant is required to file a proof of claim or amend any previously-filed proof of claim in respect of the amended scheduled claim on or before the later of (i) the General Bar Date and (ii) 5:00 p.m., Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment or supplement to the Schedules is served on the claimant.  The later of these dates is referred to in this Notice as the "Amended Schedule Bar Date."  By contrast, if an amendment to the Schedules improves the amount or treatment of a previously scheduled or filed claim, a claimant that previously was served with a notice of the Bar Dates is not permitted to file additional claims by the Amended Schedule Bar Date.

(d)     The Governmental Bar Date.  Pursuant to the Bar Date Order, and consistent with Rule 3002(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the applicable Filing Date (including secured claims, unsecured priority claims and unsecured nonpriority claims) are required to file proofs of claim by (a) October 27, 2009 at 5:00 p.m., Eastern Time, for claims against any Debtors other than Alpha Holding LP and (b) November 15, 2009 at 5:00 p.m., Eastern Time, for claims against Alpha Holding LP (as applicable, the "Governmental Bar Date").

## 2.  WHO MUST FILE A PROOF OF CLAIM

Unless one of the exceptions described in Section 5 below applies, if you have a claim that arose or is deemed to have arisen prior to the applicable Filing Date, you MUST file a proof of claim to vote on a chapter 11 plan of liquidation or to share in distributions from the Debtors' bankruptcy estates.  Claims based on acts or omissions of the Debtors that occurred before the applicable Filing Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the applicable Filing Date.

Except where the Rejection Bar Date, the Amended Schedule Bar Date or the Governmental Bar Date apply to establish a different deadline or one of the exceptions in Section 5 applies, the following entities must file proofs of claim on or before the General Bar Date:

(a)     any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "disputed," "contingent" or "unliquidated" and (ii) that desires to participate in any of these bankruptcy cases or share in any distribution in any of these bankruptcy cases; and

(b)     any entity that believes its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

**3.  WHAT TO FILE**

Claims should be asserted on proof of claim forms that conform substantially to Official Bankruptcy Form No. 10.  Proof of claim forms may be obtained at the following websites: http://www.chryslerrestructuring.com or http://www.uscourts.gov/bkforms.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  The proof of claim form must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

All entities asserting claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor.  In addition, any entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its claim is asserted.  Any claim filed in the joint administration case number (Old Carco LLC f/k/a Chrysler LLC, Case No. 09-50002) or that otherwise fails to identify a Debtor shall be deemed as filed only against Debtor Old Carco, LLC.  If more than one Debtor is listed on the form, the proof of claim will be treated as filed only against the first listed Debtor.

Each entity asserting a Rejection Damage Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the nature and basis of the portion of the Rejection Damage Claim asserting an administrative priority under section 503(b) of the Bankruptcy Code (the "Administrative Claim Supplement").

Under the Bar Date Order, the filing of a proof of claim form shall be deemed to satisfy the procedural requirements for the assertion of any administrative priority claims under section 503(b)(9) of the Bankruptcy Code.  Likewise, the filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, shall be deemed to satisfy the procedural requirements for the assertion of a Rejection Damage Claim (including any administrative claim included therein).  ***All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by proof of claim.***  No deadline has been established for the filing of administrative claims other than (a) claims under section 503(b)(9) of the Bankruptcy Code and (b) any portion of a Rejection Damage Claim seeking administrative priority, which types of administrative claims must be filed by the General Bar Date and the Rejection Bar Date, respectively.

## 4.  WHEN AND WHERE TO FILE

All proofs of claim must be filed so as to be received **on or before the applicable Bar Date,** at one of the following addresses (together, the "Old Carco LLC Claims Docketing Center"):

| IF SENT BY MAIL | IF DELIVERED BY HAND OR OVERNIGHT COURIER |
|---|---|
| Old Carco LLC (f/k/a Chrysler LLC) Claims   Processing Center c/o Epiq Bankruptcy Solutions, LLC Grand Central Station, P.O. Box 4834 New York, New York 10163-4834 | Old Carco LLC (f/k/a Chrysler LLC) Claims   Processing Center c/o Epiq Bankruptcy Solutions, LLC 757 Third Avenue, 3rd Floor New York, New York 10017 |

Proofs of claim will be deemed filed only when **actually received** by the Old Carco LLC Claims Docketing Center on or before the applicable Bar Date.  **Proofs of claim may not be delivered by facsimile or electronic mail transmission**.  Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the methods described above.

