**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                            :

In re                                        :         Chapter 11

Old Carco LLC                           :         Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), et al.,            :
                                         :         (Jointly Administered)
                     Debtors.    :
                                           :
------------------------------------------------------------x

**OPINION AND ORDER**

Before this Court is a motion by Fawzi Khoury, Elie Khoury and Halim Khoury (collectively, the "Movants") requesting that the Court authorize the removal of two liens (the "Subject Liens") against certain real property of the Movants located in the states of Alaska and Virginia (FKS's Motion Ex. A and Ex. B) (the "Motion") that were previously registered to Old Carco LLC f/k/a Chrysler LLC ("Old Carco") and its affiliated debtors and debtors in possession in the above-captioned cases (collectively with Old Carco, the "Debtors")[1]. A hearing was held on this matter on September 24, 2009.

*Background*

The Movants are the principals of Faouzi Khoury and Sons sarl ("FKS"), a Lebanese company that served as Debtors' distributor in Lebanon from 1997 until February of 2007. The Subject Liens arose in connection with certain debt owed by FKS to Debtor Old Carco International Corporation f/k/a Chrysler International Corporation ("CIC") as a part of their business dealings. The Movants granted the Subject Liens to CIC in their personal capacity as security for certain debts owed to CIC by FKS

---
[1] Pursuant to the CIC Claim Sale (as defined *infra*), the Subject Liens are now registered to New Chrysler.

(collectively, the "CIC Claim").  According to the Motion, various disputes and litigations ensued between February 2006 and July 2009 when the business relationship between CIC and FKS was terminated, during which FKS filed for bankruptcy before a Lebanese Bankruptcy Court.

In connection with Debtors' Chapter 11 case, Debtors and Debtor subsidiaries, Fiat S.p.A. and Chrysler Group LLC ("New Chrysler") entered into an agreement as of April 30, 2009 (as amended and collectively with other ancillary and supporting documents, the "Purchase Agreement") which provided, among other things, that (1) Old Carco would transfer the majority of its operating assets to New Chrysler; and (b) in exchange for those assets, New Chrysler would assume certain of Debtors' liabilities and pay to Debtors $2 billion in cash (collectively with the other transactions contemplated by the Purchase Agreement, the "Fiat Transaction").  Following a sale hearing, an order approving the Fiat Transaction was entered on June 1, 2009 and the transaction closed on June 10, 2009.

Prior to the filing of the Motion, the Debtors had been in discussion with New Chrysler with respect to whether the CIC Claim and Subject Liens were transferred to New Chrysler pursuant to the Fiat Transaction.  Subsequent to the filing of the Motion, those discussions continued and the parties entered into an agreement to sell all of CIC's right, title and interest in both the CIC Claim and the Subject Liens to New Chrysler for the aggregate amount of $100,000 (the "CIC Claim Sale") on September 17, 2009.  However, prior to the consummation of the CIC Claim Sale, New Chrysler, acting under the alleged belief that it had purchased the CIC Claim and Subject Liens pursuant to the Fiat Transaction, entered into a reconciliation agreement ("Settlement Agreement") with

FKS on June 25, 2009 which proposed to discharge both FKS and New Chrysler of their debts and responsibilities to the other (FKS's Motion Ex. C).  On July 2, 2009, the Lebanese Bankruptcy Court ratified the Settlement Agreement and affixed its seal.

*Discussion*

Pursuant to 28 U.S.C. §§ 1334 and 157(b)(2), this Court has no jurisdiction to grant the relief sought in the Motion because the matter does not concern the "administration of the estate."  The fact that the CIC Claim Sale did not consummate until after the Movants have filed this Motion is not determinative because even assuming that the Subject Liens were property of the Debtors' estate at the close of the Fiat Transaction, they are now property of New Chrysler as a result of the CIC Claim Sale and the Debtors' estates no longer have any right, title or interest in either the Subject Liens or the CIC Claim.

In addition, the Settlement Agreement resolving the debt and dispute between CIC and FKS was entered into between New Chrysler and FKS alone and approved by a Lebanese Bankruptcy Court.  Consequently, the validity of the Subject Liens in light of the Settlement Agreement is a two-party dispute between New Chrysler and FKS that should be adjudicated before a state court.

Finally, the Debtors are not essential parties to this dispute, the outcome of this dispute has no impact on the Debtors and the Debtors' estate, and the resolution of this dispute does not require the interpretation of any orders or decrees issued by this Court.  Therefore, this Court has no jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) to grant the relief sought in the Motion.

*Conclusion*

Accordingly, for the foregoing reasons, the Motion to Authorize Removal of Liens is DENIED, without prejudice to seek such relief in other fora.

SO ORDERED.

Dated:  New York, New York
          October 8, 2009

                                       **s/Arthur J. Gonzalez**
                                       ARTHUR J. GONZALEZ
                                       UNITED STATES BANKRUPTCY JUDGE