| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

```
------------------------------------------------------------ x
                                                             :   Chapter 11
In re                                                        :
                                                             :   Case No. 09-50002 (AJG)
Old Carco LLC                                                :
(f/k/a Chrysler LLC), et al.,                                :   (Jointly Administered)
                                                             :
                 Debtors.                                    :
                                                             :
------------------------------------------------------------ x
```

**OPINION AND ORDER DENYING DEALERS' MOTION FOR AN ORDER
CERTIFYING IMMEDIATE APPEAL TO UNITED STATES COURT OF
APPEALS FOR THE SECOND CIRCUIT**

Before this Court is Crain CDJ, LLC's Motion for an Order Certifying Immediate Appeal to United States Court of Appeals for the Second Circuit ("Crain Motion"), filed by Crain CDJ, LLC ("Crain"); and Appellants' Motion for an Order Certifying Immediate Appeal to the United States Court of Appeals for the Second Circuit (the "Wisconsin Motion" and, together with the Crain Motion, the "Motion"), filed by Boucher Imports, Inc., Braeger Chrysler Jeep, Quaden Motors, Inc. (a/k/a John Quaden Dodge, Inc.), Johnson Motors of St. Croix Falls, Inc., Lakeland Pontiac-GMC-Jeep, Inc. (a/k/a Lakeland Oldsmobile-Pontiac-GMC), Mueller Chrysler, Inc., and Wolf's Motor Car Company, Inc. (collectively, the "Wisconsin Dealers" and, together with Crain, the "Movants").

The Court finds that a hearing in this matter is not necessary and makes its ruling based on the papers filed by the parties. The Court assumes the parties' familiarity with the facts set forth in the Sale Order (as defined *infra)*, the Rejection Order (as defined *Infra)*, and the Enforcement Order (as defined *infra*).

*Background*

On April 30, 2009, Old Carco LLC f/k/a Chrysler LLC ("Old Carco") and its affiliated debtors and debtors in possession (collectively with Old Carco, the "Debtors") filed for protection under title 11 of the United States Code (the "Bankruptcy Code"), which were ordered to be jointly administered.

In connection with Debtors' Chapter 11 case, Debtors and Debtor subsidiaries, Fiat S.p.A. and Chrysler Group LLC f/k/a New CarCo Acquisition LLC ("New Chrysler") entered into an agreement as of April 30, 2009 (as amended and collectively with other ancillary and supporting documents, the "Purchase Agreement") which provided, among other things, that (a) Old Carco would transfer the majority of its operating assets to New Chrysler; and (b) in exchange for those assets, New Chrysler would assume certain of Debtors' liabilities and pay to Debtors $2 billion in cash (collectively with the other transactions contemplated by the Purchase Agreement, the "Fiat Transaction").  Following a sale hearing, an order approving the Fiat Transaction was entered on June 1, 2009 (the "Sale Order") and the transaction closed on June 10, 2009.  On June 9, 2009, the Court entered an order rejecting the executory franchise agreements of approximately 789 Chrysler, Dodge, and Jeep dealerships, including the Movants, pursuant to §§ 105, 365 of the Bankruptcy Code and Bankruptcy Rule 6006 (the "Rejection Order" and, together with the Sale Order, the "Orders").

After not having been assumed as authorized dealers for the Debtors under the Sale Order and then rejected as authorized dealers under the Rejection Order, the Movants commenced actions in state courts or administrative bodies pursuant to state laws controlling the licensure of automobile manufacturers, distributors, and dealers

2

("Licensure Laws") seeking a variety of relief against New Chrysler (the "Subject Actions"). The Debtors and New Chrysler moved before this Court for an order enjoining the Movants from proceeding with their respective Subject Actions. The Court granted the Debtors and New Chrysler's motion and entered an order permanently enjoining the Movants from proceeding with their Subject Actions and requiring them to withdraw their petitions or incur sanctions (the "Enforcement Order"). The Movants have filed Notices of Appeal with respect to the Enforcement Order.

*Discussion*[1]

By the Motion, the Movants are requesting, pursuant to 28 U.S.C. § 158(d)(2), that this Court certify the Appeals to the Second Circuit so that, subject to the consent of the Second Circuit, the Appeals may be heard directly by the Second Circuit rather than an intermediate appeal to the United States District Court for the Southern District of New York.

Relevant provisions of 28 U.S.C. § 158(d)(2) provide:

(A) The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that –

(i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
(ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
(iii) an immediate appeal from the judgment, order or decree may materially advance the progress of the case or proceeding in which the appeal is taken….

---

[1] In their Consolidated Response to the Motion, the Debtors and New Chrysler state that they do not oppose certification but also make clear that they do not request certification. Further, in that response, they strongly disagree with the arguments made by the Movants in support of certification.

3

(B) If the bankruptcy court, the district court, or the bankruptcy appellate panel –

(i) on its own motion or on the request of a party, determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists, or

(ii) receives a request made by a majority of the appellants and a majority of the appellees (if any) to make the certification described in subparagraph (A);

then the bankruptcy court, district court, or the bankruptcy appellate panel shall make the certification described in subparagraph (A).

28 U.S.C. § 158(d)(2).

*28 U.S.C. § 158(d)(2)(A)(i)*

The Movants sought relief under 28 U.S.C. § 158(d)(2)(A)(i) by alleging that the issues on appeal, which essentially revolve around the scope of the "free and clear" provisions of section 363 of the Bankruptcy Code and the interpretation of the term "Claims" as defined in the Sale Order, involve questions of law for which there are no controlling decisions in the Second Circuit. However, these issues were addressed by the Court in the Sale Order and the Rejection Order and should have been properly raised by the Movants in an appeal of the Orders. The Enforcement Order is a straight-forward application of the Orders, barring the Subject Actions, under which the Supreme Court's rule in *Travelers Indemnity Co. v. Baily*, 120 S. Ct. 2195, ____ U.S. ____ (2009) controls.

The Movants argue that *Travelers* involved a situation in which "the plain terms" of the prior order "unambiguously appl[ied] to bar the appellees' claims against the debtor's insurer," whereas it is ambiguous whether the Orders apply to the Subject Actions. This alleged ambiguity, in turn, hinges on the Movants' interpretation of the term "Claims" in the Sale Order. The Court disagrees with the argument that the term

4

"Claims" is ambiguous and also disagrees with the Movants' interpretation of that term. Their efforts are simply an attempt to collaterally attack a final order for which all appellate remedies have been exhausted. To the extent that the Movants believe the term "Claims" should have been limited to only claims as defined by section 101(5) of the Bankruptcy Code, they were required to appeal the Sale Order. The distinction identified by the Movants between the successor/transferee liability claims by the personal injury claimants against Old Carco and the claims at bar is a distinction without a difference under the provisions of the Sale Order. The Orders clearly bar the Subject Actions. Thus, the Court finds that the ruling in *Travelers* applies to the case at bar and the Subject Actions are a collateral attack on the Orders.

The Movants further argue that certification is appropriate because the Appeals are matters of public importance. While the Court finds that the types of public welfare arguments put forth by the Movants may be relevant in context of the Sale Order and the Rejection Order, they are not relevant to the Enforcement Order, which involves a routine application of the Orders.

For the above-mentioned reasons, the Court finds that the Movants have failed to meet the requirements provided in 28 U.S.C. § 158(d)(2)(A)(i) because they have not raised a question of law to which there is no controlling decision in the Second Circuit Court of Appeals or the Supreme Court of the United States and they have not established that the appeals are matters of public importance.

*28 U.S.C. § 158(d)(2)(A)(ii)*

With respect to 28 U.S.C. § 158(d)(2)(A)(ii), the Movants have failed to identify specific grounds under which they sought relief as they did not raise a question of law

requiring resolution of conflicting decisions. Hence, the Court finds that the Movants have also failed to meet the requirements provided in 28 U.S.C. § 158(d)(2)(A)(ii).

*28 U.S.C. § 158(d)(2)(A)(iii)*

The Movants sought relief under 28 U.S.C. § 158(d)(2)(A)(iii) by asserting that an immediate certification will materially advance the Debtors' bankruptcy case by relieving the Debtors' estate of the time and resources in litigating this matter, particularly because there is a substantial likelihood of an appeal by the Movants to the Court of Appeals in the event of an adverse decision by the District Court. However, the Movants have failed to articulate a legal question about which there is a need for immediate resolution. Absent a compelling need for immediate resolution, there appears to be no reason under the circumstances presented that warrant the circumvention of an appeal to the district court based upon judicial economy and a substantial likelihood that an adverse ruling may be appealed.

The Court finds that the Movants have failed to meet the requirements provided in 28 U.S.C. § 158(d)(2)(A)(iii) that an immediate appeal to the Second Circuit Court of Appeals may materially advance the progress of the case at bar.

In sum, since the Movants have failed to meet the requirements provided in 28 U.S.C. §§ 158(d)(2)(A)(i), (ii), or (iii), certification under 28 U.S.C. § 158(d)(2)(B)(i) has not been established.

*28 U.S.C. § 158(d)(2)(B)(ii)*

Further, the Court finds that the Movants have not met the requirements provided in 28 U.S.C. § 158(d)(2)(B)(ii) that a majority of the appellants and a majority of the appellees request the Court's certification for an immediate appeal because the Debtors

6

and New Chrysler stated that, although they are not opposed to certification, they do not request it.

*Conclusion*

Accordingly, for the foregoing reasons, the Motion for an Order Certifying Immediate Appeal to the United States Court of Appeals for the Second Circuit is hereby DENIED.

SO ORDERED.

Dated: New York, New York
October 16, 2009

                                                    **s/Arthur J. Gonzalez**
                                                    ARTHUR J. GONZALEZ
                                                    UNITED STATES BANKRUPTCY JUDGE