UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                                                         :
In re                                                                   :      Chapter 11
                                                                         :
OLD CARCO LLC, f/k/a CHRYSLER LLC, *et al*.,  :      Case No. 09 B 50002 (AJG)
                                                                         :
                        Debtors.                           :      (Jointly Administered)
                                                                         :
_____:

OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION
OF ORDER, DATED JANUARY 21, 2010,
DENYING ADMINISTRATIVE EXPENSE PRIORITY

On January 5, 2010, the Court issued an Opinion (the "January 5th Opinion") Denying Motion of Ramirez Chrysler Jeep Dodge, Inc. (the "Dealer") for Allowance of Administrative Expenses Pursuant to 11 U.S.C. §§ 503(b)(1) and 507(a)(2) of the Bankruptcy Code. On January 21, 2010, the Court entered an Order (the January 21st Order) implementing its ruling. Fourteen days later, on February 4, 2010, the Dealer filed a Motion (the "Reconsideration Motion") seeking reconsideration of the January 21st Order, asserting that it was moving pursuant to Federal Rule of Bankruptcy Procedure 9023 and/or 9024.

With certain limitations, Federal Rules of Civil Procedure[1] 59 and 60 are incorporated into bankruptcy practice by Fed. R. Bankr. P. 9023 and 9024, respectively. One of the limitations imposed by Fed. R. Bankr. P. 9023 is that the 28-day time frame ordinarily applied for filing Rule 59 motions is limited to 14 days in bankruptcy practice.

The Dealer did not specify the provisions of Rules 59 or 60 that it is utilizing. However, depending upon the timing of the filing of a motion to reconsider, it is analyzed pursuant to

---

[1] Hereinafter, a reference to a "Rule" or "Rules" is to the Federal Rules of Civil Procedure, and a reference to "Fed. R. Bankr. P." is to the Federal Rules of Bankruptcy Procedure.

either Rule 50(e), as a motion to alter or amend a judgment, or Rule 60(b), as a motion to obtain relief from a final judgment, order or proceeding.

Apart from bankruptcy practice, when a party files a motion for reconsideration within 28-days from the entry of a judgment, as allowed by Rule 59(e), such reconsideration motion is treated as a motion pursuant to Rule 59(e); however, when a party files such motion beyond the 28-day limit, such motion is treated as a Rule 60(b) motion for relief from the judgment or order. *See* MOORE, 12 FEDERAL PRACTICE 3rd Ed. § 59.30 (2010). It follows that, in bankruptcy practice, because the time limit imposed for filing a Rule 59(e) motion is 14 days, any reconsideration motion filed no later than 14 days after entry of a judgment is a Rule 59(e) motion and if such motion is filed after that 14-day limit, it is a Rule 60(b) motion.

The Dealer filed its motion for reconsideration on the fourteenth day after entry of the judgment and, therefore, the Court will treat it as a Rule 59(e) motion to alter or amend the judgment.

*Rule 59(e)*

A motion to alter or amend a judgment pursuant to F. R. Civ. P. 59(e) may be based upon (1) an intervening change in the controlling law, (2) the availability of new evidence, (3) to correct manifest errors of law or fact upon which the judgment is based, or (4) to prevent manifest injustice. *Martin v. Enron Corp. (In re Enron Creditors Recovery Corp.)*, 378 B.R. 54, 56-57 (Bankr. 2007) (citations omitted). The rule is properly invoked when the ruling court overlooked matters or controlling decisions which, had it considered such matters, might reasonably have impacted its decision. *Houbigant, Inc. V. ACB Mercantile, Inc. (In re Houbigant)*, 190 B.R. 185, 187 (Bankr. S.D.N.Y. 1996). Fed. R. Civ. P. 59(e), however, is not to

be used solely to relitigate an issue already decided. *Milano v. Astrue*, No. 05 Civ. 6527, 2009 WL: 1150186 at *1 (S.D.N.Y. 2009) (citation omitted). Nor is it properly invoked to advance facts, issues or arguments that were available to be presented to the Court prior to its rendering a decision. *Cf. Wallace v. Brown*, 485 F.Supp. 77, 78 (S.D.N.Y. 1979). A motion to amend a judgment pursuant to Fed. R. Civ. P. 59(e) is properly granted when the record establishes that the judgment was based on a manifest error of law or fact. *Bowers v. Andrew Weir Shipping, Ltd.*, 817 F.Supp. 4, 5 (S.D.N.Y. 1993); *Cray v. Nationwide Mut. Ins. Co.*, 192 F. Supp.2d 37, 39 (W.D.N.Y. 2001). However, "the moving party has a heavy burden to establish factual error sufficiently serious to merit an amendment." *Wallace v. Brown*, 485 F.Supp. at 79. Whether to grant or deny a motion to alter or amend a judgment is within the court's discretion. *Atlantic States Legal Foundation, Inc. v. Karg Bros. Inc.*, 841 F. Supp. 51, 55 (N.D.N.Y. 1993).

The Dealer has not brought any new factual matters or legal points to the Court's attention. Rather, every factual matter or controlling point of law referenced in the Reconsideration Motion was already presented to and considered by the Court prior to issuing its January 5th Opinion and January 21st Order. In the Reconsideration Motion, there is no reference to any intervening law that could be presented. Nor is there anything in the record that establishes a manifest error of law or fact.

In the Reconsideration Motion, the Dealer raises three points, two of which are directed to the Court's determination concerning the "operation" of the Debtors' business. The relevant business was the Debtors' automobile manufacturing business. As set forth in the January 5th Opinion, the Court determined that the Debtors' post-petition efforts were directed at maintaining the status quo until the sale of its operational assets. The Court further concluded

that merely holding the assets intact until such sale did not constitute the type of operation of a business that would implicate either 28 U.S.C. § 959 or the line of cases that provide administrative expense priority to costs ordinarily incident to the operation of a business. The Dealer's claim arose out of the breach of a pre-petition contract and, as such, it was a general unsecured claim. Therefore, the Court denied the request for an administrative expense priority. In the Reconsideration Motion, the Dealer disagrees with the Court's interpretation and seeks to relitigate the matter based on the same law and facts that were previously before the Court.

The third point advanced by the Dealer is that the Court's interpretation of a certain case was too restrictive. Again, the Dealer disagrees with the Court's interpretation and seeks to relitigate based upon the same facts and law previously available.

A Rule 59(e) motion is not to be used to relitigate matters or to raise arguments that could have been raised prior to the initial hearing. The Dealer disagrees with the Court's ruling and seeks to relitigate matters that were already determined by the Court. Therefore, reconsideration under Rule 59(e) is denied.[2]

Based upon the foregoing, it is hereby

Ordered, that the Reconsideration Motion is denied.

Dated: New York, New York
       February 11, 2010

                                        s/Arthur J. Gonzalez
                                        CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[2] On the upper right hand corner of its Reconsideration Motion, the Dealer listed February 18, 2010 at 10:00 a.m. as the date scheduled for a hearing on this matter. However, pursuant to Local Bankruptcy Rule for the Southern District of New York 9023-1, no oral argument is heard unless the Court grants the motion and specifically orders that the matter be reargued. As the Court has denied the Reconsideration Motion, there will be no hearing in this matter.