UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

In re:                                         :
                                               :
OLD CARCO LLC                                  :    Chapter 11 (Confirmed)
(f/k/a CHRYSLER LLC), *et al.*                 :    Case No.: 09-50002 (SMB)
                                               :    Jointly Administered
                        Debtors.               :

-----------------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER
## DENYING MOTION FOR A FREE CAR
## AND/OR MONETARY DAMAGES

**A P P E A R A N C E S :**

JONES DAY
Attorneys for Old Carco Liquidation Trust
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309

       Jeffrey B. Ellman, Esq.
          Of Counsel


       --and--

222 East 41st Street
New York, NY 10017

       Corinne Ball, Esq.
          Of Counsel


Ross A. Fiorani, *pro se*
7115 Latour Court
Kingstowne, VA 22315


**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

       Ross Fiorani tried to buy a Dodge Charger R/T.  He asserts that Old Carco LLC (f/k/a

Chrysler LLC) and certain of its affiliates (collectively, "Old Carco" or the "Debtor"), various

Dodge and Chrysler dealerships (the "Dealerships"), and since its formation, Chrysler Group

LLC ("New Chrysler"), conspired to prevent him from purchasing the car, and in the course of that conspiracy, committed various crimes and other wrongs. (*See Notice and Request for this Court to Appoint or Assign Class-Counsel for all Consumer-Victims on Chrysler Dodge's Dealership Crimes and Civil Misconduct Regarding Chrysler's Years of Failing to Properly Regulate and Enforce Orders to Those Dodge Dealers in 4-States on Their Consumer Protection Violations of States' and Federal FTC's Laws Committed Against All Consumers-Victims and Fiorani, et al.*, dated May 23, 2009 (the "Motion"), at 12 (ECF Doc. # 3429).) His Motion demanded the appointment of class counsel and the immediate delivery of a Dodge Charger R/T as a prepayment of damages of at least $75,000. More recently, however, he has demanded $1.2 million, (*Plaintiff's Claims Against Old Carco and Demands Against New Chrysler LLC Group, Its Executives, Attorneys and Those Managers of Dodge Dealers' Illegal Operations in 15-States From in 2009 to After 2012; and Consumer Fiorani's Dispute to Old Carco's Objections*, filed Feb. 1, 2013 ("*Fiorani Reply*"), at 10 (ECF Doc. # 8152), and may still also be seeking a free Dodge Charger R/T. (*See id.* at 8.) The Motion is denied for the reasons that follow.

## BACKGROUND

At all relevant times prior to April 30, 2009, the Debtor was engaged in the business of manufacturing and selling motor vehicles, including the Dodge Charger. On April 30, 2009 (the "Petition Date"), Old Carco filed for chapter 11 relief. By order dated June 1, 2009, Judge Arthur Gonzalez authorized the sale of substantially all of the Debtor's assets free and clear of all claims and liabilities to New Carco Acquisition LLC, (*see Order (I) Authorizing the Sale of Substantially all of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures and (III) Granting*

*Related Relief*, dated June 1, 2009 (ECF/Main Case Doc. # 3232), which subsequently became

Chrysler Group LLC ("New Chrysler"). Following the sale, the Debtor ceased operations, and

New Chrysler took over the "Chrysler" automotive business. The last date to file a proof of claim

against the Debtor was set for September 28, 2009 (the "Bar Date"). (*Order Pursuant to*

*Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c)(3),*

*Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice*

*Thereof*, dated Aug. 6, 2009 (ECF Doc. # 5018.) Old Carco confirmed a plan on April 23, 2010,

(*Order Confirming Second Amended Joint Plan of Liquidation of Debtors and Debtors in*

*Possession, as Modified*, dated Apr. 23, 2010) (ECF Doc. # 6875), and Old Carco Liquidation

Trust became the successor to the Debtor.

Although the totality of Fiorani's claims is not entirely clear, they seem to break down as

follows:[1] in 2007, Fiorani purchased a Dodge Charger. At the time, he apparently wanted one

with a gear shifter on the column. (Motion at 1-2.) He was told by a dealer that Dodge did not

make a Dodge Charger with that feature, but according to Fiorani, this was a lie. (Motion at 2.)

He complained to state and federal various agencies charged with enforcing consumer protection

laws. (Motion at 2-3.)

Fiorani's 2007 Charger was stolen in November 2008, and he wanted to replace it.

(Motion at 5.) His principal contention is that he received pre-approved credit from Chrysler

---

[1]     The background to the dispute is described by Fiorani in the Motion, his reply to the Debtor's opposition
and six letters that are filed on the docket. The letters were addressed to various representatives of the Debtors,
numerous state and federal agencies, the National Automobile Dealers Association, former Secretary of the Treasury
Timothy Geithner, former Bankruptcy Judge Arthur Gonzalez, President Obama and others. They are dated: March
31, 2009; April 12, 2009; April 24, 2009; May 4, 2009; May 15, 2009 and May 29, 2009 (collectively, the
"Letters"). Four of the Letters were filed with the Motion. The May 15 (ECF Doc. # 1425) and May 29 (ECF Doc.
# 3982) letters were filed separately. A more concise and coherent version is set forth in the decision of the United
States District Court for the Eastern District of Virginia denying his motion to proceed *in forma pauperis*. *Fiorani v.
Chrysler-Dodge Corp.*, No. 1:10cv989, 2011 WL 1085034 (E.D. Va. Mar. 18), *aff'd*, 440 F.App'x 205 (4th Cir.
2011).

Financial, but the Dealerships refused to sell him the Dodge Charger he wanted. [2] Each denial

largely followed a similar pattern. Fiorani would travel to a dealership, discuss purchasing a car

with a sales representative, and the sales representative would relay Fiorani's interest to a

manager. (*See*, *e.g.*, April 24 Letter at 1-2.) Once a manager was consulted, the Dealership

would deny Fiorani's request to buy a car outright or tell him that it needed to verify his

information and would contact him later. (*See* Motion at 5-6.) In the latter cases, the

Dealerships would not contact him again or respond to any of his inquiries. (*See*, *e.g.*, March 31

Letter at 6-7.) In some instances, a Dealership would give Fiorani reasons why it refused to sell

him a car. (Motion at 9.) Fiorani characterized these explanations as "BS Excuses." (*Id.* at 8-9.)

Fiorani also alleged that various representatives of the Dealerships verbally harassed him. (*See*

Motion at 5, 7-8; Transcript of Hearing, held Feb. 5, 2013 ("Feb. 5 Tr.") at 8 (ECF Doc. #

8154).)

   Fiorani claims that the Dealerships refused to deal with him in retaliation for his

participation as a member of a consumer-victim class action. (Tr. 2/5), at 7; *see Fiorani Reply* at

8.) The class supposedly challenged Old Carco's failure to regulate its dealerships in light of the

Dealerships misrepresentations and violations of the various consumer protection laws. (Tr.

(2/5), at 6-7.) According to Fiorani, Judge Gonzalez appointed Schnader, Harrison, Segal &

Lewis LLP ("Schnader") as counsel for the class of the Committee of Consumer Victims,

renamed the Official Committee of Tort Claimants, (Motion at 6; *see* Tr. (2/5), at 12), consisting

of consumers  victimized by the fraudulent practices of Old Carco and the Dealerships. (Motion

at 6.) Fiorani claims that he was a member of the class. (*Id.* at 6-7.)

---

[2]  The Motion lists eighteen dealerships but states that Fiorani was harmed by between twenty-four and thirty-five dealerships. (Motion at 8-9.)

No such class was ever proposed or recognized.  The Court's records reflect that an Ad Hoc Committee of Consumer-Victims of Chrysler LLC (the "Ad Hoc Committee"), represented by Benjamin P. Deutsch, Esq. of Schnader, filed a motion on behalf of the Ad Hoc Committee to appoint an Official Committee of Tort Claimants. [3]  (*Motion of Ad Hoc Committee of Consumer-Victims of Chrysler LLC for Appointment of Official Committee of Tort Claimants Pursuant to 11 U.S.C §1102(a)(2)*, dated May 4, 2009 (ECF Doc. # 273).)  The Committee proposed to represent tort claimants that had personal injury claims.  (*Id.* at ¶ 12.)  The motion was later withdrawn (*Notice of Withdrawal Without Prejudice of Motion of Ad Hoc Committee of Consumer-Victims of Chrysler LLC for Appointment of Official Committee of Tort Claimants Pursuant to 11 U.S.C. §1102(a)(2)*, dated May 8, 2009 (ECF Doc. # 497)), but the Ad Hoc Committee continued to represent tort claimants.  (*See, e.g.*, *Notice of Appeal*, dated June 2, 2009 (ECF Doc. # 3314).)  Fiorani's name was not included in a verified statement filed by the attorneys for the Ad Hoc Committee that listed the parties represented by the Ad Hoc Committee, (*Verified Statement of Schnader Harrison Segal & Lewis LLP Pursuant to Bankruptcy Rule 2019*, dated May 20, 2009, Ex. A. (ECF Doc. # 1451).)  Furthermore, no class was ever certified, and even if such a class had been certified, it did not represent victims of alleged fraudulent practices.

In any event, Fiorani's claim against Old Carco originally related to its failure to monitor the Dealerships.  However, Fiorani recently supplied evidence suggesting that Old Carco (and New Chrysler) took a more active role, directing its dealers not to sell Fiorani a car.  In an email

---

[3]    At oral argument, Fiorani identified Deutsch as the originally assigned class counsel for the class of consumer victims.  (Tr. (2/5), at 12.)

that appears to be dated December 14, 2011,[4] sent to Fiorani by Justin Chenoweth, a sales

consultant at one of the Dealerships, Chenoweth stated:

> You may remember me from your inquiry of our Charger R/T in
> 2009, with your explanation of your *alleged lawsuit* against seve . .
> . ers.[5]  Since that time, all dealerships in the Mid-Atlantic Business
> Center have been notified by Chrysler, LLC to refuse business
> with you. . . . , but please do not come to our dealership, we will
> not be able to assist you with your purchase at this time.  You will
> not receive an . . . contact from us.

(*Emphasis added*.)  (*See* ECF Doc. # 8173, Ex. 9.)

Fiorani filed the Motion on May 23, 2009 seeking two forms of relief.  First, the heading

of the Motion asks the Court to appoint a class-counsel to represent all consumer-victims of

Chrysler Dodge's failure to regulate its Dealerships' violations of the consumer protection laws.

This request is presumably based on the mistaken belief that there is an existing class and Fiorani

is a member of that class.  The text of the Motion also requests the Court to direct a Dodge dealer

to immediately deliver the Dodge Charger R/T that he had chosen as part compensation for his

damages totaling $75,000 or more.  (Motion at 12.)  As noted, Fiorani now insists on $1.2

million, and possibly, a new Dodge Charger R/T as well.

## DISCUSSION

The Court assumes without deciding that Fiorani's claims have merit.  His claims against

any non-debtor dealerships and New Chrysler are beyond the jurisdiction of this Court.  They are

asserted by a non-debtor against non-debtors and do not have any conceivable effect on the Old

Carco estate.

---

[4]     The year is partially obliterated on the email but part of an earlier email that is included at the bottom of the
exhibit is dated December 14, 2011.

[5]     Portions of the exhibit are blank.  The ellipses represent the missing portions.

His claims against Old Carco (and any other debtors) are barred as a result of his failure to file a proof of claim. Although Fiorani's more recent papers refer to a five year conspiracy, the conspiracy began around the time he started looking for a replacement vehicle in November 2008, and at oral argument, Fiorani stated that his claim arose in February 2009. (Tr. (2/5) at 8.) Furthermore, he did not detail any specific post-petition, pre-sale conduct by Old Carco that might give rise to an administrative claim. Accordingly, his claim against Old Carco is a pre-petition claim, and he was required to file his claim by the Bar Date. His failure to do so means he is not entitled to any distribution from the estate. *See* FED. R. BANKR. P. 3003(c)(2).[6]

Finally, even if he was entitled to a distribution, the confirmed plan does not provide for the distribution of motor vehicles to creditors on account of their claims, and Fiorani has failed to show that he is entitled to a monetary distribution of $1.2 million (or any other sum) under the plan.

Accordingly, Fiorani's motion to compel the Debtor to give him a free Dodge Charger R/T and/or money damages is denied. The Court has considered his other arguments, and to the

---

[6]    Bankruptcy Rule 3003(c)(2) states:

Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

extent not specifically addressed in this decision, concludes that they lack merit.

      So ordered.

Dated: New York, New York
      May 2, 2013

                             /s/  *Stuart M. Bernstein*
                                STUART M. BERNSTEIN
                      United States Bankruptcy Judge