Hearing Date:  September 27, 2016 at 10:00 a.m. (ET)
Objection Deadline:  September 9, 2016 at 4:00 p.m. (ET)

| | |
|---|---|
| Brian D. Glueckstein<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York 10004<br>Telephone:   (212) 558-4000<br>Facsimile:    (212) 558-3588 | Anthony A. Agosta<br>CLARK HILL PLC<br>500 Woodward Avenue, Suite 3500<br>Detroit, Michigan 48226<br>Telephone:   (313) 965-8300<br>Facsimile:    (313) 965-8252 |

Counsel for FCA US LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Old Carco LLC<br>(f/k/a Chrysler LLC), *et al.*,[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 09-50002 (SMB)<br><br>(Jointly Administered) |

**MOTION OF FCA US LLC, PURSUANT TO SECTION 350 OF THE
BANKRUPTCY CODE, BANKRUPTCY RULE 5010 AND LOCAL BANKRUPTCY
RULE 5010-1, TO REOPEN THE CHAPTER 11 CASE OF OLD CARCO LLC FOR
THE LIMITED PURPOSE OF PERMITTING REFERRAL AND ADJUDICATION
OF THE TRANSFERRED LITIGATION**

---

[1] A second amended list of the Debtors (as defined below), their addresses and tax identification numbers are located on the docket for Case No. 09-50002 (SMB) [Docket No. 3945].

## **TABLE OF CONTENTS**

BACKGROUND ...................................................................................................................1

FACTS RELEVANT TO THE RELIEF REQUESTED ......................................................3

    A.    The Transferred Litigation ..................................................................................3

    B.    The Michigan District Court's Request of This Court and Recent Events ..............4

JURISDICTION ...................................................................................................................5

RELIEF REQUESTED ..........................................................................................................6

BASIS FOR RELIEF .............................................................................................................6

NOTICE .................................................................................................................................9

NO PRIOR REQUEST ..........................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

### Cases

*In re Arana*,
   456 B.R. 161 (Bankr. E.D.N.Y. 2011)..................................................................................6

*Batstone* v. *Emmerling (In re Emmerling)*,
   223 B.R. 860 (B.A.P. 2d Cir. 1997).....................................................................................6

*In re Easley-Brooks*,
   487 B.R. 400 (Bankr. S.D.N.Y. 2013)..................................................................................7

*Katz* v. *I.A. Alliance Corp. (In re I. Appel Corp.)*,
   104 F. App'x 199 (2d Cir. 2004) ..........................................................................................6

*In re Old Carco LLC*,
   538 B.R. 674 (Bankr. S.D.N.Y. 2015)..................................................................................9

*State Bank of India* v. *Chalasani (In re Chalasani)*,
   92 F.3d 1300 (2d Cir. 1996).................................................................................................6

*Travelers Indemnity Co.* v. *Bailey*,
   557 U.S. 137 (2009)..............................................................................................................8

*Zinchiak* v. *CIT Small Bus. Lending Corp.*,
   406 F.3d 214 (3d Cir. 2005)............................................................................................ 6-7

### Statutes and Rules

11 U.S.C. § 350................................................................................................................... 1, 3, 6

28 U.S.C. § 157........................................................................................................................ 1, 5

28 U.S.C. § 1334...................................................................................................................... 1, 5

28 U.S.C. § 1412...........................................................................................................................4

28 U.S.C. § 1452...........................................................................................................................3

Fed. R. Bankr. P. 5010............................................................................................................. 1, 6

Local Rule 5010-1.................................................................................................................... 1, 6

### Other Authorities

Amended Standing Order of Reference, M-431 .........................................................................5

FCA US LLC (f/k/a Chrysler Group LLC) ("FCA") hereby submits this motion (the "Motion") for the entry of an order in the form attached hereto as Exhibit A (the "Proposed Order") reopening the chapter 11 case of Old Carco LLC ("Old Carco"), one of the debtors in the above-captioned chapter 11 cases, pursuant to section 350(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 5010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 5010-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), for the limited purpose of permitting referral and adjudication of *Citizens Insurance Company of America* v. *FCA US LLC*, Case No. 16-cv-3671 (WHP) (the "Transferred Litigation") pending before the United States District Court for the Southern District of New York ("S.D.N.Y."). In support of the Motion, FCA respectfully states as follows:

## BACKGROUND

1. On April 30, 2009, Old Carco and certain of its affiliated debtors and debtors in possession (collectively, the "Debtors") commenced bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. On April 23, 2010, the Court entered the Order Confirming the Second Amended Joint Plan of Liquidation of Debtors and Debtors in Possession, as Modified [Docket No. 6875] (the "Confirmation Order") in the Debtors' chapter 11 cases.[2] By the Confirmation Order, the Court confirmed the Second Amended Joint Plan of Liquidation of Debtors and Debtors in Possession, as Modified, attached to the Confirmation Order as Annex I (without

---

[2] Unless otherwise specified, "Docket No." refers to the docket for Case Number 09-50002 (SMB) in the United States Bankruptcy Court for the Southern District of New York.

exhibits thereto), and as further modified by the Order of the Court, dated April 28, 2010 [Docket No. 6923] (collectively, and including all exhibits thereto, the "Plan").

3. At the outset of their chapter 11 cases, the Debtors focused on an expedited process for the sale of certain assets to FCA (then known as New CarCo Acquisition LLC). On April 30, 2009, FCA entered into a master transaction agreement (as amended and including all ancillary documents thereto, the "Master Transaction Agreement" or the "Agreement") by and among FCA, Fiat S.p.A., Old Carco, and certain other sellers identified therein. The Master Transaction Agreement was initially submitted as Exhibit A to the motion requesting the Court's authorization to execute the sale (the "Sale Motion"), filed May 3, 2009 [Docket No. 190],[3] and provided, among other things, for FCA's purchase of the assets "free and clear of all Liens other than those created by Purchaser and free and clear of any other interest in the Purchased Assets to the extent provided in the Sale Order." (Agreement § 2.06.)

4. On May 27, 2009, FCA was the successful bidder in the Debtors' asset sale. On June 1, 2009, following a multi-day trial, the Bankruptcy Court granted the Sale Motion and approved the transaction set forth in the Master Transaction Agreement in its Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures and (III) Granting Related Relief [Docket No. 3232] (the "Sale Order").

5. The sale, on the terms set forth in the Master Transaction Agreement, closed on June 10, 2009. The Sale Order authorized the transfer of the purchased assets "free

---

[3] The final copy of the Master Transaction Agreement was attached as Exhibit A to Old Carco Liquidation Trust's Omnibus Reply to Objections to the Assumption and Assignment of Supplemental Executive Retirement Plan, filed Jan. 31, 2013 [Docket No. 8139], and does not differ from the initial copy of the Agreement attached to the Sale Motion in any relevant respect.

and clear of all Claims except for Assumed Liabilities" (as defined in the Agreement). (Sale Order ¶ 9; *see also id*. ¶ 39 (ordering that FCA "shall have no successor or vicarious liabilities" for "liabilities . . . in any way relating to the operation of the Purchased Assets prior to" the closing of the sale).) The Sale Order further contains an injunction directing that "all persons and entities . . . holding Claims . . . arising under or out of, in connection with, or in any way relating to, the Debtors, the Purchased Assets, [or] *the operation of the Business prior to Closing* . . . are hereby forever barred, estopped and permanently enjoined from asserting such Claims against the Purchaser." (*Id*. ¶ 12 (emphasis added).)

6. On July 29, 2015, this Court entered the Final Decree, pursuant to Section 350 of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Bankruptcy Rule 3022-1, (A) Closing the Chapter 11 Cases of Old Carco LLC and Alpha Holding LP, (B) Terminating the Appointment of the Claims and Noticing Agent, (C) Granting Releases and (D) Granting Related Relief [Docket No. 8428] (the "Final Decree"), closing the remaining cases in these chapter 11 proceedings, including the Old Carco case.

## FACTS RELEVANT TO THE RELIEF REQUESTED

**A.    The Transferred Litigation**

7. On November 16, 2015, Citizens Insurance Company of America ("Plaintiff") filed an amended complaint (the "Complaint") against FCA, among others, in Wayne County Circuit Court, Michigan in the case captioned *Citizens Insurance* v. *Corepointe Insurance Co., et al.*, Case No. 14-016005 (the "State Action"). FCA removed the State Action, pursuant to 28 U.S.C. § 1452, to the United States District Court for the Eastern District of Michigan (the "Michigan District Court").

8. Plaintiff's claims asserted in the Complaint arise out of an alleged automobile accident that occurred on September 10, 1983, wherein no-fault insurance benefits

-3-

were provided by a predecessor to Old Carco. The Complaint alleges that FCA has been assigned and/or assumed liability for one of the Debtors, Chrysler Holding, LLC, and therefore Plaintiff is entitled to recover from FCA all no-fault benefits paid in connection with the accident at issue on a theory of successor liability.

9. Because Plaintiff's Complaint against FCA is a clear violation of the Sale Order, on January 12, 2016, FCA moved to dismiss the Complaint in the Michigan District Court on the grounds that the Sale Order bars Plaintiff's claims.

### B. The Michigan District Court's Request of This Court and Recent Events

10. On May 11, 2016, the Michigan District Court issued its Opinion and order Denying Without Prejudice Defendant FCA US LLC's Motion to Dismiss (DKT. 4) and Transferring Case to the United States District Court for the Southern District of New York (the "<u>Michigan Decision</u>"), a copy of which is attached hereto as Exhibit B.

11. In the Michigan Decision, the Michigan District Court declined to reach the merits of FCA's motion to dismiss, instead severing the claims against FCA and transferring them, pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 1014(a), to the S.D.N.Y. "for referral to the bankruptcy court of that District." (Michigan Decision at 3.) FCA did not object to transfer, but offered to the Michigan District Court that the motion to dismiss could be decided there because this Court's prior decisions make clear that Plaintiff's claims are barred by the Sale Order. (*Id.* at 8.) The Michigan District Court nonetheless concluded that transfer for referral to this Court was appropriate "because the threshold question in this case would require the Court to interpret and enforce a sale order over which the bankruptcy court has expressly retained jurisdiction." (*Id.*)

12. The Michigan District Court went on to find that "the interests of justice strongly favor transferring this case to the district where the bankruptcy took place," and noted that the "bankruptcy court expressly retained jurisdiction over all matters relating to the implementation, enforcement and interpretation of its sale order." (*Id.* at 13.) The Michigan District Court concluded:

> Transfer of an action requiring the interpretation of the sale order, even after the final decree was entered, as many courts have found, will permit the bankruptcy court to resolve issues pertaining to the interpretation and enforcement of its sale order, including the validity of claims alleged by Plaintiff.

(Michigan Decision at 14.)

13. On May 17, 2016, the Complaint as against FCA was transferred to the S.D.N.Y., establishing the Transferred Litigation. The Transferred Litigation was not, however, referred to this Court as requested in the Michigan Decision and consistent with the S.D.N.Y.'s Amended Standing Order of Reference, M-431, dated January 31, 2012. The fact that the Old Carco bankruptcy case was closed pursuant to the Final Decree presumably prevented the S.D.N.Y. from referring the Transferred Litigation to this Court.

14. Recognizing that adjudication by this Court would result in unnecessary expense—including from the need for this Motion, as well an imposition on the Court's time, FCA's counsel, on August 4, 2016, sent a letter to Plaintiff's counsel requesting that Plaintiff voluntarily dismiss the Complaint against FCA. There has been no response to FCA's letter.

## JURISDICTION

15. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and expressly retained jurisdiction pursuant to paragraphs 43 and 59 of the Sale Order, Article VIII of the Plan, and paragraph 9 of the Final Decree. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

-5-

**RELIEF REQUESTED**

16. FCA seeks entry of an order, pursuant to section 350(b) of the Bankruptcy Code, Rule 5010 of the Bankruptcy Rules and Rule 5010-1 of the Local Rules, reopening the chapter 11 case of Old Carco for the limited purpose of permitting the referral and adjudication of the Transferred Litigation in this Court.

**BASIS FOR RELIEF**

17. Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Bankruptcy Rule 5010 contains the mechanism for doing so, providing that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Fed. R. Bankr. P. 5010. Furthermore, the Final Decree expressly provides that "FCA US LLC shall retain the right to seek to reopen the chapter 11 case of any one or more of the Debtors, for cause, pursuant to section 350(b) of the Bankruptcy Code." (Final Decree at ¶ 1.)

18. Reopening a bankruptcy case under section 350(b) of the Bankruptcy Code "invoke[s] the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case." *Katz* v. *I.A. Alliance Corp. (In re I. Appel Corp.)*, 104 F. App'x 199, 200 (2d Cir. 2004) (quoting *State Bank of India* v. *Chalasani (In re Chalasani)*, 92 F.3d 1300, 1307 (2d Cir. 1996)). In determining whether to reopen a case under section 350(b), a court may consider any factors its deems relevant. *See Batstone* v. *Emmerling (In re Emmerling)*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997). Bankruptcy courts have broad discretion to reopen bankruptcy cases in appropriate circumstances. *See*, *e.g.*, *In re Arana*, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011) ("Bankruptcy courts have broad discretion when deciding whether to reopen a closed case.") (citations omitted); *Zinchiak* v. *CIT Small Bus. Lending Corp.*, 406

-6-

F.3d 214, 223 (3d Cir. 2005) (recognizing that "bankruptcy courts have broad discretion to reopen cases").

19. Courts in this District have considered a wide variety of factors but "ought to emphasize substance over technical considerations." *In re Easley-Brooks*, 487 B.R. 400, 406 (Bankr. S.D.N.Y. 2013) (citations omitted).[4] FCA respectfully submits that the facts here establish compelling cause for the Court to reopen the Old Carco bankruptcy case solely to permit the referral and adjudication of the Transferred Litigation in this Court.

20. *First*, the Michigan District Court specifically declined to exercise its concurrent jurisdiction to adjudicate the claims asserted in the Complaint, requesting instead that this Court do so. The Michigan District Court reasoned that "Plaintiff's claims are viable only if it is established that Defendants assumed liability for the [no-fault] benefits under the sale order. Because answering this threshold question involves interpreting and enforcing the sale order, this action constitutes a 'core proceeding' that 'arises in' the bankruptcy case." (Michigan Decision at 10.) After extensive discussion, the Michigan District Court determined that *this Court* was the most appropriate venue to decide whether the Sale Order bars the Complaint.

21. *Second*, this Court expressly retained jurisdiction to consider precisely this type of issue. As the Michigan District Court noted, "the bankruptcy court expressly retained jurisdiction over all matters relating to the implementation, enforcement and interpretation of the sale order." (Michigan Decision at 13; s*ee* Sale Order ¶¶ 43 and 59; Plan Article VIII; Final Decree ¶ 9.) FCA anticipated that cases such as the Transferred Litigation might arise, and thus

---

[4] Factors considered have included, *inter alia*, (a) the length of time that the case was closed, (b) whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case, (c) whether prior litigation in the bankruptcy court determined that a state court would be the appropriate forum, (d) whether any parties would suffer prejudice should the court grant or deny the motion to reopen, (e) the extent of the benefit to the debtor by reopening, and (f) whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion to reopen. *In re Easley-Brooks*, 487 B.R. at 406-07.

-7-

ensured that the Final Decree included both an express reservation of rights for FCA to seek the relief requested herein, and an express retention of the Court's jurisdiction to interpret and enforce the Sale Order.

22. As the Michigan District Court observed, the Bankruptcy Court "has special expertise regarding the meaning of its own order, and therefore its interpretation is entitled to deference." (Michigan Decision at 16, citing *Travelers Indem. Co.* v. *Bailey*, 557 U.S. 137, 151 n.4 (2009).) There can be no dispute that this Court has jurisdiction to enforce its own Sale Order. *Travelers*, 557 U.S. at 151 ("the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders"). Consistent with the Michigan Decision, FCA now requires the assistance of this Court to reopen the Old Carco bankruptcy case so that FCA can request that the S.D.N.Y. refer the Transferred Litigation to this Court, and then promptly file a motion to dismiss seeking enforcement of the Sale Order.

23. *Third*, a key consideration for the Michigan District Court in deciding to transfer the Transferred Litigation for referral to this Court was the "risk of inconsistent interpretations [of the Sale Order] that could unravel the order's 'free and clear' transfer of assets to Defendant FCA." (Michigan Decision at 14.) FCA shares this concern, which has been a primary tenet in FCA seeking enforcement of the Sale Order from this Court in prior matters. Requiring the S.D.N.Y. to adjudicate the Transferred Litigation would undermine a primary purpose of the Michigan District Court's transfer decision.

24. *Fourth*, the Old Carco bankruptcy case has been closed for only one year, and during that post-closing period this Court has continued to exercise jurisdiction over discrete disputes requiring the interpretation and enforcement of the Sale Order. Final Decree ¶ 1; *see*,

*e.g.*, *In re Old Carco LLC*, 538 B.R. 674 (Bankr. S.D.N.Y. 2015) (interpreting and enforcing the Sale Order as it applies to the calculation of state unemployment insurance taxes).

25.  *Finally*, neither Plaintiff nor any party in interest to the bankruptcy will be prejudiced by the procedural step of reopening the Old Carco bankruptcy case for the limited purpose requested. Plaintiff did not object to the transfer of the litigation for referral to this Court when asked by the Michigan District Court. (Michigan Decision at 15.) Moreover, FCA intends to move to dismiss the Complaint promptly upon the reopening of the case and referral of the Transferred Litigation, and all of Plaintiff's substantive arguments in opposition to that motion are preserved.

## NOTICE

26.  FCA will provide notice of this Motion to (a) Plaintiff and (b) the parties identified in paragraph 70 of the Confirmation Order. FCA respectfully submits that no further notice of the Motion is required.

## NO PRIOR REQUEST

No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, FCA respectfully requests that the Court enter the Proposed Order, reopening Old Carco's Chapter 11 Case solely for the limited purpose of permitting referral and adjudication of the Transferred Litigation in this Court.

| | |
|---|---|
| Dated: August 26, 2016<br>New York, New York | /s/ Brian D. Glueckstein<br>Brian D. Glueckstein<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York  10004<br>Telephone:    (212) 558-4000<br>Facsimile:    (212) 558-3588<br><br>Anthony A. Agosta<br>CLARK HILL PLC<br>500 Woodward Avenue, Suite 3500<br>Detroit, Michigan 48226<br>Telephone:    (313) 965-8300<br>Facsimile:    (313) 965-8252<br><br>*Counsel for FCA US LLC* |

Hearing Date: **September 27, 2016 at 10:00 a.m. (ET)**
Objection Deadline: **September 9, 2016 at 4:00 p.m. (ET)**

| | |
|---|---|
| Brian D. Glueckstein | Anthony A. Agosta |
| SULLIVAN & CROMWELL LLP | CLARK HILL PLC |
| 125 Broad Street | 500 Woodward Avenue, Suite 3500 |
| New York, New York 10004 | Detroit, Michigan 48226 |
| Telephone:  (212) 558-4000 | Telephone:  (313) 965-8300 |
| Facsimile:  (212) 558-3588 | Facsimile:  (313) 965-8252 |

Counsel for FCA US LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Old Carco LLC | ) | |
| (f/k/a Chrysler LLC), *et al.*,[1] | ) | Case No. 09-50002 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that on August 26, 2016, FCA US LLC filed a motion, pursuant to Section 350 of the Bankruptcy Code, Bankruptcy Rule 5010 and Local Bankruptcy Rule 5010-1, to Reopen the Chapter 11 Case of Old Carco LLC for the Limited Purpose of Permitting Referral and Adjudication of the Transferred Litigation in this Court (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") on the Motion has been scheduled to be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 on **September 27, 2016 at 10:00 a.m. (Eastern Time)**.

---

[1]  A second amended list of the Debtors, their addresses and tax identification numbers are located on the docket for Case No. 09-50002 (SMB) [Docket No. 3945].

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the Motion must be made in writing, with a hard copy to Chambers, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, to be filed with the Bankruptcy Court and be served in accordance with the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures [Docket No. 661] (the "Case Management Order"), so as to be actually received by the moving parties and the parties on the Plan Notice List (as defined in the Order Confirming the Second Amended Joint Plan of Liquidation of Debtors and Debtors in Possession, as Modified [Docket No. 6875]) **not later than September 9, 2016 at 4:00 p.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and the Case Management Order may be obtained from the Court's website at http://ecf.nysb.uscourts.gov.

Dated: August 26, 2016
New York, New York

/s/ Brian D. Glueckstein
Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588

Anthony A. Agosta
CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
Telephone:    (313) 965-8300
Facsimile:    (313) 965-8252

*Counsel for FCA US LLC*