1  Rowena Santos CSB 210185
   rsantos@thompsoncoburn.com
2  THOMPSON COBURN LLP
   2029 Century Park East, 19th Floor
3  Los Angeles, California 90067
   Tel: 310.282.2500 / Fax: 310.282.2501
4
   Kathy A. Wisniewski (*pro hac vice* to be filed)
5  kwisniewski@thompsoncoburn.com
   Stephen A. D'Aunoy (*pro hac vice* to be filed)
6  SDAunoy@thompsoncoburn.com
   Scott H. Morgan (*pro hac vice* to be filed)
7  smorgan@thompsoncoburn.com
   THOMPSON COBURN LLP
8  One U.S. Bank Plaza
   St. Louis, Missouri 63101
9  Tel: 314.552.6000 / Fax: 314.552.7000

10 *Attorneys for Defendant FCA US LLC*

11

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| LYNN GRIMSTAD, an individual, and on behalf of all others similarly situated, and MARA MANUEL, an individual, and on behalf of all others similarly situated, | Case No. 8:16-CV-00763 |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| v. | |
| FCA US LLC, a Delaware limited liability company, and DOES 1-250, inclusive, | |
| Defendants. | |

Defendant FCA US LLC hereby removes this case to this Court. For the reasons set forth below, this Court has jurisdiction over this matter under 28 U.S.C. § 1452, 28 U.S.C. § 1334(b), and 28 U.S.C. § 1332(d)(2).

## I. BACKGROUND

1. On April 1, 2016, Plaintiffs Lynn Grimstad and Mara Manuel filed a First Amended Class Action Complaint ("FAC") in the Superior Court of the State of California, Orange County, known and numbered as *Lynn Grimstad, et al. v. FCA US LLC, et al.*, Case No.: 30-2015-00819805.

2. FCA US was served with process and a copy of the FAC on April 5, 2016. FCA US was not served with any prior complaint. Copies of the FAC and process served on FCA US are attached as Exhibit A.

### A.   Chrysler LLC's Bankruptcy.

3. On April 30, 2009, Chrysler LLC (n/k/a Old Carco Liquidation Trust) ("Old Carco") filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York, Case No. 09-50002. The bankruptcy proceedings remain pending. *See In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (Bankr. S.D.N.Y.).

4. On June 1, 2009, the Bankruptcy Court entered its "Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures and (III) Granting Related Relief" ("the Sale Order"). A copy of the Sale Order, without its voluminous exhibits, is attached hereto as Exhibit B; a complete copy can be found at Docket Entry No. 3232 in the Bankruptcy Court.[1]

---

[1] This Court can take judicial notice of the documents of record in other court proceedings. *See, e.g., Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts").

5. In the Sale Order, the Bankruptcy Court expressly found that FCA US (*i.e.,* the "Purchaser")[2] would not have any responsibility for the liabilities of Old Carco, or the vehicles it manufactured, unless it expressly assumed a specific liability. *See* Sale Order, ¶ 35.

6. There is nothing in the Sale Order which could be construed as FCA US expressly assuming any liabilities for any type of trespass, conversion, tort, equitable, or fraud-based (statutory or otherwise) claims brought by consumers based on their purchase of vehicles manufactured by Old Carco.

7. In the Sale Order FCA US did agree to assume certain responsibilities and liabilities ***owed to the National Highway Traffic Safety Administration*** ("NHTSA") for motor vehicles manufactured by Old Carco which were found to contain a defect. But, as set forth in the Sale Order, FCA US was to have no liabilities for individual civil claims arising out of such recalls:

> "[FCA US] has agreed to assume as Assumed Liabilities under the Purchase Agreement and this Sale Order the Debtors' notification, remedy and other obligations under 49 U.S.C. §§ 30116 through 30120 of the NTMVSA [National Traffic and Motor Vehicle Safety Act] relating to vehicles manufactured by the Debtors prior to the Closing Date that have a defect related to motor vehicle safety or do not comply with applicable motor vehicle safety standards prescribed under the NTMVSA. *[FCA US] shall not otherwise be liable for any failure by the Debtors to comply with the provisions of the NTMVSA.*

*See* Sale Order, p. 21 at ¶¶ EE (emphasis added).

---

[2] FCA US LLC (*i.e.,* the "Purchaser"), formerly known as New CarCo Acquisition LLC, is a Delaware limited liability company formed on April 28, 2009. The date of formation can be verified by government records which are publicly available through the State of Delaware, Division of Corporations at https://delecorp.delaware.gov/tin/GINameSearch.jsp.

8. In its Sale Order the Bankruptcy Court expressly retained jurisdiction "to interpret, implement and enforce [these] terms and provisions" and "to protect [FCA US] against any Claims." *See* Sale Order, p. 49 at ¶ 59. The Sale Order is a final order for which all appellate remedies have been exhausted. *See Indiana State Police Pension Trust v. Chrysler LLC*, 130 S.Ct. 1015 (2009); *In re Chrysler LLC*, 592 F.3d 370 (2d Cir. 2010); *In re Chrysler LLC*, 576 F.3d 108 (2d Cir. 2009). The estate of Old Carco continues to be administered in the United States Bankruptcy Court for the Southern District of New York.

B. **The Allegations, Claims, And Damages.**

9. Plaintiffs each own a model-year 2006 Jeep Grand Cherokee vehicle which was manufactured by Old Carco; the vehicles are equipped with a Quadra-Drive II system . *See* FAC, ¶¶ 9, 10.

10. Plaintiffs allege that the performance of motor vehicle Recall N23 on their vehicles, and other model-years 2005-2010 Jeep Grand Cherokee and model-years 2006-2010 Jeep Commander vehicles equipped with a Quadra-Drive II or Quadra-Trac II system, resulted in certain aspects of those systems becoming non-operational. *Id.* at ¶¶ 2-3.

11. According to Plaintiffs, Recall N23 consists of a software update to the Final Drive Control Module, which is an electrical component that governs the vehicles' four-wheel drive shifting functions. *Id.* at ¶¶ 23, 26; *Id.* at Exhibit 1. While Recall N23 remedies the potential for the affected vehicles to shift into neutral "without input from the driver" (*id.* at ¶ 23), it results in the disabling of "the four wheel drive low gear capability, four wheel lock capability, and transfer case neutral capability." *Id.* at ¶32. Plaintiffs assert that the practical effect of Recall N23 is to convert their "specially optioned and equipped four wheel drive low gear capability, and four wheel lock vehicles, into a lesser equipped static all-wheel drive vehicle." *Id.* at ¶ 35.

4
NOTICE OF REMOVAL

12. Plaintiffs assert claims for: (1) trespass to chattel; (2) conversion; (3) fraud; (4) fraudulent concealment; (5) negligent misrepresentation; (6) promissory estoppel; (7) violation of California's Unfair Competition Law (Business and Professions Code § 17200); (8) negligence; (9) strict products liability; (10) implied warranty of merchantability; and (11) declaratory relief. *Id.* at ¶¶ 70-231.

13. Plaintiffs purport to bring their claims on behalf of themselves and a nationwide class of persons defined as:

> "All persons in the United States who purchased, own, or sold at a loss, WK Model Vehicles,[3] which have been reprogrammed by Defendants['] N23 Recall."

*Id.* at ¶ 47.

14. Plaintiffs also seek to represent a "statewide class" of California consumers, defined as:

> "All persons in California who purchased, own, or sold at a loss, WK Model Vehicles, which have been reprogrammed by Defendants['] N23 Recall."

*Id.* at ¶ 48.

15. Plaintiffs claim that there are as many as 295,246 "potential members" in the class they have defined. *Id.* at 51.

16. For relief, Plaintiffs seek: (1) a declaration that the Subject Vehicles are defective and FCA US is financially responsible for notifying owners of the defect; (2) an order enjoining FCA US "from further deceptive distribution or

---

[3] Throughout the FAC, Plaintiffs use the term "WK Model Vehicles" to refer collectively to the specific model-year Jeep Grand Cherokee and Jeep Commander vehicles at issue. The actual "WK" classification, however, refers to the model designation code of the Jeep Grand Cherokee only. Plaintiffs' inclusion of the Jeep Commander within the "WK" coding is thus somewhat of a misnomer and, for that reason, unless quoting Plaintiffs' allegations directly, FCA US refers to the vehicles at issue simply as the "Subject Vehicles."

5
**NOTICE OF REMOVAL**

recall practices" and compelling FCA US to "permanently, expeditiously, and completely remedy the defects ... or refund the purchase price"; (3) Court supervision over "any recall program or remedial measure for these defects" and over "a program funded by [FCA US] under which claims can be made and ... recall-related out-of-pocket expenses and costs" can be paid for; (4) "actual, compensatory, and/or statutory damages"; (5) "punitive and exemplary damages"; (6) "attorneys' fees, costs, and pre-judgment and post-judgment interest"; and (7) "restitution and/or disgorgement of Defendant's ill-gotten gains." *Id.*, Prayer for Relief.

## II. GROUNDS FOR REMOVAL

**A.    This Court Has Jurisdiction Under 28 U.S.C. § 1332(d)(2) ("CAFA").**

17.    This Court has jurisdiction of this case under 28 U.S.C. § 1332(d)(2), commonly referred to as the Class Action Fairness Act ("CAFA").

18.    Pursuant to CAFA, when the number of putative class members exceeds 100, this Court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which ... any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

19.    Plaintiffs are citizens of the State of California. *See* FAC, ¶¶ 9, 10. FCA US is a citizen of the State of Delaware, under whose laws it was organized, and the State of Michigan, where it has its principal place of business. *Id.* at ¶ 11. Thus, the minimal diversity requirements of CAFA are satisfied.

20.    There are more than 100 members of the putative class. Indeed, Plaintiffs allege that the proposed class consists of 295,246 individuals. *Id.* at ¶¶ 4, 51; *see also id.* at Exhibit 1.

21. Based on the face of the FAC, it is clear that the amount in controversy far exceeds the sum or value of $5,000,000, exclusive of costs and interest. Plaintiffs allege that FCA US should "completely remedy the defects ... or refund the purchase price of these vehicles." *See* FAC, ¶ Prayer for Relief. With approximately 295,246 putative class members, the purchase price of the vehicles (or a "remedy" for them) would have to average just $17 per vehicle to satisfy the $5,000,000-in-controversy requirement (*i.e.*, $17 x 295,246 = $5,019,182). It is obvious that the purchase price of any vehicle far exceeds this amount. And, this does not even take into account the punitive damages and attorneys' fees Plaintiffs seek, or the cost of Plaintiffs' request that FCA US provide notification "of the defects present in the[] vehicles." *Id.* at Prayer for Relief.

**B.    This Court Has Jurisdiction Under 28 U.S.C. § 1334(b) ("Bankruptcy").**

22. Under the express wording of 28 U.S.C. § 1334(b), this Court has jurisdiction of all civil proceedings "arising in" and "related to" the case of *In re Old Carco LLC*. *See* 28 U.S.C. § 1334(b). This case both "arises in" and is "related to" the bankruptcy proceeding of Old Carco because the claims Plaintiffs plead are affected by, and necessitates an interpretation of, the Sale Order entered by the Bankruptcy Court.[4]

23. For two separate reasons, it is clear that Plaintiffs' claims depend on how the Bankruptcy Court's June 1, 2009 Sale Order is construed. *First*, Plaintiffs, who own vehicles that were manufactured by Old Carco, plead claims for trespass, conversion, fraud, and tort, as well as equitable claims. FCA US can be held liable for these claims only if the Sale Order entered by the Bankruptcy Court in *In re*

---

[4] The Bankruptcy Court expressly retained jurisdiction "to interpret, implement and enforce the terms and provisions" of its June 1, 2009 Sale Order "including to ... protect the Purchaser [FCA US] against any Claims." *See* Sale Order, ¶ 59. And, it "plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 129 S.Ct. 2195, 2205 (2009).

*Old Carco LLC* can be construed as FCA US having assumed these liabilities (it did not). *Second*, to the extent Plaintiffs' claims are based on FCA US's actions taken during the course of a recall being supervised by the NHTSA, the Sale Order contains a provision which shields FCA US from such liability. *See* Sale Order, p. 21 at ¶ EE.

24. The need for an interpretation of the Sale Order makes clear that this case is a "core proceeding" over which the Bankruptcy Court has jurisdiction as set forth in 28 U.S.C. § 157. A core proceeding is one involving "orders approving the sale of property." *See* 28 U.S.C. § 157(b)(2)(N). And, when the resolution of a controversy turns on an interpretation of a bankruptcy court's sale order the case falls within the ambit of that statute. *See, e.g., In re Millenium Sea Carriers, Inc.*, 458 F.3d 92, 95 (2d Cir. 2006). Indeed, the Bankruptcy Court has expressly found that civil cases like this, which are between third parties and which implicate interpretation of the Sale Order, are core proceedings. *See In re Old Carco LLC, Wolff v. Chrysler Group LLC*, Case No. 09-50002, Adv. Proc. No. 10-05007, p. 7 (S.D.N.Y. July 30, 2010) (attached hereto as Exhibit C) (holding that case was a "core proceeding" under the Bankruptcy Code because it was "ancillary to the Sale Order"); *Quesenberry v. Chrysler Group LLC*, 2012 WL 3109431, *4 (E.D.Ky. 2012) (finding matter was a core proceeding because of need to interpret Bankruptcy Court's Sale Order).

25. Because Plaintiffs' claims require, as a threshold matter, an interpretation of the Sale Order entered in the bankruptcy case of *In re Old Carco LLC*, this Court has jurisdiction under 28 U.S.C. § 1334(b).

### III. REMOVAL IS PROPER AND TIMELY

26. This Notice of Removal is filed within thirty days of April 5, 2016, the date on which FCA US was first served with a summons and the accompanying FAC. Thus, the Notice is timely filed.

27. FCA US will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, Orange County, and provide written notice of the removal to all counsel of record.

28. The United States District Court for the Central District of California, Southern Division, embraces the county and court in which Plaintiffs filed this case. 28 U.S.C. § 84(c). Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

Dated: April 22, 2016          **THOMPSON COBURN LLP**

By: /s/ Rowena Santos
Rowena Santos
Kathy A. Wisniewski
Stephen A. D'Aunoy
Scott H. Morgan

*Attorneys for FCA US LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2016, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

/s/ Rowena Santos

9
NOTICE OF REMOVAL