09-50002-mg    Doc 8492-33    Filed 09/13/16    Entered 09/15/16 10:48:20    34 main
Case 1:16-cv-00763-WHP    Document 24    Filed 09/27/16    Page 1 of 33
Pg 1 of 33

Rowena Santos CSB 210185
rsantos@thompsoncoburn.com
THOMPSON COBURN LLP
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

Kathy A. Wisniewski (*pro hac vice* to be filed)
kwisniewski@thompsoncoburn.com
Stephen A. D'Aunoy (*pro hac vice* to be filed)
sdaunoy@thompsoncoburn.com
Scott H. Morgan (*pro hac vice* to be filed)
smorgan@thompsoncoburn.com
THOMPSON COBURN LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101
Tel: 314.552.6000 / Fax: 314.552.7000

*Attorneys for Defendant FCA US LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| LYNN GRIMSTAD, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>        Defendant. | Case No. 8:16-cv-00763-JVS-E<br>———————————<br><br>**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**[CLASS ACTION]**<br><br>**DATE:** July 11, 2016<br>**TIME:** 1:30 p.m.<br>**JUDGE:** James V. Selna<br>**COURTROOM:** 10C |

09-50002-mg   Doc 8492-33   Filed 09/13/16   Entered 09/15/16 10:48:20   34 main
Case 1:16-cv-04123-WHF   Document 24   Filed 05/27/16   Page 2 of 33
Pg 2 of 33

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 11, 2016 at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 10C of the above-captioned court, located at 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, Defendant FCA US LLC will and hereby does move this Court for an order pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) dismissing the First Amended Class Action Complaint[1] filed by Plaintiffs Lynn Grimstad and Mara Manuel.

This motion is made, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Plaintiffs' claims are subject to dismissal for failure to state a claim entitling Plaintiffs to relief, and, pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that this Court lacks subject matter jurisdiction over the declaratory/injunctive relief claim set forth in Count XI.

This motion is based on this Notice of Motion, FCA US's Memorandum of Points and Authorities, Plaintiffs' First Amended Complaint which is attached hereto as Exhibit A, and on such other and further matters as may be presented to the Court at or prior to the hearing.

This motion is made following a conference with counsel pursuant to L.R. 7- 3, which took place on May 11, 2016.


Dated:  May 27 , 2016                 **THOMPSON COBURN LLP**


                                       By: */s/ Rowena Santos*
                                          Rowena Santos

                                          *Attorneys for Defendant FCA US LLC*

---

[1]If Plaintiffs filed any complaint prior to the "First Amended Class Action Complaint" FCA US was never served with it and has never had a copy of it.

09-50002-mg    Doc 8492-33    Filed 09/13/16    Entered 09/15/16 10:48:20    34 main
Case 1:16-cv-07123-WHF    Document 24    Filed 09/27/16    Page 3 of 33
Pg 3 of 33

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................1

II.   RELEVANT FACTS .............................................................................1

    A.    The Allegations Relating To Plaintiffs...........................................1

    B.    The Alleged "Defect". ....................................................................2

    C.    Plaintiffs' Allegations Regarding Recall N23 .................................3

    D.    Plaintiffs' Allegations About Customer Satisfaction
            Notification P73...............................................................................3

    E.    Plaintiffs' Claims And Proposed Classes .......................................4

    F.    Purported Damages And Relief Sought ...........................................5

III.  ARGUMENT ........................................................................................5

    A.    The Applicable Legal Standards......................................................5

    B.    The FAC Fails To Satisfy Basic Pleading Standards (All
            Counts)............................................................................................6

    C.    The Allegations Are Insufficient To Support Damages
            (All Counts) ....................................................................................8

    D.    The Affirmative Representations Are Privileged (All
            Counts)............................................................................................9

    E.    There Was No Fraud/Misrepresentation (Counts III, V,
            VI, VII, VIII) ...............................................................................11

    F.    The Bar Of The Economic Loss Doctrine (Counts I, II,
            V, VIII, IX) ..................................................................................11

    G.    Plaintiffs' Admissions Negate Their Conversion Claim
            (Count II) ......................................................................................13

    H.    No Facts Support A Duty To Disclose (Count IV) ...........................13

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg    Doc 8492-33    Filed 09/13/16    Entered 09/15/16 10:48:20    Ex 34 main
Case 1:16-cv-07123-WHP    Document 24    Filed 08/24/16    Page 4 of 33
Pg 4 of 33

I.    Adequate Remedies At Law Bar Equitable Remedies
      (Count VI) ..........................................................................................16

J.    No Facts Support An Unfair Or Deceptive Practice
      (Count VII) .........................................................................................16

K.    Strict Liability Does Not Apply To The Facts Pleaded
      (Count IX) ...........................................................................................18

L.    The Facts Do Not Support A Breach of Implied Warranty
      (Count X) ............................................................................................19

M.    The Declaratory Relief Sought Cannot Be Awarded
      (Count XI) ...........................................................................................21

CONCLUSION .................................................................................................24

ii

09-50002-mg    Doc 8492-33    Filed 09/13/16    Entered 09/15/16 10:48:20    24 main
Case 1:16-cv-04123-WHP    Document 24    Filed 05/27/16    Page 5 of 33
Pg 5 of 33

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Resolution Trust Corp.*, 927 F.2d 348 (8th Cir. 1991) .............................22

*Aguila v. General Motors LLC*, 2013 WL 3872502 (E.D.Cal. 2013).....................19

*Altman v. PNC Mort.*, 850 F.Supp.2d 1057 (E.D.Cal. 2012) ..................................17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...........................................................5, 6

*Avera v. Airline Pilots Ass'n Int'l*, 436 Fed.Appx. 969 (11th Cir. 2011) ...............23

*Baggett v. Hewlett-Packard Co.*, 2009 WL 3178066 (C.D.Cal. 2009) ...................12

*Barakezyan v. BMW of N. Am., LLC*, – F.Supp.3d –,
    2016 WL 2840803 (C.D.Cal. 2016)...............................................................9, 19

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) .........................................................5

*Briosos v. Wells Fargo Bank*, 737 F.Supp.2d 1018 (N.D.Cal. 2010) .....................17

*Casden Builders Inc. v. Entre Prises USA, Inc.*, 2010 WL 2889496
    (C.D.Cal. 2010) ...............................................................................................12

*Chin v. Chrysler Corp.*, 182 F.R.D. 448 (D.N.J. 1998) ...........................................22

*Cholakyan v. Mercedes-Benz USA, LLC*, 796 F.Supp.2d 1220
    (C.D.Cal. 2011) ...............................................................................................19

*Cornejo v. JPMorgan Chase Bank*, 2011 WL 6149246
    (C.D.Cal. 2011) ...............................................................................................17

*Ctr. for Auto Safety v. Dole*, 846 F.2d 1532 (D.C. Cir. 1988) ................................23

*Ferguson v. JPMorgan Chase Bank, N.A.*, 2014 WL 2118527
    (E.D.Cal. 2014) ..................................................................................................8

*Fields v. Wise Media, LLC*, 2013 WL 3187414 (N.D.Cal. 2013) .............................7

*Gaunce v. deVincentis*, 708 F.2d 1290 (7th Cir. 1983)...........................................23

FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

09-50002-mg    Doc 8492-33    Filed 09/13/16    Entered 09/15/16 10:48:20    34 main
Case 1:16-cv-07125-WHP    Document 24    Filed 09/27/16    Page 6 of 33
Pg 6 of 33

*GCIU-Employer Retirement Fund v. Quad/Graphics, Inc.*,
   2016 WL 1118208 (C.D.Cal. 2016)..........................................................6

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 352 F.3d 367
   (9th Cir. 2003)..............................................................................16

*Gray v. Toyota Motor Sales, U.S.A.*, 2012 WL 313703
   (C.D.Cal. 2012)..............................................................................16

*Grodzitsky v. American Honda Motor Co., Inc.*, 2013 WL 690822
   (C.D. Cal. 2013)..............................................................................15

*Hagberg v. Cal. Fed. Bank FSB*, 32 Cal.4th 350 (2004) ...........................10

*Henderlong v. Southern Cal. Regional Rail Auth.*, 2014 WL 4667087
   (C.D.Cal. 2014)..............................................................................16

*Hernandezcueva v. E.F. Brady Co., Inc.*, 243 Cal.App.4th 249 (2015) .................19

*Herremans v. BMW of North America, LLC*, 2014 WL 5017843
   (C.D.Cal. 2014)..............................................................................15

*Hoey v. Sony Elec., Inc.* 515 F.Supp.2d 1099 (N.D.Cal. 2007) ...........................14

*In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*,
   932 F.Supp.2d 1095 (C.D.Cal. 2013) ................................................14

*In re Dow Corning Corp.*, 220 Fed.Appx. 457 (9th Cir. 2007) ...........................19

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) .........................7

*Ladore v. Sony Comp. Enter. Am., LLC*, 75 F.Supp.3d 1065
   (N.D.Cal. 2014)..........................................................................11, 12

*Layton v. Ocwen Loan Servicing, LLC*, 2015 WL 4512015
   (C.D.Cal. 2015)..........................................................................23, 24

*Lenhoff Enterprises, Inc. v. United Talent Agency, Inc.*,
   2015 WL 700815 (C.D.Cal. 2015)...................................................24

*MacDonald v. Ford Motor Co.*, 37 F.Supp.3d 1087 (N.D.Cal. 2014)...................21

*Marcus v. Apple Inc.*, 2015 WL 1743381 (N.D.Cal. 2015)...................................15

*McVicar v. Goodman Global, Inc.*, 1 F.Supp.3d 1044 (C.D.Cal. 2014) .................21

iv

09-50002-mg   Doc 8492-33   Filed 09/13/16   Entered 09/15/16 10:48:20   34 main
Pg 7 of 33
Case 1:16-cv-07123-WHP   Document 24   Filed 09/27/16   Page 7 of 33

*Murray v. Laborers Union Local No. 324*, 55 F.3d 1445
    (9th Cir. 1995) ............................................................................13

*Nada Pacific Corp. v. Power Eng'g and Mfg., Ltd.*, 73 F.Supp.3d 1206
    (N.D.Cal. 2014) ..........................................................................12

*National Union Fire Ins. Co. of Pittsburg, PA v. Resources
    Development Services, Inc.*, 2010 WL 4774929 (N.D.Cal. 2010).......................7

*Oling v. Air Line Pilots Ass'n*, 346 F.2d 270 (7th Cir. 1965) .................................22

*Opperman v. Path, Inc.*, 87 F.Supp.3d 1018 (N.D.Cal. 2014)................................12

*Oregon Public Employees Retirement Fund v. Apollo Group Inc.*,
    774 F.3d 598 (9th Cir. 2014)........................................................7

*Rockridge Trust v. Wells Fargo, N.A.*, 985 F.Supp.2d 1110 (N.D.Cal. 2013) ..........7

*Shahata v. W Steak Waikiki, LLC*, 494 Fed.Appx. 729 (9th Cir. 2012)..................16

*Sharma v. BMW of N. Am., LLC*, 2014 WL 2795512 (N.D.Cal. 2014)..................12

*Smith v. Ford Motor Co.*, 749 F.Supp.2d 980 (N.D.Cal. 2010)................................8

*Snyder Computer Sys., Inc. v. U.S. Dep't of Transp.*, 13 F.Supp.3d 848
    (S.D. Ohio 2014) ........................................................................22

*Spates v. Dameron Hosp. Ass'n.*, 114 Cal.App.4th 208 (2003).............................13

*Steinhart v. Barkela*, 2012 WL 2050374 (N.D.Cal. 2012) ...................................10

*Suzuki Motor Corp. v. Superior Court*, 44 Cal.Rptr.2d 526
    (Cal.Ct.App. 1995)...................................................................19

*Swanson v. U.S.*, 2012 WL 1611065 (S.D.Cal. 2012) ............................................8

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F.Supp.2d 962
    (C.D.Cal. 2014) ......................................................................9, 19

*Taragan v. Nissan N. Am., Inc.*, 2013 WL 3157918 (N.D.Cal. 2013)...13, 16, 17, 20

*Taylor v. Colvin*, 2015 WL 10662659 (C.D.Cal. 2015)...........................................6

*UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*,
    117 F.Supp.3d 1092 (C.D.Cal. 2015) ............................................8, 9

09-50002-mg    Doc 8492-33    Filed 09/13/16    Entered 09/15/16 10:48:20    34 main
Case 1:16-cv-07123-WHP    Document 24    Filed 08/27/16    Page 8 of 33
Pg 8 of 33

*Verliant Energy, Inc. v. Barry*, 2014 WL 4979178 (N.D.Cal. 2014) ......................14

*Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097 (9th Cir. 2003) ..............................7

*Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136 (9th Cir. 2012)............................15

**Statutes and Constitutional Provisions**

5 U.S.C. § 701 *et seq.*..................................................................................................22

5 U.S.C. § 706 ..............................................................................................................23

49 U.S.C. §§ 30118(b), 30162(a)(2) ...........................................................................23

49 U.S.C. § 30120(e).....................................................................................................22

Administrative Procedure Act ..............................................................................22, 23

Cal. Civ. Code §47(b) ...................................................................................................10

Cal. Comm. Code §2314 .........................................................................................19, 21

Cal. Comm. Code §2725(1) ..........................................................................................21

Cal. Comm. Code §2725(2) ..........................................................................................21

National Traffic and Motor Vehicle Safety Act..........................................................10

**Rules**

Federal Rule of Civil Procedure 8(a) .......................................................................6, 7

Federal Rule of Civil Procedure 9(b) ...........................................................................7

Federal Rule of Civil Procedure 12(b) .....................................................................5, 6

**Other Authorities**

49 C.F.R. § 573.6 ..........................................................................................................11

49 C.F.R. § 577.5 .....................................................................................................10, 11

49 C.F.R. § 577.7 .....................................................................................................10, 11

NHTSA Recall Remedy Order.....................................................................................22

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg   Doc 8492-33   Filed 09/13/16   Entered 09/15/16 10:48:30   34 main
Case 1:16-cv-07123-WHP   Document 24   Filed 09/27/16   Page 9 of 33
Pg 9 of 33

# I.  INTRODUCTION

This is a nationwide class action in which Plaintiffs Lynn Grimstad and Mara Manuel seek damages and other relief on behalf of owners of certain model-years Jeep Grand Cherokee and Jeep Commander vehicles equipped with a Quadra-Drive II or Quadra-Trac II four-wheel-drive system.  Defendant FCA US LLC is not the manufacturer of these vehicles; however, pursuant to a bankruptcy court order governing its purchase of assets from the vehicle manufacturer, it provided a fix under Safety Recall N23 for a defect which allowed the ***transfer case*** in the vehicles to inadvertently shift into a neutral position.[2] Plaintiffs do not allege that Recall N23 failed to resolve the transfer case neutral issue; however, they allege that the software used to accomplish the fix prevents a driver from shifting the four-wheel-drive system into low and neutral modes. Plaintiffs contend that they have suffered damages from the loss of use of these modes and from the resulting diminution in the value of their vehicles.

Even if the facts alleged by Plaintiffs were accurate (which they are not), their claims would still fail for a host of reasons.  Accordingly, for the reasons set forth herein, the First Amended Class Action Complaint ("FAC") should be dismissed.

## II. RELEVANT FACTS

## A.    The Allegations Relating To Plaintiffs.

The allegations relating to Plaintiffs' own vehicle experiences are minimal. Plaintiff Grimstad is resident of California. FAC, ¶ 9.  At some unidentified time and in some unidentified place, she purchased a model-year 2006 Jeep Grand Cherokee vehicle equipped with a Quadra-Drive II four-wheel-drive system "which had a four-wheel-drive low gear capable, four-wheel lock capable [ ], and neutral

---

[2]The referenced "neutral" gear was for the ***transfer case***, not the transmission "neutral" that might normally be envisioned.  The transfer case "neutral" only comes into play when the 4-wheel drive option is engaged.

09-50002-smg   Doc 8492-33   Filed 09/13/16   Entered 09/15/16 10:48:20   main
Case 3:16-cv-04125-WHP   Document 24   Filed 09/27/16   Page 10 of 33
Pg 10 of 33

1   shift capable transfer case." *Id.* Plaintiff Manuel is a resident of California. *Id.* at

2   ¶ 10. At some unidentified time and in some unidentified place, she purchased a

3   model-year 2006 Jeep Grand Cherokee vehicle equipped with a Quadra-Drive II

4   four-wheel-drive system "which had a four-wheel-drive low gear capable, four-

5   wheel lock capable [ ], and neutral shift capable transfer case." *Id.* Plaintiffs do

6   not plead that their vehicles have been subjected to Recall N23. Nor do they plead

7   that their vehicles have ever performed in any way other than exactly how they

8   were designed to perform. *See, generally,* FAC.

9   **B.    The Alleged "Defect".**

10   Plaintiffs allege that their vehicles, and others like them, have a defect in the

11   "Final Drive Control Module" ("FDCM") which "originates from a hardware

12   defect in the FDCM, whereby the circuit board will suffer from a stress fracture."[3]

13   *Id.* at ¶¶ 20-21. According to Plaintiffs, for purposes of Recall N23, "[r]ather than

14   replace the affected hardware in the FDCM, or replace the FDCM model itself with

15   a revised model, [FCA US] opted for a relatively inexpensive option, and it

16   designed, developed, and implemented a software update to upload to the existing,

17   fracture prone, FDCMs." *Id.* at ¶¶ 25-26. The uploading of this software

18   purportedly "disabled" the FDCM which correspondingly "disabled the four-

19   wheel-drive low gear capability, four-wheel-drive lock capability, and transfer case

20   neutral capability" in their vehicles. *Id.* at ¶¶ 27-32.

21   Plaintiffs do not allege that this purported "defect" has prevented them from

22   using their vehicles, changed the manner in which they use their vehicles, or that

23   they personally have experienced any loss of any vehicle function. *See, generally,*

24   FAC.

25   _____

26   [3]The FDCM is the electronic component that handles the electrical impulses
    that signal the driver has shifted between the four-wheel-drive high, low and

27   neutral mode positions. The physical mechanics of a shift from one four-wheel-
    drive mode position to another occurs in the transfer case. Simply put, the FDCM

28   acts as an electronic "brain" that tells the transfer case what to do.

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

C. **Plaintiffs' Allegations Regarding Recall N23.**

Plaintiffs attach to the FAC the notice sent to vehicle owners announcing Recall N23. *See* FAC at Exhibit 2. That Recall notice provides:

> "[FCA US] has decided that a defect, which relates to motor vehicle
> safety, exists in some 2005 through 2010 model year Jeep® Grand
> Cherokee and 2006 through 2010 model year Commander vehicles
> equipped with Quadra-Drive II or Quadra-Trac II four-wheel-drive
> system. The Final Drive Controller Module (FDCM) software on
> your vehicle (VIN: xxxxx) may unintentionally cause the transfer case
> to shift into the neutral position without input from the driver. This
> condition could allow the vehicle to roll away inadvertently while the
> vehicle is parked and cause a crash without warning. [FCA US] will
> repair your vehicle free of charge (parts and labor). To do this, your
> dealer will reprogram the Final Drive Controller Module …"

*Id.* (parenthetical information in original; emphasis and internal formatting omitted). Plaintiffs allege that the representation in the notice that FCA US "will repair your vehicle" is false. *See, e.g.,* FAC, ¶¶33, 96-98, 139, 148, 157, 183.

Plaintiffs do not allege if or when they received the Recall notice. *See, generally,* FAC. They do not allege that Recall N23 failed to correct the inadvertent transfer case shift to neutral. *Id.*

D. **Plaintiffs' Allegations About Customer Satisfaction Notification P73.**

Subsequent to Recall N23, FCA US issued Customer Satisfaction Notification P73 ("CSN P73"), which provides:

> We are recommending the following improvements be performed on
> certain 2005 through 2010 model year Jeep® Grand Cherokee and
> 2006 through 2010 model year Jeep® Commander vehicles equipped
> with a Quadra-Trac II Full Time Active 4WD transfer case. The Final

3

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

1  Drive Controller Module (FDCM) software on your vehicle may

2  cause the 'Service 4WD' light to come on and an inability to switch

3  [to]4WD mode when trying to shift out of the current selected mode.

4  FCA will service your vehicle free of charge (parts and labor).  To do

5  this, your dealer will reprogram the Final Drive Controller Module

6  (FDCM) with new software …"

7  *See* FAC at Exhibit 3 (parenthetical information in original; emphasis and internal

8  formatting omitted).  Plaintiffs do not allege that their vehicles were serviced

9  pursuant to CSN P73.  *See, generally,* FAC.

10  **E.    Plaintiffs' Claims And Proposed Classes.**

11  Plaintiffs plead eleven claims for relief:  trespass to chattel (Count I);

12  conversion (Count II); fraud (Count III); fraudulent concealment (Count IV);

13  negligent misrepresentation (Count V); promissory estoppel (Count VI); violation

14  of the California Business and Professions Code § 17200, *et seq.* ("UCL")

15  (Count VII); negligence (Count VIII); strict products liability (Count IX); breach of

16  implied warranty (Count X); and declaratory relief (Count XI).  FAC, ¶¶ 70-231.

17  Plaintiffs purport to bring their claims on behalf of a nationwide class and a

18  California subclass, but in the FAC they do not differentiate between these classes

19  with respect to the eleven different claims that they plead.  *Id.*  In other words, it

20  appears that, despite defining two different classes, Plaintiffs are bringing all

21  claims as nationwide claims.  *Id.*  Subject to an exclusion of those affiliated with

22  FCA US, Plaintiffs define the classes as:

23  "All persons in the [United States][California] who purchased, own, or

24  sold at a loss, WK Model Vehicles, which have been reprogrammed

25  by Defendants N23 Recall."

26  *Id.* at ¶¶ 47-50.[4]

27  ───────────────────────
[4]Presumably, Plaintiffs' reference to "WK Model Vehicles" is intended to

28  encompass model-years 2005-10 Jeep Grand Cherokees vehicles and model-years

4

09-50002-mg   Doc 8492-33   Filed 09/13/16   Entered 09/15/16 10:48:20   24 main
Case 3:16-cv-04125-WHP   Document 24   Filed 09/27/16   Page 13 of 33
Pg 13 of 33

## F.   <u>Purported Damages And Relief Sought</u>

Plaintiffs repeatedly plead that they have suffered "diminution in value" damages because they have been "deprived of the use of": "the low gear function of their transfer cases"; "the four-wheel-drive lock capability"; and "the transfer case neutral shift and features." *See, e.g.,* FAC, ¶¶ 82-88, 115-119, 154-155, 191. Plaintiffs seek:  (1) a declaration that the vehicles at issue are defective and that FCA US is financially responsible for notifying owners of the defect; (2) an order enjoining FCA US "from further deceptive distribution or recall practices" and compelling it to "permanently, expeditiously, and completely remedy the defects ... or refund the purchase price"; (3) Court supervision over "any recall program or remedial measure for these defects" and over "a program funded by [FCA US] under which claims can be made and ... recall-related out-of-pocket expenses and costs" can be paid for; (4) "actual, compensatory, and/or statutory damages"; (5) "punitive and exemplary damages"; (6)"attorneys' fees, costs, and pre-judgment and post-judgment interest"; and (7) "restitution and/or disgorgement of Defendant's ill-gotten gains." *Id.*, Prayer for Relief.

## III.   ARGUMENT

## A.   <u>The Applicable Legal Standards.</u>

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

---

2006-10 Jeep Commander vehicles equipped with Quadra-Drive II or Quadra-Trac II four-wheel-drive systems. *See* FAC, ¶ 3.

09-50002-smg   Doc 8492-33   Filed 09/13/16   Entered 09/15/16 10:48:20   main
Pg 14 of 33
Case 2:16-cv-07125-WHP   Document 24   Filed 09/27/16   Page 14 of 33

555 (citation omitted).  A court should not accept as true conclusory legal
allegations.  *Iqbal*, 566 U.S. at 678.

"A motion to dismiss under FRCP Rule 12(b)(1) challenges the court's
subject matter jurisdiction."  *Taylor v. Colvin*, 2015 WL 10662659, *2 (C.D.Cal.
2015).  It is the plaintiff who bears the burden to prove that jurisdiction exists.  *Id.*

## B.   The FAC Fails To Satisfy Basic Pleading Standards (All Counts).

Federal Rule of Civil Procedure 8(a) sets forth the basic standard for
pleading a claim, and although it requires only a "short and plain statement," that
statement must "give the defendant fair notice of the factual basis" underlying the
claims set forth.  *GCIU-Employer Retirement Fund v. Quad/Graphics, Inc.*, 2016
WL 1118208, *5 (C.D.Cal. 2016) (*quoting Skaff v. Meridien N. Am. Beverly Hills,
LLC*, 506 F.3d 832, 841 (9th Cir. 2007)).

Plaintiffs' claims here fail to meet the very basic pleading standard set forth
in Rule 8(a).  This is a vehicle defect case.  Plaintiffs each allege that they
purchased a "2006 Jeep Grand Cherokee" (FAC, ¶¶ 9-10), but they provide no
other facts, whatsoever, about their purchases or about their vehicle experiences.
By way of example only, Plaintiffs plead no facts as to when or where they
purchased their vehicles.  Although their claims purportedly arise out of a recall
remedy, they do not plead that their vehicles were actually subjected to that recall
remedy, let alone when and where it was done.  They claim that the recall remedy
results in a loss of several vehicle functions, but they do not say when and where
their vehicles displayed such a loss of functions.  The pleading of these facts is not
a mere formality, but, rather, is necessary to give FCA US "fair notice" of what
Plaintiffs' claims are about. This is particularly true here where FCA US can find
no records indicating that Plaintiff Grimstad ever owned a Jeep Grand Cherokee
vehicle, and the very minimal records it has been able to locate for Plaintiff Manuel
show no signs of her vehicle ever losing any function.

09-50002-mg Doc 8492-33 Filed 09/13/16 Entered 09/15/16 10:48:20 24 main
Pg 15 of 33
Case 3:16-cv-04253-WHF Document 24 Filed 09/27/16 Page 15 of 33

Obviously, because Plaintiffs have failed to meet the relatively lenient pleading standard of Rule 8(a), they have not met the more stringent pleading standard of Rule 9(b) which governs every claim grounded in fraud regardless of its label. Under Rule 9(b), "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation and internal quotation marks omitted). Here, Rule 9(b) applies to Plaintiffs' trespass, conversion, fraud, fraudulent concealment, negligent misrepresentation, promissory estoppel, UCL, and negligence claims because they are all grounded in the same alleged fraudulent acts. *See, e.g., Oregon Public Employees Retirement Fund v. Apollo Group Inc.*, 774 F.3d 598, 605 (9th Cir. 2014) (all common law fraud) *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (UCL); *Rockridge Trust v. Wells Fargo, N.A.*, 985 F.Supp.2d 1110, 1163 (N.D.Cal. 2013) (negligent misrepresentation); *Fields v. Wise Media, LLC*, 2013 WL 3187414, *3 (N.D.Cal. 2013) (conversion, negligence); *National Union Fire Ins. Co. of Pittsburg, PA v. Resources Development Services, Inc.*, 2010 WL 4774929, *6 (N.D.Cal. 2010) (trespass).

The FAC does not come close to meeting the pleading requirements of Rule 9(b). For example, Plaintiffs base their claims on the notion that they were told that their vehicles would be repaired, but there was no repair. While Plaintiffs identify where such a generalized representation was made, they do not say they, personally, were recipients of it let alone where and when they received it. Similarly, Plaintiffs allege that FCA US's "agents and service technicians" made statements about the recall remedy and its effects (*see* FAC, ¶ 103), but they do not state when or where the statements were made, who made them, how the statements were conveyed to them, or even that they actually heard any of these statements.

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg   Doc 8492-33   Filed 09/13/16   Entered 09/15/16 10:48:20   24 main
Case 3:16-cv-07255-WHP   Document 24   Filed 09/27/16   Page 16 of 33
Pg 16 of 33

Moreover, to the extent Plaintiffs base their claims on the purported "concealment" of facts, they have failed to identify the information that was purportedly withheld from them, and the names of the persons who withheld it. Likewise, they have failed to set forth facts sufficient to support the notion that they would have seen or heard the information if FCA US had revealed it. These pleading failures require dismissal. *See, e.g., UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*, 117 F.Supp.3d 1092, 1108 (C.D.Cal. 2015) ("Where fraud has allegedly been perpetrated by a corporation, moreover, plaintiffs must allege the names of the employees or agents who purportedly made the fraudulent representations or omissions, or at a minimum identify them by their titles and/or job responsibilities").

The FAC does not contain the very basic facts required to inform FCA US of the circumstances giving rise to Plaintiffs' personal claims. It should be dismissed.

## C.   The Allegations Are Insufficient To Support Damages (All Counts).

The existence of injury/damages is a mandatory element of every claim that Plaintiffs plead.[5] Plaintiffs offer conclusory averments of having sustained injury/damages based on a diminution in value resulting from the loss of use of certain vehicle functions (*e.g.,* four-wheel-drive neutral and low gears). *See, e.g.,* FAC, ¶¶ 82-86, 115-119, 154-155, 191. But, these conclusory allegations are not supported by ***facts***. Indeed, Plaintiffs do not even allege that their vehicles have been subjected to the remedy provided for by Recall N23 (let alone when and where it was performed on their vehicles), even though the FAC makes clear that the purported loss of functions resulting in diminution in value could only happen if that remedy was performed. *See, generally,* FAC. Nor is there a single

---

[5]*See, e.g., Swanson v. U.S.*, 2012 WL 1611065, *5 (S.D.Cal. 2012) (trespass, conversion, negligence); *Smith v. Ford Motor Co.*, 749 F.Supp.2d 980, 993 (N.D.Cal. 2010) (fraud); *Ferguson v. JPMorgan Chase Bank, N.A.*, 2014 WL 2118527, *11 (E.D.Cal. 2014) (promissory estoppel).

allegation in the FAC that the vehicles owned by Plaintiffs have actually lost any vehicle function on any occasion. *Id.* In other words, there simply are no substantiating allegations of fact supporting any injury/damages. In this District, "[i]n cases such as this one, where the alleged wrong seems to stem from an assertion of insufficient performance, a plaintiff must allege 'something more' than mere 'diminished value' to support a claim." *Barakezyan v. BMW of N. Am., LLC*, – F.Supp.3d –, 2016 WL 2840803 (C.D.Cal. 2016); *see also Tae Hee Lee*, 992 F.Supp.2d at 973 (plaintiffs' allegations that their vehicles "diminished in value when the ineffectiveness of the [pre-collision system] was exposed" were "conclusory" and "insufficient" where they "[did] not claim ... that they sold or traded-in their vehicles at a loss[] or any other facts that plausibly demonstrate any diminished value in their vehicles").

Here, because Plaintiffs' damage/injury allegations are wholly conclusory, the FAC should be dismissed.

**D.      The Affirmative Representations Are Privileged (All Counts).**

Plaintiffs' claims are either based directly on, or are otherwise contingent on, the notion that FCA US falsely represented to them that it would "repair [their] vehicles free of charge." *See* FAC, ¶¶ 33, 96-98, 139, 147-50, 157, 183. Indeed, Plaintiffs plead this as a general allegation and then incorporate it into each and every Count in the FAC. *See id.* at ¶¶ 33, 70, 91, 94, 122, 138, 146, 156, 181, 195, 204, 225. Furthermore, Plaintiffs' fraud claim is expressly and directly dependent on this statement, and in the context of some of their other claims Plaintiffs expressly reference this representation as forming the basis for some element of the claim set forth. *See id.* at ¶¶ 96-98 (fraud), 139 (negligent misrepresentation), 147-50 (promissory estoppel), 157 (UCL), 183 (negligence).

As the source for the representation that their vehicles would be repaired free of charge Plaintiffs cite to Exhibit 2 of the FAC (and nothing else). *Id.* The

1  Exhibit cited is the federally mandated "SAFETY RECALL N23/NHTSA 13V-

2  175" notice to consumers which expressly indicates that it is sent "in accordance

3  with the requirements of the National Traffic and Motor Vehicle Safety Act." *See*

4  *id.* at ¶¶ 33, 96-98, 139, 147-50, 157, 183; *see also id.* at Exhibit 2.  And, it is

5  indisputable that such notice to consumers, and the precise content of it, is

6  mandated and governed by federal law and must be submitted to the National

7  Highway Traffic Safety Administration ("NHTSA") in proposed final form before

8  being distributed to consumers.  *See* 49 C.F.R. § 577.5; 49 C.F.R. § 577.7.

9  Because of this, these representations are privileged and thus cannot be used as the

10  basis for a legal claim.  *See* Cal. Civ. Code §47(b).

11      Under California law, publications and other communications made in

12  conjunction with a legislative proceeding, judicial proceeding, or other official

13  proceeding authorized by law are protected by an "absolute" privilege and civil

14  actions based on them are barred.  Cal. Civ. Code §47(b); *Steinhart v. Barkela*,

15  2012 WL 2050374, *9 (N.D.Cal. 2012); *Hagberg v. Cal. Fed. Bank FSB*, 32

16  Cal.4th 350, 360 (2004).  And, notably, the California Supreme Court has held that

17  the privilege applies in the context of agency proceedings.  *Hagberg,* 32 Cal.4th at

18  361-63.  This absolute privilege "is not limited to statements made in a courtroom,"

19  but extends to "any publication required or permitted by law in the course of a

20  judicial proceeding to achieve the objects of the litigation, even though the

21  publication is made outside the courtroom."  *Hagberg,* 32 Cal.4th at 361 (citation

22  omitted).

23      Plaintiffs' claims are barred to the extent they expressly rest upon, or are

24  contingent on, statements made by FCA US in the notice provided to consumers

25  labeled "SAFETY RECALL N23/NHTSA 13V-175" because that notice and its

26  contents were mandated by federal law, and are part and parcel of an agency recall

27  proceeding conducted under the supervision of the NHTSA.  Regulations required

28

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg    Doc 8492-33    Filed 09/13/16    Entered 09/15/16 19:48:20    24 main
Case 3:16-cv-07253-WHF    Document 24    Filed 09/27/16    Page 19 of 33
Pg 19 of 33

1  FCA US to, among other things:  report the purported defect to the NHTSA (49

2  C.F.R. § 573.6); submit a copy of its proposed consumer notice of the recall to the

3  NHTSA prior to disseminating it (49 C.F.R. § 577.5; 49 C.F.R. § 577.7); and

4  include specific information and language in the consumer notice (*id.*).

5       The FAC must be dismissed because each and every claim pleaded

6  references and relies on statements that are absolutely privileged.

7  **E.    There Was No Fraud/Misrepresentation (Counts III, V, VI, VII, VIII).**

8       Plaintiffs' affirmative fraud and negligence claims are based on the notion

9  that FCA US falsely told them that their vehicles would be "repaired" under

10 Recall N23.  *See* FAC, ¶¶ 33, 96-98, 139, 147-49, 157-60, 183.  But, all that

11 FCA US is alleged to have promised is to "repair" the FDCM software on

12 Plaintiffs' vehicles so that those vehicles would no longer unintentionally

13 experience a transfer shift into neutral.  *Id.*; *see also id.* at Exhibit 2.  And,

14 Plaintiffs do not (and cannot) allege that Recall N23 did not actually "repair" the

15 inadvertent transfer case shift into neutral.  Put simply, even giving Plaintiffs the

16 benefit of every doubt, ***the allegations in the FAC do not establish that any***

17 ***affirmative representation made by FCA US was actually false***.  Hence, Plaintiffs'

18 fraud (Count III), negligent misrepresentation (Count V), promissory estoppel

19 (Count VI), UCL (Count VII), and negligence (Count VIII) claims should be

20 dismissed.

21 **F.    The Bar Of The Economic Loss Doctrine (Counts I, II, V, VIII, IX).**

22      The economic loss doctrine "requires a purchaser to recover in contract for

23 purely economic loss due to disappointed expectations, unless he can demonstrate

24 harm above and beyond a broken contractual promise," and, accordingly, "the

25 economic loss rule has been applied to bar a plaintiff's tort recovery of economic

26 damages unless such damages are accompanied by some form ***of physical harm***

27 (*i.e.*, personal injury or property damage)."  *Ladore v. Sony Comp. Enter. Am.,*

28

09-50002-mg   Doc 8492-33   Filed 09/13/16   Entered 09/15/16 10:48:20   Ex 24 main
Case 3:16-cv-01253-WHR   Document 24   Filed 09/27/16   Page 20 of 33
Pg 20 of 33

*LLC*, 75 F.Supp.3d 1065, 1075 (N.D.Cal. 2014) (internal quotations and citations omitted); *see also Casden Builders Inc. v. Entre Prises USA, Inc.*, 2010 WL 2889496, *5 (C.D.Cal. 2010) ("economic loss doctrine prohibits recovery in tort of damages against manufacturers for purely economic loss").

Plaintiffs do not allege any physical harm. The damages they claim are associated with purported diminution in value and loss of certain vehicle functions. *See, e.g.,* FAC, ¶¶ 82-83, 85-86, 88-89, 93, 115-119, 154-155 (alleging diminution in value and loss of use damages). These are clearly economic damages. *See, e.g., Nada Pacific Corp. v. Power Eng'g and Mfg., Ltd.*, 73 F.Supp.3d 1206, 1222 (N.D.Cal. 2014) (damages arising from "diminution in value" and "loss of use" constitute economic loss); *Casden Builders*, 2010 WL 2889496 at *5 ("examples of unrecoverable economic loss are: depreciation in the value of property caused by a defective product [and] loss of use").

Because Plaintiffs seek only economic damages, their tort claims set forth in Counts I (trespass to chattel), II (conversion), V (negligent misrepresentation), VIII (negligence), and IX (strict products liability) must be dismissed. *See, e.g., Baggett v. Hewlett-Packard Co.*, 2009 WL 3178066, **2-3 (C.D.Cal. 2009) (applying economic loss doctrine to claims for **trespass to chattels** and **conversion** where the "[p]laintiff [did] not allege that he suffered any personal injury or damage to a product other than the toner cartridge itself"); *Ladore*, 75 F.Supp.3d at 1076 (economic loss doctrine barred **negligent misrepresentation** claim "because Ladore has alleged no non-economic losses"); *Sharma v. BMW of N. Am., LLC*, 2014 WL 2795512, *6 (N.D.Cal. 2014) (**negligence** claim barred where plaintiffs failed to allege that they incurred "any physical injury or damage to property other than to their vehicles"); *Opperman v. Path, Inc.*, 87 F.Supp.3d 1018, 1055 (N.D.Cal. 2014) (dismissing **strict liability** and **negligence** claims under economic loss rule because "[p]urely economic damages to a plaintiff which stem from disappointed

12

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg   Doc 8492-33   Filed 09/13/16   Entered 09/15/16 19:48:20   main
Pg 21 of 33
Case 3:16-cv-07125-WHP   Document 24   Filed 09/27/16   Page 21 of 24

1  expectations from a commercial transaction must be addressed through contract

2  law").

3  **G.**  **Plaintiffs' Admissions Negate Their Conversion Claim (Count II).**

4  "By definition, conversion involves the 'unauthorized assumption and

5  exercise of the right of ownership over goods or personal chattels belonging to

6  another.'" *Murray v. Laborers Union Local No. 324*, 55 F.3d 1445, 1455 (9th Cir.

7  1995) (*quoting* Black's Law Dictionary 300 (5th ed. 1979)) (emphasis omitted).

8  Thus, to state a legally viable conversion claim, a plaintiff must plead:  "the

9  plaintiff's ownership or right to possession of the property at the time of the

10 conversion; the defendant's conversion by a wrongful act or disposition of property

11 rights; and damages." *Spates v. Dameron Hosp. Ass'n.*, 114 Cal.App.4th 208, 221

12 (2003) (citation omitted).

13 The FAC is devoid of any allegation that FCA US ever exercised a right of

14 ownership over Plaintiffs' vehicles, or ever had an unauthorized possession of

15 them.  In fact, Plaintiffs acknowledge that FCA US's exercise of possession of their

16 vehicles would have been only with their consent. *See* FAC, ¶ 78.  Because

17 Plaintiffs do not plead, and in good faith cannot plead, that FCA US ever exercised

18 any ownership of, or that it had any unauthorized possession of, their vehicles,

19 Count II should be dismissed.

20 **H.**  **No Facts Support A Duty To Disclose (Count IV).**

21 In Count IV, Plaintiffs allege that FCA US "concealed the detrimental

22 impact" that Recall N23 would have "on the functionality and safety" of the subject

23 vehicles. *See* FAC, ¶ 126.  It is axiomatic that to plead a claim for fraudulent

24 concealment, a plaintiff must set forth facts supporting the notion that the

25 defendant had a duty to disclose the allegedly withheld information. *See, e.g.,*

26 *Taragan v. Nissan N. Am., Inc.*, 2013 WL 3157918, *5 (N.D.Cal. 2013).  Here,

27 Plaintiffs plead three purported bases for FCA US's duty to disclose:  a fiduciary

28

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

1   relationship; "exclusive knowledge" that the FDCM would be disabled once the

2   recall remedy was installed; and "active concealment" of the "disabling nature of

3   the N23 Recall software." *See* FAC, ¶¶ 123, 129.  However, no pleaded ***facts***

4   support any of these conclusory averments.

5        *First*, Plaintiffs aver that they had a fiduciary relationship with FCA US

6   because of some unidentified "sale, sale of parts, and service" for the subject

7   vehicles.  *Id.* at ¶ 123.  But, Plaintiffs do not aver, and cannot aver, that they

8   ***purchased*** anything from FCA US remotely related to the claims they plead.

9   FCA US did not even exist when Plaintiffs' vehicles were built and sold.  And,

10  there is not a single allegation that Plaintiffs "purchased" anything from FCA US at

11  any time.  They do not even plead that they had the recall remedy performed on

12  their vehicle, and, even if they had, this would not have been a "purchase" but a

13  free repair.

14       In any event, even ***if*** Plaintiffs had actually alleged that they purchased

15  something from FCA US, this buyer-seller relationship would not create a fiduciary

16  relationship.  *See, e.g., Verliant Energy, Inc. v. Barry*, 2014 WL 4979178, *2

17  (N.D.Cal. 2014) (listing relationship between a "seller and buyer" as an example of

18  a non-fiduciary relationship"); *In re Countrywide Fin. Corp. Mortgage-Backed*

19  *Sec. Litig.*, 932 F.Supp.2d 1095, 1117 (C.D.Cal. 2013) (noting that an arms-length

20  commercial transaction is not usually the predicate for a "special relationship");

21  *Hoey v. Sony Elec., Inc.* 515 F.Supp.2d 1099, 1105 (N.D.Cal. 2007) (noting that the

22  mere sale of a product does not create a duty to disclose and that a consumer can be

23  "fairly charged with the risk that the product will not match his economic

24  expectations unless the manufacturer agrees that it will" (citation omitted)).

25       *Second*, there are absolutely no facts pleaded supporting Plaintiffs' wholly

26  conclusory allegation that FCA US had "exclusive knowledge."  It is beyond

27  dispute that to adequately plead a duty to disclose based on knowledge, there must

28

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg    Doc 8492-33    Filed 09/13/16    Entered 09/15/16 10:48:20    24 main
Case 3:16-cv-07253-WHP    Document 24    Filed 09/27/16    Page 23 of 33
Pg 23 of 33

be facts showing that the defendant knew of the defect ***at the time of sale***, or, as translated to the facts here, at the time Plaintiffs obtained the recall remedy. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145-48 (9th Cir. 2012); *Grodzitsky v. American Honda Motor Co., Inc.*, 2013 WL 690822, *6 (C.D. Cal. 2013). But, Plaintiffs do not even plead that they got the recall remedy, let alone when that occurred. Thus, the FAC could not possibly adequately plead knowledge at the time of repair.

Plaintiffs do make a conclusory averment, without any time reference, that FCA US had knowledge that the software would disable vehicle functions from "designing and testing the [Recall] software." *See* FAC, ¶¶ 101-102. But, these types of conclusory allegations have been routinely rejected in this District. For example, in *Grodzitsky v. American Honda Motor Co., Inc.*, 2013 WL 690822, **6-7 (C.D.Cal. 2013), this District, relying on the Ninth Circuit's analysis in *Wilson*, found that "generalized assertions" of "pre-release testing data" and "aggregate data from [automotive] dealers" are not sufficient to adequately plead knowledge. *See also Marcus v. Apple Inc.*, 2015 WL 1743381 **4-5 (N.D.Cal. 2015) (denying leave to amend because proposed assertions of knowledge based on "general allegations of undated consumer complaints, engineering reports, different types of testing data, high numbers of replacement parts ordered and warranty claims" were legally insufficient); *Herremans v. BMW of North America, LLC*, 2014 WL 5017843, **2, 16-18 (C.D.Cal. 2014) (granting motion to dismiss because allegations of knowledge based on "internal testing, pre-release testing data, customer complaints, dealership repair record, and 'other internal sources'" were legally insufficient).

*Third*, Plaintiffs' allegation of a duty to disclose based on "active concealment" is not factually supported. Plaintiffs do not plead that FCA US engaged in any acts of commission in an effort to suppress information from the

15

09-50002-mg    Doc 8492-33    Filed 09/13/16    Entered 09/15/16 19:48:20    main
Case 2:16-cv-07125-WHP    Document 24    Filed 09/27/16    Page 24 of 33
Pg 24 of 33

public or to obscure Plaintiffs' ability to discover information; they simply allege
(in a conclusory fashion) that FCA US omitted certain information in the context of
offering a recall remedy. *See, generally,* FAC. It is beyond debate that allegations
of omitting information do not constitute "active concealment." *See, e.g., Taragan*,
2013 WL 3157918 at *7; *Gray v. Toyota Motor Sales, U.S.A.*, 2012 WL 313703,
*10 (C.D.Cal. 2012).

The FAC is devoid of any ***facts*** supporting the notion that FCA US had a
duty to disclose. Accordingly, Count IV should be dismissed.

## I.    Adequate Remedies At Law Bar Equitable Remedies (Count VI).

The doctrine of promissory estoppel is "an equitable mechanism for
enforcing a promise that cannot be enforced legally when necessary to avoid
injustice." *Shahata v. W Steak Waikiki, LLC*, 494 Fed.Appx. 729, 731 (9th Cir.
2012); *see also Henderlong v. Southern Cal. Regional Rail Auth.*, 2014 WL
4667087, *14 (C.D.Cal. 2014) ("promissory estoppel is an equitable doctrine").

When a plaintiff has an adequate legal remedy, a claim for promissory
estoppel cannot survive. *Shahata*, 494 Fed.Appx. at 731 (affirming district court's
finding that promissory estoppel claim was not necessary because the plaintiff
sought damages for breach of contract); *Glen Holly Entm't, Inc. v. Tektronix, Inc.*,
352 F.3d 367, 381 (9th Cir. 2003) (affirming dismissal of promissory estoppel
claim where plaintiff sought relief for fraud and negligent misrepresentation).
Here, Plaintiffs' claim for promissory estoppel should be dismissed because the
FAC makes clear that legal remedies exist; indeed, Plaintiffs set forth nine legal
claims in the FAC, thereby demonstrating that they do not need to resort to equity.

## J.    No Facts Support An Unfair Or Deceptive Practice (Count VII).

Plaintiffs' claim for violation of the UCL is confusing. In support of their
allegations that the UCL was violated Plaintiffs aver that FCA US's conduct
allowed it to "unfairly compete with other automobile manufacturers and sellers

16

09-50002-mg   Doc 8492-33   Filed 09/13/16   Entered 09/15/16 10:48:20   24 main
Case 3:16-cv-07253-WHF   Document 14   Filed 09/27/16   Page 25 of 33
Pg 25 of 33

1    because it was able to charge lower prices for its goods and services than the prices

2    charged by other comparable automobile manufacturers and sellers." FAC, ¶ 173.

3    This is nonsensical because FCA US is neither a manufacturer nor seller with

4    respect to Plaintiffs. It sold Plaintiffs neither goods nor services. *If* Plaintiffs had

5    their vehicles repaired under Recall N23 (a fact they do not allege) that repair was

6    done for free. In other words, FCA US did not charge a "lower price" for anything,

7    and, logically, the expenditure of money which is necessary to provide consumers

8    with free vehicle repairs could never put any product manufacturer in a position to

9    charge "lower prices" for anything.

10        In any event, Plaintiffs' wholly conclusory allegation that their UCL claim is

11    based on "unfair, unlawful and fraudulent business practices" is legally inadequate.

12    See FAC, ¶ 174. Plaintiffs have not stated a claim under the UCL's "unlawful"

13    prong because, assuming the predicate for this is their other claims, those claims

14    cannot stand for the reasons set forth herein. *Altman v. PNC Mort.*, 850 F.Supp.2d

15    1057, 1077 (E.D.Cal. 2012) ("Reliance on other invalid claims alleged in the

16    complaint fails to support a viable UCL claim."); *Briosos v. Wells Fargo Bank*, 737

17    F.Supp.2d 1018, 1033 (N.D.Cal. 2010) ("[A] defendant cannot be liable under [the

18    UCL] for committing unlawful business practices without having violated another

19    law" (citation omitted)).

20        Nor have Plaintiffs stated a claim under the UCL's "unfair" prong which

21    requires that the claim be "tethered to some legislatively declared policy or proof of

22    some actual or threatened impact on competition" (*Taragan*, 2013 WL 3157918 at

23    *8), or that the defendant's conduct was somehow "immoral, unethical, oppressive,

24    unscrupulous or substantially injurious to consumers" (*Cornejo v. JPMorgan

25    Chase Bank*, 2011 WL 6149246, *5 (C.D.Cal. 2011)). There are no allegations that

26    FCA US's conduct violates any legislatively declared policy. Nor have Plaintiffs

27    alleged any facts supporting the notion that any of FCA US's conduct was

28

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-smg Doc 8492-33 Filed 09/13/16 Entered 09/15/16 10:48:20 main
Case 3:16-cv-07255-WHP Document 24 Filed 09/27/16 Page 26 of 33
Pg 26 of 33

"immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Construing the minimal allegations set forth in the FAC in the light most favorable to Plaintiffs, what is alleged is that: FCA US conducted a nationwide recall under the oversight of the NHTSA offering a free repair of a condition that could result in an inadvertent shift to neutral in the transfer case; the free repair had some unintended effects on the four-wheel-drive systems in the vehicles; and FCA US undertook a customer service action (CSN P73) and offered additional free repairs to address the unintended effects resulting from the recall remedy. *See, generally,* FAC. There are no allegations establishing that either the original recall repair, or the subsequent customer service action, failed to correct the specific issues identified. These activities could never be classified as "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," and thus Plaintiffs have failed to state a claim under the UCL's "unfair prong."

Finally, Plaintiffs have pleaded no facts supporting a violation of the "fraudulent" prong of the UCL. Plaintiffs premise their UCL claim on the notion that FCA US falsely stated in the notice for Recall N23 that it would repair an inadvertent transfer case shift to neutral in their vehicles. But, Plaintiffs have not alleged that the repair failed to correct the condition noted.

**K.** **Strict Liability Does Not Apply To The Facts Pleaded (Count IX).**

Plaintiffs' claim for strict liability should not only be dismissed because it is clearly barred by the economic loss doctrine, but, also, because the conduct alleged to give rise to the claim had nothing to do with putting a product into the stream of commerce or the sale of a product. "California courts have not extended the doctrine of strict liability to transactions whose primary objective is obtaining services. They have also declined to apply strict liability when the transaction's service aspect predominates and any product sale is merely incidental to the

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-smg Doc 8492-33 Filed 09/13/16 Entered 09/15/16 10:48:20 24 main
Case 3:16-cv-04253-WHP Document 24 Filed 09/27/16 Page 27 of 34
Pg 27 of 33

provision of the service." *In re Dow Corning Corp.*, 220 Fed.Appx. 457, 458-59 (9th Cir. 2007); *see also Hernandezcueva v. E.F. Brady Co., Inc.*, 243 Cal.App.4th 249, 258 (2015) ("[T]he doctrine of strict liability is ordinarily inapplicable to transactions whose primary objective is obtaining services, and to transactions in which the service aspect predominates and any product sale is merely incidental to the provision of the service" (citations omitted)).

Plaintiffs' strict liability claim does not arise from the sale of their vehicles, but from FCA US service in providing a free upgrade of the software in them to correct a transfer case shift issue. There was no sale of any product involved in this transaction. For this additional reason, strict liability is not applicable. Accordingly, Count IX should be dismissed.

## L.     The Facts Do Not Support A Breach of Implied Warranty (Count X).

Implied warranties arise "by operation of law" in conjunction with the sale of goods. *See* Cal. Comm. Code § 2314; *see also Barakezyan v. BMW of North America, Inc.*, 2016 WL 2840803, *7 (C.D.Cal. 2016) ("the implied warranty of merchantability arises by operation of law" (citation and internal punctuation omitted)). In assessing an implied warranty claim in a motor vehicle defect case, "[t]he basic inquiry [] is whether the vehicle was fit for driving." *Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F.Supp.2d 962, 980 (C.D.Cal. 2014) (citations omitted); *see also Aguila v. General Motors LLC*, 2013 WL 3872502, *7 (E.D.Cal. 2013) (same); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F.Supp.2d 1220, 1242 (C.D.Cal. 2011) (same); *Suzuki Motor Corp. v. Superior Court*, 44 Cal.Rptr.2d 526, 529 (Cal.Ct.App. 1995) ("[I]n the case of automobiles, the implied warranty of merchantability can be breached only if the vehicle manifests a defect that is so basic it renders the vehicle unfit for its ordinary purpose of providing transportation").

19

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg   Doc 8492-33   Filed 09/13/16   Entered 09/15/16 10:48:20   main
Case 3:16-cv-07253-WHH   Document 24   Filed 09/27/16   Page 28 of 33
Pg 28 of 33

It is difficult to discern exactly what facts Plaintiffs are relying on to claim that their vehicles are unmerchantable to the point of supporting a breach of implied warranty claim.  On the one hand, the FAC is totally focused on the "side-effects" of the remedy offered under Recall N23 and not on the condition of the vehicles in the absence of that remedy.  *See, generally,* FAC.  On the other hand, Plaintiffs' breach of implied warranty claim focuses on the original purchase of their vehicles, concluding that "[a]t the time that Plaintiffs and the Class members purchased their [vehicles, they] were not fit for their ordinary intended purposes." *Id.* at ¶¶ 206-09.

Regardless, the facts alleged simply do not support a breach of implied warranty claim.  Plaintiffs do not allege that their vehicles are, or have ever been, unfit for driving.  They do not allege that they have ever stopped driving their vehicles.  And, there is no allegation that Plaintiffs' vehicles have ever lost any function at all.  At best, what Plaintiffs allege is that *if* they had the remedy provided by Recall N23 applied to their vehicles they might no longer be able to use certain four-wheel-drive functions in them.  *See, generally,* FAC.  Obviously, four-wheel-drive functions are not essential for a vehicle to provide transportation; indeed, most vehicles on the road today do not have four-wheel-drive functions.  Even if Plaintiffs had alleged that their vehicles are currently at risk of losing certain four-wheel-drive functions because they were subjected to Recall N23 (which is not alleged), this would not be sufficient.  "In asserting a [implied] warranty claim, however, it is not enough to allege that a product line contains a defect or that a product is at risk for manifesting this defect; rather, the plaintiffs must allege that their product ***actually exhibited the alleged defect***." *Taragan*, 2013 WL 3157918 at *4 (citation omitted; emphasis in original).

Furthermore, assuming that Plaintiffs intend for their implied warranty claim to be based on the original sale of their vehicles (which is what they actually

09-50002-mg    Doc 8492-33    Filed 09/13/16    Entered 09/15/16 10:48:20    main
Case 3:16-cv-07125-WHI    Document 16-24    Filed 09/27/16    Page 29 of 33
Pg 29 of 33

plead), the claim is barred by the statute of limitations.[6]  A claim for breach of implied warranty "must be commenced within four years after the cause of action has accrued."  Cal. Comm. Code §2725(1); *see also MacDonald v. Ford Motor Co.*, 37 F.Supp.3d 1087, 1100 (N.D.Cal. 2014).  "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A breach of warranty occurs when tender of delivery is made."  Cal. Comm. Code §2725(2).  Plaintiffs' vehicles are **10 model-years old**.  *See* FAC, ¶¶ 9-10.  Obviously, those vehicles were "delivered" more than 4 years ago.  Thus, the breach of implied warranty claim is barred.[7]

Finally, to the extent Plaintiffs intended to base their breach of implied warranty claim on the provision of the Recall N23 remedy, this, too, would be legally insufficient.  As noted, implied warranties arise by operation of law upon the "**sale**" of product.  *See* Cal. Comm. Code § 2314.  Nothing was sold to Plaintiffs in conjunction with Recall N23, and thus that action did not give rise to any implied warranty.  Count X should be dismissed.

**M.    The Declaratory Relief Sought Cannot Be Awarded (Count XI).**

In Count XI, Plaintiffs plead a claim which they label "Declaratory Relief."  *See* FAC, ¶¶ 225-31.  Plaintiffs allege that there is "[a]n actual controversy regarding the disabling of the four-wheel-drive" functions involving themselves and FCA US "in relation to the N23 Recall software."  *Id.* at ¶ 228.  Plaintiffs then contend that, because of this, this Court should "declare" that FCA US "has not adequately implemented their [sic] recall commitments and requirements and

---

[6]The claim is also barred by a Sale Order entered by the Bankruptcy Court for the Southern District of New York.  *See In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (Bankr. S.D.N.Y.), Docket No. 2332.

[7]Plaintiffs' failure to plead the basic facts of their vehicle purchases and experiences, standing alone, is a sufficient basis to dismiss their breach of implied warranty claim.  *See, e.g.*, *McVicar v. Goodman Global, Inc.*, 1 F.Supp.3d 1044, 1058 (C.D.Cal. 2014) (breach of implied warranty claim dismissed due to lack of "many details concerning dates of purchase").

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg   Doc 8492-33   Filed 09/13/16   Entered 09/15/16 10:48:30   main
Case 3:16-cv-04125-WHF   Document 24   Filed 09/27/16   Page 30 of 33
Pg 30 of 33

1  general commitments to fix its failed processes, and injunctive relief in the form of

2  judicial supervision over the recall process is warranted." *Id.* at ¶ 230.

3      Whether FCA US has "adequately implemented" its recall obligations, and

4  the supervision of "the recall process," are matters for the NHTSA, not this Court.

5  Specifically, Recall N23 is being conducted pursuant to mandates set down by, and

6  under the guidance of, the NHTSA.  There is an administrative framework for

7  individuals to challenge recall remedies, including the sufficiency of them.  *See* 49

8  U.S.C. § 30120(e) (permitting public to request NHTSA to determine if

9  manufacturer has complied with recall mandates); *id.* at § 30162(a)(2) (permitting

10  any "interested person" to file a petition respecting potential recalls); *see also Chin*

11  *v. Chrysler Corp.*, 182 F.R.D. 448, 464 (D.N.J. 1998) (addressing  plaintiff's claim

12  that recall was ineffective, and noting that "[a]ny 'interested person' may file a

13  petition with the Secretary of Transportation to initiate proceedings aimed at

14  determining whether a ***further recall***, in addition to Chrysler's voluntary recall,

15  would be appropriate." (citing 49 U.S.C. § 30162(a)(2)) (emphasis added)).

16      Plaintiffs cannot collaterally attack the NHTSA's findings and processes

17  through a civil lawsuit, which is exactly what they are attempting to do here.  Final

18  agency actions are reviewable only under the Administrative Procedure Act

19  ("APA"), and they are "not subject to collateral attack through discovery or other

20  means in individual lawsuits," even against third parties.  *Adams v. Resolution*

21  *Trust Corp.*, 927 F.2d 348, 354 fn.15 (8th Cir. 1991).  The NHTSA's finding that

22  FCA US has provided a remedy under Recall N23 for the inadvertent transfer case

23  shift it addresses is an agency action subject to review under the APA, 5 U.S.C.

24  § 701 *et seq.  See, e.g., Snyder Computer Sys., Inc. v. U.S. Dep't of Transp.*, 13

25  F.Supp.3d 848, 859-60 (S.D. Ohio 2014) (applying APA to review of NHTSA

26  Recall Remedy Order).  "[W]here Congress has provided a statutory procedure for

27  the review of an administrative order, such procedure is ***exclusive***." *Oling v. Air*

28

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-smb   Doc 8492-33   Filed 09/13/16   Entered 09/15/16 19:48:20   24 main
Case 9:16-cv-07125-WHP   Document 24   Filed 09/27/16   Page 32 of 33
Pg 31 of 33

*Line Pilots Ass'n*, 346 F.2d 270, 276 (7th Cir. 1965) (emphasis added). Thus, where a plaintiff ignores these statutory review procedures, a district court "lack[s] subject matter jurisdiction over the claims." *Gaunce v. deVincentis*, 708 F.2d 1290, 1292-93 (7th Cir. 1983); *see also Avera v. Airline Pilots Ass'n Int'l*, 436 Fed.Appx. 969, 973 (11th Cir. 2011) ("district court lacks subject matter jurisdiction to consider 'an impermissible collateral challenge to [an] agency order'").

Plaintiffs attempt to circumvent the APA by pursuing civil claims in this Court which are based on a theory that would, effectively, require this Court to overrule the NHTSA's findings with respect to the adequacy of Recall N23, and to substitute itself for the NHTSA in the supervision of that recall process. By challenging the NHTSA's findings in the context of civil claims, Plaintiffs seek to have the NHTSA's findings evaluated under different legal principles, a different review standard, and a different factual record than that prescribed by Congress for review of agency actions. *See* 5 U.S.C. § 706. Count XI of the FAC must be dismissed because the only proper way for Plaintiffs to challenge, and to seek reversal of, the NHTSA's findings about Recall N23 is via an appeal to the NHTSA (49 U.S.C. §§ 30118(b), 30162(a)(2)), and then by application of the procedures set forth in the APA. *Cf. Ctr. for Auto Safety v. Dole*, 846 F.2d 1532, 1535 (D.C. Cir. 1988) (rejecting attempt to invalidate the NHTSA's conclusions and force recall based on finding that decision to close agency investigation was not reviewable).

Even if this Court had subject matter jurisdiction to entertain Plaintiffs' collateral attack on the actions of a federal agency, Count XI should still be dismissed because it is aimed at an alleged past wrong (*i.e.,* the application of a recall remedy that allegedly adversely affected Plaintiffs' vehicle). "A claim for declaratory relief that seeks to redress past wrongs is [] incognizable." *Layton v. Ocwen Loan Servicing, LLC*, 2015 WL 4512015, *6 (C.D.Cal. 2015).

Furthermore, Plaintiffs' declaratory relief claim is completely duplicative of their other claims, meaning that in it Plaintiffs seek to determine the same issues as they seek to have resolved in their other claims, *i.e.,* whether the remedy provided in Recall N23 resulted in the disabling of certain vehicle functions.  Because this Court will necessarily decide those issues when it addresses Plaintiffs' other claims, dismissal is warranted.  *See, e.g., Lenhoff Enterprises, Inc. v. United Talent Agency, Inc.*, 2015 WL 700815, *7 (C.D.Cal. 2015) (dismissing claim for declaratory relief with prejudice because same issues to be "declared" would be decided in context of claims under Sherman Act and UCL); *Layton*, 2015 WL 4512015 at *6 ("When claims for declaratory relief are duplicative of other claims, then declaratory relief is [] unnecessary and redundant").  Count XI should be dismissed.

## **CONCLUSION**

For the reasons outlined herein, Defendant FCA US LLC respectfully requests that this Court dismiss Plaintiffs' First Amended Class Action Complaint.

Dated:  May 27, 2016                 **THOMPSON COBURN LLP**

By:   */s/ Rowena Santos*
Rowena Santos
Kathy A. Wisniewski
Stephen A. D'Aunoy
Scott H. Morgan

*Attorneys for FCA US LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2016, I electronically filed the foregoing

document using the CM/ECF system which will send notification of such filing to

the e-mail addresses registered in the CM/ECF system, as denoted on the

Electronic Mail Notice List.

By:    */s/ Rowena G. Santos*

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**