**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**04/01/2016** at 12:56:00 PM
Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

1  Anthony O. Egbase  (SBN: 181721)
   Victoria T. Orafa (SBN: 265037)
2  **A.O.E. LAW & ASSOCIATES, INC.**
   350 S. Figueroa Street, Suite 189
3  Los Angeles, California 90071
   Tel: (213)620-7070   Fax: (213)620-1200
4  Attorneys for Plaintiffs

5  Attorneys for Plaintiffs, LYNN GRIMSTAD and MARA MANUEL, on behalf of themselves and on
   behalf of a Class of all other persons similarly situated
6

7              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

8                          **COUNTY OF ORANGE**

9

10  LYNN GRIMSTAD, an individual, and on          Case No.: 30-2015-00819805-CU-MT-CXC
11  behalf of all others similarly situated, and
    MARA MANUEL, an individual, and on behalf     **FIRST AMENDED CLASS ACTION**
12  of all others similarly situated,             **COMPLAINT FOR:**

13                     Plaintiffs,                1.  **TRESPASS TO CHATTEL**

14                                                2.  **CONVERSION**
                        -vs-                      3.  **FRAUD**
15                                                4.  **FRAUDULENT CONCEALMENT**
16  FCA US, LLC, a Michigan Limited Liability     5.  **NEGLIGENT**
    Company; and DOES 1 through 250 inclusive,        **MISREPRESENTATION**
17                                                6.  **PROMISSORY ESTOPPEL**
                       Defendant.                 7.  **UNFAIR AND DECEPTIVE**
18                                                    **BUSINESS PRACTICES**
19                                                8.  **NEGLIGENCE**
20                                                9.  **STRICT PRODUCTS LIABILITY**
21                                                10. **BREACH OF IMPLIED**
                                                      **WARRANTY OF**
22                                                    **MERCHANTABILITY**
                                                  11. **DECLARATORY RELIEF**
23
24                                                **DEMAND FOR A JURY TRIAL**
25              **FIRST AMENDED CLASS ACTION COMPLAINT**

26      NOW COMES Plaintiffs LYNN GRIMSTAD and MARA MANUEL ("Plaintiffs"), on behalf of

27  themselves and all others similarly situated, and for their Class Action Complaint, allege as follows:

28

                                        1
                 **FIRST AMENDED CLASS ACTION COMPLAINT**

<u>**NATURE OF ACTION**</u>

1. Plaintiffs, and the Class members they proposes to represent, purchased a vehicle manufactured by Defendant FCA US, LLC ("Defendant") or its predecessors or successors in interest, or its agents and assignees or parent companies or subsidiaries, who will be added as DOE Defendants as necessary and appropriate (collectively, "Defendants").

2. Plaintiffs are in possession, own, or sold at a loss, vehicles which became adversely affected by a recall ("N23 Recall") performed by Defendant FCA US, LLC, its agents, and subsidiaries ("Defendants").

3. The affected vehicles, are Jeep Grand Cherokees model years 2005 through 2010, and Jeep Commanders model years 2006 through 2010, specially optioned and equipped with the Quadra-Drive II or Quadra-Trac II, four wheel drive systems ("WK Model Vehicles").

4. The affected and potentially affected WK Model Vehicles total approximately 295,246 vehicles in the United States.

5. Defendants intentionally disabled, via their N23 Recall, the transfer case neutral feature of the WK Model Vehicles, without the Plaintiffs' permission, authority, or consent or that of the Class members.

6. Defendants intentionally disabled, via their N23 Recall, the four wheel drive low feature of the WK Model Vehicles, without the permission, authority, or consent of Plaintiffs and the Class members.

7. Defendants intentionally disabled, via their N23 Recall, the four wheel drive lock feature of the WK Model Vehicles, without the Plaintiffs' permission, authority, or consent or that of the Class members.

8. Plaintiffs therefore bring this action on behalf of themselves and a proposed nationwide class of consumers who possess, own, or sold at a loss vehicles they purchased which were adversely affected by Defendants' changes to their WK Model Vehicles' four wheel drive low gear, and four wheel drive lock features, via Defendant's N23 Recall.

**FIRST AMENDED CLASS ACTION COMPLAINT**

# PARTIES

9. Plaintiff Lynn Grimstad is an adult citizen and resident of California, who purchased a 2006 Jeep Grand Cherokee, specially optioned and equipped with a Quadra-Drive II four wheel drive system, which had a four wheel drive low gear capable, four wheel lock capable (for the Quadra-Drive II Models only), and neutral shift capable transfer case.

10. Plaintiff Mara Manuel is an adult citizen and resident of California, who purchased a 2006 Jeep Grand Cherokee, specially optioned and equipped with a Quadra-Drive II four wheel drive system, which had a four wheel drive low gear capable, four wheel lock capable (for the Quadra-Drive II Models only), and neutral shift capable transfer case.

11. Defendant FCA US LLC ("FCA US") is a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan.

12. FCA US, formerly known as Chrysler Group LLC, is the U.S. subsidiary, successor, or assign of the multinational automaker of the WK Model Vehicles, and upon information and belief has assumed all liabilities of its predecessor in interest, Chrysler Group LLC.

13. FCA US is in the business of designing, testing, manufacturing, distributing, selling, recalling, servicing, and supporting the WK Model Vehicles, subject of this complaint.

14. FCA US does business, by and through its agents and subsidiaries, nationwide, and specifically throughout California.

15. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore join these Defendants by such fictitious names under California Code of Civil Procedure § 474. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

16. Plaintiffs are currently ignorant of the true names and capacities of all affected persons who should be joined as Plaintiffs in this action, due to the voluminous nature of the affected vehicles (295,246), and joins such parties as fictitious Defendants sued herein as DOES 51 – 250 pursuant

3

**FIRST AMENDED CLASS ACTION COMPLAINT**

1    to CA Code of Civil Procedure Section 382, and Plaintiffs prosecutes this action based upon a

2    common interest, as it would be impractical to join all of said parties individually in this action.

3    17. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, each

4        Defendant acted in all respects pertinent to this action as the agent of the other Defendants,

5        carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of

6        each Defendant are legally attributable to the other Defendants.

7                                   **SUCCESSOR LIABILITY**

8    18. Plaintiffs allege that if the named Defendant FCA US is a successor corporation, it operates in

9        the same manner, with the same assets, location, personnel, contacts, maintains the same

10       business, manufactures the same line of products, under the same trademarks, maintains the same

11       operations, and has assumed liability on behalf of any and all predecessors.

12                                **VENUE AND JURISDICTION**

13   19. This Court has subject matter jurisdiction over this civil action under California law. The Court

14       also has personal jurisdiction over Plaintiffs, as they reside in this County, and over Defendant

15       FCA US because it does substantial business throughout California, thus subjecting it to general

16       jurisdiction in the State of California.   Venue is proper in this Court because a substantial part of

17       the event, injury sustained, or omissions giving rise to Plaintiffs' claims occurred in this district,

18       specifically, Plaintiffs' injuries were caused by Defendant in the State of California.  Moreover,

19       because Defendant has failed, upon information and belief, to identify a California principal

20       place of business in their Statement of Information filed with the California Secretary of State as

21       required by California Corporations Code § 2105, venue is proper in this County and judicial

22       district.

23                              **FACUAL ALLEGATIONS GENERALLY**

24   20. On or before July of 2013, Defendant FCA US claims to have discovered a defect in the Final

25       Drive Control Module ("FDCM") of its WK Model Vehicles.

26   21. Plaintiffs are informed and believe and thereon allege that this defect originates from a hardware

27       defect in the FDCM, whereby the circuit board will suffer from a stress fracture.

28

4

**FIRST AMENDED CLASS ACTION COMPLAINT**

22. Plaintiffs are informed and believe and thereon allege that if a FDCM circuit board suffers a fracture, it will cause the FDCM to malfunction.

23. Defendant claims that this malfunction may result in a condition whereby the WK Model Vehicles will "unintentionally cause the transfer case to shift into neutral position without input from the driver." (See Defendant's Service Bulletin attached as Exhibit 1).

24. Plaintiffs are informed and believe, and thereon allege, that in the intended prevention of this potential issue, Defendant issued a recall notice to WK Model Vehicle owners. (See sample notice attached as Exhibit 2).

25. Rather than replace the affected hardware in the FDCM, or replace the FDCM model itself with a revised model, Defendant opted for a relatively inexpensive option, and it designed, developed, and implemented a software update to upload to the existing, fracture prone, FDCMs.

26. In performing the N23 Recall, Defendant uploaded its software update to Plaintiffs' WK Model Vehicles.

27. The software update to the FDCM, or the N23 Recall, was designed, and did effectively disable the WK Model Vehicle's FDCM during the course of its repeated routine function.

28. The FDCM is a self-contained computing instrument, and it evaluates data received from sensors in the vehicle, via real-time data.

29. The software update, designed by Defendant, intentionally causes the FDCM to disable itself after receiving data which is typical of its repeated routine function.

30. In causing the FDCM to disable itself, Plaintiffs are informed and believe, and thereon allege, that Defendant was aware that disabling the FDCM would not allow the transfer case to shift into neutral under any circumstance.

31. In performing this recall, Plaintiffs are informed and believe, and thereon allege, that Defendant has saved itself millions of dollars in the cost of replacing the FDCM in the WK Model Vehicles.

32. As a consequence of disabling the FDCM through the N23 Recall, Defendant FCA US thereby also disabled the four wheel drive low gear capability, four wheel lock capability, and transfer case neutral capability of the WK Model Vehicle's transfer cases purchased by Plaintiffs and the Class members.

5

**FIRST AMENDED CLASS ACTION COMPLAINT**

33. Defendant represented that it would "repair [Plaintiffs'] vehicle[s] free of charge." (See sample notice attached as Exhibit 2).

34. Defendant however, only sought to gain access to Plaintiffs' WK Model Vehicles, in order to disable the functionality of Plaintiffs' vehicles, to save itself from liability in the event that Plaintiffs' vehicles might shift into neutral.

35. Defendant, via its N23 Recall, thereby converted Plaintiffs' specially optioned and equipped four wheel drive low gear capability, and four wheel lock vehicles, into a lesser equipped static all-wheel drive vehicle, without giving notice of these adverse effects, and without obtaining permission, authority, or consent for this conversion from Plaintiffs and the Class of other similarly situated purchasers of the WK Model Vehicles.

36. Defendant, has since distributed a document entitled, "Customer Satisfaction Notification P73," which acknowledges a condition whereby an error in the FDCM software will cause the vehicles' "Service 4wd" light to illuminate, and prevent the vehicles from switching into four wheel drive low, and four wheel lock. (Notice attached as Exhibit 3, "P73 Notice.")

37. Defendant's agent and technician who routinely performed the service admit to Plaintiffs that Defendant produced and distributed only one version of the N23 Recall Software, and did not anticipate a different result on Plaintiff's vehicle.

38. The reflash of the N23 Recall Software on the WK Model vehicles first rendered the transfer case functions operable, but after a certain number of cycles of routine function, it would again caus the FDCM to disable itself, thereby disabling the four wheel low, four wheel lock, and neutral shift capabilities of the transfer case.

## CLASS ACTION ALLEGATIONS

39. Plaintiffs' claims all derive from a single course of conduct by FCA US, its agents, predecessors, and subsidiaries, which is uniform and standard towards the proposed class.

40. This action is based upon the responsibility of FCA US, in law and in equity, for its knowledge and actions, and the consequences it has caused as alleged herein.

41. Defendant has not differentiated, in degree or manner, against the proposed Class members with respect to its actions for which it is sued herein.

6

**FIRST AMENDED CLASS ACTION COMPLAINT**

09-50002-mag ¹ Dec 8492-34 Filed 09/13/16 Entered 09/15/16 10:48:20 of 24 1 Pg
Case 1:16-cv-07225-WHP Document 24-1 Filed 05/27/16 Page 7 of 43
7 of 43

42. The objective facts relate equally and identically to all members of the proposed class and the issues of liability and damages can be resolved on a class-wide basis through common inquiries subject to common proof as to Plaintiffs and all members of the proposed Class of similarly situated WK Model Vehicle purchasers.

43. The same legal standards govern as to all of the proposed Class members, with respect to Plaintiffs' causes of action herein.

44. Many states of the proposed class members additionally share the same legal standards and elements of proof, or else these standards do not materially differ from those of California, thereby facilitating certification of a multi-state class.

45. In respect of the foregoing, Plaintiffs brings this lawsuit on their own behalf, and on behalf of all other persons similarly situated as members of the proposed Class.

46. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements for maintaining class proceedings.

## NATIONWIDE CLASS

47. Plaintiffs bring this action and seek to certify and maintain it as a class action against Defendants on their own behalf and on behalf of a **Nationwide Consumer Class** defined as follows: **All persons in the United States who purchased, own, or sold at a loss, WK Model Vehicles, which have been reprogrammed by Defendants N23 Recall.**

## STATEWIDE CLASS

48. Plaintiffs allege statewide class action claims on behalf of the following **California Consumer Class** pursuant to California Code of Civil Procedure § 382 and common law, defined as follows: **All persons in California who purchased, own, or sold at a loss, WK Model Vehicles, which have been reprogrammed by Defendants N23 Recall.**

49. The Nationwide Consumer Class and the California Class are collectively defined and referred to herein as "the Plaintiffs' Classes" and the members of these classes are collectively referred to as "**Class members,**" unless otherwise stated. Additionally, the causes of action alleged herein on behalf of the Plaintiffs' Classes and the definition of the Class members encompass those consumers who owned WK Model Vehicles at any point in time from the period of four years

7

**FIRST AMENDED CLASS ACTION COMPLAINT**

prior to the filing of the Original complaint in this action through its resolution, unless stated otherwise.

50. Defendant FCA US, its affiliates, subsidiaries, officers, directors, employees, agents, assigns, predecessors, and successors are excluded from the Plaintiffs' Classes.

## NUMEROSITY

51. Plaintiffs are informed and believes, and thereon allege that the members of the proposed Plaintiffs' Classes are sufficiently numerous, at an approximate number of 295,246 potential members, given the existence of approximately 295,246 potentially affected WK Model Vehicles, such that their individual joinder into this action would be impractical.

52. This action satisfies the requirements of numerosity given that the potential Plaintiffs are sufficiently numerous to prohibit individual joinder of all potential members.

53. Each of the class members of the Plaintiffs' Classes is ascertainable because he or she can be readily identified using registration records, sales records, production records, and other information kept by Defendant or third parties in the usual course of business and within their control, including but not limited to Defendant's mailing list it used for sending the N23 Recall notice.

54. Plaintiffs anticipate providing appropriate notice to the members of each of the certified Plaintiffs' Classes in accordance with California Rules of Court (CRC) 7.66, to be approved by this Court after class certification, or pursuant to Court Order.

## EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS

55. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members.

56. These common questions include the following:

    a. Whether Defendant knowingly misrepresented to Class members that it would *repair* their Vehicles free of charge.

    b. Whether the N23 Recall was in fact a "repair" or whether it simply served to disable a necessary mechanical and safety related functionality of the WK Model Vehicles.

    c. Whether Defendant knew that the N23 Recall would cause injury to the Class members.

8

**FIRST AMENDED CLASS ACTION COMPLAINT**

d.  Whether Defendant concealed that the N23 Recall would cause injury to Class members and their vehicles.

e.  Whether Defendant made representations to Class members that it would repair their vehicles in order to gain access to said vehicles to limit their liability at the lowest cost.

f.  Whether Class members relied on Defendant's representations.

g.  Whether Defendant disabled, damaged, or converted Class members transfer cases via the N23 Recall.

h.  Whether Class member's reliance on Defendants representations was a substantial factor in causing their injury.

i.  Whether Defendant engaged in unfair, deceptive, unlawful, and/ or fraudulent acts or practices in trade or commerce by failing to disclose defects.

j.  Whether Defendant violated consumer protection statutes.

k.  Whether Defendant owed Class members a duty of care in servicing their vehicles via a recall.

l.  Whether Defendant breached that duty in installing defective software.

m.  Whether Defendant proximately and actually caused damages to Class members.

n.  Whether Defendant distributed a defective product to Class members.

o.  What remedies are available to Class members.

p.  Whether Defendant be held responsible for notifying all Class members of the defects it caused.

q.  Whether Defendant is liable under various theories of liability.

r.  Whether Defendant is liable to Class members for damages.

s.  Whether Class members are entitled to equitable relief, including a permanent injunction.

## TYPICALITY

57. Plaintiffs' claims are typical of the claims of the proposed Plaintiffs' Classes, as Plaintiffs purchased a WK Model Vehicle, which Defendant performed the N23 Recall upon, thereby causing Plaintiffs to suffer a loss of functionality, and a diminution in value to their vehicles.

9

**FIRST AMENDED CLASS ACTION COMPLAINT**

58. Plaintiffs are adequate representatives of the Plaintiffs' Classes because their interests do not conflict with the interests of the members of the Classes they seek to represent.

59. Plaintiffs have retained counsel competent in complex class action litigation, and Plaintiffs and counsel intend to prosecute this action vigorously.

60. The interests of the proposed Plaintiffs' Classes will be fairly and adequately represented by Plaintiffs and their counsel.

## DECLARATORY AND INJUNCTIVE RELIEF

61. Defendant has failed to act on grounds generally applicable to Plaintiffs and other members of the proposed Plaintiffs' Classes, thereby necessitating injunctive and declaratory relief, as prayed for herein, with respect to the Class members.

## SUPERIORITY

62. This proposed class action is superior to all other available means for the fair and efficient adjudication of this dispute.

63. The injuries suffered by each Class member are not of such a magnitude to make the prosecution of individual actions against Defendant economically feasible.

64. Plaintiffs are informed and believe that even if the proposed Class members were able to afford individualized litigation in this matter, this Court system could not.

65. Plaintiffs are informed and believe that individualized actions by Class members would cause increased delay and expense.

66. Plaintiffs are further informed and believe that individual representation would further cause potentially inconsistent outcomes, rulings, findings, and contradictory judgments.

67. Plaintiffs aver that the proposed Plaintiffs' Classes may be certified alternatively because the proposed Class action would establish uniform standard of conduct for Defendant.

68. This proposed Class action will be in the best interest of Class members, and this Court, providing fewer management difficulties, economy, and consistency by comprehensive supervision of this Court.

10

**FIRST AMENDED CLASS ACTION COMPLAINT**

69. Plaintiffs further aver that individualized actions would create a risk of adjudications with respect to individual Class members which may be dispositive to the interests of other Class members, thereby potentially impairing or impeding their ability to protect their own interests.

## FIRST CAUSE OF ACTION – TRESPASS TO CHATTEL

### (Against FCA US, LLC and DOES 1-50)

70. Plaintiffs repeat, re-plead, and re-allege each and every allegation set forth in the preceding paragraphs of this Class Action Complaint, as though set forth herein.

71. Plaintiffs, and the proposed Class members, own, or owned WK Model Vehicles, equipped with the Quadra-Drive II or Quadra-Trac II four wheel drive system.

72. Defendant performed a service recall on Plaintiffs', and Class members' vehicles, known as the N23 Recall.

73. Defendant substantially interfered with Plaintiffs' and Class members' WK Model Vehicles when it performed the N23 Recall on said vehicles and diminished their value as a result.

74. Defendant disabled Plaintiffs', and Class members' four wheel drive low gear capability of their WK Model Vehicle's transfer cases upon performing its N23 Recall.

75. Defendant disabled Plaintiffs', and Class members' four wheel drive lock capability of their WK Model Vehicle's transfer cases upon performing its N23 Recall.

76. Defendant disabled Plaintiffs', and Class members' transfer case neutral capability of their WK Model Vehicle's upon performing its N23 Recall.

77. Defendant represented to Plaintiffs, and the Class members, via its N23 Recall Notice (sample Notice attached as Exhibit 2) that it would *repair* their vehicles free of charge.

78. Plaintiffs consented to the repair of their vehicle, but did not consent to Defendant disabling the above mentioned features from their vehicle.

79. Plaintiffs and the Class members, on information and belief, consented to the repair of their vehicles, but did not consent to Defendant disabling the above mentioned features from their vehicles.

11

**FIRST AMENDED CLASS ACTION COMPLAINT**

80. Unbeknownst to Plaintiffs and the Class members at the time of the N23 Recall service, the software update would disable their FDCM after a certain number of cycles of routine function, which presented as a "Service 4WD System" indicator light several months thereafter.

81. The four wheel drive low capability of the WK Model Vehicles, when operational, provides additional torque at the axles by gear reduction, which is useful for extreme off-roading purposes, for scaling steep grades, and for any purpose where additional torque would be beneficial.

82. Plaintiffs', and the proposed Class members' WK Model Vehicles have been damaged by being deprived of the use of the low gear function of their transfer cases, as a result of Defendant's N23 Recall.

83. Plaintiffs, and the proposed Class members have suffered a diminution in value to their vehicles as a result of the loss of the vehicle's low gear function, caused by Defendant's N23 Recall.

84. The four wheel lock capability of the WK Model Vehicles, when operational, provides for locking of the front, rear, and center differentials, thereby applying torque evenly to all four axles, which is useful for extreme off-roading purposes, where the WK Model Vehicles would otherwise be prone to a loss of traction, and complete immobility in traction compromised off-road terrain.

85. Plaintiffs and the proposed Class members have been damaged by being deprived of the use of the four wheel drive lock capability of their WK Model Vehicles, as a result of Defendant's N23 Recall.

86. Plaintiffs, and the proposed Class members have suffered a diminution in value to their vehicles as a result of the loss of the vehicle's four wheel lock function caused by Defendant's N23 Recall.

87. The transfer case neutral shift capability is useful for flat-towing the WK Model Vehicles, behind other vehicles, offering a mechanical disconnect at the transfer case for reduced friction while towing.

88. Plaintiffs, and proposed Class members have suffered a loss of the use of the transfer case neutral shift feature, and a diminution in value of their vehicles as a result of Defendant's N23 Recall.

12

**FIRST AMENDED CLASS ACTION COMPLAINT**

89. On or about April of 2014, Plaintiffs came to discover, by virtue of expert opinion, and by unanimous WK Model Vehicle owner consensus, that the Defendant's N23 Recall has caused Plaintiffs and all known proposed Class members to suffer the aforementioned injuries and damages.

90. The Class members owned the WK Model Vehicles and, without their consent, Defendant intentionally interfered with their use and possession of these vehicles and damaged them and diminished their value through the N23 Recall, and Defendant's conduct of performing the N23 Recall was the cause of the harm to Plaintiffs and the Class members as addressed herein. Defendant has caused injury to Plaintiffs and the Class members and caused them damages, which can be measured according to common proof.

## SECOND CAUSE OF ACTION – CONVERSION

### (Against FCA US, LLC and DOES 1-50)

91. Plaintiffs repeat, re-plead, and re-allege each and every allegation set forth in the preceding paragraphs of this Class Action Complaint, as though set forth herein.

92. As a result of Defendant's actions in performing the N23 Recall, Defendant has caused a condition which is un-repairable by conventional means, on Plaintiffs' and proposed Class members' WK Model Vehicles, by permanently disabling all functions of their Quadra-Drive II and Quadra-Trac II four wheel drive systems.

93. The Class members owned the affected WK Model Vehicles and, without their consent, Defendant intentionally and substantially interfered with their use and possession of these vehicles and damaged them and diminished their value through the N23 Recall and by limiting their ability to use the vehicles as intended, and Defendant's conduct of performing the N23 Recall was the cause of the harm to Plaintiffs and the Class members as addressed herein. Defendant has caused injury to Plaintiffs and the Class members and caused them damages, which can be measured according to common proof.

///////
///

13

**FIRST AMENDED CLASS ACTION COMPLAINT**

## THIRD CAUSE OF ACTION – FRAUD

### (Against FCA US, LLC and DOES 1-50)

94. Plaintiffs repeat, re-plead, and re-allege each and every allegation set forth in the preceding paragraphs of this Class Action Complaint, as though set forth herein.

95. On or after July of 2013, Defendant, via its N23 Recall notice, communicated to Plaintiffs and proposed Class members that there existed a dangerous condition with their WK Model Vehicles' FDCMs, which could potentially "cause the transfer case to shift into neutral position without input from the driver." (See Defendant's Service Bulletin attached as Exhibit 1).

96. Defendant represented to Plaintiffs, and Class members, via its N23 Recall Notice (sample Notice attached as Exhibit 2) that it would *"repair"* their vehicles free of charge.

97. Defendants representation to Plaintiffs and Class members was false.

98. The true facts were as follows:

    a. Defendant represented to Plaintiffs and proposed Class members that it would repair their WK Model Vehicles, while only intending to gain access to said vehicles in order to disable the functionality of their FDCMs.

    b. Defendant sought to gain access to Plaintiffs' and proposed Class members' WK Model Vehicles FDCMs to save itself from liability in the event that said vehicles might shift into neutral.

    c. Defendant uploaded software to disable the WK Model Vehicles' FDCMs to save itself the substantial cost of actually repairing the purported defective FDCMs.

99. Rather than replace the affected hardware in the FDCM, or replace the FDCM model itself with a revised model, Defendant opted for a relatively inexpensive option, and it designed, developed, and implemented a software update to upload to the existing FDCMs.

100.    The software update to the FDCM, or the N23 Recall, was designed, and did effectively disable the WK Model Vehicle's FDCM during the course of its repeated routine function.

101.    Defendant, in designing and testing the N23 Recall software update, knew that it would disable the WK Model Vehicle's FDCM, as opposed to 'repairing' it.

14

**FIRST AMENDED CLASS ACTION COMPLAINT**

102.     As Defendant is exclusively responsible for the design and implementation of recalls of the WK Model Vehicles, Defendant could not have implemented the N23 Recall without having itself, or through its agents, designed and programmed the updated software implemented via said Recall, and in so doing, Defendant was aware of the nature of the software and its intended use and impact on the functionality and safety of the affected WK Model Vehicles.

103.     Defendant's agents and service technicians have admited to Plaintiffs that the N23 Recall is in fact what disables the FDCM in the WK Model Vehicles.

104.     Defendant, in designing and testing the N23 Recall software update, represented to Plaintiffs and proposed Class members that it would repair their WK Model Vehicles, while in fact intending to disable the functionality of their FDCMs, thereby disabling their transfer case neutral capability, and consequentially their four wheel drive low gear capability, and on Quadra-Drive II models, disabling their four wheel lock capability.

105.     Defendant made the representation that it would repair Plaintiffs and Class members vehicles free of charge, with a reckless disregard for the truth of said representation.

106.     In performing this recall,  Plaintiffs are informed and believe, and thereon allege, that Defendant has saved itself millions of dollars in the cost of replacing the FDCM in the WK Model Vehicles.

107.     Plaintiffs are informed and believe that Defendant consciously made false representations acting with the malicious intent to deceive and to induce the Plaintiffs and proposed Class members to deliver access to their WK Model Vehicles, thereby disregarding the probability that said conduct would result in injury to the Plaintiffs.

108.     The Plaintiffs became informed and believe by virtue the fact that Defendant designed, tested, and continues to install its N23 Recall software, which evidently was designed or has the known effect of disabling the FDCM, that the Defendant maliciously intended to defraud Class members, in order to gain access to their vehicles, to limit its potential liability, while sacrificing the functionality and safety of Class members' vehicles, with a conscious disregard for the functionality and safety of the WK Model Vehicles.

15

**FIRST AMENDED CLASS ACTION COMPLAINT**

Case 9:16-cv-07153-WHP   Document 24-1   Filed 09/15/16   Page 96 of 43   Pg

109.    The Plaintiffs are informed and believe that Defendant installed and continues to install the N23 Recall software on Class members' vehicles, with a reckless disregard for the probability that it would sacrifice the functionality of the WK Model Vehicles.

110.    Plaintiffs relied on Defendant's representation that it would repair his vehicles free of charge.

111.    Plaintiffs are informed and believe, and thereon allege that proposed Class members relied on Defendant's representation that it would repair their vehicles free of charge.

112.    Plaintiffs, and proposed Class members, gave Defendant, its subsidiaries, and its agents access to their vehicles in order to perform the promised repair.

113.    Plaintiffs', and proposed class members' reliance on Defendant's representations were reasonable, as Defendant is the distributor, manufacturer, and servicer of the WK Model Vehicles, and thus it was reasonable to believe that Defendant would be able to correct any issues with their vehicles.

114.    Plaintiffs', and proposed class members' reliance on Defendant's representations were further reasonable as Defendant represented in its N23 Recall Notice that it was capable of correcting the WK Model Vehicles, and would repair them, as opposed to disabling them.

115.    Plaintiffs and the proposed Class members, and their WK Model Vehicles, have been damaged by being unable to use of the low gear function of their transfer cases, and this damage has occurred as a result of Defendant's misrepresentations regarding the N23 Recall.

116.    Plaintiffs and the proposed Class members have suffered a diminution in value to their vehicles as a result of the loss of the vehicle's low gear function, caused by Defendant's misrepresentations regarding the N23 Recall.

117.    Plaintiffs and proposed Class members have been damaged by being deprived of the use of the four wheel drive lock capability of their WK Model Vehicles, as a result of Defendant's misrepresentations regarding the N23 Recall.

118.    Plaintiffs and the proposed Class members have suffered a diminution in value to their vehicles as a result of the loss of the vehicle's four wheel lock function caused by Defendant's misrepresentations regarding the N23 Recall.

16

**FIRST AMENDED CLASS ACTION COMPLAINT**

119.   Plaintiffs and the proposed Class members have suffered a loss of the use of the transfer case neutral shift feature, and a diminution in value of their vehicles as a result of Defendant's misrepresentations regarding the N23 Recall.

120.   Plaintiffs' and Class members' reliance on Defendant's representation that it would repair their WK Model Vehicles free of charge was a substantial factor in causing their harm.

121.   Plaintiffs avers that Defendant gained access to Plaintiffs' and Class members' vehicles only by virtue of their misrepresentation that it would repair said vehicles, which in turn enabled it to disable to FDCM of said vehicles, thereby causing damage to Plaintiffs and Class members in an amount which can be measured by common proof from Defendant's records.

## FOURTH CAUSE OF ACTION – FRAUDULENT CONCEALMENT

### (Against FCA US, LLC and DOES 1-50)

122.   Plaintiffs repeat, re-plead, and re-allege each and every allegation set forth in the preceding paragraphs of this Class Action Complaint, as though set forth herein.

123.   Defendant maintains a fiduciary relationship with Plaintiffs and Class members, by virtue of its sale, sale of parts, and service of their WK Model vehicles.

124.   On or after July of 2013, Defendant, via its N23 Recall notice, communicated to Plaintiffs and proposed Class members that there existed a dangerous condition with their WK Model Vehicles' FDCMs, which could potentially "cause the transfer case to shift into neutral position without input from the driver." (See Defendant's Service Bulletin attached as Exhibit 1).

125.   Defendant represented to Plaintiffs, and Class members, via its N23 Recall Notice (sample Notice attached as Exhibit 2) that it would "repair" their vehicles free of charge.

126.   The N23 Recall service consisted of uploading updated software into Plaintiffs vehicles, which Defendant knew would effectively disable the FDCM of the WK Model Vehicles during the course of its repeated routine function.   Upon information and belief, Defendant concealed the detrimental impact, or the extent of the detrimental impact, that the uploading of this software would have on the functionality and safety of the WK Model Vehicles.

17

**FIRST AMENDED CLASS ACTION COMPLAINT**

127.     Defendant failed to disclose this material fact, after representing that it would repair Plaintiffs vehicles, in order mislead Plaintiffs and Class members and to provide Defendant access to their WK Model Vehicles.

128.     Defendant's disclosure of the inadvertent neutral condition, while intentionally failing to disclose that the N23 Recall would completely disable the four wheel drive low gear capability, four wheel lock capability, and transfer case neutral capability of the WK Model Vehicle's transfer cases, was deceptive  and caused harm to Plaintiffs and the Class members by concealing from them, or failing to disclose to them, the loss of vehicle functionality and safety that would result following the alleged repair to the WK Model Vehicles.

129.     The fact that the N23 Recall would disable the FDCM of the WK Model Vehicles was only known to Defendant, as it had exclusive knowledge of, and exclusive access to the updated software.

130.     Defendant knew that the disabling nature of the N23 Recall software would not be readily known by Plaintiffs or Class members, as the FDCM needs to run through a certain number of routine cycles before it disables itself.

131.     Defendant actively concealed the disabling nature of the N23 Recall software, stating to the media that the problems WK Model Vehicle owners were experiencing were unrelated, or a 'coincidence.'

132.     Defendant actively concealed the disabling nature of the N23 Recall software by performing unneeded services to said vehicles, in purported attempts to fix the issues causes by the FDCM, to no avail, as added cost and time to Plaintiffs and the members of the Plaintiffs' classes.

133.     Had Defendants disclosed that the N23 Recall would effectively disable the FDCM of the WK Model Vehicles, thereby disabling the four wheel drive low gear capability, four wheel lock capability, and transfer case neutral capability of the WK Model Vehicle's transfer cases, Plaintiffs would not have allowed Defendant's agents access to the vehicle to perform the N23 Recall.

18

**FIRST AMENDED CLASS ACTION COMPLAINT**

134.     On information and belief, the Class members also would not have allowed Defendant's agents access to their WK Model Vehicles if Defendant had disclosed the true disabling nature of the N23 Recall software.

135.     At the time the N23 Recall was performed on Plaintiff's vehicle, they did not know that it would disable the four wheel drive low gear capability, four wheel lock capability, and transfer case neutral capability of his WK Model Vehicle's transfer case.

136.     On information and belief, at the time the N23 Recall was performed on the WK Model Vehicles of Plaintiffs and the Class members, they did not know that it would disable the four wheel drive low gear capability, four wheel lock capability, and transfer case neutral capability of their WK Model Vehicles' transfer cases.

137.     Defendant's conduct of performing the N23 Recall was the cause of the harm to Plaintiffs and the Class members as addressed herein, and has caused them damages which can be measured according to common proof.

**FIFTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION**

**(Against FCA US, LLC and DOES 1-50)**

138.     Plaintiffs repeat, re-plead, and re-allege each and every allegation set forth in the preceding paragraphs of this Class Action Complaint, as though set forth herein.

139.     In the alternative, Plaintiffs aver that, even if Defendant believed that its N23 Recall would in fact repair the FDCM of Plaintiffs' and Class members' WK Model Vehicles, that it had no basis for believing said representation was true when Defendant made it.

140.     Defendant is in the exclusive position to offer and design recalls for the subject WK Model Vehicles, by virtue of the fact that it, or its successors or predecessors in interest, produced said vehicles.

141.     As Defendant is exclusively responsible for the design and implementation of recalls of the WK Model Vehicles, it would be and was objectively unreasonable for Defendant not to test the functionality of the N23 Recall software, given that, by Defendant's own admission, its poor functioning constitutes a safety concern.

19

**FIRST AMENDED CLASS ACTION COMPLAINT**

142.    If Defendant failed to adequately test its N23 Recall software, thereby failing to discover that it caused the disablement of Plaintiffs' WK Model Vehicles' FDCMs, it was unreasonable in representing to Plaintiffs that it would "repair" their vehicles free of charge.

143.    Upon information and belief, Defendant has received numerous complaints from Class members regarding the functionality of their four wheel drive low gear capability, four wheel lock capability, and transfer case neutral capability of their WK Model Vehicles after installation of the N23 Recall software.  It therefore was, and would be, unreasonable for Defendant to continue installing the N23 Recall software and performing the N23 Recalls without adequately investigating these claims.  Defendant failed to do so.

144.    Given that Defendant has been put on notice by consumers, even without knowledge of the disabling nature of its N23 Recall software, it was and would be unreasonable for it to continue to represent to Class members and all consumers that it will "repair" their vehicles, with respect to the inadvertent neutral condition, free of charge.

145.    Defendant's conduct of performing the N23 Recall was the cause of the harm to Plaintiffs and the Class members as addressed herein, and has caused them damages which can be measured according to common proof.

## SIXTH CAUSE OF ACTION – PROMISSORY ESTOPPEL

### (Against FCA US, LLC and DOES 1-50)

146.    Plaintiffs repeat, re-plead, and re-allege each and every allegation set forth in the preceding paragraphs of this Class Action Complaint, as though set forth herein.

147.    On or after July of 2013, Defendant, via its N23 Recall notice, represented to Plaintiffs and proposed Class members that there existed a dangerous condition with their WK Model Vehicles' FDCMs, which could potentially "cause the transfer case to shift into neutral position without input from the driver." (See Defendant's Service Bulletin attached as Exhibit 1).

148.    Defendant promised Plaintiffs, and Class members, via its N23 Recall Notice (sample Notice attached as Exhibit 2) that it would *repair* their vehicles free of charge.

149.     Defendant promised Plaintiffs, via its agents and service managers, that the N23 Recall would correct the issues which could potentially cause the WK Model Vehicles to shift into neutral without driver input.

150.     As a result of the promise Defendant made in its N23 Recall Notice, Plaintiffs were induced by Defendant to provide access to their vehicle for the N23 Recall service.

151.     Plaintiffs are informed and believe, and thereon allege that as a result of the promise Defendant made in its N23 Recall Notice, Class members were induced by Defendant to provide access to their vehicles for the N23 Recall service.

152.     Defendant, through its operation or that of its subsidiaries, successors, predecessors, agents and assigns, is a reputable automobile manufacturer and servicer, and thus it should have anticipated that Plaintiffs and the Class members would understandably rely on its promise, and would and therefore did provide access to their vehicles for the N23 Recall service.

153.     Plaintiff's reliance on Defendant's promise that it would "repair" Plaintiff's WK Model Vehicle was justifiable, as Defendant, through its operation or that of its subsidiaries, successors, predecessors, agents and assigns, is a reputable automobile manufacturer and servicer, well known for its capability of effectively servicing its products.

154.     Plaintiffs and the Class members were injured and detrimentally impacted, as a result of their reliance on Defendant's promise, by the loss of functionality of their WK Model Vehicles' four wheel drive low gear capability, four wheel lock capability, and transfer case neutral capability.

155.     Plaintiffs and the Class members further suffered injury and were detrimentally impacted as a result of their reliance on Defendant's promise, by suffering a diminution in value of their WK Model Vehicles following the administration of Defendant's N23 Recall service, which disabled the vehicles' specially optioned and equipped features, as previously alleged.

**SEVENTH CAUSE OF ACTION – UNFAIR & DECEPTIVE BUSINESS PRACTICES**

**(Against FCA US, LLC and DOES 1-50)**

156.     Plaintiffs repeat, re-plead, and re-allege each and every allegation set forth in the preceding paragraphs of this Class Action Complaint, as though set forth herein.

21

**FIRST AMENDED CLASS ACTION COMPLAINT**

157.    Defendant advertised and represented to Plaintiffs, and Class members, via its N23 Recall Notice (sample Notice attached as Exhibit 2) that it would *"repair"* their vehicles free of charge.

158.    Rather than replace the purportedly fracture prone hardware in the FDCM, or replace the FDCM model itself with a revised model, Defendant opted for a relatively inexpensive option, and it designed, developed, and implemented a software update to upload to the existing FDCMs.

159.    The software update to the FDCM, or the N23 Recall, was designed, and did effectively disable the WK Model Vehicle's FDCM during the course of its repeated routine function.

160.    The software update to the FDCM did not repair the WK Model Vehicles as represented.

161.    Defendant's agents and service technicians have admitted to Plaintiffs that the N23 Recall is in fact what disables the FDCM in the WK Model Vehicles.

162.    Defendant continues to install the N23 Recall on Class members' WK Model Vehicles, with the knowledge that the recall disables the FDCM, thereby causing a loss of functionality of their WK Model Vehicles' four wheel drive low gear capability, four wheel lock capability, transfer case neutral capability, and in turn causing a diminution in value to said vehicles.

163.    Defendant did not inform Plaintiffs, and did not inform Class members that its N23 Recall would cause the above described loss in functionality to their WK Model Vehicles.

164.    In performing this recall, Plaintiffs are informed and believe, and thereon allege, that Defendant has saved itself millions of dollars in the cost of replacing the FDCM in the WK Model Vehicles.

165.    In performing this recall, Plaintiffs are informed and believe, and thereon allege, that Defendant has saved itself from potential liability from WK Model Vehicles shifting into neutral without user input.

166.    Defendant made said representation to Plaintiffs and proposed Class members only to gain access to Plaintiffs' WK Model Vehicles, in order to disable the functionality of their vehicles, and specifically did so to save itself from liability.

167.    Defendant's statement that it would repair the WK Model Vehicles free of charge was likely to induce reliance by Plaintiffs and proposed Class members and an agreement to the "repair," as Defendant, through its operation or that of its subsidiaries, successors, predecessors,

22

**FIRST AMENDED CLASS ACTION COMPLAINT**

agents and assigns, is a reputable automobile manufacturer and servicer, well known for its capability of effectively servicing its products.

168.     Defendant's statement that it would repair the WK Model Vehicles was likely to induce reliance, as Plaintiffs and, on information and belief, Class members, desired to own fully functioning and safe vehicles.

169.     Defendant's statement that it would repair the WK Model Vehicles was likely to induce reliance, as it followed a statement issued by Defendant that the WK Model Vehicles were not safe, and may shift into neutral without user input.

170.     Plaintiffs and proposed Class members did rely on Defendant's statement that it would repair their WK Model Vehicles, as they did provide access to Defendant's agents for installation of the N23 Recall software.

171.     Plaintiffs, and Class members did suffer injury as a result of their reliance on Defendant's promise, by the loss of functionality of their WK Model Vehicles' four wheel drive low gear capability, four wheel lock capability, and transfer case neutral capability.

172.     Plaintiffs, and Class members, further suffered injury as a result of their reliance on Defendant's promise, by suffering a diminution in value of their WK Model Vehicles, as a result of Defendant's N23 Recall service, which disabled the specially optioned and equipped features previously alleged.

173.     As a direct and proximate result of the acts and omissions addressed herein, Plaintiffs are informed and believe, and based upon that information and belief allege, that the Defendant was able to unfairly compete with other automobile manufacturers and sellers because it was able to charge lower prices for its goods and services than the prices charged by other comparable automobile manufacturers and sellers doing business in the State of California and throughout the nation.

174.     Therefore, during the period of at least four years prior to the Complaint filing to the present time and at all times relevant hereto, by and through the conduct described herein, Defendant has engaged in unfair, unlawful and fraudulent business practices, in violation of California Business & Professions Code §§ 17200, et seq., and has thereby deprived Plaintiffs

23

**FIRST AMENDED CLASS ACTION COMPLAINT**

1   and the Class members of rights and privileges guaranteed to them under California law and the

2   unfair competition laws of other states.

3   175.      The acts and omissions described herein are unlawful and in violation of public policy;

4   and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby

5   constitute unfair, unlawful and/or fraudulent business practices in violation of California

6   Business & Professions Code §§ 17200, et.seq.

7   176.      Plaintiffs, individually, and on behalf of members of the Plaintiff Classes, are entitled to,

8   and do seek such relief as may be necessary to disgorge the profits which the Defendant have

9   acquired, or of which Plaintiffs and the Class members have been deprived, by means of the

10   above-described unfair, unlawful and/or fraudulent business practices.   Plaintiffs, and the

11   members of the Plaintiff Classes, are not obligated to establish individual knowledge of the

12   unfair practices of Defendants in order to recover restitution.

13   177.      Plaintiffs, individually, and on behalf of members of the Plaintiff Classes, are further

14   entitled to and do seek a declaration that the above described business practices are unfair,

15   unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them,

16   from engaging in any of the above-described unfair, unlawful and/or fraudulent business

17   practices in the future.

18   178.      Plaintiffs, individually, and on behalf of members of the Plaintiff Classes, have no plain,

19   speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a

20   consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.   As a

21   result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff and

22   the Plaintiff Classes have suffered and will continue to suffer irreparable harm unless the

23   Defendants' and each of them, are restrained from continuing to engage in said unfair, unlawful

24   and/or fraudulent business practices.

25   179.      Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein

26   above, they will continue with their above described acts and omissions.   Therefore, Plaintiffs,

27   individually, and on behalf of members of the Plaintiff Classes, request that the Court issue a

28   preliminary and permanent injunction prohibiting the Defendants, and each of them, from

24

**FIRST AMENDED CLASS ACTION COMPLAINT**

1    continuing to perform the N23 Recalls and from continuing with the unlawful practices described

2    herein in connection with the Recalls.

3    180.    As Plaintiffs seek to enforce an important right affecting the public interest, Plaintiffs also

4    request an award of attorneys' fees, pursuant to Code Civil Procedure § 1021.5.

**EIGTH CAUSE OF ACTION – NEGLIGENCE**

**(Against FCA US, LLC and DOES 1-50)**

7    181.    Plaintiffs repeat, re-plead, and re-allege each and every allegation set forth in the

8    preceding paragraphs of this Class Action Complaint, as though set forth herein.

9    182.    Defendant, in admitting to Plaintiffs and Class members that the WK Model Vehicles

10   suffered a condition which would cause them to shift into neutral without input from the driver,

11   owed Plaintiffs and Class members a duty to properly repair the vehicles.

12   183.    Defendant, in representing to Plaintiffs and Class members that it would repair their WK

13   Model Vehicles, owed them a duty to properly repair their vehicles.

14   184.    Defendant, in electing to take on the task of servicing Plaintiffs' and Class members'

15   vehicles in performing the N23 Recall, owed them a duty to properly repair their vehicles.

16   185.    The standard of care typical in the auto service industry with respect to manufacturer

17   defects is to repair vehicles to a functional state.

18   186.    Defendant, in installing the N23 Recall software, which caused the FDCM to disable the

19   WK Model Vehicles' four wheel drive low gear capability, four wheel lock capability, and

20   transfer case neutral shift capability, breached their duty to Plaintiffs and Class members to

21   properly repair their vehicles.

22   187.    As Defendant is exclusively responsible for the design and implementation of recalls of

23   the WK Model Vehicles, Defendant could not have implemented the N23 Recall without having

24   itself, or through its agents, designed and programmed the updated software implemented via

25   said Recall, and in so doing, Defendant was aware of the nature of the software.

26   188.    As Defendant was aware of the nature of the software, it was reasonably foreseeable to it

27   that installation of the N23 Recall software would cause the FDCM to disable the WK Model

28

25

**FIRST AMENDED CLASS ACTION COMPLAINT**

Vehicles' four wheel drive low gear capability, four wheel lock capability, and transfer case neutral shift capability.

189.     As Defendant was aware of the nature of the software, it was reasonably foreseeable that installation of it would cause Plaintiffs and Class members to suffer the loss of functionality specified abvoe, and consequently a diminution in value to their vehicles from said loss.

190.     As a result of Defendant's installation of the N23 Recall software on Plaintiffs', and Class members' vehicles, Defendant did cause the FDCMs to disable the WK Model Vehicles' four wheel drive low gear capability, four wheel lock capability, and transfer case neutral shift capability.

191.     As a result of Defendant's installation of the N23 Recall software on Plaintiffs, and Class members vehicles, Defendant did cause them to suffer the loss of functionality specified supra, and consequently a diminution in value to their vehicles from said loss.

192.     As a result of Defendant's disabling of the WK Model Vehicles' four wheel drive low gear capability, four wheel lock capability, and transfer case neutral shift capability via its performance of the N23 Recall on Plaintiffs and Class members' vehicles, they did suffer damage by the losing functionality of their vehicles.

193.     As a result of Defendant's disabling of the four wheel drive low gear capability, four wheel lock capability, and transfer case neutral shift capability, via its performance of the N23 Recall on Plaintiffs and Class members' WK Model Vehicles, they did sustain damage by suffering a diminution in value of their vehicles as a result of said loss.

194.     Defendant's negligent conduct of performing the N23 Recall was the cause of the harm to Plaintiffs and the Class members as addressed herein, and has caused them damages which can be measured according to common proof.

**NINTH CAUSE OF ACTION – STRICT PRODUCTS LIABILITY**

**(Against FCA US, LLC and DOES 1-50)**

195.     Plaintiffs repeat, re-plead, and re-allege each and every allegation set forth in the preceding paragraphs of this Class Action Complaint, as though set forth herein.

26

**FIRST AMENDED CLASS ACTION COMPLAINT**

196.     Plaintiffs Lynn Grimstad and Mara Manuel purchased their WK Model Vehicle new from Defendant, or from its subsidiary, successor, predecessor, agent or assignee.

197.     . Defendant, or its subsidiary, successor, predecessor, agent or assignee, distributed the WK Model Vehicles to Plaintiffs and Class members.

198.     In performing the N23 Recall to Plaintiffs and Class members' vehicles, Defendant serviced their WK Model Vehicles with defective software in the FDCM.

199.     In performing the N23 Recall, Plaintiffs and Class members' WK Model Vehicles left Defendant's service departments with a defective software which would inevitably render the four wheel drive low gear capability, four wheel lock capability, and transfer case neutral shift capability of said vehicles disabled and inoperable.   Defendant's WK Model Vehicles were produced with the inherent manufacturing defect which caused the issues giving rise to the N23 Recall and maintained this defect when sent for sales to consumers.   The defect in the WK Model Vehicles then in turn necessitated the N23 Recall, and Defendant further caused the WK Model Vehicles to all include a product defect after the N23 Recall service was performed because the N23 Recall software installed rendered the four wheel drive low gear capability, four wheel lock capability, and transfer case neutral shift capability of said vehicles disabled and inoperable.

200.     Plaintiffs, and upon information and belief the Class members, purchased their WK Model Vehicles for the capabilities and functionality they possessed, including the transfer case shift capability, and they expected that after the N23 recall, said capability would remain.

201.     Plaintiffs and the Class members were harmed by the defective software distributed by Defendant via its N23 Recall by losing functionality of their four wheel drive low gear capability, four wheel lock capability, and transfer case neutral shift capability in their WK Model Vehicles.

202.     Plaintiffs and the Class members were harmed by the defective software distributed by Defendant via its N23 Recall by suffering a diminution in value of their vehicles as a result of the aforementioned losses.

**FIRST AMENDED CLASS ACTION COMPLAINT**

203.     Defendant's installation of the defective N23 Recall software was a substantial factor in causing Plaintiffs and Class members to suffer the aforementioned injuries, and has caused them damages which can be measured according to common proof.

**TENTH CAUSE OF ACTION – IMPLIED WARRANTY OF MERCHANTABILITY**

**(Against FCA US, LLC and DOES 1-50)**

204.     Plaintiffs repeat, re-plead, and re-allege each and every allegation set forth in the preceding paragraphs of this Class Action Complaint, as though set forth herein.

205.     Plaintiffs purchased their WK Model Vehicle new from Defendant, or its subsidiary, successor, predecessor, agent or assignee.

206.     At the time Plaintiffs purchased their WK Model Vehicle, Defendant, including by its operation or that of its subsidiary, successor, predecessor, agent or assignees, was a reputable auto manufacturer, distributor, and supplier of automobiles, was in the business of selling vehicles specially optioned and equipped with four wheel low, four wheel locker, and transfer case neutral shift capabilities.

207.     At the time Plaintiffs purchased their WK Model Vehicle, Defendant, its agents, and salespersons, held themselves out to have special knowledge with respect to with four wheel low, four wheel locker, and transfer case neutral shift capable vehicles.

208.     At the time Plaintiffs purchased their WK Model Vehicle, Defendant, itself or through its subsidiary, successor, predecessor, agents, and salespersons, specifically represented to Plaintiffs that their WK Model Vehicle was fit for the purpose of shifting into four wheel low, four wheel locker, or a transfer case neutral position.

209.     At the time that Plaintiffs and the Class members purchased their WK Model Vehicles, the vehicles were not fit for their ordinary intended purposes and were not of the same quality as those generally acceptable in the automobile manufacturing and resale trade because their four wheel low, four wheel locker, and transfer case neutral shift capabilities were susceptible to stress fracture induced failure.

210.     Plaintiffs specifically purchased their WK Model Vehicle for its four wheel low, four wheel locker, and transfer case neutral shift capabilities.

28

**FIRST AMENDED CLASS ACTION COMPLAINT**

211.    Plaintiffs were, at the time of purchase, and are, in need of a vehicle which has the traction and torque which can be delivered only by a transfer case capable of shifting into four wheel lock, and four wheel locker.

212.    Plaintiffs were, at the time of purchase, and are, in need of a vehicle which has the ability to shift its transfer case into neutral, so that it may be towed behind a recreational vehicle, such as a motorhome.

213.    Plaintiffs WK Model Vehicle's transfer case, and FDCM were in fact not the same quality as those generally accepted in the trade.

214.    Plaintiffs WK Model Vehicle's transfer case in fact suffered from a FDCM which was susceptible to a stress fracture in the circuit board, and was in fact susceptible to a neutral shift without input from the driver.

215.    Defendant, and its successor, issued the N23 Recall, and notified Plaintiffs that it would "repair [Plaintiffs'] vehicle[s] free of charge." (See sample notice attached as Exhibit 2).

216.    Defendant, itself or through its subsidiary, successor, predecessor, agent or assignee, at the time said Notice, was a reputable servicer of the WK Model Vehicles, and was in the business of repairing said vehicles specially optioned and equipped with four wheel low, four wheel locker, and transfer case neutral shift capabilities.

217.    Plaintiffs, relying on Defendants representations in the N23 Recall notice, relied on Defendants representations, and delivered their WK Model Vehicle to Defendant for service.

218.    As a consequence of Defendants installation of the N23 Recall software on Plaintiffs WK Model Vehicle, Defendants disabled the four wheel drive low gear capability, four wheel lock capability, and transfer case neutral capability of Plaintiffs' vehicle's transfer case.

219.    Plaintiffs took reasonable steps to notify Defendant, its successor, and agents that their transfer case shift capabilities had been disabled.

220.    Defendants did not, and have been unable to repair the damage it caused to Plaintiffs WK Model Vehicle's transfer case shift capabilities.

221.    Upon information and belief, the members of the Plaintiffs' Classes purchased their WK Model Vehicles for similar purposes to those of Plaintiffs, and like Plaintiffs expected that they

Exhibit A
Page 62 of 76

1   would possess the functionality and capabilities as represented by Defendant, and consented to

2   the N23 Recall and the installation of the N23 Recall software based upon the representations of

3   Defendant.

4   222.   Plaintiffs, and proposed Class members' WK Model Vehicles have been damaged by

5   being deprived of the use of the low gear function, four wheel lock function, and neutral shift

6   function of their transfer cases.

7   223.   Plaintiffs, and proposed Class members have suffered a diminution in value to their

8   vehicles as a result of the loss of the vehicle's low gear function, four wheel lock function, and

9   transfer case neutral shift function.

10   224.   Defendant's above described actions and omissions have caused Plaintiffs and Class

11   members to suffer the aforementioned injuries, and have caused them damages which can be

12   measured according to common proof.

13   **ELEVENTH CAUSE OF ACTION – DECLARATORY RELIEF**

14   **(Against FCA US, LLC and DOES 1-50)**

15   225.   Plaintiffs repeat, re-plead, and re-allege each and every allegation set forth in the

16   preceding paragraphs of this Class Action Complaint, as though set forth herein.

17   226.   Defendant is and has been aware of the defect in its N23 Recall software, yet in order to

18   protect its profits, to avoid remediation costs, to avoid potential liability, and to avoid adverse

19   public relations, it concealed said defect, and deceived Plaintiffs and Class members into

20   allowing it to install said defective software into their WK Model Vehicles.

21   227.   Defendant actively concealed the disabling nature of the N23 Recall software, stating to

22   the media that the problems WK Model Vehicle owners were experiencing were unrelated, or a

23   'coincidence.'

24   228.   An actual controversy regarding the disabling of the four wheel drive low gear capability,

25   four wheel lock capability, and transfer case neutral shift capability of WK Model Vehicles in

26   relation to the N23 Recall software, has arisen between Defendant and Plaintiffs.

27   229.   In respect to all of the foregoing, an actual controversy has arisen and now exists between

28   Defendant and Plaintiffs, and in turn also between Defendant and the other Class members.

30

**FIRST AMENDED CLASS ACTION COMPLAINT**

230.     Based on Defendant's continuing failures to fix the known defects caused by the N23 Recall software, Plaintiffs and the Class members seek a declaration that Defendant has not adequately implemented their recall commitments and requirements and general commitments to fix its failed processes, and injunctive relief in the form of judicial supervision over the recall process is warranted.

231.     A judicial declaration is necessary and appropriate at this time in respect of the circumstances to establish the Parties respective rights and remedies under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the members of the proposed Plaintiffs' Classes as defined herein, respectfully request that this Court enter a judgment against FCA US, LLC and in favor of Plaintiffs and the Classes, and grant the following relief:

A.     Determine that this action may be maintained and certified as a class action, or alternatively, certify all questions, issues and claims that are appropriately certifiable; and that it designate and appoint Plaintiffs as Class Representatives, and appoint Plaintiffs' counsel as Class Counsel.

B.     A declaration that the WK Model Vehicles are defective as described herein.

C.     A declaration that Defendant be financially responsible for notifying all Class members of the defects present in their vehicles.

D.     An order enjoining Defendant to desist from further deceptive distribution or recall practices with respect to the WK Model Vehicles, and directing Defendant and its agents to permanently, expeditiously, and completely remedy the defects present in the WK Model Vehicles or refund the purchase price of these vehicles.

E.     An order under which the Court will monitor any recall program or remedial measure for these defects to insure the remedial measures will fully and completely remedy the defects here; and establish by Court decree and administrator, under Court supervision, a program funded by Defendants, under which claims can be made and paid for Class members' recall-related out-of-pocket expenses and costs;

31

**FIRST AMENDED CLASS ACTION COMPLAINT**

F.      Award Plaintiffs and Class members their actual, compensatory and/or statutory damages, according to proof;

G.     Award Plaintiffs and the Class members punitive and exemplary damages in an amount sufficient to punish Defendant for its misconduct and deter the repetition of such conduct of Defendant or others;

H.     Award Plaintiffs and Class members their reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest;

I.      Award Plaintiffs and all class representatives an amount of compensation for their representation of the Classes;

J.     Award Plaintiffs and Class Members restitution and/or disgorgement of Defendant's ill-gotten gains for the conduct described in this Class Action Complaint;

K.     Leave to amend this Complaint to conform to the evidence produced at trial; and

L.     Award Plaintiffs and Class members such other, further and different relief as the case may require; or as determined to be just, equitable, and proper by this Court.

Dated: March 30, 2016            **A.O.E. LAW & ASSOCIATES**

Victoria Orafa, Esq.
Attorney for Plaintiffs LYNN GRIMSTAD and MARA
MANUEL, on behalf of themselves and on behalf of a
Class of all other persons similarly situated

////////
////

32
**FIRST AMENDED CLASS ACTION COMPLAINT**

1

## DEMAND FOR A JURY TRIAL

2       Plaintiffs hereby demand trial of the claims by jury to the extent authorized by law.

3

4    Dated: March 30, 2016                    A.O.E. LAW & ASSOCIATES

5

6

7

8                                            Victoria Orafa, Esq.
                                             Attorney for Plaintiffs LYNN GRIMSTAD and MARA
9                                            MANUEL, on behalf of themselves and on behalf of a
                                             Class of all other persons similarly situated
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

33

**FIRST AMENDED CLASS ACTION COMPLAINT**

# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

34

**FIRST AMENDED CLASS ACTION COMPLAINT**





July 2013

Dealer Service Instructions for:

# Safety Recall N23 / NHTSA 13V-175
# Reprogram Final Drive Controller Module

## Models

| 2005 - 2010 | (WK) Jeep® Grand Cherokee |
| 2006 - 2010 | (XK) Jeep Commander |

*NOTE: This recall applies only to the above vehicles equipped with a 245 transfer case (sales code DHX).*

**IMPORTANT: Some of the involved vehicles may be in dealer used vehicle inventory. Dealers should complete this recall service on these vehicles before retail delivery.** Dealers should also perform this recall on vehicles in for service. Involved vehicles can be determined by using the VIP inquiry process.

## Subject

The Final Drive Controller Module (FDCM) software on about 295,200 of the above vehicles may unintentionally cause the transfer case to shift into the neutral position without input from the driver. This condition could allow the vehicle to roll away inadvertently while the vehicle is parked and cause a crash without warning.

## Repair

The final drive controller module must be reprogrammed with updated software.

© Copyright 2013, Chrysler Group LLC, All Rights Reserved

Safety Recall N23 – Reprogram Final Drive Controller Module          Page 2

**Parts Information**

No parts are required to perform this service procedure.

**Special Tools**

The following special tools are required to perform this repair:

➢ NPN                      wiTECH VCI Pod Kit

➢ NPN                      Laptop Computer

➢ NPN                      wiTECH Software

**Service Procedure**

## Reprogram Final Drive Controller Module

NOTE: The wiTECH scan tool must be used to perform this recall. This
procedure must be performed with software release level 13.04 or higher.
If the reprogramming flash for the FDCM is aborted or interrupted,
repeat the procedure.

1. Open the hood. Install a battery charger and verify that the charging rate provides
13.0 to 13.5 volts. Do not allow the charger to time out during the flash process.
Set the battery charger timer (if so equipped) to continuous charge.

   NOTE: Use an accurate stand-alone voltmeter. The battery charger volt
   meter may not be sufficiently accurate. Voltages outside of the specified
   range will cause an unsuccessful flash. If voltage reading is too high, apply
   an electrical load by activating the park or headlamps and/or HVAC
   blower motor to lower the voltage.

2. Connect the wiTECH VCI pod to the vehicle data link connector.

3. Place the ignition in the "RUN" position.

4. Open the wiTECH Diagnostic application.

5. Starting at the "Select Tool" screen, highlight the row/tool for the wiPOD
device you are using. Then select "Next" at bottom right side of the screen.

**Safety Recall N23 – Reprogram Final Drive Controller Module**    Page 3

┌─────────────────────────────────┐
│ **Service Procedure (Continued)** │
└─────────────────────────────────┘

6. Enter your "**User id**" and "**Password**", then select "**Finish**" at the bottom of the screen.

7. Perform a vehicle scan report before reprogramming the FDCM. Print a copy of the report and attach to the work order.

8. From the "Vehicle View" screen, click on the "**FDCM**" icon.

9. Select the "**Flash Tab**".

10. From the "**FDCM View**" screen, compare the "**Current Flash Number**" with the "**New Part Number**" listed on the "**sort table**". If the "**Current Flash Number**" is the same as the "**New Part Number**" continue to Step 17. If the part numbers are not the same, continue to Step 11.

11. With the cursor over the desired flash file, click the small green arrow button on the right side of the screen.

12. From the "**ECU Flash**" screen follow the wiTECH screen instructions to complete the flash.

13. Once the flash is complete click the "**OK**" button on the "**ECU Flash**" screen.

14. Select the "**Clear Stored DTC's**" button and then check for DTC's.

15. **For vehicles with active Diagnostic Trouble Code (DTC) "C140F"** perform the following procedure:

    a. Turn the ignition key to the "OFF" position and remove the key from the ignition switch.

    b. Insert the key into the ignition switch and place the ignition in the "RUN" position.

    c. Navigate to and select the FDCM "**DTC**" tab.

    d. Clear all stored and active DTC's for a second time.

    e. Clear all stored DTC's for a third time.

    **NOTE: If DTC C140F is still present and active, additional diagnosis is required.**

Safety Recall N23 – Reprogram Final Drive Controller Module          Page 4

## Service Procedure (Continued)

16. From the **"FDC View"** screen, compare the **"Current Flash Number"** with the **"New Part Number"** listed on the **"sort table"**. If the **"Current Flash Number"** is the same as the **"New Part Number"** the flash is complete. If the part numbers are not the same, repeat Steps 8 through 15.

17. Turn the ignition to the **"OFF"** position and remove the wiTECH VCI pod and battery charger from the vehicle.

## Completion Reporting and Reimbursement

Claims for vehicles that have been serviced must be submitted on the DealerCONNECT Claim Entry Screen located on the Service tab. Claims submitted will be used by Chrysler to record recall service completions and provide dealer payments.

Use <u>one</u> of the following labor operation numbers and time allowances:

|  | Labor Operation Number | Time Allowance |
|---|---|---|
| Software Update Previously Performed | 21-N2-31-81 | 0.2 hours |
| Reprogram Final Drive Controller Module | 21-N2-31-82 | 0.3 hours |

Add the cost of the recall parts package plus applicable dealer allowance to your claim.

NOTE: See the Warranty Administration Manual, Recall Claim Processing Section, for complete recall claim processing instructions.

## Dealer Notification

To view this notification on DealerCONNECT, select "Global Recall System" on the Service tab, then click on the description of this notification.

**Safety Recall N23 – Reprogram Final Drive Controller Module**                    Page 5

## Owner Notification and Service Scheduling

All involved vehicle owners known to Chrysler are being notified of the service requirement by first class mail. They are requested to schedule appointments for this service with their dealers. A generic copy of the owner letter is attached.

Enclosed with each owner letter is an Owner Notification postcard to allow owners to update our records if applicable.

## Vehicle Lists, Global Recall System, VIP and Dealer Follow Up

All involved vehicles have been entered into the DealerCONNECT Global Recall System (GRS) and Vehicle Information Plus (VIP) for dealer inquiry as needed.

GRS provides involved dealers with an underlined updated VIN list of their incomplete vehicles. The owner's name, address and phone number are listed if known. Completed vehicles are removed from GRS within several days of repair claim submission.

To use this system, click on the **"Service"** tab and then click on **"Global Recall System."** Your dealer's VIN list for each recall displayed can be sorted by: those vehicles that were unsold at recall launch, those with a phone number, city, zip code, or VIN sequence.

**Dealers must perform this repair on all unsold vehicles _before_ retail delivery.** Dealers should also use the VIN list to follow up with all owners to schedule appointments for this repair.

*Recall VIN lists may contain confidential, restricted owner name and address information that was obtained from the Department of Motor Vehicles of various states. Use of this information is permitted for this recall only and is strictly prohibited from all other use.*

## Additional Information

If you have any questions or need assistance in completing this action, please contact your Service and Parts District Manager.

Customer Services / Field Operations
Chrysler Group LLC

# EXHIBIT 2

J
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

35

**FIRST AMENDED CLASS ACTION COMPLAINT**

Case 9:16-cv-07125-WHP Document 24 Filed 09/15/16 Page 41 of 43

 **CHRYSLER**

***

## SAFETY RECALL N23 / NHTSA 13V-175
## REPROGRAM FINAL DRIVE CONTROLLER MODULE

Dear: (Name)

This notice is sent to you in accordance with the requirements of the National Traffic and Motor Vehicle Safety Act.

Chrysler has decided that a defect, which relates to motor vehicle safety, exists in some **2005 through 2010 model year Jeep® Grand Cherokee and 2006 through 2010 model year Commander vehicles equipped with Quadra-Drive II or Quadra-Trac II four wheel drive system.**

| | |
|---|---|
| *The problem is...* | **The Final Drive Controller Module (FDCM) software on your vehicle (VIN: xxxxxxxxxxxxxxxx) may unintentionally cause the transfer case to shift into the neutral position without input from the driver. This condition could allow the vehicle to roll away inadvertently while the vehicle is parked and cause a crash without warning.** |
| *What your dealer will do...* | **Chrysler will repair your vehicle free of charge (parts and labor).** To do this, your dealer will reprogram the Final Drive Controller Module. The work will take about ½ hour to complete. However, additional time may be necessary depending on service schedules. |
| *What you must do to ensure your safety...* | Simply **contact your Chrysler, Jeep, or Dodge dealer** right away to schedule a service appointment. **Please bring this letter with you to your dealer.** |
| *If you need help...* | If you have questions or concerns which your dealer is unable to resolve, please contact the Chrysler Group Recall Assistance Center at 1-800-853-1403. |

Please help us update our records by filling out the attached prepaid postcard if any of the conditions listed on the card apply to you or your vehicle. You may also update this information on the web at CCCCCCCCCCCCCCCCCCCCCCCCCCC

If you have already experienced this condition and have paid to have it repaired, please send your original receipts and/or other adequate proof of payment to the following address for reimbursement: Chrysler Customer Assistance, P.O. Box 21-8007, Auburn Hills, MI 48321-8007, Attention: Reimbursement. Once we receive and verify the required documents, reimbursement will be sent to you within 60 days.

If your dealer fails or is unable to remedy this defect without charge and within a reasonable time, you may submit a written complaint to the Administrator, National Highway Traffic Safety Administration, 1200 New Jersey Ave., S.E., Washington, DC 20590, or call the toll-free Vehicle Safety Hotline at 1-888-327-4236 (TTY 1-800-424-9153), or go to http://www.safercar.gov.

We're sorry for any inconvenience, but we are sincerely concerned about your safety. Thank you for your attention to this important matter.

Customer Services / Field Operations
Chrysler Group LLC
Notification Code N23

*Note to lessors receiving this recall: Federal regulation requires that you forward this recall notice to the lessee within 10 days.*

Exhibit A
Page 74 of 76

| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |
| 27 |
| 28 |

# EXHIBIT 3

36

**FIRST AMENDED CLASS ACTION COMPLAINT**

Case 1:16-cv-07125-WHP Document 24 Filed 09/15/16 Page 43 of 43 Pg

**CSC-10058278-1977**



REPROGRAM FINAL DRIVE
CONTROL MODULE

## *CUSTOMER SATISFACTION NOTIFICATION*

*P73*

This notice applies to your vehicle (VIN: xxxxxxxxxxxxxxxxx).

Dear: (Name)

At FCA US LLC, we recognize that the success of our business depends on the satisfaction of our customers. We are constantly monitoring the quality of our products and looking for opportunities to improve our vehicles even after they are sold. Because your long-term satisfaction is important to us, we are contacting you on important improvements we would like to make to your vehicle. This will be done at no charge to you.

We are recommending the following improvements be performed on certain **2005 through 2010 model year Jeep® Grand Cherokee and 2006 through 2010 model year Jeep® Commander vehicles equipped with a Quadra-Trac II Full Time Active 4WD transfer case.**

| | |
|---|---|
| *Recommended Service:* | **The Final Drive Control Module (FDCM) software on your vehicle may cause the "Service 4WD" light to come on and an inability to switch 4WD mode when trying to shift out of the current selected mode.** |
| *What your dealer will do:* | **FCA will service your vehicle free of charge (parts and labor).** To do this, your dealer will reprogram the Final Drive Control Module (FDCM) with new software. The work will take about ½ hour to complete. However, additional time may be necessary depending on service schedules. We recommend that you make an appointment with your dealer to minimize your inconvenience. |
| *What you should do:* | Simply **contact your Chrysler, Jeep, or Dodge dealer,** at your convenience, to schedule a service appointment. Your dealer will collect the necessary information to ensure that the appropriate parts are available so your service can be completed in a timely manner. Although not required, we recommend bringing this letter with you to your dealer, when you bring your vehicle in for this service. |
| *If you need help:* | Please contact the FCA US Customer Assistance Center at 1-800-853-1403. |

Please help us update our records by filling out the attached prepaid postcard, if any of the conditions listed on the card apply to your vehicle. If you have further questions go to **recalls.mopar.com.**

If you have already experienced this specific condition and have paid to have it repaired, you may visit **www.fcarecallreimbursement.com** to submit your reimbursement request online or you can mail your original receipts and proof of payment to the following address for reimbursement consideration: **FCA Customer Assistance, P.O. Box 21-8004, Auburn Hills, MI 48321-8007, Attention: Recall Reimbursement.** Once we receive and verify the required documents, reimbursement will be sent to you within 60 days. If you've had previous repairs and/or reimbursement you may still need to have the recall repair performed on your vehicle.

We apologize for any inconvenience this service may cause to your schedule. FCA is committed to providing our customers with world class quality products, ensuring that you have a positive dealership experience and following up on any issues and concerns that you may have in a timely manner through our Customer Assistance Center. Thank you for being our customer.

Sincerely,
Customer Service / Field Operations
FCA US LLC

Exhibit A
Page 76 of 76