09-50002-mg Doc 8492-36 Filed 09/13/16 Entered 09/15/16 10:48:20 Page 1 of 19 main
Case 1:16-cv-07125-WHP Document 25 Filed 09/27/16 Page 1 of 19
Pg 1 of 19

Rowena Santos CSB 210185
rsantos@thompsoncoburn.com
THOMPSON COBURN LLP
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

Kathy A. Wisniewski (*pro hac vice* to be filed)
kwisniewski@thompsoncoburn.com
Stephen A. D'Aunoy (*pro hac vice* to be filed)
sdaunoy@thompsoncoburn.com
Scott H. Morgan (*pro hac vice* to be filed)
smorgan@thompsoncoburn.com
THOMPSON COBURN LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101
Tel: 314.552.6000 / Fax: 314.552.7000

*Attorneys for Defendant FCA US LLC*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| LYNN GRIMSTAD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | Case No. 8:16-cv-00763-JVS-E<br>———————————<br><br>**FCA US LLC'S NOTICE OF MOTION AND MOTION TO TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**[CLASS ACTION]**<br><br>**DATE:** July 11, 2016<br>**TIME:** 1:30 p.m.<br>**JUDGE:** James V. Selna<br>**COURTROOM:** 10C |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

     **PLEASE TAKE NOTICE** that on July 11, 2016 at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 10C of the above-captioned court, located at 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, Defendant FCA US LLC will and hereby does move this Court for an order transferring this case to the United States District Court for the Southern District of New York, for referral to the Bankruptcy Court in that District.

     This motion is made on the grounds that, pursuant to 28 U.S.C. § 1412, transfer of this case to the United States District Court for the Southern District of New York, for referral to the Bankruptcy Court in that District, will serve the interest of justice because this case arises under, arises in, and is related to the bankruptcy proceeding pending in the Southern District of New York known as *In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002.

     This motion is based on this Notice of Motion, FCA US's Memorandum of Points and Authorities, FCA US's Request for Judicial Notice, and other documents filed in this action, and on such other and further matters as may be presented to the Court at or prior to the hearing.

     This motion is made following a conference with counsel pursuant to L.R. 7-3, which took place on May 11, 2016.

Dated: May 27, 2016        **THOMPSON COBURN LLP**

                                      By: */s/ Rowena Santos*
                                           Rowena Santos

                                      *Attorneys for Defendant FCA US LLC*

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1
II. FACTS RELEVANT TO TRANSFER MOTION ............................................1
    **A.** Old Carco's Bankruptcy And FCA US's Purchase Of Assets ...............................................................................................1
    B. The Allegations Underlying Plaintiffs' Claims ....................................4
    C. The Recall of the "Class Vehicles" Underlying Plaintiffs' Claims ...................................................................................................4
    D. Plaintiffs' Claims, Proposed Class, and Requested Relief ...................5
    E. FCA US's Position On Remand After Transfer ...................................5
II. ARGUMENT .........................................................................................................5
    A. Law Governing Transfers .....................................................................6
    B. Transfer Will Promote The Interest Of Justice .....................................9
    C. The Bankruptcy Court Has Consistently Exercised Its Jurisdiction To Interpret And Enforce Its Sale Order .........................12
IV. CONCLUSION ...................................................................................................13

09-50002-mg Doc 8492-36 Filed 09/13/16 Entered 09/15/16 10:48:20 main
Case 1:16-cv-07125-WHP Document 25 Filed 08/27/16 Page 4 of 19
Pg 4 of 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ayres v. Gen. Motors Corp.*, 234 F.3d 514 (11th Cir. 2000) .................................... 8

*Burton v. Chrysler Group LLC*, 492 B.R. 392 (S.D.N.Y. 2013) ............................ 13

*Campbell v. Gen. Motors Corp.*, 19 F.Supp.2d 1260 (N.D.Ala. 1998) ................... 8

*Cooper v. Daimler AG*, 2009 WL 4730306 (N.D.Ga. 2009) ..................................... 8

*Creekridge Capital, LLC v. La. Hosp. Ctr., LLC*, 410 B.R. 623
 (D.Minn. 2009) ................................................................................. 6, 7, 9, 10

*Doss v. Chrysler Group LLC*, 2009 WL 4730932 (D.Ariz. 2009) ........................... 8

*In re Fountain Vill. Dev.*, 2014 WL 4656506 (D. Alaska 2014) ......................... 9, 10

*In re Nat'l Consumer Mortg. LLC*, 2010 WL 2384217 (C.D.Cal. 2010) ................ 11

*In re Old Carco LLC/Wolff v. Chrysler Group LLC*,
 Case No. 09-50002 .................................................................................... 7

*In re Silicon Valley Innovation Co.*, 2012 WL 3778853
 (N.D.Cal. 2012) ......................................................................................... 9

*Jackson v. Fenway Partners, LLC*, 2013 WL 1411223
 (N.D.Cal. 2013) ...................................................................................... 6, 7

*KFC Corp. v. Wagstaff*, 2013 WL 3166165 (W.D.Ky. 2013) ............................. 6, 9

*Mendoza v. Gen. Motors, LLC*, 2010 WL 5224136 (C.D.Cal. 2010) .............. 6, 9, 11

*Perno v. Chrysler Group LLC*, 2011 WL 868899 (D.N.J. 2011) ............................ 8

*Quesenberry v. Chrysler Group LLC*, 2012 WL 3109431
 (E.D.Ky. 2012) ................................................................................. *passim*

*Reid-Ashman Mfg., Inc. v. Swanson Semiconductor Svc., L.L.C.*,
 2008 WL 425638 (N.D.Cal. 2008) ...................................................... 6, 9, 10, 11

09-50002-mg Doc 8492-36 Filed 09/13/16 Entered 09/15/16 10:48:20 main
Case 1:16-cv-07125-WHP Document 25 Filed 09/27/16 Page 5 of 19
Pg 5 of 19

09-50002-mg  Doc 8492-36  Filed 09/13/16  Entered 09/15/16 10:48:20  main
Case 1:16-cv-07125-WHP  Document 25  Filed 09/27/16  Page 5 of 19
Pg 5 of 19

*RFF Family P'ship, LP v. Wasserman*, 2010 WL 420014
(N.D. Ohio 2010) ......................................................................................... 7, 9, 11

*Ritter v. Chrysler Group LLC*, 2013 WL 7175621 (M.D.Pa. 2013)
(*adopted* 2014 WL 549706 (M.D.Pa. 2014)) ....................................................... 8

*Shatzki v. Abrams*, 2010 WL 148183 (E.D.Cal. 2010) .............................................. 8

*Tatum v. Chrysler Group LLC*, 2011 WL 6303290 (D.N.J. 2011) ................... 8, 9, 11

*TIG Ins. Co. v. Smolker*, 264 B.R. 661 (C.D.Cal. 2001) ............................................ 9

*Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009) ............................................. 10

**Statutes and Constitutional Provisions**

28 U.S.C. § 1412 ............................................................................................... *passim*

49 U.S.C. § 30101, *et seq.* ........................................................................................ 8

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg   Doc 8492-36   Filed 09/13/16   Entered 09/15/16 10:48:20   main
Case 1:16-cv-07125-WHF   Document 25   Filed 05/27/16   Page 6 of 19
Pg 6 of 19

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This is a vehicle-defect class action.  All eleven of the claims pleaded in the First Amended Complaint ("FAC") are based on the notion that Plaintiffs' vehicles, and others like them, have a "hardware" defect which Defendant FCA US LLC ignored when it provided a software update during a vehicle recall mandated by the National Traffic and Motor Vehicle Safety Act, 49 U.S.C § 30101, *et seq.*, and conducted under the supervision of the National Highway Transportation Safety Administration ("NHTSA").  According to Plaintiffs, the vehicles at issue were manufactured with a "hardware" defect that allows the transfer cases in them to inadvertently shift into neutral, and the recall remedy provided by FCA US not only failed to address this defect, it resulted in the loss of some of the four-wheel-drive functions in their vehicles.

FCA US did not manufacture or sell Plaintiffs' vehicles, and in its provision of the recall remedy FCA US was merely fulfilling obligations imposed by the Safety Act as required by a "Sale Order" issued by the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").  That Sale Order bars civil claims against FCA US that are based on and contingent on a defect in a vehicle FCA US did not manufacture, and those claims which arise out of FCA US's actions in fulfilling duties imposed by the Safety Act.

Because the threshold issue here is whether Plaintiffs' claims are barred by a Sale Order entered by the Bankruptcy Court, FCA US respectfully requests that this case be transferred to that Court so it can interpret and enforce its own Sale Order, and continued uniformity in its application will be assured.

## II. FACTS RELEVANT TO TRANSFER MOTION

**A.    Old Carco's Bankruptcy And FCA US's Purchase Of Assets.**

On April 30, 2009, Old Carco LLC and several of its subsidiaries filed for bankruptcy protection in the United States Bankruptcy Court for the Southern

09-50002-mg Doc 8492-36 Filed 09/13/16 Entered 09/15/16 10:48:20 main
Case 1:16-cv-07125-WHF Document 25 Filed 05/27/16 Page 7 of 19
Pg 7 of 19

District of New York. *See In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (Bankr. S.D.N.Y.) ("the Bankruptcy Proceeding").[1] The Bankruptcy Proceeding remains pending. *Id.*

FCA US, an entity that did not exist until April 28, 2009,[2] purchased certain assets of Old Carco in the Bankruptcy Proceeding. FCA US purchased the assets pursuant to the terms of a "Sale Order" entered by the Bankruptcy Court on June 10, 2009.[3] In the Sale Order, the Bankruptcy Court found that FCA US (*i.e.,* the "Purchaser") would have no liabilities for any claims which existed against Old Carco except for those liabilities which it ***expressly*** assumed. *See* Sale Order, pp. 40-41, ¶ 35. So as to ensure that FCA US would bear no responsibilities for the debts and liabilities of Old Carco (except as otherwise expressly assumed), the Bankruptcy Court found that FCA US was ***not***, and could ***not*** be found to: "(a) be a legal successor, or otherwise be deemed a successor to the Debtors (other than with respect to any obligations arising under the Assumed Agreements from and after the Closing); (b) have, *de facto*, or otherwise, merged with or into the Debtors; or (c) be a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors."[4] *Id.*

---

[1] This Court can take judicial notice of the documents of record in the Bankruptcy Proceeding. *See In re NJOY, Inc. Consumer Class Action Litig.*, 120 F.Supp.3d 1050, 1067 (C.D.Cal. 2015) (*citing United States v. Black,* 482 F.3d 1035, 1041 (9th Cir. 2007)).

[2] *See* Request for Judicial Notice ("RJN"), Exhibit 1.

[3] A copy of the Sale Order (without its voluminous exhibits) is attached as Exhibit 2 to RJN. A copy of the complete Sale Order is available through PACER at the Bankruptcy Court's website at docket number 3232.

[4] Plaintiffs have not pleaded any "continuity," "merger," or "de facto merger" theory of liability. The Sale Order expressly makes clear that there is no basis to pursue such a theory. Plaintiffs, however, seem to be aiming for such a theory as they aver that their vehicles were manufactured by FCA US or a "predecessor." *See, e.g.,* FAC ¶¶ 1, 18.

2

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg   Doc 8492-36   Filed 09/13/16   Entered 09/15/16 10:48:20   main
Case 1:16-cv-07125-WHF   Document 25   Filed 05/27/16   Page 8 of 19
Pg 8 of 19

There is nothing in the Sale Order which could be construed as FCA US expressly assuming any liabilities for any fraud-based claims of any nature, or for claims seeking economic damages based on theories of trespass, conversion, negligent misrepresentation, promissory estoppel, negligence, strict liability, or breach of implied warranty. The Sale Order does not indicate that FCA US was assuming liabilities for claims seeking declaratory or injunctive relief.[5] In the Sale Order FCA US did not assume liabilities for statutory damages, punitive damages, or any type of consequential damages such as "loss of use" or "diminution in value." And, the Sale Order expressly bars claims against FCA US which seek economic damages due to design and/or manufacturing defects in vehicles that were manufactured by Old Carco. *Id.* at pp. 28-29, ¶¶ 12-13. While FCA US agreed to assume certain responsibilities and liabilities ***owed to the NHTSA*** for motor vehicles containing a defect, this assumption expressly excluded all liabilities associated with "pre-bankruptcy" vehicles other than those liabilities owed to the NHTSA:

> [FCA US] has agreed to assume as Assumed Liabilities under the Purchase Agreement and this Sale Order the Debtors' notification, remedy and other obligations under 49 U.S.C. §§ 30116 through 30120 of the NTMVSA [National Traffic and Motor Vehicle Safety Act] relating to vehicles manufactured by the Debtors prior to the Closing Date that have a defect related to motor vehicle safety or do not comply with applicable motor vehicle safety standards prescribed under the NTMVSA. [FCA US] shall not otherwise be liable for any failure by the Debtors to comply with the provisions of the NTMVSA.

*Id.* at p. 21, ¶¶ EE.

---

[5] The Bankruptcy Court has repeatedly found that for civil claims brought by private individuals that do not involve vehicle accidents, the only liabilities which FCA US assumed are those meeting the Sale Order's criteria for a "Lemon Law" claim. *See, e.g.,* RJN, Exhibits 3 and 4.

3

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg Doc 8492-36 Filed 09/13/16 Entered 09/15/16 10:48:20 main
Case 1:16-cv-07125-WHP Document 25 Filed 09/27/16 Page 9 of 19
Pg 9 of 19

Notably, in its Sale Order, the Bankruptcy Court expressly retained jurisdiction "to interpret, implement and enforce [these] terms and provisions" and "to protect [FCA US] against any Claims." *Id.* at p. 49, ¶ 59.

The Sale Order is a final order for which all appellate remedies have been exhausted. *See Ind. State Police Pension Trust v. Chrysler LLC*, 130 S.Ct. 1015 (2009); *In re Chrysler LLC*, 592 F.3d 370 (2d Cir. 2010); *In re Chrysler LLC*, 576 F.3d 108 (2d Cir. 2009). The transaction identified in the Sale Order closed on June 10, 2009. The estate of Old Carco LLC continues to be administered in the Bankruptcy Court, although Old Carco has been dissolved and its assets have been placed in the Old Carco Liquidation Trust.

**B. The Allegations Underlying Plaintiffs' Claims.**

Plaintiffs each own a model-year 2006 Jeep Grand Cherokee manufactured and sold before FCA US existed. *See* FAC ¶¶ 9-10. According to Plaintiffs, their vehicles were manufactured with a defective Final Drive Control Module ("FDCM") component. *Id.* at ¶¶ 21, 23, 209. The defect is purportedly one involving "hardware" versus "software." *Id.* at ¶ 21, 25.

**C. The Recall of the "Class Vehicles" Underlying Plaintiffs' Claims.**

On May 7, 2013, FCA US informed the NHTSA that it would conduct a recall of all model-years 2005-10 Jeep Grand Cherokee vehicles and model-years 2006-10 Jeep Commander vehicles to address a potential safety-related defect ("Recall N23"). *See* Letter to NHTSA, attached to RJN as Exhibit 5; *see also* Letter from NHTSA to FCA US acknowledging recall, attached to RJN as Exhibit 6. Recall N23 was implemented to address the possibility of an electrical failure in the FDCM that could result in vehicles unintentionally shifting into the neutral position, which could in turn result in an inadvertent rollaway. *Id.* The remedy provided by FCA US under Recall N23 was a re-flash the FDCM with new software. *See* RJN at Exhibits 5, 6.

09-50002-mg    Doc 8492-36    Filed 09/13/16    Entered 09/15/16 10:48:20    main
Case 1:16-cv-07125-WHP    Document 25    Filed 09/27/16    Page 10 of 15
Pg 10 of 19

### D. Plaintiffs' Claims, Proposed Class, and Requested Relief.

Plaintiffs assert claims for: trespass to chattel (Count I); conversion (Count II); fraud (Count III); fraudulent concealment (Count IV); negligent misrepresentation (Count V); promissory estoppel (Count VI); violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200 (Count VII); negligence (Count VIII); strict liability (Count IX); breach of implied warranty (Count X); and declaratory relief (Count XI). *Id.* at ¶¶ 70-231. The case is filed on behalf of persons in the United States who own model-years 2005-10 Jeep Grand Cherokee vehicles and model-years 2006-10 Jeep Commander vehicles which were subjected to Recall N23. *Id.* ¶¶ 47-48. Plaintiffs seek to recover loss of use and diminution in value damages which they attribute to a defect in the FDCM hardware and the effects of Recall N23. *See, e.g., id.* at ¶¶ 82-83, 85-86, 88-89, 93, 115-119, 154-155. Plaintiffs also seek: declaratory and injunctive relief; "actual, compensatory, and/or statutory damages"; "punitive and exemplary damages"; and restitution. *Id.* at Prayer for Relief.

### E. FCA US's Position On Remand After Transfer.

FCA US represents and agrees as follows: If this case is transferred so that the Bankruptcy Court can interpret its own Sale Order on the "claims barred" issues implicated by the claims Plaintiffs plead, FCA US will not oppose a motion seeking to remand back to this Court whatever claims may remain after the Bankruptcy Court issues its order.

## II. ARGUMENT

It is indisputable that the claims pleaded against FCA US necessitate, in the first instance, an interpretation of the Sale Order entered by the Bankruptcy Court.

*First*, Plaintiffs seek damages that arise out of an alleged defect in a vehicle that was not designed, manufactured, or sold by FCA US, and remedial actions that would not have occurred but-for the defect. Furthermore, Plaintiffs seek consequential and punitive damages, restitution, and declaratory and injunctive

09-50002-mg Doc 8492-36 Filed 09/13/16 Entered 09/15/16 10:48:20 main
Case 1:16-cv-07125-WHP Document 25 Filed 09/27/16 Page 11 of 15
Pg 11 of 19

relief. But FCA US contends that the Sale Order entered by the Bankruptcy Court bars the claims pleaded and the relief sought.

*Second*, Plaintiffs seek to hold FCA US liable in a civil proceeding for acts it committed in the course of, and that are related to, its assumption of the obligations owed by Old Carco to the NHTSA regarding investigations and recalls. FCA US contends, however, that civil claims are barred by the Sale Order to the extent they are based on actions FCA US took with respect to vehicles manufactured by Old Carco in response to a NHTSA investigation and recall process.

Because the Bankruptcy Court is in the best position to interpret its own Sale Order, and because a uniform interpretation of that Sale Order is vital, FCA US seeks transfer. In doing so, FCA US is not asking this Court to determine whether Plaintiffs' claims are barred. Rather, at this point, FCA US asks only that this Court determine which of the two courts should make the determination of whether the Sale Order bars Plaintiffs' claims: the Bankruptcy Court which issued the Sale Order, retained jurisdiction to interpret it, and has consistently and repeatedly done that over the years; or this Court which was not involved in the issuance of the Sale Order and which has had no occasion to interpret or apply it.

### A. Law Governing Transfers.

Courts within the Ninth Circuit (and elsewhere) have repeatedly found that 28 U.S.C. § 1412 applies when determining whether a case "related to" a bankruptcy proceeding should be transferred to a bankruptcy court. *See, e.g., Jackson v. Fenway Partners, LLC*, 2013 WL 1411223, *3 (N.D.Cal. 2013); *Mendoza v. Gen. Motors, LLC*, 2010 WL 5224136, *4 (C.D.Cal. 2010); *Reid-Ashman Mfg., Inc. v. Swanson Semiconductor Svc., L.L.C.,* 2008 WL 425638, *1 (N.D.Cal. 2008); *accord Creekridge Capital, LLC v. La. Hosp. Ctr., LLC*, 410 B.R. 623, 628 (D.Minn. 2009); *KFC Corp. v. Wagstaff,* 2013 WL 3166165 (W.D.Ky. 2013); *Quesenberry v. Chrysler Group LLC*, 2012 WL 3109431, *4 (E.D.Ky.

6

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg Doc 8492-36 Filed 09/13/16 Entered 09/15/16 10:48:20 of 25 main
Case 1:16-cv-07125-WHP Document 25 Filed 08/27/16 Page 12 of 15
Pg 12 of 19

2012); *RFF Family P'ship, LP v. Wasserman*, 2010 WL 420014, *5 (N.D. Ohio 2010).

Application of § 1412 is particularly appropriate here because that provision applies to core proceedings. The Bankruptcy Court has found that cases like this which require an interpretation of, and enforcement of, its Sale Order are core proceedings. *See In re Old Carco LLC/Wolff v. Chrysler Group LLC*, Case No. 09-50002, Adv. Proc. No. 10-05007, p. 7 (S.D.N.Y.), attached to RJN as Exhibit 7; *see also Quesenberry v. Chrysler Group LLC*, 2012 WL 3109431, *4 (E.D.Ky. 2012) (finding that § 1412 applied to transfer motion which was based on need for interpretation of Bankruptcy Court's Sale Order because need for interpretation made it a core proceeding).

Under § 1412, transfer may be granted "in the interest of justice *or* for the convenience of the parties." 28 U.S.C. § 1412 (emphasis added). As this District has recognized, because § 1412 is "phrased in the disjunctive," transfer may be appropriate even where one factor or the other is not present, or even "weigh[s] somewhat against transfer." *Jackson*, 2013 WL 1411223 at *4; *see also Creekridge*, 410 B.R. at 629 ("transfer under § 1412 requires a sufficient showing that granting the transfer *either* will be in the interest of justice or for the convenience of the parties"); *RFF Family*, 2010 WL 420014, at *4 ("the 'interest of justice' and 'convenience of the parties' standards in § 1412 are disjunctive and separate, and transfer is appropriate even if only one is met").

Transfer of this case is appropriate under § 1412 because it arises under, arises in, and is related to the bankruptcy case of *In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (Bankr. S.D.N.Y.), and the interest of justice will best be served by transfer. There are two alternative threshold issues here, each of which requires an interpretation of the Sale Order: whether Plaintiffs' claims arise out of a manufacturing defect and thus are barred by the Sale Order's provision limiting FCA US's liabilities to "Lemon Law" claims; and/or whether

7

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg Doc 8492-36 Filed 09/13/16 Entered 09/15/16 10:48:20 main
Case 1:16-cv-07125-WHP Document 25 Filed 09/27/16 Page 13 of 25
Pg 13 of 19

Plaintiffs' claims are barred because they arise out FCA US's assumed duties owed to the NHTSA which limits FCA US's obligations to only that agency.[6]

As one district court has observed, courts routinely transfer cases brought against FCA US to the Bankruptcy Court when an interpretation of the Sale Order is required:

> Courts that have construed this [§ 1412] transfer provision in the context of [FCA US] warranty claims and other related litigation have consistently found that an assessment of the interests of justice calls for uniform and consistent treatment of these claims by the bankruptcy court, the court with jurisdiction over these bankruptcy proceedings, which is uniquely well-poised to determine whether any particular claim has any continuing viability in light of the Master Transaction Agreement approved in that district.

*Ritter v. Chrysler Group LLC*, 2013 WL 7175621, *3 (M.D.Pa. 2013) (*adopted* 2014 WL 549706 (M.D.Pa. 2014)) (citations omitted). The court's analysis and findings in *Ritter* are amply supported by virtually every other district court. These courts—including those within the Ninth Circuit—have routinely transferred cases brought against FCA US to the Bankruptcy Court when, as here, FCA US contends it has no legal liability for the claims pleaded based on the bar imposed by the Sale Order.[7] Because an interpretation of the Sale Order is required here, transfer should be granted.

---

[6] Notably, the Motor Vehicle Safety Act, set forth at 49 U.S.C. § 30101, *et seq.*, confers no private cause of action to enforce its provisions. *See, e.g., Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 523 (11th Cir. 2000); "Instead, the [NHTSA] controls the exclusive remedies under the Act." *Campbell v. Gen. Motors Corp.*, 19 F.Supp.2d 1260, 1274 (N.D.Ala. 1998).

[7] *See, e.g., Shatzki v. Abrams*, 2010 WL 148183 (E.D.Cal. 2010); *Doss v. Chrysler Group LLC*, 2009 WL 4730932, *3 (D.Ariz. 2009); *Quesenberry*, 2012 WL 3109431; *Tatum v. Chrysler Group LLC*, 2011 WL 6303290 (D.N.J. 2011); *Perno v. Chrysler Group LLC*, 2011 WL 868899 (D.N.J. 2011); *Cooper v. Daimler AG*, 2009 WL 4730306, *4 (N.D.Ga. 2009).

8

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg Doc 8492-36 Filed 09/13/16 Entered 09/15/16 10:48:20 main
Case 1:16-cv-07125-WHP Document 25 Filed 09/27/16 Page 14 of 15
Pg 14 of 19

## B. Transfer Will Promote The Interest Of Justice.

This Court's discretion to transfer under § 1412 is "broad." *TIG Ins. Co. v. Smolker*, 264 B.R. 661, 668 (C.D.Cal. 2001); *accord Creekridge*, 410 B.R. at 629; *RFF Family*, 2010 WL 420014, at *8.

FCA US seeks transfer "in the interest of justice." Courts within the Ninth Circuit and elsewhere have identified specific factors to be considered in determining whether transfer is appropriate in the interest of justice: (1) the economical and efficient administration of the bankruptcy estate; (2) "the presumption in favor of the forum where the bankruptcy case is pending"; (3) judicial efficiency; (4) the ability to receive a fair trial; (5) the state's interest in having local controversies decided within its borders; (6) the enforceability of any judgment; and (7) the plaintiff's choice of forum. *See, e.g., In re Fountain Vill. Dev.*, 2014 WL 4656506, **4-5 (D. Alaska 2014); *In re Silicon Valley Innovation Co.*, 2012 WL 3778853, **4-5 (N.D.Cal. 2012); *Mendoza*, 2010 WL 5224136 at **4-5; *Reid-Ashman*, 2008 WL 425638 at *1; *accord Creekridge*, 410 B.R. at 629; *KFC*, 2013 WL 3166165, at *14; *RFF Family*, 2010 WL 420014, at *7; *Tatum v. Chrysler Group LLC*, 2011 WL 6303290, *7 (D.N.J. 2011).

The interest of justice will be served only if this case is transferred to the Bankruptcy Court. Plaintiffs seek damages from FCA US that are attributable to vehicle defects existing at the time of manufacture and/or to actions that FCA US took pursuant to a very limited assumption of obligations owed the NHTSA. FCA US did not even exist when Plaintiffs' allegedly defective vehicles were manufactured and sold, and the Bankruptcy Court has issued an Order which bars claims associated with design and manufacturing defects in these vehicles. Moreover, it is only because FCA US assumed certain obligations *to the NHTSA* that its challenged actions are before this Court. But, when the Bankruptcy Court ordered that FCA US would assume certain liabilities to the NHTSA for vehicles it

9

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg    Doc 8492-36    Filed 09/13/16    Entered 09/15/16 10:48:20    main
Case 1:16-cv-07125-WHP    Document 25    Filed 08/27/16    Page 15 of 15
Pg 15 of 19

did not manufacture, that Court expressly stated that FCA US would, aside from the specific assumption noted, "not otherwise be liable."

The Bankruptcy Court originally determined in its Sale Order which claims would be barred if brought against FCA US for vehicles manufactured by Old Carco. The Bankruptcy Court expressly retained jurisdiction to "implement[], enforce[] and interpret[]" that Sale Order. And, notably, the United States Supreme Court has made clear that a "Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). Here, the Bankruptcy Court should be given the opportunity to do just that. Moreover, and in any event, the relevant factors all favor transfer.

*First*, transfer will serve the economics of estate administration, "the most important factor" in a § 1412 transfer analysis. *In re Fountain Vill.*, 2014 WL 4656506, at *5; *Reid-Ashman*, 2008 WL 425638, at *1; *Creekridge*, 410 B.R. at 630. When claims are intertwined with proceedings before a bankruptcy court, the economics of estate administration factor weighs in favor of transfer. *Creekridge*, 410 B.R. at 630. The threshold issues here are clearly intertwined with matters pending in the Bankruptcy Court. Not only is an interpretation of the Sale Order required to determine if Plaintiffs' claims are barred, but Plaintiffs' claims raise the potential for the bankruptcy estate to be subjected to civil liabilities either through a direct claim or a claim for indemnification brought by FCA US. Because Plaintiffs' claims act as a challenge to the limitations in the Sale Order, and the outcome of it could affect the estate of Old Carco, this "most important" factor favors transfer. *See Quesenberry*, 2012 WL 3109431, at *5 (noting legal claims which "challenge the limitations of liability in the Sale Order" "threaten to affect the bankruptcy estate by altering the estate's obligations," thereby creating a "risk of inconsistent interpretations that could unravel the Sale Order's critical inducement of transferring assets to [FCA US] free and clear" of certain liabilities).

10

09-50002-mg Doc 8492-36 Filed 09/13/16 Entered 09/15/16 10:48:20 Ex. 25 main
Case 1:16-cv-07125-WHP Document 25 Filed 09/27/16 Page 16 of 19
Pg 16 of 19

*Second*, as courts within the Ninth Circuit (and elsewhere) have recognized, there is a "presumption in favor of the forum where the bankruptcy case is pending." *Mendoza*, 2010 WL 5224136 at *5; *In re Nat'l Consumer Mortg. LLC*, 2010 WL 2384217, *2 (C.D.Cal. 2010); *Reid-Ashman*, 2008 WL 425638, at *1; *see also Quesenberry*, 2012 WL 3109431, at *4 ("As a threshold matter, the Court must presume that the proper venue for this case is the Bankruptcy Court"). The pendency of the Old Carco Bankruptcy Proceeding in the Southern District of New York, therefore, weighs in favor of transfer.

*Third*, transfer will promote judicial efficiency. Indeed, under similar circumstances, one court observed that "transferring a claim related to a Sale Order to the court that retained jurisdiction to interpret it promotes efficiency." *Tatum*, 2011 WL 6303290, at *2. And, when the bankruptcy court is the one "most familiar" with the issue presented, the judicial efficiency factor further favors transfer. *RFF Family*, 2010 WL 420014, at *9. The Bankruptcy Court has had before it many cases involving interpretation of the Sale Order's provisions relating to which liabilities FCA US assumed, and which it did not. *See* § II.C, *infra*. Thus, judicial efficiency strongly favors transfer. Absent transfer, this Court will be faced with interpreting and implementing a standing order which was written and entered in a distant forum. Allowing a plaintiff to randomly choose a court to interpret and enforce the Bankruptcy Court's Sale Order could have far reaching effect, and potentially lead to inconsistent interpretations by courts in hundreds of jurisdictions across the country. In contrast, transferring this case to the Bankruptcy Court which entered the Sale Order and retained jurisdiction to interpret and enforce it, will ensure it is uniformly interpreted and applied.

*Fourth*, if the Bankruptcy Court were to find that FCA US did assume any liabilities associated with any claim made by Plaintiffs, such claims will be transferred back to this Court. Thus, the "fair trial" criterion is a non-issue. Even

11

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg    Doc 8492-36    Filed 09/13/16    Entered 09/15/16 10:48:20    main
Case 1:16-cv-07125-WHP    Document 25    Filed 09/27/16    Page 17 of 25
Pg 17 of 19

if it were an issue, there is no reason to believe that transfer will deprive any party of a fair trial.

*Fifth*, California's interest in having this case decided here will not be lost by a transfer since FCA US is in full agreement that the Bankruptcy Court should follow its normal and routine practice of returning any remaining claims to this Court for purposes of discovery and trial once the threshold issues necessitating an interpretation of the Sale Order are resolved. In any event, in a case like this that is brought on behalf of every vehicle owner in every state, California has no greater interest in having this case decided within its borders than does any other state. Accordingly, the "local controversy" factor does not weigh against transfer.

*Sixth*, and similarly, because any remaining claims will be remanded back to this Court, the enforceability of judgment factor is also a non-issue. In any event, any judgment entered by the Bankruptcy Court would be equally enforceable as a judgment entered in this Court. FCA US is registered to do business in both the home state of the Bankruptcy Court and in this State. The ability to enforce any judgment entered against it would be no different in the two alternative fora.

*Seventh*, while Plaintiffs' choice of forum is this Court, this factor would be present in every case in which transfer is sought. Standing alone, this factor is, obviously, insufficient to defeat transfer (or else no transfer could ever be granted).

Plaintiffs' claims make it necessary to interpret the Sale Order as a threshold matter to determine whether those claims are barred. The Bankruptcy Court is in the best position to resolve the issues pertaining to the interpretation and enforcement of the Sale Order. Accordingly, this case should be transferred.

**C.     The Bankruptcy Court Has Consistently Exercised Its Jurisdiction To Interpret And Enforce Its Sale Order.**

Since entering the Sale Order, the Bankruptcy Court has made clear that it intends to do what it said it would do. That is, the Bankruptcy Court has continued to exercise its jurisdiction over civil cases brought against FCA US which

12

09-50002-mg    Doc 8492-36    Filed 09/13/16    Entered 09/15/16 10:48:20    main
Case 1:16-cv-07125-WHP   Document 25   Filed 05/27/16   Page 18 of 25
Pg 18 of 19

necessarily implicate the Sale Order and require an interpretation of it. *See, e.g., Burton v. Chrysler Group LLC*, 492 B.R. 392 (S.D.N.Y. 2013) (interpreting Sale Order and determining that certain claims pleaded by plaintiffs were barred under its terms); *Wolff*, Case No. 09-50002, Adv. Proc. No. 10-05007, attached as Exhibit 7 to RJN (noting its "special expertise regarding the meaning of its own order," Bankruptcy Court interpreted Sale Order to bar plaintiff's claims).

The Bankruptcy Court's continued exercise of jurisdiction makes clear that it intends to continue to act as the court with the "expertise" to interpret and enforce the Sale Order. FCA US respectfully requests that this Court defer to the expertise of the Bankruptcy Court and grant FCA US's Motion to Transfer.

## IV. CONCLUSION

For the reasons outlined herein, Defendant FCA US LLC respectfully requests that this Court transfer this case to the United States District Court for the Southern District of New York, for referral to the Bankruptcy Court in that District.

Dated: May 27, 2016          **THOMPSON COBURN LLP**

                             By: _/s/ Rowena Santos_
                             Rowena Santos
                             Kathy A. Wisniewski
                             Stephen A. D'Aunoy
                             Scott H. Morgan

                             *Attorneys for FCA US LLC*

13

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

09-50002-mg Doc 8492-36 Filed 09/13/16 Entered 09/15/16 10:48:20 main
Case 1:16-cv-07125-WHP Document 25 Filed 05/27/16 Page 19 of 19
Pg 19 of 19

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2016, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

By: */s/ Rowena G. Santos*