Rowena Santos CSB 210185
rsantos@thompsoncoburn.com
THOMPSON COBURN LLP
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

Kathy A. Wisniewski (*pro hac vice* to be filed)
kwisniewski@thompsoncoburn.com
Stephen A. D'Aunoy (*pro hac vice* to be filed)
sdaunoy@thompsoncoburn.com
Scott H. Morgan (*pro hac vice* to be filed)
smorgan@thompsoncoburn.com
THOMPSON COBURN LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101
Tel: 314.552.6000 / Fax: 314.552.7000

*Attorneys for Defendant FCA US LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| LYNN GRIMSTAD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FCA US LLC, <br><br> Defendant. | Case No. 8:16-cv-00763-JVS-E <br> _____ <br><br> **FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> **[CLASS ACTION]** <br><br> **DATE:** July 11, 2016 <br> **TIME:** 1:30 p.m. <br> **JUDGE:** James V. Selna <br> **COURTROOM:** 10C |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..............................................................................................1

II. RELEVANT FACTS .........................................................................................1

III. ARGUMENT .....................................................................................................1

    A. The FAC Fails To Satisfy Basic Pleading Standards (All Counts)........................................................................................................1

    B. The Allegations Are Insufficient To Support Damages (All Counts) .........................................................................................................4

    C. The Affirmative Representations Are Privileged (All Counts) .........................................................................................................6

    D. There Was No Fraud/Misrepresentation (Counts III, V, VI, VII, VIII) ............................................................................................7

    E. The Bar Of The Economic Loss Doctrine (Counts I, II, V, VIII, IX) ..................................................................................................8

    F. Plaintiffs' Admissions Negate Their Conversion Claim (Count II) ......................................................................................................8

    G. No Facts Support A Duty To Disclose (Count IV) .............................9

    H. Adequate Remedies At Law Bar Equitable Remedies (Count VI) ...................................................................................................10

    I. No Facts Support An Unfair Or Deceptive Practice (Count VII) ..................................................................................................11

    J. The Declaratory Relief Sought Cannot Be Awarded (Count XI) ..................................................................................................12

CONCLUSION ...........................................................................................................14

i

**FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

09-50002-mg Doc 8492-45 Filed 09/13/16 Entered 09/15/16 10:48:20 Pg 3 of 18
Case 1:16-cv-07125-WHP Document 31 Filed 08/27/16 Page 3 of 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................4

*Bastidas v. Good Samaritan Hospital LP*, 2014 WL 6900051
 (N.D.Cal. 2014) ..................................................................................................11

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) .......................................................1

*Chiarella v. U.S.*, 445 U.S. 222 (1980) ...............................................................9, 10

*Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*,
 868 F.Supp.2d 983 (E.D.Cal. 2012) ....................................................................8

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086
 (C.D.Cal. 1999) ...................................................................................................7

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 352 F.3d 367 (9th Cir. 2003) ...............10

*Gray v. Toyota Motor Sales, U.S.A.*, 2012 WL 313703 (C.D.Cal. 2012) .................9

*Grodzitsky v. American Honda Motor Co., Inc.*, 2013 WL 690822
 (C.D. Cal. 2013) ..................................................................................................9

*Hagberg v. Cal. Fed. Bank FSB*, 32 Cal.4th 350 (2004) .....................................6, 7

*Herremans v. BMW of North America, LLC*, 2014 WL 5017843
 (C.D.Cal. 2014) .................................................................................................10

*In re Bors*, 2012 WL 6575171 (9th Cir. Bank.Pan. 2012) ....................................11

*In re Toyota Motor Corp. Unintended Accel. Mktg., Sales Practices,
 and Prod. Liab. Litig.*, 754 F.Supp.2d 1145 (C.D.Cal. 2010) ............................3

*Jones v. ConAgra Foods, Inc.*, 912 F.Supp.2d 889 (N.D.Cal. 2012) .......................4

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) ......................................4

*Marcus v. Apple Inc.*, 2015 WL 1743381 (N.D.Cal. 2015) ...............................9, 10

*Shahata v. W Steak Waikiki, LLC*, 494 Fed.Appx. 729 (9th Cir. 2012) ............10, 11

**FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

*Sharma v. BMW of N. Am., LLC*, 2014 WL 2795512 (N.D.Cal. 2014) .................... 13

*Steinhart v. Barkela*, 2012 WL 2050374 (N.D.Cal. 2012) .......................................... 6

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F.Supp.2d 962 (C.D.Cal. 2014) .................................................................................................... 5

*Vu v. McNeil-PPC, Inc.*, 2010 WL 2179882 (C.D.Cal. 2010) ..................................... 4

*Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136 (9th Cir. 2012) ........................... 9, 10

**Statutes and Constitutional Provisions**

§ 10(b) of the Securities Exchange Act of 1934 ........................................................ 9

**Rules**

Rule 8 ...................................................................................................................... 4, 7

Rule 9(b) ................................................................................................................... 4, 7

## I. INTRODUCTION

Defendant FCA US LLC has moved to dismiss the First Amended Complaint ("FAC") based on a host of pleading deficiencies, not the least of which is that Plaintiffs fail to set forth any *facts* about their own personal experiences. Plaintiffs do not contend that they have pleaded when and where they purchased their allegedly defective vehicles, when and where those vehicles were subjected to the allegedly ill-conceived recall remedy, and when and where their vehicles displayed any ill-effects from this recall remedy.[1] Plaintiffs dismiss such facts as "irrelevant," contending it is sufficient that they make generalized allegations about "Plaintiffs' and Class members'" experiences. But, Plaintiffs' conclusory allegations that a group of people "had the recall remedy performed" and then had certain vehicle malfunctions are just that: conclusions. With no *facts* to back up these generalized conclusory statements, Plaintiffs' claims are simply not plausible. For this, and a multitude of other reasons, the FAC should be dismissed.

## II. RELEVANT FACTS

Plaintiffs expressly admit that any and all statements made by FCA US regarding the fact that Recall N23 would fix the risk of an inadvertent shift to neutral in their vehicles were true. *See, e.g.,* Pl. Opp., p. 3 ("Plaintiffs have admit[ted] that the N23 Recall corrects the issue with the inadvertent neutral shift"); *id.* at p. 4 ("Plaintiffs' acknowledge that the N23 Recall corrected the inadvertent neutral shift").

## III. ARGUMENT

### A. The FAC Fails To Satisfy Basic Pleading Standards (All Counts).

Plaintiffs do not dispute the general legal principle that actual facts are necessary to state a "plausible" claim for relief under the mandates of *Bell Atlantic*

---

[1] *See* Plaintiffs' Opposition to Defendant FCA US LLC's Motion to Dismiss Plaintiffs' First Amended Complaint; Memorandum of Points and Authorities in Support, Docket No. 29 (hereinafter "Opposition" or "Pl. Opp.").

*v. Twombly*, 550 U.S. 544 (2007). But, they contend, they have pleaded enough in the FAC to survive dismissal based on their multiple generic allegations relating to what "Plaintiffs and Class members'" did at unspecified times and in unspecified places, and on what can be "inferred" from these and other allegations. *See* Pl. Opp., pp. 2-5. Plaintiffs' generic allegations are really nothing more than conclusions, and in some instances the citations Plaintiffs provide for where they purportedly made such generalized allegations do not even contain the generic information they argue will be found there. One example of this is Plaintiffs' response to FCA US's contention that they do not even allege that they were recipients of a Recall N23 notice which contains the purported affirmative misrepresentations underlying their claims. Plaintiffs respond that they "do make such an allegation regarding the issuance of the Recall Notice," citing to Paragraphs 20 and 24 of the FAC. But, here is what is alleged in those Paragraphs:

> 20. On or before July of 2013, Defendant FCA US claims to have discovered a defect in the Final Drive Control Module ("FDCM") of its WK Model Vehicles.
>
> \* \* \*
>
> 24. Plaintiffs are informed and believe, and thereon allege, that in the intended prevention of this potential issue, Defendant issued a recall notice to WK Model Vehicle Owners (See sample notice attached as Exhibit 2).

That FCA US is alleged to have "***issued*** a recall notice" to a group of vehicle owners does not equate with an allegation that Plaintiffs ***received*** and read a recall notice. Indeed, the fact that Plaintiffs must make the allegation of the issuance of a recall notice on information and belief, and they can attach only a "sample" of a recall notice rather than one actually issued to them, suggests that they did not receive it. In other words, Plaintiffs claim they alleged ***receipt*** of the recall notice in two Paragraphs where no such allegation appears, even as a generic "received"

1  reference for a group of people. Nor does any factual allegation about Plaintiffs'
2  receipt of the Recall notice exist anywhere else in the FAC.
3      Furthermore, Plaintiffs do not deny FCA US's contention that they have not
4  alleged facts relating to their own personal experiences of when and where they
5  experienced the "disabl[ing]" of any functions in their own vehicles. Instead, as
6  they do when it comes to every other missing fact about their personal experiences,
7  Plaintiffs argue that "none of these issues are relevant," or they are "irrelevant," or
8  simply "this fact is not necessary." *See, e.g.,* Pl. Opp., pp. 3, 4, 5, 15. But, whether
9  Plaintiffs have *personally* experienced the defect alleged is significant—they
10 cannot represent the putative class without it. This Court has found that "in a class
11 action, the lead plaintiffs must show that they *personally* have been injured, not
12 that injury has been suffered by other, unidentified members of the class to which
13 they belong and which they purport to represent." *In re Toyota Motor Corp.*
14 *Unintended Accel. Mktg., Sales Practices, and Prod. Liab. Litig.*, 754 F.Supp.2d
15 1145, 1167 (C.D.Cal. 2010) (internal quotations omitted and emphasis added).
16     Plaintiffs do not deny that actual *facts* are missing from the FAC. Rather,
17 they take the overall position best summarized by their statements that: (1) they
18 need not "allege how [the recall remedy] has affected their personal experiences";
19 and (2) how they have been damaged personally is "more likely simply not
20 relevant." *See* Pl. Opp., p. 3. No law supports the notion that in a product defect
21 case a plaintiff need not plead such basic facts as: date and place of purchase;
22 when, where, and how the defect was exhibited; and how the plaintiff was injured.
23 But, this is the position that Plaintiffs advocate here. In fact, they take it further,
24 effectively telling this Court that they do not have to plead even the minimal facts
25 which would allow an investigation to verify their vehicle ownership, claiming
26 such information can be gleaned months from now after the parties engage in
27 costly discovery. *See* Pl. Opp., p. 5 ("Defendant's grievance that it is unable to
28

3
**FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

09-50002-mg Doc 8492-45 Filed 09/13/16 Entered 09/15/16 10:48:20 Pg 8 of 31
Case 1:16-cv-07125-WHP Document 31 Filed 08/27/16 Page 8 of 18
of 18

find only one Plaintiff in its records [sic] is … an issue for discovery").[2] This is contrary to Ninth Circuit precedent. *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (affirming dismissal for failure to plead basic "neutral facts"); *see also Jones v. ConAgra Foods, Inc.*, 912 F.Supp.2d 889, 905 (N.D.Cal. 2012) (dismissing fraud-based claims for failure to plead when products were purchased).

Plaintiffs' out-of-hand dismissal of their admitted failure to plead facts relating to their personal experiences extends to their legal theories as well. According to Plaintiffs, they do not have to reveal in the FAC which legal causes of action are pleaded on behalf of which of the two classes they identify. *Id.* at p. 4. They cite no case law for this proposition, and the approach amounts to a prohibited "sandbag" tactic. *See, e.g., Vu v. McNeil-PPC, Inc.*, 2010 WL 2179882, *3 (C.D.Cal. 2010) (noting, in assessing late expert disclosure, that it was "a hornbook example of sandbagging, a litigation tactic this Court will not tolerate").

While it is axiomatic that a plaintiff's allegations are generally taken as true, a prerequisite for that assumption of truth is that they must be "well-pleaded factual allegations," and not just "threadbare recitals" or "mere conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Here, Plaintiffs offer nothing more than general conclusory averments about an entire category of vehicle owners, and omit any facts about their own personal vehicle experiences. This violates both Rule 8 and Rule 9(b), as does their failure to provide the who, what, when, and where facts essential to every fraud-based claim set forth. The FAC should be dismissed.

**B.    The Allegations Are Insufficient To Support Damages (All Counts).**

Plaintiffs do not dispute that damages are a mandatory element of every claim they plead. But, they argue that they have met "the selective criteria for

---

[2] Prior to filing its Motion to Dismiss, FCA US made an informal written request that Plaintiffs provide the Vehicle Identification Number for Plaintiff Grimstad's vehicle so that it could locate information about her vehicle. Plaintiffs ignored this request.

09-50002-mg Doc 8492-45 Filed 09/13/16 Entered 09/15/16 10:48:20 of 31 Pg 9
Case 1:16-cv-07125-WHP Document 31 Filed 08/29/16 Page 9 of 18
of 18

adequately pleading damages" by averring that they are "in possession, own, or ***sold at a loss, vehicles which became adversely affected by a recall*.*" *See* Pl. Opp., p. 6 (emphasis in original). In other words, Plaintiffs believe a conclusory list of options as to how they may have been damaged equates with the pleading of *facts* establishing they have been damaged. This is nonsensical, particularly when one considers that Plaintiffs seem to be stressing the "sold at a loss" choice on this list, yet there is not a single fact set forth in the FAC – not even a conclusory one – indicating that either named Plaintiff has ever sold her vehicle, let alone sold it at a loss. *See*, *generally*, FAC.

Plaintiffs go on to argue that they fit within the criteria set forth in this District's opinion in *Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F.Supp.2d 962 (C.D.Cal. 2014), because they plead, in the context of their common law fraud claim (only), that they are "unable to use the low gear function of their transfer cases." *See* Pl. Opp., p. 6 (*citing* FAC, ¶ 115). Plaintiffs do not explain how this satisfies the standards set forth in *Tae Hee Lee*, where the court specifically noted that allegations of diminished value are not adequately supported by simple averments of the "ineffectiveness" of a vehicle component. 992 F.Supp.2d at 973. All that Plaintiffs allege here is the "ineffectiveness" of their low gear function. This is insufficient to support damage, and thus dismissal is warranted.

Apparently realizing their damage claims are not legally sufficient, Plaintiffs attempt to create a whole by culling different allegations out of different claims, and representing them as though they were pleaded together and are part-and-parcel of every claim set forth. *See* Pl. Opp., pp. 6-7. They are not. And, it is highly questionable whether they would be sufficient even if they were pleaded as a whole.

Finally, Plaintiffs' plea that it is "absurdly paradoxical" to require the pleading of when and how their vehicles ceased functioning actually acts as an

5

**FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

admission that these facts are nowhere to be found in the FAC. And, this, in turn, demonstrates the legal insufficiency of their claims. The FAC should, accordingly, be dismissed.

C. **The Affirmative Representations Are Privileged (All Counts).**

FCA US asserts that to the extent Plaintiffs' claims are based on affirmative representations they should be dismissed because the identified affirmative representations are privileged. Plaintiffs respond that their claims are also based on omissions, and then accuse FCA US of "incorrect[ly]" portraying their claims. *See* Pl. Opp., p. 7. FCA US never "incorrectly" labeled Plaintiffs' claims in any way. This is clear from the fact that it moves to dismiss, as privileged, only that portion of Plaintiffs' claims based on affirmative statements.

In any event, Plaintiffs try to convince this Court that the privilege does not apply by arguing that they "seek redress not for the statements made in the N23 Recall Statement alone; but for Defendant's associated conduct." *Id.* at p. 8. However, only two pages later, trying to convince this Court that FCA US made a false statement, Plaintiffs say the exact opposite. Specifically, referring directly to the N23 Recall Notice, Plaintiffs argue that they "plead the misrepresentation" and "provide a quote of Defendant's false statement" when they allege that "Defendant, via its N23 Recall notice, communicated to Plaintiffs that there existed a dangerous condition." *Id.* at p. 10. This makes it abundantly clear that Plaintiffs are "seeking redress [] for the statements made in the N23 Recall Notice." And, Plaintiffs do not dispute that the statements in the Recall Notice are privileged.

Plaintiffs fail in their attempt to distinguish *Steinhart v. Barkela*, 2012 WL 2050374, *9 (N.D.Cal. 2012) and *Hagberg v. Cal. Fed. Bank FSB*, 32 Cal.4th 350, 360 (2004), based on an argument that they are inapplicable because the privilege in those cases was applied to reports issued in the criminal context. *See* Pl. Opp., pp. 8-9. Plaintiffs contend that proceedings conducted before the NHTSA are not like the "official proceedings" in these two cases. *Id.* But, Plaintiffs do not, and

6

cannot, distinguish the clear law cited by FCA US holding that agency proceedings are just that. See *Hagberg*, 32 Cal.4th at 361-63.

### D. There Was No Fraud/Misrepresentation (Counts III, V, VI, VII, VIII).

Plaintiffs concede FCA US's argument that the affirmative statement they base their fraud and negligence claims on – a statement that FCA US would repair their vehicles so that they would no longer unintentionally experience a transfer case shift into neutral – is not actually false. *See, e.g.,* Pl. Opp., p. 3 ("Plaintiffs have admit[ted] that the N23 Recall corrects the issue with the inadvertent neutral shift"); *id.* at p. 4 ("Plaintiffs' acknowledge that the N23 Recall corrected the inadvertent neutral shift"). In other words, they admit that their fraud/negligence claims (Counts III, V, VI, VII, VIII) are legally deficient to the extent they are based on alleged affirmative misrepresentations.

Apparently, wanting to divert this Court from this clear and unequivocal admission, Plaintiffs proffer a relatively lengthy argument about how well they have pleaded the alleged misrepresentation. *See* Pl. Opp., pp. 9-14. This is confusing because, even if it is assumed that they have set forth detailed allegations of when and where FCA US said that it would repair the vehicles so they would no longer experience an inadvertent transfer case shift into neutral, Plaintiffs have admitted that this statement was absolutely true. Thus, regardless of how well they described this statement, it cannot form the basis of any claim sounding in fraud. *See, e.g., Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1094 (C.D.Cal. 1999) ("The plaintiff must set forth what is false or misleading about a statement, ***and why it is false***" (emphasis added)).[3]

---

[3] Plaintiffs' arguments about having pleaded actionable fraud are really aimed at convincing the Court that they have met the Rule 9(b) standard, not that they have actually pleaded that any specific statement was false. *See* Pl. Opp., pp. 9-14. But, as noted, Plaintiffs have failed to meet even the more lenient pleading standard of Rule 8. *See* § III.A, *supra.* They thus do not comply with Rule 9(b).

7

**FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

### E. The Bar Of The Economic Loss Doctrine (Counts I, II, V, VIII, IX).

Plaintiffs do not dispute that they seek only economic damages. *See* Pl. Opp., pp. 14-16. Nor do they dispute that the economic loss doctrine applies to their trespass to chattel (Count I), conversion (Count II), negligent misrepresentation (Count V), and negligence (Count VIII) claims. *Id.* What they argue is that the economic loss doctrine does not apply here because there is no contract between them and FCA US. *Id.* This argument is flawed at its core. FCA US made an "offer" to Plaintiffs to repair a risk of an inadvertent transfer case shift into neutral in their vehicles free of charge, and, assuming Plaintiffs had that fix performed (as they now contend they did), Plaintiffs accepted that offer. This is a contract. Even if it were not, a contractual relationship is not a necessary condition for the application of the economic loss doctrine. *See, e.g., Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F.Supp.2d 983, 991 (E.D.Cal. 2012) (finding that fraud claim was "barred by the economic loss rule" even without contract between the parties).

### F. Plaintiffs' Admissions Negate Their Conversion Claim (Count II).

Plaintiffs do not dispute that the FAC is devoid of any allegation that FCA US ever exercised dominion or control over their vehicles without their consent. *See* Pl. Opp., pp. 16-18. Still, they contend that they have a conversion claim because they have alleged that FCA US botched a repair they requested and thereby damaged their vehicles. But, they cite no law which supports the proposition that a conversion claim can arise out of such facts. Plaintiffs' inability to point to some case wherein a conversion claim was allowed to proceed when the defendant's possession of the allegedly converted property was with full consent of its owner speaks volumes. A purported mishandling/damage of property a defendant was authorized to possess is simply not conversion. Plaintiffs have not pleaded, and cannot plead, facts supporting the notion that FCA US "wrongfully

1   exercised control" over their vehicles or "substantially interfered" with their
2   ownership/possession of them. Count II should be dismissed.

3   **G.     No Facts Support A Duty To Disclose (Count IV).**

4         Plaintiffs do not dispute that they are required to plead facts sufficient to
5   establish that FCA US owed them a duty to disclose in order for their fraudulent
6   concealment claim in Count IV to survive. *See* Pl. Opp., pp. 18-21. And, in their
7   Opposition Plaintiffs completely abandon their allegations of a duty to disclose
8   based on a fiduciary relationship, and offer only three conclusory sentences in
9   support of their pleaded claim of a duty to disclose based on "active concealment."[4]
10  *Id.* Plaintiffs' overall argument is that they have adequately pleaded a duty to
11  disclose based on "exclusive knowledge."[5] *Id.*

12        However, in arguing that they have adequately pleaded "exclusive
13  knowledge" Plaintiffs simply reiterate the wholly conclusory allegations they set
14  forth in the FAC that such knowledge exists because FCA US was "exclusively
15  responsible for the design and implementation of recalls" on the vehicles, and
16  FCA US "could not have implemented the [Recall] without having itself, or
17  through its agents, designed and programmed the updated software implemented
18  via said Recall." Pl. Opp., pp. 19-20. These are conclusions, not facts. And, they
19  are the exact type of conclusions that this District and others have found to be
20  wholly inadequate to support exclusive knowledge. *See, e.g., Wilson v. Hewlett-*
21  *Packard Co.*, 668 F.3d 1136, 1145-48 (9th Cir. 2012); *Grodzitsky v. American*
22  *Honda Motor Co., Inc.*, 2013 WL 690822, *6 (C.D. Cal. 2013); *Marcus v. Apple*

---

[4] Plaintiffs' "active concealment" argument is based on a misreading of *Gray v. Toyota Motor Sales, U.S.A.*, 2012 WL 313703, *4 (C.D.Cal. 2012). The court in *Gray* did not find that active concealment arises from a safety issue or affirmative misrepresentation, but referred to "affirmative misrepresentation or a safety issue" only in the context of the scope of a manufacturer's duty. *Id.*

[5] Plaintiffs cite *Chiarella v. U.S.*, 445 U.S. 222 (1980), contending that "an affirmative duty to disclose material information [is] imposed on corporate insiders." *See* Pl. Opp., p. 18. The court in *Chiarella* addressed fraud claims brought under § 10(b) of the Securities Exchange Act of 1934, not a duty with respect to state law fraudulent concealment claims.

9

**FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

*Inc.*, 2015 WL 1743381 **4-5 (N.D.Cal. 2015); *Herremans v. BMW of North America, LLC*, 2014 WL 5017843, **2, 16-18 (C.D.Cal. 2014).

Plaintiffs attempt to distinguish the holding in *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145-48 (9th Cir. 2012), that "generalized assertions" of "pre-release testing data" and "aggregate data from [automotive] dealers" are not sufficient to adequately plead knowledge, arguing that the plaintiff in that case had not identified any "specific defect." Pl. Opp., p. 19. But, it was not the identification of the specific defect (or lack thereof) that led the *Wilson* court to find that the plaintiff had not alleged sufficient facts to show exclusive knowledge – it was the fact that the plaintiff's allegation that the defendant, "as the manufacturer, had access to the aggregate information and data regarding the risk of overheating" was "speculative and [did] not suggest how any tests or information could have alerted HP to the defect." 668 F.3d at 1147. Plaintiffs' "exclusive knowledge" allegations here are not even as robust as those in *Wilson*. Here, Plaintiffs' knowledge allegations are based on nothing more than the notion that "you designed it so you must have known." No case suggests this is sufficient. And, it is not enough to simply plead that a defendant should have known. *See, e.g., Marcus*, 2015 WL 1743381 at *4 ("Demonstrating that the defendant *should have known* the material information [withheld] is insufficient" (emphasis added)).[6] Count IV should be dismissed.

**H.** **Adequate Remedies At Law Bar Equitable Remedies (Count VI).**

That the existence of adequate remedies at law bars equitable claims, like promissory estoppel, is black-letter law. *See, e.g., Shahata v. W Steak Waikiki, LLC*, 494 Fed.Appx. 729, 731 (9th Cir. 2012); *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 352 F.3d 367, 381 (9th Cir. 2003). In *Shahata*, the Ninth Circuit affirmed the

---

[6] In their opposition, Plaintiffs briefly mention a duty to disclose based on partial representations citing the inapplicable federal securities law *Chiarella* case. *See* Pl. Opp., p. 20. Because such a theory is not pleaded as a basis for a duty in Plaintiffs' fraudulent concealment claim, FCA US does not address it herein.

district court's entry of judgment for the defendant on the plaintiff's promissory estoppel claim on the grounds that the plaintiff "had an adequate legal remedy." 494 Fed.Appx. at 731. Plaintiffs attempt to distinguish *Shahata* on the basis that it involved contractual claims. However, the ***type*** of remedy at law which is available to the plaintiff is not a distinguishing factor. *Id.* What matters is whether an adequate remedy at law is available. *Id.* And, notably, in their opposition ***Plaintiffs do not dispute that they have adequate legal remedies***. Count VI should be dismissed.

### I.  No Facts Support An Unfair Or Deceptive Practice (Count VII).

Plaintiffs try to reformulate the sprawling and confusing UCL allegations in the FAC related to charging "lower prices for goods and services" than other manufacturers, now claiming that their UCL claim is really addressed to the costs of "proper repairs" and "fair & legal compliance." *See* Pl. Opp., p. 22. This re-creation in Plaintiffs' brief is improper, and it is as confusing as the actual allegations in the FAC. *See, e.g., In re Bors*, 2012 WL 6575171, *8 (9th Cir. Bank.Pan. 2012) ("The complaint cannot be amended by the briefs filed by the plaintiff in opposition to the motion to dismiss" (citation omitted)); *Bastidas v. Good Samaritan Hospital LP*, 2014 WL 6900051, *4 fn.3 (N.D.Cal. 2014) ("It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss" (citation omitted)). By attempting to change the allegations of the FAC through their brief, Plaintiffs have effectively admitted that their UCL claim is legally insufficient.

Plaintiffs' arguments that they have alleged FCA US's conduct was violative of public policy, unethical, and substantially injurious does not save their UCL claim because there are no facts in the FAC supporting such a theory. *See* Pl. Opp., p. 23. Indeed, in trying to convince this Court to the contrary, Plaintiffs turn to a disingenuous argument that they have not pleaded that FCA US's "performance was in fact a 'repair.'" *Id.* This makes no sense because, not only is the FAC

11

FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

1  devoid of any allegation that Recall N23 failed to provide the repair promised (*i.e.,*
2  elimination of the risk of an inadvertent transfer case shift into neutral), Plaintiffs
3  now unequivocally, and repeatedly, admit that Recall N23 "was in fact a repair."
4  *See, e.g.,* Pl. Opp., p. 3 ("Plaintiffs have admit[ted] that the N23 Recall corrects the
5  issue with the inadvertent neutral shift"); *id.* at p. 4 ("Plaintiffs' acknowledge that
6  the N23 Recall corrected the inadvertent neutral shift").

7        Finally, Plaintiffs do not plead, and do not now point to, any legislatively
8  declared policy as a basis for their UCL claim. Plaintiffs complain about a Recall
9  remedy mandated by the NHTSA, and the performance of a Recall overseen by the
10 NHTSA. The NHTSA did not mandate that FCA US "replac[e] the FDCM" as
11 Plaintiffs contemplate, and thus the failure to do so is clearly not linked to any
12 legislative policy issues, and, logically, could not have impacted competition in any
13 actionable or disadvantageous way.

14 **J.**    **The Declaratory Relief Sought Cannot Be Awarded (Count XI).**

15       Plaintiffs do not explain how this Court could ever possibly "declare" that
16 FCA US has failed to comply with its federally-mandated and supervised recall
17 obligations, and undertake its own "supervision over the recall process," without
18 violating the separation of powers and the clear law that prohibits a civil lawsuit
19 from being used to collaterally attack agency findings and processes. *See* Pl. Opp.,
20 pp. 24-25. Yet, this is the exact relief they ask for in the FAC. *See* FAC, ¶ 230.
21 Plaintiffs' request that this Court make a finding that FCA US "has not adequately
22 implemented [its] recall commitments and requirements" (*see* FAC, ¶ 230), is a
23 direct attack on how FCA US has responded to agency action taken by the NHTSA
24 in mandating Recall N23. Plaintiffs do not cite a single case for their contention
25 that this Court can entertain such a request. Instead, they try to convince this Court
26 that what they really seek is "only" "redress for the actions [FCA US] has
27 independently taken." *See* Pl. Opp., p. 25. But, the "recall process" could not, by
28 its very nature, involve any actions that FCA US took independent of that very

12
**FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**
**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

1  process since the entire process is one of statutory creation subject to the mandates
2  set forth in the statute which is administered by the NHTSA.

3   Plaintiffs' one sentence conclusory argument that, via their claim for
4  declaratory relief, they are seeking redress for something other than past wrongs is
5  equally flawed. *Id.* In making this argument, Plaintiffs tell this Court that the
6  wrong they are seeking to redress is the implementation and administration of
7  Recall N23. *Id.* The decision to implement Recall N23, and its actual
8  implementation, both occurred several years ago. *See* FAC at Exhibit 1 (dealer
9  notice of Recall N23 dated July 2013). This is thus clearly a past wrong which,
10 apparently, Plaintiff is somehow trying to undo in the aftermath.

11  If there is any question as to whether Plaintiffs' declaratory relief claim is
12 aimed at past wrongs, one need look no further than the next sentence in the
13 Opposition. There, Plaintiffs argue that their declaratory relief claim should not be
14 dismissed as duplicative because their other claims cannot "remedy the incorrect
15 statements published by Defendants, nor rectify the incorrect information
16 disseminated." *See* Pl. Opp., p. 25. This is an admission that the declaratory relief
17 claim seeks a remedy for past wrongs, *i.e.,* to redress already-published statements
18 and distributed information. As a past wrong, declaratory relief is not available.
19 And, this proffered explanation of why the declaratory relief claim is not
20 duplicative of other legal claims is based on some analysis that no court has ever
21 noted in assessing whether claims are duplicative. Indeed, Plaintiff cites no
22 authority for this confusing argument. *Id.* Plaintiffs' claim for declaratory relief is
23 duplicative because it fails to identify any "controversy other than that presented by
24 plaintiffs' substantive claims for relief." *Sharma v. BMW of N. Am., LLC*, 2014
25 WL 2795512, *7 (N.D.Cal. 2014). Plaintiff does not contend otherwise, and this is
26 the standard that applies. Count XI should be dismissed.

13

**FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

## CONCLUSION

For the reasons outlined herein, and in its opening Memorandum, Defendant FCA US LLC respectfully requests that this Court dismiss Plaintiffs' First Amended Class Action Complaint.

Dated: June 27, 2016            **THOMPSON COBURN LLP**

By: */s/ Rowena Santos*
Rowena Santos
Kathy A. Wisniewski
Stephen A. D'Aunoy
Scott H. Morgan

*Attorneys for FCA US LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2016, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

By: */s/ Rowena G. Santos*

**FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**