Rowena Santos CSB 210185
rsantos@thompsoncoburn.com
THOMPSON COBURN LLP
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

Kathy A. Wisniewski (*pro hac vice* to be filed)
kwisniewski@thompsoncoburn.com
Stephen A. D'Aunoy (*pro hac vice* to be filed)
sdaunoy@thompsoncoburn.com
Scott H. Morgan (*pro hac vice* to be filed)
smorgan@thompsoncoburn.com
THOMPSON COBURN LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101
Tel: 314.552.6000 / Fax: 314.552.7000

*Attorneys for Defendant FCA US LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| LYNN GRIMSTAD, *et al.*, | Case No. 8:16-cv-00763-JVS-E |
| Plaintiffs, | _____ |
| v. | |
| FCA US LLC, | **FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER** |
| Defendant. | **[CLASS ACTION]** |
| | **DATE:** July 11, 2016 |
| | **TIME:** 1:30 p.m. |
| | **JUDGE:** James V. Selna |
| | **COURTROOM:** 10C |

# **TABLE OF CONTENTS**

I.   INTRODUCTION ..........................................................................................1

II.  FACTS RELEVANT TO TRANSFER MOTION ..............................................1

III. ARGUMENT ...............................................................................................2

      A.   The Bankruptcy Court Has Jurisdiction. .............................................. 2

      B.   Plaintiffs' Mischaracterize Their Claims And Misstate The Sale
Order. ....................................................................................................... 4

      C.   The Interest of Justice Favors Transfer. ................................................ 6

IV.  CONCLUSION .............................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Karykeion, Inc.*, 2013 WL 1890626 (9th Cir. Bank.Pan. 2013)........................3

*In re Motors Liquidation Co.*, 428 B.R. 43 (S.D.N.Y. 2010) ....................................3

*Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963 (9th Cir. 2006) ........................5

*Stern v. Marshall*, 131 S.Ct. 2594 (2011) ................................................................2

*Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009)...............................................2

*Tribul Merch. Servs., LLC v. Comvest Grp.*, 2012 WL 5879523
    (E.D.N.Y. 2012) ................................................................................................3

**Statutes and Constitutional Provisions**

28 U.S.C. § 1412 ......................................................................................................6

# I.  INTRODUCTION

Defendant FCA US LLC moves to transfer this case to the United States District Court for the Southern District of New York, for referral to the Bankruptcy Court in that District.  FCA US contends that transfer is warranted because the claims pleaded by Plaintiffs require an interpretation of a Sale Order entered by the Bankruptcy Court, and that Court expressly retained jurisdiction to interpret and enforce its own Sale Order.  Plaintiffs oppose transfer based primarily on their interpretation of what the Sale Order says.[1]  The question here is **which court** – this one or the Bankruptcy Court – should interpret the Sale Order and determine whether its bar applies to the claims herein.  Plaintiffs' self-serving interpretation declaring the Sale Order does not apply ignores the fact that some court, and not the parties to this dispute, must interpret the Sale Order and decide which of two proffered interpretations of it prevails.

It is revealing, however, that Plaintiffs feel their proffered interpretation of the Sale Order is necessary just to support their arguments that transfer is not warranted.  This makes clear that the threshold issue here is one which requires an interpretation and application of the Sale Order.  And, as noted in FCA US's opening Memorandum, courts routinely transfer such cases to the Bankruptcy Court to allow it to interpret its own Order.  FCA US's motion should be granted.

## II.  FACTS RELEVANT TO TRANSFER MOTION

The essential facts regarding application of the Sale Order are not in dispute: FCA US did not manufacture or sell Plaintiffs' vehicles; FCA US cannot be held liable for any defects that existed in Plaintiffs' vehicles at the time of manufacture; and, absent its express assumption of recall obligations **in the Sale Order**, FCA US had no duty to provide **any** remedy for Plaintiffs' vehicles.

---

[1] *See* Plaintiffs' Opposition to Defendant FCA US LLC's Motion to Transfer; Memorandum of Points and Authorities in Support, Docket No. 30 ("Pl. Opp.").

1

The currently operative First Amended Complaint ("FAC"), as well as
Plaintiffs' Opposition to the current transfer motion, make it clear that Plaintiffs'
claims implicate a defect that existed at the time of manufacture. In the FAC,
Plaintiffs allege that there is a hardware defect in an *original* equipment part which
needs to be replaced, and FCA US failed to replace that part. *See* FAC, ¶¶21, 25,
99, 158. And, in their Opposition, Plaintiffs argue that FCA US acted wrongfully
because, instead of replacing this purportedly defective original equipment part
under a recall, it performed only a software repair on their vehicles in an effort to
save money. *See* Pl. Opp., pp. 1-2, 4.[2]

## III.  ARGUMENT

### A.   The Bankruptcy Court Has Jurisdiction.

Plaintiffs argue that the Bankruptcy Court lacks jurisdiction to interpret its
own Sale Order because this is a non-core proceeding. *See* Pl. Opp., pp. 11-12.
But, the United States Supreme Court has unequivocally held that a "Bankruptcy
Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders."
*Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). And, a transfer would
be solely for the purpose of having the Bankruptcy Court interpret the Sale Order
and its effect on the claims pleaded herein. Thus, Plaintiffs' arguments regarding a
lack of jurisdiction are clearly wrong.

Furthermore, the case Plaintiffs cite for their argument that the Bankruptcy
Court would lack jurisdiction unless this case can be categorized as a "core"
proceeding – *Stern v. Marshall*, 131 S.Ct. 2594 (2011) – actually holds that
bankruptcy courts have jurisdiction over *both* "core" and "non-core" proceedings.
*Id.* at 2607. As the *Stern* Court noted, the relevance of the distinction between
"core" and "non-core" proceedings is not jurisdictional; rather, it impacts only

---

[2]The heart and soul of Plaintiffs' claims is that FCA US provided a software
upgrade instead of replacing an allegedly defective piece of hardware in their
vehicles, yet they now argue that they do not even know if this part is really
defective. *See* Pl. Opp., p. 3.

2

1  whether the bankruptcy court enters final judgment, or instead submits its proposed

2  findings of fact and conclusions of law to the district court.  *Id.*

3    Regardless, under Ninth Circuit law, this case is, in fact, a "core" proceeding

4  because it requires an interpretation of a bankruptcy court sale order.  *See, e.g.*, *In

5  re Karykeion, Inc.*, 2013 WL 1890626, *3 (9th Cir. Bank.Pan. 2013) ("As this

6  adversary proceeding turned on the interpretation of agreements approved by and

7  incorporated into a section 363 sale order, it was a core matter"); *see also Tribul

8  Merch. Servs., LLC v. Comvest Grp.*, 2012 WL 5879523, *11 (E.D.N.Y. 2012)

9  (holding that bankruptcy court has "core jurisdiction to interpret and enforce its

10  own sale order" to determine if claims are barred where sale order "arguably

11  intended to absolve the purchaser from bearing certain liabilities relating to the

12  vehicles going forward" (citation omitted)); *In re Motors Liquidation Co.*, 428 B.R.

13  43, 57 (S.D.N.Y. 2010) ("[C]ourts have characterized the injunctive authority of

14  bankruptcy courts as 'core' when the rights sought to be enforced by injunction are

15  based on provisions of the Bankruptcy Code, such as the 'free and clear' authority

16  of § 363(f). … The injunctive provisions in the Sale Order enjoining successor

17  liability would thus be within the Bankruptcy Court's core jurisdiction to authorize

18  and effectuate the 363 Transaction 'free and clear' of Appellants' claims under

19  § 363(f)" (internal citations omitted)).

20    Plaintiffs cite three cases in support of their position that this is a "non-core"

21  proceeding.  *See* Opp., p. 11 (*citing In re Kold Kist Brands, Inc.*, 158 B.R. 175

22  (C.D.Cal. 1993); *In re Harris Pine Mills*, 44 F.3d 1431 (9th Cir. 1995); *In re

23  Goodman*, 991 F.2d 613 (9th Cir. 1993)).  These cases, however, speak only

24  generally to the definition of "core" versus "non-core" proceedings.  ***Not a single

25  one*** touches on the need for an interpretation or enforcement of a bankruptcy court

26  sale order, and they thus do not support Plaintiffs' position that this is a "non-core"

27  proceeding.

28

**B.      Plaintiffs' Mischaracterize Their Claims And Misstate The Sale Order.**

The core of Plaintiffs' arguments against transfer is that because their claims arise from a recall administered by FCA US, and not from a manufacturing defect created by Old Carco, they have nothing to do with the Sale Order.  But, FCA US does not seek transfer solely because Plaintiffs' claims implicate a manufacturing defect (which they do) and thus are barred by the Sale Order.  FCA US also seeks transfer because the wrongful conduct alleged by Plaintiffs falls squarely within the Sale Order provision governing FCA US's assumption of Old Carco's recall obligations, and that provision has limitations which, FCA US contends, preclude the claims Plaintiffs plead here.  Transfer will allow the Bankruptcy Court to interpret its own Sale Order as to whether those limitations do bar Plaintiffs' claims.  Plaintiffs' self-serving, unilateral declaration that the limitation does not mean what FCA US contends it means (Pl. Opp., p. 8), only highlights the need to transfer because it makes clear that the parties have a genuine dispute over what a provision in the Sale Order means.

Plaintiffs' argue that the Sale Order provision limiting FCA US's liabilities with respect to its recall actions cannot possibly limit FCA US liabilities for *civil* claims that purportedly arise out of the actions it takes as part of its assumed duty to carry out Old Carco's recall obligations. Pl. Opp., p. 8.  Plaintiffs reason that such a limitation would allow FCA US to "implement the most reckless, inexpensive recalls imaginable … yet to be exempt." *Id.*  But, this is nonsensical when one considers that recalls are conducted under the watchful eye of the NHTSA which has the authority to, and has exercised its authority to, levy heavy civil fines in the hundreds of millions of dollars against vehicle manufacturers who fail to properly provide recall remedies.  Plaintiffs' argument ignores this fact that was, undoubtedly, understood by the Bankruptcy Court, *i.e.,* that the NHTSA has jurisdiction to ensure that ***proper*** recall remedies are administered.  In light of the NHTSA's well established legal authority in the area of motor vehicle recalls, it is

4

likely that the Bankruptcy Court knew that the NHTSA would assure recalls were conducted properly, and thus concluded that it was a fair tradeoff to exempt FCA US from civil liabilities arising out of its assumption of Old Carco's recall obligations in exchange for FCA US agreeing to bear the responsibilities and costs of conducting necessary recalls that would have never been implemented without such an agreement (the NHTSA otherwise would not have been able to hold FCA US accountable since its authority extends only to those who manufactured/supplied allegedly defective vehicles and their components).

In any event, Plaintiffs' claims, at their core, *are* about a manufacturing defect. Plaintiffs charge FCA US with wrongful, and immoral and unethical, conduct for choosing to implement a software fix in an effort to save money when it should have replaced an allegedly defective original equipment part. *See* FAC, ¶¶21, 25, 99, 158; Pl. Opp., pp. 1-2, 4. It is the FAC, as pleaded, which determines whether the Sale Order is implicated and thus whether transfer is warranted; it is not Plaintiffs' after-the-fact characterizations. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006) (affirming district court's refusal to consider plaintiff's characterization of the complaint to survive summary judgment). Yet, Plaintiffs are trying to avoid transfer by re-creating the FAC.

Plaintiffs now contend that "[a]ny allegations of defect in the FDCMs are based entirely on [FCA US's] representation that said units are defective." Pl. Opp., p. 3. But, in the FAC Plaintiffs allege that: they "purchased a vehicle manufactured by Defendant FCA US, LLC or its predecessors or successors in interest" (FAC, ¶ 1); their "claims all derive from a *single* course of conduct by FCA US, its agents, predecessors, and subsidiaries" (*id.* ¶ 39); and that FCA US "is in the exclusive position to offer and design recalls for the subject WK Model Vehicles, *by virtue of the fact* that it, or its successors or *predecessors in interest, produced said vehicles*" (*id.* ¶ 140 (emphasis added)). In other words, in the FAC Plaintiffs allege that the same party manufactured their vehicles (which, the parties

5

agree, is Old Carco, not FCA US), and then engaged in a single course of conduct giving rise to liability.[3]  These allegations compel transfer to the Bankruptcy Court because they raise issues at the heart of the Sale Order, *e.g.,* issues of successor liability and the responsibility for manufacturing defects.[4]

**C.    The Interest of Justice Favors Transfer.**

Plaintiffs do not deny that 28 U.S.C. § 1412 establishes the relevant standard here.  Nor do they deny that this Court has broad discretion to transfer under § 1412 "in the interest of justice."  And, Plaintiffs agree that the "in the interest of justice" factors involve:  (1) the efficient administration of the bankruptcy estate; (2) the presumption in favor of the forum where the bankruptcy case is pending; (3) judicial efficiency; (4) the parties' ability to receive a fair trial; (5) the state's interest in deciding local controversies; (6) the enforceability of any judgment; and (7) the plaintiff's choice of forum.  *See* Pl. Opp., p. 15.

Yet, Plaintiffs engage in misdirection by arguing about the convenience of the parties.  *Id.* at pp. 13-14.  The "interest of justice" and the "convenience of the parties" are separate and independent grounds for transfer under § 1412.  Thus, the "convenience of the parties" is irrelevant here.  Even if it were relevant, it would not defeat transfer because FCA US seeks transfer only for the limited purpose of a one-time ***legal*** interpretation of the Sale Order.  Hence, the proceedings in the transferee court will not inconvenience anyone since those proceedings will not involve witnesses or evidence.  There will be no need for Plaintiffs to personally appear at the hearing on this purely legal issue, and their counsel of record can

---

[3]Plaintiffs (incorrectly) refer to Old Carco as FCA US's "predecessor" no less than twenty times in its Opposition.  Opp., pp. 1, 3, 4, 5, 7, 8, 9, 10, 12, 13, 15.

[4]Plaintiffs dismissed their implied warranty and strict liability claims in an admitted effort to avoid transfer. *See* Pl. Opp., p. 7.  But, the crux of Plaintiffs' still-pending negligent misrepresentation claim is the same as those claims, *i.e.,* that FCA US represented it would repair Old Carco's manufacturing defect, but it ***did not repair Old Carco's manufacturing defect.  See*** FAC, ¶ 139.

appear in the matter pro hac vice.  Thus, Plaintiffs' arguments about travel and representation are simply red herrings.

Moreover, Plaintiffs offer no legitimate opposition to the factors that actually do govern here:

> *First*, even if Plaintiffs do not seek redress against the bankrupt Old Carco, this case could implicate estate administration because the claims they plead raise the potential for FCA US to claim indemnification from the bankruptcy estate;

> *Second*, despite Plaintiffs' arguments to the contrary, the presumption in favor of the Bankruptcy Court applies regardless of who the defendant is in this proceeding because it is possible this proceeding could effect – directly or indirectly – the bankrupt estate;

> *Third*, rather than "waste" judicial resources as Plaintiffs suggest, transfer would promote efficiency since the Bankruptcy Court is ***thoroughly familiar*** with the Sale Order, and thus is in the best position to apply it consistently with the least effort; and

> *Fourth*, Plaintiffs' arguments about "jurisdiction to conduct a trial in this matter," and the enforcement of any ultimate judgment entered against FCA US, are frivolous.  Any claims that the Bankruptcy Court finds to be viable despite the limitations set forth in the Sale Order will go to trial here.

## IV.  CONCLUSION

For the reasons outlined herein and in FCA US's Motion to Transfer and Supporting Memorandum, Defendant FCA US LLC respectfully requests that this Court transfer this case to the United States District Court for the Southern District of New York, for referral to the Bankruptcy Court in that District.

Dated: June 27, 2016                    **THOMPSON COBURN LLP**

                                        By:  */s/ Rowena Santos*
                                        Rowena Santos
                                        Kathy A. Wisniewski
                                        Stephen A. D'Aunoy
                                        Scott H. Morgan

                                        *Attorneys for FCA US LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2016, I electronically filed the foregoing

document using the CM/ECF system which will send notification of such filing to

the e-mail addresses registered in the CM/ECF system, as denoted on the

Electronic Mail Notice List.

                        By:    */s/ Rowena G. Santos*