09-50002-mg Doc 8492-47 Filed 09/13/16 Entered 09/15/16 10:48:20 34 main
Case 1:16-cv-07125-WHP Document 34 Filed 09/15/16 Page 1 of 33
Pg 1 of 33

Anthony O. Egbase (SBN: 181721)
Victoria T. Orafa (SBN: 265037)
A.O.E. LAW & ASSOCIATES, INC.
350 S. Figueroa Street, Suite 189
Los Angeles, California 90071
Tel: (213)620-7070     Fax: (213)620-1200

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

LYNN GRIMSTAD, an individual, and on behalf of all others similarly situated, and MARA MANUEL, an individual, and on behalf of all others similarly situated,

                    Plaintiffs,


            -vs-


FCA US, LLC, a Michigan Limited Liability Company; and DOES 1 through 300,000 inclusive,

                    Defendant.

**Case No.: 8:16-cv-00763-JVS-E**

**NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**[CLASS ACTION]**

Honorable Judge James V. Selna
Courtroom: 10C

Date: February 6, 2017
Time: 1:30pm

PLEASE TAKE NOTICE that on February 6, 2017 at 1:30 p.m., in Courtroom 10C of the United States District Court for the Central District of California, Southern Division, located at 411 West Fourth Street, Room 1053 Santa Ana, CA 92701-4516, the Honorable James V. Selna, District Judge, presiding, Plaintiffs will, and hereby do,

09-50002-mg   Doc 8492-47   Filed 09/13/16   Entered 09/15/16 10:48:20   34 main
Case 1:16-cv-07123-WHP   Document 34   Filed 09/15/16   Page 2 of 33
Pg 2 of 33

motion this Court for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.

By and through this Motion Plaintiffs seek to certify a Statewide Class, and a Nationwide Class pursuant to F.R.C.P. 23(b)3, and an Injunctive Class pursuant to F.R.C.P. 23(b)2, to certify Plaintiffs Lynn Grimstad, Mara Manuel, and proposed Plaintiff Jeanette Wickstrom as Class Representatives, and to certify Victoria Orafa and A.O.E. Law & Associates as Class Counsel. This Motion is made upon the grounds that the Class is sufficiently numerous that joinder would be impractical, the issues asserted in the operative complaint are common to the Class, typical among all Class Members, and as the Representatives and Class Counsel will adequately, zealously, and fairly represent the interests of the Class.

This Motion is made following a conference with counsel pursuant to L.R.7-3, which was initiated on June 24, 2016, but took place on June 28, 2016.

Dated:  June 28, 2016

**A.O.E. LAW & ASSOCIATES**

_____
Victoria Orafa, Esq.
Attorney for Plaintiffs and
Proposed Class Members

**NOTICE OF MOTION FOR CLASS CERTIFICATION**

09-50002-mg : Doc 8492-47 Filed 09/13/16 Entered 09/15/16 10:48:20 34 main
Case 1:16-cv-07123-WHP Document 34 Filed 09/15/16 Page 3 of 33
Pg 3 of 33

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................................iii

MEMORANDUM OF POINTS AND AUTHORITIES.................................... 1

I.      INTRODUCTION………………………………………..…………1
II.     RELIEF REQUESTED…………………………………………....…3
III.    ISSUES TO BE DECIDED…………………………………….…..…3
IV.   BACKGROUND……………………………………………………4
V.    THE PLAINITFFS…………………………….…..………………….4
VI.   THE CLASSES PLAINTIFFS SEEK TO BE CERTIFIED………..………5
VII.  ARGUMENT……………………………………………..……...…6

    i. The Proposed Classes Satisfy F.R.C.P. Rule
23(a)………………………………………………………..…..7
        a. The Classes are Sufficiently Numerous that Joinder Would
Be Impracticable……………………………………….………..7
        b. There are Questions of Law and Fact Common to each
Class…………………………………………………………9
        c. The Claims and Defenses of the Representative Parties are
Typical of all Class Members………………………………….14
        d. The Representative Parties Will Fairly and Adequately
Protect the Interests of the Classes and Proposed Class Counsel
Satisfies F.R.C.P. Rule 23(g)………………………….……………17

    ii. The Proposed Nationwide and Statewide Classes Satisfy F.R.C.P.
Rule 23(b)(3)…………………………………………………19
        a.    Common Questions Predominate over Individual
           Questions……………………………………...…….19
        b.    A Class Action Is Superior to Other Available Methods
           for Fairly and Efficiently Adjudicating the
           Controversy…………………………………..…..21

    iii. The Proposed Injunctive Class Satisfies F.R.C.P. Rule
23(b)(2)………………………………………………….…..22

iv. Defendant Should be Required to Give Notice to all Class Members…………………………………………………………..…..23

**VIII.**        CONCLUSION……………………….………………………………24

**TABLE OF CONTENTS AND AUTHORITIES**

09-50002-mg    Doc 8492-47    Filed 09/13/16    Entered 09/15/16 10:48:20    34 main
Case 1:16-cv-07123-WHP    Document 34    Filed 09/15/16    Page 5 of 33
Pg 5 of 33

# TABLE OF AUTHORITIES

## __Statutes__

F.R.C.P. Rule 23(a)……………………………………………………………………….7, 16, 17

F.R.C.P. Rule 23(c)(4)(A) …………………………………………………………….11, 12

F.R.C.P. Rule 23(b)(3)………………………………………………………………....…….19, 21, 22

F.R.C.P. Rule 23(b)(2)……………………………………………………………….…… 22

F.R.C.P. Rule 23(c)(4)(A)……………………………………………………………….20

## __Case Law__

*Amchem Products, Inc. v. Windsor*, 521 US 591 (1997)…………………….…17, 19, 20

*Bates v. United Parcel Serv.*4, 204 F.R.D. 440 (N.D. Cal. 2001)…………………..….7

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975)……………...……………………….…20

*Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*, 249 F.R.D. 334 (N.D. Cal. 2008)………………………………….……………………………………...17, 19

*Castaneda v. Burger King Corp.*, 264 F.R.D. 557  (2009)…………….....……...……….15

*Chamberlan v. Ford Motor Co.* (N.D.Cal.2004) 223 F.R.D. 524……………….…….13

*Charlebois v. Angels Baseball, LP*, 2011 WL 2610122 (C.D. Cal. June 30, 2011)………………………………………………………………………..…7

*City of San Jose v. Superior Court* (1974) 525 P. 2d 701 Cal Supreme Court………15

*Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378 (D. Colo. 1993)……………………….17

*Cross-Disability Coal. v. Taco Bell Corp.*, 184 F.R.D. 354 (D. Colo. 1999)……….7, 8

*Daugherty v. American Honda Motor Co., Inc.* (2006) 51 Cal. Rptr. 3d 118…....9, 10, 13

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011)………………………....18

*General Telephone Co. of Southwest Falcon*, 457 U.S. 147 (1982)…………………...17

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)………………………...….…21

*Hodges v. Akeena Solar, Inc.*, 274 F.R.D. 259 (N.D. Cal. 2011)……………….…18

*In re Cadillac V8-6-4 Class Action* (1983) 93 N.J. 435……………….………11, 12, 13, 15

09-50002-mag   Doc 8492-47   Filed 09/13/16   Entered 09/15/16 10:48:20   34 main
Case 1:16-cv-07123-WHP   Document 34   Filed 09/15/16   Page 6 of 33
Pg 6 of 33

*John Armstrong v. Gray Davis*, 275 F.3d 849…………………….…..…....…13, 14, 23

*Jordan v. County of Los Angeles*, 669 F.2d 1311 (9th Cir. 1982)……………………8

*Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152 (9th Cir. 2001)…………………………………………..…..17, 19

*Lucas v. Kmart Corp.*, 2005 WL 1648182………………………………..……..16

*Markham v. White*, 171 F.R.D. 217 (N.D.Ill.1997)……………………..…12, 16, 20

*Moeller v. Taco Bell Corp.*, 220 F.R.D. 604 (N.D. Cal. 2004) …………..………….7

*Osborne v. Subaru of America, Inc*., 198 Cal. App. 3d 646…... ……..11, 12, 13, 15, 16

*Robert Newberg, Newberg on Class Actions*, § 7.24 and 1 *Newberg* § 3:12 (3d ed. 1992)………………………………………………………………………17

*Simmons v. Superior Court*, (1950) 96, Cal.App.2d 119………………………..……..8

*Vinole v. Countrywide Home Loans, Inc*. 571 F.3d 935 (9th Cir. 2009)…………..……….22

*Wal-Mart Stores, Inc.v. Dukes*, 131 S. Ct. 2541 (2011)…………...……………13, 16, 22

*Walter v. Palisades Collection*, 2010 U.S. Dist. LEXIS 7374 (E.D. Pa. Jan. 26, 2010)……………………………………………………………………..…17, 19

*Yokoyama v.Midland Nat'l Life Ins. Co.*, 594 F.3d 1087 (9th Cir. 2010)…………..…20

09-50002-mg   Doc 8492-47   Filed 09/13/16   Entered 09/15/16 10:48:20   34 main
Case 1:16-cv-07123-WHP   Document 34   Filed 09/15/16   Page 7 of 33
Pg 7 of 33

## MEMORANDUM OF POINTS & AUTHORITIES
## I. INTRODUCTION

As of July of 2013, Defendant FCA US discovered a defect in the Final Drive Control Module ("FDCM") of its Jeep Grand Cherokees model years 2005 through 2010, and Jeep Commanders model years 2006 through 2010, specially optioned and equipped with the Quadra-Drive II or Quadra-Trac II, four wheel drive systems ("WK & XK Model Vehicles"). The defect originates from a hardware defect in the FDCM, whereby the circuit board will suffer from a stress fracture. Defendant claimed that this malfunction may result in a condition whereby the WK & XK Model Vehicles will "unintentionally … shift into neutral position without input from the driver." (See Defendant's Service Bulletin attached as Ex. 1 to the FAC).

In the intended prevention of this potential issue, Defendant issued a recall notice to WK Model Vehicle owners. (See sample notice attached as Ex. 2 to the FAC). Rather than replace the affected hardware in the FDCM, or replace the FDCM model itself with a revised model, Defendant opted for a relatively inexpensive option, and it designed, developed, and implemented a software update to upload to the existing, fracture prone, FDCMs (implemented as "the N23 Recall").

The N23 Recall, was designed, and did effectively disable the WK & XK Model Vehicle's FDCMs during the course of its repeated routine function. The FDCM is a self-contained computing instrument, and it evaluates data received from sensors in the vehicle, via real-time data. The software update, designed by Defendant, causes the FDCM to disable itself after receiving data which is typical of its repeated routine function. Plaintiffs are informed and believe that the purpose of this design, was to cause the disablement of any potentially fractured or defective FDCMs, thereby preventing inadvertent neutral shifting or 'roll-aways' of the WK and XK Model Vehicles. In

**MOTION FOR CLASS CERTIFICATION – MEMORANDUM OF POINTS AND AUTHORITIES**

09-50002-mag Doc 8492-47 Filed 09/13/16 Entered 09/15/16 10:48:20 34 main
Case 1:16-cv-07123-WHP Document 34 Filed 09/15/16 Page 8 of 33
Pg 8 of 33

performing this recall, Defendant has saved itself millions of dollars in the cost of replacing the FDCM in the WK Model Vehicles.

As a by-product of this disablement however, the N23 Recall also disabled the four wheel drive low gear capability, four wheel lock capability, and transfer case neutral shift capability of all WK & XK Model Vehicles 'updated' by the Recall.

Plaintiffs sue on the basis that Defendant represented that it would "repair [Plaintiffs'] vehicle[s] free of charge," yet, it only sought to gain access to Plaintiffs' WK & XK Model Vehicles, in order to disable the functionality of Plaintiffs' vehicles, to save itself from liability in the event that Plaintiffs' vehicles might shift into neutral. (See sample N-23 Recall Notice attached as Ex. 2 to the FAC). Defendant, via its N23 Recall, thereby converted Plaintiffs' specially optioned and equipped four wheel drive low gear capability, and four wheel lock vehicles, into a lesser equipped static all-wheel drive vehicle, without giving notice of these adverse effects, and without obtaining permission, authority, or consent for this conversion from Plaintiffs and the Class of other similarly situated purchasers of the WK & XK Model Vehicles.

Defendant, has since distributed a document entitled, "Customer Satisfaction Notification P73," which acknowledges a condition whereby an error in the FDCM software will cause the vehicles' "Service 4wd" light to illuminate, and prevent the vehicles from switching into four wheel drive low, and four wheel lock. (P73 Notice attached as Ex. 3 to the FAC, "P73 Notice.") Defendant's agents and technicians who routinely perform the service admit to Plaintiffs that Defendant produced and distributed only one version of the N23 Recall Software, and did not anticipate a different result on Plaintiff's vehicle. The reflash of the N23 Recall Software on the WK Model vehicles first rendered the transfer case functions operable, but after a certain number of cycles of routine function, it again caused the FDCM to disable itself, thereby disabling the four

09-50002-mg   Doc 8492-47   Filed 09/13/16   Entered 09/15/16 10:48:20   34 main
Case 1:16-cv-07123-WHP   Document 34   Filed 09/15/16   Page 9 of 33
Pg 9 of 33

wheel low, four wheel lock, and neutral shift capabilities of the WK & XK Model Vehicles.

## II. RELIEF REQUESTED

Plaintiffs request certification of a Rule 23(b)(2) Injunctive Class and two Rule 23(b)(3) Classes. Plaintiffs brought this class action lawsuit on behalf of themselves and a putative class against the Defendant named in the caption, alleging the following claims: (1) Trespass to Chattel (2) Conversion (3) Fraud (4) Fraudulent Concealment (5) Negligent Misrepresentation (6) Promissory Estoppel (7) Unfair and Deceptive Business Practices (8) Negligence (9) Strict Products Liability (10) Breach of Implied Warranty of Merchantability (11) Declaratory Relief. Plaintiffs have since filed a Notice of Dismissal without prejudice as to the ninth and tenth causes of action for Strict Products Liability and Breach of Implied Warranty of Merchantability.

Through this Motion, Plaintiffs respectfully request certification of three classes, and two types of classes: a "California Class" under Rule 23(b)(3) of the Federal Rules of Civil Procedure, alleging the seventh cause of action, Unfair and Deceptive Business Practices, in the First Amended Complaint by a Statewide California Class; a "Nationwide Class" under Rule 23(b)(3) of the Federal Rules of Civil Procedure, alleging causes of action one through six, and eleven (all remaining causes of action but the seventh cause of action, which is potentially exclusive to California), or alternatively a Statewide California Class alleging all causes of action under said rule; and an "Injunctive Class" under Rule 23(b)(2) seeking an injunction enjoining Defendant from further deceptive recall practices, judicial supervision over its recall process, and declaratory relief that Defendant has not adequately implemented their general commitments to fix its failed processes.

## III. ISSUES TO BE DECIDED

1. Whether the California Class should be certified pursuant to Rule 23(b)(3);

MOTION FOR CLASS CERTIFICATION – MEMORANDUM OF POINTS AND AUTHORITIES

09-50002-mg    Doc 8492-47    Filed 09/13/16    Entered 09/15/16 10:48:20    34 main
Case 3:16-cv-04253-WHP    Document 34    Filed 07/01/16    Page 10 of 34
Pg 10 of 33

2. Whether the Nationwide Class should be certified pursuant to Rule 23(b)(3);

3. Whether the Injunctive Class should be certified pursuant to Rule 23(b)(2);

4. Whether Plaintiffs Lynn Grimstad, Mara Manuel, Jeanette Wickstrom should be appointed to represent the Federal Class and Injunctive Class;

5. Whether Plaintiffs Lynn Grimstad and Mara Manuel should be appointed to represent the California Class;

6. Whether Plaintiffs' counsel, A.O.E. Law & Associates and Victoria Orafa, should be appointed Class Counsel for the Nationwide Class, California Class, and Injunctive Class.

## IV. BACKGROUND

The original manufacturer of the WK & XK Model Vehicles, Old Carco, LLC filed for Bankruptcy on April 30, 2009, and its assets were purchased by Chrysler Group LLC in June 1, 2009 (which thereafter merged with Fiat S.P.A., and was later renamed FCA US , LLC in December of 2014), Plaintiffs causes of action arise from the July 2013 recall, not from the purported defect from the manufacturer. It follows that as it was Defendant that implemented the injury producing recall, and Defendant that continues to implement this recall, the causes of action asserted by this suit are appropriately against it, and the bankruptcy of its predecessor is of no consequence.

In the event Defendant FCA US alleges it is a successor corporation by virtue of the name change or merger, it operates in the same manner, with the same assets, location, personnel, contacts, maintains the same business, manufactures the same line of products, under the same trademarks, maintains the same operations, and has thus assumed liability on behalf of any such predecessor.

## V. THE PLAINTIFFS

Plaintiffs are all individuals with who purchased a "WK," Jeep Grand Cherokees model years 2005 through 2010, or "XK," and Jeep Commanders model years 2006

4

through 2010, Model Vehicle, specially optioned and equipped with a Quadra-Drive II or Quadra Trac II four wheel drive system, which had a four wheel drive low gear capable, four wheel lock capable (for the Quadra-Drive II Models only), and neutral shift capable transfer case. Plaintiffs have taken their respective Vehicles in to car dealerships operated by Defendant for the N23 Recall, and have experienced the loss of all of said features as a result of Defendants Recall (a unanimous experience by all WK and XK Model owners).   (Brief descriptions of each Plaintiff and their experiences in their respective Declarations). They all share said common injury, and they all zealously seek restitution on behalf of their class for the diminution in value to their vehicles, for fees unnecessarily incurred in their futile attempts to remedy an un-remediable condition, for declaratory relief that Defendant has failed its obligations to adequately perform a recall, and to enjoin Defendant from causing further injury to class members.

## VI. THE CLASSES PLAINTIFFS SEEK TO BE CERTIFIED

Plaintiffs respectfully request certification of the following classes:

1) A California Class. Plaintiffs request that the Court certify, pursuant to Rule 23(b)(3), a Class of all owners of model year 2005-2010 Jeep Grand Cherokee vehicles manufactured February 11, 2004, through March 9, 2010, and 2006-2010 Jeep Commander vehicles manufactured January 31, 2005, through March 10, 2010, who have had Defendant's N23 Recall performed on their vehicles in California, since implementation of the Recall, on or following May 7, 2013, and until resolution of the instant action.

2) A Nationwide Class. Plaintiffs request that the Court certify, pursuant to Rule 23(b)(3), a Class of all owners of model year 2005-2010 Jeep Grand Cherokee vehicles manufactured February 11, 2004, through March 9, 2010, and 2006-2010 Jeep Commander vehicles manufactured January 31, 2005, through March 10, 2010, who have had Defendant's N23 Recall performed on their vehicles in the

09-50002-mg Doc 8492-47 Filed 09/13/16 Entered 09/15/16 10:48:20 34 main Pg 12 of 33

United States, since implementation of the Recall, on or following May 7, 2013, and until resolution of the instant action.

3) An Injunctive Class. Plaintiffs request that the Court certify, pursuant to Rule 23(b)(2), a Class of all owners of model year 2005-2010 Jeep Grand Cherokee vehicles manufactured February 11, 2004, through March 9, 2010, and 2006-2010 Jeep Commander vehicles manufactured January 31, 2005, through March 10, 2010, who have had Defendant's N23 Recall performed on their vehicles in the United States, since implementation of the Recall, on or following May 7, 2013, and until resolution of the instant action.

In summary, while the Vehicles owned by the proposed Class members span a range of different years and options, each of said vehicles operates with an identical NV245 Transfer Case, controlled by an identical Final Drive Control Module. (See Ex. 1 of the FAC, as the Service Bulletin, and see also Ex. 1 attached as the Defect Information Report from Chrysler Group LLC, Page 3, Bullet Point 2, 4, 5 & 9). It follows that the harm caused by Defendant in implementing the N23 Recall on Plaintiffs' and Class Members' vehicles is identical, as it is a single software patch, which reprograms said FDCMs, thereby disabling said NV245 Transfer Cases, causing the loss of four wheel drive low gear capability, four wheel lock capability, and transfer case neutral shift capability, uniformly, consistently, and without exception, in all of said Vehicles. As Plaintiffs and Class Members damages are appropriately based upon the impairment to the vehicles, and their diminution in value, the damages are thus uniform as well.

## VII. ARGUMENT

Plaintiffs will demonstrate infra that the Injunctive Class, the Statewide Class, and the Nationwide Class satisfy F.R.C.P. Rule 23.

**MOTION FOR CLASS CERTIFICATION – MEMORANDUM OF POINTS AND AUTHORITIES**

09-50002-smg    Doc 8492-47    Filed 09/13/16    Entered 09/15/16 10:48:20    34 main
Case 5:16-cv-07255-WHP    Document 34    Filed 07/15/16    Page 13 of 34
Pg 13 of 33

**i. The Proposed Classes Satisfy F.R.C.P. Rule 23(a).**

As set forth in F.R.C.P. Rule 23(a) "one or more members of a class may sue… only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." As set forth below, the Statewide Class, Nationwide Class, and Injunctive Class satisfies the requirements of Rule 23(a).

**a. The Classes are Sufficiently Numerous that Joinder Would Be Impracticable.**

In *Moeller*, the Court found that "Plaintiffs do not need to state the exact number of potential class members, nor is a specific number of class members required for numerosity." *Moeller v. Taco Bell Corp*., 220 F.R.D. 604, 608 (N.D. Cal. 2004); *Bates v. United Parcel Serv*.4, 204 F.R.D. 440, 444 (N.D. Cal. 2001). A court may make common sense assumptions to support a finding that joinder would be impracticable. *Moeller*, 220 F.R.D. at 608; *Cross-Disability Coal. v. Taco Bell Corp*., 184 F.R.D. 354, at 358 (D. Colo. 1999).; *Charlebois v. Angels Baseball, LP*, 2011 WL 2610122, at *4 (C.D. Cal. June 30, 2011).

With respect to numerosity of the Class Members, in the instant case, as alleged in the FAC, and as acknowledged in the Package of Information Letter from Chrysler Group LLC, approximately 295,246 vehicles are subject to the N23 Recall. (See FAC Page 2 Para 4, Package of Information Letter). With respect to actual implementation of the N23 Recall, Defendant has acknowledged that at least 196,022 of the WK & XK Model Vehicles have suffered implementation of the N23 Recall as of 10/9/2014. (See Quarterly Report for N23 Recall as of 10/9/2014 attached as Ex. 2). While it is generally held that joinder is impractical when there exist more than twenty-five to forty claimants,

**MOTION FOR CLASS CERTIFICATION – MEMORANDUM OF POINTS AND AUTHORITIES**

09-50002-mg   Doc 8492-47   Filed 09/13/16   Entered 09/15/16 10:48:20   main
Case 3:16-cv-04254-WHP   Document 34   Filed 07/15/16   Page 14 of 34
Pg 14 of 33

it is evident from the allegations regarding numerosity in the complaint, as well as Defendant's admission that approximately two-hundred thousand vehicles were affected before 2015, that joinder of approximately two-hundred thousand or more Plaintiffs in a single action would be not only impractical within the meaning of F.R.C.P. 23(a)1, but physically impossible (Moreover, as the recall is to this day still being implemented, as probability dictates, and as discovery will likely reveal, said number has most certainly has increased substantially).

In *Colo Cross-Disability Coal*, the Court found that it may consider the geographic diversity of class members, and the relative ease or difficulty in identifying said members for joinder.  See *Colo. Cross-Disability Coal.* 184 F.R.D. at 357. In the instant case, nearly three-hundred thousand of the WK & XK Model Vehicles have been sold Nationwide, and likely more than two-hundred thousand of said Vehicles have been affected. As common sense dictates, and as discovery will likely reveal, there are likely thousands of affected WK & XK Model Vehicles in every state. *Id.* at 358. Irrespective of whether said parties can be located for joinder (which is unlikely as people move), the Class Members are sufficiently diverse that it would be unreasonable to expect them all to travel to this District. See also *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1319 (9th Cir. 1982).

The Court should also "judicial economy arising from avoidance of multiplicity of actions." *Robert Newberg, Newberg on Class Actions* § 3:12. "Equity abhors a multiplicity of actions.  It is the policy of the law to reduce to the minimum the number of actions which may subsist between the same parties.  Courts should not be in collision." (*Simmons v. Superior Court*, (1950) 96, Cal.App.2d 119, 130). In the instant case, certification of the Class would avoid a multiplicity of actions in different state Courts and different District Courts from coast to coast, thereby preventing the possibility of conflicting rulings and inconsistent outcomes.

Thus, for every relevant reason, the Class Members in the instant case are sufficiently numerous, in fact extraordinarily numerous, such that joinder would be impractical and even impossible.

**b. There are Questions of Law and Fact Common to each Class.**

<u>Nationwide Class and Statewide Class</u>

*Common Cause and Injuries*

The Nationwide and Statewide Class satisfy the commonality requirement by addressing only the N23 Recall implemented by Defendant, and the identical damage it has caused to each vehicle. As alleged in the FAC, "Defendant produced and distributed only one version of the N23 Recall Software," and thus at the root of each and every cause of action is a single harm from which all Class Members have been injured, identically. (See FAC Page 6 Para 37). The injuries suffered by Class Members are identical, as the N23 Recall has the same effect on all vehicles, the disablement of the FDCM, which deprives the vehicles of the four wheel low gear, four wheel lock (for the Quadra-Drive II Models, ***or, more techinically and universally stated, transfer case lock for all vehicles, both Quadra Drive II and Quadra Trac II***), and neutral shift capability of their NV245 transfer cases. (See FAC Page 3 Para 10, and Page 5 Para 32). The allegations are thus uniform as to all Class Members, rendering every legal and factual question relating to liability not just common, but identical.

The Court in *Daugherty v. American Honda Motor Co. Inc.* certified a class of owners of a seven year span of two completely different model vehicles, Honda Accords and Honda Preludes ranging from 1990 through 1997. *Daugherty v. American Honda Motor Co., Inc*. (2006) 51 Cal. Rptr. 3d 118. The Court was not deterred by the superficial difference in body styles between the two different models, nor the variance in years between the vehicles. The Court found that as the same F22 engine was used in

09-50002-mg   Doc 8492-47   Filed 09/13/16   Entered 09/15/16 10:48:20   34 main
Case 3:16-cv-07125-WHP   Document 34   Filed 07/15/16   Page 16 of 34
Pg 16 of 33

both model vehicles, throughout the seven year range, and as the issue was one that was common to said engines, that commonality and typicality predominated. In *Daugherty*, the allegations involved misrepresentation, in that allegedly, the defendant '"[c]onceal[ed] and fail[ed] to disclose"' that the F22 engines in all of said vehicles contained a defect, which would not reveal itself until after expiration of the warranty. *Id*.

The instant case is analogous to the case of Daugherty, with respect to certification. In the instant case, Plaintiffs seek to certify Class Members who have owned two different models of vehicles, spanning a range of five years. As in Daugherty, the body styles and year variance is inconsequential to the root of the problem. All Jeep Grand Cherokees model years 2005 through 2010, and Jeep Commanders model years 2006 through 2010, specially optioned and equipped with the Quadra- Drive II or Quadra-Trac II four wheel drive systems, share a common transfer case, the NV245. (See FAC Page 2 Para 3, and Ex. 1 to the FAC as Defendant's Service Bulletin.) Each and every cause of action arises from Defendant's physical action of implementing and installing the N23 Recall, which effectively disabled the FDCM (also identical in all vehicles), thereby depriving the NV245 transfer case of its electronic shift features. (Resulting in the uniform loss of four wheel low gear, transfer case front to rear power distribution lock, and transfer case neutral shift capabilities of all of said vehicles). (See FAC Page 3 Para 10, and Page 5 Para 32, see also Declaration of Lynn Grimstad). As in Daugherty, the common element here is a drivetrain component (transfer case, as opposed to an engine) and thus the different in body style and year variation between the vehicles is irrelevant. Thus, the root of the allegations of each and every cause of action are common and even identical to all members of the class.

The Quadra Drive II Models are equipped with different differentials than the Quadra Trac II Models, and thus disablement of the FDCM has the indirect, but

**MOTION FOR CLASS CERTIFICATION – MEMORANDUM OF POINTS AND AUTHORITIES**

09-50002-mg  Doc 8492-47  Filed 09/13/16  Entered 09/15/16 10:48:20  34 main
Case 3:16-cv-07254-WHP  Document 14  Filed 07/15/16  Page 17 of 34
Pg 17 of 33

consequential loss of a "four wheel lock" feature, however the actual direct loss of the NV245 transfer cases to lock power distribution between the front and rear differentials once the four wheel low gear is engaged, remains identical in both Quadra Drive II and Quadra Trac II vehicles. (See Declaration of Lynn Grimstad). While the Quadra Drive II vehicles maintain their specially optioned electronically controlled differentials, their technical loss of a "four wheel lock" is only incidental to the option, and "term" consequence from the harm caused by the N23 Recall to the NV245 transfer cases. ***More aptly stated and all encompassing, the loss of use of the electronic features of the NV245 transfer cases for which Plaintiffs sue, common to all WK, XK, Quadra Drive II, and Quadra Trac II Model vehicles, void of more popular terms, could be defined as: Inability to shift into four wheel low gear, consequential loss of front and rear wheel power distribution lock of the transfer case, and inability to shift the transfer case into neutral gear.*** (See Declaration of Lynn Grimstad).

The fact that Quadra Drive II models suffer a term loss of "four wheel lock," (stemming from the loss of front and rear driveshaft lock in the differential common to all vehicles) is an indirect by product of an additional equipment option later down the line in the drive train , which is physically unaffected by the recall. It follows that such a variance is akin to the difference in value between a red model and a blue model, or a 2006 model versus a 2010 model, with respect to diminution in value. In accordance with the precedent in *In re Cadillac*, such a variance is immaterial. "Notwithstanding the individual proofs required on their respective claims, plaintiffs seek to redress a `common legal grievance.'" *Osborne v. Subaru of America, Inc.*, 198 Cal. App. 3d 646, 661-662 quoting *In re Cadillac V8-6-4 Class Action* (1983) 93 N.J. 435. Alternatively, pursuant to the ruling in *Markham v. White*, and pursuant to F.R.C.P. Rule 23(c)(4)(A), if this Court finds such a difference to be material, it could simply divide each of the proposed classes into two sub-classes, one for owners of Quadra Trac II Models, and one

**MOTION FOR CLASS CERTIFICATION – MEMORANDUM OF POINTS AND AUTHORITIES**

for owners of Quadra Drive II Models. "Variances as to individual damages do not necessarily upset the predominance determination where a court can use Rule 23(c)(4)(A)(partitioning a class into subclasses) if necessary." *Markham v. White*, 171 F.R.D. 217, 224 (N.D.Ill.1997). However, Plaintiffs maintain that this is completely unnecessary, as despite the popular phrasing used to describe Quadra Drive II model vehicles, **the physical mechanical losses to all Class vehicles is identical, and indistinguishable.**

*Individual Reliance*

Four of Plaintiffs' causes of action are based on Plaintiffs' reliance on Defendant's representations. (Fraud, Fraudulent Concealment, Negligent Misrepresentation, and Promissory Estoppel, see FAC generally). The fact that Class Members may have potentially different reasons for relying on Defendant's representations, or reasons which caused them to produce their vehicles to Defendant for installation of the N23 Recall is of no consequence. As the Court found in *Osborne v. Subara of America*, relying on *In re Cadillac*, "individual questions of reliance and causation should not defeat class certification." In the case of *In re Cadillac*, the Court certified a class of 1981 Cadillacs with allegedly defective engines. *Osborne v. Subaru of America, Inc*., 198 Cal. App. 3d 646, 661-662 citing *In re Cadillac V8-6-4 Class Action* (1983) 93 N.J. 412. As in *Osborne*, the case of *In re Caillac* asserted theories of negligence, fraud, misrepresentation, and sought compensatory damages, punitive damages, as well as injunctive relief. *Id*. The Supreme Court in *In re Cadillac* upheld the decision, finding that "notwithstanding the individual proofs required on their respective claims, plaintiffs seek to redress a `common legal grievance.'" *Id*. quoting *In re Cadillac V8-6-4 Class Action* (1983) 93 N.J. 435. With respect to certifying a class for fraudulent concealment of the defect in the F22 engines, the Court in *Daugherty* relied on the ruling on *Chamberlin v. Ford Motor Co*., where the Court certified the class as it was alleged

09-50002-smg · Doc 8492-47 · Filed 09/13/16 · Entered 09/15/16 10:48:20 · 34 main
Case 3:16-cv-07253-WHP Document 34 Filed 07/15/16 Page 19 of 33
Pg 19 of 33

that Ford failed to disclose a defect in its plastic intake manifolds. *Id*. citing *Chamberlan v. Ford Motor Co*. (N.D.Cal.2004) 223 F.R.D. 524, 525-527.

Here, as argued supra, Plaintiffs seek redress for a 'common legal grievance,'and thus individual reasons for relying on Defendant's representations are not a basis for denying Class certification. The instant case asserts theories and seeks damages nearly identical to those asserted and sought in *Chamberlan*, *Daugherty*, *Osborne* and *In re Cadillac*, for a similar reliance on, effectively, a single representation with respect to Class Members' vehicles by Defendant. Thus, Plaintiffs' claims are common to the claims of all Class Members for this reason as well.

## *Injunctive Class*

The Injunctive Class similarly seeks redress for Defendant's continued administration of the N23 Recall, and for its ongoing charges to Class Members for its futile repair attempts of the condition it caused. The Injunctive Class is thus based on two common questions: Whether an injunction should be Ordered preventing Defendant from the continued administration of its N23 Recall, and whether an injunction should be Ordered preventing Defendant from charging Class Members for its futile attempts to correct the disablement of the FDCMs caused by the N23 Recall.

As the Supreme Court found in *Wal-Mart Stores*, the crucial question in Rule 23(a)(2) commonality is "'the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.'" *Wal-Mart Stores, Inc.v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (emphasis in original; citation omitted) see also *John Armstrong v. Gray Davis*, 275 F.3d 849, 861. The Court found that the "likelihood of recurrence" should be considered, which involves common questions central to whether the proposed injunction should be entered and of course whether said injuries stem from Defendant's conduct. In the instant case, Plaintiffs allege, "Defendant continues to install

**MOTION FOR CLASS CERTIFICATION – MEMORANDUM OF POINTS AND AUTHORITIES**

09-50002-mg    Doc 8492-47    Filed 09/13/16    Entered 09/15/16 10:48:20    34 main
Case 9:16-cv-07125-WHP    Document 34    Filed 07/15/16    Page 20 of 34
Pg 20 of 33

the N23 Recall on Class members" …vehicles, with the knowledge that the recall disables the FDCM, thereby causing a loss of functionality." (Page 22, Para 162). It follows that Plaintiffs as Class Representatives, addressing the common grievance caused by the N23 Recall, will be able to generate answers which would resolve the claims and injuries of all Class Members. With respect to recurrence, as Defendant will likely concede, it continues to implement this N23 Recall, and thus the likelihood of recurrence is more than likely, but virtually certain.

In the instant case, the harm caused to the Class Member's vehicles is common to the class, and does not require an analysis of each service performed on each vehicle, as the N23 Recall software is identical, and as its installation in each vehicle is uniform. "[A] court need not address every violation in order to conclude that violations are sufficiently widespread to necessitate a system wide injunction. Rather, a court can enter such an injunction based on evidence that is "symptomatic" of the defendant's violations, including "individual items of evidence [that are] representative of larger conditions or problems." *Armstrong*, 275 F.3d at 871. The issues alleged in the FAC are common and repetitive throughout the class, in that Class Members took their vehicles into a dealer service department, owned by Defendant, where it implemented one version of a recall software to disable a control module (also identical in all Class Member vehicles), which caused the loss of use of the electronic controls of their NV245 transfer cases (also identical in all vehicles). (See FAC Page 29, Para 217, Page 6 Para 37, Ex. 1 of the FAC, Page 14 Para 100). In accordance with the allegations and Exhibits to the FAC (based on the year of implementation of the Recall), it is in fact the Defendant that is causing the N23 Recall to be implemented, thereby directly causing the harm alleged. Thus, the issues pertaining to an injunction are common to the Class.

**c. The Claims and Defenses of the Representative Parties are Typical of all Class Members.**

**MOTION FOR CLASS CERTIFICATION – MEMORANDUM OF POINTS AND AUTHORITIES**

09-50002-mg   Doc 8492-47   Filed 09/13/16   Entered 09/15/16 10:48:20   34 main
Case 3:16-cv-04254-WHF   Document 34   Filed 07/15/16   Page 21 of 33
Pg 21 of 33

The Nationwide Class and Statewide Class satisfy the typicality requirement. The claims of Plaintiffs are typical of each and every Class Member, as all own a vehicle equipped with the NV245 transfer case, controlled by an identical FDCM, which has been disabled by Defendant's implementation of a single version of the N23 Recall. As a result, Plaintiffs, like all members, seek damages for the diminution in value to their vehicles.

In *City of San Jose*, the court held that in order to be an adequate class representative, the plaintiff "must raise those claims `reasonably expected to be raised by the members of the class.'" *City of San Jose v. Superior Court* (1974) 525 P. 2d 701 Cal Supreme Court. As in *Osborne*, the case of *In re Caillac* asserted theories of negligence, fraud, misrepresentation, and sought compensatory damages, punitive damages, as well as injunctive relief. *Osborne* 198 Cal. App. 3d at 661-662. The Supreme Court in *In re Cadillac* upheld certification, finding that "notwithstanding the individual proofs required on their respective claims, plaintiffs seek to redress a `common legal grievance.'" *Id.* quoting *In re Cadillac V8-6-4 Class Action* (1983) 93 N.J. 435. In Castaneda v. Burger King Corp., the Court certified a class of persons allegedly injured by discriminatory barriers preventing handicapped access. The fact that the individual damages or issues resulting from the barriers would tend to differ from one person to the next was of no consequence, as all class members sought redress for the common grievance, the barriers. *Castaneda v. Burger King Corp.*, 264 F.R.D. 557, 572 (2009).

Accordingly, the claims Plaintiffs have raised are typical and in fact identical to those which would be raised by each and every class member. Each and every one of Plaintiffs causes of action are based upon an act by Defendant (implementation of the N23 Recall), and an injury resulting therefrom which is typical of all Class Members (disablement of the FDCM, and the resulting loss of functionality of their transfer cases). (See FAC Page 5 Para 27, 32). It follows that Plaintiffs have raised claims which are

**MOTION FOR CLASS CERTIFICATION – MEMORANDUM OF POINTS AND AUTHORITIES**

typical of all Class Members. Irrespective of any variance between the damages or issues from one Class Member to the next, Plaintiffs and all Class Members alike seek redress for a common grievance, the harm caused by Defendant's N23 Recall.

Similarly, the Injunctive Class also satisfies the typicality requirement of Rule 23. As the Court found in *Wal-Mart*, "[t]he commonality and typicality requirements of Rule 23(a) tend to merge." *Wal-Mart*, 131 S. Ct. at 2551 n.5 (citation omitted). In the instant case, all Plaintiffs and Class Members own vehicles containing the identical NV245 transfer cases, which were subject to Defendant's N23 Recall, and the identical damages suffered therefrom. (See FAC Page 5 Para 27, 32). The injunctive class seeks to prevent further implementation of this harmful recall by Defendant FCA, and further charges to class members for its futile attempts to repair the un-repairable damage caused by said recall. Plaintiffs' claims are typical and identical of all Class Members' claims in this regard as all stand to suffer harm identical to that which Plaintiffs have suffered by further implementation of the N23 Recall, and all stand to accrue service-costs in Defendant's dealer's futile purported attempts to correct the un-repairable effect of the N23 Recall, as Plaintiffs have unnecessarily accrued. (See Declaration of Jeanette Wickstrom). While Defendants may argue that individual damages from unnecessary service costs may vary, this is again irrelevant as the typicality of the common grievance predominates. (See *Osborne* 198 Cal. App. 3d at 661-662; See also *Markham v. White*, 171 F.R.D. 217, 224 (N.D.Ill.1997) finding that individual damages should not disturb class certification). Thus, the Injunctive Class satisfies the typicality criteria under Rule 23 as well.

Finally, as the Court held in *Lucas*, where the focus of an injunctive lawsuit seek relief against the Defendant to benefit the Class as a whole, "the prerequisites of commonality and typicality are met." *Lucas v. Kmart Corp*., 2005 WL 1648182, at *3. Here, Plaintiffs seek injunctive relief in their FAC from Defendant to prevent it from

**MOTION FOR CLASS CERTIFICATION – MEMORANDUM OF POINTS AND AUTHORITIES**

09-50002-mg Doc 8492-47 Filed 09/13/16 Entered 09/15/16 19:48:20 34 main
Case 3:16-cv-07254-WHP Document 34 Filed 07/15/16 Page 23 of 34
Pg 23 of 33

causing disablement to further WK & XK Model Vehicle owners, and to prevent it from charging Class Members for futile repairs, to correct an un-repairable condition which it caused. (See FAC Page 13 Para 92, Prayer for Relief D.). Thus, in accordance with the ruling in Lucas, as Plaintiffs seek only to prevent further harm by Defendant for their common grievance, the Injunctive Class satisfies the element of typicality as well.

**d. The Representative Parties Will Fairly and Adequately Protect the Interests of the Classes and Proposed Class Counsel Satisfies F.R.C.P. Rule 23(g)**

F.R.C.P. Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." See also *General Telephone Co. of Southwest Falcon*, 457 U.S. 147, 157-159 (1982). Adequate representation is usually presumed in the absence of contrary evidence. *Cook v. Rockwell Int'l Corp*., 151 F.R.D. 378, 386 (D. Colo. 1993) quoting *Robert Newberg, Newberg on Class Actions*, § 7.24 at 7–80 to –81 (3d ed. 1992); see also *Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*, 249 F.R.D. 334, 349 (N.D. Cal. 2008). Thus, the Courts have found exclusion criteria based upon existing conflicts of interest of named Plaintiffs. *Amchem Products, Inc. v. Windsor*, 521 US 591 (1997). The competence of counsel seeking to represent a class is also an appropriate consideration under Rule 23(a)(4). *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001). In *Walter v. Palisades Collection*, the Court found that "prior unethical conduct is a relevant consideration pursuant to certification.") *Walter v. Palisades Collection*, 2010 U.S. Dist. LEXIS 7374, at *31 (E.D. Pa. Jan. 26, 2010)

Plaintiffs Lynn Grimstad, Mara Manuel, and proposed Plaintiff Jeanette Wickstrom, satisfy the adequacy requirement of Rule 23(a)(4) because they have no conflicts of interest with each other, class members, or counsel. They are passionate about the causes of action asserted, and intend to zealously prosecute this action on

behalf of the class. (*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011), see also Declaration of Lynn Grimstad, Jeanette Wickstrom, and Mara Manuel). No evidence has been provided tending to prove that Plaintiffs and proposed Plaintiff would not vigorously pursue injunctive and monetary relief on behalf of the Class and their respective Subclasses. *Ellis*, 657 F.3d at 985-86.

Plaintiffs' counsel, A.O.E. Law & Associates, through its predecessor corporations, was established in 1996, by and through its principal counsel Anthony Egbase. It specializes in general civil litigation, having had experience in class action cases, and has ample experience in both state and federal courts, in California, Maryland, and Washington D.C. It has the resources, knowledge and experience to "adequately and vigorously prosecut[e]" this case to resolution. See *Hodges v. Akeena Solar, Inc.*, 274 F.R.D. 259, 267-68 (N.D. Cal. 2011). It has the resources to dedicate the necessary experts to reviewing the factual issues in this case. It further has dedicated three of its civil litigation attorneys admitted to the Ninth District to handling this case, and has the resources to assign more of its attorneys if needed. (See Declaration of Victoria Orafa).

Victoria Orafa, as lead counsel in this case, specifically has ample experience in Plaintiff's litigation against major auto-manufacturers, as well as ample experience with intentional tort, fraud, and negligence based causes of action, as well as experience with actions seeking injunctive and declaratory relief.

A.O.E. Law & Associates has further exclusively done the research into the factual and legal issues in the instant case, and is best suited to handle it accordingly. Moreover, given the very particular area of law (inclusive of federal and bankruptcy law issues) and the technical expertise required (inclusive of both mechanical and electrical automotive issues), despite the most prevalent two year statute of limitations which would tend to exclude many Class Members claims at this point for an injury which occurred primarily

in 2013, A.O.E. Law & Associates is the only law firm that has committed itself to the instant case.  (See Declaration of Victoria Orafa).

Further, A.O.E. Law & Associates and Victoria Orafa have no conflicts of interest with any Class Members. Nor do any of the associates at A.O.E. Law & Associates have any history of professional discipline. (See Declaration of Victoria Orafa).

It follows that both Plaintiffs Lynn Grimstand, Mara Manuel, proposed Plaintiff Jeanette Wickstrom, and counsel, A.O.E. Law & Associates would adequately represent the class within the meaning of F.R.C.P. Rule 23(a)(4) and 23(g). Adequacy of representation is further presumed pursuant to the ruling in *Californians for Disability Rights, Inc. v. Cal. Dep't of Transp*., and there is nothing in evidence which would tend to rebut that presumption, pursuant to the exclusion criteria set forth in *Achem Products*, *Local Joint Executive Bd of Culinary Bartender Trust Fund*, or *Walter*.

## ii. The Proposed Nationwide and Statewide Classes Satisfy F.R.C.P. Rule 23(b)(3)

F.R.C.P. Rule 23(b)(3) requires that "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." In considering this standard, the Court should examine: "the class members' interests in individually controlling the prosecution or defense of separate actions;" "the extent and nature of any litigation concerning the controversy already begun by or against class members;" "the desirability or undesirability of concentrating the litigation of the claims in the particular forum;" "and the likely difficulties in managing a class action."

## a. Common Questions Predominate over Individual Questions.

As the Court found in *Achem Products Inc. v. Windsor*, the Rule 23(b)(3) predominance inquiry "tests whether proposed classes are sufficient cohesive to warrant

09-50002-mg   Doc 8492-47   Filed 09/13/16   Entered 09/15/16 10:48:20   34 main
Case 5:16-cv-04254-WHP   Document 34   Filed 07/15/16   Page 26 of 34
Pg 26 of 33

adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). As noted by the Court in *Markham v. White*, variance of individual damage will not necessarily preclude a determination of predominance, where the Court has jurisdiction to partition a class into subclasses under Rule 23(c)(4)(A). *Markham v. White*, 171 F.R.D. 217, 224 (N.D.Ill.1997). Similarly, while the issue of individual damages will need to be resolved, the Ninth Circuit has consistently held that "'[t]he amount of damages is invariably an individual question and does not defeat class action treatment.'" *Yokoyama v.Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1089 (9th Cir. 2010) (quoting *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975)).

In the instant case, the common interest in assuring that Defendant will cease to implement its defective N23 Recall, and cease to charge Class Members for futile repair attempts predominates over individual interests. Their common interest in assuring that Defendant ceases its implementation, and ceases charging for futile repairs will predominate over any individual differences among them.

With respect to the monetary damages sought, as argued in more detail infra, all of the Class Members vehicles have been affected in an identical way from Defendant's N23 Recall, and thus the diminution in value to their vehicles will be nearly the same. Differences between one year, model, color, or option package from the next will be minimal, and given the costs of the filing fee alone, said discrepancies would neither predominate, nor justify the expense of approximately two-hundred thousand individual actions. It follows that it would be unrealistic to pose that Class Members have 'individual interests' in maintaining separate personalized actions. Assuming arguendo however that this Court did find that the minor variance in damages were worthy of consideration, pursuant to Rule 23(c)(4)(A), and the ruling in *Achem*, this Court would have the jurisdiction to divide the proposed Class into Sub-Classes.

**MOTION FOR CLASS CERTIFICATION – MEMORANDUM OF POINTS AND AUTHORITIES**

09-50002-mg   Doc 8492-47   Filed 09/13/16   Entered 09/15/16 10:48:20   34 main
Case 3:16-cv-04254-WHP   Document 34   Filed 07/15/16   Page 27 of 34
Pg 27 of 33

With respect to the second sub element under Rule 23(b)(3), Plaintiffs' counsel have researched for any other cases filed on this same basis in the Ninth District, and have found none. (See Declaration of Victoria Orafa). Moreover, based on the lack of a res judicata argument in Defendant's Motion to Dismiss, and its failure to join this action to any other, Plaintiffs aver that no such action has been filed.

With respect to the final sub-element of Rule 23(b)(3), the management of this Class Action should be straight forward. It is evident from Plaintiff's issuance of the N23 Recall notice, and the necessary participation by Class Members pursuant to it, that Defendant has the contact information necessary to contact virtually all members of the Class.

It follows that common questions of law and fact, as well as common issues predominate in the instant case over individual interests, and thus Plaintiffs meet the burden of certification under Rule 23(b)(3).

**b. A Class Action Is Superior to Other Available Methods for Fairly and Efficiently Adjudicating the Controversy.**

With respect to the Rule 23(b)(3) requirement that a "class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy." "This determination necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023 (9th Cir. 1998).

First, as Plaintiffs seek not only monetary damages and injunctive relief on behalf of the Class, no other forum has the jurisdiction to offer Class Members such relief. Second, with respect to monetary damages, no other forum has the jurisdiction to approve a compromise or hold a trial binding on approximately two-hundred-thousand Class Members. Thus, a Class Action in this District Court, in a state where two of the

**MOTION FOR CLASS CERTIFICATION – MEMORANDUM OF POINTS AND AUTHORITIES**

Class Representatives reside, is the only practical forum in which to resolve the claims of all Class Members.

"The overarching focus remains whether trial by class representation would further the goals of efficiency and judicial economy." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 946 (9th Cir. 2009). There is no question here that resolving damages claims through the Store-Specific Subclasses will be far more efficient than resolving each class member's claim individually in individual lawsuits around the state. Class certification would enable this Court to litigate the single set of claims, identical to all Class Members, just once, instead of potentially in hundreds of thousands of individual actions if each Class Member were to assert his or her rights. Thus, the instant forum is the only forum which has the jurisdiction to hear the claims of all Class Members, but in doing so it will prevent a potentially obnoxious amount of individual actions and potentially inconsistent outcomes as well. Thus, a Class Action in the instant case would satisfy criteria as the most fair and efficient method of procedure under Rule 23(b)(3).

### iii. The Proposed Injunctive Class Satisfies F.R.C.P. Rule 23(b)(2)

Rule 23(b)(2) calls for certification when it is alleged that the Defendant "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." In *Wal-Mart*, the Court held that "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart*, 131 S. Ct. at 2557.

In the instant case, Plaintiffs seek redress on behalf of all vehicles equipped with the NV245 transfer cases, and the FDCMs which were disabled by Defendant's N23 Recall. (See FAC Page 5 Para 27, 32). Plaintiffs seek an injunction to prevent Defendant

from further implementation of the N23 Recall, and to prevent Defendant from charging Class Members for its futile repair attempts. As it stands, all potential Class Members stand to suffer harm identical to that which Plaintiffs have suffered by further implementation of the N23 Recall, and all Class Members stand to accrue service-costs in Defendant's dealer's futile purported attempts to correct the un-repairable effect of the N23 Recall. (See Declaration of Jeanette Wickstrom).

As the Court found in Armstrong, "a court can enter such an injunction based on evidence that is "symptomatic" of the defendant's violations, including "individual items of evidence [that are] representative of larger conditions or problems." *Armstrong*, 275 F.3d at 871. In the instant case, an injunction would not require a vehicle by vehicle, or even a dealer by dealer review, as there exists one version of the N23 Recall Software, one standard FDCM, and standard NV245 transfer case. (See FAC Page 6, Para 37, Page 4 Para 20, and Ex. 1 of the FAC). As there would be no variance between the hardware and software presumably at issue in this case, it follows that expert testimony with respect to the N23 Recall's effect on Plaintiff's vehicles will reveal a condition that is identical throughout the class, and thus "representative of a larger… problem." From said evidence, this Court should be able to determine whether an injunction would be appropriate on a class wide basis. Similarly, the futility of Defendant's service attempts to repair the disablement of the FDCM, will be revealed via the same expert evidence (as a software problem cannot be corrected by replacing physical mechanical components in the vehicle). (See Declaration of Jeanette Wickstrom).

**iv. Defendant Should be Required to Give Notice to all Class Members**

As argued supra, it is evident from Plaintiff's issuance of the N23 Recall notice, and the necessary participation by Class Members pursuant to it, that Defendant has the means and contact information necessary to contact all members of the Class. Thus, Plaintiffs propose and request an Order that Defendant be required to mail, or otherwise

09-50002-mg Doc 8492-47 Filed 09/13/16 Entered 09/15/16 10:48:30 34 main
Case 3:16-cv-07125-WHP Document 34 Filed 07/15/16 Page 30 of 34
Pg 30 of 33

contact, all Class Members, to give notice of the Certified Classes, with means for them to return such mailing to indicate whether they choose to opt in, or opt out of the Class in any settlement or judgment which would tend to bind them.

## VIII. CONCLUSION

For the arguments set forth supra, Plaintiffs respectfully request that this Court certify the Statewide Class, Nationwide Class, and Injunctive Class. Plaintiffs further request that this Court appoint Lynn Grimstad, Mara Manuel, and Jeanette Wickstrom as class representatives, with their counsel of record, A.O.E. Law & Associates, and Victoria Orafa as class counsel.

Dated: June 30, 2016

**A.O.E. LAW & ASSOCIATES**

Victoria Orafa, Esq.
Attorney for Plaintiffs and Proposed Class Members

**MOTION FOR CLASS CERTIFICATION – MEMORANDUM OF POINTS AND AUTHORITIES**

09-50002-mg    Doc 8492-47    Filed 09/13/16    Entered 09/15/16 10:48:20    34 main
Case 3:16-cv-07125-WHP    Document 34    Filed 07/15/16    Page 31 of 34
Pg 31 of 33

# CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2016 I electronically filed the foregoing document using the CM/ECF system, which will send notification of said filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

Dated:  July 1, 2016                    **A.O.E. LAW & ASSOCIATES**

_____
Victoria Orafa, Esq.
Attorney for Plaintiff and Proposed Class
Members

09-50002-mg   Doc 8492-47   Filed 09/13/16   Entered 09/15/16 10:48:20   34 main
Case 1:16-cv-07125-WHP   Document 34   Filed 07/15/16   Page 32 of 34
Pg 32 of 33

# PROOF OF SERVICE

STATE OF CALIFORNIA            )
                              ) ss.
COUNTY OF LOS ANGELES )

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) years and am not a party to the within action; my business address is: 350 S. Figueroa Street, Suite 189, Los Angeles, CA 90071.

     On **7/1/2016**, I served the following document described as **NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes, at Los Angeles, addressed as follows:

### PLEASE SEE ATTACHED SERVICE LIST

__X__ (BY REGULAR MAIL):    I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.  I am "readily familiar" with firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__ (BY ELECTRONIC MAIL ): The foregoing document was transmitted to the above-named persons by electronic mail to the email address listed above on said date, and the transmission was reported as complete and without error.

__X__ (FEDERAL): I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     EXECUTED on **7/1/2016** at Los Angeles, California.


**/s/ Lupe Avila _____**
Lupe Avila

---

**26**
**PROOF OF SERVICE**

09-50002-mg    Doc 8492-47    Filed 09/13/16    Entered 09/15/16 10:48:20    main
Case 3:16-cv-07255-WHP    Document 34    Filed 07/01/16    Page 33 of 33
Pg 33 of 33

SERVICE LIST
*Lynn Grimstad, et al. v. FCA US, LLC, et al.*

Rowena Santos
rsantos@thompsoncoburn.com
THOMPSON COBURN LLP
2029 Century Park East, 19th Floor
Los Angeles, CA 90067

**PROOF OF SERVICE**