<u>Lynn Grimstad, et al. v. FCA US LLC</u>
SACV 16-0763 JVS (Ex)

## Order Granting Motion to Transfer

  Defendant FCA US LLC ("Defendant") makes two motions. First, Defendant moves to transfer the present case to the United States District Court for the Southern District of New York, for referral to the Bankruptcy Court in that District (the "Bankruptcy Court"). (Def.'s Mot. Transfer, Docket ("Dkt.") No. 25.) Plaintiffs Lynn Grimstad and Mara Manuel ("Plaintiffs") oppose. (Pls.' Opp'n Mot. Transfer, Dkt. No. 30.) Defendant has replied. (Reply, Dkt. No. 32.)

  Second, Defendant moves to dismiss this case pursuant to Federal Rules of Procedure 8, 9(b), and 12(b)(6). (Dkt. No. 24.) Plaintiffs agreed to dismiss their 9th and 10th causes of action without prejudice. (Dkt. No. 28. <u>See also</u> Pls.' Opp'n Mot. Transfer p. 7.) Otherwise, Plaintiffs oppose. (Dkt. No. 29.) Defendant has replied. (Dkt. No. 31.)

  As set forth below, Defendant's motion to transfer is granted. Defendant's motion to dismiss is denied without prejudice and may be renewed should the Bankruptcy Court conclude that any of Plaintiffs' claims are viable and the case is remanded back to this Court.

I.  Background

  A.  Request for Judicial Notice

  Defendant requests that the Court take judicial notice of an Order (the "Sale Order") in the case of <u>In re Old Carco LLC (f/k/a Chrysler LLC)</u>, Case No. 09-50002 (Bankr. S.D.N.Y.). (Dkt. Nos. 25-1, 26.) Defendant also requests judicial notice of certain other orders from the Bankruptcy Court granting certain motions to dismiss which Defendant cites for their persuasive value. (<u>Id.</u>) Defendant further requests the Court take judicial notice of certain letters between the National Highway Traffic Safety Administration ("NHTSA") and Defendant. (<u>Id.</u>) Finally, Defendant requests the Court take judicial notice of a document from the state of Delaware to show the fact that Defendant did not exist until April 29, 2009. (<u>Id.</u>) Plaintiffs have not opposed the requests for judicial notice.

The Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001); see Fed. R. Evid. 201(b). See also United States v. Black, 482 F.3d 1035, 1041 (9th Cir.2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). The Court therefore takes judicial notice of the proceedings of the Bankruptcy Court relied upon in the present motion.

The Court may also take judicial notice of public records and government documents from government sources on the internet. U.S. ex rel. Modglin v. DJO Global Inc., 48 F.Supp.3d 1362, 1381 (C.D. Cal. 2014). See also Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 999 (9th Cir. 2010). The Court therefore takes judicial notice of the letters between the NHTSA and Defendant and the Delaware records regarding Defendant's date of formation.

B.   Factual Background

In April 2009, Old Carco LLC and several of its subsidiaries filed for bankruptcy protection in the Bankruptcy Court. In re Old Carco LLC (f/k/a Chrysler LLC), Case No. 09-50002 (Bankr. S.D.N.Y.) ("the Bankruptcy Proceeding"). Defendant purchased certain assets of Old Carco LLC pursuant to the terms of the Sale Order dated June 1, 2009. (See Ex. 2, Dkt. No. 27-1.)

Pursuant to the Sale Order, Defendant assumed only certain "Assumed Liabilities" for any claim "that (a) arose prior to the Closing Date, (b) **relates to the production of vehicles prior to the Closing Date** or (c) otherwise is assertable against the Debtors or is related to the Purchased Assets prior to the Closing Date." (Id. ¶ 35, Dkt. No. 27-1. (emphasis added))

A specific provision of the Sale Order recites the following:

> EE. The Purchaser has acknowledged that it will be required to comply with the National Traffic and Motor Vehicle Safety Act, as amended and recodified ("NTMVSA"), as applicable to the business of the Purchaser after the Closing Date. In addition, the

2

> Purchaser has agreed to assume as Assumed Liabilities
> under the Purchase Agreement and this Sale Order the
> Debtors' notification, remedy and other obligations under
> 49 U.S.C. §§ 30116 through 30120 of the NTMVSA
> relating to vehicles manufactured by the Debtors prior to
> the Closing Date that have a defect related to motor
> vehicle safety or do not to comply with applicable motor
> vehicle safety standards prescribed under the NTMVSA.
> The Purchaser shall not otherwise be liable for any
> failure by the Debtors to comply with the provisions of
> the NTMVSA.

(Id. ¶ EE, Dkt. No. 27-1.) The Bankruptcy Court also specifically expressed that it retained jurisdiction over the Sale Order. (Id. ¶ 59, Dkt. No. 27-1.)

On May 7, 2013, Defendant informed NHTSA that it was recalling Jeep Grand Cherokees model years 2005-2010 and Jeep Commanders model years 2006 through 2010 that were equipped with particular four wheel drive systems known as Quadra-Drive II or Quarra-Trac II. (See Exs. 5–6., Dkt. No. 27-1.)

The Plaintiffs' claims pertain to how Defendant carried out this recall. (See generally, First Am. Compl., Dkt. No. 1-1.)

II.  Analysis

First, it should be noted that the resolution of the motion to transfer is resolved by answering a single question: which court is best positioned to interpret the Sale Order? Defendant argues that district courts across the country, and within the Ninth Circuit, routinely transfer cases brought against Defendant to the Bankruptcy Court based on Defendant's argument that it has no legal liability for claims pleaded based on the bar imposed by the Sale Order. (See Def.'s Mot. Transfer p. 8 (citing Ritter v. Chrysler Group LLC, 13-cv-2123, 2013 WL 7175621 (M.D. Pa. Oct. 28, 2013) adopted by 2014 WL 549706 (M.D. Pa. Feb. 11, 2014); Quesenberry v. Chrysler Group LLC, 12-cv-0048, 2012 WL 3109431 (E.D. Ky. July 31, 2012); Tatum v. Chrysler Group LLC, 10-cv-4269, 2011 WL 6303290 (D.N.J. Dec. 16, 2011); Perno v. Chrysler Group LLC, 20-cv-5100, 2011 WL 868899 (D.N.J. Mar. 10, 2011); Shatzki v. Abrams, 09-cv-2046, 2010 WL 148183

3

(E.D. Cal. Jan. 12, 2010); Doss v. Chrysler Group LLC, 09-cv-2130, 2009 WL 4730932 (D. Ariz. Dec. 7, 2009); Cooper v. Daimler AG, 09-cv-2507, 2009 WL 4730306 (N.D. Ga. Dec. 3, 2009)).) This Court finds good reason to follow the practice in the present case as well. Because the Court concludes, for the following reasons, that it is in the interest of justice to have the Bankruptcy Court determine whether the limitation on liability in the Sale Order encompasses the present situation, the Court orders Defendant's requested transfer. However, resolution of the motion to transfer does not imply that this Court has views as to the correctness of either party's interpretation of the Sale Order.

    A.     Eligibility for Transfer Under 28 U.S.C. § 1412

Under 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district in the interest of justice or for the convenience of the parties." For a court to transfer a matter under § 1412, the case (1) must be a case or proceeding under title 11, and (2) the transfer must be either in the interest of justice or for the convenience of the parties.

        1.     Case or proceeding

The limited purpose for which this Court is transferring the case to the Bankruptcy Court is for an interpretation of the Sale Order. Courts have concluded that the interpretation of a Sale Order is a "core proceeding" under title 11. In re Millenium Seacarriers, Inc., 458 F.3d 92, 95 (2d Cir.2006); In re Allegheny Health Educ. & Research Found., 383 F.3d 169, 176 (3d Cir.2004); Quesenberry, 2012 WL 3109431, at *4 (E.D. Ky. July 31, 2012). Cf. Travelers Indem. Co. v. Bailey, 557 U.S. 137, 138 (2009) (holding that a bankruptcy court "plainly had jurisdiction to interpret and enforce its own prior orders"). See also In re Karykeion, Inc., 12-1363, 2013 WL 1890626, at *3 (B.A.P. 9th Cir. May 6, 2013) ("Bankruptcy courts have core jurisdiction to approve sales of estate property . . . They have corollary jurisdiction to interpret and enforce their own orders carrying out the provisions of the Bankruptcy Code.") The Court agrees with these courts that interpretation of the Sale Order in this case is a "core proceeding."

Plaintiffs respond that, in the Ninth Circuit, whether a proceeding is a "core proceeding" or a "non-core proceeding" is governed under specific standards and factors. Citing In re Goodman, 991 F.2d 613 (9th Cir. 1993), Plaintiffs posit that

4

core proceedings are those causes of action that, "(1) exist independently of Title 11, (2) depend upon state law for resolution, (3) existed prior to the filing of the relevant bankruptcy petition, and (4) were significantly affected by the filing of the bankruptcy case." (Pls.' Opp'n Mot. Transfer p. 11.) The Court disagrees with Plaintiffs' analysis for the simple reason that core proceedings also include those proceedings specified by statute. See 28 U.S.C. § 157(b)(2). Under 28 U.S.C. § 157(b)(2)(N), "orders approving the sale of property . . ." are expressly included as a "core proceeding." A further order interpreting such an order, it follows, would be a core proceeding as well. Plaintiffs present no authority for the proposition that it is not a "core proceeding" for a bankruptcy court to interpret its own order.

Accordingly, the Court finds that interpretation of the Sale Order is a "core proceeding" and that transfer is appropriately analyzed under 28 U.S.C. § 1412.[1]

    2.    Interest of Justice

Having found that this matter is eligible for transfer under 28 U.S.C. § 1412 because it implicates a proceeding under title 11, the Court must find that the transfer is "either in the interest of justice or for the convenience of the parties." The Court finds that the transfer is in the interest of justice.

Courts look to numerous factors to determine whether transfer would be in the interest of justice. In re Fountain Vill. Dev., 09-39718, 2014 WL 4656506, **4–5 (Bankr. D. Alaska 2014) (seven factors); TIG Ins. Co. v. Smolker, 264 B.R. 661 (Bankr. C.D. Cal. 2001) (same seven factors). See also Quesenberry, 2012 WL 3109431, at *5 ("As with any case-by-case determination, courts recite a myriad of factors to determine whether a transfer is in the interest of justice"); Perno, 2011 WL 868899, at *4 (reciting the seven factors).

The factors that courts typically look to are:

---

[1] Additionally, it may be true that § 1412 permits transfer of cases that are not considered "core proceedings." The leading bankruptcy treatise declares that limiting § 1412 to only core proceedings is a "dubious" result that "finds no support in the statute." 1 COLLIER ON BANKRUPTCY ¶ 4.05 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010).

> 1) whether transfer would promote the economic and efficient administration of the bankruptcy estate;
> 2) whether the interests of judicial economy would be served by the transfer;
> 3) whether the parties would be able to receive a fair trial in each of the possible venues;
> 4) whether either forum has an interest in having the controversy decided within its borders;
> 5) whether the enforceability of any judgment would be affected by the transfer; and
> 6) whether the plaintiff's original choice of forum should be disturbed.

In re Enron Corp., 317 B.R. 629, 638–39 (Bankr. S.D.N.Y. 2004). Courts also presume a "home court presumption," by which the location of the original or pending bankruptcy is given some weight.

The most important factor to consider is whether transfer will promote the economic and efficient administration of the bankruptcy estate. Quesenberry, 2012 WL 3109431, at *5. As the Quesenberry court noted:

> "Claims that challenge the limitations of liability in the Sale Order—such as the Plaintiffs'—threaten to affect the bankruptcy estate by altering the estate's obligations to Chrysler Group. **Without a streamlined interpretation of the Sale Order, there is a risk of inconsistent interpretations that could unravel the Sale Order's 'critical inducement' of 'transferring assets [to Chrysler Group] free and clear of existing tort liability.'"**

Id. (emphasis added) (quoting In re Chrysler LLC, 576 F.3d 108, 126 (2d Cir.2009) vacated as moot by Ind. State Police Pension Trust v. Chrysler LLC, 130 S.Ct. 1015 (2009)). The Bankruptcy Court has a similar role to play—interpreting the Sale Order in a consistent and streamlined manner—in the present case.

For similar reasons, the second factor, the interests of judicial economy, also

6

favors transfer. Neither party cites any case interpreting whether the Sale Order covers the present situation: a civil suit for liability stemming from actions taken in response to recall obligations of parts and vehicles manufactured prior to the bankruptcy. No party cites any case interpreting whether the Sale Order's limitation of liability covers the present situation. This Court believes that the Bankruptcy Court should answer this question of first impression so that judicial districts across the country have a single answer about whether these claims are, or are not, barred by the Sale Order. This is consistent with other district court's holdings finding that transferring a claim potentially related to a Sale Order promotes efficiency. E.g. Tatum, 2011 WL 6303290 at *2 ("finds that transferring a claim related to a Sale Order to the court that retained jurisdiction to interpret it promotes efficiency."). If the Bankruptcy Court finds that these actions are not barred by the Sale Order, other district courts facing similar claims in future cases will not need to refer the matters to the Bankruptcy Court. If the Bankruptcy Court finds that the actions *are* barred, then the issue would likewise be resolved once and for all.

Most of the other factors are neutral—only the factor of the plaintiff's original choice of forum favors retention of this action in this district. However, Defendant has already stated that it will not oppose a motion seeking remand back to this Court for whatever claims survive after the Bankruptcy Court interprets whether the Sale Order bars any of the claims of Plaintiffs' complaint. (See Memo. Supp. Mot. Transfer p. 5 lns. 17–21.) Other courts have given such representations significant weight in determining whether transfer is appropriate and is in the interests of justice. See Ritter, 2013 WL 7175621, at *3 n.1 (if claims survive bankruptcy and remain viable, it may transfer the matter back); Perno, 2011 WL 868899, at *5 (no inconvenience to plaintiff because defendant agreed to consent to remand remaining claims to the court of origin); Clark v. Chrysler Group, LLC, 10-cv-3030, 2010 WL 4486927, at *9 (E.D. Pa. Nov. 10, 2010) ("allowing the Bankruptcy Court to interpret its Sale Order to determine the threshold issue regarding Defendant's liability on Plaintiff's claims does not preclude the case from ultimately being returned to a Pennsylvania court for disposition."). For the foregoing reasons, the Court concludes that the factor of the plaintiff's choice of forum is outweighed by the interests of efficiency and uniformity.

Finally, the Court recognizes that Plaintiffs' argument against transfer is based on Plaintiffs' contention that the present suit has absolutely nothing to do

with the Sale Order. Plaintiffs argue throughout their opposition to the motion to transfer that "Defendant's interpretation of the Sale Order is absolutely erroneous" and that "[t]here is no ruling in [the Sale Order] which would tend to exonerate Defendant for all actions it takes, after the Closing Date, which are simply related to its obligations to perform under the NTMVSA." (Pls.' Opp'n pp. 9-10.) Plaintiffs' arguments, however, tend to prove Defendant's point that there is a need for *some* court to adjudicate the merit of the broad interpretation of the limitation of liability that Defendant has put forth. The Court expresses no opinion as to which party has the superior position on the interpretation of the Sale Order.

III. Conclusion

For all of the foregoing reasons, the Court concludes that transfer is appropriate and in the interests of justice under 28 U.S.C. § 1412. Consequently, Defendant's motion to transfer is **granted** and orders this case transferred to the United States District Court for the Southern District of New York for referral to the United States Bankruptcy Court in that district.

This Court respectfully requests that the matter be resolved expeditiously by the Bankruptcy Court.

       IT IS SO ORDERED.