**Hearing Date: April 10, 2018 at 10:00 a.m. (ET)**
**Objection Deadline: April 3, 2018 at 4:00 p.m. (ET)**

Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588

*Counsel for FCA US LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Old Carco LLC (f/k/a Chrysler LLC), *et al.*, | Case No. 09-50002 (SMB) |
| Debtors. | (Jointly Administered) |

**MOTION OF FCA US LLC, PURSUANT TO SECTION 350 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 5010 AND LOCAL BANKRUPTCY RULE 5010-1, TO REOPEN THE CHAPTER 11 CASE OF OLD CARCO LLC FOR THE LIMITED PURPOSES OF (I) CONSIDERING FCA US LLC'S MOTION TO ENFORCE THE SALE ORDER AND (II) ADJUDICATING THE TRANSFERRED LITIGATION**

SC1:4600572.3

# **TABLE OF CONTENTS**

BACKGROUND ..................................................................................................................1

FACTS RELEVANT TO THE RELIEF REQUESTED ......................................................4

      A.      The Overton Litigation ..................................................................................4

      B.      The Alabama District Court's Remand Decision and FCA US's Motion to
Enforce the Sale Order..................................................................................4

      C.      The Bennett Litigation ..................................................................................5

      D.      The Bennett Transfer Opinion and Docketing With This Court...................6

JURISDICTION ...................................................................................................................7

RELIEF REQUESTED.........................................................................................................7

BASIS FOR RELIEF............................................................................................................7

I.      THERE IS CAUSE TO REOPEN TO CONSIDER FCA US'S MOTION
TO ENFORCE THE SALE ORDER........................................................................9

II.      THERE IS CAUSE TO REOPEN TO ADJUDICATE THE TRANSFERRED
LITIGATION...........................................................................................................10

NOTICE................................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Arana*,
  456 B.R. 161 (Bankr. E.D.N.Y. 2011) ................................................................................8

*Batstone* v. *Emmerling (In re Emmerling)*,
  223 B.R. 860 (B.A.P. 2d Cir. 1997) ...................................................................................8

*In re Easley-Brooks*,
  487 B.R. 400 (Bankr. S.D.N.Y. 2013) ................................................................................8

*Katz* v. *I.A. Alliance Corp. (In re I. Appel Corp.)*,
  104 F. App'x 199 (2d Cir. 2004) ........................................................................................8

*In re Old Carco LLC*,
  538 B.R. 674 (Bankr. S.D.N.Y. 2015) ........................................................................ 9-10

*Travelers Indemnity Co.* v. *Bailey*,
  557 U.S. 137 (2009) ....................................................................................................9, 11

*Zinchiak* v. *CIT Small Bus. Lending Corp.*,
  406 F.3d 214 (3d Cir. 2005) ...............................................................................................8

**Statutes and Rules**

11 U.S.C. § 350 ........................................................................................................... *passim*

28 U.S.C. § 157 ......................................................................................................................7

28 U.S.C. § 1332 ....................................................................................................................5

28 U.S.C. § 1334 ................................................................................................................4, 7

Fed. R. Bankr. P. 5010 .......................................................................................................3, 7

S.D.N.Y. Local Bankr. R. 5010-1 .......................................................................................3, 7

SC1:4600572.3

FCA US LLC (f/k/a Chrysler Group LLC) ("FCA US") hereby submits this motion (the "Motion") for the entry of an order in the form attached hereto as Exhibit A (the "Proposed Order") reopening the chapter 11 case of Old Carco LLC ("Old Carco"), one of the debtors in the above-captioned chapter 11 cases (collectively, "Old Chrysler"), pursuant to section 350(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 5010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 5010-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), for the limited purposes of (A) considering *FCA US LLC's Motion to Enforce the Court's Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures and (III) Granting Related Relief*, filed contemporaneously herewith (the "Motion to Enforce"), and (B) adjudicating *Bennett* v. *FCA US LLC*, Adv. Pro. No. 18-01035 (SMB) (the "Transferred Litigation"). In support of the Motion, FCA US respectfully states as follows:

## BACKGROUND

1. On April 30, 2009, Old Carco and certain of its affiliated debtors and debtors in possession (collectively, the "Debtors") commenced bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. On April 23, 2010, the Court entered the Order Confirming the Second Amended Joint Plan of Liquidation of Debtors and Debtors in Possession, as Modified [Docket No. 6875][1] (the "Confirmation Order") in the Debtors' chapter 11 cases. By the Confirmation

---

[1] Unless otherwise specified, "Docket No." refers to the docket for Case Number 09-50002 (SMB) in the United States Bankruptcy Court for the Southern District of New York.

SC1:4600572.3

Order, the Court confirmed the Second Amended Joint Plan of Liquidation of Debtors and Debtors in Possession, as Modified, attached to the Confirmation Order as Annex I (without exhibits thereto), and as further modified by the Order of the Court, dated April 28, 2010 [Docket No. 6923] (collectively, and including all exhibits thereto, the "Plan").

3. At the outset of their chapter 11 cases, the Debtors focused on an expedited process for the sale of certain assets to FCA US (then known as New CarCo Acquisition LLC). On April 30, 2009, FCA US entered into a Master Transaction Agreement (as amended and including all ancillary documents thereto, the "Master Transaction Agreement" or the "Agreement") by and among FCA US, Fiat S.p.A., Old Carco, and certain other sellers identified therein. The Master Transaction Agreement was initially submitted as Exhibit A to the motion requesting the Court's authorization to execute the sale (the "Sale Motion"), filed May 3, 2009 [Docket No. 190],[2] and provided, among other things, for FCA US's purchase of the assets "free and clear of all Liens other than those created by Purchaser and free and clear of any other interest in the Purchased Assets to the extent provided in the Sale Order." (Agreement § 2.06.)

4. On May 27, 2009, FCA US was the successful bidder in the Debtors' asset sale. On June 1, 2009, following a multi-day trial, the Bankruptcy Court granted the Sale Motion and approved the transaction set forth in the Master Transaction Agreement in its *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures and (III) Granting Related Relief* [Docket No. 3232] (the "Sale Order").

---

[2] The final copy of the Master Transaction Agreement was attached as Exhibit A to Old Carco Liquidation Trust's Omnibus Reply to Objections to the Assumption and Assignment of Supplemental Executive Retirement Plan, filed Jan. 31, 2013 [Docket No. 8139], and does not differ from the initial copy of the Agreement attached to the Sale Motion in any relevant respect.

-2-

5.  The sale, on the terms set forth in the Master Transaction Agreement, closed on June 10, 2009.  The Sale Order authorized the transfer of the purchased assets "free and clear of all Claims except for Assumed Liabilities" (as defined in the Agreement).  (Sale Order ¶ 9; *see also id*. ¶ 39 (ordering that FCA US "shall have no successor or vicarious liabilities" for "liabilities . . . in any way relating to the operation of the Purchased Assets prior to" the closing of the sale).)  The Sale Order further contains an injunction directing that "all persons and entities . . . holding Claims . . . arising under or out of, in connection with, or in any way relating to, the Debtors, the Purchased Assets, [or] *the operation of the Business prior to Closing* . . . are hereby forever barred, estopped and permanently enjoined from asserting such Claims against the Purchaser."  (*Id*. ¶ 12 (emphasis added).)

6.  On July 29, 2015, this Court entered the Final Decree, pursuant to Section 350 of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Bankruptcy Rule 3022-1, (A) Closing the Chapter 11 Cases of Old Carco LLC and Alpha Holding LP, (B) Terminating the Appointment of the Claims and Noticing Agent, (C) Granting Releases and (D) Granting Related Relief [Docket No. 8428] (the "<u>Final Decree</u>"), closing the remaining cases in these chapter 11 proceedings, including the Old Carco case.

7.  Since the Final Decree was entered, this Court has reopened the Old Carco case four times in order to adjudicate and consider issues presented in litigation relating to the interpretation and enforcement of the Sale Order.  *See Order Pursuant to Section 350 of the Bankruptcy Code, Bankruptcy Rule 5010 and Local Bankruptcy Rule 5010-1, Reopening the Chapter 11 Case of Old Carco LLC for the Limited Purpose of Permitting Referral and Adjudication of the Transferred Litigation* [Docket No. 8494]; *Order Pursuant to Section 350 of*

-3-

*the Bankruptcy Code Reopening the Chapter 11 Case of Old Carco LLC for the Limited Purpose of Permitting Adjudication of the Transferred Litigation* [Docket Nos. 8503, 8506].

## FACTS RELEVANT TO THE RELIEF REQUESTED

### A. The Overton Litigation

8. On October 17, 2017, Plaintiff Frankie Overton and Plaintiff Scott Graham (together, the "AL Plaintiffs"), filed a Complaint (the "Overton Complaint") against FCA US and others in state court in Jefferson County, Alabama (the "Alabama State Court"), relating to a July 10, 2016 accident that allegedly involved a 2002 Jeep Liberty manufactured by Old Chrysler.

9. Plaintiffs are seeking damages against FCA US for alleged claims of negligence, wantonness, and under the Alabama Extended Manufacturer's Liability Doctrine. As against FCA US, Plaintiff Overton seeks punitive damages for alleged wrongful death as the administrator of Sue Ann Graham's estate, and Plaintiff Graham seeks compensatory and punitive damages for alleged injuries on behalf of his minor son.

10. FCA US timely removed the action to the U.S. District Court for the Northern District of Alabama (the "Alabama District Court"), and filed a Motion to Transfer Venue and a Partial Motion to Dismiss on the basis that Plaintiffs' claims arising from FCA US's alleged post-closing conduct are precluded by Alabama law. Plaintiffs thereafter filed a motion to remand the action back to the Alabama State Court.

### B. The Alabama District Court's Remand Decision and FCA US's Motion to Enforce the Sale Order

11. On February 13, 2018, the Alabama District Court issued a Memorandum Opinion and accompanying Order, in which it determined that it had subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b), in part, because "Plaintiffs' claims implicate bankruptcy court

-4-

orders that require interpretation." *Overton* v. *Chrysler Group LLC*, No.: 2:17-CV-019830-RDP, 2018 WL 847772, at *5 (N.D. Ala. Feb. 13, 2018) (the "Alabama Decision").  The Alabama District Court further observed that "Plaintiffs' claims against FCA will require the deciding court to interpret and potentially implement the Bankruptcy Court's Orders." (*Id.*)  In addition, the Alabama District Court recognized that "Plaintiff Overton's claims against FCA and Chrysler for punitive damages under Alabama's Wrongful Death Act **directly implicate** and **challenge** the terms" of this Court's order approving Amendment No. 4 to the Master Transaction Agreement.  (*Id.* (emphasis added).)  The Alabama District Court nonetheless went on to grant Plaintiffs' motion to remand after deciding to abstain from exercising jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

12.     In its decision, the Alabama District Court wrongly concluded that severance of the FCA US claims was not practical, but nonetheless observed that in the event the state court did not enforce the Sale Order, "FCA is not left without remedy:  it can appeal or petition the Bankruptcy Court to enforce its order against Plaintiffs."  (Alabama Decision at *8.)

13.     Given the Overton Complaint's violation of the Sale Order, the importance of the punitive damages issues raised in the Overton Complaint, and facing the prospect of inconsistent decisions on issues related to those pending in this Court, FCA US determined that this Court's assistance was required before the litigation proceeds.  FCA US filed its Motion to Enforce contemporaneously with filing of this Motion.

**C.     The Bennett Litigation**

14.     On June 22, 2017, Plaintiff Makenna Bennett ("UT Plaintiff") filed a Complaint (the "UT Complaint") in the United States District Court for the District of Utah (the "Utah District Court"), asserting claims for strict liability and negligence, among others, against

-5-

FCA US arising from a July 9, 2015 accident purportedly involving a 2004 Dodge Durango manufactured by Old Chrysler.

15. The claims asserted against FCA US as pled in the UT Complaint require that FCA US be a successor to Old Chrysler—which it unquestionably is not—or have voluntarily assumed those liabilities through the Master Transaction Agreement. FCA US filed in the Utah District Court a motion for partial summary judgment seeking dismissal of UT Plaintiff's conduct-based negligence and warnings claims, and a motion to transfer venue so this Court could interpret and enforce the Sale Order.

### D. The Bennett Transfer Opinion and Docketing With This Court

16. On February 7, 2018, the Utah District Court issued a decision and order granting FCA US's Motion to Transfer Venue (the "Utah Decision"), a copy of which is attached hereto as Exhibit B, causing the Transferred Litigation to be transferred to this District for referral to this Court.

17. The Utah District Court concluded that UT Plaintiff's claims are related to the Old Carco bankruptcy proceedings "because the availability and success of Bennett's claims depend on an interpretation of the Bankruptcy Orders." (Utah Decision at 3.) The Utah District Court went on to conclude that transfer was in the interest of justice because this Court "is in the best position to interpret its own orders." (Id. at 4.)

18. However, the Utah District Court denied FCA US's accompanying motion to stay discovery, holding that "the Southern District of New York is in just as good a position as this court to decide issues related to discovery." (Id.)

19. On February 21, 2018, the UT Complaint was transferred into the United States District Court for the Southern District of New York, and immediately referred to this Court even though, procedurally, the Old Carco bankruptcy case is closed.

-6-

20. On February 28, 2018, the Transferred Litigation was docketed with this Court and opened as Adversary Proceeding No. 18-01035. Nonetheless, out of an abundance of caution, FCA US seeks to have the Old Carco bankruptcy reopened so the Transferred Litigation can formally proceed.

## JURISDICTION

21. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and expressly retained jurisdiction pursuant to paragraphs 43 and 59 of the Sale Order, Article VIII of the Plan, and paragraph 9 of the Final Decree. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## RELIEF REQUESTED

22. FCA US seeks entry of an order, pursuant to section 350(b) of the Bankruptcy Code, Rule 5010 of the Bankruptcy Rules and Rule 5010-1 of the Local Rules, reopening the chapter 11 case of Old Carco for the limited purposes of permitting this Court to (A) consider FCA US LLC's Motion to Enforce the Sale Order, and (B) adjudicate the Transferred Litigation.

## BASIS FOR RELIEF

23. Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Bankruptcy Rule 5010 contains the mechanism for doing so, providing that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Fed. R. Bankr. P. 5010. Furthermore, the Final Decree expressly provides that "FCA US LLC shall retain the right to seek to reopen the chapter 11 case of any one or more of the Debtors, for cause, pursuant to section 350(b) of the Bankruptcy Code." (Final Decree at ¶ 1.)

-7-

24. Reopening a bankruptcy case under section 350(b) of the Bankruptcy Code "invoke[s] the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case." *Katz* v. *I.A. Alliance Corp. (In re I. Appel Corp.)*, 104 F. App'x 199, 200 (2d Cir. 2004) (quoting *State Bank of India* v. *Chalasani (In re Chalasani)*, 92 F.3d 1300, 1307 (2d Cir. 1996)). In determining whether to reopen a case under section 350(b), a court may consider any factors its deems relevant. *See Batstone* v. *Emmerling (In re Emmerling)*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997). Bankruptcy courts have broad discretion to reopen bankruptcy cases in appropriate circumstances. *See*, *e.g.*, *In re Arana*, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011) ("Bankruptcy courts have broad discretion when deciding whether to reopen a closed case.") (citations omitted); *Zinchiak* v. *CIT Small Bus. Lending Corp.*, 406 F.3d 214, 223 (3d Cir. 2005) (recognizing that "bankruptcy courts have broad discretion to reopen cases").

25. Courts in this District have considered a wide variety of factors but "ought to emphasize substance over technical considerations." *In re Easley-Brooks*, 487 B.R. 400, 406 (Bankr. S.D.N.Y. 2013) (citations omitted).[3] FCA US respectfully submits that the facts and circumstances here establish cause for the Court to reopen the Old Carco bankruptcy case to permit this Court's consideration of FCA US LLC's Motion to Enforce the Sale Order and adjudication of the Transferred Litigation.

---

[3] Factors considered have included, *inter alia*, (a) the length of time that the case was closed, (b) whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case, (c) whether prior litigation in the bankruptcy court determined that a state court would be the appropriate forum, (d) whether any parties would suffer prejudice should the court grant or deny the motion to reopen, (e) the extent of the benefit to the debtor by reopening, and (f) whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion to reopen. *In re Easley-Brooks*, 487 B.R. at 406-07.

-8-

**I.    THERE IS CAUSE TO REOPEN TO CONSIDER FCA US'S MOTION TO ENFORCE THE SALE ORDER**

26.   *First*, the Alabama District Court, while declining to exercise its jurisdiction and remanding the case to the Alabama State Court, nonetheless observed that "FCA is not left without remedy; it can appeal **or petition the Bankruptcy Court to enforce its order against the Plaintiffs**." (Alabama Decision at *7 (emphasis added).)  The Alabama District Court is correct, but the procedural posture requires that this Court reopen the Old Carco bankruptcy case in order for FCA US to be able to present its arguments in support of enforcement of the Sale Order against the AL Plaintiffs.

27.   *Second*, this Court expressly retained jurisdiction to consider precisely this type of issue.  (Sale Order ¶¶ 43, 59; Plan Article VIII; Final Decree ¶ 9.)  As the Alabama District Court noted, "a bankruptcy court retains jurisdiction after an estate is closed to interpret and enforce its own orders entered in a Chapter 11 proceeding." Alabama Decision at *5 (citing *Travelers Indem. Co.* v. *Bailey*, 557 U.S. 137, 151 (2009)) (citation omitted).  FCA US's Motion to Enforce the Sale Order is required because the AL Plaintiffs are seeking to pursue impermissible punitive damages claims against FCA US.  Contrary to the Alabama District Court's analysis, there are two questions (not one) to be presented to this Court in the Motion to Enforce the Sale Order: (i) whether Plaintiff Overton can maintain his claim for wrongful death punitive damages; and (ii) whether Plaintiff Graham's punitive damages claims based are barred by the Sale Order or otherwise fail to state an "independent" claim.

28.   *Third*, the Old Carco bankruptcy case has been closed for less than three years, and during that post-closing period this Court has continued to exercise jurisdiction over discrete disputes requiring the interpretation and enforcement of the Sale Order.  Final Decree ¶ 1; *see, e.g.*, *In re Old Carco LLC*, 538 B.R. 674 (Bankr. S.D.N.Y. 2015) (interpreting and

-9-

enforcing the Sale Order as it applies to the calculation of state unemployment insurance taxes). In fact, this Court has entered orders causing the Old Carco case to be reopened four times, most recently in December 2017, in order to exercise retained jurisdiction to address issues relating to the interpretation and enforcement of the Sale Order.

29. *Finally*, neither the AL Plaintiffs nor any party in interest to the bankruptcy will be prejudiced by the procedural step of reopening the Old Carco bankruptcy case for the limited purpose requested. As the Alabama District Court observed, FCA US always has the ability to petition this Court to enforce the Sale Order against the AL Plaintiffs. (Alabama Decision at *7.) Permitting FCA US to do so now will permit the parties to obtain clarity as to the viability of the AL Complaint and is more efficient than first spending time and resources litigating in the Alabama State Court about claims that, as FCA US maintains, are barred by this Court's Sale Order. In all likelihood, this Court will need to interpret and enforce the Sale Order at some point; doing so now could avoid unnecessary litigation before the Alabama State Court. The AL Plaintiffs' rights and substantive arguments with respect to the Motion to Enforce the Sale Order are unaffected by this procedural step of reopening the case, and are expressly preserved.

## II.    THERE IS CAUSE TO REOPEN TO ADJUDICATE THE TRANSFERRED LITIGATION

30. The Utah District Court specifically determined that this Court is the venue most appropriate for adjudicating the issues presented in the UT Complaint relating to enforcement of the Sale Order. After considering the parties' arguments, the Utah District Court concluded that transfer to this Court was "appropriate because the Bankruptcy Court is in the best position to interpret its own orders." (Utah Decision at 4.)

-10-

31. The Utah Complaint presents issues requiring interpretation and enforcement of the Sale Order involving certain negligence and failure to warn claims that FCA US maintains are precluded by the Sale Order and the Master Transaction Agreement. This Court expressly retained jurisdiction over all matters relating to the implementation, enforcement, and interpretation of the Sale Order. (*See* Sale Order ¶¶ 43 and 59; Plan Article VIII; Final Decree ¶ 9.) There can be no dispute that this Court has jurisdiction to address the issues presented and enforce its own Sale Order. *Travelers*, 557 U.S. at 151 ("the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders").

32. The Utah District Court already referred the Transferred Litigation to this Court, and an adversary proceeding has been opened and the case docketed. This Court's acceptance of the case by reopening the Old Carco bankruptcy case as requested herein is the final procedural step in providing the appropriate venue for this litigation to proceed. In fact, given the Utah District Court's denial of FCA US's motion to stay discovery, FCA US will likely need to promptly move for a stay of discovery from this Court while the issues relating to the Sale Order are briefed and resolved.

33. The UT Plaintiff is unaffected by the relief requested by this Motion because the case has already been docketed with this Court, and, in fact, an initial pretrial conference is scheduled for April 10, 2018. FCA US intends to move to dismiss those claims that violate the Sale Order, and all of the UT Plaintiff's substantive arguments in opposition to any such motion are preserved. The relief requested with respect to the Transferred Litigation is purely procedural at this point, and should be granted.

**NOTICE**

34. FCA US will provide notice of this Motion to (a) the AL Plaintiffs; and (b) the UT Plaintiff. FCA US respectfully submits that no further notice of the Motion is required.

WHEREFORE, FCA US respectfully requests that the Court enter the Proposed Order, reopening Old Carco's Chapter 11 case solely for the limited purposes of permitting this Court to (A) consider FCA US LLC's Motion to Enforce the Sale Order, and (B) adjudicate the Transferred Litigation.

Dated: March 12, 2018
New York, New York

/s/ Brian D. Glueckstein
Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for FCA US LLC*