Overton v. Chrysler Group LLC, Slip Copy (2018)

2018 WL 847772

**2018 WL 847772**
Only the Westlaw citation is currently available.
United States District Court, N.D. Alabama, Southern Division.

Frankie OVERTON, et al., Plaintiffs,
v.
CHRYSLER GROUP LLC, et al., Defendants.

Case No.: 2:17-cv-01983-RDP
|
Signed 02/13/2018

### Attorneys and Law Firms

Christopher D. Glover, J. Cole Portis, Joseph Parker Miller, Beasley Allen Crow Methvin Portis & Miles PC, Montgomery, AL, for Plaintiffs.

Brian P. Kappel, Michael L. Bell, Rachel M. Lary, Lightfoot Franklin & White LLC, Julie Davis Pearce, Gaines Gault Hendrix, PC, Birmingham, AL, for Defendants.

### MEMORANDUM OPINION

R. DAVID PROCTOR, UNITED STATES DISTRICT JUDGE

*1 This case is before the court on Plaintiffs' Motion to Remand. (Doc. # 14). The Motion to Remand (Doc. # 13) has been fully briefed. (Docs. # 14; 23; 25). Also before the court are Defendant Fiat Chrysler Automobiles US LLC's Motion to Transfer Venue or, Alternatively, to Sever Claims and Transfer Venue (Doc. # 3) and Partial Motion to Dismiss (Doc. # 4). For the reasons outlined below, the court concludes the Motion to Remand (Doc. # 14) is due to be granted, making the other pending motions (Docs. #3, 4) moot.

### I. Background and Relevant Facts

Plaintiff Frankie Overton ("Overton") and Plaintiff Scott Graham (collectively "Plaintiffs") initiated this lawsuit against Defendants Chrysler Group LLC ("Chrysler"),[1] Fiat Chrysler Automobiles US LLC ("FCA"), Rodericus Obyran Carrington ("Carrington"), TRW Automotive Holdings Corp., TRW Automotive Inc., TRW Automotive US LLC, TRW Vehicle Safety Systems Inc., ZF Friedrichshafen AG, and ZF TRW Automotive Holdings Corp. (collectively "Defendants") on October 17, 2017 in the Circuit Court of Jefferson County, Alabama. (Doc. # 1-1). On November 27, 2017, FCA filed a Notice of Removal (Doc. # 1) along with a Motion to Transfer Venue (Doc. # 3) and a Partial Motion to Dismiss (Doc. # 4). FCA did not seek the approval of the other defendants in this case before removing it (Doc. # 1 at ¶¶ 10-12); however, Defendant TRW Vehicle Safety Systems Inc.[2] has since consented to the removal. (Doc. # 23-4). Plaintiffs filed a Motion to Remand on December 27, 2017. (Doc. # 14). The underlying lawsuit and the Chrysler bankruptcy proceeding (which is FCA's basis for removal) center on two separate sets of facts, which are discussed below.

Overton v. Chrysler Group LLC, Slip Copy (2018)

2018 WL 847772

### A. The Underlying Lawsuit

On June 10, 2016, Sue Ann Graham ("Decedent") and her minor son, J.G., were passengers of a 2002 Jeep Liberty traveling on Interstate 59 in Jefferson County, Alabama. (Doc. # 1-1 at ¶ 24). Carrington was operating another vehicle and struck the 2002 Jeep Liberty, causing it to overturn. (*Id.*). Sue Ann Graham sustained injuries that ultimately lead to her death, and J.G. was also injured. (*Id.* at ¶¶ 26-27). Plaintiff Overton is suing Defendants as the administrator of the estate of Decedent. (*Id.* at ¶ 2). Plaintiff Scott Graham, the legal guardian and father of J.G., is suing Defendants on behalf of J.G. (*Id.* at ¶ 3).

In their pleadings, Plaintiffs have alleged negligence, wantonness, and Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") claims. (*Id.* at p. 6-15). Overton seeks damages on behalf of Decedent under Alabama's Wrongful Death Act. (*Id.*). On behalf of J.G., Scott Graham seeks compensatory damages from Chrysler and FCA, punitive damages from FCA for its post-bankruptcy sale conduct, and compensatory and punitive damages from the other defendants. (*Id.*).

### B. The Bankruptcy Proceeding

**\*2** In 2009, FCA purchased substantially all of Chrysler's assets from the bankruptcy estate of Old Carco Liquidation Trust ("Old Carco") under a Master Transaction Agreement ("MTA"). (Docs. # 1 at ¶ 13; 15 at p. 2; 23 at p. 2). The MTA set forth

FCA's assumed liabilities and excluded liabilities resulting from the purchase. (Docs. # 1 at ¶ 15-20; 1-3; 15 at p. 2-3; 23 at p. 2). On June 1, 2009, the United States Bankruptcy Court for the Southern District of New York issued an order ("Sale Order") approving the transaction under the terms set forth in the MTA. (Docs. # 1 at ¶ 17-18; 1-4; 15 at p. 2-3). The Sale Order permanently enjoined any person from asserting a claim arising from or related to the assets transferred in the transaction against FCA unless FCA expressly assumed liability for the claim in the MTA. (Docs. # 1 at ¶ 18; 1-5 at p. 29-30). It also stated that, "[w]hile the Debtors' bankruptcy cases are pending, this [Bankruptcy] Court shall retain jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Sale Order and the [MTA], [and] all amendments therto...." (Doc. #1-4 at p. 45). The transaction closed on June 10, 2009. (Docs. # 1 at ¶ 21; 15 at p. 3).

In a later amendment ("Amendment No. 4") to the MTA (which the Bankruptcy Court approved on November 19, 2009), FCA agreed to assume liability for "all Product Liability Claims arising from the sale on or prior to the Closing of motor vehicles or component parts ... solely to the extent such Product Liability Claims ... do not include any claim for exemplary or punitive damages." (Doc. # 1 at ¶ 22-23; 1-5 at p. 8). In the November 19, 2009 Order approving Amendment No. 4, the Bankruptcy Court stated that it was "retain[ing] jurisdiction over all matters or disputes arising out of or in connection with this Stipulation and Agreed Order." (Doc. # 1-5 at p. 5). The Old Carco bankruptcy estate closed on March 1,

2016. (Docs. #1 at ¶ 25; 15 at p. 7).

## II. Standard of Review

It has long been recognized that federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Indeed, federal courts may only exercise jurisdiction conferred upon them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Anytime a "federal court acts outside its statutory subject matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971)).

Generally, any action filed in state court, over which a district court would have original jurisdiction, "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction for the purpose of a valid removal to this court is squarely on the removing party. *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005). Federal courts strictly construe removal statutes and resolve all doubts in favor of remand. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-30 (11th Cir. 2006).

## III. Discussion

FCA's removal of this action was based upon 28 U.S.C. §§ 1334(b), 1441, 1446, and 1452(a). (Doc. # 1 at p. 1). Section 1452(a) allows "a party" to "remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." However, under § 1452(b), "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action *on any equitable ground.*" (emphasis added).

"[D]istrict courts shall have original *and* exclusive jurisdiction of all *cases* under title 11" and "original *but not* exclusive jurisdiction of all *civil proceedings* arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a)-(b) (emphasis added). As the statute indicates, there are four types of matters over which the district court has bankruptcy jurisdiction: (1) "cases under title 11;" (2) "proceeding[s] arising under title 11;" (3) "proceedings arising in a case under title 11;" and (4) "proceedings related to a case under title 11." *In re Royal*, 197 B.R. 341, 346-47 (Bankr. N.D. Ala. 1996) (quoting *In re Wood*, 925 F.2d 90, 93 (5th Cir. 1987)).[3] Section 1334(c) explains when a federal court *may* and *must* abstain from hearing a § 1334 case over which the court has concurrent jurisdiction:

**\*3** (c)(1) Except with respect to a case under chapter 15 of title 11, *nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining* from hearing a particular proceeding arising under title 11 or arising in or related to a case under

title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, *related to a case under title 11 but not arising under title 11 or arising in a case under title 11*, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, *the district court shall abstain* from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

(emphasis added).

Plaintiffs and FCA dispute whether (1) the court has jurisdiction over Plaintiffs' state law claims, (2) FCA's removal was procedurally defective due to FCA's failure to follow § 1446's rule of unanimity, and (3) the court should abstain from hearing this matter if the court does have jurisdiction over Plaintiffs' claims. The court addresses each of these issues.

## A. Subject Matter Jurisdiction Exists
Although the parties agree that the court does not have original and exclusion jurisdiction of Plaintiffs' claims under 28 U.S.C. § 1334(a), the parties dispute whether this case "aris[es] in or relate[s] to [a] case[ ] under title 11." If the action arises in or relates to a case under title 11, the court has concurrent jurisdiction of Plaintiffs' claims under § 1334(b). In order to determine whether the court has subject matter jurisdiction, the court need only evaluate "whether a matter is at least 'related to' the bankruptcy." *In re Taylor Agency, Inc.*, 281 B.R. 94, 97 (Bankr. S.D. Ala. 2001). The Eleventh Circuit has adopted the *Pacor* test, which defines "related to" in this context as follows:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

**\*4** *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995). The term "related to" certainly "suggests a grant of some breadth;" however, " 'related to' jurisdiction cannot be limitless." *Celotex Corp.*, 514 U.S. at 307-08. Furthermore,

"bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Id.* at 308 n.6.

Plaintiffs argue that their case in no way impacts the handling and administration of Old Carco for two main reasons. (Doc. # 15 at p. 14-15). First, Plaintiffs contend that their claims against FCA only affect FCA and have no effect on Old Carco's rights, liabilities, options, or freedom of action. (*Id.* at p. 15-17). Second, the dates of Plaintiffs' accident (June 10, 2016) and filing of a lawsuit (October 17, 2017) both occurred after Old Carco's bankruptcy estate closed (March 1, 2016). (Docs. # 15 at 15-17; 25 at p. 2-4). To the contrary, FCA avers that the closure of Old Carco's bankruptcy estate is immaterial because the interpretation and enforcement of a bankruptcy court's order is a core proceeding.[3] (Doc. # 23 at p. 12-14).

Generally, once a bankruptcy estate is closed, jurisdiction under § 1334(b) shrinks. *See, e.g., Bank United v. Manley*, 273 B.R. 229, 243 (N.D. Ala. 2001) ("Generally, jurisdiction over bankruptcy proceedings ceases with the closing of the bankruptcy estate, but Congress has stated that in some instances jurisdiction continues after the estate is closed because the proceeding would still 'arise under' title 11."); *Golf Club at Bridgewater, L.L.C. v. Whitney Bank*, No. 8:09-BK-10430-CED, 2013 WL 1193182, at *2 (M.D. Fla. Mar. 22, 2013) ("[W]hile a bankruptcy court's jurisdiction can be invoked less frequently post-confirmation, 'the court is not without jurisdiction to enforce the remaining unperformed terms of the confirmed plan.' "); *In re McIntyre Bldg. Co. Inc.*, No. 10-30558-WRS, 2011 WL 1434691, at *13

(Bankr. M.D. Ala. Apr. 14, 2011) ("Bankruptcy Court jurisdiction generally centers upon what happens to property of the estate from the date of the petition until the time the estate is closed."); *see also In re Resorts Int'l, Inc.*, 372 F.3d 154, 164-65 (3d Cir. 2004) ("After confirmation of a reorganization plan, retention of bankruptcy jurisdiction may be problematic."). When an action is brought after confirmation[4] of a plan, application of the *Pacor* test proves difficult "because, under traditional *Pacor* analysis, bankruptcy jurisdiction will not extend to a dispute between non-debtors unless the dispute creates 'the logical possibility that the estate will be affected.' " *In re Resorts Int'l, Inc.*, 372 F.3d at 165 (quoting *In re Federal–Mogul Global, Inc.*, 300 F.3d 368, 380 (3d Cir. 2002)).

**\*5** Instead of literally applying the *Pacor* test to entirely bar post-confirmation bankruptcy jurisdiction, some courts apply the close nexus test and ask whether the case has a close nexus to the bankruptcy proceeding that is sufficient to hold bankruptcy court jurisdiction over the matter. *Id.* at 165-67; *see, e.g., Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 837 (4th Cir. 2007); *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005); *In re Residential Capital, LLC*, 519 B.R. 593, 599 (S.D.N.Y. 2014); *In re Castle Home Builders, Inc.*, 520 B.R. 98, 101 (Bankr. N.D. Ill. 2014); *In re Reg'l Diagnostics, LLC*, 372 B.R. 3, 22 (Bankr. N.D. Ohio 2007). The close nexus test generally is satisfied when a matter affects "the interpretation, implementation, consummation, execution, or administration of the confirmed plan." *In re Resorts Int'l, Inc.*, 372 F.3d at 167. Although the Eleventh

Circuit has not adopted the close nexus test (or any test for post-confirmation jurisdiction, for that matter)[5] this court finds the close nexus test persuasive in deciding that jurisdiction exists over this action because Plaintiffs' claims against FCA will require the deciding court to interpret and potentially implement the Bankruptcy Court's Orders.

Furthermore, a bankruptcy court retains jurisdiction after an estate is closed to interpret and enforce its own orders entered in a Chapter 11 proceeding. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934)) (holding that a bankruptcy court "plainly" had continuing jurisdiction, more than a decade after entry of orders confirming a Chapter 11 plan and enjoining causes of actions against insurers, to interpret and enforce its own prior orders); *see also Consumer Portfolio Servs., Inc. v. Coleman*, 342 B.R. 817, 820 (N.D. Ala. 2006) ("All courts, including bankruptcy courts, retain jurisdiction to enforce their own orders and judgments."). Here, Plaintiff Overton's claims against FCA and Chrysler for punitive damages under Alabama's Wrongful Death Act directly implicate and challenge the terms of the Bankruptcy Court's November 19, 2009 Order approving Amendment No. 4.[6] Because Plaintiffs' claims implicate bankruptcy court orders that require interpretation, Plaintiffs' claims relate to the Old Carco bankruptcy proceedings and subject matter jurisdiction exists. *See Travelers*, 557 U.S. at 151; *see also Ingman v. FCA US LLC*, No. CV-17-00069-GF-BMM, 2017 WL 5465521, at *3-4 (D. Mont. Nov. 14, 2017)

(indicating that the Old Carco Bankruptcy Court would have jurisdiction with respect to a punitive damages claim for pre-bankruptcy conduct but not with respect to a post-bankruptcy punitive damages claim).

## B. The Rule of Unanimity Does Not Apply

**\*6** Title 28 U.S.C. § 1441(a) provides, "*Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added). Section 1446 lays out the proper procedure for the removal of civil actions and requires "all defendants who have been properly joined and served [to] join in or consent to the removal of the action" if the action was "removed *solely under section 1441(a)*." (emphasis added). Plaintiffs argue that FCA's removal was procedurally improper because FCA did not obtain the consent of all of the defendants in this case. (Doc. # 15 at p. 9-13). The court disagrees.

Although some courts have disagreed on whether the unanimity requirement applies to removals under § 1452(a), this court finds that, under its plain language, § 1446(b)(2)(A)'s unanimity requirement does not apply to cases removed under § 1452(a) as it applies only to cases whose removal is premised *solely* on § 1441(a). *See* 28 U.S.C. § 1446(b)(2)(A); *Ret. Sys. of Alabama*, 209

F. Supp. 2d at 1264 (finding that § 1452 allows removal without unanimity of defendants to the extent that the claim being removed touches on the administration of a bankruptcy estate)[7]; *In re Plowman*, 218 B.R. 607, 616 (Bankr. N.D. Ala. 1998) ("When a case is removed under 28 U.S.C. § 1452, one defendant may remove a case without the consent of the other defendants."); *In re C.D. Jones & Co., Inc.*, No. 09-31595-KKS, 2015 WL 2260707, at *5 (Bankr. N.D. Fla. May 12, 2015) (holding that removal under § 1452 does not require the consent of other defendants); *see also Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 770 (7th Cir. 2011) (comparing § 1452(a) with § 1441(a) and finding that § 1452(a) does not have a requirement of unanimity); *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004) ("[B]ecause any one 'party' can remove under Section 1452(a), removal under that provision, unlike removal under Section 1441(a), does not require the unanimous consent of the defendants."); *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985) ("Under the bankruptcy removal statute, however, any one party has the right to remove the state court action without the consent of the other parties."); *Anstine & Musgrove, Inc. v. Calcasieu Ref. Co.*, 436 B.R. 136, 138-39 (D. Kan. 2010) (agreeing with a "substantial majority of courts" that "the consent of all defendants is not required for removal under Section 1452" and compiling cases in agreement). *But see Ross v. Thousand Adventures of Iowa, Inc.*, 178 F. Supp. 2d 996, 1002 (S.D. Iowa 2001) ("The fact that 'a defendant' or 'a party' may file the notice of removal, based on federal question jurisdiction or related-to-bankruptcy

jurisdiction, does nothing to dilute the unanimity rule when multiple defendants seek to remove a case to federal court."). Here, FCA removed this action based on multiple statutes, and primarily based on § 1452(a). (Doc. # 1 at p. 1). Section 1452(a) does not require a removing party to receive the consent of other defendants; rather, its plain language permits *a party* to remove *any claim or cause of action in a civil action* if the district court has jurisdiction under § 1334. 28 U.S.C. § 1452(a). Thus, Plaintiffs' argument that FCA's removal was improper due to the rule of unanimity is unavailing.

### C. Abstention and Remand Are Appropriate under 28 U.S.C. §§ 1334(c)(1) and 1452(b)

*7 Section 1452 permits a court to remand a cause of action removed under § 1334 on any equitable ground. 28 U.S.C. § 1452(b). Similarly, § 1334 allows a court to abstain from hearing a case that "aris[es] under title 11 or aris[es] in or relate[s] to a case under title 11" when a court does so "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). Here, the court finds that abstention and remand is appropriate for this state law action.

Courts have developed the following set of considerations to aid in the determination of whether abstention is warranted:

> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is

exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of non-debtor parties.

*Ret. Sys. of Alabama v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1267-68 (M.D. Ala. 2002). In this case, the court finds that these factors weigh in favor of abstention. Plaintiffs in this action only bring state law claims, and all of the parties involved in this action are non-debtor parties. The only basis for § 1334 jurisdiction (and jurisdiction generally) in this case is that one of the two Plaintiffs (Plaintiff Overton) has asked for punitive damages under the Alabama Wrongful Death Act. Although the Bankruptcy Court has jurisdiction to interpret its orders, the state court can just as easily dismiss claims in front of it that are barred by the MTA and Amendment No. 4. In the unlikely event that the state court does not honor the Bankruptcy Court's order, FCA is not left without remedy: it can appeal or petition the Bankruptcy Court to enforce its order against Plaintiffs. *See* Fed. R. Bankr. P. 9014, 9020.

Citing Ecclesiastes 1:9 (NIV),[8] FCA argues that this issue has already been decided by other courts, cites a number of cases where motions to remand were denied, and asserts this court should follow those cases and deny Plaintiffs' Motion to Remand. (Doc. # 23). However, although King Solomon taught us that there is nothing new under the sun (Eccle. 1:9), the key issue presented here was not presented in any of the cases cited by FCA. In fact, in supporting its argument, FCA only cites case law that deals with actions that accrued or were filed *before* the Old Carco bankruptcy estate was closed. *See Powell v. FCA US LLC*, No. 3:15-CV-393-WHA, 2015 WL 5014097 (M.D. Ala. Aug. 21, 2015) (case brought before estate closed); *Ritter v. Chrysler Grp. LLC*, No. 4:13-CV-2123, 2014 WL 549706 (M.D. Pa. Feb. 11, 2014) (same); *Martin v. Chrysler Grp., LLC*, No. 6:12-CV-00060,

2013 WL 5308245 (W.D. Va. Sept. 20, 2013) (same); *Quesenberry v. Chrysler Grp. LLC*, No. CIV. 12-48-ART, 2012 WL 3109431 (E.D. Ky. July 31, 2012) (same); *Perno v. Chrysler Grp., LLC*, No. CIV.A. 10-5100 WJM, 2011 WL 868899 (D.N.J. Mar. 10, 2011) (same); *Tulacro v. Chrysler Grp., LLC*, No. SACV 10-01956-CJC(CWx), 2011 WL 13227751 (C.D. Cal. Feb. 2, 2011) (same); *Shatzki v. Abrams*, No. 1:09-CV-02046 LJODLB, 2010 WL 148183 (E.D. Cal. Jan. 12, 2010) (same); *see also White v. FCA US*, LLC, No. 17-12320, 2017 WL 5494994 (E.D. Mich. Nov. 16, 2017) (claims arose before estate closed); *Dearden v. FCA US LLC*, No. 5:16-CV-00713, 2017 WL 1190980 (E.D. Pa. Mar. 31, 2017) (same); *Clark v. Chrysler Grp., LLC*, No. CIV.A. 10-3030, 2010 WL 4486927 (E.D. Pa. Nov. 5, 2010) (claims arose prior to the filing of bankruptcy); *Cooper v. Daimler AG*, No. CIVA 109-CV-2507-RWS, 2009 WL 4730306 (N.D. Ga. Dec. 3, 2009) (same); *Monk v. Daimler AG*, No. CIVA 109-CV-2511-RWS, 2009 WL 4730314 (N.D. Ga. Dec. 3, 2009) (same); *Doss v. Chrysler Grp., LLC*, No. CV-09-02130-PHX-DGC, 2009 WL 4730932 (D. Ariz. Dec. 7, 2009). The court finds these cases distinguishable because Plaintiffs' claims were filed and arose after the Old Carco bankruptcy estate was closed.

**\*8** FCA heavily relies on *Powell v. FCA US LLC*, 2015 WL 5014097, which was decided by the Middle District of Alabama. (Doc. # 23). This case arose out of a car accident that occurred on April 15, 2014 and resulted in the death of one passenger. 2015 WL 5014097, at \*1. On April 30, 2015, the plaintiff in *Powell* filed a wrongful death action under Alabama law in state court against FCA and Macon County, Alabama. *Id.* FCA removed the case to federal court and filed a motion to transfer to the Southern District of New York for referral to the United States Bankruptcy Court in that district. *Id.* In his August 21, 2015 opinion, Judge Albritton found that the claims brought against FCA were core proceedings, removal was proper under § 1452, and remand was not warranted as to the claims brought against FCA. *Id.* at \*6. Judge Albritton transferred the claims brought against FCA to the Southern District of New York and remanded the claims brought against Macon County. *Id.* at \* 6-7.

But *Powell* is distinct from this case for at least two reasons. First, in *Powell*, the dates of the accident, the filing of the case, and the publication of Judge Albritton's opinion all preceded the date the Old Carco bankruptcy estate closed. *Id.* at \*1. Second, the relief requested by the plaintiff in *Powell* only included punitive damages under Alabama's Wrongful Death Act. In this case, on the other hand, Plaintiffs' claims accrued and were filed after the Old Carco bankruptcy estate had closed, and Plaintiffs' damages are not limited to punitive damages under the Alabama's Wrongful Death Act. (*See* Doc. # 1-1). Rather, Plaintiffs' requested damages against FCA also include damages that do not fall within the scope of the MTA and Amendment No. 4 (punitive damages for FCA's post-bankruptcy sale conduct and compensatory damages). *See Ingman v. FCA US LLC*, 2017 WL 5465521, at \*3-4; *Mathias*, 2016 WL 5109967, at \*4.

Moreover, unlike in *Powell*, severance in this case is not practical and would not be in

the interest of justice. If the court were to sever Overton's punitive damages claims against FCA from the remainder of this case, both FCA and Plaintiff Overton would be forced to litigate actions involving the same underlying facts in two different courts. If the court was to sever all of Plaintiffs' claims brought against FCA, not only would both Plaintiffs be forced to litigate in two different courts, but Plaintiff Scott Graham would also be forced to litigate his Alabama state law claims (that do not fall within the scope of the Bankruptcy Court's Orders) in the Southern District of New York. As such, the court finds that remanding this entire case is the most equitable, practicable, and just course of action. *See* 28 U.S.C. §§ 1334(c)(1), 1452(b).

## IV. Conclusion

For the reasons outlined above, Plaintiffs' Motion to Remand (Doc. # 14) is due to be granted. Accordingly, the other motions (Docs. # 3, 4) pending in this action are moot. A separate order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this February 13, 2018.

## All Citations

Slip Copy, 2018 WL 847772

## Footnotes

1    Plaintiffs name Chrysler as a Defendant in this case, but Chrysler is no longer in existence. (Doc. # 23 at p.1 n.2). FCA and Chrysler are now one entity. (*Id.*).

2    FCA claims that, if FCA is required to obtain the consent of the other defendants, FCA has met this requirement because Defendant TRW Vehicle Safety Systems Inc. does not object to the removal and is the only defendant that has " 'been properly joined and served' " in this lawsuit. (Doc. # 23 at p. 23 (quoting 28 U.S.C. § 1446(b)(2)(A))).

3    In bankruptcy parlance, there is a critical distinction between a "case" and a "civil proceeding." A case, unlike a civil proceeding, must be prosecuted in federal court. *See, e.g.*, 1-3 COLLIER ON BANKRUPTCY § 3.01 (2010) ("[T]he jurisdiction of the district courts over title 11 'cases' is original and exclusive, while the jurisdiction over civil proceedings arising under title 11, or arising in title 11 cases, or related to those cases, is original but not exclusive."); 13D FEDERAL PRACTICE & PROCEDURE–JURISDICTION § 3570 (3d ed. 2010) ("This means that in civil proceedings arising in or related to bankruptcy cases, there is concurrent jurisdiction—such matters may be heard by either federal or state courts.").

3    Matters that may be referred to a bankruptcy court are divided into two categories: core proceedings and non-core proceedings. *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2171 (2014). Core proceedings involve "a right created by the federal bankruptcy law." *See Bank United*, 273 B.R. at 236 (quoting *In re Toledo*, 170 F.3d 1340, 1348 (11th Cir. 1999)). Claims that "arise under" or "arise in" title 11 are core proceedings. *Stern v. Marshall*, 564 U.S. 462, 476 (2011). Non-core proceedings are "proceedings that are 'not ... core' but are 'otherwise related to a case under title 11.' " *Exec. Benefits*, 134 S. Ct. at 2172.

4    The court notes that this case was not only brought after confirmation, but also after the bankruptcy estate closed.

5    *See In re Carbide Indus., LLC*, No. 6:14-BK-09894-KSJ, 2016 WL 3571295, at *3 (Bankr. M.D. Fla. June 29, 2016) (noting that the Eleventh Circuit has not adopted the close nexus test); *Sirius Computer Sols., Inc. v. AASI Creditor Liquidating Tr.*, No. 10-23406-CIV, 2011 WL 3843943, at *3 (S.D. Fla. Aug. 29, 2011) (noting that the Eleventh Circuit has not adopted any test for post-confirmation jurisdiction).

**Overton v. Chrysler Group LLC, Slip Copy (2018)**

2018 WL 847772

---

6    To be clear, the court finds that jurisdiction exists over Plaintiffs' case only because of the punitive damages claims brought by
Plaintiff Overton under Alabama's Wrongful Death Act. Specifically, Plaintiff Overton asks the court to determine whether
Alabama's unique requirement that plaintiffs recover punitive damages (as opposed to compensatory damages) for wrongful
death claims implicates Amendment No. 4. (Doc. # 15 at p. 17-21).

The court is less convinced that Plaintiff Scott Graham's claims create federal jurisdiction due to the nature of the damages pled.
Scott Graham seeks compensatory damages from Chrysler and FCA and punitive damages from FCA for its *past-*bankruptcy sale
conduct. (Doc. # 1-1 at p. 8, 11-12, 15). " 'These sorts of claims are based on ... post-petition conduct, and are not claims that are
based on a right to payment that arose before the filing of petition or that are based on pre-petition conduct.' " *Mathias v. Fiat
Chrysler Automobiles, NV,* No. 5:16-CV-01185-EJD, 2016 WL 5109967, at *4 (N.D. Cal. Sept. 21, 2016) (quoting *In re Motors
Liquidation Co.,* Nos. 15-2844-bk(L), 15-2847-bk(XAP), 15-2848-bk(XAP), 2016 U.S. App. LEXIS 12848, at *31 (2d Cir. July 13,
2016)). In light of the carefully-pled manner of the Complaint, the MTA and Amendment No. 4 do not govern whether Plaintiff
Scott Graham's claims are proper. *See Mathias,* 2016 WL 5109967, at *4 ("The MTA and Amendment No. 4 simply do not govern
the claim, and the orders approving those documents need not be interpreted to determine whether or not the claim is
permissible.").

7    In *Retirement Systems of Alabama v. Merrill Lynch & Co.,* Judge Albritton expressed a "very serious concern" regarding whether § 1452 allows a defendant to remove an entire action or only the claims within the action that create federal jurisdiction under § 1334. *See* 209 F. Supp. 2d at 1264. At this point, this court finds it unnecessary to decide whether a defendant has the authority to remove an entire case or only the claims within a case that create bankruptcy jurisdiction.

8    Specifically, FCA opens its brief opposing Plaintiffs' Motion to Remand using the following quote: "What has been will be again, what has been done will be done again; there is nothing new under the sun." (Doc. # 23 at p. 1).

---

**End of Document**                                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

---

09-50002-mg   Doc 8523-4   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Exhibit 3 - Overton v Chrysler Group LL   Pg 12 of 26

Case 2:17-cv-01983-RDP   Document 28   Filed 02/13/18   Page 1 of 15

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANKIE OVERTON, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:17-cv-01983-RDP** |
| | } | |
| **CHRYSLER GROUP LLC, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Plaintiffs' Motion to Remand.  (Doc. # 14).  The Motion to Remand (Doc. # 13) has been fully briefed.  (Docs. # 14; 23; 25).  Also before the court are Defendant Fiat Chrysler Automobiles US LLC's Motion to Transfer Venue or, Alternatively, to Sever Claims and Transfer Venue (Doc. # 3) and Partial Motion to Dismiss (Doc. # 4).  For the reasons outlined below, the court concludes the Motion to Remand (Doc. # 14) is due to be granted, making the other pending motions (Docs. # 3, 4) moot.

## I.     Background and Relevant Facts

Plaintiff Frankie Overton ("Overton") and Plaintiff Scott Graham (collectively "Plaintiffs") initiated this lawsuit against Defendants Chrysler Group LLC ("Chrysler"),[1] Fiat Chrysler Automobiles US LLC ("FCA"), Rodericus Obyran Carrington ("Carrington"), TRW Automotive Holdings Corp., TRW Automotive Inc., TRW Automotive US LLC, TRW Vehicle Safety Systems Inc., ZF Friedrichshafen AG, and ZF TRW Automotive Holdings Corp. (collectively "Defendants") on October 17, 2017 in the Circuit Court of Jefferson County, Alabama.  (Doc. # 1-1).  On November 27, 2017, FCA filed a Notice of Removal (Doc. # 1)

---

[1] Plaintiffs name Chrysler as a Defendant in this case, but Chrysler is no longer in existence.  (Doc. # 23 at p.1 n.2). FCA and Chrysler are now one entity.  (*Id.*).

09-50002-mg   Doc 8523-4   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 2:17-cv-01983-RDP   Document 28   Filed 02/15/18   Page 2 of 15
Exhibit 3 - Overton v Chrysler Group LL   Pg 13 of 26

along with a Motion to Transfer Venue (Doc. # 3) and a Partial Motion to Dismiss (Doc. # 4). FCA did not seek the approval of the other defendants in this case before removing it (Doc. # 1 at ¶¶ 10-12); however, Defendant TRW Vehicle Safety Systems Inc.[2] has since consented to the removal. (Doc. # 23-4). Plaintiffs filed a Motion to Remand on December 27, 2017. (Doc. # 14). The underlying lawsuit and the Chrysler bankruptcy proceeding (which is FCA's basis for removal) center on two separate sets of facts, which are discussed below.

A. **The Underlying Lawsuit**

On June 10, 2016, Sue Ann Graham ("Decedent") and her minor son, J.G., were passengers of a 2002 Jeep Liberty traveling on Interstate 59 in Jefferson County, Alabama. (Doc. # 1-1 at ¶ 24). Carrington was operating another vehicle and struck the 2002 Jeep Liberty, causing it to overturn. (*Id.*). Sue Ann Graham sustained injuries that ultimately lead to her death, and J.G. was also injured. (*Id.* at ¶¶ 26-27). Plaintiff Overton is suing Defendants as the administrator of the estate of Decedent. (*Id.* at ¶ 2). Plaintiff Scott Graham, the legal guardian and father of J.G., is suing Defendants on behalf of J.G. (*Id.* at ¶ 3).

In their pleadings, Plaintiffs have alleged negligence, wantonness, and Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") claims. (*Id.* at p. 6-15). Overton seeks damages on behalf of Decedent under Alabama's Wrongful Death Act. (*Id.*). On behalf of J.G., Scott Graham seeks compensatory damages from Chrysler and FCA, punitive damages from FCA for its post-bankruptcy sale conduct, and compensatory and punitive damages from the other defendants. (*Id.*).

---

[2] FCA claims that, if FCA is required to obtain the consent of the other defendants, FCA has met this requirement because Defendant TRW Vehicle Safety Systems Inc. does not object to the removal and is the only defendant that has "'been properly joined and served'" in this lawsuit. (Doc. # 23 at p. 23 (quoting 28 U.S.C. § 1446(b)(2)(A)).

09-50002-mg17 Doc 8523-4 Filed 05/04/18 Entered 05/04/18 15:33:33 Exhibit
Case 2:17-cv-03583-RDP Document 28 Filed 02/13/14 Page 3 of 15
Exhibit 3 - Overton v Chrysler Group LL    Pg 14 of 26

### B.    The Bankruptcy Proceeding

In 2009, FCA purchased substantially all of Chrysler's assets from the bankruptcy estate of Old Carco Liquidation Trust ("Old Carco") under a Master Transaction Agreement ("MTA"). (Docs. # 1 at ¶ 13; 15 at p. 2; 23 at p. 2).  The MTA set forth FCA's assumed liabilities and excluded liabilities resulting from the purchase.  (Docs. # 1 at ¶ 15-20; 1-3; 15 at p. 2-3; 23 at p. 2).  On June 1, 2009, the United States Bankruptcy Court for the Southern District of New York issued an order ("Sale Order") approving the transaction under the terms set forth in the MTA. (Docs. # 1 at ¶ 17-18; 1-4; 15 at p. 2-3).  The Sale Order permanently enjoined any person from asserting a claim arising from or related to the assets transferred in the transaction against FCA unless FCA expressly assumed liability for the claim in the MTA.  (Docs. # 1 at ¶ 18; 1-5 at p. 29-30).  It also stated that, "[w]hile the Debtors' bankruptcy cases are pending, this [Bankruptcy] Court shall retain jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Sale Order and the [MTA], [and] all amendments therto . . . ."  (Doc. # 1-4 at p. 45).  The transaction closed on June 10, 2009.  (Docs. # 1 at ¶ 21; 15 at p. 3).

In a later amendment ("Amendment No. 4") to the MTA (which the Bankruptcy Court approved on November 19, 2009), FCA agreed to assume liability for "all Product Liability Claims arising from the sale on or prior to the Closing of motor vehicles or component parts . . . solely to the extent such Product Liability Claims . . . do not include any claim for exemplary or punitive damages."  (Doc. # 1 at ¶ 22-23; 1-5 at p. 8).  In the November 19, 2009 Order approving Amendment No. 4, the Bankruptcy Court stated that it was "retain[ing] jurisdiction over all matters or disputes arising out of or in connection with this Stipulation and Agreed Order."  (Doc. # 1-5 at p. 5).  The Old Carco bankruptcy estate closed on March 1, 2016.  (Docs. # 1 at ¶ 25; 15 at p. 7).

Case 2:17-cv-04583-RDP   Document 28   Filed 02/19/19   Page 4 of 15
09-50002-mg   Doc 8523-4   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Exhibit 3 - Overton v Chrysler Group LL   Pg 15 of 26

## II.  Standard of Review

It has long been recognized that federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Indeed, federal courts may only exercise jurisdiction conferred upon them by Congress.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  Anytime a "federal court acts outside its statutory subject matter jurisdiction, it violates the fundamental constitutional precept of limited federal power."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971)).

Generally, any action filed in state court, over which a district court would have original jurisdiction, "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The burden of establishing subject matter jurisdiction for the purpose of a valid removal to this court is squarely on the removing party.  *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005).  Federal courts strictly construe removal statutes and resolve all doubts in favor of remand.  *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-30 (11th Cir. 2006).

## II.  Discussion

FCA's removal of this action was based upon 28 U.S.C. §§ 1334(b), 1441, 1446, and 1452(a).  (Doc. # 1 at p. 1).  Section 1452(a) allows "a party" to "remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  However, under § 1452(b), "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action *on any equitable ground*."  (emphasis added).

09-50002-mg17-Doc 8523-4 DFiled 05/04/18 28 Entered 05/04/18 15:33:33 15 Exhibit
Case 2:17-cv-08523-RDP    Document 28    Filed 02/15/18    Page 5 of 15
Exhibit 3 - Overton v Chrysler Group LL    Pg 16 of 26

"[D]istrict courts shall have original *and* exclusive jurisdiction of all *cases* under title 11" and "original *but not* exclusive jurisdiction of all *civil proceedings* arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a)-(b) (emphasis added). As the statute indicates, there are four types of matters over which the district court has bankruptcy jurisdiction: (1) "cases under title 11;" (2) "proceeding[s] arising under title 11;" (3) "proceedings arising in a case under title 11;" and (4) "proceedings related to a case under title 11." *In re Royal*, 197 B.R. 341, 346-47 (Bankr. N.D. Ala. 1996) (quoting *In re Wood*, 925 F.2d 90, 93 (5th Cir. 1987)).[1] Section 1334(c) explains when a federal court *may* and *must* abstain from hearing a § 1334 case over which the court has concurrent jurisdiction:

> (c)(1) Except with respect to a case under chapter 15 of title 11, *nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining* from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, *related to a case under title 11 but not arising under title 11 or arising in a case under title 11*, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, *the district court shall abstain* from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

(emphasis added).

Plaintiffs and FCA dispute whether (1) the court has jurisdiction over Plaintiffs' state law claims, (2) FCA's removal was procedurally defective due to FCA's failure to follow § 1446's

---

[1]In bankruptcy parlance, there is a critical distinction between a "case" and a "civil proceeding." A case, unlike a civil proceeding, must be prosecuted in federal court. *See, e.g.*, 1-3 COLLIER ON BANKRUPTCY § 3.01 (2010) ("[T]he jurisdiction of the district courts over title 11 'cases' is original and exclusive, while the jurisdiction over civil proceedings arising under title 11, or arising in title 11 cases, or related to those cases, is original but not exclusive."); 13D FEDERAL PRACTICE & PROCEDURE – JURISDICTION § 3570 (3d ed. 2010) ("This means that in civil proceedings arising in or related to bankruptcy cases, there is concurrent jurisdiction – such matters may be heard by either federal or state courts.").

09-50002-mg17 Doc 8523-4 Filed 05/04/18 Entered 05/04/18 15:33:33 Exhibit
Case 2:17-cv-08583-RDP Document 28 Filed 02/15/19 Page 6 of 15
Exhibit 3 - Overton v Chrysler Group LL Pg 17 of 26

rule of unanimity, and (3) the court should abstain from hearing this matter if the court does have

jurisdiction over Plaintiffs' claims.  The court addresses each of these issues.

### A.  Subject Matter Jurisdiction Exists

Although the parties agree that the court does not have original and exclusion jurisdiction

of Plaintiffs' claims under 28 U.S.C. § 1334(a), the parties dispute whether this case "aris[es] in

or relate[s] to [a] case[] under title 11."  If the action arises in or relates to a case under title 11,

the court has concurrent jurisdiction of Plaintiffs' claims under § 1334(b).  In order to determine

whether the court has subject matter jurisdiction, the court need only evaluate "whether a matter

is at least 'related to' the bankruptcy."  *In re Taylor Agency, Inc.*, 281 B.R. 94, 97 (Bankr. S.D.

Ala. 2001).  The Eleventh Circuit has adopted the *Pacor* test, which defines "related to" in this

context as follows:

> The usual articulation of the test for determining whether a civil
> proceeding is related to bankruptcy is whether the outcome of the
> proceeding could conceivably have an effect on the estate being
> administered in bankruptcy. The proceeding need not necessarily
> be against the debtor or against the debtor's property. An action is
> related to bankruptcy if the outcome could alter the debtor's rights,
> liabilities, options, or freedom of action (either positively or
> negatively) and which in any way impacts upon the handling and
> administration of the bankrupt estate.

*Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v.

Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)); *see also Celotex Corp. v. Edwards*, 514 U.S. 300,

308 n.6 (1995).  The term "related to" certainly "suggests a grant of some breadth;" however,

"'related to' jurisdiction cannot be limitless."  *Celotex Corp.*, 514 U.S. at 307-08.  Furthermore,

"bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the

debtor."  *Id.*  at 308 n.6.

Plaintiffs argue that their case in no way impacts the handling and administration of Old

Carco for two main reasons.   (Doc. # 15 at p. 14-15).  First, Plaintiffs contend that their claims

09-50002-mg17 Doc 8523-4 Filed 05/04/18 Entered 05/04/18 15:33:33 Exhibit
Case 2:17-cv-01563-RDP Document 28 Filed 02/13/18 Page 8 of 15
Exhibit 3 - Overton v Chrysler Group LL   Pg 18 of 26

against FCA only affect FCA and have no effect on Old Carco's rights, liabilities, options, or freedom of action. (*Id.* at p. 15-17). Second, the dates of Plaintiffs' accident (June 10, 2016) and filing of a lawsuit (October 17, 2017) both occurred after Old Carco's bankruptcy estate closed (March 1, 2016). (Docs. # 15 at 15-17; 25 at p. 2-4). To the contrary, FCA avers that the closure of Old Carco's bankruptcy estate is immaterial because the interpretation and enforcement of a bankruptcy court's order is a core proceeding.[3] (Doc. # 23 at p. 12-14).

Generally, once a bankruptcy estate is closed, jurisdiction under § 1334(b) shrinks. *See, e.g.*, *Bank United v. Manley*, 273 B.R. 229, 243 (N.D. Ala. 2001) ("Generally, jurisdiction over bankruptcy proceedings ceases with the closing of the bankruptcy estate, but Congress has stated that in some instances jurisdiction continues after the estate is closed because the proceeding would still 'arise under' title 11."); *Golf Club at Bridgewater, L.L.C. v. Whitney Bank*, No. 8:09-BK-10430-CED, 2013 WL 1193182, at *2 (M.D. Fla. Mar. 22, 2013) ("[W]hile a bankruptcy court's jurisdiction can be invoked less frequently post-confirmation, 'the court is not without jurisdiction to enforce the remaining unperformed terms of the confirmed plan.'"); *In re McIntyre Bldg. Co. Inc.*, No. 10-30558-WRS, 2011 WL 1434691, at *13 (Bankr. M.D. Ala. Apr. 14, 2011) ("Bankruptcy Court jurisdiction generally centers upon what happens to property of the estate from the date of the petition until the time the estate is closed."); *see also In re Resorts Int'l, Inc.*, 372 F.3d 154, 164-65 (3d Cir. 2004) ("After confirmation of a reorganization plan, retention of bankruptcy jurisdiction may be problematic."). When an action is brought after

---

[3] Matters that may be referred to a bankruptcy court are divided into two categories: core proceedings and non-core proceedings. *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2171 (2014). Core proceedings involve "a right created by the federal bankruptcy law." *See Bank United*, 273 B.R. at 236 (quoting *In re Toledo*, 170 F.3d 1340, 1348 (11th Cir. 1999). Claims that "arise under" or "arise in" title 11 are core proceedings. *Stern v. Marshall*, 564 U.S. 462, 476 (2011). Non-core proceedings are "proceedings that are 'not . . . core' but are 'otherwise related to a case under title 11.'" *Exec. Benefits*, 134 S. Ct. at 2172.

09-50002-mg   Doc 8523-4   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 2:17-cv-04583-RDP   Document 28   Filed 02/13/18   Page 8 of 15
Exhibit 3 - Overton v Chrysler Group LL    Pg 19 of 26

confirmation[4] of a plan, application of the *Pacor* test proves difficult "because, under traditional *Pacor* analysis, bankruptcy jurisdiction will not extend to a dispute between non-debtors unless the dispute creates 'the logical possibility that the estate will be affected.'" *In re Resorts Int'l, Inc.*, 372 F.3d at 165 (quoting *In re Federal–Mogul Global, Inc.*, 300 F.3d 368, 380 (3d Cir. 2002)).

Instead of literally applying the *Pacor* test to entirely bar post-confirmation bankruptcy jurisdiction, some courts apply the close nexus test and ask whether the case has a close nexus to the bankruptcy proceeding that is sufficient to hold bankruptcy court jurisdiction over the matter. *Id.* at 165-67; *see, e.g.*, *Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 837 (4th Cir. 2007); *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005); *In re Residential Capital, LLC*, 519 B.R. 593, 599 (S.D.N.Y. 2014); *In re Castle Home Builders, Inc.*, 520 B.R. 98, 101 (Bankr. N.D. Ill. 2014); *In re Reg'l Diagnostics, LLC*, 372 B.R. 3, 22 (Bankr. N.D. Ohio 2007). The close nexus test generally is satisfied when a matter affects "the interpretation, implementation, consummation, execution, or administration of the confirmed plan." *In re Resorts Int'l, Inc.*, 372 F.3d at 167. Although the Eleventh Circuit has not adopted the close nexus test (or any test for post-confirmation jurisdiction, for that matter)[5] this court finds the close nexus test persuasive in deciding that jurisdiction exists over this action because Plaintiffs' claims against FCA will require the deciding court to interpret and potentially implement the Bankruptcy Court's Orders.

---

[4] The court notes that this case was not only brought after confirmation, but also after the bankruptcy estate closed.

[5] *See In re Carbide Indus., LLC*, No. 6:14-BK-09894-KSJ, 2016 WL 3571295, at *3 (Bankr. M.D. Fla. June 29, 2016) (noting that the Eleventh Circuit has not adopted the close nexus test); *Sirius Computer Sols., Inc. v. AASI Creditor Liquidating Tr.*, No. 10-23406-CIV, 2011 WL 3843943, at *3 (S.D. Fla. Aug. 29, 2011) (noting that the Eleventh Circuit has not adopted any test for post-confirmation jurisdiction).

09-50002-mg17 Doc 8523-4 RDF Filed 05/04/18 28 Entered 05/04/18 15:33:33 Exhibit
Case 2:17-cv-01583-RDP Document 28 Filed 02/19/18 Page 5 of 15
Exhibit 3 - Overton v Chrysler Group LL    Pg 20 of 26

Furthermore, a bankruptcy court retains jurisdiction after an estate is closed to interpret and enforce its own orders entered in a Chapter 11 proceeding. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934)) (holding that a bankruptcy court "plainly" had continuing jurisdiction, more than a decade after entry of orders confirming a Chapter 11 plan and enjoining causes of actions against insurers, to interpret and enforce its own prior orders); *see also Consumer Portfolio Servs., Inc. v. Coleman*, 342 B.R. 817, 820 (N.D. Ala. 2006) ("All courts, including bankruptcy courts, retain jurisdiction to enforce their own orders and judgments.").  Here, Plaintiff Overton's claims against FCA and Chrysler for punitive damages under Alabama's Wrongful Death Act directly implicate and challenge the terms of the Bankruptcy Court's November 19, 2009 Order approving Amendment No. 4.[6]  Because Plaintiffs' claims implicate bankruptcy court orders that require interpretation, Plaintiffs' claims relate to the Old Carco bankruptcy proceedings and subject matter jurisdiction exists. *See Travelers*, 557 U.S. at 151; *see also Ingman v. FCA US LLC*, No. CV-17-00069-GF-BMM, 2017 WL 5465521, at *3-4 (D. Mont. Nov. 14, 2017) (indicating that the Old Carco Bankruptcy Court would have jurisdiction with respect to a punitive damages claim for pre-bankruptcy conduct but not with respect to a post-bankruptcy punitive damages claim).

---

[6] To be clear, the court finds that jurisdiction exists over Plaintiffs' case only because of the punitive damages claims brought by Plaintiff Overton under Alabama's Wrongful Death Act.  Specifically, Plaintiff Overton asks the court to determine whether Alabama's unique requirement that plaintiffs recover punitive damages (as opposed to compensatory damages) for wrongful death claims implicates Amendment No. 4.  (Doc. # 15 at p. 17-21).

The court is less convinced that Plaintiff Scott Graham's claims create federal jurisdiction due to the nature of the damages pled.  Scott Graham seeks compensatory damages from Chrysler and FCA and punitive damages from FCA for its *post*-bankruptcy sale conduct.  (Doc. # 1-1 at p. 8, 11-12, 15).  "'These sorts of claims are based on . . . post-petition conduct, and are not claims that are based on a right to payment that arose before the filing of petition or that are based on pre-petition conduct.'" *Mathias v. Fiat Chrysler Automobiles, NV*, No. 5:16-CV-01185-EJD, 2016 WL 5109967, at *4 (N.D. Cal. Sept. 21, 2016) (quoting *In re Motors Liquidation Co.*, Nos. 15-2844-bk(L), 15-2847-bk(XAP), 15-2848-bk(XAP), 2016 U.S. App. LEXIS 12848, at *31 (2d Cir. July 13, 2016)).  In light of the carefully-pled manner of the Complaint, the MTA and Amendment No. 4 do not govern whether Plaintiff Scott Graham's claims are proper. *See Mathias*, 2016 WL 5109967, at *4 ("The MTA and Amendment No. 4 simply do not govern the claim, and the orders approving those documents need not be interpreted to determine whether or not the claim is permissible.").

09-50002-mg   Doc 8523-4   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 2:17-cv-01583-RDP   Document 28   Filed 02/26/18   Page 21 of 15
Exhibit 3 - Overton v Chrysler Group LL   Pg 21 of 26

### B.        The Rule of Unanimity Does Not Apply

Title 28 U.S.C. § 1441(a) provides, "*Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  (emphasis added).  Section 1446 lays out the proper procedure for the removal of civil actions and requires "all defendants who have been properly joined and served [to] join in or consent to the removal of the action" if the action was "removed *solely under section 1441(a)*."  (emphasis added).  Plaintiffs argue that FCA's removal was procedurally improper because FCA did not obtain the consent of all of the defendants in this case.  (Doc. # 15 at p. 9-13).  The court disagrees.

Although some courts have disagreed on whether the unanimity requirement applies to removals under § 1452(a), this court finds that, under its plain language, § 1446(b)(2)(A)'s unanimity requirement does not apply to cases removed under § 1452(a) as it applies only to cases whose removal is premised *solely* on § 1441(a).  *See* 28 U.S.C. § 1446(b)(2)(A); *Ret. Sys. of Alabama*, 209 F. Supp. 2d at 1264 (finding that § 1452 allows removal without unanimity of defendants to the extent that the claim being removed touches on the administration of a bankruptcy estate)[7]; *In re Plowman*, 218 B.R. 607, 616 (Bankr. N.D. Ala. 1998) ("When a case is removed under 28 U.S.C. § 1452, one defendant may remove a case without the consent of the other defendants."); *In re C.D. Jones & Co., Inc.*, No. 09-31595-KKS, 2015 WL 2260707, at *5 (Bankr. N.D. Fla. May 12, 2015) (holding that removal under § 1452 does not require the

---

[7] In *Retirement Systems of Alabama v. Merrill Lynch & Co.*, Judge Albritton expressed a "very serious concern" regarding whether § 1452 allows a defendant to remove an entire action or only the claims within the action that create federal jurisdiction under § 1334.  *See* 209 F. Supp. 2d at 1264.  At this point, this court finds it unnecessary to decide whether a defendant has the authority to remove an entire case or only the claims within a case that create bankruptcy jurisdiction.

10

09-50002-mg 7  Doc 8523-4  Filed 05/04/18  Entered 05/04/18 15:23:33  Exhibit
Case 2:17-cv-11583-RDP  Document 28  Filed 02/15/18  Page 13 of 15
Exhibit 3 - Overton v Chrysler Group LL    Pg 22 of 26

consent of other defendants); *see also Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 770 (7th Cir. 2011) (comparing § 1452(a) with § 1441(a) and finding that § 1452(a) does not have a requirement of unanimity); *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004) ("[B]ecause any one 'party' can remove under Section 1452(a), removal under that provision, unlike removal under Section 1441(a), does not require the unanimous consent of the defendants."); *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985) ("Under the bankruptcy removal statute, however, any one party has the right to remove the state court action without the consent of the other parties."); *Anstine & Musgrove, Inc. v. Calcasieu Ref. Co.*, 436 B.R. 136, 138-39 (D. Kan. 2010) (agreeing with a "substantial majority of courts" that "the consent of all defendants is not required for removal under Section 1452" and compiling cases in agreement). *But see Ross v. Thousand Adventures of Iowa, Inc.*, 178 F. Supp. 2d 996, 1002 (S.D. Iowa 2001) ("The fact that 'a defendant' or 'a party' may file the notice of removal, based on federal question jurisdiction or related-to-bankruptcy jurisdiction, does nothing to dilute the unanimity rule when multiple defendants seek to remove a case to federal court."). Here, FCA removed this action based on multiple statutes, and primarily based on § 1452(a). (Doc. # 1 at p. 1). Section 1452(a) does not require a removing party to receive the consent of other defendants; rather, its plain language permits *a party* to remove *any claim or cause of action in a civil action* if the district court has jurisdiction under § 1334. 28 U.S.C. § 1452(a). Thus, Plaintiffs' argument that FCA's removal was improper due to the rule of unanimity is unavailing.

### C.  Abstention and Remand Are Appropriate under 28 U.S.C. §§ 1334(c)(1) and 1452(b)

Section 1452 permits a court to remand a cause of action removed under § 1334 on any equitable ground. 28 U.S.C. § 1452(b). Similarly, § 1334 allows a court to abstain from hearing

09-50002-mg   Doc 8523-4   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 2:17-cv-01583-RDP   Document 28   Filed 02/16/18   Page 13 of 15
Exhibit 3 - Overton v Chrysler Group LL   Pg 23 of 26

a case that "aris[es] under title 11 or aris[es] in or relate[s] to a case under title 11" when a court

does so "in the interest of justice, or in the interest of comity with State courts or respect for State

law." 28 U.S.C. § 1334(c)(1). Here, the court finds that abstention and remand is appropriate

for this state law action.

Courts have developed the following set of considerations to aid in the determination of

whether abstention is warranted:

> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of non-debtor parties.

*Ret. Sys. of Alabama v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1267-68 (M.D. Ala. 2002).

In this case, the court finds that these factors weigh in favor of abstention. Plaintiffs in this

action only bring state law claims, and all of the parties involved in this action are non-debtor

parties. The only basis for § 1334 jurisdiction (and jurisdiction generally) in this case is that one

of the two Plaintiffs (Plaintiff Overton) has asked for punitive damages under the Alabama

Wrongful Death Act. Although the Bankruptcy Court has jurisdiction to interpret its orders, the

state court can just as easily dismiss claims in front of it that are barred by the MTA and

Amendment No. 4. In the unlikely event that the state court does not honor the Bankruptcy

09-50002-mg 7 Doc 8523-4 Filed 05/04/18 Entered 05/04/18 15:23:33 Exhibit
Case 2:17-cv-01583-RDP Document 28 Filed 02/28/18 Page 13 of 15
Exhibit 3 - Overton v Chrysler Group LL    Pg 24 of 26

Court's order, FCA is not left without remedy: it can appeal or petition the Bankruptcy Court to enforce its order against Plaintiffs. *See* Fed. R. Bankr. P. 9014, 9020.

Citing Ecclesiastes 1:9 (NIV),[8] FCA argues that this issue has already been decided by other courts, cites a number of cases where motions to remand were denied, and asserts this court should follow those cases and deny Plaintiffs' Motion to Remand. (Doc. # 23). However, although King Solomon taught us that there is nothing new under the sun (Eccle. 1:9), the key issue presented here was not presented in any of the cases cited by FCA. In fact, in supporting its argument, FCA only cites case law that deals with actions that accrued or were filed *before* the Old Carco bankruptcy estate was closed. *See Powell v. FCA US LLC*, No. 3:15-CV-393-WHA, 2015 WL 5014097 (M.D. Ala. Aug. 21, 2015) (case brought before estate closed); *Ritter v. Chrysler Grp. LLC*, No. 4:13-CV-2123, 2014 WL 549706 (M.D. Pa. Feb. 11, 2014) (same); *Martin v. Chrysler Grp., LLC*, No. 6:12-CV-00060, 2013 WL 5308245 (W.D. Va. Sept. 20, 2013) (same); *Quesenberry v. Chrysler Grp. LLC*, No. CIV. 12-48-ART, 2012 WL 3109431 (E.D. Ky. July 31, 2012) (same); *Perno v. Chrysler Grp., LLC*, No. CIV.A. 10-5100 WJM, 2011 WL 868899 (D.N.J. Mar. 10, 2011) (same); *Tulacro v. Chrysler Grp., LLC*, No. SACV 10-01956-CJC(CWx), 2011 WL 13227751 (C.D. Cal. Feb. 2, 2011) (same); *Shatzki v. Abrams*, No. 1:09-CV-02046 LJODLB, 2010 WL 148183 (E.D. Cal. Jan. 12, 2010) (same); *see also White v. FCA US*, LLC, No. 17-12320, 2017 WL 5494994 (E.D. Mich. Nov. 16, 2017) (claims arose before estate closed); *Dearden v. FCA US LLC*, No. 5:16-CV-00713, 2017 WL 1190980 (E.D. Pa. Mar. 31, 2017) (same); *Clark v. Chrysler Grp., LLC*, No. CIV.A.10-3030, 2010 WL 4486927 (E.D. Pa. Nov. 5, 2010) (claims arose prior to the filing of bankruptcy); *Cooper v. Daimler AG*, No. CIVA 109-CV-2507-RWS, 2009 WL 4730306 (N.D. Ga. Dec. 3, 2009) (same); *Monk v.*

---

[8] Specifically, FCA opens its brief opposing Plaintiffs' Motion to Remand using the following quote: "What has been will be again, what has been done will be done again; there is nothing new under the sun." (Doc. # 23 at p. 1).

Case 2:17-cv-01583-RDP   Document 28   Filed 02/25/18   Page 14 of 15

09-50002-mg    Doc 8523-4    Filed 05/04/18    Entered 05/04/18 15:33:33    Exhibit
Exhibit 3 - Overton v Chrysler Group LL    Pg 25 of 26

*Daimler AG,* No. CIVA 109-CV-2511-RWS, 2009 WL 4730314 (N.D. Ga. Dec. 3, 2009) (same); *Doss v. Chrysler Grp., LLC*, No. CV-09-02130-PHX-DGC, 2009 WL 4730932 (D. Ariz. Dec. 7, 2009).  The court finds these cases distinguishable because Plaintiffs' claims were filed and arose after the Old Carco bankruptcy estate was closed.

FCA heavily relies on *Powell v. FCA US LLC*, 2015 WL 5014097, which was decided by the Middle District of Alabama.  (Doc. # 23).  This case arose out of a car accident that occurred on April 15, 2014 and resulted in the death of one passenger.  2015 WL 5014097, at *1.  On April 30, 2015, the plaintiff in *Powell* filed a wrongful death action under Alabama law in state court against FCA and Macon County, Alabama.  *Id.*  FCA removed the case to federal court and filed a motion to transfer to the Southern District of New York for referral to the United States Bankruptcy Court in that district.  *Id.*  In his August 21, 2015 opinion, Judge Albritton found that the claims brought against FCA were core proceedings, removal was proper under § 1452, and remand was not warranted as to the claims brought against FCA.  *Id.* at *6.  Judge Albritton transferred the claims brought against FCA to the Southern District of New York and remanded the claims brought against Macon County.  *Id.* at * 6-7.

But *Powell* is distinct from this case for at least two reasons.  First, in *Powell*, the dates of the accident, the filing of the case, and the publication of Judge Albritton's opinion all preceded the date the Old Carco bankruptcy estate closed.  *Id.* at *1.  Second, the relief requested by the plaintiff in *Powell* only included punitive damages under Alabama's Wrongful Death Act.  In this case, on the other hand, Plaintiffs' claims accrued and were filed after the Old Carco bankruptcy estate had closed, and Plaintiffs' damages are not limited to punitive damages under the Alabama's Wrongful Death Act.  (*See* Doc. # 1-1).  Rather, Plaintiffs' requested damages against FCA also include damages that do not fall within the scope of the MTA and Amendment

14

09-50002-mg   Doc 8523-4   Filed 05/04/18   Entered 05/04/18 15:23:83   Exhibit
Case 2:17-cv-01583-RDP   Document 28   Filed 02/13/18   Page 15 of 15   Exhibit
Exhibit 3 - Overton v Chrysler Group LL   Pg 26 of 26

No. 4 (punitive damages for FCA's post-bankruptcy sale conduct and compensatory damages). *See Ingman v. FCA US LLC*, 2017 WL 5465521, at *3-4; *Mathias*, 2016 WL 5109967, at *4.

Moreover, unlike in *Powell*, severance in this case is not practical and would not be in the interest of justice. If the court were to sever Overton's punitive damages claims against FCA from the remainder of this case, both FCA and Plaintiff Overton would be forced to litigate actions involving the same underlying facts in two different courts. If the court was to sever all of Plaintiffs' claims brought against FCA, not only would both Plaintiffs be forced to litigate in two different courts, but Plaintiff Scott Graham would also be forced to litigate his Alabama state law claims (that do not fall within the scope of the Bankruptcy Court's Orders) in the Southern District of New York. As such, the court finds that remanding this entire case is the most equitable, practicable, and just course of action. *See* 28 U.S.C. §§ 1334(c)(1), 1452(b).

## III.   Conclusion

For the reasons outlined above, Plaintiffs' Motion to Remand (Doc. # 14) is due to be granted. Accordingly, the other motions (Docs. # 3, 4) pending in this action are moot. A separate order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this February 13, 2018.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE