# THE ATTORNEY GENERAL   STATE OF ALABAMA · MONTGOMERY, ALABAMA 36130



WILLIAM J. BAXLEY
ATTORNEY GENERAL

GEORGE L. BECK
DEPUTY ATTORNEY GENERAL
WALTER S. TURNER
CHIEF ASSISTANT ATTORNEY GENERAL
TOM CORK
CONFIDENTIAL ASSISTANT
JACK O. SHOWS
CHIEF INVESTIGATOR

February 1, 1978

*Insurance Dept.*

Mr. Charles H. Payne
Commissioner of Insurance
State of Alabama
Department of Insurance
Administrative Building
4th Floor
Montgomery, Alabama   36130

                Insurance - Liability -
                State and State Departments

                Insurance against liability
                for punitive damages imposed
                in civil cases is not violative
                of public policy in Alabama.

Dear Mr. Payne:

    We are in receipt of your request for an advisory opinion concerning the above-captioned matter. We answer your inquiry thereon in the negative: It is not against the public policy of this state to insure one's liability against punitive damages imposed in civil cases. We explain our holding below.

    A majority of states hold that it is against public policy to insure one's liability against punitive damages. The rationale employed in these states can be summarized as follows: The function of punitive damages is to punish the wrongdoer and to deter others from like conduct. Public policy therefore prohibits the shifting of the burden to pay such damages upon insurance companies which do not participate in causing the harm. 20 ALR 3d 331; 20 ALR 3d 347; See generally, Northwestern Nat. Casualty Co. v. McNulty, (1962, CA 5 Fla.) 307 F. 2d 432.

Exhibit A

Mr. Charles H. Payne
Page Two
February 1, 1978

This office is unaware of any Alabama cases which directly address the public policy issue with reference to insurance coverage of punitive damages. However, in light of judicial rules regarding the kind of damages recoverable under Alabama's Wrongful Death Statute, and the existence of a broad exception to the majority rule, we are of the considered opinion that Alabama should follow the minority view on this subject, and allow indemnification against liability for punitive damages.

It is well settled that damages recoverable under the Alabama Wrongful Death Statute are punitive in nature. See §6-5-410, Code of Alabama 1975, Note IV, p. 252. Because of this judicial interpretation, our courts have consistently held that punitive damages are recoverable under the provisions of the standard liability insurance policy. American Fidelity and Casualty Co. v. Werfel, 230 Ala. 553, 162 So. 103 (1935); Employers Ins. Co. v. Brock, 233 Ala. 55, 172 So. 671 (1937). Any administrative ruling which allowed insurance companies to exclude coverage for punitive damages under standard liability policies would be in direct contravention of wrongful death caselaw on the subject, and would therefore be void as against the public policy of this state as well.

Further, there is general agreement that the majority view is inapplicable to claims based on vicarious liability. See 22 Southwestern Law Journal, p. 438. The principal, sued civilly, expects indemnification against punitive damages, and it is therefore said that "where insured is being held vicariously liable under the doctrine of respondeat superior, no public policy is offended in having the insurance company pay." 10 Idaho Law Review, p. 266; See also Ohio Casualty Ins. Co. v. Welfare Finance Co., 75 F. 2d 58 (8th Cir. 1934), cert. denied, 295 U.S. 734 (1935); Maryland Casualty Co. v. Baker, 304 Ky. 296, 200 S.W. 2d 757 (Ct. App. 1947)

This exception covers a substantial number of Alabamians who may be held vicariously liable for the civil wrongs of their agents. To disallow indemnification against liability for punitive damages for this class of persons would not be in the public interest, and not consistent with established business planning techniques.

Considered jointly, the Alabama approach to compensation for wrongful death and the recognized exception to the majority rule, constitute prevailing legal authority for continuing to permit recovery of punitive damages under the provisions of the standard liability insurance policy. Without question,

Mr. Charles H. Payne
Page Three
February 1, 1978

such recovery beneficially affects numerous Alabamians, and therefore, is in the public interest. An administrative rule to the contrary is legally unsustainable.

Moreover, the punishment principle embodied in the majority view is over-emphasized therein. We deal here primarily with civil wrongs committed in the ordinary course of human affairs (e.g. conversion, personal injury, trespass, etc.), not wrongs which constitute crimes and require criminal sanctions. The majority view incorrectly equates the function of punitive damages with that of criminal fines - the punishment theme resounds. 10 Idaho Law Review, p. 268, citing 70 Havard L. Rev. 517, 522. Whereas it is increasingly accepted that punitive damages are often awarded by juries in civil cases to fully compensate the plaintiff for the harm he has suffered. 22 Southwestern Law Review, p. 433; 10 Idaho Law Review, pp. 269 and 272. Therefore, the punishment function of punitive damages in civil cases is steadily losing its utility in face of the compensatory nature of such damages in many jury verdicts. There is often a large compensatory function that they now serve as well, or exclusively, as the case may be.

In concluding, we wish to say that our holding here is based upon the present state of the law, as now codified or judicially established. The Legislature could change the result reached here by eliminating the present function of punitive damages under our Wrongful Death Statute, and by prohibiting vicarious liability for such damages in agency situations. We will not speculate as to if and when it will do so.

We hope that this opinion sufficiently answers your inquiry. If we can be of any further assistance to you, please let us know.

Very truly yours,

WILLIAM J. BAXLEY
ATTORNEY GENERAL
By-

*Ronald B. Hatcher*

RONALD B. HATCHER
ASSISTANT ATTORNEY GENERAL

RBH:dpr