# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| FRANKIE OVERTON, Administrator of the Estate of SUE ANN GRAHAM, Deceased; and SCOTT GRAHAM, as legal guardian of J.G., a minor child,   ) ) ) ) ) | |
| Plaintiffs,   ) ) | |
| v.   ) ) | |
| CHRYSLER GROUP, LLC.; FIAT CHRYSLER AUTOMOBILES US, LLC (FCA US LLC); RODERICUS OBYRAN CARRINGTON; TRW AUTOMOTIVE HOLDINGS CORP., f/k/a TRW, INC.; TRW AUTOMOTIVE, INC.; TRW AUTOMOTIVE U.S. LLC; TRW VEHICLE SAFETY SYSTEMS, INC.; ZF FRIEDRICHSHAFEN AG; ZF TRW AUTOMOTIVE HOLDINGS CORP.; et al.   ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 2:17-CV-01983-JHE |
| Defendants.   ) | |

## DEFENDANT FCA US LLC'S ANSWER TO COMPLAINT

Defendant FCA US LLC f/k/a Chrysler Group LLC ("FCA US")[1] hereby responds and answers each of the allegations of Plaintiffs' Complaint, generally denying any and all liability to Plaintiffs,[2] as follows:

---

[1] Plaintiff additionally names Chrysler Group LLC as a defendant. That entity no longer exists. Rather, it is now known as FCA US LLC. As a result, this Answer is made on behalf of FCA US LLC only. To the extent necessary, Chrysler Group LLC hereby joins in this Answer.

[2] FCA US adopts and incorporates the factual recitation and legal argument set forth in its Partial Motion to Dismiss [Doc. 4] and requests that the Court grant the relief sought therein. For the avoidance of doubt, FCA US expressly does not waive any of its legal defenses by filing

<u>PARTIES</u>

1.  Upon information and belief, admitted.

2.  FCA US lacks information sufficient to admit or deny Plaintiffs'
allegations concerning Plaintiff Frankie Overton and therefore denies them.

3.  FCA US lacks information sufficient to admit or deny Plaintiffs'
allegations concerning Plaintiff Scott Graham and therefore denies them.

4.  Upon information and belief, admitted.

5.  Denied.  Chrysler Group LLC no longer exists.  Rather, that entity is
now known as FCA US LLC.

6.  FCA US admits it is foreign limited liability company registered to do
business in the State of Alabama.  FCA US denies that it is properly designated as
"Fiat Chrysler Automotive US, LLC" and further denies any allegations
concerning Chrysler Group LLC, an entity which no longer exists.   Unless
otherwise admitted herein, all other allegations in this Paragraph are denied.

7.  The allegations of this Paragraph are directed at parties other than
FCA US and therefore require no response.  To the extent a response is necessary,
FCA US lacks information sufficient to admit or deny those allegations and
therefore denies them.

8.  The allegations of this Paragraph are directed at parties other than
FCA US and therefore require no response.  To the extent a response is necessary,

---

this Answer to the Complaint or by otherwise responding to the claims that are the subject of its
prior Partial Motion to Dismiss.

Case 2:17-cv-05933-JHE  Document 9  Filed 12/04/17  Page 3 of 30

FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

9.      The allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

10.     The allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

11.     The allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

12.     The allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

13.     The allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and

therefore denies them.

14.    The allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

15.    The allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.  Further, the Federal Rules of Civil Procedure do not permit fictitious party practice.  See, e.g., Fed. R. Civ. P. 10(a) (caption of complaint "shall include the names of all the parties"); Rommell v. Auto. Racing Club of Am., Inc., 964 F.2d 1090, 1098-99 n.14 (11th Cir. 1992) ("[T]here is no fictitious party practice in federal court."); Collins v. Fingerhut Cos., Inc., 117 F. Supp. 2d 1283, 1283 n.1 (S.D. Ala. 2000) ("[F]ictitious party pleading is not generally recognized under the Federal Rules of Civil Procedure."); Weeks v. Benton, 649 F. Supp. 1297, 1298 (S.D. Ala. 1986) ("Fictitious party practice is not authorized by the Federal Rules of Civil Procedure or any other federal statute.").

16.    FCA US did not manufacture the 2002 Jeep Liberty at issue in the Complaint or any of its component parts, and FCA US did not sell the 2002 Jeep Liberty in Alabama or any other state.  Instead, the 2002 Jeep Liberty was manufactured by DiamlerChrysler AG, an entity that is now known as "Old

Carco."  FCA US therefore denies the allegations of this Paragraph as to it.  The remaining allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

17.    FCA US admits that a consumer originally purchased the 2002 Jeep Liberty from a dealership in Alabama.  However, FCA US denies that the 2002 Jeep Liberty was sold by any dealership "affiliated" with FCA US.  FCA US did not exist when the 2002 Jeep Liberty at issue in the Complaint was manufactured and sold.  Accordingly, unless otherwise admitted herein, all other allegations in this Paragraph are denied.

18.    Denied.

19.    The allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, denied.

20.    The allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, denied.

21.    Upon information and belief, admitted.

22.    Upon information and belief, admitted as to the decedent, Sue Anne Graham, and the minor Plaintiff, J.G.  Unless otherwise admitted herein, all other

09-50002-smg   Doc 8523-6   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Exhibit 5 - FCA Answer to Complaint   Pg 6 of 30
Case 2:17-cv-05483-JHE   Document 9   Filed 12/04/17   Page 6 of 30

allegations in this Paragraph are denied.

23.   This Paragraph does not make any factual averments and therefore requires no response.  To the extent a response is necessary, FCA US denies that venue is proper in the Circuit Court of Jefferson County, Alabama, and has moved to transfer this action to the United States District Court for the Southern District of New York for referral to the Bankruptcy Court for that district.

<u>STATEMENT OF FACTS</u>

24.   FCA US admits that the decedent, Sue Anne Graham, and the minor Plaintiff, J.G., were passengers in a 2002 Jeep Liberty on June 10, 2016, when that vehicle was involved in an accident with Defendant Rodericus Obyran Carrington's vehicle.  FCA US further admits that, according to the accident report, Defendant Rodericus Obyran Carrington's vehicle struck the 2002 Jeep Liberty, which later overturned.  FCA US lacks information sufficient to admit or deny the remaining allegations in this Paragraph and therefore denies them.

25.   FCA US admits that a consumer originally purchased the 2002 Jeep Liberty from a dealership in Alabama.  However, FCA US did not exist when the 2002 Jeep Liberty at issue in the Complaint was manufactured and sold.  Accordingly, unless otherwise admitted herein, all other allegations in this Paragraph concerning the design, engineering, manufacture, or marketing of the 2002 Jeep Liberty at issue in the Complaint are denied as to FCA US.  FCA US lacks information sufficient to admit or deny the remaining allegations in this

09-50002-smg   Doc 8523-6   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Exhibit 5 - FCA Answer to Complaint    Pg 7 of 30
Case 2:17-cv-05393-JHE   Document 9   Filed 12/04/17   Page 7 of 30

Paragraph and therefore denies them.

26.     FCA US admits that the decedent, Sue Anne Graham, suffered injuries and died as a result of the accident at issue in the Complaint.   Unless otherwise admitted herein, all other allegations of this Paragraph are denied as to FCA US.  The remaining allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.   To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

27.     FCA US admits that the minor Plaintiff, J.G., suffered injuries as result of the accident at issue in the Complaint.  Unless otherwise admitted herein, all other allegations of this Paragraph are denied as to FCA US.  The remaining allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.   To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

28.     FCA US admits that safety is a consideration for every vehicle it designs and manufactures.  FCA US otherwise denies the general allegations of this Paragraph regarding the importance of safety because it lacks context and mischaracterizes the applicable standard(s) for vehicle design.  Specifically, the vehicle at issue complied with all Federal Motor Vehicle Safety Standards.  Unless otherwise admitted herein, all other allegations of this Paragraph are denied as to

09-50002-smg Doc 8528-6 Filed 05/04/18 Entered 05/04/18 15:33:33 Exhibit
Exhibit 5 - FCA Answer to Complaint Pg 8 of 30
Case 2:17-cv-05383-JHE Document 9 Filed 12/04/17 Page 8 of 30

FCA US. The remaining allegations of this Paragraph are directed at parties other than FCA US and therefore require no response. To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

<u>COUNT ONE</u>

29. FCA US adopts and incorporates its response to the preceding Paragraphs (1-28) as if fully set forth herein.

30. The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph. To the extent a response is necessary, FCA US denies that its conduct was negligent in any regard. Further, FCA US lacks information sufficient to admit or deny the allegations in this Paragraph concerning the use of the 2002 Jeep Liberty and therefore denies them. The remaining allegations of this Paragraph are directed at parties other than FCA US and therefore require no response. To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore

09-50002-smg   Doc 8523-6   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 2:17-cv-05333-JHE   Document 9   Filed 12/04/17   Page 9 of 30
Exhibit 5 - FCA Answer to Complaint    Pg 9 of 30

denies them.

31.     The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph.  To the extent a response is necessary, denied.

32.     Denied.

33.     The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph.  To the extent a response is necessary, FCA US denies the allegation as worded.  Moreover, FCA US did not manufacture the 2002 Jeep Liberty at issue in the Complaint or any of its

09-50002-mg   Doc 8523-6   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Exhibit 5 - FCA Answer to Complaint   Pg 10 of 30
Case 2:17-cv-01983-JHE   Document 9   Filed 12/04/17   Page 10 of 30

component parts. As such, FCA US specifically denies that it was under any duty with respect to that vehicle. The remaining allegations of this Paragraph are directed at parties other than FCA US and therefore require no response. To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

34.     The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph. To the extent a response is necessary, denied.

FCA US denies that Plaintiffs are entitled to any of the relief sought in the WHEREFORE clause following Paragraph 34 or to any other relief against it. All factual averments in the WHEREFORE clause following Paragraph 34 are hereby denied.

## COUNT TWO

35.     FCA US adopts and incorporates its response to the preceding Paragraphs (1-34) as if fully set forth herein.

10

09-50002-mg Doc 8523-6 Filed 05/04/18 Entered 05/04/18 15:33:33 Exhibit
Case 2:17-cv-01983-SHE Document 9 Filed 12/04/17 Page 11 of 36
Exhibit 5 - FCA Answer to Complaint    Pg 11 of 30

36.-40.    The allegations of these Paragraphs are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, FCA US lacks information sufficient to admit or deny Plaintiffs' allegations concerning Defendant Rodericus Obyran Carrington or the accident at issue in the Complaint and therefore denies them.

<u>COUNT THREE</u>

41.    FCA US adopts and incorporates its response to the preceding Paragraphs (1-40) as if fully set forth herein.

42.    The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph.  To the extent a response is necessary, FCA US denies that its conduct was negligent in any regard.  Further, FCA US lacks information sufficient to admit or deny the allegations in this Paragraph concerning the use of the 2002 Jeep Liberty and therefore denies them. The remaining allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, FCA

09-50002-mg   Doc 8523-6   Filed 05/04/18   Entered 05/04/18 15:38:33   Exhibit
Exhibit 5 - FCA Answer to Complaint   Pg 12 of 30
Case 2:17-cv-01983-JHE   Document 9   Filed 12/04/17   Page 12 of 30

US lacks information sufficient to admit or deny those allegations and therefore denies them.

43.   The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph.  To the extent a response is necessary, FCA US denies the allegations of this Paragraph as to it as presently worded.  The remaining allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

44.   The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct

Case 2:17-cv-01983-JHE   Document 9   Filed 12/04/17   Page 33 of 36

defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph. To the extent a response is necessary, FCA US denies the allegations of this Paragraph as to it as presently worded. The remaining allegations of this Paragraph are directed at parties other than FCA US and therefore require no response. To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

45. Denied.

46. The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph. To the extent a response is necessary, FCA US denies that its conduct was negligent in any regard. The remaining allegations of this Paragraph are directed at parties other than FCA US and therefore require no response. To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

13

09-50002-mg    Doc 8523-6    Filed 05/04/18    Entered 05/04/18 15:33:33    Exhibit
Exhibit 5 - FCA Answer to Complaint    Pg 14 of 30
Case 1:17-cv-01583-DHE    Document 9    Filed 11/04/17    Page 14 of 30

47.    The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph. To the extent a response is necessary, denied.

48.    The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph. To the extent a response is necessary, denied.

FCA US denies that Plaintiffs are entitled to any of the relief sought in the WHEREFORE clause following Paragraph 48 or to any other relief against it. All factual averments in the WHEREFORE clause following Paragraph 48 are hereby

09-50002-mg  17-Doc 8523-6  Filed 05/04/18  Entered 05/04/18 15:33:33  Exhibit
Case 9:17-cv-01983-DHE  Document 9  Filed 12/04/17  Page 15 of 36  Exhibit
Exhibit 5 - FCA Answer to Complaint    Pg 15 of 30

denied.

## COUNT FOUR

49.    FCA US adopts and incorporates its response to the preceding Paragraphs (1-48) as if fully set forth herein.

50.    The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph.  To the extent a response is necessary, FCA US denies that its conduct was negligent in any regard.  Further, FCA US lacks information sufficient to admit or deny the allegations in this Paragraph concerning the use of the 2002 Jeep Liberty and therefore denies them. The remaining allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations  and therefore denies them.

51.    The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is

09-50002-smg17-Doc-8523-6 Filed 05/04/18 Entered 05/04/18 15:33:33 Exhibit
Case 1:17-cv-01583-GHE Document 5 Filed 12/04/17 Page 16 of 30
Exhibit 5 - FCA Answer to Complaint    Pg 16 of 30

required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph. To the extent a response is necessary, denied.

52.    The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph. To the extent a response is necessary, denied.

53.    The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants,

09-50002-mg   Doc 9523-6   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 1:17-cv-01983-JHE   Document 9   Filed 12/04/17   Page 17 of 30
Exhibit 5 - FCA Answer to Complaint   Pg 17 of 30

and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph.  To the extent a response is necessary, FCA US denies the allegations of this Paragraph as to it as presently worded.  The remaining allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

54.    The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph.  To the extent a response is necessary, FCA US denies the allegations of this Paragraph as to it as presently worded.  The remaining allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

09-50002-mg   Doc 9523-6   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 1:17-cv-01983-JHE   Document 5   Filed 12/04/17   Page 18 of 30
Exhibit 5 - FCA Answer to Complaint   Pg 18 of 30

55.     The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph.  To the extent a response is necessary, denied.

56.     The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single, ominous label ("Products Liability Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages. Accordingly, no response is required to this Paragraph.  To the extent a response is necessary, denied.

57.     The allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and

09-50002-mg   Doc 8523-6   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Exhibit 5 - FCA Answer to Complaint   Pg 19 of 30
Case 2:17-cv-01983-JHE   Document 9   Filed 12/04/17   Page 19 of 30

therefore denies them.

58.     The allegations of this Paragraph are directed at parties other than FCA US and therefore require no response.  To the extent a response is necessary, FCA US lacks information sufficient to admit or deny those allegations and therefore denies them.

59.     The allegations of this Paragraph are improper under Federal Rule of Civil Procedure 8 insofar as they involve legal conclusions to which no response is required and/or violate Federal Rule of Civil Procedure 10(b) insofar as they collectively refer to separate entities by a single label ("Defendants"), commingle allegations against various separate defendants, and fail to differentiate the purported wrongdoing being alleged as to each distinct defendant and the associated proximate cause for the alleged damages.  Accordingly, no response is required to this Paragraph.  To the extent a response is necessary, denied.

FCA US denies that Plaintiffs are entitled to any of the relief sought in the WHEREFORE clause following Paragraph 59 or to any other relief against it.  All factual averments in the WHEREFORE clause following Paragraph 59 are hereby denied.

*     *     *

FCA US denies all allegations of the Complaint not specifically admitted herein, including the allegations of any unnumbered paragraphs.  FCA US reserves the right to amend or supplement its Answer as discovery in this case progresses.

09-50002-mg    Doc 8523-6    Filed 05/04/18    Entered 05/04/18 15:33:33    Exhibit
Case 2:17-cv-01588-JHE    Document 9    Filed 12/04/17    Page 20 of 30
Exhibit 5 - FCA Answer to Complaint    Pg 20 of 30

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming any burden of proof it would not otherwise bear, FCA US avers the following affirmative defenses:

1.      FCA US denies the material allegations of the Complaint, both separately and severally, and demands strict proof thereof.

2.      FCA US is not guilty.

3.      Plaintiffs' Complaint violates Federal Rules of Civil Procedure 8 and 10(b) insofar as it does not contain a short and plain statement of Plaintiffs' claims against FCA US but improperly groups together claims against all or virtually all of the defendants without articulating the factual basis for each defendant's alleged liability.

4.      Plaintiffs' Complaint fails to state a claim against FCA US upon which relief can be granted.

5.      Venue of this action is improper for the reasons stated in FCA US's Motion to Transfer Venue Or, Alternatively, to Sever and Transfer Venue, or, alternatively, is more convenient in another forum.

6.      On April 30, 2009, Chrysler LLC, subsequently known as Old Carco Liquidation Trust, and certain domestic direct and indirect subsidiaries (the "Debtors"), filed voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of New York under chapter 11 of title 11 of the United States Code, Case No. 09-50002.  By Order dated June 1, 2009, the

09-50002-mg17Doc-8523-6HEFiled 05/04/18 Entered 05/04/18 15:33:33 Exhibit
Case 1:17-cv-01983-JHE Document 9 Filed 12/04/17 Page 21 of 30
Exhibit 5 - FCA Answer to Complaint    Pg 21 of 30

Bankruptcy Court issued an Order (I) Authorizing the sale to an entity now known as FCA US of substantially all of the Debtors' assets free and clear of all liens, claims, interests and encumbrances, (II) Authorizing the assumption and assignment of certain executory contracts and unexpired leases in connection therewith and related procedures, and (III) Granting related relief. The sale closed on June 10, 2009. The liability of FCA US, if any, with respect to the claims asserted in the instant action are limited to those liabilities assumed by it as set forth in the Stipulation and Agreed Upon Order Approving Amendment No. 4 to Master Transaction Agreement, dated November 19, 2009.

7.    FCA US denies that it breached any duty owed to Plaintiffs.

8.    FCA US denies that any conduct on its part was the proximate cause of the claimed injuries and damages.

9.    FCA US denies that its conduct was in any manner negligent, wanton, reckless, intentional, malicious, or egregious.

10.    FCA US denies that any act or omission by FCA US or any of its employees or agents caused the claimed injuries and damages.

11.    FCA US avers the claimed injuries and damages were caused by the acts or omissions of others for whom FCA US owes no legal responsibility.

12.    FCA US avers that the claimed injuries and damages were the result of superseding or intervening causes, for which FCA US is not legally responsible.

09-50002-mg   Doc 9523-6   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Exhibit 5 - FCA Answer to Complaint   Pg 22 of 30
Case 2:17-cv-01983-JHE   Document 9   Filed 12/04/17   Page 22 of 30

13.     Plaintiffs' claims fail as a matter of law because Alabama does not recognize a post-sale duty to recall, retrofit, or warn.  As such, there is no cause of action premised upon a manufacturer's failure to recall or retrofit its products or provide further or additional warnings concerning those products.

14.     Plaintiffs' claims may be barred, in whole or in part, under the doctrine of contributory and/or comparative negligence, as said contributory and/or comparative negligence was the proximate cause of the claimed injuries and damages.

15.     Plaintiffs' claims may be barred, in whole or in part, under the doctrine of assumption of risk, as said assumption of the risk was the proximate cause of the claimed injuries and damages.

16.     Plaintiffs' claims may be barred, in whole or in part, because of the misuse of the 2002 Jeep Liberty at issue in the Complaint or its component parts and because said misuse was the proximate cause of the claimed injuries and damages.

17.     Plaintiffs' claims may be barred, in whole or in part, because the 2002 Jeep Liberty at issue in the Complaint was substantially modified or altered after it left the manufacturer's possession and control and because said modification(s) or alteration(s) were the proximate cause of the claimed injuries and damages.

09-50002-mg   Doc 8523-6   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 2:17-cv-01983-JHE   Document 5   Filed 12/04/17   Page 23 of 30
Exhibit 5 - FCA Answer to Complaint   Pg 23 of 30

18.    Any alleged non-conforming or defective condition of the 2002 Jeep Liberty at issue in the Complaint was the result of abuse, neglect, modification or alteration of the vehicle that was not authorized by FCA US.

19.    FCA US avers that any obligations it owed to Plaintiffs are controlled and limited by a standard written limited warranty, including all limitations and exclusions thereof.

20.    Plaintiffs' claims are barred, in whole or in part, due to lack of privity.

21.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, release, res judicata, lack of standing, accord and satisfaction, unclean hands and/or statute of limitations.

22.    Plaintiffs' claims are barred, in whole or in part, the doctrine of last clear chance.

23.    FCA US avers that any dangers associated with the use of the 2002 Jeep Liberty were open and obvious.

24.    Plaintiffs have failed to join necessary or indispensable parties.

25.    FCA US denies that it failed to warn Plaintiffs.

26.    FCA US denies that it had knowledge yet failed to warn of any danger from the use of any product.

27.    FCA US denies that the 2002 Jeep Liberty at issue in the Complaint was defective when the vehicle left the possession of the manufacturer.

09-50002-mg  Doc 8523-6  Filed 05/04/18  Entered 05/04/18 15:33:33  Exhibit
Case 2:17-cv-01983-JHE  Document 9  Filed 12/04/17  Page 24 of 30
Exhibit 5 - FCA Answer to Complaint  Pg 24 of 30

28.     Plaintiffs' claims may be barred, in whole or in part, due to the doctrine of spoliation and Plaintiffs' failure to preserve crucial evidence.

29.     FCA US avers that the invitation for a court or jury to impose liability on FCA US for a vehicle designed in conformance with the standards set by the United States government would deny FCA US due process of law in violation of the Fourteenth Amendment to the United States Constitution and would be contrary to the public policy of Alabama and the United States.

30.     Some or all of Plaintiffs' claims are preempted by federal law.

31.     If it is established that FCA US is in any manner legally responsible for any of the damages claimed, such damages were proximately contributed to and caused by other defendants, or persons or entities not yet parties to this action, and, hence, FCA US is entitled to equitable and applied indemnity/contribution from each of said other defendants, persons and entities in an amount in direct proportion to the culpable conduct of said other defendants, persons or entities.

32.     FCA US avers that it is entitled to credit or set-off, against the damages claimed, the settlement (and any monies paid pursuant thereto) between Plaintiffs and any other person or entity, whether pursuant to pro tanto settlements or otherwise.

33.     To the extent any of the claimed damages have been or will be indemnified in whole or in part from any collateral source, any verdict of judgment against FCA US must be reduced by those amounts.

09-50002-mg   Doc 8523-6   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Exhibit 5 - FCA Answer to Complaint   Pg 25 of 30
Case 2:17-cv-01983-JHE   Document 9   Filed 12/04/17   Page 25 of 30

34.    FCA US avers that the vehicle at issue was not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine because of each of the following:

(a)    It had been altered or modified prior to the accident and was not in substantially the same condition at that time as when it left the manufacturer's possession and control.

(b)    The vehicle was neither defective nor unreasonably dangerous.

(c)    The vehicle was not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated.

(d)    The manufacture and design of the motor vehicle was well in keeping with the state of the art at the time of the manufacture of the vehicle.

35.    The Alabama Extended Manufacturer's Liability Doctrine, which in effect is the doctrine of strict liability, which plaintiff contends is applicable in this case, is constitutionally void in that:

(a)    It operates to create a conclusive presumption that is arbitrary and operates to deny a fair opportunity on the part of the manufacturer or seller to rebut such conclusive presumption and acts to substitute judicial fiat in place of fact in judicial determination of an issue involving property of this defendant with the result that:

(i)    It deprives the manufacturer or seller, separately and severally, of property without due process of law contrary to the Fifth and

25

09-50002-mg   Doc 9523-6   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 2:17-cv-01983-JHE   Document 9   Filed 12/04/17   Page 26 of 30
Exhibit 5 - FCA Answer to Complaint    Pg 26 of 30

Fourteenth Amendments to the Constitution of the United States and specifically to those portions of the Constitution proscribing any state from depriving a person of property without due process of law; and

(ii)     It deprives the manufacturer or seller, separately and severally, of property without due process of law contrary to Article I, Section 6, of the State of Alabama Constitution and specifically contrary to said provision of the Constitution of the State of Alabama providing that no person shall be deprived of property except by due process of law, with the result that plaintiff is not entitled to recover in this cause against the manufacturer or seller.

(b)     It denies the manufacturer or seller, separately and severally, the equal protection of the laws contrary to the Fourteenth Amendment of the Constitution of the United States and specifically contrary to that portion of the Fourteenth Amendment proscribing any state from denying "to any person within its jurisdiction equal protection of the laws" in that it discriminates against the manufacturer and seller in favor of other defendants in litigation for the reason that it imposes a higher duty upon the manufacturer and seller than was or is imposed upon other persons who are defendants under circumstances where the imposition of a higher duty upon the manufacturer and/or seller would amount to an unreasonable classification, and hence plaintiff is not entitled to recover against the manufacturer or seller.

09-50002-mg   Doc 8523-6   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 2:17-cv-01983-JHE   Document 9   Filed 12/04/17   Page 27 of 36
Exhibit 5 - FCA Answer to Complaint   Pg 27 of 30

(c)     The attempted imposition of strict liability in this case against the manufacturer or seller operates to deny this defendant equal protection of law contrary to the provisions of the Constitution of the State of Alabama which require the state to afford all persons equal protection of law with the result that plaintiff is not entitled to recover against the manufacturer or seller, separately or severally, in this case.

36.     An award of punitive damages against FCA US in this action would violate FCA US's rights under the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

37.     An award of punitive damages against FCA US in this case would violate the due process clause of the Fifth Amendment and/or equal protection clause of the Fourteenth Amendment to the United States Constitution, as well as the Alabama Constitution, to the extent, inter alia, that such damages: (1) are not required to be established by clear and convincing evidence; (2) are determined without bifurcation of trial; (3) are subject to no predetermined limit; (4) are awarded by a jury which is not provided with adequate standards or instructions for their determination; (5) are awarded by a jury that is not prohibited from determining such damages, in whole or in part, on the basis of discriminatory characteristics, including FCA US's residence, perceived wealth, and corporate status; and (6) are not subject to judicial review on the basis of appropriate, objective standards.

09-50002-mg   Doc 8523-6   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 2:17-cv-01983-JHE   Document 9   Filed 12/04/17   Page 28 of 30
Exhibit 5 - FCA Answer to Complaint   Pg 28 of 30

38.     An award of punitive damages against FCA US in this case would violate the double jeopardy clause of the Fifth Amendment to the United States Constitution, as well as the Alabama Constitution.

39.     An award of punitive damages against FCA US in this case would violate the excessive fines clause of the Eighth Amendment to the United States Constitution, as well as the Alabama Constitution.

40.     Any award of punitive damages in this case is subject to the limitations set forth in Ala. Code § 6-11-21.

41.     Alabama's law of joint and several liability is unconstitutional both on its face and as applied to FCA US in this case.

42.     Plaintiffs are not entitled to prejudgment interest.

43.     The Complaint is vague and conclusory in nature.  As such, it does not contain essential detailed factual allegations.  When the material facts are determined through the discovery process, Plaintiffs' claims may be barred by defenses that FCA US cannot anticipate at this stage of the proceedings. Furthermore, FCA US recognizes the possibility that discovery may reveal that some of the defenses asserted herein may not apply.  Therefore, FCA US reserves the right to assert any additional affirmative or defenses that it may subsequently discover or to withdraw any of its defenses as may be appropriate.

## **JURY DEMAND**

FCA US hereby demands a trial by stuck jury on all issues so triable.

09-50002-mg   Doc 8523-6   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 2:17-cv-01983-JHE   Document 9   Filed 12/04/17   Page 29 of 36
Exhibit 5 - FCA Answer to Complaint    Pg 29 of 30

Dated this 4th day of December, 2017.


Respectfully submitted,


_s/ Brian P. Kappel_

One of the Attorneys for
Defendant FCA US LLC


**OF COUNSEL:**

Michael L. Bell  mbell@lightfootlaw.com
Rachel M. Lary  rlary@lightfootlaw.com
Brian P. Kappel  bkappel@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
Telephone: (205) 581-0700
Facsimile: (205) 581-0799

09-50002-mg   Doc 9523-6   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 2:17-cv-01983-JHE   Document 9   Filed 12/04/17   Page 30 of 30
Exhibit 5 - FCA Answer to Complaint    Pg 30 of 30

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Parker Miller
J. Cole Portis
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 362013-4160

*Attorneys for Plaintiffs*

Julie Davis Pierce
GAINES GAULT HENDRIX, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, AL 35243

*Attorney for Defendant TRW Vehicle Safety Systems Inc.*

Respectfully submitted,

_____
*s/ Brian P. Kappel*
Of Counsel