AlaFile E-Notice

01-CV-2017-904376.00

Judge: ELISABETH A FRENCH

To:  BRIAN PATRICK KAPPEL
     bkappel@lightfootlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

FRANKIE OVERTON ADMIN OF THE EST OF SUE ANN GRAHAM, DEC. ET AL V. CHRY
01-CV-2017-904376.00

The following matter was FILED on 3/22/2018 2:38:44 PM

**D001 CHRYSLER GROUP LLC**

**D002 FCA US, LLC**

NOTICE OF FILING

[Filer: KAPPEL BRIAN PATRICK]


Notice Date:     3/22/2018 2:38:44 PM


ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

DOCUMENT 43

09-50002-mg    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 16:33:53    Exhibit
Exhibit 6 - FCA's Notice of Filing after Remand    Pg 2 of 78

ELECTRONICALLY FILED
3/22/2018 2:38 PM
01-CV-2017-904376.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**STATE OF ALABAMA**

Unified Judicial System

01-JEFFERSON          ☐ District Court    ☑ Circuit Court    CV2

| | |
|---|---|
| FRANKIE OVERTON ADMIN OF THE EST OF SUE ANN GRAHAM, DEC. ET AL V. CHRY | **CIVIL MOTION COVER SHEET** |

*Name of Filing Party:* D001 - CHRYSLER GROUP LLC
D002 - FCA US, LLC

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

BRIAN PATRICK KAPPEL

400 20TH ST. N.

BIRMINGHAM, AL 35203

*Attorney Bar No.:* KAP006

☐ Oral Arguments Requested

**TYPE OF MOTION**

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56 ($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $ 0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other    Notice of Filing |
| | pursuant to Rule  N/A    (Subject to Filing Fee) |

| | | |
|---|---|---|
| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)  ☐ | Date:<br><br>3/22/2018 2:36:51 PM | Signature of Attorney or Party<br>/s/ BRIAN PATRICK KAPPEL |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
3/22/2018 2:38 PM
01-CV-2017-904376.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT FOR JEFFERSON COUNTY

FRANKIE OVERTON, Administrator of the ) <br>
Estate of SUE ANN GRAHAM, Deceased; and ) <br>
SCOTT GRAHAM, as legal guardian of J.G., a ) <br>
minor child, )

                )

      Plaintiffs, )

                )

v. )

                )

CHRYSLER GROUP, LLC.; FIAT ) <br>
CHRYSLER AUTOMOBILES US, LLC (FCA ) <br>
US LLC); RODERICUS OBYRAN ) <br>
CARRINGTON; TRW AUTOMOTIVE ) <br>
HOLDINGS CORP., f/k/a TRW, INC.; TRW ) <br>
AUTOMOTIVE, INC.; TRW AUTOMOTIVE ) <br>
U.S. LLC; TRW VEHICLE SAFETY ) <br>
SYSTEMS, INC.; ZF FRIEDRICHSHAFEN ) <br>
AG; ZF TRW AUTOMOTIVE HOLDINGS ) <br>
CORP.; et al. )

                )

      Defendants. )

CASE NO. CV-2017-904376.00

## NOTICE OF FILING

Defendant FCA US LLC f/k/a Chrysler Group LLC, improperly identified in the caption as Fiat Chrysler Automobiles US, LLC (FCA US LLC) and also by its former name Chrysler Group, LLC ("FCA US"), is hereby providing notice to the Court that it has filed certain pleadings in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 09-50002 (SMB), requesting that the Bankruptcy Court determine whether its Sale Order, which arose out of the bankruptcy proceedings of Old Carco, LLC ("Old Chrysler"), and authorized the transfer of assets free and clear from Old Chrysler to FCA US, prohibits Plaintiffs from asserting punitive damages against FCA US with respect pre-bankruptcy vehicles manufactured by Old Chrysler, such as the subject vehicle at issue in this action. Specifically, FCA US provides notice of filing the following attached motions: (1) Motion of FCA US LLC, Pursuant to Section 350 of the Bankruptcy Code, Bankruptcy Rule 5010 and Local Bankruptcy Rule 5010-1, to Reopen the Chapter 11 Case of Old Carco LLC For

DOCUMENT 44

09-50002-mg    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 15:33:33    Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 4 of 78

the Limited Purposes of (I) Considering FCA US LLC's Motion to enforce the Sale Order and (II) Adjudicating the Transferred Litigation (attached hereto as **Exhibit A**); and (2) FCA US LLC's Motion to Enforce the Court's Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures and (III) Granting Related Relief (attached hereto as **Exhibit B**).[1]  FCA US further states as follows:

1.       As this Court may be aware from FCA US's Notice of Filing Notice of Removal[2] [Doc. 35], several causes of action pled by Plaintiffs Frankie Overton and Scott Graham (collectively, "Plaintiffs") directly implicate the Bankruptcy Court's injunctive bar, embodied in that court's Sale Order, which prohibits plaintiffs from asserting Product Liability Claims against FCA US that seek punitive damages with respect pre-bankruptcy vehicles manufactured by Old Carco, such as the subject vehicle at issue here.  [Doc. 35 at Notice of Removal, pp. 2-3.]

2.       In broad terms, as multiple courts have explained, the Sale Order enjoins any plaintiff from seeking exemplary or punitive damages from FCA US with respect to any Product Liability Claim that involves a vehicle manufactured and sold by Old Chrysler prior to FCA US's purchase of assets out of Old Chrysler's bankruptcy estate.  [*Id.* at pp. 7-10.]  The Sale Order anticipated that the Bankruptcy Court would serve as the primary gatekeeper for any claims brought against FCA US that potentially violated these terms; accordingly, the Bankruptcy Court expressly retained jurisdiction in the Sale Order to resolve all matters relating

---

[1] FCA US also filed the Declaration of Brian D. Glueckstein in Support of FCA US LLC's Motion to Enforce the Sale Order, which attaches the Sale Order, Purchase Agreement, and Agreed Order.  Those documents are referenced in and attached as exhibits to FCA US's Notice of Removal, which is incorporated into its Notice of Filing Notice of Removal [Doc. 35].

[2] Unless otherwise stated, capitalized terms in this Notice of Filing have the same meaning as those terms defined in FCA US's Notice of Removal.

DOCUMENT 44

09-50002-mg    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 15:33:33    Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 5 of 78

to the implementation, enforcement, and interpretation of the Sale Order and the Purchase Agreement by which FCA US acquired Old Chrysler's assets. [*Id.* at p. 10.]

3.      Plaintiffs' claims in this case fall squarely within the definition of a Product Liability Claim and therefore are subject to the Sale Order's injunction and Bankruptcy Court's jurisdiction to oversee its orders.

4.      In light of the bankruptcy issues clearly at play, FCA US removed this action to the United States District Court for the Northern District of Alabama (the "District Court"). [*See generally* Doc. 35 at Notice of Removal.]  At the same time, FCA US asked the District Court to transfer this action – or the relevant portions of this action – to the Bankruptcy Court for a decision regarding the application its Sale Order to Plaintiffs' punitive damages claims.  *See* Motion to Transfer Venue or, Alternatively, to Sever Claims and Transfer Venue (attached hereto as **Exhibit C**).

5.      The District Court agreed that it had jurisdiction over this action under 28 U.S.C. § 1452 because any decision involving Plaintiffs' wrongful death claims would "require the deciding court to interpret and potentially implement the Bankruptcy Court's Order." Memorandum Order at 8 (attached hereto as **Exhibit D**).  In fact, the District Court went one step further and held that Plaintiffs' claims "***directly implicate and challenge the terms of the [Bankruptcy Court's] November 19, 2009 Order***." *Id.* at 9 (emphasis added).

6.      Despite agreeing with FCA US that jurisdiction was proper and acknowledging that application of the Bankruptcy Court's Sale Order was a central, threshold question in this case, the District Court nonetheless remanded this case to this Court on the theory[3] that retaining

---

[3] The District Court apparently operated under the assumption that any claims transferred to the Bankruptcy Court would remain there for ultimate decision, stating that, were it to sever all of the Plaintiffs' claims against FCA US, "Plaintiff Scott Graham would also be forced to litigate his Alabama state law claims (that do not fall within the scope of the Bankruptcy Court's Orders) in the Southern District of New York." **Exhibit D** at 15.  Although FCA US understands the District Court's concern, the Bankruptcy Court's consistent practice has not been

DOCUMENT 44

09-50002-mg   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand   Pg 6 of 78

jurisdiction and granting FCA US's transfer motion would force Plaintiff Scott Graham to litigate his claims in the Bankruptcy Court. *Id.* at 15. The District Court therefore invoked its authority under the removal statutes to abstain and equitably remand this action to this honorable Court. *Id.*

7.     In its decision, the District Court recognized and acknowledged that FCA US would always retain its right to petition the Bankruptcy Court directly for a decision regarding the injunctive bar found in that court's Sale Order. *Id.* at 12-13.

8.     Consistent with the District Court's acknowledgement that FCA US retains its right to directly petition the Bankruptcy Court, and because the Bankruptcy Court has recently heard similar issues concerning the application of the Sale Order to other plaintiffs' punitive damages claims (and it is expected will soon be hearing more of these same issues), FCA US has moved the Bankruptcy Court to reopen its case to decide the issues raised in this action and enforce the Sale Order against Plaintiffs. *See generally* **Exhibit A** and **Exhibit B**. FCA US's motions will serve the Court's interest in efficiency by permitting the Bankruptcy Court to consider threshold issues before resources are expended in this Court on claims that FCA US asserts are barred and also by avoiding the potential for inconsistent decisions given other cases being considered by the Bankruptcy Court.

9.     If the Bankruptcy Court grants FCA US's motion to reopen its case, FCA US anticipates that it will be filing a motion to stay these proceedings pending resolution of FCA US's motion to enforce the Sale Order. Once the Bankruptcy Court decides whether Plaintiffs

---

to exercise jurisdiction beyond what is necessary to decide those issues that implicate its orders; after it satisfies its gatekeeper function, the Bankruptcy Court has traditionally transferred any remaining claims back to the trial court with jurisdiction over them for further proceedings on the merits. FCA US is unaware at this time of any reason why the Bankruptcy Court would depart from its usual practice in this case.

09-50002-mg    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 15:33:33    Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 7 of 78

DOCUMENT 44

have violated the injunction that bars their claims, FCA US will move to reopen this case so that

all parties' claims may proceed on the same schedule.


Respectfully submitted,


_s/ Brian P. Kappel_

One of the Attorneys for
Defendant FCA US LLC


**OF COUNSEL:**

Michael L. Bell  mbell@lightfootlaw.com
Rachel M. Lary  rlary@lightfootlaw.com
Brian P. Kappel  bkappel@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
Telephone: (205) 581-0700
Facsimile: (205) 581-0799

DOCUMENT 44

09-50002-mg    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 15:33:33    Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 8 of 78

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of March, 2018, I filed a true and correct copy with

the Clerk of Court using the Alafile system, which will send electronic notice of such filing to

the following counsel of record:

J. Parker Miller
J. Cole Portis
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 362013-4160

*Attorneys for Plaintiffs*

Julie D. Pearce
GAINES GAULT HENDRIX PC
3500 Blue Lake Drive
Suite 425
Birmingham, AL 35242

*Attorney for Defendant TRW Vehicle Safety Systems, Inc.*

Respectfully submitted,

*s/ Brian P. Kappel*
Of Counsel

DOCUMENT 45

09-50002-mg    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 16:33:53    Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 9 of 78

ELECTRONICALLY FILED
3/22/2018 2:38 PM
01-CV-2017-904376.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# EXHIBIT A

DOCUMENT 45

09-50002-smb    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 15:33:03    Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 10 of 78

Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588

*Counsel for FCA US LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Old Carco LLC<br>(f/k/a Chrysler LLC), *et al.*, | Case No. 09-50002 (SMB) |
| Debtors. | (Jointly Administered) |

**MOTION OF FCA US LLC, PURSUANT TO SECTION 350 OF THE BANKRUPTCY
CODE, BANKRUPTCY RULE 5010 AND LOCAL BANKRUPTCY RULE 5010-1, TO
REOPEN THE CHAPTER 11 CASE OF OLD CARCO LLC FOR THE LIMITED
PURPOSES OF (I) CONSIDERING FCA US LLC'S MOTION TO ENFORCE THE
<u>SALE ORDER AND (II) ADJUDICATING THE TRANSFERRED LITIGATION</u>**

DOCUMENT 45
09-50002-smb mg Doc 8523-7 Filed 05/04/18 Entered 05/04/18 15:33:03 Exhibit
Exhibit 6 - FCA Notice of Filing after Remand Pg 11 of 78

## TABLE OF CONTENTS

BACKGROUND ...................................................................................................1

FACTS RELEVANT TO THE RELIEF REQUESTED .............................................4

    A.    The Overton Litigation .............................................................4

    B.    The Alabama District Court's Remand Decision and FCA US's Motion to Enforce the Sale Order.................................................4

    C.    The Bennett Litigation .............................................................5

    D.    The Bennett Transfer Opinion and Docketing With This Court.............................6

JURISDICTION ...................................................................................................7

RELIEF REQUESTED............................................................................................7

BASIS FOR RELIEF..............................................................................................7

I.    THERE IS CAUSE TO REOPEN TO CONSIDER FCA US'S MOTION TO ENFORCE THE SALE ORDER...................................................9

II.    THERE IS CAUSE TO REOPEN TO ADJUDICATE THE TRANSFERRED LITIGATION................................................................10

NOTICE...............................................................................................................12

SC1:4600572.3

DOCUMENT 45

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:03   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand   Pg 12 of 78

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*In re Arana*,
   456 B.R. 161 (Bankr. E.D.N.Y. 2011) ..................................................................8

*Batstone* v. *Emmerling (In re Emmerling)*,
   223 B.R. 860 (B.A.P. 2d Cir. 1997) .....................................................................8

*In re Easley-Brooks*,
   487 B.R. 400 (Bankr. S.D.N.Y. 2013) .................................................................8

*Katz* v. *I.A. Alliance Corp. (In re I. Appel Corp.)*,
   104 F. App'x 199 (2d Cir. 2004) .........................................................................8

*In re Old Carco LLC*,
   538 B.R. 674 (Bankr. S.D.N.Y. 2015) ..............................................................9-10

*Travelers Indemnity Co.* v. *Bailey*,
   557 U.S. 137 (2009) .........................................................................................9, 11

*Zinchiak* v. *CIT Small Bus. Lending Corp.*,
   406 F.3d 214 (3d Cir. 2005) .................................................................................8

### Statutes and Rules

11 U.S.C. § 350 .................................................................................................. *passim*

28 U.S.C. § 157 ............................................................................................................7

28 U.S.C. § 1332 ..........................................................................................................5

28 U.S.C. § 1334 .......................................................................................................4, 7

Fed. R. Bankr. P. 5010 ..............................................................................................3, 7

S.D.N.Y. Local Bankr. R. 5010-1 ..............................................................................3, 7

SC1:4600572.3

DOCUMENT 45

09-50002-smh    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 15:33:03    Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 13 of 78

FCA US LLC (f/k/a Chrysler Group LLC) ("FCA US") hereby submits this

motion (the "Motion") for the entry of an order in the form attached hereto as Exhibit A (the

"Proposed Order") reopening the chapter 11 case of Old Carco LLC ("Old Carco"), one of the

debtors in the above-captioned chapter 11 cases (collectively, "Old Chrysler"), pursuant to

section 350(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 5010 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 5010-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), for the

limited purposes of (A) considering *FCA US LLC's Motion to Enforce the Court's Order*

*(I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens,*

*Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain*

*Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures*

*and (III) Granting Related Relief*, filed contemporaneously herewith (the "Motion to Enforce"),

and (B) adjudicating *Bennett* v. *FCA US LLC*, Adv. Pro. No. 18-01035 (SMB) (the "Transferred

Litigation").  In support of the Motion, FCA US respectfully states as follows:

## BACKGROUND

1.      On April 30, 2009, Old Carco and certain of its affiliated debtors and

debtors in possession (collectively, the "Debtors") commenced bankruptcy cases by filing

voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.      On April 23, 2010, the Court entered the Order Confirming the Second

Amended Joint Plan of Liquidation of Debtors and Debtors in Possession, as Modified [Docket

No. 6875][1] (the "Confirmation Order") in the Debtors' chapter 11 cases.  By the Confirmation

---

[1]     Unless otherwise specified, "Docket No." refers to the docket for Case Number 09-50002 (SMB) in the United
        States Bankruptcy Court for the Southern District of New York.

Order, the Court confirmed the Second Amended Joint Plan of Liquidation of Debtors and

Debtors in Possession, as Modified, attached to the Confirmation Order as Annex I (without

exhibits thereto), and as further modified by the Order of the Court, dated April 28, 2010

[Docket No. 6923] (collectively, and including all exhibits thereto, the "Plan").

       3.     At the outset of their chapter 11 cases, the Debtors focused on an

expedited process for the sale of certain assets to FCA US (then known as New CarCo

Acquisition LLC). On April 30, 2009, FCA US entered into a Master Transaction Agreement (as

amended and including all ancillary documents thereto, the "Master Transaction Agreement" or

the "Agreement") by and among FCA US, Fiat S.p.A., Old Carco, and certain other sellers

identified therein. The Master Transaction Agreement was initially submitted as Exhibit A to the

motion requesting the Court's authorization to execute the sale (the "Sale Motion"), filed May 3,

2009 [Docket No. 190],[2] and provided, among other things, for FCA US's purchase of the assets

"free and clear of all Liens other than those created by Purchaser and free and clear of any other

interest in the Purchased Assets to the extent provided in the Sale Order."  (Agreement § 2.06.)

       4.     On May 27, 2009, FCA US was the successful bidder in the Debtors' asset

sale. On June 1, 2009, following a multi-day trial, the Bankruptcy Court granted the Sale Motion

and approved the transaction set forth in the Master Transaction Agreement in its *Order*

*(I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens,*

*Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain*

*Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures*

*and (III) Granting Related Relief* [Docket No. 3232] (the "Sale Order").

---

[2]    The final copy of the Master Transaction Agreement was attached as Exhibit A to Old Carco Liquidation
Trust's Omnibus Reply to Objections to the Assumption and Assignment of Supplemental Executive
Retirement Plan, filed Jan. 31, 2013 [Docket No. 8139], and does not differ from the initial copy of the
Agreement attached to the Sale Motion in any relevant respect.

SC1:4600572.3

5.      The sale, on the terms set forth in the Master Transaction Agreement,

closed on June 10, 2009.  The Sale Order authorized the transfer of the purchased assets "free

and clear of all Claims except for Assumed Liabilities" (as defined in the Agreement).  (Sale

Order ¶ 9; *see also id*. ¶ 39 (ordering that FCA US "shall have no successor or vicarious

liabilities" for "liabilities . . . in any way relating to the operation of the Purchased Assets prior

to" the closing of the sale).)  The Sale Order further contains an injunction directing that "all

persons and entities . . . holding Claims . . . arising under or out of, in connection with, or in any

way relating to, the Debtors, the Purchased Assets, [or] *the operation of the Business prior to*

*Closing* . . . are hereby forever barred, estopped and permanently enjoined from asserting such

Claims against the Purchaser."  (*Id*. ¶ 12 (emphasis added).)

6.      On July 29, 2015, this Court entered the Final Decree, pursuant to Section

350 of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Bankruptcy Rule 3022-1,

(A) Closing the Chapter 11 Cases of Old Carco LLC and Alpha Holding LP, (B) Terminating the

Appointment of the Claims and Noticing Agent, (C) Granting Releases and (D) Granting Related

Relief [Docket No. 8428] (the "Final Decree"), closing the remaining cases in these chapter 11

proceedings, including the Old Carco case.

7.      Since the Final Decree was entered, this Court has reopened the Old Carco

case four times in order to adjudicate and consider issues presented in litigation relating to the

interpretation and enforcement of the Sale Order.  *See Order Pursuant to Section 350 of the*

*Bankruptcy Code, Bankruptcy Rule 5010 and Local Bankruptcy Rule 5010-1, Reopening the*

*Chapter 11 Case of Old Carco LLC for the Limited Purpose of Permitting Referral and*

*Adjudication of the Transferred Litigation* [Docket No. 8494]; *Order Pursuant to Section 350 of*

DOCUMENT 45

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:03   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand   Pg 16 of 78

*the Bankruptcy Code Reopening the Chapter 11 Case of Old Carco LLC for the Limited Purpose*

*of Permitting Adjudication of the Transferred Litigation* [Docket Nos. 8503, 8506].

### <u>FACTS RELEVANT TO THE RELIEF REQUESTED</u>

**A.    The Overton Litigation**

8.    On October 17, 2017, Plaintiff Frankie Overton and Plaintiff Scott

Graham (together, the "<u>AL Plaintiffs</u>"), filed a Complaint (the "<u>Overton Complaint</u>") against

FCA US and others in state court in Jefferson County, Alabama (the "<u>Alabama State Court</u>"),

relating to a July 10, 2016 accident that allegedly involved a 2002 Jeep Liberty manufactured by

Old Chrysler.

9.    Plaintiffs are seeking damages against FCA US for alleged claims of

negligence, wantonness, and under the Alabama Extended Manufacturer's Liability Doctrine.

As against FCA US, Plaintiff Overton seeks punitive damages for alleged wrongful death as the

administrator of Sue Ann Graham's estate, and Plaintiff Graham seeks compensatory and

punitive damages for alleged injuries on behalf of his minor son.

10.    FCA US timely removed the action to the U.S. District Court for the

Northern District of Alabama (the "<u>Alabama District Court</u>"), and filed a Motion to Transfer

Venue and a Partial Motion to Dismiss on the basis that Plaintiffs' claims arising from FCA US's

alleged post-closing conduct are precluded by Alabama law.  Plaintiffs thereafter filed a motion

to remand the action back to the Alabama State Court.

**B.    The Alabama District Court's Remand Decision and FCA US's
        Motion to Enforce the Sale Order**

11.    On February 13, 2018, the Alabama District Court issued a Memorandum

Opinion and accompanying Order, in which it determined that it had subject matter jurisdiction

pursuant to 28 U.S.C. § 1334(b), in part, because "Plaintiffs' claims implicate bankruptcy court

orders that require interpretation." *Overton* v. *Chrysler Group LLC*, No.: 2:17-CV-019830-RDP, 2018 WL 847772, at *5 (N.D. Ala. Feb. 13, 2018) (the "Alabama Decision"). The Alabama District Court further observed that "Plaintiffs' claims against FCA will require the deciding court to interpret and potentially implement the Bankruptcy Court's Orders." (*Id.*) In addition, the Alabama District Court recognized that "Plaintiff Overton's claims against FCA and Chrysler for punitive damages under Alabama's Wrongful Death Act **directly implicate** and **challenge** the terms" of this Court's order approving Amendment No. 4 to the Master Transaction Agreement. (*Id.* (emphasis added).) The Alabama District Court nonetheless went on to grant Plaintiffs' motion to remand after deciding to abstain from exercising jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

12.     In its decision, the Alabama District Court wrongly concluded that severance of the FCA US claims was not practical, but nonetheless observed that in the event the state court did not enforce the Sale Order, "FCA is not left without remedy: it can appeal or petition the Bankruptcy Court to enforce its order against Plaintiffs." (Alabama Decision at *8.)

13.     Given the Overton Complaint's violation of the Sale Order, the importance of the punitive damages issues raised in the Overton Complaint, and facing the prospect of inconsistent decisions on issues related to those pending in this Court, FCA US determined that this Court's assistance was required before the litigation proceeds. FCA US filed its Motion to Enforce contemporaneously with filing of this Motion.

C.     **The Bennett Litigation**

14.     On June 22, 2017, Plaintiff Makenna Bennett ("UT Plaintiff") filed a Complaint (the "UT Complaint") in the United States District Court for the District of Utah (the "Utah District Court"), asserting claims for strict liability and negligence, among others, against

DOCUMENT 45

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:03   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand   Pg 18 of 78

FCA US arising from a July 9, 2015 accident purportedly involving a 2004 Dodge Durango

manufactured by Old Chrysler.

15.     The claims asserted against FCA US as pled in the UT Complaint require

that FCA US be a successor to Old Chrysler—which it unquestionably is not—or have

voluntarily assumed those liabilities through the Master Transaction Agreement.  FCA US filed

in the Utah District Court a motion for partial summary judgment seeking dismissal of UT

Plaintiff's conduct-based negligence and warnings claims, and a motion to transfer venue so this

Court could interpret and enforce the Sale Order.

**D.     The Bennett Transfer Opinion and Docketing With This Court**

16.     On February 7, 2018, the Utah District Court issued a decision and order

granting FCA US's Motion to Transfer Venue (the "Utah Decision"), a copy of which is attached

hereto as Exhibit B, causing the Transferred Litigation to be transferred to this District for

referral to this Court.

17.     The Utah District Court concluded that UT Plaintiff's claims are related to

the Old Carco bankruptcy proceedings "because the availability and success of Bennett's claims

depend on an interpretation of the Bankruptcy Orders."  (Utah Decision at 3.)  The Utah District

Court went on to conclude that transfer was in the interest of justice because this Court "is in the

best position to interpret its own orders."  (*Id.* at 4.)

18.     However, the Utah District Court denied FCA US's accompanying motion

to stay discovery, holding that "the Southern District of New York is in just as good a position as

this court to decide issues related to discovery."  (*Id.*)

19.     On February 21, 2018, the UT Complaint was transferred into the United

States District Court for the Southern District of New York, and immediately referred to this

Court even though, procedurally, the Old Carco bankruptcy case is closed.

-6-

20.     On February 28, 2018, the Transferred Litigation was docketed with this Court and opened as Adversary Proceeding No. 18-01035.  Nonetheless, out of an abundance of caution, FCA US seeks to have the Old Carco bankruptcy reopened so the Transferred Litigation can formally proceed.

### JURISDICTION

21.     This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and expressly retained jurisdiction pursuant to paragraphs 43 and 59 of the Sale Order, Article VIII of the Plan, and paragraph 9 of the Final Decree.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### RELIEF REQUESTED

22.     FCA US seeks entry of an order, pursuant to section 350(b) of the Bankruptcy Code, Rule 5010 of the Bankruptcy Rules and Rule 5010-1 of the Local Rules, reopening the chapter 11 case of Old Carco for the limited purposes of permitting this Court to (A) consider FCA US LLC's Motion to Enforce the Sale Order, and (B) adjudicate the Transferred Litigation.

### BASIS FOR RELIEF

23.     Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b).  Bankruptcy Rule 5010 contains the mechanism for doing so, providing that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code."  Fed. R. Bankr. P. 5010.  Furthermore, the Final Decree expressly provides that "FCA US LLC shall retain the right to seek to reopen the chapter 11 case of any one or more of the Debtors, for cause, pursuant to section 350(b) of the Bankruptcy Code."  (Final Decree at ¶ 1.)

SC1:4600572.3

DOCUMENT 45

09-50002-smb    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 15:33:03    Exhibit
09-50002-smb    Doc 8508    Filed 03/12/18    Entered 03/12/18 16:19:09    Main Document
Exhibit 6 - FCA Notice of Filing after Remand    Pg 20 of 78
Pg 11 of 15

24.     Reopening a bankruptcy case under section 350(b) of the Bankruptcy Code "invoke[s] the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case." *Katz* v. *I.A. Alliance Corp. (In re I. Appel Corp.)*, 104 F. App'x 199, 200 (2d Cir. 2004) (quoting *State Bank of India* v. *Chalasani (In re Chalasani)*, 92 F.3d 1300, 1307 (2d Cir. 1996)).  In determining whether to reopen a case under section 350(b), a court may consider any factors its deems relevant.  *See Batstone* v. *Emmerling (In re Emmerling)*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997).  Bankruptcy courts have broad discretion to reopen bankruptcy cases in appropriate circumstances.  *See*, *e.g.*, *In re Arana*, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011) ("Bankruptcy courts have broad discretion when deciding whether to reopen a closed case.") (citations omitted); *Zinchiak* v. *CIT Small Bus. Lending Corp.*, 406 F.3d 214, 223 (3d Cir. 2005) (recognizing that "bankruptcy courts have broad discretion to reopen cases").

25.     Courts in this District have considered a wide variety of factors but "ought to emphasize substance over technical considerations." *In re Easley-Brooks*, 487 B.R. 400, 406 (Bankr. S.D.N.Y. 2013) (citations omitted).[3]  FCA US respectfully submits that the facts and circumstances here establish cause for the Court to reopen the Old Carco bankruptcy case to permit this Court's consideration of FCA US LLC's Motion to Enforce the Sale Order and adjudication of the Transferred Litigation.

---

[3]   Factors considered have included, *inter alia*, (a) the length of time that the case was closed, (b) whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case, (c) whether prior litigation in the bankruptcy court determined that a state court would be the appropriate forum, (d) whether any parties would suffer prejudice should the court grant or deny the motion to reopen, (e) the extent of the benefit to the debtor by reopening, and (f) whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion to reopen.  *In re Easley-Brooks*, 487 B.R. at 406-07.

SC1:4600572.3

DOCUMENT 45

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:03   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand   Pg 21 of 78

## I.   THERE IS CAUSE TO REOPEN TO CONSIDER FCA US'S MOTION TO ENFORCE THE SALE ORDER

26.     *First*, the Alabama District Court, while declining to exercise its

jurisdiction and remanding the case to the Alabama State Court, nonetheless observed that "FCA

is not left without remedy; it can appeal **or petition the Bankruptcy Court to enforce its order**

**against the Plaintiffs**."  (Alabama Decision at *7 (emphasis added).)  The Alabama District

Court is correct, but the procedural posture requires that this Court reopen the Old Carco

bankruptcy case in order for FCA US to be able to present its arguments in support of

enforcement of the Sale Order against the AL Plaintiffs.

27.     *Second*, this Court expressly retained jurisdiction to consider precisely this

type of issue.  (Sale Order ¶¶ 43, 59; Plan Article VIII; Final Decree ¶ 9.)  As the Alabama

District Court noted, "a bankruptcy court retains jurisdiction after an estate is closed to interpret

and enforce its own orders entered in a Chapter 11 proceeding."  Alabama Decision at *5 (citing

*Travelers Indem. Co.* v. *Bailey*, 557 U.S. 137, 151 (2009)) (citation omitted).  FCA US's Motion

to Enforce the Sale Order is required because the AL Plaintiffs are seeking to pursue

impermissible punitive damages claims against FCA US.  Contrary to the Alabama District

Court's analysis, there are two questions (not one) to be presented to this Court in the Motion to

Enforce the Sale Order:  (i) whether Plaintiff Overton can maintain his claim for wrongful death

punitive damages; and (ii) whether Plaintiff Graham's punitive damages claims based are barred

by the Sale Order or otherwise fail to state an "independent" claim.

28.     *Third*, the Old Carco bankruptcy case has been closed for less than three

years, and during that post-closing period this Court has continued to exercise jurisdiction over

discrete disputes requiring the interpretation and enforcement of the Sale Order.  Final Decree

¶ 1; *see, e.g.*, *In re Old Carco LLC*, 538 B.R. 674 (Bankr. S.D.N.Y. 2015) (interpreting and

enforcing the Sale Order as it applies to the calculation of state unemployment insurance taxes). In fact, this Court has entered orders causing the Old Carco case to be reopened four times, most recently in December 2017, in order to exercise retained jurisdiction to address issues relating to the interpretation and enforcement of the Sale Order.

29.    *Finally*, neither the AL Plaintiffs nor any party in interest to the bankruptcy will be prejudiced by the procedural step of reopening the Old Carco bankruptcy case for the limited purpose requested.  As the Alabama District Court observed, FCA US always has the ability to petition this Court to enforce the Sale Order against the AL Plaintiffs.  (Alabama Decision at *7.)  Permitting FCA US to do so now will permit the parties to obtain clarity as to the viability of the AL Complaint and is more efficient than first spending time and resources litigating in the Alabama State Court about claims that, as FCA US maintains, are barred by this Court's Sale Order.  In all likelihood, this Court will need to interpret and enforce the Sale Order at some point; doing so now could avoid unnecessary litigation before the Alabama State Court. The AL Plaintiffs' rights and substantive arguments with respect to the Motion to Enforce the Sale Order are unaffected by this procedural step of reopening the case, and are expressly preserved.

## II.    THERE IS CAUSE TO REOPEN TO ADJUDICATE THE TRANSFERRED LITIGATION

30.    The Utah District Court specifically determined that this Court is the venue most appropriate for adjudicating the issues presented in the UT Complaint relating to enforcement of the Sale Order.  After considering the parties' arguments, the Utah District Court concluded that transfer to this Court was "appropriate because the Bankruptcy Court is in the best position to interpret its own orders."  (Utah Decision at 4.)

-10-

DOCUMENT 45

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:03   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand   Pg 23 of 78

31.     The Utah Complaint presents issues requiring interpretation and enforcement of the Sale Order involving certain negligence and failure to warn claims that FCA US maintains are precluded by the Sale Order and the Master Transaction Agreement.  This Court expressly retained jurisdiction over all matters relating to the implementation, enforcement, and interpretation of the Sale Order.  (*See* Sale Order ¶¶ 43 and 59; Plan Article VIII; Final Decree ¶ 9.)  There can be no dispute that this Court has jurisdiction to address the issues presented and enforce its own Sale Order.  *Travelers*, 557 U.S. at 151 ("the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders").

32.     The Utah District Court already referred the Transferred Litigation to this Court, and an adversary proceeding has been opened and the case docketed.  This Court's acceptance of the case by reopening the Old Carco bankruptcy case as requested herein is the final procedural step in providing the appropriate venue for this litigation to proceed.  In fact, given the Utah District Court's denial of FCA US's motion to stay discovery, FCA US will likely need to promptly move for a stay of discovery from this Court while the issues relating to the Sale Order are briefed and resolved.

33.     The UT Plaintiff is unaffected by the relief requested by this Motion because the case has already been docketed with this Court, and, in fact, an initial pretrial conference is scheduled for April 10, 2018.  FCA US intends to move to dismiss those claims that violate the Sale Order, and all of the UT Plaintiff's substantive arguments in opposition to any such motion are preserved.  The relief requested with respect to the Transferred Litigation is purely procedural at this point, and should be granted.

SC1:4600572.3

DOCUMENT 45

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:03   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand   Pg 24 of 78

## NOTICE

34.     FCA US will provide notice of this Motion to (a) the AL Plaintiffs; and

(b) the UT Plaintiff.  FCA US respectfully submits that no further notice of the Motion is

required.

WHEREFORE, FCA US respectfully requests that the Court enter the Proposed

Order, reopening Old Carco's Chapter 11 case solely for the limited purposes of permitting this

Court to (A) consider FCA US LLC's Motion to Enforce the Sale Order, and (B) adjudicate the

Transferred Litigation.

Dated:   March 12, 2018                        /s/ Brian D. Glueckstein
         New York, New York            _____
                                       Brian D. Glueckstein
                                       SULLIVAN & CROMWELL LLP
                                       125 Broad Street
                                       New York, New York  10004
                                       Telephone:     (212) 558-4000
                                       Facsimile:     (212) 558-3588

                                       *Counsel for FCA US LLC*

SC1:4600572.3

DOCUMENT 45

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit A -
Proposed Order   Pg 1 of 4

09-50002-smb   Doc 8503-1   Filed 03/12/18   Entered 03/12/18 13:19:08   Exhibit A -
Exhibit 6 - FCA Notice of Filing after Remand   Pg 25 of 78

**<u>Exhibit A</u>**

**Proposed Order**

DOCUMENT 45

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:83   Exhibit A -
Exhibit 6 - FCA Notice of Filing after Remand   Pg 26 of 78

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| Old Carco LLC | ) |
| (f/k/a Chrysler LLC), *et al.*, | ) |
|  | ) |
| Debtors. | ) |
|  | ) |

Chapter 11

Case No. 09-50002 (SMB)

(Jointly Administered)

**ORDER, PURSUANT TO SECTION 350 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 5010 AND LOCAL BANKRUPTCY RULE 5010-1, REOPENING
THE CHAPTER 11 CASE OF OLD CARCO LLC FOR THE LIMITED PURPOSES OF
(I) CONSIDERING FCA US LLC'S MOTION TO ENFORCE THE SALE ORDER AND
(II) ADJUDICATING THE TRANSFERRED LITIGATION**

Upon the *Motion of FCA US LLC, Pursuant to Section 350 of the Bankruptcy*

*Code, Bankruptcy Rule 5010 and Local Bankruptcy Rule 5010-1, to Reopen the Chapter 11 Case*

*of Old Carco LLC for Limited Purposes of (I) Considering FCA US LLC's Motion to Enforce the*

*Sale Order and (II) Adjudicating the Transferred Litigation* (the "Motion")[1]; this Court having

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having

retained jurisdiction to consider the Motion pursuant to paragraphs 43 and 59 of the Sale Order,

Article VIII of the Plan and paragraph 9 of the Final Decree; and venue of these chapter 11 cases

and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this

matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that

proper and adequate notice of the Motion and the relief requested therein has been provided; and

any objections to the Motion having been withdrawn or overruled on the merits; and the Court

having reviewed the Motion; and this Court having determined that cause exists to reopen the

---

[1]   Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

DOCUMENT 45

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit A -
Exhibit 6 - FCA Notice of Filing after Remand   Pg 27 of 78

09-50002-smb   Doc 8503-1   Filed 03/12/18   Entered 03/12/18 18:59:08   Exhibit A -
Proposed Order   Pg 3 of 4

chapter 11 case of Old Carco for the limited purposes set forth in the Motion; and after due

deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The chapter 11 case of Old Carco, Case No. 09-50002, is hereby reopened,

pursuant to section 350(b) of the Bankruptcy Code, Bankruptcy Rule 5010 and Local Bankruptcy

Rule 5010-1, solely to permit (A) consideration of *FCA US LLC's Motion to Enforce the Court's
Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All
Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of
Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related
Procedures and (III) Granting Related Relief*, filed on March 12, 2018 ("Motion to Enforce the
Sale Order"); and (B) adjudication of *Bennett* v. *FCA US LLC*, Adv. Pro. No. 18-01035 (SMB)

(the "Transferred Litigation").

3.      The Debtors' chapter 11 cases otherwise shall remain closed in all respects

except as modified by other orders of this Court.

4.      Entry of this Order shall be without prejudice to, and shall not operate as a

waiver of, the rights of any party with respect to the Motion to Enforce the Sale Order or the

Transferred Litigation.

5.      The requirements set forth in Local Rule 9013-1(b) are satisfied.

-2-

DOCUMENT 45

09-50002-mg   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:83   Exhibit A -
Exhibit 6 - FCA Notice of Filing after Remand   Pg 28 of 78

09-50002-smb   Doc 8503-1   Filed 03/12/18   Entered 03/12/18 18:19:08   Exhibit A -
Proposed Order   Pg 4 of 4

6.       This Court retains jurisdiction with respect to all matters arising from or
related to the implementation or interpretation of this Order.

Dated:       _____, 2018
             New York, New York

_____
Stuart M. Bernstein
United States Bankruptcy Judge

SC1:4600572.3

DOCUMENT 46

09-50002-mg    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 16:33:33    Exhibit
Exhibit 6 - PCA Notice of Filing after Remand    Pg 29 of 78

ELECTRONICALLY FILED
3/22/2018 2:38 PM
01-CV-2017-904376.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# EXHIBIT B

DOCUMENT 46

09-50002-smb    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 15:33:03    Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 30 of 78

**Hearing Date:  April 10, 2018 at 10:00 a.m. Eastern Time**
**Objection Deadline:  April 3, 2018 at 4:00 p.m. Eastern Time**

Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:     (212) 558-4000
Facsimile:     (212) 558-3588

*Counsel for FCA US LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :    Chapter 11
                                                            :
Old Carco LLC, *et al.*,                                    :    Case No. 09-50002 (SMB)
                                                            :
                       Debtors.                             :    Jointly Administered
                                                            :
                                                            :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**FCA US LLC'S MOTION TO ENFORCE THE COURT'S ORDER**
**(I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'**
**ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND**
**ENCUMBRANCES, (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT**
**OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN**
**CONNECTION THEREWITH AND RELATED PROCEDURES AND**
**(III) GRANTING RELATED RELIEF**

DOCUMENT 46

09-50002-smb Doc 8523-7 Filed 05/04/18 Entered 05/04/18 15:33:03 Exhibit
09-50002-smb Doc 8510-7 Filed 05/12/16 Entered 05/12/16 16:34:09 Main Document
Exhibit 6 - FCA Notice of Filing after Remand    Pg 31 of 78
Pg 31 of 25

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................1

BACKGROUND ...........................................................................................2

    A.    The Sale Order and MTA ..............................................................2

    B.    Plaintiffs' Complaint and the Overton Litigation. ...................................7

JURISDICTION ...........................................................................................9

RELIEF REQUESTED....................................................................................9

ARGUMENT ...............................................................................................10

I.     THE SALE ORDER BARS PLAINTIFFS' WRONGFUL DEATH
      PUNITIVE DAMAGES CLAIMS AGAINST FCA US....................................10

    A.    The Sale Order Precludes Claims for Punitive Damages. .......................10

    B.    Alabama's Wrongful Death Act Permits Recovery of Punitive Damages
        Only....................................................................................13

    C.    FCA US's Liabilities Are Determined By the Sale Order and MTA. ..................16

II.    THE SALE ORDER BARS PLAINTIFFS' PERSONAL INJURY CLAIMS
      FOR PUNITIVE DAMAGES AGAINST FCA US .......................................17

    A.    Counts Alleging Punitive Damages for Failure to Recall or Warn Are
        Barred....................................................................................17

    B.    Plaintiffs Have Not Asserted an Independent Claim Against FCA US.................18

CONCLUSION.............................................................................................21

SC1:4600523.4

DOCUMENT 46

09-50002-smb    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 15:33:03    Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 32 of 78

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Black Belt Wood Co., Inc.* v. *Sessions*,
   514 So. 2d 1249 (Ala. 1987) ........................................................................................ 14-15

*Burton* v. *Chrysler Group (In re Old Carco LLC)*,
   492 B.R. 392 (Bankr. S.D.N.Y. 2013) ..........................................................................19, 20

*Howard* v. *Howard*,
   740 N.Y.S. 2d 71 (N.Y. App. Div. 2002) .........................................................................17

*King* v. *Nat'l Spa & Pool Inst., Inc.*,
   607 So. 2d 1241, 1246-47 (Ala. 1992) .......................................................................14, 15

*Lampley* v. *Bridgestone Firestone, Inc.*,
   No. CIV.A. 90-A-907-N, 1992 WL 12666661 (M.D. Ala. March 31, 1992) ..........................21

*Lance, Inc.* v. *Ramanauskas*,
   731 So. 2d 1204, 1221 (Ala. 1999) ..................................................................................13

*Law Debenture Trust Co. of New York* v. *Maverick Tube Corp.*,
   595 F.3d 458 (2d Cir. 2010) ............................................................................................18

*In re Old Carco LLC*,
   538 B.R. 674 (Bankr. S.D.N.Y. 2015) .............................................................................12

*Omni Ins. Co.* v. *Foreman*,
   802 So. 2d 195 (Ala. 2001) .............................................................................................14

*Otoski* v. *Avidyne Corp.*,
   Case No. 09-3041, 2010 WL 4739943 (D. Or. Oct. 6, 2010), *adopted*,
   2010 WL 4737815 (D. Or. Nov. 15, 2010) ......................................................................20

*Overton* v. *Chrysler Group LLC*,
   No. 2:17-CV-019830-RDP, 2018 WL 847772 (N.D. Ala. Feb. 13, 2018) .................8, 9, 16

*Powell* v. *FCA US LLC*,
   No. 3:15-CV-393-WHA, 2015 WL 5014097 (M.D. Ala. Aug. 21, 2015) ...........................15

*Savannah & Memphis R.R. Co.* v. *Shearer*,
   58 Ala. 672 (1877) .........................................................................................................13

*Tillis Trucking Co.* v. *Moses*,
   748 So. 2d 874 (Ala. 1999) .......................................................................................14, 15

SC1:4600523.4

DOCUMENT 46

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 33 of 78

*Trott* v. *Brinks, Inc.*,
    972 So. 2d 81 (Ala. 2007) ........................................................................................14

*Wolff* v. *Chrysler Group LLC (In re Old Carco LLC)*,
    No. 10-05007, 2010 Bankr. LEXIS 6320 (Bankr. S.D.N.Y. July 30, 2010) ..........................19

**Statutes**

28 U.S.C. § 157 ........................................................................................................9

28 U.S.C. § 1332 ......................................................................................................8

28 U.S.C. § 1334 ......................................................................................................9

FCA US LLC ("FCA US") hereby submits this motion (the "Motion") for entry

of an order in the form attached hereto as Exhibit A (the "Proposed Order") enforcing this

Court's *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear*

*of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and*

*Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and*

*Related Procedures and (III) Granting Related Relief* [Docket No. 3232][1] (the "Sale Order").[2]  In

support of the Motion, FCA US respectfully states as follows:

## PRELIMINARY STATEMENT

1.      One of the most central tenets of FCA US's limited assumption of Old

Chrysler's liabilities through the Master Transaction Agreement is no claim shall seek punitive

damages.  Despite this clear and unequivocal limitation, Plaintiffs seek to impose punitive

damages on FCA US in connection with an accident allegedly involving a 2002 Jeep Liberty

manufactured and sold by Old Chrysler prior to the sale of substantially all of Old Chrysler's

assets to FCA US.

2.      FCA US requires the assistance of this Court because absent prompt

enforcement of the Sale Order FCA US will be forced to defend punitive damages claims in state

court in Jefferson County, Alabama.  This Court has jurisdiction and is best positioned to address

the issues presented by Plaintiffs' punitive damages claims.

---

[1]    Unless otherwise specified, "Docket No." refers to the docket for Case Number 09-50002 (SMB) in the United
States Bankruptcy Court for the Southern District of New York.

[2]    A copy of the Sale Order is attached as Exhibit A to the Declaration of Brian D. Glueckstein in support of this
Motion (the "Glueckstein Declaration" or "Glueckstein Decl.").  Capitalized terms not otherwise defined herein
are to be given the meanings ascribed to them in the Sale Order.

DOCUMENT 46

09-50002-smh   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:03   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand   Pg 35 of 78

09-50002-smh   Doc 8510-23   Filed 05/12/16   Entered 05/12/16 16:34:00   Main Document
Pg 35 of 25

3.       As this Court has determined, FCA US is not liable for claims relating to defects in Old Chrysler vehicles except to the extent that FCA US expressly assumed liability for such claims pursuant to certain narrow exceptions set forth in the Sale Order and the Master Transaction Agreement.  It also cannot be disputed that FCA US is not a successor to Old Chrysler and is not liable for the conduct of Old Chrysler.

4.       Plaintiffs' Complaint asserts claims arising from an accident involving an Old Chrysler vehicle that allegedly was defectively designed, manufactured, marketed, and/or sold.  Plaintiffs nonetheless seek to pursue against FCA US impermissible punitive damages for (i) wrongful death—as all wrongful death damages are punitive under Alabama law; and (ii) purported defect or failure to warn and/or recall claims.

5.       Permitting Plaintiffs to maintain their punitive damages claims would vitiate the unambiguous protections set forth in the Sale Order, and must be rejected.  The Court should enforce the Sale Order, including the injunction contained therein, to preclude Plaintiffs' pursuit of punitive damages against FCA US.

## BACKGROUND

### A.       The Sale Order and MTA

6.       On April 30, 2009, Old Carco LLC ("Old Carco") and certain of its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Old Chrysler") commenced bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

7.       Upon commencement of their chapter 11 cases, the Debtors focused on an expedited process for the sale of certain assets to FCA US (then known as New CarCo

SC1:4600523.4

DOCUMENT 46

09-50002-smh   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:03   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand   Pg 36 of 78

Acquisition LLC).[3]  On April 30, 2009, FCA US entered into a Master Transaction Agreement

(as amended and including all ancillary documents thereto, the "MTA") by and among FCA US,

Fiat S.p.A., Old Carco, and certain other sellers identified therein.[4]

8.      On May 3, 2009, Old Chrysler moved for entry of an order authorizing

and approving, among other things, (i) Old Chrysler's entry into and performance under the

terms and conditions of the MTA; and (ii) the sale by Old Chrysler of substantially all of its

assets to FCA US pursuant to the MTA, free and clear of all claims and liabilities "whether

arising before or after the Petition Date, whether at law or in equity, including all rights or claims

based on any successor or transferee liability," other than expressly "Assumed Liabilities" (as

defined in the MTA) [Dkt. No. 190 at 25].[5]

9.      On May 27, 2009, FCA US was the successful bidder in the Debtors' asset

sale.  On June 1, 2009, following a multi-day trial, the Bankruptcy Court granted the Sale Motion

and approved the transaction set forth in the MTA in its Sale Order.

10.     The sale, on the terms set forth in the MTA, closed on June 10, 2009 (the

"Closing Date").  The Sale Order authorized the transfer of the purchased assets "free and clear

of all Claims except for Assumed Liabilities" (as defined in the MTA).  (Sale Order ¶ 9.)  The

Court expressly ruled in the Sale Order that:

---

[3]      New CarCo Acquisition LLC changed its name to Chrysler Group LLC and later to FCA US LLC.

[4]      A copy of the MTA is attached as Exhibit B to the Glueckstein Declaration.  The Glueckstein Declaration
         is being submitted for the Court's convenience to provide copies of the MTA and Sale Order that are
         available on the Court's docket.

[5]      The MTA was initially submitted as Exhibit A to the motion requesting the Court's authorization to
         execute the sale.  The final copy of the MTA was attached as Exhibit A to Old Carco Liquidation Trust's
         Omnibus Reply to Objections to the Assumption and Assignment of Supplemental Executive Retirement
         Plan, filed Jan. 31, 2013 [Dkt. No. 8139], and does not differ from the initial copy of the Agreement
         attached to the Sale Motion in any relevant respect.

DOCUMENT 46

09-50002-shl   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:03   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand   Pg 37 of 78

> **Except for the Assumed Liabilities expressly set forth in the Purchase Agreement** or described therein or Claims against any Purchased Company, **none of the Purchaser, its successors or assigns or any of their respective affiliates shall have any liability for any Claim that** (a) arose prior to the Closing Date, (b) relates to the production of vehicles prior to the Closing Date or (c) otherwise **is assertable against the Debtors or is related to the Purchased Assets prior to the Closing Date**. The Purchaser shall not be deemed, as a result of any action taken in connection with the Purchase Agreement or any of the transactions or documents ancillary thereto or contemplated thereby or the acquisition of the Purchased Assets to: (a) be a legal successor, or otherwise be deemed a successor to the Debtors (other than with respect to any obligations arising under the Assumed Agreements from and after the Closing); (b) have, *de facto*, or otherwise, merged with or into the Debtors; or (c) be a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors. Without limiting the foregoing, the Purchaser shall not have any successor, derivative or vicarious liabilities of any kind or character for any Claims, including, but not limited to, on any theory of successor or transferee liability, *de facto* merger or continuity, environmental, labor and employment, products or antitrust liability, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated.

(Sale Order ¶ 35 (emphasis added).)  The Sale Order further provides that, except for any expressly Assumed Liabilities, FCA US:

> shall not be liable for any claims against the Debtors or any of their predecessors or affiliates, and the **Purchaser shall have no successor or vicarious liabilities of any kind or character**, including, but not limited to, any theory of . . . successor or transferee liability . . . **now existing or hereafter arising . . . .**"

(Sale Order ¶ 39 (emphasis added)); *see also id.* ¶ 42 (recognizing the release of any successor liability claims against FCA US).)

11.     In addition, the Sale Order contains an injunction directing that "all persons and entities . . . holding Claims . . . arising under or out of, in connection with, or in any way relating to, the Debtors, the Purchased Assets, [or] the operation of the business prior to

SC1:4600523.4

Closing," except for Assumed Liabilities, are "forever barred, estopped and permanently enjoined from asserting such Claims against [FCA US]."  (Sale Order ¶ 12.)

　　　　　12.　　　Section 2.08 of the MTA sets forth the specific limited liabilities assumed by FCA US.  On October 29, 2009, section 2.08(h) was amended to expand the scope of liabilities assumed relating to Product Liability Claims to include claims involving a vehicle sold by Old Chrysler before Closing on the following specific terms:

> (h) (i) all Product Liability Claims arising from the sale after the Closing of Products or Inventory manufactured by Sellers or their Subsidiaries in whole or in part prior to the Closing and (ii) all **Product Liability Claims arising from the sale on or prior to the Closing of motor vehicles** or component parts, in each case manufactured by Sellers or their Subsidiaries and distributed and sold as a Chrysler, Jeep, or Dodge brand vehicle or MOPAR brand part, **solely to the extent such Product Liability Claims** (A) arise directly from motor vehicle accidents occurring on or after Closing, (B) are not barred by any statute of limitations, (C) are not claims including or related to any alleged exposure to any asbestos-containing material or any other Hazardous Material and **(D) do not include any claim for exemplary or punitive damages.**

(MTA, Amendment No. 4, ¶ 1 (emphasis added).)  Relevant to Plaintiffs' Complaint, therefore, FCA US has agreed to responsibility for only those Product Liability Claims arising from motor vehicle accidents occurring after June 10, 2009, involving a Jeep brand vehicle manufactured by Old Chrysler, **that do not include a claim for exemplary or punitive damages**.  On November 19, 2009, the Court entered an order approving Amendment No. 4 to the MTA.  [Dkt. No. 5988.][6]

---

[6]　　A copy of the Order and annexed Amendment No. 4 to MTA is attached as Exhibit C to the Glueckstein Declaration.

DOCUMENT 46

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:03   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand   Pg 39 of 78

13.     The MTA defines a Product Liability Claim as:

> **any Action arising out of, or otherwise <u>relating to in any way</u> in
> respect of claims for <u>personal injury, wrongful death</u>** or
> property damage **resulting from exposure to**, or any other
> warranty claims, refunds, rebates, property damage, **product
> recalls**, defective material claims**,** merchandise returns and/or any
> similar claims, **<u>or any other claim or cause of action</u>**, whether
> such claim is known or unknown or asserted or unasserted with
> respect to, Products or items purchased, sold, consigned, marketed,
> stored, delivered, distributed or transported by the Company
> Business, any Selling Group Member or any of its Subsidiaries,
> whether such claims or causes of action are known or unknown or
> asserted or unasserted.

(MTA Definitions Addendum, at p. 90, *as amended* by Amendment No. 1 to MTA, ¶ 36

(emphasis added).)  Furthermore, Section 2.09 of the MTA provides that FCA US "shall not

assume and shall be deemed not to have assumed" any liabilities of Old Chrysler other than the

expressly Assumed Liabilities.  (MTA § 2.09.)

14.     FCA US separately agreed to add Section 2.08(p) to the MTA and assume

certain limited Old Chrysler obligations to the National Highway Traffic and Safety

Administration ("<u>NHTSA</u>") related to safety-related defects but expressly excluding any other

liabilities under the National Traffic and Motor Vehicle Safety Act:

> Liabilities relating to the Sellers' notification, remedy and other
> obligations under 49 U.S.C. Sections 30116 through 30120 of the
> National Traffic and Motor Vehicle Safety Act, as amended and
> recodified (the "NTMVSA"), relating to vehicles manufactured by
> the Sellers prior to the Closing Date that have a defect related to
> motor vehicle safety or do not comply with applicable motor
> vehicle safety standards prescribed under the NTMVSA.  For the
> avoidance of doubt, Purchaser shall not otherwise be liable for any
> failure by the Sellers to comply with the provisions of the
> NTMVSA.

(MTA, Amendment No. 2, ¶ 1.)  Nothing in Section 2.08(p) authorizes punitive damages to be

asserted against FCA US.

SC1:4600523.4

DOCUMENT 46

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:03   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand   Pg 40 of 78

09-50002-smb   Doc 8510-7   Filed 06/12/16   Entered 06/12/16 16:34:09   Main Document
Pg 11 of 25

B. **Plaintiffs' Complaint and the Overton Litigation.**

15.    On October 17, 2017, Plaintiff Frankie Overton ("Overton"), as

administrator of the estate of Sue Graham, and Plaintiff Scott Graham as guardian of minor J.D.

("Graham," together, the "Plaintiffs"), filed a Complaint (the "Complaint") against FCA US and

others in state court in Jefferson County, Alabama (the "Alabama State Court"), relating to a July

10, 2016 accident that allegedly involved a 2002 Jeep Liberty manufactured and sold by Old

Chrysler.  (*See* Compl. ¶ 24.)

16.    The Complaint asserts claims against FCA US for negligence,

wantonness, and under the Alabama Extended Manufacturer's Liability Doctrine.  As against

FCA US, (i) Plaintiff Overton seeks wrongful death punitive damages, and (ii) Plaintiff Graham

seeks punitive damages based upon alleged defects in the "design, manufacture and/or

marketing" of the Old Chrysler vehicle.  (Compl. ¶ 32; *see also id.* ¶ 50.)  The Complaint

wrongly alleges that the 2002 Jeep Liberty was "designed, engineered, manufactured and

marketed by Defendants Chrysler, FCA" and others.  (*Id.* at ¶ 25.)[7]  The Complaint thereafter

summarily alleges that "[t]he defective condition of the Jeep Liberty as it relates to said issues

has been known by the Product Liability Defendants for some time."  (*Id.* at ¶ 32.)

17.    The Complaint attempts to create a basis for pursuing punitive damages

against FCA US through a conclusory assertion that "the defective condition of the Jeep Liberty

---

[7]    The Complaint actually asserts claims only against Chrysler Group LLC (defined as "Chrysler") and Fiat
Chrysler Automobiles US LLC (defined as "FCA" and referred to together as "Chrysler Defendants").  Chrysler
Group LLC is the prior name of FCA US LLC, and is the entity formed only in connection with the asset
purchase transaction set forth in the MTA that closed on June 10, 2009.  As drafted, the Complaint asserts **every**
allegation only against FCA US and not Old Chrysler.  While the Complaint should be evaluated as drafted,
even if the Court assumes that Plaintiffs are intending to assert its "Chrysler" allegations against Chrysler LLC,
*i.e.* Old Chrysler, the conclusion that the asserted punitive damages claims are barred by the Sale Order is
unchanged.

SC1:4600523.4

DOCUMENT 46

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:03   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand   Pg 41 of 78

was known by Chrysler and/or former Chrysler companies absorbed by FCA, and that knowledge transferred to FCA. Despite such knowledge, FCA took no action to warn, recall or otherwise eliminate the defective condition." (*Id.*) As discussed below, this is legally incorrect and, in any event, is an impermissible attempt to assert barred punitive damages in connection with a Product Liability Claim.

18.     FCA US timely removed the action to the U.S. District Court for the Northern District of Alabama (the "Alabama District Court"), and filed a Motion to Transfer Venue and a Partial Motion to Dismiss on the basis that the Plaintiffs' claims arising from FCA US's alleged post-closing conduct are precluded by Alabama law. Plaintiffs thereafter filed a motion to remand the case back to the Alabama State Court.

19.     On February 13, 2018, the Alabama District Court issued a Memorandum Opinion and accompanying Order in which it determined that it had subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b), in part, because "Plaintiffs' claims implicate bankruptcy court orders that require interpretation." *Overton* v. *Chrysler Group LLC*, No. 2:17-CV-019830-RDP, 2018 WL 847772, at *5 (N.D. Ala. Feb. 13, 2018) (the "Alabama Decision"). The Alabama District Court further observed that "Plaintiffs' claims against FCA will require the deciding court to interpret and potentially implement the Bankruptcy Court's Orders." (*Id.*) In addition, the Alabama District Court acknowledged that "Plaintiff Overton's claims against FCA and Chrysler for punitive damages under Alabama's Wrongful Death Act **directly implicate** and **challenge** the terms" of this Court's order approving Amendment No. 4 to the MTA. (*Id.* emphasis added.) The Alabama District Court nonetheless went on to grant Plaintiffs' motion to remand after deciding to abstain from exercising jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

DOCUMENT 46

09-50002-smb    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 15:33:03    Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 42 of 78

20.    In its decision, the Alabama District Court concluded that severance and

transfer of the claims against FCA US was not practical based on erroneous conclusions that

(i) Plaintiffs' alleged claims for "FCA's post-bankruptcy sale conduct" do not raise issues

requiring this Court to interpret the Sale Order, and (ii) the Plaintiffs would be forced to litigate

its state law claims in this Court.  Both are false and, as this Court is well aware, any surviving

claims following interpretation and enforcement of the Sale Order will proceed on the merits in

Alabama.  *See*, *e.g.*, *Grimstad* v. *FCA US LLC, (In re Old Carco LLC)*, Adv. Pro. No. 16-10204,

Adv. Pro. Dkt. No. 16, at 2 (Apr. 28, 2017) (transferring case back to transferor court following

interpretation and application of the Sale Order).

21.    Nonetheless, the Alabama District Court observed that in the event that the

state court did not enforce the Sale Order, "FCA is not left without remedy:  it can appeal or

petition the Bankruptcy Court to enforce its order against Plaintiffs."  (Alabama Decision at 12-

13.)  Given the Complaint's violation of the Sale Order, the importance of the punitive damages

issues raised in the Complaint, and facing the prospect of inconsistent decisions on issues related

to those pending in this Court, FCA US respectfully requests this Court's assistance by this

Motion.

## JURISDICTION

22.    This Court has subject matter jurisdiction to consider this matter pursuant

to 28 U.S.C. §§ 157 and 1334, and expressly retained jurisdiction pursuant to paragraphs 43 and

59 of the Sale Order.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## RELIEF REQUESTED

23.    FCA US LLC seeks entry of the Proposed Order enforcing this Court's

Sale Order, which prohibits and enjoins Plaintiffs from continuing to pursue their punitive

DOCUMENT 46

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:03   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 43 of 78
09-50002-smb   Doc 8510-2   Filed 05/12/16   Entered 05/12/16 18:34:00   Main Document
Pg 11 of 25

damages claims against FCA US in connection with Product Liability Claims, including punitive

damages for wrongful death and/or based upon Old Chrysler's conduct.

## ARGUMENT

**I.     THE SALE ORDER BARS PLAINTIFFS' WRONGFUL DEATH
         PUNITIVE DAMAGES CLAIMS AGAINST FCA US**

    **A.     The Sale Order Precludes Claims for Punitive Damages.**

        24.     The question before the Court is whether FCA US can be forced to defend

claims seeking punitive damages in litigation of a Product Liability Claim concerning an Old

Chrysler vehicle manufactured and sold prior to the Closing Date.  The answer, even taking the

facts as set forth in the Complaint as true, is no.  The plain language of the controlling

documents—the Sale Order and MTA—are unambiguous that Plaintiffs' punitive damages

claims are barred by this Court's orders.

        25.     The starting point, as this Court has repeatedly recognized, is that FCA US

is not a successor to Old Chrysler and that FCA US "shall have no successor or vicarious

liabilities of any kind or character."  (Sale Order ¶ 39.)  This Court's Sale Order is clear that any

claims "relat[ing] to the production of vehicles prior to the Closing Date" fall within the scope of

the Sale Order and are barred as against FCA US unless the claim falls within one of the narrow

exceptions set forth as Assumed Liabilities (as that term is specifically defined in the MTA).  (*Id.*

at ¶ 35.)

        26.     Thus, FCA US is only responsible for defending claims for those liabilities

expressly assumed under the terms of the MTA.  FCA US did not assume liability for Plaintiff

Overton's wrongful death punitive damages claims.  Plaintiffs' claims against FCA US arise

from an alleged accident involving a 2002 Jeep Liberty manufactured and sold by Old Chrysler

-10-

DOCUMENT 46

09-50002-smb    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 15:33:03    Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 44 of 78

long before the Closing Date.  The alleged defective condition of the vehicle and the allegedly

dangerous design, manufacture and marketing of the vehicle by Old Chrysler are cited as bases

for Plainitffs' claims.  (Compl. ¶¶ 31, 32.)  There can be no serious debate that Plaintiffs'

wrongful death claim is a purported Product Liability Claim as that term is broadly defined in the

MTA:

> **any Action arising out of, or otherwise <u>relating to in any way</u> in
> respect of claims for <u>personal injury, wrongful death</u>** or
> property damage **resulting from exposure to,** or any other
> warranty claims, refunds, rebates, property damage, **product
> recalls**, defective material claims**,** merchandise returns and/or any
> similar claims, <u>**or any other claim or cause of action**</u>, whether
> such claim is known or unknown or asserted or unasserted with
> respect to, Products or items purchased, sold, consigned, marketed,
> stored, delivered, distributed or transported by the Company
> Business, any Selling Group Member or any of its Subsidiaries,
> whether such claims or causes of action are known or unknown or
> asserted or unasserted

(MTA Definitions Addendum, at p. 90, *as amended* by Amendment No. 1 to MTA, ¶ 36

(emphasis added).)  In other words, any claim or cause of action of any kind that is otherwise

viable and asserted in any personal injury or wrongful death action that *relates in any way* to a

vehicle sold by Old Chrysler is a Product Liability Claim, as broadly defined by the parties in the

MTA.  The definition even expressly includes claims regarding product recalls.

     27.    Section 2.08(h) of the MTA originally included a provision stating that

FCA US was only assuming Product Liability Claims arising in connection with the sale after the

Closing Date of vehicles manufactured by Old Chrysler.  (MTA § 2.08.)  The MTA was

subsequently amended to expand the scope of circumstances for which FCA US would assume

liabilities for Product Liability Claims.  Section 2.08(h), as amended, provides, among other

things, that FCA US will defend Product Liability Claims arising from the sale prior to the

-11-

Closing Date of vehicles manufactured by Old Chrysler. (Amendment No. 4 to MTA, ¶ 1.)

FCA US did, however, expressly condition this expanded voluntary assumption of liabilities on

certain criteria. (*Id.*)

28.     Dispositive here, FCA US's assumption of liabilities relating to Product

Liability Claims arising from the sale of Old Chrysler vehicles prior to the Closing Date is

conditioned on a requirement that Product Liability Claims, "**(D) do not include any claim for**

**exemplary or punitive damages.**" (MTA, Amendment No. 4, ¶ 1.) Therefore, the MTA and

Sale Order expressly bar any punitive damages claim that is included as part of a Product

Liability Claim asserted against FCA US pertaining to a vehicle designed, manufactured and sold

before the Closing Date.

29.     Plaintiffs' Complaint asserts a Product Liability Claim against FCA US.

That is the limited universe of claims relating to accidents involving Old Chrysler vehicles that

FCA US contractually assumed. Absent such a claim, Plaintiffs could not assert any claims

against FCA US relating to the subject accident because the 2002 Jeep Liberty at issue was

manufactured and sold by Old Chrysler long before FCA US came into existence; Claims other

than Product Liability Claims are barred by the Sale Order and the MTA. As this Court has

reaffirmed, "[t]he Sale Order contained several provisions indicating that the transfer was free

and clear of claims and interests in the assets and successor liability" and that FCA US would not

be liable for any Claims (as broadly defined in the Sale Order) other than "Assumed Liabilities."

*In re Old Carco LLC*, 538 B.R. 674, 678 (Bankr. S.D.N.Y. 2015).

30.     Here, Plaintiff Overton asserts a claim for wrongful death seeking

damages from FCA US under Alabama law. As explained in Section I.B below, the **only**

damages available for wrongful death under Alabama law are punitive damages. As a result,

SC1:4600523.4

Plaintiff Overton claims for wrongful death damages are barred by the MTA and enjoined by the

Sale Order.

**B.    Alabama's Wrongful Death Act Permits Recovery of Punitive Damages Only.**

31.    In 1860, the Alabama legislature enacted "An Act to Prevent Homicides."

This Act, which amended Alabama's wrongful death statute, allowed plaintiffs to recover an

amount "the jury deem[s] just" for conduct that resulted in the death of another.  Seventeen years

later, in 1877, the Alabama Supreme Court interpreted the title and text of the Act, as amended,

in holding that it afforded recovery of punitive damages only:

> Charge four fixes an erroneous measure of damages, and was rightly refused on that account, although in other respects it may have asserted correct legal principles.  Lacerated feelings of surviving relations, and mere capacity of deceased to make money if permitted to live, do not constitute the measure of recovery under the act of Feb. 5, 1872.  Prevention of homicide is the purpose of the statute, and this it proposes to accomplish by such pecuniary mulct as the jury "deem just."  **The damages are <u>punitive, and they are none the less so, in consequence of the direction the statute gives to the damages when recovered</u>.** They are assessed against the railroad "to prevent homicides."

*Savannah & Memphis R.R. Co.* v. *Shearer*, 58 Ala. 672, 680 (1877) (emphasis added).

32.    The title and text of the Act have been changed over the years.  Yet, the

Alabama Supreme Court's interpretation of the Act to allow for recovery of punitive damages

only has remained consistent throughout.  Despite a multitude of attacks aimed at changing the

law to reflect the result preferred by Plaintiffs here, the Alabama Supreme Court has routinely

held in face of various constitutional and other challenges that punitive damages are the sole

remedy for tortious infliction of death in the State of Alabama.

DOCUMENT 46

09-50002-smb    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 15:33:03    Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 47 of 78
09-50002-smb    Doc 8513-7    Filed 05/12/20    Entered 05/12/20 18:34:09    Main Document
Pg 18 of 25

33.    The Alabama Supreme Court in *Lance, Inc.* v. *Ramanauskas* explained

that it had, "**under the crushing weight of 150 years of stare decisis, consistently held that**

**our wrongful-death statute allows for the recovery of punitive damages only.**"  731 So. 2d

1204, 1221 (Ala. 1999) (emphasis added).  The same was true in *Tillis Trucking Co.* v. *Moses*, in

which the court explained that, "[f]rom the time the Legislature enacted the predecessor of this

provision in 1852, this Court has understood the legislative intent behind the phrase 'such

damages as the jury may assess' to be that the jury is to award punitive or exemplary damages."

748 So. 2d 874, 888-89 (Ala. 1999).

34.    With that bedrock principle, when challenged the Alabama Supreme Court

has held that "[t]he policy of the Wrongful Death Act is solely to protect human life by deterring

tortious acts that result in death and **impose civil punishment** on those who take human life" and

further stated that "[t]his opinion need not confront the long years of precedent holding that the

Wrongful Death Act is the sole, and 'punitive only,' remedy for tortious infliction of death in this

state."  *King* v. *Nat'l Spa & Pool Inst., Inc.*, 607 So. 2d 1241, 1246-47 (Ala. 1992) (emphasis

added); *see also Trott* v. *Brinks, Inc.*, 972 So. 2d 81, 84 (Ala. 2007) ("The instant action is a

wrongful-death action under Ala. Code 1975, § 6–5–410.  In such a case, the only recoverable

damages are punitive damages intended to punish the tortfeasor for its actions—not to

compensate the plaintiff."); *Omni Ins. Co.* v. *Foreman*, 802 So. 2d 195, 199 (Ala. 2001) ("It is

hornbook law that in Alabama, the only damages a plaintiff is allowed to recover in an action for

wrongful death are punitive damages.").

35.    The Alabama Supreme Court's precedent is consistent with the Alabama

legislature's intent in first enacting and subsequently amending and preserving this unique

approach to wrongful death damages.  In *Black Belt Wood Co., Inc.* v. *Sessions*, 514 So. 2d 1249,

-14-

DOCUMENT 46

09-50002-smb    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 15:33:03    Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 48 of 78

1261-65 (Ala. 1987), the Alabama Supreme Court traced a consistent line of decisions that each

held punitive damages were the only form of damages available to a wrongful death plaintiff,

and further explained that the Alabama legislature's decision to amend the Act in 1872 without

addressing the compensatory versus punitive damages question imparted an element of

legislative approval to the court's prior decisions on the matter.  Similarly, the Alabama Supreme

Court recognized in *Tillis Trucking Co.*, that the legislature's decision in 1987 not to "disturb the

135-year-old application of that [wrongful death] law" was meaningful since the legislature had

"otherwise enacted tort reform legislation to affect punitive-damages awards in actions other

than actions based on wrongful death." *Tillis Trucking Co.*, 748 So. 2d at 891.

36.    The Alabama Supreme Court has succinctly summarized its views in

rejecting assertions that wrongful death punitive damages are merely compensatory damages in

disguise:

> A wrongful death claim does not provide compensation for injuries
> that cause death.  **Punitive damages are not compensation, and
> our system should not be contorted to treat them as such.**

*King*, 607 So. 2d at 1247 (emphasis added).

37.    More recently, the United States District Court for the Middle District of

Alabama addressed the specific Sale Order issue before this Court.  In *Powell* v. *FCA US LLC*,

the plaintiff argued in its motion to remand that wrongful death punitive damages are somehow

not really punitive and therefore should not be subject to the Sale Order's injunction.  *Powell* v.

*FCA US LLC*, No. 3:15-CV-393-WHA, 2015 WL 5014097, at *5 (M.D. Ala. Aug. 21, 2015).

The *Powell* court rejected that argument outright, explaining that the recovery on a wrongful

death claim was "exemplary or punitive" and thus implicated the Sale Order injunction, and

reaffirmed that this fact had "been clearly established for many, many years." *Id.*

38.     Thus, there is no question under Alabama law that the sole recovery for wrongful death claims is punitive damages.  As such, Plaintiffs' claims for wrongful death seek punitive damages—and only punitive damages—with respect to an Old Chrysler vehicle and are enjoined by the Sale Order.  (*See* Sale Order ¶ 12.)

C.     **FCA US's Liabilities Are Determined By the Sale Order and MTA.**

39.     Plaintiffs undoubtedly will cry foul that they cannot maintain a wrongful death claim against FCA US.  But the fact that Plaintiffs cannot pursue punitive damages against their target of choice, FCA US, is not driven by FCA US but rather is the sole responsibility of the Alabama legislature which has not provided for compensatory damages to be available in a wrongful death case.  Plaintiffs' inability to pursue a wrongful death claim against FCA is due to the unique nature of Alabama's wrongful death punitive damages, and does not provide a basis to somehow impose additional liabilities on FCA US.

40.     The Alabama District Court in fact recognized that "Plaintiff Overton's claims against FCA and Chrysler for punitive damages under Alabama's Wrongful Death Act directly implicate and **challenge** the terms" of this Court's order approving Amendment No. 4 to the MTA.  (Alabama Decision at *5 (emphasis added).)  However, Alabama law is clear that wrongful death damages are exemplary and punitive—exactly as other punitive damages are exemplary and punitive.  Section 2.08(h), as amended, is unequivocal that Plaintiffs cannot maintain a Product Liability Claim—including a wrongful death claim—that includes any claim for exemplary or punitive damages.  (Amendment No. 4 to MTA, ¶ 1.)  As a result, Plaintiffs' wrongful death claims seeking punitive damages are barred by the Sale Order.

-16-

DOCUMENT 46

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:03   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand   Pg 50 of 78

## II.     THE SALE ORDER BARS PLAINTIFFS' PERSONAL INJURY CLAIMS FOR PUNITIVE DAMAGES AGAINST FCA US

### A.     Counts Alleging Punitive Damages for Failure to Recall or Warn Are Barred.

41.     As set forth above, Section 2.08(h), as amended, which provides that FCA US assumed limited liability for vehicle accidents involving Old Chrysler vehicles sold prior to the Closing Date, is limited to only Product Liability Claims (as defined) and cannot include any claim for punitive damages.   (MTA, Amendment No. 4, ¶ 1.)

42.     Plaintiffs' attempts to label certain of its claims as seeking punitive damages for post-closing FCA US conduct are without substance and do not save Plaintiffs' claims.  Plaintiffs' punitive damages claims are premised on generalized statements that they seek to recover "punitive damages for FCA's post-bankruptcy sale conduct, transactions, actions, or failures to act which caused the chain of events and injuries giving rise to this action." (Compl. at 8, 12, 15.)  While lacking any details, Plaintiffs' allegations also completely miss the point that the source of any alleged duty for FCA US to recall or provide warnings arose only as part of the contractual assumption of liabilities under the MTA.

43.     The definition of Product Liability Claim is not tied to the Closing Date and includes claims that relate in **any** way to a claim for personal injury or wrongful death, and specifically includes "product recalls."  The Court need not look further because "[i]t is the primary rule of construction of contracts that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract." *Howard* v. *Howard*, 740 N.Y.S. 2d 71, 71 (N.Y. App. Div. 2002) (citing cases under New York

law).[8]  Moreover, "evidence outside the four corners of the document as to what was really

intended or unstated or misstated is generally inadmissible. . . ."  *Law Debenture Trust Co. of*

*New York* v. *Maverick Tube Corp.*, 595 F.3d 458, 466 (2d Cir. 2010).  Plaintiffs' claims fall

within the scope of the definition of a Product Liability Claim and thus, the conditions imposed

by Section 2.08(h) of the MTA (as amended in Amendment No. 4) apply, including the ban on

punitive or exemplary damages.  (*See* MTA § 2.08(h).)

44.     FCA US's position is further supported by Section 2.08(p) of the MTA,

pursuant to which it assumed certain limited Old Chrysler Obligations to NHTSA, including with

respect to recalls.  That provision does not authorize private causes of action or permit punitive

damages to be asserted against FCA US.  (MTA, Amendment No. 2, ¶ 1.)  When read as a

whole, the MTA specifically contemplates that any claims related to a recall conducted due to an

Old Chrysler design defect cannot include a punitive damages claim.  Plaintiffs attempt to assert

such a claim violates the Sale Order and the MTA.

**B.     Plaintiffs Have Not Asserted an Independent Claim Against FCA US.**

45.     If the Court were to determine, notwithstanding the plain language of the

MTA, that a punitive damages claim against FCA US could possibly be maintained in

connection with an accident involving an Old Chrysler vehicle manufactured and sold prior to

the Closing Date, Plaintiffs' punitive damages claims here nonetheless are enjoined by the Sale

Order.  FCA US did not assume liability for punitive damages based on Old Chrysler's conduct.

Said differently, any conceivable claim for punitive damages against FCA US would have to be

---

[8] The MTA is governed by New York substantive law.  (*See* MTA § 11.08.)

DOCUMENT 46

09-50002-shl  Doc 8523-7  Filed 05/04/18  Entered 05/04/18 15:33:03  Exhibit
Exhibit 6 - FCA Notice of Filing after Remand  Pg 52 of 78

based upon its own, independent conduct. The Complaint fails to present facts that could sustain any such "independent" claim against FCA US.

46.     As Judge Gonzalez made clear in *Wolff* v. *Chrysler Group LLC (In re Old Carco LLC)*, "Old Carco and [FCA US] are distinct entities against which different claims may be asserted," and "[b]ecause [FCA US] is a separate company that paid Old Carco adequate consideration for assets under the Sale Order, [FCA US] is not liable for all claims against Old Carco." Adv. Pro. No. 10-05007, 2010 Bankr. LEXIS 6320, at *17-18 (Bankr. S.D.N.Y. July 30, 2010). In other words, FCA US is not and was never Old Chrysler. Instead, "[a]ny claims against [FCA US] based upon the purchase of Old Carco's assets are limited to those liabilities assumed under the Sale Order," which "define[s] with a high degree of specificity which liabilities [FCA US] assumed from Old Carco and which liabilities Old Carco retained." *Id*.

47.     Plaintiffs' Complaint attempts to skirt this critical distinction by obfuscating its allegations. Plaintiffs' stated basis for pursuing punitive damages is FCA US's alleged failure to warn or recall the Old Chrysler vehicle. As an initial matter, the Complaint contains numerous allegations that the Old Chrysler vehicle was designed, engineered, manufactured and marketed by "FCA," which is demonstrably false. Any duty to warn or recall with respect to the Jeep Liberty at issue originated with Old Chrysler. As this Court has held, FCA US "did not assume Old Carco's duty to warn its customers . . . and any claim based on the breach of Old Carco's duty to warn is barred by the Sale Order." *Burton* v. *Chrysler Group, LLC*, 492 B.R. 392, 405 (Bankr. S.D.N.Y. 2013).

48.     Moreover, as against FCA US, the Complaint repeatedly alleges that the "defective condition of the Jeep Liberty was known by Chrysler and/or former Chrysler companies absorbed by FCA, and that knowledge transferred to FCA. Despite such knowledge,

-19-

FCA took no action to warn, recall or eliminate the defective condition." (Comp. ¶¶ 32, 47, 56.)

This argument fails as a matter of law because Plaintiffs are impermissibly attempting to impose

successor liability upon FCA US in violation of the Sale Order.

49.     FCA US did not "absorb" any Old Chrysler companies. As this Court has

affirmed, the Sale Order provides that FCA US purchased only assets from the Old Chrysler

bankruptcy estates pursuant to section 363(f) of the Bankruptcy Code "free and clear of all

Claims except for Assumed Liabilities." (Sale Order ¶ 9.) The Sale Order expressly provides

that FCA US did not assume any successor liability and shall not have any successor or vicarious

liabilities of any kind for any Claims. (*Id.* at ¶ 35.) The Complaint is silent with respect to what

FCA US itself had actual knowledge of with respect to information that, *arguendo*, may have

been known to Old Chrysler.

50.     Plaintiffs' allegations with respect to FCA US's "post-bankruptcy sale

conduct" are nothing more than an attempt to shoehorn a prohibited punitive damages claim into

a Product Liability Claim. *See Burton*, 492 B.R. at 405, *quoting Otoski* v. *Avidyne Corp.*, Case

No. 09-3041, 2010 WL 4739943, at *7 (D. Or. Oct. 6, 2010) (report and recommendation)

(noting that the failure to warn claims were a "typical successor liability case dressed up to look

like something else, and is prohibited by the plain language of the bankruptcy court's Order"),

*adopted*, 2010 WL 4737815 (D. Or. Nov. 15, 2010).

51.     Plaintiffs' claims relating to alleged injuries are nothing more than a

Product Liability Claim against Old Chrysler that improperly seeks to impose punitive damages

DOCUMENT 46

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:03   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 54 of 78

on FCA US.  As a result, the punitive damages claims asserted by Plaintiff Graham are enjoined

and must be dismissed with prejudice.[9]

## CONCLUSION

52.     For the foregoing reasons, FCA US respectfully requests that the Court

enforce the Sale Order as to Plaintiffs' punitive damages claims and enter the Proposed Order,

and grant such other and further relief as the Court deems just and proper, including, but not

limited to, all lawful costs and attorneys' fees.


Dated:   March 12, 2018
         New York, New York

/s/ Brian D. Glueckstein

Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:     (212) 558-4000
Facsimile      (212) 558-3588

*Counsel for FCA US LLC*

---

[9]    While the Court does not need to reach the question, Plaintiffs' attempt to manufacture independent claims against FCA US would be fruitless because there is no Alabama law or common law post-sale duty to recall or warn in Alabama.  *See, e.g., See Lampley* v. *Bridgestone Firestone, Inc.*, No. CIV.A. 90-A-907-N, 1992 WL 12666661, at *1 (M.D. Ala. March 31, 1992).

SC1:4600523.4

DOCUMENT 46

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:23:33   Exhibit A -
Exhibit 6 - FCA Notice of Filing after Remand   Pg 1 of 3

09-50002-smb   Doc 8523-7   Filed 05/12/18   Entered 05/12/18 18:34:08   Exhibit A -
Proposed Order   Pg 55 of 78

## Exhibit A

## Proposed Order

DOCUMENT 46

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit A -
Exhibit 6 - FCA Notice of Filing after Remand   Pg 2 of 3

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit A -
Proposed Order   Pg 56 of 78

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| Old Carco LLC | ) |
| (f/k/a Chrysler LLC), *et al.*, | ) |
| | ) |
| Debtors. | ) |
| | ) |

Chapter 11

Case No. 09-50002 (SMB)

(Jointly Administered)

**ORDER ENFORCING THE COURT'S ORDER (I) AUTHORIZING THE SALE
OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR
OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES IN CONNECTION THEREWITH AND
RELATED PROCEDURES AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of FCA US LLC ("FCA US") for entry of an

order (this "Order") enforcing this Court's Order (I) Authorizing the Sale of Substantially All of

the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances,

(II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired

Leases in Connection Therewith and Related Procedures and (III) Granting Related Relief

[Docket No. 3232] (the "Sale Order"); this Court having jurisdiction to consider the Motion

pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having retained jurisdiction to consider

the Motion pursuant to paragraphs 43 and 59 of the Sale Order and Article VIII of the Plan; and

venue of these chapter 11 cases and the Motion in this district being proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and

this Court having determined that the relief requested in the Motion is in the best interests of all

parties in interest; and this Court having found that proper and adequate notice of the Motion and

---

[1]   Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

DOCUMENT 46

09-50002-smb   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:83   Exhibit A -
Exhibit 6 - FCA Notice of Filing after Remand   Pg 57 of 78

the relief requested therein has been provided; and any objections to the Motion having been

withdrawn or overruled on the merits; and upon the record made by FCA US; and after due

deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.        The Motion is GRANTED as set forth herein.

2.        Plaintiffs' claims for punitive damages set forth in the Complaint pending

in *Overton* v. *Chrysler Group LLC*, Case No. 01-CV-2017-904376.00, Circuit Court for

Jefferson County, Alabama, are barred and enjoined by the Sale Order.

3.        Plaintiffs' claims for punitive damages under the Alabama Wrongful

Death Act are precluded by the Sale Order.

4.        Plaintiffs are directed to amend their Complaint to dismiss, with prejudice,

the claims for punitive damages against FCA US contained therein.

5.        The requirements set forth in Local Rule 9013-1(b) are satisfied.

6.        This Court retains jurisdiction with respect to all matters arising from or

related to the enforcement of this Order.

Dated:    _____, 2018
          New York, New York

                                        _____

                                        Stuart M. Bernstein
                                        United States Bankruptcy Judge

DOCUMENT 47

09-50002-mg    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 16:33:33    Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 58 of 78

ELECTRONICALLY FILED
3/22/2018 2:38 PM
01-CV-2017-904376.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# EXHIBIT C

DOCUMENT 47

09-50002-mg   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 2:17-cv-01983-JHE   Document 3   Filed 12/04/17   Page 33 of 4
Exhibit 6 - FCA Notice of Filing after Remand    Pg 59 of 78

FILED

2017 Nov-27  PM 05:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FRANKIE OVERTON, Administrator of the Estate of SUE ANN GRAHAM, Deceased; and SCOTT GRAHAM, as legal guardian of J.G., a minor child, <br><br> Plaintiffs, <br><br> v. <br><br> CHRYSLER GROUP, LLC.; FIAT CHRYSLER AUTOMOBILES US, LLC (FCA US LLC); RODERICUS OBYRAN CARRINGTON; TRW AUTOMOTIVE HOLDINGS CORP., f/k/a TRW, INC.; TRW AUTOMOTIVE, INC.; TRW AUTOMOTIVE U.S. LLC; TRW VEHICLE SAFETY SYSTEMS, INC.; ZF FRIEDRICHSHAFEN AG; ZF TRW AUTOMOTIVE HOLDINGS CORP.; et al. <br><br> Defendants. | CASE NO. 2:17-CV-01983-JHE |

## DEFENDANT FCA US LLC'S MOTION TO TRANSFER VENUE OR, ALTERNATIVELY, TO SEVER CLAIMS AND TRANSFER VENUE

Defendant FCA US LLC f/k/a Chrysler Group LLC ("FCA US")[1] hereby

moves the Court to transfer this action to the United States District Court for the

Southern District of New York pursuant to 28 U.S.C. § 1412 for ultimate referral

---

[1] Plaintiff additionally names Chrysler Group LLC as a defendant. That entity no longer exists. Rather, it is now known as FCA US LLC. As a result, this Motion is made on behalf of FCA US LLC only. To the extent necessary, Chrysler Group LLC hereby joins in this Motion.

DOCUMENT 47

09-50002-mg   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 60 of 78

Case 2:17-cv-05283-JHE   Document 3   Filed 12/01/17   Page 59 of 4

to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  As grounds for this Motion, FCA US states as follows:

1.      As set forth in detail in the Notice of Removal filed by FCA US, which is hereby incorporated into this Motion along with all supporting exhibits, Plaintiffs seek punitive damages against FCA US in this action.  Plaintiffs' punitives claims are inconsistent with orders from the Bankruptcy Court.

2.      For the reasons stated in the Notice of Removal, the Bankruptcy Court has jurisdiction over this matter because it is a civil proceeding arising under, arising in, or related to cases under title 11 of the United States Code.  Moreover, this action is a core proceeding under 28 U.S.C. § 157(b).

3.      In the interest of justice and for the convenience of the parties, this action should be heard by the Bankruptcy Court, which has expressly retained jurisdiction to resolve any disputes related to its orders.

4.      Alternatively, FCA US requests that the Court sever and remand or otherwise address Plaintiffs' claims against other defendants and transfer only those claims made against FCA US for ultimate referral to the Bankruptcy Court. See, e.g., Powell v. FCA US LLC, No. 3:15-CV-393-WHA, 2015 WL 5014097, at *6-7 (M.D. Ala. Aug. 21, 2015).

WHEREFORE, premises considered, FCA US respectfully requests that the Court enter an Order pursuant to 28 U.S.C. § 1412 transferring this action to the

DOCUMENT 47
09-50002-mg    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 15:33:33    Exhibit
Case 2:17-cv-85283-JHE    Document 3    Filed 12/04/18    Page 3 of 4
Exhibit 6 - FCA Notice of Filing after Remand    Pg 61 of 78

United States District Court for the Southern District of New York for referral to

the Bankruptcy Court.

Dated this 27th day of November, 2017.

Respectfully submitted,

_s/ Brian P. Kappel_
One of the Attorneys for
Defendant FCA US LLC

**OF COUNSEL:**

Michael L. Bell  mbell@lightfootlaw.com
Rachel M. Lary  rlary@lightfootlaw.com
Brian P. Kappel  bkappel@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
Telephone: (205) 581-0700
Facsimile: (205) 581-0799

DOCUMENT 47

09-50002-mg   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 2:1 cv 85283-JHE   Document 3   Filed 12/04/18   Page 43 of 4   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 62 of 78

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Parker Miller
J. Cole Portis
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 362013-4160

*Attorneys for Plaintiffs*

Respectfully submitted,

_____
*s/ Brian P. Kappel*
Of Counsel

DOCUMENT 48

09-50002-mg    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 16:33:33    Exhibit
Exhibit 6 - PCA Notice of Filing after Remand    Pg 63 of 78

ELECTRONICALLY FILED
3/22/2018 2:38 PM
01-CV-2017-904376.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# EXHIBIT D

DOCUMENT 48

09-50002-mg   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 2:17-cv-01983-RDP   Document 28   Filed 02/13/18   Page 64 of 15
Exhibit 6 - FCA Notice of Filing after Remand    Pg 64 of 78

FILED

2018 Feb-13  PM 03:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANKIE OVERTON, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:17-cv-01983-RDP** |
| | } | |
| **CHRYSLER GROUP LLC, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

### MEMORANDUM OPINION

This case is before the court on Plaintiffs' Motion to Remand.  (Doc. # 14).  The Motion

to Remand (Doc. # 13) has been fully briefed.  (Docs. # 14; 23; 25).  Also before the court are

Defendant Fiat Chrysler Automobiles US LLC's Motion to Transfer Venue or, Alternatively, to

Sever Claims and Transfer Venue (Doc. # 3) and Partial Motion to Dismiss (Doc. # 4).  For the

reasons outlined below, the court concludes the Motion to Remand (Doc. # 14) is due to be

granted, making the other pending motions (Docs. # 3, 4) moot.

## I.    Background and Relevant Facts

Plaintiff Frankie Overton ("Overton") and Plaintiff Scott Graham (collectively

"Plaintiffs") initiated this lawsuit against Defendants Chrysler Group LLC ("Chrysler"),[1] Fiat

Chrysler Automobiles US LLC ("FCA"), Rodericus Obyran Carrington ("Carrington"), TRW

Automotive Holdings Corp., TRW Automotive Inc., TRW Automotive US LLC, TRW Vehicle

Safety Systems Inc., ZF Friedrichshafen AG, and ZF TRW Automotive Holdings Corp.

(collectively "Defendants") on October 17, 2017 in the Circuit Court of Jefferson County,

Alabama.  (Doc. # 1-1).  On November 27, 2017, FCA filed a Notice of Removal (Doc. # 1)

---

[1] Plaintiffs name Chrysler as a Defendant in this case, but Chrysler is no longer in existence.  (Doc. # 23 at p.1 n.2).
FCA and Chrysler are now one entity.  (*Id.*).

DOCUMENT 48

09-50002-mg    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 15:33:33    Exhibit
Case 2:17-cv-04583-RDP    Document 28    Filed 02/13/18    Page 2 of 15
Exhibit 6 - FCA Notice of Filing after Remand    Pg 65 of 78

along with a Motion to Transfer Venue (Doc. # 3) and a Partial Motion to Dismiss (Doc. # 4).

FCA did not seek the approval of the other defendants in this case before removing it (Doc. # 1

at ¶¶ 10-12); however, Defendant TRW Vehicle Safety Systems Inc.[2] has since consented to the

removal.  (Doc. # 23-4).  Plaintiffs filed a Motion to Remand on December 27, 2017.  (Doc.

# 14).  The underlying lawsuit and the Chrysler bankruptcy proceeding (which is FCA's basis for

removal) center on two separate sets of facts, which are discussed below.

### A.    The Underlying Lawsuit

On June 10, 2016, Sue Ann Graham ("Decedent") and her minor son, J.G., were

passengers of a 2002 Jeep Liberty traveling on Interstate 59 in Jefferson County, Alabama.

(Doc. # 1-1 at ¶ 24).  Carrington was operating another vehicle and struck the 2002 Jeep Liberty,

causing it to overturn.  (*Id.*).  Sue Ann Graham sustained injuries that ultimately lead to her

death, and J.G. was also injured.  (*Id.* at ¶¶ 26-27).  Plaintiff Overton is suing Defendants as the

administrator of the estate of Decedent.  (*Id.* at ¶ 2).  Plaintiff Scott Graham, the legal guardian

and father of J.G., is suing Defendants on behalf of J.G.  (*Id.* at ¶ 3).

In their pleadings, Plaintiffs have alleged negligence, wantonness, and Alabama

Extended Manufacturer's Liability Doctrine ("AEMLD") claims.  (*Id.* at p. 6-15).  Overton seeks

damages on behalf of Decedent under Alabama's Wrongful Death Act.  (*Id.*).  On behalf of J.G.,

Scott Graham seeks compensatory damages from Chrysler and FCA, punitive damages from

FCA for its post-bankruptcy sale conduct, and compensatory and punitive damages from the

other defendants.  (*Id.*).

---

[2] FCA claims that, if FCA is required to obtain the consent of the other defendants, FCA has met this requirement
because Defendant TRW Vehicle Safety Systems Inc. does not object to the removal and is the only defendant that
has "'been properly joined and served'" in this lawsuit.  (Doc. # 23 at p. 23 (quoting 28 U.S.C. § 1446(b)(2)(A)).

DOCUMENT 48
09-50002-mg   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Case 2:17-cv-04583-RDP   Document 28   Filed 02/13/18   Page 3 of 15
Exhibit 6 - FCA Notice of Filing after Remand     Pg 66 of 78

### B.        The Bankruptcy Proceeding

In 2009, FCA purchased substantially all of Chrysler's assets from the bankruptcy estate of Old Carco Liquidation Trust ("Old Carco") under a Master Transaction Agreement ("MTA"). (Docs. # 1 at ¶ 13; 15 at p. 2; 23 at p. 2).   The MTA set forth FCA's assumed liabilities and excluded liabilities resulting from the purchase.  (Docs. # 1 at ¶ 15-20; 1-3; 15 at p. 2-3; 23 at p. 2).  On June 1, 2009, the United States Bankruptcy Court for the Southern District of New York issued an order ("Sale Order") approving the transaction under the terms set forth in the MTA. (Docs. # 1 at ¶ 17-18; 1-4; 15 at p. 2-3).  The Sale Order permanently enjoined any person from asserting a claim arising from or related to the assets transferred in the transaction against FCA unless FCA expressly assumed liability for the claim in the MTA.  (Docs. # 1 at ¶ 18; 1-5 at p. 29-30).  It also stated that, "[w]hile the Debtors' bankruptcy cases are pending, this [Bankruptcy] Court shall retain jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Sale Order and the [MTA], [and] all amendments therto . . . ."  (Doc. # 1-4 at p. 45).  The transaction closed on June 10, 2009.  (Docs. # 1 at ¶ 21; 15 at p. 3).

In a later amendment ("Amendment No. 4") to the MTA (which the Bankruptcy Court approved on November 19, 2009), FCA agreed to assume liability for "all Product Liability Claims arising from the sale on or prior to the Closing of motor vehicles or component parts . . . solely to the extent such Product Liability Claims . . . do not include any claim for exemplary or punitive damages."  (Doc. # 1 at ¶ 22-23; 1-5 at p. 8).  In the November 19, 2009 Order approving Amendment No. 4, the Bankruptcy Court stated that it was "retain[ing] jurisdiction over all matters or disputes arising out of or in connection with this Stipulation and Agreed Order."  (Doc. # 1-5 at p. 5).  The Old Carco bankruptcy estate closed on March 1, 2016.  (Docs. # 1 at ¶ 25; 15 at p. 7).

DOCUMENT 48
09-50002-mg Doc 8523-7 Filed 05/04/18 Entered 05/04/18 15:33:33 Exhibit
Case 2:17-cv-04523-RDP Document 1-28 Filed 02/19/18 Page 3 of 15
Exhibit 6 - FCA Notice of Filing after Remand    Pg 67 of 78

## II.      Standard of Review

It has long been recognized that federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Indeed, federal courts may only exercise jurisdiction conferred upon them by Congress.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  Anytime a "federal court acts outside its statutory subject matter jurisdiction, it violates the fundamental constitutional precept of limited federal power."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971)).

Generally, any action filed in state court, over which a district court would have original jurisdiction, "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The burden of establishing subject matter jurisdiction for the purpose of a valid removal to this court is squarely on the removing party.  *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005).  Federal courts strictly construe removal statutes and resolve all doubts in favor of remand.  *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-30 (11th Cir. 2006).

## II.      Discussion

FCA's removal of this action was based upon 28 U.S.C. §§ 1334(b), 1441, 1446, and 1452(a).  (Doc. # 1 at p. 1).  Section 1452(a) allows "a party" to "remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  However, under § 1452(b), "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action *on any equitable ground*."  (emphasis added).

"[D]istrict courts shall have original *and* exclusive jurisdiction of all *cases* under title 11"

and "original *but not* exclusive jurisdiction of all *civil proceedings* arising under title 11, or

arising in or related to cases under title 11."  28 U.S.C. § 1334(a)-(b) (emphasis added).  As the

statute indicates, there are four types of matters over which the district court has bankruptcy

jurisdiction: (1) "cases under title 11;" (2) "proceeding[s] arising under title 11;" (3)

"proceedings arising in a case under title 11;" and (4) "proceedings related to a case under title

11."  *In re Royal*, 197 B.R. 341, 346-47 (Bankr. N.D. Ala. 1996) (quoting *In re Wood*, 925 F.2d

90, 93 (5th Cir. 1987)).[1]  Section 1334(c) explains when a federal court *may* and *must* abstain

from hearing a § 1334 case over which the court has concurrent jurisdiction:

> (c)(1) Except with respect to a case under chapter 15 of title 11,
> *nothing in this section prevents a district court in the interest of
> justice, or in the interest of comity with State courts or respect for
> State law, from abstaining* from hearing a particular proceeding
> arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a
> State law claim or State law cause of action, *related to a case
> under title 11 but not arising under title 11 or arising in a case
> under title 11*, with respect to which an action could not have been
> commenced in a court of the United States absent jurisdiction
> under this section, *the district court shall abstain* from hearing
> such proceeding if an action is commenced, and can be timely
> adjudicated, in a State forum of appropriate jurisdiction.

(emphasis added).

Plaintiffs and FCA dispute whether (1) the court has jurisdiction over Plaintiffs' state law

claims, (2) FCA's removal was procedurally defective due to FCA's failure to follow § 1446's

---

[1] In bankruptcy parlance, there is a critical distinction between a "case" and a "civil proceeding."  A case, unlike a civil proceeding, must be prosecuted in federal court.  *See, e.g.*, 1-3 COLLIER ON BANKRUPTCY § 3.01 (2010) ("[T]he jurisdiction of the district courts over title 11 'cases' is original and exclusive, while the jurisdiction over civil proceedings arising under title 11, or arising in title 11 cases, or related to those cases, is original but not exclusive."); 13D FEDERAL PRACTICE & PROCEDURE – JURISDICTION § 3570 (3d ed. 2010) ("This means that in civil proceedings arising in or related to bankruptcy cases, there is concurrent jurisdiction – such matters may be heard by either federal or state courts.").

DOCUMENT 48
09-50002-mg17 Doc 8523-7 Filed 05/04/18 Entered 05/04/18 15:33:33 Exhibit
Case 2:17-cv-04563-RDP Document 28 Filed 02/15/19 Page 6 of 15
Exhibit 6 - FCA Notice of Filing after Remand    Pg 69 of 78

rule of unanimity, and (3) the court should abstain from hearing this matter if the court does have

jurisdiction over Plaintiffs' claims.  The court addresses each of these issues.

### A.    Subject Matter Jurisdiction Exists

Although the parties agree that the court does not have original and exclusion jurisdiction

of Plaintiffs' claims under 28 U.S.C. § 1334(a), the parties dispute whether this case "aris[es] in

or relate[s] to [a] case[] under title 11."  If the action arises in or relates to a case under title 11,

the court has concurrent jurisdiction of Plaintiffs' claims under § 1334(b).  In order to determine

whether the court has subject matter jurisdiction, the court need only evaluate "whether a matter

is at least 'related to' the bankruptcy."  *In re Taylor Agency, Inc.*, 281 B.R. 94, 97 (Bankr. S.D.

Ala. 2001).  The Eleventh Circuit has adopted the *Pacor* test, which defines "related to" in this

context as follows:

> The usual articulation of the test for determining whether a civil
> proceeding is related to bankruptcy is whether the outcome of the
> proceeding could conceivably have an effect on the estate being
> administered in bankruptcy. The proceeding need not necessarily
> be against the debtor or against the debtor's property. An action is
> related to bankruptcy if the outcome could alter the debtor's rights,
> liabilities, options, or freedom of action (either positively or
> negatively) and which in any way impacts upon the handling and
> administration of the bankrupt estate.

*Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v.*

*Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)); *see also Celotex Corp. v. Edwards*, 514 U.S. 300,

308 n.6 (1995).  The term "related to" certainly "suggests a grant of some breadth;" however,

"'related to' jurisdiction cannot be limitless."  *Celotex Corp.*, 514 U.S. at 307-08.  Furthermore,

"bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the

debtor."  *Id.*  at 308 n.6.

Plaintiffs argue that their case in no way impacts the handling and administration of Old

Carco for two main reasons.   (Doc. # 15 at p. 14-15).  First, Plaintiffs contend that their claims

DOCUMENT 48

09-50002-mg17 Doc 8523-7 RDFiled 05/04/182 Entered 05/04/18 15:33:33 Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 70 of 78

against FCA only affect FCA and have no effect on Old Carco's rights, liabilities, options, or freedom of action. (*Id.* at p. 15-17). Second, the dates of Plaintiffs' accident (June 10, 2016) and filing of a lawsuit (October 17, 2017) both occurred after Old Carco's bankruptcy estate closed (March 1, 2016). (Docs. # 15 at 15-17; 25 at p. 2-4). To the contrary, FCA avers that the closure of Old Carco's bankruptcy estate is immaterial because the interpretation and enforcement of a bankruptcy court's order is a core proceeding.[3] (Doc. # 23 at p. 12-14).

Generally, once a bankruptcy estate is closed, jurisdiction under § 1334(b) shrinks. *See, e.g.*, *Bank United v. Manley*, 273 B.R. 229, 243 (N.D. Ala. 2001) ("Generally, jurisdiction over bankruptcy proceedings ceases with the closing of the bankruptcy estate, but Congress has stated that in some instances jurisdiction continues after the estate is closed because the proceeding would still 'arise under' title 11."); *Golf Club at Bridgewater, L.L.C. v. Whitney Bank*, No. 8:09-BK-10430-CED, 2013 WL 1193182, at *2 (M.D. Fla. Mar. 22, 2013) ("[W]hile a bankruptcy court's jurisdiction can be invoked less frequently post-confirmation, 'the court is not without jurisdiction to enforce the remaining unperformed terms of the confirmed plan.'"); *In re McIntyre Bldg. Co. Inc.*, No. 10-30558-WRS, 2011 WL 1434691, at *13 (Bankr. M.D. Ala. Apr. 14, 2011) ("Bankruptcy Court jurisdiction generally centers upon what happens to property of the estate from the date of the petition until the time the estate is closed."); *see also In re Resorts Int'l, Inc.*, 372 F.3d 154, 164-65 (3d Cir. 2004) ("After confirmation of a reorganization plan, retention of bankruptcy jurisdiction may be problematic."). When an action is brought after

---

[3] Matters that may be referred to a bankruptcy court are divided into two categories: core proceedings and non-core proceedings. *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2171 (2014). Core proceedings involve "a right created by the federal bankruptcy law." *See Bank United*, 273 B.R. at 236 (quoting *In re Toledo*, 170 F.3d 1340, 1348 (11th Cir. 1999). Claims that "arise under" or "arise in" title 11 are core proceedings. *Stern v. Marshall*, 564 U.S. 462, 476 (2011). Non-core proceedings are "proceedings that are 'not . . . core' but are 'otherwise related to a case under title 11.'" *Exec. Benefits*, 134 S. Ct. at 2172.

DOCUMENT 48

09-50002-mg    Doc 8523-7    Filed 05/04/18    Entered 05/04/18 15:33:33    Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 71 of 78

confirmation[4] of a plan, application of the *Pacor* test proves difficult "because, under traditional *Pacor* analysis, bankruptcy jurisdiction will not extend to a dispute between non-debtors unless the dispute creates 'the logical possibility that the estate will be affected.'" *In re Resorts Int'l, Inc.*, 372 F.3d at 165 (quoting *In re Federal–Mogul Global, Inc.*, 300 F.3d 368, 380 (3d Cir. 2002)).

Instead of literally applying the *Pacor* test to entirely bar post-confirmation bankruptcy jurisdiction, some courts apply the close nexus test and ask whether the case has a close nexus to the bankruptcy proceeding that is sufficient to hold bankruptcy court jurisdiction over the matter. *Id.* at 165-67; *see, e.g., Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 837 (4th Cir. 2007); *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005); *In re Residential Capital, LLC*, 519 B.R. 593, 599 (S.D.N.Y. 2014); *In re Castle Home Builders, Inc.*, 520 B.R. 98, 101 (Bankr. N.D. Ill. 2014); *In re Reg'l Diagnostics, LLC*, 372 B.R. 3, 22 (Bankr. N.D. Ohio 2007). The close nexus test generally is satisfied when a matter affects "the interpretation, implementation, consummation, execution, or administration of the confirmed plan." *In re Resorts Int'l, Inc.*, 372 F.3d at 167. Although the Eleventh Circuit has not adopted the close nexus test (or any test for post-confirmation jurisdiction, for that matter)[5] this court finds the close nexus test persuasive in deciding that jurisdiction exists over this action because Plaintiffs' claims against FCA will require the deciding court to interpret and potentially implement the Bankruptcy Court's Orders.

---

[4] The court notes that this case was not only brought after confirmation, but also after the bankruptcy estate closed.

[5] *See In re Carbide Indus., LLC*, No. 6:14-BK-09894-KSJ, 2016 WL 3571295, at *3 (Bankr. M.D. Fla. June 29, 2016) (noting that the Eleventh Circuit has not adopted the close nexus test); *Sirius Computer Sols., Inc. v. AASI Creditor Liquidating Tr.*, No. 10-23406-CIV, 2011 WL 3843943, at *3 (S.D. Fla. Aug. 29, 2011) (noting that the Eleventh Circuit has not adopted any test for post-confirmation jurisdiction).

Furthermore, a bankruptcy court retains jurisdiction after an estate is closed to interpret and enforce its own orders entered in a Chapter 11 proceeding. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934)) (holding that a bankruptcy court "plainly" had continuing jurisdiction, more than a decade after entry of orders confirming a Chapter 11 plan and enjoining causes of actions against insurers, to interpret and enforce its own prior orders); *see also Consumer Portfolio Servs., Inc. v. Coleman*, 342 B.R. 817, 820 (N.D. Ala. 2006) ("All courts, including bankruptcy courts, retain jurisdiction to enforce their own orders and judgments."). Here, Plaintiff Overton's claims against FCA and Chrysler for punitive damages under Alabama's Wrongful Death Act directly implicate and challenge the terms of the Bankruptcy Court's November 19, 2009 Order approving Amendment No. 4.[6] Because Plaintiffs' claims implicate bankruptcy court orders that require interpretation, Plaintiffs' claims relate to the Old Carco bankruptcy proceedings and subject matter jurisdiction exists. *See Travelers*, 557 U.S. at 151; *see also Ingman v. FCA US LLC*, No. CV-17-00069-GF-BMM, 2017 WL 5465521, at *3-4 (D. Mont. Nov. 14, 2017) (indicating that the Old Carco Bankruptcy Court would have jurisdiction with respect to a punitive damages claim for pre-bankruptcy conduct but not with respect to a post-bankruptcy punitive damages claim).

---

[6] To be clear, the court finds that jurisdiction exists over Plaintiffs' case only because of the punitive damages claims brought by Plaintiff Overton under Alabama's Wrongful Death Act. Specifically, Plaintiff Overton asks the court to determine whether Alabama's unique requirement that plaintiffs recover punitive damages (as opposed to compensatory damages) for wrongful death claims implicates Amendment No. 4. (Doc. # 15 at p. 17-21).

The court is less convinced that Plaintiff Scott Graham's claims create federal jurisdiction due to the nature of the damages pled. Scott Graham seeks compensatory damages from Chrysler and FCA and punitive damages from FCA for its *post*-bankruptcy sale conduct. (Doc. # 1-1 at p. 8, 11-12, 15). "'These sorts of claims are based on . . . post-petition conduct, and are not claims that are based on a right to payment that arose before the filing of petition or that are based on pre-petition conduct.'" *Mathias v. Fiat Chrysler Automobiles, NV*, No. 5:16-CV-01185-EJD, 2016 WL 5109967, at *4 (N.D. Cal. Sept. 21, 2016) (quoting *In re Motors Liquidation Co.*, Nos. 15-2844-bk(L), 15-2847-bk(XAP), 15-2848-bk(XAP), 2016 U.S. App. LEXIS 12848, at *31 (2d Cir. July 13, 2016)). In light of the carefully-pled manner of the Complaint, the MTA and Amendment No. 4 do not govern whether Plaintiff Scott Graham's claims are proper. *See Mathias*, 2016 WL 5109967, at *4 ("The MTA and Amendment No. 4 simply do not govern the claim, and the orders approving those documents need not be interpreted to determine whether or not the claim is permissible.").

DOCUMENT 48

09-50002-mg 7 Doc 8523-7 DF Filed 05/04/18 Document 28 Entered 05/04/18 15:33:33 8 Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 73 of 78

## B.    The Rule of Unanimity Does Not Apply

Title 28 U.S.C. § 1441(a) provides, "*Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  (emphasis added).  Section 1446 lays out the proper procedure for the removal of civil actions and requires "all defendants who have been properly joined and served [to] join in or consent to the removal of the action" if the action was "removed *solely under section 1441(a)*."  (emphasis added).  Plaintiffs argue that FCA's removal was procedurally improper because FCA did not obtain the consent of all of the defendants in this case.  (Doc. # 15 at p. 9-13).  The court disagrees.

Although some courts have disagreed on whether the unanimity requirement applies to removals under § 1452(a), this court finds that, under its plain language, § 1446(b)(2)(A)'s unanimity requirement does not apply to cases removed under § 1452(a) as it applies only to cases whose removal is premised *solely* on § 1441(a).  *See* 28 U.S.C. § 1446(b)(2)(A); *Ret. Sys. of Alabama*, 209 F. Supp. 2d at 1264 (finding that § 1452 allows removal without unanimity of defendants to the extent that the claim being removed touches on the administration of a bankruptcy estate)[7]; *In re Plowman*, 218 B.R. 607, 616 (Bankr. N.D. Ala. 1998) ("When a case is removed under 28 U.S.C. § 1452, one defendant may remove a case without the consent of the other defendants."); *In re C.D. Jones & Co., Inc.*, No. 09-31595-KKS, 2015 WL 2260707, at *5 (Bankr. N.D. Fla. May 12, 2015) (holding that removal under § 1452 does not require the

---

[7] In *Retirement Systems of Alabama v. Merrill Lynch & Co.*, Judge Albritton expressed a "very serious concern" regarding whether § 1452 allows a defendant to remove an entire action or only the claims within the action that create federal jurisdiction under § 1334.  *See* 209 F. Supp. 2d at 1264.  At this point, this court finds it unnecessary to decide whether a defendant has the authority to remove an entire case or only the claims within a case that create bankruptcy jurisdiction.

consent of other defendants); *see also Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 770 (7th

Cir. 2011) (comparing § 1452(a) with § 1441(a) and finding that § 1452(a) does not have a

requirement of unanimity); *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d

86, 103 (2d Cir. 2004) ("[B]ecause any one 'party' can remove under Section 1452(a), removal

under that provision, unlike removal under Section 1441(a), does not require the unanimous

consent of the defendants."); *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir.

1985) ("Under the bankruptcy removal statute, however, any one party has the right to remove

the state court action without the consent of the other parties."); *Anstine & Musgrove, Inc. v.

Calcasieu Ref. Co.*, 436 B.R. 136, 138-39 (D. Kan. 2010) (agreeing with a "substantial majority

of courts" that "the consent of all defendants is not required for removal under Section 1452" and

compiling cases in agreement). *But see Ross v. Thousand Adventures of Iowa, Inc.*, 178 F. Supp.

2d 996, 1002 (S.D. Iowa 2001) ("The fact that 'a defendant' or 'a party' may file the notice of

removal, based on federal question jurisdiction or related-to-bankruptcy jurisdiction, does

nothing to dilute the unanimity rule when multiple defendants seek to remove a case to federal

court."). Here, FCA removed this action based on multiple statutes, and primarily based on

§ 1452(a). (Doc. # 1 at p. 1). Section 1452(a) does not require a removing party to receive the

consent of other defendants; rather, its plain language permits *a party* to remove *any claim or

cause of action in a civil action* if the district court has jurisdiction under § 1334. 28 U.S.C.

§ 1452(a). Thus, Plaintiffs' argument that FCA's removal was improper due to the rule of

unanimity is unavailing.

### C.    Abstention and Remand Are Appropriate under 28 U.S.C. §§ 1334(c)(1) and 1452(b)

Section 1452 permits a court to remand a cause of action removed under § 1334 on any

equitable ground. 28 U.S.C. § 1452(b). Similarly, § 1334 allows a court to abstain from hearing

DOCUMENT 48

09-50002-mg 7 Doc 8523-7 DF Filed 05/04/18 Entered 05/04/18 15:33:33 Exhibit
Exhibit 6 - FCA Notice of Filing after Remand     Pg 75 of 78

a case that "aris[es] under title 11 or aris[es] in or relate[s] to a case under title 11" when a court

does so "in the interest of justice, or in the interest of comity with State courts or respect for State

law." 28 U.S.C. § 1334(c)(1).  Here, the court finds that abstention and remand is appropriate

for this state law action.

    Courts have developed the following set of considerations to aid in the determination of

whether abstention is warranted:

> (1) the effect, or lack thereof, on the efficient administration of the
> bankruptcy estate if the discretionary abstention is exercised, (2)
> the extent to which state law issues predominate over bankruptcy
> issues, (3) the difficulty or unsettled nature of the applicable state
> law, (4) the presence of related proceedings commenced in state
> court or other non-bankruptcy courts, (5) the jurisdictional basis, if
> any, other than § 1334, (6) the degree of relatedness or remoteness
> of the proceedings to the main bankruptcy case, (7) the substance
> rather than the form of an asserted 'core' proceeding, (8) the
> feasibility of severing state law claims from core bankruptcy
> matters to allow judgments to be entered in state court with
> enforcement left to the bankruptcy court, (9) the burden on the
> bankruptcy court's docket, (10) the likelihood that the
> commencement of the proceeding in bankruptcy court involves
> forum shopping by one of the parties, (11) the existence of a right
> to jury trial, and (12) the presence in the proceeding of non-debtor
> parties.

*Ret. Sys. of Alabama v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1267-68 (M.D. Ala. 2002).

In this case, the court finds that these factors weigh in favor of abstention.  Plaintiffs in this

action only bring state law claims, and all of the parties involved in this action are non-debtor

parties.  The only basis for § 1334 jurisdiction (and jurisdiction generally) in this case is that one

of the two Plaintiffs (Plaintiff Overton) has asked for punitive damages under the Alabama

Wrongful Death Act.  Although the Bankruptcy Court has jurisdiction to interpret its orders, the

state court can just as easily dismiss claims in front of it that are barred by the MTA and

Amendment No. 4.  In the unlikely event that the state court does not honor the Bankruptcy

DOCUMENT 48
09-50002-mg   Doc 8523-7   Filed 05/04/18   Entered 05/04/18 15:33:33   Exhibit
Exhibit 6 - FCA Notice of Filing after Remand    Pg 76 of 78

Case 2:17-cv-08523-RDP   Document 28   Filed 02/26/18   Page 75 of 15

Court's order, FCA is not left without remedy: it can appeal or petition the Bankruptcy Court to enforce its order against Plaintiffs.  *See* Fed. R. Bankr. P. 9014, 9020.

Citing Ecclesiastes 1:9 (NIV),[8] FCA argues that this issue has already been decided by other courts, cites a number of cases where motions to remand were denied, and asserts this court should follow those cases and deny Plaintiffs' Motion to Remand.  (Doc. # 23).  However, although King Solomon taught us that there is nothing new under the sun (Eccle. 1:9), the key issue presented here was not presented in any of the cases cited by FCA.  In fact, in supporting its argument, FCA only cites case law that deals with actions that accrued or were filed *before* the Old Carco bankruptcy estate was closed.  *See Powell v. FCA US LLC*, No. 3:15-CV-393-WHA, 2015 WL 5014097 (M.D. Ala. Aug. 21, 2015) (case brought before estate closed); *Ritter v. Chrysler Grp. LLC*, No. 4:13-CV-2123, 2014 WL 549706 (M.D. Pa. Feb. 11, 2014) (same); *Martin v. Chrysler Grp., LLC*, No. 6:12-CV-00060, 2013 WL 5308245 (W.D. Va. Sept. 20, 2013) (same); *Quesenberry v. Chrysler Grp. LLC*, No. CIV. 12-48-ART, 2012 WL 3109431 (E.D. Ky. July 31, 2012) (same); *Perno v. Chrysler Grp., LLC*, No. CIV.A. 10-5100 WJM, 2011 WL 868899 (D.N.J. Mar. 10, 2011) (same); *Tulacro v. Chrysler Grp., LLC*, No. SACV 10-01956-CJC(CWx), 2011 WL 13227751 (C.D. Cal. Feb. 2, 2011) (same); *Shatzki v. Abrams*, No. 1:09-CV-02046 LJODLB, 2010 WL 148183 (E.D. Cal. Jan. 12, 2010) (same); *see also White v. FCA US*, LLC, No. 17-12320, 2017 WL 5494994 (E.D. Mich. Nov. 16, 2017) (claims arose before estate closed); *Dearden v. FCA US LLC*, No. 5:16-CV-00713, 2017 WL 1190980 (E.D. Pa. Mar. 31, 2017) (same); *Clark v. Chrysler Grp., LLC*, No. CIV.A.10-3030, 2010 WL 4486927 (E.D. Pa. Nov. 5, 2010) (claims arose prior to the filing of bankruptcy); *Cooper v. Daimler AG*, No. CIVA 109-CV-2507-RWS, 2009 WL 4730306 (N.D. Ga. Dec. 3, 2009) (same); *Monk v.*

---

[8] Specifically, FCA opens its brief opposing Plaintiffs' Motion to Remand using the following quote: "What has been will be again, what has been done will be done again; there is nothing new under the sun."  (Doc. # 23 at p. 1).

DOCUMENT 48

09-50002-mg 7 Doc 8523-7 DF Filed 05/04/18 28 Entered 05/04/18 15:33:33 1 Exhibit
Exhibit 6 - FCA Notice of Filing after Remand   Pg 77 of 78

*Daimler AG,* No. CIVA 109-CV-2511-RWS, 2009 WL 4730314 (N.D. Ga. Dec. 3, 2009) (same); *Doss v. Chrysler Grp., LLC*, No. CV-09-02130-PHX-DGC, 2009 WL 4730932 (D. Ariz. Dec. 7, 2009).  The court finds these cases distinguishable because Plaintiffs' claims were filed and arose after the Old Carco bankruptcy estate was closed.

FCA heavily relies on *Powell v. FCA US LLC*, 2015 WL 5014097, which was decided by the Middle District of Alabama.  (Doc. # 23).  This case arose out of a car accident that occurred on April 15, 2014 and resulted in the death of one passenger.  2015 WL 5014097, at *1.  On April 30, 2015, the plaintiff in *Powell* filed a wrongful death action under Alabama law in state court against FCA and Macon County, Alabama.  *Id.*  FCA removed the case to federal court and filed a motion to transfer to the Southern District of New York for referral to the United States Bankruptcy Court in that district.  *Id.*  In his August 21, 2015 opinion, Judge Albritton found that the claims brought against FCA were core proceedings, removal was proper under § 1452, and remand was not warranted as to the claims brought against FCA.  *Id.* at *6.  Judge Albritton transferred the claims brought against FCA to the Southern District of New York and remanded the claims brought against Macon County.  *Id.* at * 6-7.

But *Powell* is distinct from this case for at least two reasons.  First, in *Powell*, the dates of the accident, the filing of the case, and the publication of Judge Albritton's opinion all preceded the date the Old Carco bankruptcy estate closed.  *Id.* at *1.  Second, the relief requested by the plaintiff in *Powell* only included punitive damages under Alabama's Wrongful Death Act.  In this case, on the other hand, Plaintiffs' claims accrued and were filed after the Old Carco bankruptcy estate had closed, and Plaintiffs' damages are not limited to punitive damages under the Alabama's Wrongful Death Act.  (*See* Doc. # 1-1).  Rather, Plaintiffs' requested damages against FCA also include damages that do not fall within the scope of the MTA and Amendment

DOCUMENT 48
09-50002-mg Doc 8523-7 Filed 05/04/18 Entered 05/04/18 15:33:33 Exhibit
Case 2:17-cv-03523-RDP Document 28 Entered 02/13/18 Page 15 of 15
Exhibit 6 - FCA Notice of Filing after Remand    Pg 78 of 78

No. 4 (punitive damages for FCA's post-bankruptcy sale conduct and compensatory damages). *See Ingman v. FCA US LLC*, 2017 WL 5465521, at \*3-4; *Mathias*, 2016 WL 5109967, at \*4.

Moreover, unlike in *Powell*, severance in this case is not practical and would not be in the interest of justice.  If the court were to sever Overton's punitive damages claims against FCA from the remainder of this case, both FCA and Plaintiff Overton would be forced to litigate actions involving the same underlying facts in two different courts.  If the court was to sever all of Plaintiffs' claims brought against FCA, not only would both Plaintiffs be forced to litigate in two different courts, but Plaintiff Scott Graham would also be forced to litigate his Alabama state law claims (that do not fall within the scope of the Bankruptcy Court's Orders) in the Southern District of New York.   As such, the court finds that remanding this entire case is the most equitable, practicable, and just course of action.  *See* 28 U.S.C. §§ 1334(c)(1), 1452(b).

III.    **Conclusion**

For the reasons outlined above, Plaintiffs' Motion to Remand (Doc. # 14) is due to be granted.  Accordingly, the other motions (Docs. # 3, 4) pending in this action are moot.  A separate order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this February 13, 2018.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE