STATE OF ALABAMA           )

TUSCALOOSA COUNTY          )

## AFFIDAVIT OF RETIRED JUSTICE R. BERNARD HARWOOD

Before me, the undersigned authority, a notary public in and for the said County and State, personally appeared R. Bernard Harwood who, after being by me first duly sworn, deposes and says that he is above the age of nineteen, that he has personal knowledge of the facts set forth herein, and the following is true and correct to best of his knowledge, information and belief.

My name is R. Bernard Harwood. I am a retired Associate Justice of the Alabama Supreme Court and currently work in private practice with the law firm of Rosen Harwood. I have been practicing law in the State of Alabama for over 54 years. In 1963, I obtained an L.L.B. at the University of Alabama School of Law and commenced the practice of law that year. In 1967, I joined with Gordon Rosen to form the law firm of Rosen and Harwood. Between 1963 and 1991, as an attorney in private practice, I served as Deputy City Judge of Tuscaloosa, as a member of the Tuscaloosa County Civil Service Board, as a Special Assistant Attorney General for the State of Alabama, and as a Lecturer in Law at the University of Alabama School of Law, teaching courses in trial advocacy. I was elected President of the Tuscaloosa County Bar Association, President of the Farrah Law Society/Order of the Coif of the University of Alabama School of Law, President of

the Tuscaloosa Inn of Court and Chairman of the Litigation Section of the Alabama State Bar.

In 1991, I was appointed by the Governor of the State of Alabama to fill a vacancy on the Circuit Court of Tuscaloosa County. I was elected to a full six-year term in 1992, and re-elected in 1998. I served as Tuscaloosa County Circuit Judge for approximately ten years. In November 2000, I was elected an Associate Justice of the Alabama Supreme Court. I served in that position for a full term of six years. In January 2007, I retired from the Alabama Supreme Court and returned to private practice, rejoining my old firm which resumed the name Rosen Harwood. I remain there today. For over ten years, up until approximately two years ago, I taught Evidence and Advanced Evidence courses at the University of Alabama School of Law. I serve as Chair, appointed by the Alabama Supreme Court, of the State-wide Committee on the Alabama Rules of Evidence. Additionally, I serve as a member of the Court's Standing Committee on Civil Pattern Jury Instructions. I have on numerous occasions been "recommissioned" by the Alabama Supreme Court to serve as a special justice on that Court, doing on three separate occasions this year alone.

I am a Fellow of the American Bar Foundation, a Fellow of the Alabama Bar Foundation, a Fellow of the American College of Trial Lawyers and a "Diplomat" of the American Board of Trial Advocates. I continue to serve as a member of the American, Alabama and Tuscaloosa County Bar Associations. In addition to my active trial practice,

I frequently serve as a mediator or an arbitrator, often by appointment by the American Arbitration Association. I am included in the 2018 editions of <u>Alabama Super Lawyers</u> and <u>Best Lawyers in America</u>, as I have been continuously from shortly after I returned to the private practice of law in 2007.

Due to my long experience in both the judicial and private fields of law, attorneys Parker Miller and Stephanie Monplaisir have asked that I prepare an affidavit regarding Alabama law as it relates to the nature and purpose of punitive damages in wrongful death cases predicated on simply negligence.

I am very familiar with Alabama's Wrongful Death Statute, presently codified as § 6-5-410, Ala. Code 1975. For over 100 years, Alabama Courts have interpreted this Statute to mean that the only damages recoverable in a wrongful death case in Alabama are punitive damages. See *Merrell v. Alabama Power Co.*, 382 So. 2d 494, 495-497 (Ala. 1980) and *Savannah & Memphis Railroad Co. v. Shearer, Adm'x*, 58 Ala. 672 (1877). "In 1872, the Alabama Legislature re-enacted [the Wrongful Death Act] to prevent homicides to provide for damages in 'such sum as the jury deem just' . . . ." *Campbell v. Williams*, 638 So. 2d 804, 808 (Ala. 1994). "From the time the Legislature enacted the predecessor of this provision in 1852, this Court has understood the legislative intent behind the phrase 'such damages as the jury may assess' to be that the jury is to award punitive or exemplary damages." *Tillis Trucking Co. v. Moses*, 748 So. 2d 874, 888-89 (Ala. 1999). The clear public

policy behind this statute is to value all human life the same. *Central Alabama Electric Cooperative v. Tapley*, 546 So.2d 371, 376 (Ala. 1989)

Alabama is the only jurisdiction in the United States that does not compensate the survivor for the wrongful death of the decedent. Instead, Alabama awards exclusively punitive damages to the survivor, measured by the gravity, i.e., the "enormity," of the wrong done. Thus, in an Alabama wrongful death action,

> The legislature has authorized the jury to ascertain an amount of damages appropriate to the goal sought to be achieved—preservation of life because of the enormity of the wrong, the uniqueness of the injury, and the finality of death. Where the enormous wrong results from the combined actions of several tort-feasors, the relative culpability of multiple defendants is only one factor that the jury may consider. Because the policy of this state is to regard human life as being beyond measure in terms of dollars, the jury must disregard the decedent's wealth or lack of wealth, it must disregard the decedent's potential for accumulating great wealth or lack of potential to accumulate wealth; and it must disregard his or her talents and education, or lack of them, as well as his or her station in life. The jury's consideration of the 'enormity of the wrong' includes assessing *the finality of death, the propriety of punishing the wrongdoer or wrongdoers, whether the death could have been prevented, and, if so, the lack of difficulty that would have been involved in preventing the death, as well as the public's interest in deterring others from committing the same or similar wrongful conduct.*
>
> *Deaton, Inc. v. Burroughs*, supra, 456 So.2d [771,] at 776 [(Ala.1984)]. (Emphasis added)

Thus, even though the damages allowed under Alabama's Wrongful Death Statute are called "punitive," they are nothing like traditional punitive damages. For one thing, the award of punitive damages for wrongful death is not, and cannot be, supported by compensatory damages. *See Life Ins. Co. of Ga. v. Smith*, 719 So. 2d 797, 806 (Ala. 1998).

Second, as noted, punitive damages are awarded for wrongful death even if the conduct involved was only simple negligence.

In *Louis Pizitz Dry Goods Co., Inc., v. Yeldell*, 274 U.S. 112, 114, 47 S.Ct. 509, 71 L.Ed. 952 (1927), the U.S. Supreme Court was called upon to decide if allowing punitive damages to be assessed for the death of a customer in defendant's store "caused by the negligent operation of an elevator by an employee of [defendant] in its department store," would violate the Fourteenth Amendment. The Court noted that the Alabama wrongful death statute allowed the jury "to assess punitive damages against the employer for the mere negligence of its employee," and that being so "even though the act complained of involved no element of recklessness, malice, or willfulness" and the employer "is personally without fault." *Id*. Quoting from an opinion of the Alabama Supreme Court, the U.S. Supreme Court observed that Alabama's wrongful death statute "is remedial, and not penal." *Id*. The Court upheld the statute against the constitutional challenge, reasoning:

> As interpreted by the state court, the aim of the present statute is to strike at the evil of the negligent destruction of human life by imposing liability, regardless of fault, upon those who are in some substantial measure in a position to prevent it. We cannot say that it is beyond the power of a Legislature, in effecting such a change in common law rules, to attempt to preserve human life by making homicide expensive. It may impose an extraordinary liability such as the present, not only upon those at fault but upon those who, although not directly culpable, are able nevertheless, in the management of their affairs, to guard substantially against the evil to be prevented.

(274 U.S. at 116)

The U.S. Supreme Court has not revisited *Louis Pizitz* and it remains "good law." (In fact, in *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1, 14, 15, 17, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991), the Supreme Court cited positively to *Louis Pizitz*.)

In non-death cases in Alabama, punitive damages may be awarded in addition to compensatory damages only if the strictures of § 6-11-20, Ala. Code 1975, are met:

> (a) Punitive damages may not be awarded in any civil action, <u>except civil actions for wrongful death</u> pursuant to Sections 6-5-391 and 6-5-410, other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff. Nothing contained in this article is to be construed as creating any claim for punitive damages which is not now present under the law of the State of Alabama.
>
> (b) As used in this article, the following definitions shall apply:
>
>> (1) Fraud. An intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive, or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury.
>>
>> (2) Malice. The intentional doing of a wrongful act without just cause or excuse, either:
>>
>>> a. With an intent to injure the person or property of another person or entity, or
>>>
>>> b. Under such circumstances that the law will imply an evil intent.
>>
>> (3) <u>Wantonness</u>. Conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.
>>
>> (4) Clear and convincing evidence. Evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and

convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.

(5) Oppression. Subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.

(Emphasis added)

Quoting from *Central Alabama Electric Cooperative v. Tapley*, 546 So.2d 371 (Ala. 1989), the Alabama Supreme Court explained in *Dorman v. Jackson*, 623 So.2d 1056, 1058 (Ala. 1993):

> "Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. *Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury....*
>
> "Negligence is usually characterized as inattention, thoughtlessness, or heedlessness, a lack of due care; whereas *wantonness is characterized as an act which cannot exist without a purpose or design, a conscious or intentional act.* 'Simple negligence is the inadvertent omission of duty; and *wanton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted.*' *McNeil v. Munson S.S. Lines*, 184 Ala. 420, 425, 63 So. 992 (1913)."

(Emphasis added in *Tapley*)

Given the unique status of negligence-based punitive damages under the Alabama Wrongful Death Statute, the Alabama Supreme Court has struggled to accommodate the Due Process "guidelines" of the U.S. Supreme Court decisions on point with respect to

assessment of excessiveness of the damages allowable, i.e., *BMW of N. Am. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed. 809 (1969), and its progeny.

The first of the three *Gore* guidelines requires the reviewing court to compare the ratio of punitive damages to compensatory damages. In *Lance, Inc. v. Ramanauskas*, 731 So.2d 1204, 1218 (Ala. 1999), the Court acknowledged, "[b]ecause Alabama law does not allow the recovery of compensatory damages in a wrongful-death case, this factor is not applicable. Until the legislature amends the wrongful-death statute to allow compensatory damages for economic loss or allows recovery for mental anguish as part of punitive damages, our task in assessing the appropriate punitive damages in a wrongful-death case will remain extremely difficult." More recently, the Court observed "[b]ecause Alabama's wrongful-death statute provides for only punitive damages, Alabama courts are unable to apply formulaically the pertinent Gore guidepost in examining the reasonableness of a punitive-damages award by comparing it to the compensatory-damages award." *Boudreaux v. Pettaway*, 108 So.3d 486, 498–99 (Ala.2012)

The concept relied on in all jurisdictions, including Alabama, of "punishment" of reprehensible conduct as a justification for the imposition of punitive damages, doesn't logically apply where the conduct at issue is simple negligence. Certainly, nowhere in the Alabama legal system are punishment damages allowed where only negligence is shown. The type of "punitive" damages permitted as the exclusive means of redress in Alabama for a negligently-caused death, are of a totally different nature than punitive

damages awardable in other jurisdictions where a death has been caused by consciously culpable conduct. "Punitive" damages recoverable under the Alabama Wrongful Death statute are a historical anomaly and in the context of conduct consisting of only negligence, represent a unique form of damages totally different from the conventional species of punitive damages in Alabama as well as in all other jurisdictions with which I am familiar, available only in those extreme situations where the underlying conduct is consciously blameworthy. As noted, by statute in Alabama, non-death punitive damages are allowable only where a defendant has been shown by clear and convincing evidence to have "consciously or deliberately" engaged in one of the reprehensible categories of oppression, fraud, wantonness, or malice. The legislature's express exclusion of "civil actions for wrongful death" from those requirements, was its recognition of the non-punishment nature of punitive damages under the wrongful death statute.

Further, Affiant sayeth not.

_____
R. BERNARD HARWOOD
Associate Justice, Retired
Alabama Supreme Court

Sworn to and subscribed before me on this the 30th day of April, 2018.

_____
NOTARY PUBLIC
My Commission Expires: 11-15-2021

Page 9 of 9