**Hearing Date: June 7, 2018 at 10:00 a.m. Eastern Time**

Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:     (212) 558-4000
Facsimile:      (212) 558-3588

*Counsel for FCA US LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Old Carco LLC, *et al.*, | : | Case No. 09-50002 (SMB) |
| Debtors. | : | Jointly Administered |

**FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION PURSUANT TO
SECTION 350 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 5010 AND
LOCAL BANKRUPTCY RULE 5010-1, TO REOPEN THE CHAPTER 11 CASE OF
OLD CARCO LLC FOR THE LIMITED PURPOSE OF CONSIDERING
<u>FCA US LLC'S MOTION TO ENFORCE THE SALE ORDER</u>**

SC1:4654817.2

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................1

REPLY .........................................................................................................................................3

I.   THIS COURT HAS JURISDICTION AND IS BEST POSITIONED TO
     INTERPRET AND ENFORCE ITS SALE ORDER .........................................................3

II.  THE OTHER FACTORS PLAINTIFFS CITE WEIGH IN FAVOR OF
     GRANTING THE MOTION ..............................................................................................8

III. THERE IS NO BASIS FOR THIS COURT TO PERMISSIVELY ABSTAIN ...............10

CONCLUSION ...........................................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Atari, Inc.*,
   2016 WL 1618346 (Bankr. S.D.N.Y. Apr. 20, 2016) ..........................................................5, 10

*Dearden* v. *FCA US LLC (In re Old Carco LLC)*,
   582 B.R. 838 (Bankr. S.D.N.Y. 2018) ....................................................................................4

*EDP Medical Computer Systems, Inc.* v. *United States*,
   480 F.3d 621 (2d Cir. 2007) ...................................................................................................7

*In re Gawker Media LLC*,
   581 B.R. 754 (Bankr. S.D.N.Y. 2017) ................................................................... 3, 11-12, 13

*Gulf Ins. Co.* v. *Glasbrenner*,
   343 B.R. 47 (S.D.N.Y. 2006) ..................................................................................................3

*In re Hager*,
   2006 WL 4452997 (Bankr. D. Nev. Feb. 27, 2006) ................................................................7

*Katz* v. *I.A. Alliance Corp. (In re I. Appel Corp.)*,
   104 F. App'x 199 (2d Cir. 2004) .............................................................................................3

*Lothian Cassidy, LLC* v. *Lothian Exploration & Dev. II, L.P.*,
   487 B.R. 158 (S.D.N.Y. 2013) ........................................................................................11, 13

*In re MF Global Holdings Ltd.*,
   561 B.R. 608 (Bankr. S.D.N.Y. 2016), *leave to appeal denied sub nom.*
   *MF Global Holdings Ltd.* v. *Allied World Assurance Co.*, No. 17 CIV. 106,
   2017 WL 548219 (S.D.N.Y. Feb. 10, 2017) ..................................................................... 10-11

*Middlesex County Ethics Commission* v. *Garden State Bar Association*,
   457 U.S. 423 (1982) ..............................................................................................................12

*In re Motors Liquidation Co.*,
   576 B.R. 313 (Bankr. S.D.N.Y. 2017) ................................................................................ 6-7

*In re Old Carco LLC*,
   538 B.R. 674 (Bankr. S.D.N.Y. 2015) ..................................................................................12

*Overton* v. *Chrysler Group LLC*,
   2018 WL 847772 (N.D. Ala. Feb. 13, 2018) .....................................................................2, 6

*In re Palumbo*,
   556 B.R. 546 (Bankr. W.D.N.Y.) ...........................................................................................9

*Perno* v. *Chrysler Group LLC*,
    2011 WL 868899 (D. N.J. Mar. 10, 2011) ............................................................................4

*Powell* v. *FCA US LLC*,
    2015 WL 5014097 (M.D. Ala. Aug. 21, 2015) ......................................................................4

*In re Solitron Devices, Inc.*,
    510 B.R. 890 (S.D. Fla. 2014) ...............................................................................................8

*Travelers Indemnity Co.* v. *Bailey*,
    557 U.S. 137 (2009) ...........................................................................................................5, 6

*In re U.S.H. Corp. of New York*,
    280 B.R. 330 (Bankr. S.D.N.Y. 2002) ..................................................................................3

### Statutes

11 U.S.C. § 350 ................................................................................................................ *passim*

28 U.S.C. § 1334 ........................................................................................................................11

FCA US LLC ("FCA US") hereby submits this reply (the "Reply") in further support of its Motion[1] [Dkt. No. 8508] and in response to *Plaintiffs' Opposition to FCA US LLC's Motion, Pursuant to Section 350 of the Bankruptcy Code, Bankruptcy Rule 5010 and Local Bankruptcy Rule 5010-1, to Reopen the Chapter 11 Case of Old Carco LLC for the Limited Purpose of Considering FCA US LLC's Motion to Enforce the Sale Order* [Dkt. No. 8524] (the "Opposition" or "Opp."). FCA US respectfully requests that the Court grant the Motion and overrule the Opposition for the reasons stated herein.

## PRELIMINARY STATEMENT

1.  Plaintiffs attempt to paint a complicated and chaotic picture of the straight-forward issue that FCA US seeks to have this Court consider and resolve. Plaintiffs' desperate attempt to prevent this Court from exercising its retained jurisdiction is telling, but ultimately should fail.

2.  Far from seeking to "revive Old Carco's bankruptcy," FCA US seeks only to have this Court consider FCA US's Motion to Enforce the Sale Order that was entered and subsequently considered by this Court numerous times, including in five matters after the case was formally closed. The limited scope of the request to reopen the case ensures that that there will be no broader or open-ended "revival."

3.  The Alabama District Court recognized that "Plaintiff Overton's claims against FCA and Chrysler for punitive damages under Alabama's Wrongful Death Act **directly implicate** and **challenge** the terms" of this Court's order approving Amendment No. 4 to the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion. On March 23, 2018, the Court entered the *Order Pursuant to Section 350 of the Bankruptcy Code Reopening the Chapter 11 Case of Old Carco LLC for the Limited Purpose of Permitting Adjudication of Transferred Litigation* [Adv. Dkt. No. 8], granting the Motion as to the Transferred Litigation.

SC1:4654817.2

Master Transaction Agreement. *Overton* v. *Chrysler Group LLC*, No.: 2:17-CV-019830-RDP, 2018 WL 847772, at *5 (N.D. Ala. Feb. 13, 2018) (emphasis added). Importantly, the Alabama District Court recognized that this Court could, and perhaps would, consider these claims at some point, explaining that the FCA US's recourse in the event the Alabama state court did not enforce the Sale Order includes to "petition the Bankruptcy Court to enforce its order against Plaintiffs." (*Id.*)

4. The fact that the Alabama District Court declined to directly transfer the case to this Court is not determinative of this Motion. In fact, this Court unquestionably has both the jurisdiction and discretion to reopen the Old Carco case pursuant to Section 350(b) of the Bankruptcy Code.

5. While Plaintiffs would prefer to pursue their improper punitive damages claims in the Alabama state court, there is good cause for this Court to consider the viability of those claims now. This Court is best positioned to interpret and enforce its own Sale Order, and has parsed the language of the Sale Order and the Master Transaction Agreement many times. This Court has a perspective that the Alabama state court cannot possibly possess. Moreover, it would make little sense—and significantly burden and prejudice FCA US—to proceed with discovery and litigation in Alabama for any period of time with respect to claims that are enjoined by this Court's Sale Order.

6. For many of the same reasons there is no basis for this Court to permissibly abstain from exercising its jurisdiction, a doctrine which should rarely be invoked. The Motion should be granted so this Court can proceed with considering the merits of FCA US's Motion to Enforce.

**REPLY**

7.      Section 350(b) provides that this Court may reopen the Old Carco bankruptcy case for "cause."  11 U.S.C. § 350(b).  Whether or not to do so is within the broad discretion of the Court, which may consider the factors relevant to the "facts and circumstances of each case."  *Katz* v. *I.A. Alliance Corp. (In re I. Appel Corp.)*, 104 F. App'x 199, 200 (2d Cir. 2004).  Plaintiffs' formulaic recitation of factors is misplaced.  In any event, there is ample cause for this Court to reopen the Old Carco case to consider the Motion to Enforce that is now fully submitted to the Court.

**I.    THIS COURT HAS JURISDICTION AND IS BEST POSITIONED TO INTERPRET AND ENFORCE ITS SALE ORDER**

8.      It is well-settled in this Circuit that "the bankruptcy court is undoubtedly the best qualified to interpret and enforce its own orders."  *In re U.S.H. Corp. of New York*, 280 B.R. 330, 335 (Bankr. S.D.N.Y. 2002).  This is because "[c]learly the bankruptcy court is uniquely qualified to determine whether to . . . enforce orders it previously issued in the underlying bankruptcy case, over which it had unquestioned jurisdiction."  *Gulf Ins. Co.* v. *Glasbrenner*, 343 B.R. 47, 56 (S.D.N.Y. 2006).

9.      This Court recently reached the same conclusion when presented with an argument to defer to a pending state proceeding.  There, the Court concluded "[t]his Court is in the best position to interpret its own orders, and its interpretation is entitled to substantial deference."  *In re Gawker Media LLC*, 581 B.R. 754, 760-61 (Bankr. S.D.N.Y. 2017) (citing *Travelers Indem. Co.* v. *Bailey*, 557 U.S. 137, 151 n.4 (2009)).

10.     This makes sense because it is this Court that approved the transaction and entered the Sale Order, and is recognized to be the "gatekeeper" of whether particular claims

have been improperly asserted against FCA US and must be dismissed. *See also Dearden* v. *FCA US LLC (In re Old Carco LLC)*, 582 B.R. 838, 843 (Bankr. S.D.N.Y. 2018) (explaining that this Court is the "'gatekeeper,' and must determine whether the [] Complaint purports to allege a claim that is barred by the Sale Order or the MTA, as amended."). This Court has spent countless hours considering and interpreting the various terms and provisions of the Sale Order. Only this Court is in the position to provide a uniform and consistent treatment of similarly situated claims. The alternative is a piecemeal approach, where Courts with no familiarity with the Sale Order are opining on individual issues that could lead to inconsistent decisions and uncertainty as to whether FCA US will receive the protections afforded by the Sale Order and Master Transaction Agreement. As has been acknowledged, "[a]llowing for different courts in different jurisdictions to interpret the terms of the Sale Order creates the possibility for inconsistent determinations, inconsistent liability to [FCA US], and needless confusion." *Perno* v. *Chrysler Group LLC*, Case No. 10-5100, 2011 WL 868899, at *4 (D. N.J. Mar. 10, 2011).

11. A multitude of courts around the country have recognized that it is this Court with the expertise and the experience that uniquely positions it to interpret and enforce its own orders. More than a dozen courts have so held in deferring to this Court to decide threshold questions of whether claims asserted by FCA US are barred by the Sale Order and MTA. *See*, *e.g.*, *Powell* v. *FCA US LLC*, No. 3:15-CV-393-WHA, 2015 WL 5014097, at *6 (M.D. Ala. Aug. 21, 2015) (noting the findings of "[m]any other courts" and holding that "[t]his court likewise finds that because interpretation of the Sale Order is a threshold issue in this case, that issue should be determined by the court which issued the order").

12. The Alabama District Court's decision is the outlier, declining to transfer Plaintiffs' punitive damages claims here after attempting to distinguish this plethora of authority.

-4-

SC1:4654817.2

Importantly, however, the Alabama Decision acknowledges that FCA US could always "petition the Bankruptcy Court to enforce its order against Plaintiffs" if the Alabama state court did not enforce the Sale Order. *Overton*, 2018 WL 847772, at *7. FCA US submits that while that is true, it would be inefficient and wasteful to litigate punitive damages claims in Alabama when the threshold question of whether they are viable in the first place would still need to be addressed by this Court at a later date. The principles of judicial economy and efficiency are served if this Court agrees to reopen the Old Carco case to exercise its jurisdiction now.

13. Plaintiffs curiously rely on *In re Atari, Inc.* for the proposition that a party's obligation to defend a claim in another forum is not prejudice that would support reopening a closed case. (Opp. at 15.) The *Atari* Court went on later in the same paragraph to explain "[h]owever, that general rule is not applicable where, as here, the issue is not merely whether the litigation should go forward in another forum, but rather whether the release provisions of the Plan and Confirmation Order bar prosecution of the claims in *any* forum." *In re Atari, Inc.*, Case No. 13-10176 (JLG), 2016 WL 1618346, *9 (Bankr. S.D.N.Y. Apr. 20, 2016) (emphasis in original) (ordering closed bankruptcy case reopened and declining to abstain in favor of pending foreign proceeding). That is precisely the threshold issue before this Court: whether Plaintiffs' punitive damages claims can proceed or are barred by the Sale Order and the Master Transaction Agreement.

14. This Court expressly retained jurisdiction to consider precisely this type of issue. (*See* Sale Order ¶¶ 43, 59; Plan Article VIII.) In addition, this Court retains inherent "jurisdiction to interpret and enforce its own prior orders." *Travelers*, 557 U.S. at 165. That jurisdiction plainly extends to issues arising following closing of the Old Carco case. (*See* Final

SC1:4654817.2

Decree ¶ 9 (expressly reserving FCA US's right to seek this Court to reopen the case pursuant to Section 350(b)).)

15.    There is no dispute that this Court has jurisdiction over the issues raised by Plaintiff Overton's claims, which is sufficient to grant the Motion and reopen the Old Carco case.  After all, the Alabama District Court concluded that "Plaintiff Overton's claims against FCA and Chrysler for punitive damages under Alabama's Wrongful Death Act **directly implicate** and **challenge** the terms" of this Court's order approving Amendment No. 4 to the Master Transaction Agreement.  *Overton*, 2018 WL 847772, at *5 (emphasis added).

16.    Plaintiffs separately argue, however, that the Court cannot consider FCA US's arguments as to Plaintiff Graham's punitive damages claims because the Alabama District Court declined to exercise jurisdiction over those claims.  First, the Alabama District Court did not make any conclusive determination as to bankruptcy jurisdiction as to Plaintiff Graham's claims in observing that it was "less convinced" that Plaintiff Graham's claims create federal jurisdiction."  *Overton*, 2018 WL 847772, at *5 n.6.  Second, Plaintiffs' argument fails because this Court is not bound by findings by the Alabama District Court as to jurisdiction.

17.    This Court always has jurisdiction to interpret and enforce its own orders. *Travelers*, 557 U.S. at 146.  Plaintiffs argue that the Alabama District Court's findings that Plaintiff Graham's punitive damages claims are outside the scope of this Court's orders are somehow "law of the case" that make this Court's consideration of the Motion to Enforce as to those claims futile.  (Opp. at 17.)  Plaintiffs are wrong; the law of the case doctrine does not apply because *this court* has not ruled on the issue.  *In re Motors Liquidation Co.*, 576 B.R. 313,

321 (Bankr. S.D.N.Y. 2017) (noting that law of the case governs later proceedings before the same court and distinguishing it from *res judicata*).[2]

18.     FCA US's Motion to Enforce is not an appeal from the Alabama District Court's denial of its motion to transfer venue.  But to the extent the Court is inclined to afford it deference, neither of the Alabama District Court's stated reasons for denial of the transfer motion provide grounds for this Court to decline to reopen the case.

19.     *First*, the Alabama District Court attempted to distinguish the multitude of cases deferring to this Court as actions that either "accrued or were filed" before the Old Carco case was formally closed.  There is no legal significance as to whether either the claim accrued or was filed prior to or after this Court entering the Final Decree on July 29, 2015.  Neither the Alabama District Court nor Plaintiffs can point to any such authority.  The protections afforded to FCA US pursuant to the Sale Order do not expire, and the passage of time has apparently led litigants such as Plaintiffs to think they can avoid its effect.  It is critical that this Court continue to exercise its jurisdiction and ensure that the fundamental tenets of the sale transaction are preserved.

20.     *Second*, the Court there opined that severance of the punitive damages claims was not practical and Plaintiffs would be forced to litigate in two different courts.  This too lacks merit because this Court could readily sever the punitive damages claims and promptly address the viability of Plaintiffs' claims.  This Court recently did just that in another case,

---

[2] The only case Plaintiffs cite involving a motion to reopen is a non-binding bankruptcy case from the District of Nevada that was decided on *res judicata* grounds.  *See In re Hager*, 2006 WL 4452997 (Bankr. D. Nev. Feb. 27, 2006).  As Judge Glenn explained, *res judicata* would not apply here because this Court is not considering the same cause of action.  *In re Motors Liquidation Co.*, 576 B.R. at 321, *quoting EDP Med. Computer Sys., Inc.* v. *United States*, 480 F.3d 621, 624 (2d Cir. 2007) (noting elements of *res judicata* require litigation involving the same cause of action).  In any event, Plaintiff Overton's wrongful death punitive damages claims provide cause to grant the Motion.

-7-

*Bennett* v. *FCA US LLC*, Adv. Pro. No. 18-01035 (SMB), where it severed the claims subject to FCA US's motion that they were barred by the sale order while returning the remaining claims to the trial court to proceed [Adv. Dkt. No. 9]. The suggestion by Plaintiffs that this would somehow be prejudicial is misleading. In reality, nothing of substance has taken place in the Alabama state proceeding. This Court would consider the merits of the Motion to Enforce and determine either the punitive damages claims are barred or not, and then any viable claims would proceed in Alabama.

## II.  THE OTHER FACTORS PLAINTIFFS CITE WEIGH IN FAVOR OF GRANTING THE MOTION

21.  None of the remaining factors discussed in the Opposition support Plaintiffs position, and actually weigh in favor of reopening the Old Carco case for the limited purpose of considering the FCA US's Motion to Enforce the Sale Order.

22.  *First*, the Old Carco case has been closed for less than three years. Since that time the Court has continued to exercise jurisdiction over discrete disputes requiring the interpretation and enforcement of the Sale Order. The time period does not weigh against reopening the case given the importance of the Sale Order issues presented. *See*, *e.g.*, *In re Solitron Devices, Inc.*, 510 B.R. 890, 899 (S.D. Fla. 2014) (granting motion to reopen eighteen years after closing the case in order to consider motion to enforce plan confirmation order).

23.  *Second*, Plaintiffs spill much ink arguing that the state court has concurrent jurisdiction to consider FCA US's arguments with respect to the Sale Order. (Opp. at 13-15.) That is not in dispute, but as discussed above, the issue is not whether the state court *could* consider the issues presented with respect to Plaintiffs' improper punitive damages claims, it is whether it *should* do so. This Court is unquestionably best positioned to consider the Motion

-8-

to Enforce. The facts of *In re Palumbo* decided in another district and relied upon by Plaintiffs were starkly different from the facts here. In *Palumbo*, the motion to reopen was denied where it was considered only days before a state court was scheduled to begin a trial on the issue of dischargeability of an unscheduled debt. *In re Palumbo*, 556 B.R. 546, 548 (Bankr. W.D.N.Y. 2016). The Court noted and distinguished the facts of *Palumbo* from the line of cases holding cause exists for a bankruptcy court to reopen a closed case to "interpret and enforce its own orders" and the "importance of enforcing a court's own order when violated." *Id.* at 552-53. On the facts of this Motion, the Alabama state court's concurrent jurisdiction is far outweighed by the cause to reopen the case, and thus there is no compelling reason to defer to the Alabama state court.

24. *Third*, Plaintiffs wrongly argue that they will suffer prejudice "due to the delay in discovery and the piecemeal litigation that will occur to Plaintiffs' claims." (Opp. at 16.) The reality is that Plaintiffs will suffer no prejudice at all. This Court is well-versed in the process for considering whether claims can be permitted to pass through the bankruptcy gate. The Motion to Enforce is now fully submitted and argument is scheduled for June 7, 2018 (the same date the Court is considering this Motion). This court can thus proceed with the Motion to Enforce immediately upon reopening the case. In the meantime, nothing has happened in the Alabama state court action. Plaintiffs undoubtedly will seek to move forward with discovery and whether that happens will be up to the Alabama state court. In any event, the time for this Court to consider the Motion to Enforce and issue a decision is relatively short. Moreover, there is no legitimate risk of piecemeal litigation because this Court will not be considering the merits of Plaintiffs' claims. Once the Court determines whether Plaintiffs' punitive damages claims are permissible, any surviving claims will be litigated in Alabama alongside Plaintiffs' other claims.

-9-

25. In contrast, FCA US will be substantially prejudiced if this Court declines to reopen the Old Carco case and exercise its jurisdiction because FCA US would have to expend resources on discovery and litigation on claims that it believes are barred by this Court's order.

26. *Finally*, notwithstanding Plaintiffs' bald assertion to the contrary (Opp. at 16), Courts have held that the need to enforce bargained for rights constitutes a "benefit" sufficient to support reopening a bankruptcy case. *See In re Atari, Inc.*, 2016 WL 1618346, at *11 (agreeing that enforcement of settlement and releases in the confirmation order sufficiently beneficial to warrant reopening the case). There is a strong interest in ensuring that a good faith asset purchaser pursuant to section 363(f) of the Bankruptcy Code retains its bargained for protections when faced with litigating improperly asserted claims, such as Plaintiffs' punitive damage claims here. The Motion should be granted and the Court consider the merits of FCA's Motion to Enforce.

## III. THERE IS NO BASIS FOR THIS COURT TO PERMISSIVELY ABSTAIN

27. Plaintiffs offer an alternative argument that if the Court were inclined to consider the Motion to Enforce, the Court should permissibly abstain from exercising its jurisdiction to do so. (Opp. at 19-21.) This argument is meritless.

28. If the Court is satisfied that cause exists to reopen the case pursuant to section 350(b) of the Bankruptcy Code, Plaintiffs provide no basis for this Court to conclude that circumstances require an extraordinary exception to the Court's general obligation to exercise its jurisdiction. Courts in the Second Circuit have long recognized a "virtually unflagging obligation to exercise the jurisdiction given them" and may abstain only in certain narrowly-tailored, exceptional circumstances. *In re MF Global Holdings Ltd.*, 561 B.R. 608, 617 (Bankr. S.D.N.Y. 2016), *leave to appeal denied sub nom. MF Global Holdings Ltd.* v. *Allied World*

*Assurance Co.*, No. 17 CIV. 106, 2017 WL 548219 (S.D.N.Y. Feb. 10, 2017) (declining to permissively abstain despite pending proceedings in a foreign jurisdiction). Accordingly, in considering whether to abstain, courts in this circuit consider twelve factors against the backdrop of a "presumption against abstention." *Lothian Cassidy, LLC* v. *Lothian Exploration & Dev. II, L.P.*, 487 B.R. 158, 165 (S.D.N.Y. 2013) (declining to abstain because the factors in favor of abstention did not overcome the presumption against abstention).[3]

29. Plaintiffs' abstention argument relies almost exclusively on an assertion that there are state law claims at issue in the underlying litigation and they involve "complex areas of Alabama state law and public policy." (Opp. at 21.) This argument is misplaced. The Motion requests interpretation and enforcement of the Sale Order issued by this federal court. FCA US is not asking this Court to adjudicate the merits of Plaintiffs' state law tort claims, but rather to decide as gatekeeper whether the punitive damages claims asserted are barred by this Court's Sale Order. As this court recently recognized in *In re Gawker Media LLC* when presented with similar arguments involving state law, "[t]he Court is not ruling on the sufficiency of the defamation or other tort claims, but instead, on whether the claims, as pleaded,

---

[3] The twelve permissive abstention factors are:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted core proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the court's docket, (10) the likelihood that the commencement of the proceeding, in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Lothian*, 487 B.R. at 165 (citation and internal quotation marks omitted). This Reply addresses only the most relevant of these factors, but FCA US reserves its rights with respect to the others.

-11-

are barred by the Sale Order." *In re Gawker Media LLC*, 581 B.R. 754, 760 (Bankr. S.D.N.Y. 2017).

30. As explained in FCA US LLC's *Reply in Support of its Motion to Enforce the Sale Order*, Plaintiffs' suggestion that the Alabama law questions are somehow complex or unsettled is false. Despite Plaintiffs' attempts at misdirection, the law is firmly settled that Plaintiff Overton's wrongful death claims improperly seek punitive damages barred by the Sale Order. This Court can and should apply the law to the Sale Order issues raised in the Motion to Enforce. Once the viability of Overton's wrongful death punitive damages claims is determined here, the merits of Plaintiffs' remaining causes of action will proceed before the Alabama trial court. Similarly, the questions of whether Plaintiff Graham's punitive damages claims present independent claims that are permitted through the bankruptcy gate is a question of federal law for this Court, and is in no way a question of Alabama state law.

31. Unlike the concerns expressed in *Middlesex County Ethics Commission* v. *Garden State Bar Association*, 457 U.S. 423, 431-31 (1982), relied on by Plaintiffs, this Court's consideration of the Motion to Enforce does not interfere with state proceedings on issues of state law. This Court has previously recognized the difference in exercising jurisdiction to consider FCA US's motion to enforce the sale order with respect to unemployment insurance experience ratings despite the pendency of administrative proceedings pending in various states. *In re Old Carco LLC*, 538 B.R. 674, 679-80 (Bankr. S.D.N.Y. 2015); *see also In re Gawker Media LLC*, 581 B.R. at 761 (observing that "[p]rinciples of permissive abstention do not require this Court in the exercise of its discretion to foist this burden on the state court").

32. The crux of Old Chrysler's successful bankruptcy proceedings and preservation of hundreds of thousands of jobs was the Sale Order and Master Transaction

-12-

Agreement. Ensuring that the Sale Order and Master Transaction Agreement are properly interpreted and consistently applied is critical to preserving the integrity of the Section 363 sale process. In addition, because "this is a 'core' proceeding, the diminished scope of the Bankruptcy Court's post confirmation jurisdiction does not change the Court's calculus." *Lothian*, 487 B.R. at 165 & n.6 (internal citations omitted). This Court's action is critical to ensuring that the bankruptcy process, including the protections afforded purchasers of assets pursuant to section 363 of the Bankruptcy Code, is maintained. For that reason, the observation by Plaintiffs that the parties to the action are non-debtors is of no significance here. *See*, *e.g.*, *In re Gawker Media LLC*, 581 B.R. at 760 (noting "enforcement and interpretation of orders issued in core proceedings are also considered core proceedings within the bankruptcy court's jurisdiction").

## CONCLUSION

33. For the foregoing reasons, and those set forth in the Motion, FCA US respectfully requests that the Court (i) grant FCA US's Motion, and (ii) enter the Proposed Order reopening Old Carco's Chapter 11 case solely for the limited purpose of permitting this Court to consider FCA US LLC's Motion to Enforce the Sale Order.

Dated:  May 18, 2018
        New York, New York

/s/ Brian D. Glueckstein
Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile   (212) 558-3588

*Counsel for FCA US LLC*

-13-