**Hearing Date: June 7, 2018 at 10:00 a.m. Eastern Time**
**Objection Deadline: May 31, 2018 at 4:00 p.m. Eastern Time**

Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:     (212) 558-4000
Facsimile:      (212) 558-3588

*Counsel for FCA US LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Old Carco LLC, *et al.*, | : | Case No. 09-50002 (SMB) |
| Debtors. | : | Jointly Administered |

# FCA US LLC'S MOTION TO STRIKE
## THE AFFIDAVIT OF RETIRED JUSTICE R. BERNARD HARWOOD

SC1:4662610.2

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brown-Criscuolo* v. *Wolfe*,
  2007 WL 2439421 (D. Conn. Aug. 24, 2007) ...................................................................3

*Dorman* v. *Jackson*,
  623 So.2d 1056 (Ala. 1993) ...............................................................................................4

*Holman Enters.* v. *Fidelity & Guar. Ins. Co.*,
  563 F. Supp. 2d 467 (D.N.J. 2008) .....................................................................................4

*In re Initial Pub. Offering Secs. Litig.*,
  174 F. Supp. 2d 61 (S.D.N.Y. 2001) ..................................................................................3

*Louis Pizitz Dry Goods Co., Inc.* v. *Yeldell*,
  274 U.S. 112 (1927) ...........................................................................................................4

*Malltier* v. *Dooney & Bourke, Inc.*,
  525 F. Supp. 2d 558 (S.D.N.Y. 2007) ................................................................................4

*Schatzki* v. *Weister Cap. Mgm't LLC*,
  2013 WL 6284417 (S.D.N.Y. Dec. 4, 2013) ......................................................................4

*Scott* v. *Chipotle Mexican Grill, Inc.*,
  315 F.R.D. 33 (S.D.N.Y. 2016) .........................................................................................3

*In re Thilman*,
  557 B.R. 294 (Bankr. E.D.N.Y. 2016)................................................................................3

*Zahler* v. *Twin City Fire Ins. Co.*,
  2007 WL 4563417 (S.D.N.Y. Dec. 21, 2007) ....................................................................4

**Statutes**

28 U.S.C. § 157 ..............................................................................................................................2

28 U.S.C. § 1334 ............................................................................................................................2

FCA US LLC ("FCA US") hereby submits this motion (the "Motion") for entry of an order, in the form attached hereto as Exhibit A (the "Proposed Order"), striking the *Affidavit of Retired Justice R. Bernard Harwood* [Dkt. No. 8523-8]. In support of the Motion, FCA US respectfully states as follows:

## BACKGROUND

1. On March 12, 2018, FCA US moved this Court for entry of an order enforcing this Court's *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures and (III) Granting Related Relief* [Dkt. No. 3232][1] (the "Sale Order") to preclude Plaintiffs' pursuit of punitive damages in state court in Jefferson County, Alabama (the "Motion to Enforce") [Dkt. No. 8510].[2]  As FCA US has demonstrated in its papers filed with this Court, it is settled law that damages under the Alabama Wrongful Death Act are punitive—a form of recovery barred by the unambiguous terms of the controlling Sale Order and Master Transaction Agreement (the "MTA").

2. On May 4, 2018, Plaintiffs filed their opposition to the Motion to Enforce [Dkt. No. 8523] (the "Opposition").  In support of their Opposition, Plaintiffs attached the Affidavit of Retired Justice R. Bernard Harwood (the "Harwood Affidavit" or "Harwood Aff."). While the Harwood Affidavit references a creditable six-year term as an Associate Justice of the

---

[1] Unless otherwise specified, "Dkt. No." refers to the docket for Case Number 09-50002 (SMB) in the United States Bankruptcy Court for the Southern District of New York.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion to Enforce.

Alabama Supreme Court, that service concluded over a decade ago. Mr. Harwood has instead spent the vast preponderance of his career in private practice.

3. The Harwood Affidavit purports to opine on "Alabama law as it relates to the nature and purpose of punitive damages in wrongful death cases predicated on simply negligence." (Harwood Aff. at 3.) Mr. Harwood does not claim to have rendered or participated in any of the decisions cited in his affidavit or the Opposition concerning Alabama's Wrongful Death Statute. Furthermore, the Harwood Affidavit does not cite or rely upon any cases connected to his six-year term with the Alabama Supreme Court.

## JURISDICTION

4. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and expressly retained jurisdiction pursuant to paragraphs 43 and 59 of the Sale Order. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## RELIEF REQUESTED

5. FCA US LLC seeks entry of the Proposed Order striking or excluding the Harwood Affidavit on the grounds that it is an improper expert opinion.

## ARGUMENT

### I. THE HARWOOD AFFIDAVIT SHOULD BE STRUCK FROM THE RECORD.

6. As a threshold matter, Mr. Harwood's proffered opinion on damages under Alabama's Wrongful Death Statute is irrelevant. The Court need not undertake its own interpretation of Alabama state law to enforce the Sale Order. Irrespective of Mr. Harwood's views as a private attorney, the Alabama Supreme Court has clearly explained in its controlling

decisions that the **only** recovery available for wrongful death under Alabama law is punitive damages. (*See* Motion to Enforce at 13-16.)

7. In any event, Mr. Harwood's affidavit is improper and should be struck as an attempt to provide an expert opinion on the law as to Alabama wrongful death damages. (*See* Harwood Aff. at 1-3.) Setting aside whether Mr. Harwood could be qualified as an expert,[3] it is manifestly improper for an expert "to say what the law is." *In re Initial Pub. Offering Secs. Litig.*, 174 F. Supp. 2d 61, 69 (S.D.N.Y. 2001) (quoting *Marbury* v. *Madison,* 5 U.S. 137, 1 Cranch 137, 177, 2 L.Ed. 60 (1803)). Mr. Harwood's affidavit plainly endeavors to say what the law is as to the meaning of punitive damages under the Alabama Wrongful Death Statute. (Harwood Aff. at 7-9.) This type of opinion evidence is not permitted. *See Scott* v. *Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 48 (S.D.N.Y. 2016) ("[C]ourts exclude expert testimony that provides legal opinions, legal conclusions, or interpret[s] legal terms.") (quoting *Highland Cap. Mgm't LP* v. *Schneider*, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005)); *In re Thilman*, 557 B.R. 294, 300 (Bankr. E.D.N.Y. 2016) (same). "[T]hose roles fall solely within the province of the court." *Scott*, 315 F.R.D. at 48. Whether considered an expert or not, "[l]egal conclusions offered by both lay and expert witnesses are inadmissible because it is not for a witness to instruct the court on the law." *Brown-Criscuolo* v. *Wolfe*, 2007 WL 2439421, at *1 (D. Conn. Aug. 24, 2007) (citing *Hygh* v. *Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992)).

---

[3] It is apparent that Mr. Harwood has no special expertise on this topic. As noted, Mr. Harwood did not render or participate in any of the decisions cited in his affidavit. Nor were any of the decisions he relies upon decided during his tenure as an Alabama state court judge. And, given that Alabama's Wrongful Death Statute was enacted over a hundred years ago (*see* Harwood Aff. at 3), Mr. Harwood obviously did not participate in drafting the statute and does not possess first-hand knowledge as to the legislature's intent. FCA US reserves its rights as to Mr. Harwood's qualifications as an expert witness.

SC1:4662610.2

8. "This prohibition on experts testifying as to their own legal conclusions is so well established that it is often deemed a basic premise . . . of evidence law—a kind of axiomatic principle." *Holman Enters.* v. *Fidelity & Guar. Ins. Co.*, 563 F. Supp. 2d 467, 472 (D.N.J. 2008); *see also Schatzki* v. *Weister Cap. Mgm't LLC*, 2013 WL 6284417, at *1-2 (S.D.N.Y. Dec. 4, 2013) (excluding "opinion as to the meaning and proper interpretation of the legal obligations" of a regulation).

9. The Harwood Affidavit is, for all intents and purposes, a supplemental legal brief drafted by an attorney hired by Plaintiffs. Mr. Harwood, an attorney in private practice, refers the Court to case law and provides an interpretation of those decisions that supports Plaintiffs' legal positions. *See*, *e.g.*, Harwood Aff. at 5 (offering an explanation of *Louis Pizitz Dry Goods Co., Inc.* v. *Yeldell*, 274 U.S. 112 (1927)); *id.* at 7 (quoting from *Dorman* v. *Jackson*, 623 So.2d 1056, 1058 (Ala. 1993)); *id.* at 9 (comparing wrongful death and non-death statutory language). "But an expert is not supposed to be doing the work of counsel; an expert must bring to the jury more than the lawyers can offer in argument." *Malltier* v. *Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 654 (S.D.N.Y. 2007); *see also Zahler* v. *Twin City Fire Ins. Co.*, 2007 WL 4563417, at *2 (S.D.N.Y. Dec. 21, 2007) (finding that sections of expert report "constitute[d] a legal brief dressed up as expert opinion").

10. The fact that Mr. Harwood is acting as a lawyer advocating for Plaintiffs' position is evident from review of the Opposition. There, Plaintiffs' counsel merely discusses the same caselaw as is discussed in the Harwood Affidavit, and then relies on the affidavit for circular support of Plaintiffs' position. (*See* Opp. at 16-19.) Because Mr. Harwood's affidavit amounts to no more than attorney argument that purports to interpret legal terms and offer legal conclusions, it should be struck as an improper expert opinion.

-4-

## **CONCLUSION**

11.   For the foregoing reasons, FCA US respectfully requests that the Court strike the Harwood Affidavit and enter the Proposed Order, and grant such other and further relief as the Court deems just and proper.

Dated:   May 18, 2018
         New York, New York

/s/ Brian D. Glueckstein
Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:   (212) 558-4000
Facsimile    (212) 558-3588

*Counsel for FCA US LLC*