**Hearing Date  June 7, 2018 at 10:00 a.m. Eastern Time**

Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:     (212) 558-4000
Facsimile:      (212) 558-3588

*Counsel for FCA US LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Old Carco LLC, *et al.*, | : | Case No. 09-50002 (SMB) |
| Debtors. | : | Jointly Administered |

**FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE
THE AFFIDAVIT OF RETIRED JUSTICE R. BERNARD HARWOOD**

# **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*Bassie* v. *Obstetrics and Gynecology Assocs. of Northwest Alabama P.C.*,
  828 So.2d 280 (2002) ................................................................................................. 2, 3

*Brown-Criscuolo* v. *Wolfe*,
  2007 WL 2439421 (D. Conn. Aug. 24, 2007) ............................................................. 7

*In re Initial Pub. Offering Secs. Litig.*,
  174 F. Supp. 2d 61 (S.D.N.Y. 2001) ............................................................................ 1

*Lozano* v. *City of Hazleton*,
  241 F.R.D. 252 (M.D. Pa. 2007) .................................................................................. 6

*Marx & Co.* v. *Diners' Club Inc.*,
  550 F.2d 505 (2d Cir. 1977) .................................................................................... 5-6, 7

*In re Mirena IUD Products Liability Litigation*,
  169 F. Supp. 3d 396 (S.D.N.Y. 2016) ......................................................................... 6

*OHIC Insurance Co.* v. *Employers Reinsurance Corp.*,
  694 F. Supp. 2d 794 (S.D. Ohio 2010) ................................................................... 4-5, 7

*Title Guar. & Trust Co.* v. *Trenton Potteries Co.*,
  56 N.J. Eq. 441 (1897) ................................................................................................ 4

### **Rules**

Fed. R. Civ. P. 44.1 ............................................................................................................ 4, 5

Fed. R. Evid. 702 .............................................................................................................. 2, 3

FCA US LLC ("FCA US") hereby submits this reply (the "Reply") in further support of its Motion[1] [Dkt. No. 8527] and in response to *Plaintiffs' Opposition to FCA US LLC's Motion to Strike the Affidavit of Retired Justice R. Bernard Harwood* [Dkt. No. 8529] (the "Opposition" or "Opp."). FCA US respectfully requests that the Court grant the Motion and overrule the Opposition for the reasons stated herein.

## PRELIMINARY STATEMENT

1. The Harwood Affidavit is a thinly-veiled attempt by Plaintiffs to distract the Court from and overcomplicate a straightforward issue: whether Alabama's wrongful death damages are punitive damages and thus barred by the unambiguous language of the Sale Order and MTA. The Alabama Supreme Court has conclusively and repeatedly held such damages to be punitive, which Plaintiffs and Mr. Harwood acknowledge. (*See* Opp. ¶ 1, Harwood Aff. at 3.) Thus, it is entirely unnecessary for Mr. Harwood to provide his view on the Alabama Wrongful Death Statute or to assist the Court with the policy behind it. (Opp. at 2.) The Alabama Supreme Court has provided the Court with all of the necessary guidance.

2. Even if there were some open issue as to the meaning of punitive damages under Alabama law (which there is not), the Opposition confirms that Mr. Harwood's proffered opinion cannot be construed as anything other than an expert's impermissible attempt "to say what the law is." *In re Initial Pub. Offering Secs. Litig.*, 174 F. Supp. 2d 61, 69 (S.D.N.Y. 2001) (quoting *Marbury* v. *Madison,* 5 U.S. 137, 1 Cranch 137, 177, 2 L.Ed. 60 (1803)). Unhappy with the state of the law in Alabama, Plaintiffs attempt to use the Harwood Affidavit to rewrite it. This is not permitted; the Harwood Affidavit's opinion on how the Alabama Wrongful Death

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Statute could or should be interpreted violates the well-recognized rule that "courts do not allow an expert to give an opinion on questions of law" (Opp. ¶ 4), and should be struck.

**REPLY**

I. **PLAINTIFFS' OPPOSITION CONFIRMS THAT THE HARWOOD AFFIDAVIT IS IMPERMISSIBLE EXPERT TESTIMONY THAT SHOULD BE STRUCK FROM THE RECORD.**

   3. Plaintiffs acknowledge that they are attempting to offer Mr. Harwood as an expert pursuant to Federal Rule of Evidence 702. (Opp. ¶ 3.) That rule permits a qualified expert witness to "testify in the form of an opinion or otherwise if," *inter alia,* "the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Here, setting aside whether Mr. Harwood can be qualified as an expert, his proffered opinion "regarding Alabama law as it relates to the nature and purpose of punitive damages in wrongful death cases" (Harwood Aff. at 3) does not assist the Court in understanding any evidence or determining any facts at issue. Moreover, there is no open question under Alabama law concerning the nature and purpose of punitive damages on which Mr. Harwood could opine.

   4. The Alabama Supreme Court has conclusively determined that the only damages available for wrongful death are punitive damages intended to impose civil punishment. (*See* Motion to Enforce at 13-16; Reply in Support of Motion to Enforce at 6-10; *see also* Opp. at ¶ 1 ("Alabama courts have interpreted [wrongful death] claims to allow only for 'punitive' damages.").) This has been reaffirmed in a long line of cases, including in *Bassie* v. *Obstetrics and Gynecology Associates of Northwest Alabama P.C.*, 828 So.2d 280 (2002)—a case involving a wrongful death claim cited by Plaintiffs, in which Justice Harwood joined the majority in recognizing that only punitive damages are recoverable for wrongful death. (*See* Opp. ¶ 14.)

-2-

5. In *Bassie*, the Alabama Supreme Court affirmed the dismissal of plaintiff's personal injury claims. *Id.* at 284. In a special concurrence, Justice Houston stated that despite his prior concern that Alabama's wrongful death statute was being misinterpreted, he was "now convinced that no matter what the Legislature's intent was in regard to the damages recoverable in Alabama in wrongful-death actions as expressed in the plain meaning of the statute, the Legislature now intends for those damages to be punitive only."[2] *Id.* at 285. Because the meaning and intent of punitive damages in wrongful death has been explained time and again by the Alabama Supreme Court, the Harwood Affidavit's "observation of how Alabama wrongful death damages are an anomaly" (Opp. ¶ 13) is irrelevant and inadmissible under Rule 702.

6. In any event, even if the Harwood's Affidavit could be construed as somehow probative, its proffered opinion constitutes improper expert testimony and should be excluded. Plaintiffs recognize that "[g]enerally, courts do not allow an expert to give an opinion on questions of law" (Opp. ¶ 4)—and concede that is what the Harwood Affidavit is attempting.

7. However, Plaintiffs argue that notwithstanding the nature of the opinion, the Harwood Affidavit is nonetheless admissible because it is (i) "explain[ing] law that is foreign to this Court and all other 49 states," (ii) "explain[ing] the ordinary practice, customs, and usages of Alabama wrongful death damages by Alabama courts and practitioners," and/or because it is (iii) "based on [his] extensive experience in arguing and ruling on Alabama wrongful death issues as well as his personal observations on how courts and practitioners interpret and apply

---

[2] The Opposition erroneously refers to Justice Houston's special concurrence as a dissent and incorrectly attributes it to Mr. Harwood.

-3-

such damages. (Opp. ¶ 3.) Plaintiffs are wrong. None of these purported "exceptions" to the rule barring legal testimony provide a basis for considering the Harwood Affidavit.

8. *First*, the Harwood Affidavit is not explaining an issue of foreign law. Plaintiffs cite no relevant authority supporting that state law is "foreign" law.[3] (Opp. ¶ 4.) To the contrary, the treatise on which Plaintiffs rely points to Federal Rule of Civil Procedure 44.1 "for a discussion of the procedures for determining foreign law." McCormick on Evidence § 12. That Rule states that "[a] party who intends to raise an issue about a ***foreign country's law*** must give notice by a pleading or other writing" and "[i]n determining foreign law, the court may consider any relevant material or source." Fed. R. Civ. P. 44.1 (emphasis added). Alabama state law is clearly not the law of a foreign country and thus, the Harwood Affidavit's admitted attempt to explain Alabama law to the Court is impermissible expert testimony. *See* McCormick on Evidence § 12 (explaining that the Federal Rules of Evidence do not "permit opinions on law except questions of foreign law.").

9. Plaintiffs' precise argument was rejected in *OHIC Insurance Company* v. *Employers Reinsurance Corporation*, where the Ohio District Court granted a motion to exclude testimony of a lawyer on the construction of a Wisconsin statute. 694 F. Supp. 2d 794, 801 (S.D. Ohio 2010). In excluding the expert testimony, the Court there concluded "it would be improper to allow testimony at trial of an attorney regarding Wisconsin law. Such testimony would invade the province of the court to resolve purely legal issues in dispute." *Id.* The Court rejected

---

[3] Plaintiffs cite *Title Guarantee & Trust Co.* v. *Trenton Potteries Co.*, 56 N.J. Eq. 441, 442-43 (1897) to support the "general rule" that an expert can opine on questions of law if the expert is explaining an issue of law that is foreign or complex to the court. (Opp. ¶ 4.) To the extent Plaintiffs are relying on *Title Guarantee* to support that state law is "foreign law," the Federal Rules of Civil Procedure foreclose this argument. *See* Fed. R. Civ. P. 44.1.

-4-

arguments that a foreign law exception should apply "because Wisconsin is not a foreign state, its law must be determined by the court, without any testimony relating thereto." *Id.* The same reasoning applies here.

10. *Second,* the Harwood Affidavit is not explaining to the Court an issue of law that is today complex, as Plaintiffs exclaim. (Opp. ¶¶ 4-8.) As detailed in the briefing on FCA US's Motion to Enforce, wrongful death damages have been determined by the Alabama Supreme Court to be, and intended to be, punitive. (*See* Motion to Enforce at 13-16; Reply in Support of Motion to Enforce at 6-10.) Plaintiffs rely on the Second Circuit's decision in *Marx & Co.* v. *Diners' Club Inc.*, 550 F.2d 505 (2d Cir. 1977) (*see* Opp. ¶¶ 4, 7-8), but that decision actually undermines Plaintiffs' argument.

11. In *Marx*, the Second Circuit held that the district court erred in permitting plaintiff's expert "to give his opinion as to the legal obligations of the parties under contract." *Id.* at 508. The Second Circuit recognized that the expert "was competent to explain to the jury the step-by-step practices ordinarily followed by lawyers and corporations" in filing a registration statement with the Securities and Exchange Commission. *Id.* at 508-09. However, plaintiff's expert did not confine his opinions to the customary practices of a trade or business bur rather offered "his opinion as to the legal standards which he believed to be derived from the contract," which was inadmissible expert testimony. *Id.* at 509. In excluding the testimony, the Second Circuit stated that "it would not have been possible to render th[e] testimony admissible by qualifying [the expert] as an 'expert in contract law.' **It is not for witnesses to instruct the**

**jury as to the applicable principle of law, but for the judge**." *Id.* at 509-510 (emphasis added).[4]

12. Plaintiffs claim that the Harwood Affidavit "meets the Marx requirements for admissible legal expert opinion" because "[t]he affidavit discusses the ordinary practices of those engaged in litigating and determining jurisprudence under Alabama's Wrongful Death Statute" and "does not cross the line into providing legal conclusions on contractual obligations under the Sale Order or how this Court should interpret the Sale Order." (Opp. ¶ 8.) This is simply wrong. The Harwood Affidavit does not discuss ordinary or customary practices of a business or industry. It is unclear how Plaintiffs could invoke that concept here, where the disputed issue is a legal principle that has been determined by the Alabama Supreme Court. Regardless, the "ordinary practices of those involved in litigating" (*id.*) are nothing more than a lawyer applying legal standards to the facts presented. The Harwood Affidavit selectively refers this Court to Alabama case law and advocates for a contradictory interpretation of the term "punitive damages" that supports Plaintiffs' legal position.[5] That is attorney legal argument and thus impermissible expert testimony.

---

[4] Plaintiffs' reliance on *In re Mirena IUD Products Liability Litigation*, 169 F. Supp. 3d 396, 467 (S.D.N.Y. 2016) and *Lozano* v. *City of Hazleton*, 241 F.R.D. 252, 255-56 (M.D. Pa. 2007) (*see* Opp. ¶¶ 4, 6) is likewise misplaced. Neither stands for the broad proposition that expert testimony is admissible where there is any arguably complex legal issue. In *Mirena*, the court permitted expert testimony on a narrow issue of a company's compliance with Federal Drug Administration regulations. *Id.* at 467 (noting "while generally an expert's testimony on issues of law is inadmissible, courts admit expert testimony regarding companies' compliance with FDA regulations") (internal citations and quotations omitted). Similarly in *Lozano*, the court found that "any legal conclusions from [the expert] . . . would be inappropriate," but testimony on the "intricacies of the federal immigration system" that could be used to "help unsnarl complicated factual issues" was admissible. *Lozano*, 241 F.R.D. at 256.

[5] Plaintiffs' request that they be permitted to "update and amend" their response to FCA US's Motion to Enforce "should the Court deem Justice Harwood's affidavit inadmissible" only confirms that Plaintiffs are impermissibly using the Harwood Affidavit to opine on legal issues. (*See* Opp. ¶ 16.) In any event, Plaintiffs'

13. *Third*, Mr. Harwood's personal knowledge, experience and observations (*see* Opp. ¶¶ 13-15) do not provide a basis for the admission of expert testimony on legal issues. Mr. Harwood cannot usurp the role of this Court in determining the applicable legal principles. *Marx*, 550 F.2d at 509-10; *Ohic Ins. Co.*, 694 F. Supp. 2d at 801 (holding that testimony as to the nature and purpose of a Wisconsin statute "would invade the province of the court to resolve purely legal issues in dispute").[6] Despite Plaintiffs' suggestion, the decision in *Brown-Criscuolo v. Wolfe*, 2007 WL 2439421 (D. Conn. Aug. 24, 2007), is not to the contrary. (*See* Opp. ¶ 15.) There, the court recognized that "[l]egal conclusions offered by both lay and expert witnesses are inadmissible because it is not for a witness to instruct the court on the law," but permitted a former principal's lay opinion that she "observed the defendant implement allegedly unlawful policies." *Id.*, at *2. The court explicitly stated that "the court, and not the witness shall decide whether those policies were ultimately unlawful." *Id.* The Harwood Affidavit is not based on "similar[]" personal observations. (Opp. ¶ 15.) Mr. Harwood does not opine on any facts to which he has personal knowledge; he is instead referring the Court to legal decisions in which he took no part and, notwithstanding their plain meaning, offering an alternative explanation about what those decisions should be understood to mean.

14. Despite Plaintiffs' protestations, the Harwood Affidavit does precisely what is prohibited: offer a legal opinion for the purpose of advocating that this Court should

---

request should be denied. Plaintiffs made a strategic decision to feature the Harwood Affidavit in their response to FCA US's Motion to Enforce and, if that strategy fails, Plaintiffs should not be permitted a mulligan.

[6] Moreover, the cases cited in the Opposition confirm that Mr. Harwood did not render any relevant decisions interpreting Alabama's Wrongful Death Statute during his six-year term on the Alabama Supreme Court. (*See* Opp. ¶ 14.) Although Mr. Harwood honorably discharged his duties as a Justice, his mere participation in decisions that involved wrongful death claims gives him no specific relevant expertise to the issue presented by the Motion to Enforce.

rule, against clear Alabama Supreme Court precedent, that damages under the Alabama Wrongful Death Statute are not punitive. (*See*, *e.g.*, Harwood Affidavit at 4-5 (advocating that damages under the statute "are nothing like traditional punitive damages").)[7]

## CONCLUSION

15.    For the foregoing reasons, and those set forth in the Motion, FCA US respectfully requests that the Court strike the Harwood Affidavit and enter the Proposed Order, and grant such other and further relief as the Court deems just and proper.

Dated:   June 4, 2018  
          New York, New York

/s/ Brian D. Glueckstein  
Brian D. Glueckstein  
SULLIVAN & CROMWELL LLP  
125 Broad Street  
New York, New York 10004  
Telephone: (212) 558-4000  
Facsimile: (212) 558-3588

*Counsel for FCA US LLC*

---

[7] The entire substance of the Harwood Affidavit is inadmissible expert testimony that should be excluded. Accordingly, it is unnecessary to identify specific portions of the Harwood Affidavit that should be struck. (*See* Opp. ¶ 16.)