William M. Low (Bar No. 106669)
wlow@higgslaw.com
Edwin Boniske (Bar No. 265701)
boniske@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
Telephone: (619) 236-1551
Facsimile: (619) 696-1410

Kathy A. Wisniewski (admitted *pro hac vice*)
kwisniewski@thompsoncoburn.com
Stephen A. D'Aunoy (admitted *pro hac vice*)
sdaunoy@thompsoncoburn.com
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
Telephone: (314) 552-6000
Facsimile: (314) 552-7000

*Attorneys for Defendant FCA US LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

WENDY HIGHTMAN,

Plaintiffs,

v.

FCA US LLC,

Defendant.

Case No. 3:18-cv-02205-BEN-KSC

**FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**[CLASS ACTION]**

**DATE:** January 22, 2019
**TIME:** 10:30 a.m.
**JUDGE:** Roger T. Benitez
**COURTROOM:** 10C

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 22, 2019 at 10:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 5A of the above-captioned court, located at 221 West Broadway, San Diego, California 92010, and in the event that this Court finds it has personal jurisdiction and that transfer is not warranted, Defendant FCA US LLC will and hereby does move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing this case for failure to state a claim.

This motion is made on the grounds that Plaintiff's own admissions prove she has no legally viable claim, and the claims pleaded are barred.

This motion is based on this Notice of Motion, FCA US's Memorandum of Points and Authorities, and other documents filed in this action, and on such other and further matters as may be presented to the Court at or prior to the hearing.

Dated: December 13, 2018 **HIGGS FLETCHER & MACK LLP**

By: _/s/ Edwin Boniske_
William M. Low (Bar No. 106669)
Edwin Boniske (Bar No. 265701)

*Attorneys for Defendant FCA US LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on December 13, 2018 on all counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ.L.R. 5.4(d).

By: *<u>/s/ Edwin Boniske</u>*
Edwin Boniske (Bar No. 265701)

William M. Low (Bar No. 106669)
wlow@higgslaw.com
Edwin Boniske (Bar No. 265701)
boniske@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
Telephone: (619) 236-1551
Facsimile: (619) 696-1410

Kathy A. Wisniewski (admitted *pro hac vice*)
kwisniewski@thompsoncoburn.com
Stephen A. D'Aunoy (admitted *pro hac vice*)
sdaunoy@thompsoncoburn.com
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
Telephone: (314) 552-6000
Facsimile: (314) 552-7000

*Attorneys for Defendant FCA US LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

WENDY HIGHTMAN,

Plaintiffs,

v.

FCA US LLC,

Defendant.

Case No. 3:18-cv-02205-BEN-KSC

**FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS ALTERNATIVE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**[CLASS ACTION]**

**DATE:** January 22, 2019
**TIME:** 10:30 a.m.
**JUDGE:** Roger T. Benitez
**COURTROOM:** 10C

Case 1:19-cv-07681-VSB Document 17-1 Filed 12/13/18 Page 2 of 16

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1
II. PLEADED FACTS ........ 1
A. Plaintiff's Vehicle Purchase And The Warranty. ........ 1
B. Plaintiff's Claims, Proposed Class, and Requested Relief. ........ 2
III. ARGUMENT ........ 3
A. The Governing Legal Standards. ........ 3
B. Plaintiff Has No Legally Viable Claims Under California Law. ........ 3
C. Other Bases For Dismissal. ........ 5
1. The Contract/Warranty Claims (Counts I, II, III). ........ 5
2. The Fraud-Based Claims (Counts IV, V, VI) ........ 7
D. All Claims Are Barred By A Bankruptcy Court Sale Order. ........ 9
IV. CONCLUSION ........ 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alkayali v. Hoed*, 2018 WL 4537596 (S.D.Cal. 2018) .......... 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 3

*Blissard v. FCA US LLC*, 2018 WL 6177295 (C.D.Cal. 2018) .......... 4

*Gemcap Lending I, LLC v. Crop USA Ins. Agency, Inc.*, 2014 WL 12589649 (C.D.Cal. 2014) .......... 9

*Hong v. AXA Equitable Life Ins. Co.*, 2018 WL 6331012 (N.D.Cal. 2018) .......... 6

*In re Old Carco*, Case No. 09-50002 (S.D.N.Y. Bank.) .......... 10

*In re Old Carco LLC/Tatum v. Chrysler Group LLC*, Adv. Proc. No. 11-09411 (S.D.N.Y.) .......... 10

*In re Old Carco LLC/Tulacro v. Chrysler Group LLC*, Adv. Proc. No. 11-09401 (S.D.N.Y.) .......... 10

*In re Old Carco/Burton v. Chrysler Group LLC*, 492 B.R. 392 (S.D.N.Y. 2013) .......... 9, 10

*In re Toyota Motor Corp.*, 2012 WL 12929769 (C.D.Cal. 2012) .......... 5

*Kelley v. WWF Operating Co.*, 2017 WL 2445836 (E.D.Cal. 2017) .......... 8

*Lewand v. Mazda Motor of America, Inc.*, 2017 WL 7080291 (C.D.Cal. 2017) .......... 4

*Oasis W. Realty, LLC v. Goldman*, 51 Cal.4th 811 (2011) .......... 5

*Palmquist v. Palmquist*, 212 Cal.App.2d 322 (1963) .......... 9

*Ricks* v. *New Chrysler Grp. LLC*, 2013 WL 1856330 (S.D.N.Y. 2013) .......... 10

*Sullivan v. Finn*,
2017 WL 1209933 (N.D.Cal. 2017) ........................................................ 6

*Teague v. Biotelemetry, Inc.*,
2018 WL 5310793 (N.D.Cal. 2018) ........................................................ 5

*Victorino v. FCA US LLC*,
2018 WL 2455432 (S.D.Cal. 2018) ........................................................ 3, 5

*Warner v. Tinder Inc.*,
105 F.Supp.3d 1083 (C.D.Cal. 2015) ........................................................ 4

*Wilson v. Frito-Lay N. Am., Inc.*,
961 F.Supp.2d 1134 (N.D. Cal. 2013) ........................................................ 3, 4

**Statutes and Constitutional Provisions**

Cal. Civ. Code § 1436 ........................................................ 6

Cal. Civ. Code § 1646 ........................................................ 4

Cal. Civ. Code § 1783 ........................................................ 9

Cal. Code Civ. P. § 337 ........................................................ 6

Cal. Code Civ. P. § 339 ........................................................ 6

Cal. Code Civ. Pro. § 338 ........................................................ 9

Cal. Comm. Code § 2725 ........................................................ 6

California Consumer Legal Remedies Act, Civ. Code § 1750 *et seq.* .......... 2, 4, 8, 9

California's False Advertising Law, Bus. & Prof. Code § 17500 ................ 2, 4, 8, 9

California's Unfair Competition Law, Bus. & Prof. Code § 17200 ................ 2, 4, 8

Lemon Law ........................................................ 9, 10

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* .......................... 2, 3, 5, 10

**Rules**

Fed. R. Civ. P. § 12 ........................................................ 3

## I. INTRODUCTION

The claims pleaded by Plaintiff Wendy Hightman all arise out of the alleged issuance of a Lifetime Limited Powertrain Warranty ("the Warranty") by Defendant FCA US LLC.[1] Plaintiff's own admissions prove that her claims are not legally viable. Accordingly, the First Amended Class Action Complaint ("FAC") should be dismissed with prejudice.

## II. PLEADED FACTS

### A. Plaintiff's Vehicle Purchase And The Warranty.

Plaintiff is a ***current*** resident of California. FAC, ¶ 18. Eleven years ago, on October 12, 2007, she purchased a new model-year 2007 Jeep Patriot vehicle ***in Guam***. *Id.* at ¶¶ 18, 26. Plaintiff was told by the selling dealership that the vehicle was covered by the Warranty, but she was not provided the terms and conditions of the Warranty until her purchase was completed. *Id.* at ¶ 27. The terms and conditions of the Warranty required that Plaintiff present her vehicle for "a powertrain inspection within 60 days of each 5-year anniversary of the in-service date of the vehicle." *Id.* at ¶ 7; *see also id.* at ¶ 30.

Plaintiff presented her vehicle for the required powertrain inspection after 5 years of use as required by the Warranty,[2] and thus a repair she had performed in March 2017 was covered by it. *Id.* at ¶ 29, 31. However, at the 10-year "in-service" date Plaintiff did not present her vehicle for the required powertrain

[1]Plaintiff alleges that the Warranty was issued by FCA US. For purposes of this motion only, FCA US treats this allegation as true. However, for the sake of clarification, FCA US notes that the Warranty was issued by the bankrupt entity now known as Old Carco LLC.

[2]Plaintiff does not expressly admit that she presented her vehicle for the inspection at the 5-year mark. However, this is the only plausible inference based on the facts pleaded since she admits that in March 2017, she had a repair which was covered under the Warranty (FAC, ¶ 29), and she admits she had a "***second*** powertrain inspection" but it "did not occur within 60-days of the second 5-year purchase anniversary" (FAC, ¶ 31 (emphasis added)). Furthermore, FCA US records indicate that Plaintiff presented her vehicle in 2012 for the initial 5-year powertrain inspection.

inspection within the mandated 60-day window. *Id.* at ¶ 31. Thus, a repair she had done to her vehicle in July 2018 was not covered by the Warranty. *Id.* at ¶¶ 30-32.

**B. Plaintiff's Claims, Proposed Class, and Requested Relief.**

Plaintiff claims that FCA US is legally liable to her because: the terms of the Warranty were not "available or visible" to her prior to her purchase and were knowingly concealed from her (*id.* at ¶¶ 53, 95); inclusion of the inspection clause in the warranty was hidden and thus unconscionable (*id.* at ¶ 64); the Warranty was advertised and promoted without disclosing "prior to the point of purchase" that it could be cancelled if the inspection clause was violated (*id.* at ¶¶ 74, 95); and the use of an inspection clause in the Warranty was material in making a purchasing decision and its non-disclosure resulted in consumers overpaying for vehicles (*id.* at ¶¶ 86-88).

Based on these core allegations, Plaintiff asserts claims for: violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* (Count I); breach of contract/common law warranty (Count II); breach of the duty of good faith and fair dealing (Count III); violation of California's False Advertising Law, Bus. & Prof. Code § 17500 ("FAL") (Count IV)); violation of the California Consumer Legal Remedies Act, Civ. Code § 1750 *et seq.* ("CLRA") (Count V); and violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200 ("UCL") (Count VI). *Id.* at ¶¶ 45-100.

Plaintiff seeks to represent a nationwide class of current and former owners of model-years 2006-09 Chrysler, Dodge, and Jeep vehicles sold with the Warranty who were denied coverage under it due to a failure to satisfy the inspection requirements therein. *Id.* at ¶¶ 1, 33. Plaintiff seeks actual damages, "incidental and consequential damages," "diminution in value" damages, punitive damages, disgorgement of profits, restitution, and injunctive relief. *Id.* at p. 25 (Prayer for Relief); *see also id.* at ¶¶ 58, 65, 71, 78, 92, 99.

## III. ARGUMENT

### A. The Governing Legal Standards.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It also requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). A court will not accept as true conclusory legal allegations. *Iqbal*, 566 U.S. at 678.

### B. Plaintiff Has No Legally Viable Claims Under California Law.

Plaintiff expressly pleads all of her claims under California law.[3] *See* FAC, ¶¶ 45-100. But, she admits that her vehicle purchase, and FCA US's alleged wrongful conduct (*i.e.,* nondisclosure of the terms of the Warranty prior to sale), all occurred in Guam. *Id.* at ¶¶ 18, 26-27. The FAC must be dismissed because Plaintiff lacks standing to bring claims under California law, and thus has failed to plead any viable claim.

"California law presumes that the legislature did not intend a statute to be 'operative, with respect to occurrences outside the state ... unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history.'" *Wilson v. Frito-Lay N. Am., Inc.*, 961 F.Supp.2d 1134, 1147 (N.D. Cal. 2013) (*quoting Sullivan v. Oracle Corp.,* 51 Cal.4th 1191, 1207 (2011)).

---

[3]Plaintiff's claim under the Magnuson-Moss Warranty Act is dependent on state law. *See, e.g., Victorino v. FCA US LLC*, 2018 WL 2455432, *4 (S.D.Cal. 2018). Since Plaintiff pleads no law other than California's in the FAC, it is assumed that she is depending on California law for this claim.

Based on this presumption, courts routinely conclude that the CLRA, UCL, and FAL do ***not*** apply to product purchases outside of California. *See, e.g., Blissard v. FCA US LLC*, 2018 WL 6177295, *16 (C.D.Cal. 2018) (plaintiff, a current resident of California, had no claim under UCL or CLRA where he purchased his vehicle and took delivery of it in Japan); *Lewand v. Mazda Motor of America, Inc.*, 2017 WL 7080291, *3 (C.D.Cal. 2017) (dismissing UCL and CLRA claims of Georgia resident who purchased vehicle in Georgia and alleged no link between purchase and California); *Wilson v. Frito-Lay N. Am., Inc.*, 961 F.Supp.2d 1134, 1147-48 (N.D.Cal. 2013) (no UCL, FAL, or CLRA claims for alleged misconduct and claimed injuries that did not occur in California); *see also Warner v. Tinder Inc.*, 105 F.Supp.3d 1083 1095-97 (C.D.Cal. 2015) (finding that plaintiff did not allege challenged "business practices and advertising emanated from California" or that he viewed any of the challenged advertisements in California, court dismissed UCL and FAL claims "because California does not permit extraterritorial application of either statute").

Plaintiff has no standing to invoke California statutes, and thus her claims under the UCL, CLRA, and FAL are not viable. Hence Counts IV, V, and VI should be dismissed.

Plaintiff's invocation of California warranty and contract law mandates the same result. Under applicable choice of law rules, Plaintiff has no viable contract/warranty claims under California law. As this District has found, in a diversity case like this California choice of law rules apply. *See Alkayali v. Hoed*, 2018 WL 4537596, *4 (S.D.Cal. 2018). And, for contract/warranty claims the applicable law is determined by applying California Civil Code § 1646, which requires a contract "to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." *Id.* (*quoting* Cal. Civ. Code § 1646).

Plaintiff has no contract/warranty claims under California law because, as she readily admits, she contracted for her vehicle and the Warranty in Guam, not California. *See* FAC, ¶¶ 18, 26. The place of performance for the contract (*i.e.,* the place of payment and delivery) was likewise Guam and not California. *Id.* In other words, applying California choice of law rules leaves no doubt that Plaintiff has no viable contract/warranty claims under California law. Thus, her claims in Counts I, II, and III should be dismissed.

**C. Other Bases For Dismissal.**

**1. The Contract/Warranty Claims (Counts I, II, III).[4]**

In Counts I, II, and III Plaintiff pleads contract/warranty claims. All of these claims must be dismissed for two separate and independent reasons.

*First*, Plaintiff's contract/warranty claims all require that she plead and prove that she satisfied all conditions precedent, and that FCA US breached its obligations under the Warranty despite this. *See, e.g., Teague v. Biotelemetry, Inc.*, 2018 WL 5310793, *12 (N.D.Cal. 2018) (noting that a claim for breach of good faith and fair dealing requires that the "plaintiff fulfilled his obligations under the contract" and the defendant interfered with the plaintiff's right to receive the benefits of the contract); *In re Toyota Motor Corp.*, 2012 WL 12929769, *22 (C.D.Cal. 2012) (noting earlier finding that those who did not present vehicles for repair as required by express warranty terms had no claim for breach); *Oasis W. Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011) (indicating the plaintiff's performance or excuse for nonperformance is required element of breach of contract claim).

[4]As this District has expressly recognized, the validity of a claim made under the Magnuson-Moss Warranty Act, like that pleaded by Plaintiff in Count I, is adjudicated based solely on state law. *See Victorino*, 2018 WL 2455432 at *4 (*citing Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 n.3 (9th Cir. 2008)). Thus, if Plaintiff's pleaded state law warranty claim fails so, too, does her claim under the Act. *Id.* Accordingly, FCA US does not address the Magnuson-Moss claim separately.

But, here, the admissions that Plaintiff makes conclusively prove the exact opposite, *i.e.,* that she did not perform as required by the Warranty. Thus, FCA US did not have any obligations under the Warranty and could not have committed a breach. Plaintiff admits that the Warranty contained a provision requiring a powertrain inspection within 60 days of each 5-year anniversary of her vehicle purchase. *See* FAC, ¶ 7, 30. And, she unequivocally admits that ***she did not comply with this provision***. *Id.* at ¶ 31 ("such inspection did not occur within 60-days of the second 5-year purchase anniversary"). These admissions negate Plaintiff's contract/warranty claims in Counts I, II, and III because the required inspection was a condition precedent that Plaintiff had to perform before FCA US had any obligation to provide free repairs under the Warranty. *See, e.g., Sullivan v. Finn*, 2017 WL 1209933, **5-6 (N.D.Cal. 2017); Cal. Civ. Code § 1436. Since Plaintiff admits she did not satisfy a condition precedent to receiving a free repair under the Warranty, FCA US simply had no obligation to perform. Thus, no breach of contract/warranty could possibly have occurred.

*Second*, the applicable four-year statute of limitations (breach of contract/warranty) and two-year statute of limitations (breach of good faith and fair dealing) bars Plaintiff's claims. *See* Cal. Comm. Code § 2725; Cal. Code Civ. P. § 339; *see also* Cal. Code Civ. P. § 337; *Hong v. AXA Equitable Life Ins. Co.*, 2018 WL 6331012, *3 (N.D.Cal. 2018). With respect to the sale of goods, the accrual date for the limitations period is upon tender of delivery. *See* Cal. Comm. Code § 2725. There is an exception for contracts/warranties extending to future performance, but even then the accrual date is when the breach is, or should have been, discovered. *Id.*

Plaintiff admits that she took delivery of her vehicle and the Warranty in 2007. *See* FAC, ¶¶ 18, 26, 27. Her breach of contract/warranty claims accrued on that date. *See* Cal. Comm. Code § 2725. Her claims are barred because she waited 11 years to file her claims, far beyond the four-year limitations period.

Plaintiff's claims are not saved from the limitations bar by the future performance exception. Although less than clear, the breach that Plaintiff seems to be complaining of is either 1) the failure to provide a free repair under the Warranty, or 2) the simple fact that the Warranty included a provision requiring a powertrain inspection at set intervals. *See* FAC, ¶¶ 45-71. As noted, no breach can be predicated on the former because Plaintiff did not comply with the conditions precedent to getting a free repair. And, as to the latter, the statute of limitations has clearly run since Plaintiff discovered the inspection requirement (*i.e.,* the alleged breach) long ago. Indeed, although she alleges that she was not told of the terms of the Warranty prior to her vehicle purchase, the only plausible interpretation of Plaintiff's allegations is that that she knew of the terms of the Warranty, including its powertrain inspection provision, no later than 2012 (*i.e.,* the 5-year anniversary date of her vehicle purchase). *See* FAC, ¶¶ 26-32. This is because Plaintiff admits that upon completion of her vehicle purchase in 2007, she was provided the terms and conditions of the Warranty. *Id.* at ¶ 27. And, she admits that she had the required powertrain inspection on the 5-year anniversary of her vehicle purchase in 2012. *Id.* at ¶¶ 29, 31. In other words, Plaintiff's own allegations make it abundantly clear that she knew of the 5-year powertrain inspection requirement as early as 2007, and definitely no later than 2012. Thus, Plaintiff's contract/warranty claims are clearly barred.

Because the admissions made in the FAC clearly establish that no breach occurred, and that Plaintiff's contract/warranty claims are barred by the statute of limitations, Counts I, II, and III should be dismissed.

**2. <u>The Fraud-Based Claims (Counts IV, V, VI)</u>**

The admissions in the FAC make clear that Plaintiff's fraud based claims in Counts IV, V, and VI are barred by limitations. Even if they were not barred by limitations (which they are), Plaintiff has waived her right to seek damages for fraud since she affirmed and accepted the terms of the Warranty, and took

advantage of the benefits under it, even after she knew of the allegedly withheld information.

*Statute of Limitations:* The basis of Plaintiff's fraud claims is that the clause in the Warranty requiring a powertrain inspection every five years was not disclosed prior to purchase, and because of this nondisclosure she purchased the vehicle and paid more for it than she otherwise would have. *See, e.g.,* FAC, ¶¶ 74, 76 (alleging the Warranty had an "unconscionable provision – the Inspection Clause – that was not disclosed" and if it had been Plaintiff "would not have purchased" her vehicle or would have paid less for it); *id.* at ¶ 86 (alleging that "Inspection Clause was not disclosed" and this was "important in deciding whether to purchase [ ] or pay a lower price"); *id.* at ¶¶ 95, 96 (alleging FCA US "knowingly and intentionally conceal[ed]" fact that vehicles had to be inspected every five years which "caused Plaintiff [ ] to make [her] purchase[]").

But, the only plausible interpretation of Plaintiff's allegations is that she knew of the terms of the Warranty, including its powertrain inspection provision, no later than 2012. It was then that she had her vehicle inspected in compliance with the Warranty on its first five-year anniversary, and thus she clearly knew then that the inspection provision existed. *See* FAC, ¶¶ 29, 31. Furthermore, Plaintiff essentially admits that upon completion of her vehicle purchase in 2007, she was provided the terms and conditions of the Warranty. *Id.* at ¶ 27.

Even under the best case scenario for Plaintiff, she clearly knew of the fraud that forms the basis of her claims in 2012, ***six years before filing this lawsui***t. And, at that time she obviously knew or should have known that she "paid too much" for her vehicle (as she alleges). It is thus beyond debate that Plaintiff filed her fraud-based claims too late, as her CLRA and FAL claims are subject to a three-year limitations period, and her UCL claim is subject to a four-year limitations period. *See, e.g., Kelley v. WWF Operating Co.*, 2017 WL 2445836, *7 (E.D.Cal. 2017) (collecting authority recognizing limitations period for UCL,

CLRA, and FAL claims); *see also* Cal. Civ. Code § 1783; Cal. Code Civ. Pro. § 338. Thus, Counts I, II, and III should be dismissed with prejudice.

*Affirmation of the Alleged Fraud:* Plaintiff's fraud based claims in Counts I, II, and III should be dismissed for the separate and independent reason that Plaintiff ratified the alleged fraud and waived her right to seek damages for it. Plaintiff admits that, even after she knew of the alleged "fraud" forming the basis of her claims (*i.e.,* the failure to disclose the inspection provision), she affirmed the Warranty by having the initial, required vehicle inspection performed, after which she accepted the benefits of the Warranty. *See* FAC, ¶ 29 (admitting repairs were done under terms of the Warranty). Acting under a contract and taking affirmative action to accept the benefits bestowed by it, with full knowledge of the facts allegedly constituting fraud and without informing the defendant of the belief that a fraud has occurred, waives the right to sue for the fraud. *Cf. Gemcap Lending I, LLC v. Crop USA Ins. Agency, Inc.*, 2014 WL 12589649, *6 (C.D.Cal. 2014); *Palmquist v. Palmquist*, 212 Cal.App.2d 322, 331 (1963). For this additional reason, Counts IV, V, and VI should be dismissed.

**D. <u>All Claims Are Barred By A Bankruptcy Court Sale Order.</u>**

In the event that this Court declines to transfer this case to the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"), this Court should apply the bar of an order entered by that court and dismiss Plaintiff's claims. It is undeniable that Plaintiff's claims are subject to a "Sale Order" issued by the Bankruptcy Court.[5] As the Bankruptcy Court has repeatedly made clear, all claims against FCA US[6] for economic loss are barred except in two instances: (1) claims for "the repair or replacement of parts" under warranties; and (2) "Lemon Law" claims. *In re Old Carco/Burton v. Chrysler Group LLC*, 492

[5] *See* FCA US LLC'S Memorandum of Points and Authorities in Support of its Alternative Motion to Transfer to Bankruptcy Court, and supporting Request for Judicial Notice, both of which are filed simultaneously herewith.

[6] FCA US was formerly known as Chrysler Group LLC.

B.R. 392, 395 (S.D.N.Y. 2013); *see also In re Old Carco LLC/Tulacro v. Chrysler Group LLC*, Adv. Proc. No. 11-09401 (S.D.N.Y.);[7] *In re Old Carco LLC/Tatum v. Chrysler Group LLC*, Adv. Proc. No. 11-09411 (S.D.N.Y.).[8]

The Bankruptcy Court has repeatedly interpreted its Sale Order with respect to fraud-based claims, and has unequivocally found that FCA US "did not assume any liabilities based on fraud or fraudulent practices." *Ricks* v. *New Chrysler Grp. LLC*, 2013 WL 1856330, *5 (S.D.N.Y. 2013). Indeed, in *Tatum*, the Bankruptcy Court dismissed the very type of statutory consumer claims as those pleaded by Plaintiff here on the grounds that such claims are barred by the Sale Order. *See Tatum* Opinion, p. 1. These rulings leave no doubt that Plaintiff's fraud claims in Counts IV, V, and VI are barred.

Plaintiff's contract/warranty-based claims in Counts I, II, and III are likewise barred by the Sale Order. The Bankruptcy Court has expressly found that contract/warranty claims are barred except to the extent that 1) they can be categorized as "Lemon Law" claims, or 2) they are based on the alleged breach of a written warranty and are limited to the costs of parts and labor. *Burton*, 492 B.R. at 298; *see also Tatum* Opinion, p. 1 ("[FCA US's] liability under the written warranties is limited to the costs of repairing parts and labor"); *Ricks*, 2013 WL 1856330 at *5 ("[FCA US] assumed the Factory Warranty limited to the costs of labor and parts … [FCA US] did not assume any other warranties").

Plaintiff's contract/warranty claims cannot be categorized as "Lemon Law" claims, which are narrowly defined in the Sale Order to include only those Magnuson-Moss Warranty Act and state law claims that are based on an allegation that FCA US was "unable to conform the vehicle to the warranty after a reasonable

---

[7] All referenced opinions of the Bankruptcy Court were issued in the designated adversary proceedings related to *In re Old Carco*, Case No. 09-50002 (S.D.N.Y. Bank.).

[8] A copy of the *Tulacro* and *Tatum* decisions are submitted as Exhibits 3 and 4, respectively, to the Request for Judicial Notice in Support of FCA US's Motion to Transfer to Bankruptcy Court.

number of attempts." *See* Sale Order, pp. 40-41, ¶ 19. Plaintiff's claims have nothing to do with repeated attempts to correct a defect. Thus, Plaintiff's warranty claims are barred unless they can be categorized as seeking nothing more than the costs of parts and labor arising out of the breach of a written warranty. But, Plaintiff's contract/warranty claims go way beyond this. These claims, at their core, are based on theories of unconscionability and lack of good faith and fair dealing. *See* FAC, ¶¶ 45-71. And, Plaintiff seeks wide ranging relief for the alleged breach, including "incidental and consequential damages," "diminution in value" damages, punitive damages, disgorgement of profits, restitution, and injunctive relief. *Id.* at p. 25 (Prayer for Relief); *see also id.* at ¶¶ 58, 65, 71. The broad nature of Plaintiff's claims and the relief she seeks make clear that the Sale Order bars Counts I, II, and III.

## IV. CONCLUSION

For the reasons outlined herein, Defendant FCA US LLC respectfully requests that this Court dismiss the First Amended Class Action Complaint, and grant it all other relief.

Dated: December 13, 2018 **HIGGS FLETCHER & MACK LLP**

By: */s/ Edwin Boniske*
William M. Low (Bar No. 106669)
Edwin Boniske (Bar No. 265701)

**THOMPSON COBURN LLP**
Kathy A. Wisniewski
Stephen A. D'Aunoy

*Attorneys for FCA US LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on December 13, 2018 on all counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ.L.R. 5.4(d).

By: *\/s/ Edwin Boniske*
Edwin Boniske (Bar No. 265701)