1 RICHARD D. McCUNE, State Bar No. 132124
rdm@mccunewright.com
2 DAVID C. WRIGHT, State Bar No. 177468
dcw@mccunewright.com
3 MARK I. RICHARDS
mir@mccunewright.com
4 MCCUNE WRIGHT AREVALO LLP
3281 East Guasti Road, Suite 100
5 Ontario, California 91761
Telephone: (909) 557-1250
6 Facsimile: 909557-1275

7 DOUGLAS C. SOHN, State Bar No. 82920
dsohn@sohnlaw.com
8 Sohn & Associates
16870 West Bernardo Drive, Suite 400
9 San Diego, California 92127
Telephone; (619) 237-7646

10
11 Attorneys for Plaintiff Wendy Hightman, and the putative class

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY HIGHTMAN, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FCA US LLC, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No.: 3:18-cv-02205-BEN-KSC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT FCA US LLC'S MOTION TO TRANSFER TO BANKRUPTCY COURT**<br><br>Hearing Date:<br>Hearing Time:<br>Courtroom:<br>Judge: |

-1-

**TABLE OF CONTENTS**

*Page*

I  INTRODUCTION ...................................................................................................1

II  FACTS RELEVANT TO THE TRANSFER MOTION ..........................................2

    A.    Old Carco's Bankruptcy and FCA US's Purchase of Assets .........................2

    B.    The Allegations Underlying Plaintiffs' Claims..............................................3

    C.    Plaintiff's Claims, Proposed Class, and Requested Relief ............................4

    D.    FCA US's Position on Remand After Transfer ............................................5

III  ARGUMENT...........................................................................................................5

    A.    Law Governing Transfers..............................................................................5

    B.    The Weight of Authority Does Not Support Transfer under Section 1412 ....7

    C.    Transfer Will Not Promote the Interests of Justice and Will, to the Contrary, Delay Resolution of this Matter and Waste the Time of the Parties and the Courts .............................................................................................................7

    D.    The Fact that the Bankruptcy Court Has Interpreted Its Order When Other Courts Transferred Cases to It Does Not Mandate Transfer in this Case.......9

IV  CONCLUSION.......................................................................................................9

Plaintiffs' Opposition to Motion to Transfer to Bankruptcy Court
Case No. 3:18-cv-02205-BEN-KSC

# TABLE OF AUTHORITIES

*Page(s)*

Cases

*Burton v. Chrysler Group, LLC (In re Old Carco LLC)*,
   492 B.R. 392 (Bankr. S.D.N.Y. 2013) ..................................................................1, 2, 3, 7

*In re A.R.E. Mfg. Co., Inc.*,
   (Bankr. M.D. Fla. 1991) 124 B.R. 912 ...................................................................................6

*In re Butcher*,
   46 B.R. 109 (Bankr. N.D. Ga. 1985).......................................................................................6

*In re Cole Associates, Inc.*,
   7 B.R. 154 (Bkrtcy. D. Utah 1980).........................................................................................5

*In re Commonwealth Oil Refining Co.*,
   596 F.2d 1239 (5th Cir.1979) .................................................................................................6

*In re DRI Companies*,
   552 B.R. 195 (Bankr. C.D. Cal. 2016) ...................................................................................6

*In re F/S Airlease II, Inc.*,
   67 B.R. 428 (Bankr. W.D. Pa.1986).......................................................................................7

*In re Jolly*,
   106 B.R. 299 (Bankr. M.D. Fla.1989)....................................................................................6

*In re Lebbos*,
   2007 WL 7540977 (9th Cir. BAP Nov. 14, 2007) ..................................................................6

*In re Med General, Inc.*,
   17 B.R. 15 (Bkrtcy. D. Minn. 1981).......................................................................................5

*In re Nixon Machinery Company*,
   27 B.R. 871 (Bkrtcy. E.D. Tenn. 1983)..................................................................................5

*In re One–Eighty Investments, Ltd.*,
   18 B.R. 725 (Bankr. E.D. Ill.1981) ........................................................................................6

*In re Windsor Communications Group, Inc.*,
   53 B.R. 293 (Bankr. E.D. Pa.1985)........................................................................................7

*Lemelle v. Universal Mfg. Corp.*,
   18 F.3d 1268 (5th Cir. 1994) ..................................................................................................5

*Mathias v. Fiat Chrysler Automobiles, NV ("FCA")*, No. 5:16-CV-01185-EJD,
   2016 WL 5109967 (N.D. Cal. Sept. 21, 2016).......................................................................5

# TABLE OF AUTHORITIES (cont.)

*Page(s)*

*Matter of Cont'l Airlines, Inc.*,
  (Bankr. D. Del. 1991) 133 B.R. 585 ................................................................................ 7

*In re Motors Liquidation Co.*,
  Nos. 15-2844-bk(L), 15-2847-bk(XAP), 15-2848-bk(XAP), 2016 U.S. App.
  LEXIS 12848 (2d Cir. July 13, 2016) ........................................................................... 4

*Travelers Indem. Co. v. Bailey*,
  557 U.S. 137, 129 S. Ct. 2195 (2009) .......................................................................... 10

*Whippany Paper Board Company, Inc.*,
  15 B.R. 312 (Bkrtcy. D. N.J. 1981) ............................................................................ 5, 6

**Statutes**

28 U.S.C. § 1412 ............................................................................................................. *passim*

**Rules**

Fed. R. Bankr. P. 7087 ........................................................................................................ 6, 7

## I    INTRODUCTION

Defendant seeks to have this matter transferred to the United States District Court for the Southern District of New York, then transferred to the United States Bankruptcy Court for the Southern District of New York, then, finally, transferred back to this Honorable Court, arguing, *inter alia*, that such a convoluted process will be in the interests of judicial efficiency.  All of this additional process is for the sole purpose of obtaining an interpretation of the original 2008 bankruptcy order, an interpretation that this Honorable Court is perfectly capable of performing.  That is particularly true because the judge who issued the order, Judge Gonzalez, is no longer the judge in that case, having been reassigned in 2012.  In re Old Carco LLC, Case No. 09-5002-smb Notice of Case Reassignment, Document 8058.  Furthermore, in order to rule on Defendant's motions concerning the impact of the bankruptcy order, it will be necessary to interpret the California law upon which the instant action is based.

Thus, granting Defendant's motion to transfer would result in a lengthy delay in this case, in order to have a New York judge who is a stranger to the original bankrupty proceedings interpret the previous judge's order <u>and</u> interpret California law.

It is respectfully submitted that this would not be in the interest of justice.

In bringing this motion, Defendant has failed to mention that the Bankruptcy Court has <u>already</u> ruled that Defendant has assumed:

> . . . all Liabilities pursuant to product warranties (including extended services contracts purchased from one of the Debtors), product returns and rebates on vehicles sold by Sellers prior to the Closing." ( MTA § 2.08(g), as modified by Amendment No. 1 to Master Transaction Agreement, dated May 31, 2009 (" Amendment No. 1 "), at ¶ 14.)

*Burton v. Chrysler Group, LLC (In re Old Carco LLC),* 492 B.R. 392, 396 (Bankr. S.D.N.Y. 2013).

Because Plaintiffs' action is brought pursuant to the product warranties, this Honorable Court can simply apply the interpretation already made by the bankruptcy

-1-

court in *Burton,* taking into consideration this Honorable Court's interpretation of California law.

In addition, Defendant's liability arising from its own conduct, *e.g.* breaching the warranty, would clearly not be encompassed by the bankruptcy order and would not justify a transfer.

As will be shown, there is no basis in the law for the transfer sought, which is in the discretion of the Court. Plaintiffs request that this Honorable Court retain this case and make its own rulings concerning the substantive issues raised by Defendant. It is respectfully submitted that the motion should be denied in its entirety.

## II    FACTS RELEVANT TO THE TRANSFER MOTION

### A.    Old Carco's Bankruptcy and FCA US's Purchase of Assets

As Defendant states, Chrysler, re-named "Old Carco," filed bankruptcy and its assets were purchased by Defendant FCA US LLC ("FCA"). Pursuant to the order of the Bankruptcy Court, Defendant FCA assumed certain liabilities. Defendant has, however, failed to bring to the Court's attention that there were amendments to the Master Transaction Agreement, confirmed by later orders of the Court.

This was discussed by the Court in *Burton v. Chrysler Group, LLC (In re Old Carco LLC)*, 492 B.R. 392, 396 (Bankr. S.D.N.Y. 2013). The Court's attention is invited to the fact that this is the very Bankruptcy Court to which Defendant is seeking a transfer:

> The MTA specified the liabilities that New Chrysler assumed. (*See MTA* § 2.08 ("Purchaser shall assume, effective as of the Closing, and shall timely perform and discharge in accordance with their respective terms, the Assumed Liabilities *and no others.*" (Emphasis added).)) The Assumed Liabilities included "all Liabilities pursuant to product warranties (including extended services contracts purchased from one of the Debtors), product returns and rebates on vehicles sold by Sellers prior to the Closing." (*MTA* § 2.08(g), as modified by *Amendment No. 1 to Master Transaction Agreement,* dated May 31, 2009 ("*Amendment No. 1*"), at 14.) 7 The MTA was subsequently amended to add section 2.08(h) which expanded the category of Assumed Liabilities to include certain product liability claims arising from "accidents." (*Amendment No. 4 to Master Transaction Agreement,* dated Oct. 29, 2009 ("*Amendment No. 4*"), at ¶ 1.) 8 Finally, paragraph 19 of the Sale Order approving the MTA added certain Lemon Law

-2-

Plaintiffs' Opposition to Motion to Transfer to Bankruptcy Court
Case No. 3:18-cv-02205-BEN-KSC

>claims to the list of Assumed Liabilities but limited the assumed liabilities to vehicles manufactured within five years of the Closing Date.

*Burton*, 492 B.R. at 396-97.

The *Burton* Court went on to analyze slip opinions issued by the Bankruptcy Court in the *Old Carco* matter:

>Judge Gonzalez parsed the language of the MTA, the amendments to the MTA and the Sale Order, and explained their relationship and meaning in the context of the negotiations in which they arose. He ruled that the only warranty-related obligations that New Chrysler assumed under MTA § 2.08(g) were the limited written warranties issued in connection with the vehicle pursuant to which the Debtors were obligated to " "cover the cost of all parts and labor needed to repair any defective item on [a] truck supplied by [the Debtors] that is defective in material, workmanship or factory preparation."

*Burton*, 492 B.R. at 398.

Thus, the Bankruptcy Court has already interpreted its order and held that Defendant FCA <u>did</u> assume the obligation to honor the warranties issued by Chrysler. It is their failure to fulfill that obligation that underlies Plaintiffs' allegations in this matter.

**B.    The Allegations Underlying Plaintiffs' Claims**

Plaintiffs' damage in the case at bar was proximately caused by the conduct of Defendant FCA, not Chrysler or Old Carco, in refusing to honor the Lifetime Powertrain Warranty.

For example, it is alleged in the First Amended Complaint that:

- "FCA breached these warranties as described in more detail above."  (First Amended Complaint, ECF 1 ("FAC"), ¶ 52.)
- "FCA breached this warranty or contract obligation by refusing to repair or replace powertrain components of the Class Vehicles and voiding the Lifetime Powertrain Warranty."  (FAC, ¶ 62.)
- "FCA breached the contract and the implied covenant of good faith and fair dealing by denying Plaintiff's claim and voiding her warranty without reasonable justification." (FAC, ¶ 70.)

-3-

This is post-bankruptcy conduct by Defendant FCA and is, therefore, neither subject to the bankruptcy order nor to interpretation by the Bankruptcy Court, as is discussed, *infra*.

### C. Plaintiff's Claims, Proposed Class, and Requested Relief

The case at bar is based upon Defendant FCA's breach of its Lifetime Powertrain Warranty. FCA assumed liability for performance of the warranty. There is nothing to be gained by transferring this case to the Bankruptcy Court in order to obtain an interpretation of its order, because that court has already interpreted the order as to warranty claims. Moreover, the Bankruptcy Court has already held that Defendant FCA is obligated to honor the warranties in question.

This conclusion is bolstered by the numerous cases which have held that the conduct of Defendant FCA, after the bankruptcy, is not protected by the bankruptcy order:

> In the manner pled, the punitive damages request is a so-called "independent claim," based only on FCA US' "own post-closing wrongful conduct." *Motors Liquidation Co.*, 2016 U.S. App. LEXIS 12848, at *42. "These sorts of claims are based on . . . post-petition conduct, and are not claims that are based on a right to payment that arose before the filing of petition or that are based on pre-petition conduct." *Id.* Consequently, Plaintiffs' independent punitive damages claim is outside the scope of the MTA's "free and clear" provision under § 363(f). *Id.* Indeed, a "free and clear" approval order " 'cannot be extended to include . . . claimants whom the record indicates were completely unknown and unidentified at the time [the debtor] filed its petition and whose rights depended entirely on the fortuity of future occurrences.' " *Id.* at 39 (quoting *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1277 (5th Cir. 1994)).
>
> In short, the punitive damages claim is not a "core" claim because there is nothing for the bankruptcy court to do in relation to it. The MTA and Amendment No. 4 simply do not govern the claim, and the orders approving those documents need not be interpreted to determine whether or not the claim is permissible. Accordingly, FCA US has not established federal jurisdiction under §1334(d) or and has not established that the removal was proper under §1452. In the absence of a viable basis for subject matter jurisdiction in this court, Plaintiff's motion to remand must be granted."

*Mathias v. Fiat Chrysler Automobiles, NV ("FCA"),* No. 5:16-CV-01185-EJD, 2016 WL 5109967, at 4 (N.D. Cal. Sept. 21, 2016).

Therefore, the post-bankruptcy conduct by FCA alleged in the case at bar is not bound by the bankruptcy order, and there is no need for a transfer of this case to the Bankruptcy Court.

### D. FCA US's Position on Remand After Transfer

The statement of Defendant FCA that it expects this matter to be remanded to this Honorable Court, after having wound its way through the New York courts, only serves to emphasize the incredible waste of time and judicial resources to which this case will be subjected, only to end up right where it began, and where it should stay.

## III  ARGUMENT

### A. Law Governing Transfers

As Defendant concedes, transfer under Section 1412 is not mandatory, but is within this Court's discretionary powers:

> The statute states that: "A district court may transfer a case or proceeding under title 11 to a district court for another district, *in the interest of justice or for the convenience of the parties*." (Emphasis added.) The decision to transfer or retain a case lies within the sound discretion of the Court. *In re Med General, Inc.*, 17 B.R. 15, 17–18 (Bkrtcy. D. Minn. 1981). The burden of proving that a transfer of venue is appropriate under 28 U.S.C. § 1412 falls upon the party requesting such transfer. *In re Nixon Machinery Company*, 27 B.R. 871, 872 (Bkrtcy. E.D. Tenn. 1983); *In re Whippany Paper Board Company, Inc.*, 15 B.R. 312, 317 (Bkrtcy. D. N.J. 1981); *In re Cole Associates, Inc.*, 7 B.R. 154, 157 (Bkrtcy. D. Utah 1980). The burden must be carried by a preponderance of the evidence. *In re Whippany Paper Board Company, Inc.*, 15 B.R. at 317.

*In re Butcher*, 46 B.R. 109, 112 (Bankr. N.D. Ga. 1985).

The burden of proving that a transfer of venue is appropriate under 28 U.S.C.A. § 1412 is on the party requesting the transfer:

> Title 28 U.S.C. 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412(a). Rule 70871 provides, in pertinent part, that "[o]n motion and after a hearing, the court

-5-

> may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412 . . . ." Fed. R. Bankr. P. 7087. Movant has the burden of showing by a preponderance of evidence that transfer is warranted. *See In re Lebbos*, 2007 WL 7540977, at 3 (9th Cir. BAP Nov. 14, 2007) (unpublished). The Court has broad discretion in deciding motions to transfer. *Id.*

*In re DRI Companies*, 552 B.R. 195, 196–97 (Bankr. C.D. Cal. 2016). As will be shown, Defendant has failed to sustain that burden.

Case law makes it clear that the court should exercise its power to transfer venue of adversary proceeding cautiously:

> This Court begins its analysis from the premise that a court should exercise its power to transfer cautiously and that the party moving for the transfer has the burden of proving that the transfer would be in the best interest of justice and for the convenience of the parties. *In re Jolly*, 106 B.R. 299, 300 (Bankr. M.D. Fla.1989); *In re One–Eighty Investments, Ltd.*, 18 B.R. 725, 728 (Bankr. E.D. Ill.1981) citing *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239 (5th Cir.1979) cert. denied, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980)."

*In re A.R.E. Mfg. Co., Inc.* (Bankr. M.D. Fla. 1991) 124 B.R. 912, 914.

Furthermore, there is a strong presumption of maintaining venue where the case is pending, and thus, the party seeking change of venue bears burden of proof to overcome presumption.

> Still, though venue is proper in the primary district, the court may "in the interest of justice or for the convenience of the parties" transfer an adversary proceeding to another judicial district. 28 U.S.C. § 1412. Therefore, under this statute, the bankruptcy court may order the transfer of civil actions referred to it. *See* Bankruptcy Rules 7087, 9001(4); *see also* the Order of Referral of Cases of Bankruptcy Judges of the United States District Court for the District of Delaware (D. Del. July 23, 1984). Nevertheless, there is a strong presumption of maintaining venue where the bankruptcy case is pending. *See In re Windsor Communications Group, Inc.*, 53 B.R. 293 (Bankr. E.D. Pa.1985). Accordingly, the party seeking a change of venue bears the burden of proof to overcome this presumption. *In re F/S Airlease II, Inc.*, 67 B.R. 428 (Bankr. W.D. Pa.1986).

*Matter of Cont'l Airlines, Inc.* (Bankr. D. Del. 1991) 133 B.R. 585, 587

-6-

Plaintiffs' Opposition to Motion to Transfer to Bankruptcy Court
Case No. 3:18-cv-02205-BEN-KSC

### B. The Weight of Authority Does Not Support Transfer under Section 1412

Defendant argues that this case "arises under, arises in, and is related to the bankruptcy case . . . ." That is not correct. The only nexus with the bankruptcy case is Defendant's assumption of liability under the Lifetime Powertrain Warranty which is the subject of the case at bar.

As has been discussed, *infra*, the Bankruptcy Court has already determined that such liability exists. *In re Old Carco LLC*, 492 B.R. 392, 398 (Bankr. S.D.N.Y. 2013). Thus, there is nothing to be served by having that court make the same ruling again.

Defendant's arguments are not bolstered by its litany of non-controlling District Court opinions, in which cases have been transferred to the Bankruptcy Court. They serve only to show that such a transfer is within the discretion of this Court, not that such a transfer must be made. The Court's attention is invited to the fact that Defendant has not cited a single opinion by a Circuit Court of Appeal as part of its "weight of authority."

### C. Transfer Will Not Promote the Interests of Justice and Will, to the Contrary, Delay Resolution of this Matter and Waste the Time of the Parties and the Courts

Evaluation of the factors Defendant cites as demonstrating "the interest of justice" reveals that they militate <u>against</u> transfer:

1) The economics of estate administration cannot not reasonably be said to still be a factor, a decade after the bankruptcy, when the bankruptcy estate has long ceased to exist, or has been transmuted into the assets of the current defendant.

2) The bankruptcy case is no longer still pending. A decade after the bankruptcy proceedings, it can no longer be said that the bankruptcy is still pending.

-7-

Plaintiffs' Opposition to Motion to Transfer to Bankruptcy Court
Case No. 3:18-cv-02205-BEN-KSC

    3) Transfer will not promote judicial efficiency. If this motion is granted, this case will first be transferred to the United States District Court for the Southern District of New York, then, after an unknown delay, to the Bankruptcy Court for the Southern District of New York, then, after whatever proceedings take place in that court have concluded and however long that takes, finally transferred to this Court to have this mater finally litigated. Nothing could be further from judicial efficiency. Defendant's argument against "Allowing a plaintiff to randomly choose a court to interpret and enforce the Bankruptcy Court's Sale Order" is ironic, given that Defendant is alleged to have wrongfully denied the claim under the Lifetime Powertrain Warranty of California resident in this District.

    4) Transfer of this action to a distant court for determination of legal issues does not satisfy the "fair trial" requirement.

    5) Transfer of this action to a distant court for determination of important legal issues does not satisfy California's interests in having local controversies decided within its borders. In fact, whatever court rules on the issues of law in this matter will be called upon to interpret <u>California</u> law, inasmuch as most of Plaintiff's causes of action are based on the law of this state.

    6) Enforceability of any resulting judgment is, at best, no better in the New York forum than here.

Defendant states "The Bankruptcy Court is in the best position to resolve the issues pertaining to the interpretation and enforcement of the Sale Order." On the contrary, there is no magic ability to be found in the Bankruptcy Court. As has been discussed, *supra*, the judge who crafted the order in question has been reassigned and is no longer involved in the bankruptcy case. It cannot reasonably be argued that this Honorable Court is less able to interpret the bankruptcy order than another judge who was not involved in the drafting of that order. Furthermore, since such a review will also require

-8-

the interpretation and application of California law, this Honorable Court is in a much better position to undertake that task than a New York court.

### D. The Fact that the Bankruptcy Court Has Interpreted Its Order When Other Courts Transferred Cases to It Does Not Mandate Transfer in this Case

As has been discussed, section 1412 gives this Court the <u>discretion</u> to transfer this case to another court but does not <u>require</u> it. Moving party's authority concerning other such transfers only repeats that rule and demonstrates that the Bankruptcy Court may interpret the original order <u>if</u> a case is transferred to it. Moving party has not cited a single case standing for the proposition that the New York Bankruptcy Court is the <u>only</u> court with the authority to interpret that order. This Honorable Court does, in fact, have the authority to do so, and is much better equipped to do so in the context of a California case based upon California law. The authority cited by Defendant for this proposition, *Travelers Indem. Co. v. Bailey,* 557 U.S. 137, 129 S. Ct. 2195 (2009), stands only for the proposition that an injunction issued by a bankruptcy court will be enforced to bar state court actions. It does <u>not</u> stand for the proposition that only a bankruptcy court has authority to interpret its orders.

## IV    CONCLUSION

Defendant FCA has failed to sustain it burden of demonstrating that transferring this case to the District Court for the State of New York, and then to the Bankruptcy Court, is in the interest of justice or the convenience of the parties, as is required for a transfer under section 1412. The net effect of such a transfer would be for this matter to be delayed for months, perhaps years, solely to have a bankruptcy court judge, who was not involved in the original order, interpret that order, and then apply California law. Surely, this Honorable Court is equally, if not better, qualified to undertake such a task. This is especially true here, where Defendant FCA has expressly assumed "all Liabilities pursuant to product warranties," as set forth in Amendment No. 1 to the Master Transaction Agreement.

1 | It is respectfully submitted, therefore, that this motion must be denied in its
2 | entirety.
3 | DATED: January 22, 2019     SOHN & ASSOCIATES

/s/ Douglas C. Sohn
By: Douglas C. Sohn

**MCCUNE WRIGHT AREVALO LLP**
RICHARD D. McCUNE
DAVID C. WRIGHT
MARK I. RICHARDS

Counsel for Plaintiff

-10-

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on January 22, 2019 on all counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4(d).

　　　　　　　　　　　　　　　　　　　/s/ *David C. Wright*
　　　　　　　　　　　　　　　　　　David C. Wright, State Bar No. 177468