Proof of claim forms will be collected from the Old Carco LLC Claims Docketing Center, docketed and maintained by the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq").  If you wish to receive acknowledgement of Epiq's receipt of a proof of claim, you must submit by the applicable Bar Date and concurrently with submitting your original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, postage prepaid return envelope.

## 5.  WHO NEED NOT FILE A PROOF OF CLAIM

The Bar Date Order further provides that the following entities, whose claims otherwise would be subject to the General Bar Date, need not file proofs of claim:

(a)    Any entity that already has filed a signed proof of claim against the applicable Debtor(s) with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

(b)    Any entity whose claim is listed on the Schedules if (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)    A holder of a claim that previously has been allowed by order of the Court;

(d)    A holder of a claim that has been paid in full by any of the Debtors (or any other party) in accordance with the Bankruptcy Code or an order of the Court;

(e)    A holder of a claim for which a specific deadline previously has been fixed by the Court;

(f)    Any Debtor having a claim against another Debtor, or any of the wholly-owned direct and indirect nondebtor subsidiaries of the Debtors, as of August 20, 2009, having a claim against any of the Debtors;

(g)    Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code or any portion of a Rejection Damage Claim asserting administrative priority under section 503(b) of the Bankruptcy Code);

(h)    Any entity seeking only to preserve its right to pursue Chrysler Group LLC f/k/a New CarCo Acquisition LLC ("New Chrysler") for the recovery or payment of liabilities assumed by New Chrysler in connection with the Debtors sale' of substantially all of their assets to New Chrysler; and

(i)    Any entity whose claim is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges (a "Debt Claim") on or under the Amended and Restated First Lien Credit Agreement, dated as of August 3, 2007 (as amended, the "First Lien Credit Agreement"); provided, however, that (i) the foregoing exclusion in this subparagraph shall not apply to the administrative agent under the First Lien Credit Agreement (the "Agent"); (ii) the Agent is required to file a proof of claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under the First Lien Credit Agreement; and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to the First Lien Credit Agreement is required to file a proof of claim on or before the General Bar Date, unless another exception in this paragraph applies.

**No Bar Date for Proofs of Interest.**    Any entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a membership interest in a limited liability corporation or partnership or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to in this Notice as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in this Notice applies.  The Debtors have reserved the right to establish at a later time a bar date requiring Interest Holders to file proofs of interest.  If such a bar date is established, Interest Holders will be notified of the bar date for filing of proofs of interest at the appropriate time.

## 6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST A DEBTOR, BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE, SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM THE FOLLOWING: (A) ASSERTING ANY CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND LIQUIDATED OR (II) IS OF A DIFFERENT NATURE OR A DIFFERENT CLASSIFICATION THAN ANY CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY PLAN OR PLANS OF LIQUIDATION IN THESE CHAPTER 11 CASES OR OTHER ORDER AUTHORIZING THE WINDDOWN OF THE DEBTORS' ESTATES IN RESPECT OF AN UNSCHEDULED CLAIM; OR (C) WITH RESPECT TO ANY ADMINISTRATIVE PRIORITY CLAIM COMPONENT OF ANY REJECTION DAMAGE CLAIM, ASSERTING ANY SUCH PRIORITY CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY.

## 7. THE DEBTORS' SCHEDULES AND ADDITIONAL INFORMATION

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. Copies of the Debtors' Schedules and other information and documents regarding the Debtors' chapter 11 cases (including the Bar Date Order) are available for inspection free of charge on Epiq's website at http://www.chryslerrestructuring.com. The Schedules and other filings in the Debtors' chapter 11 cases also are available for a fee at the Court's website at https://ecf.nysb-mega.uscourts.gov.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

If you require additional information regarding the filing of a proof of claim, you may contact the Chrysler Claims Hotline at (877) 271-1568 (for domestic and Canadian callers) and (503) 597-7708 (for callers outside the United States and Canada) between 9:00 a.m. and 9:00 p.m., Eastern Time. You also may contact the Debtors' claims agent, Epiq, directly by writing to:

Old Carco LLC (f/k/a Chrysler LLC) Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, New York 10017

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

Dated: New York, New York                    BY ORDER OF THE COURT
        _____, 2009


JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Corinne Ball
Veerle Roovers

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
David G. Heiman

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330
Jeffrey B. Ellman

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION