RICHARD D. McCUNE, State Bar No. 132124
rdm@mccunewright.com
DAVID C. WRIGHT, State Bar No. 177468
dcw@mccunewright.com
MARK I. RICHARDS, State Bar No. 321252
mir@mccunewright.com
MCCUNE WRIGHT AREVALO LLP
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

DOUGLAS C. SOHN, State Bar No. 82920
dsohn@sohnlaw.com
Sohn & Associates
16870 West Bernardo Drive, Suite 400
San Diego, California 92127
Telephone; (619) 237-7646

Attorneys for Plaintiff Wendy Hightman,
and the putative class

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY HIGHTMAN, on behalf of herself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.: 3:18-cv-02205-BEN-KSC<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM<br><br>Hearing Date: February 11, 2019<br>Hearing Time: 10:30 a.m.<br>Courtroom: 5A<br>Judge: Hon. Roger T. Benitez |

Plaintiffs' Opposition to Motion to Dismiss for Failure to State a Claim
Case No. 3:18-cv-02205-BEN-KSC

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ....................................................................................................ii
I    INTRODUCTION ................................................................................................... 1
II    STATEMENT OF FACTS ...................................................................................... 1
III    LEGAL STANDARD .............................................................................................. 2
IV    ARGUMENT ........................................................................................................... 2
    A.    Extraterritorial Application of California's Consumer Protection Statutes Is Warranted under Certain Circumstances ...................................................... 2
    B.    Defendant's Extraterritorial Application and Choice of Law Arguments Are Premature .......................................................................................................... 4
    C.    FCA's "Other Bases" for Dismissal Are Unwarranted ................................ 6
        1.    Plaintiff Adequately Pled Unconscionability as an Excuse for Non-performance ............................................................................................. 6
        2.    Defendant's Statute of Limitation Defense Is Improperly Raised ....... 6
    D.    FCA's Liability Stems from Its Post-Bankruptcy Sale Conduct .................... 7
V    CONCLUSION ........................................................................................................ 9

# TABLE OF AUTHORITIES

*Page(s)*

Cases

*Armendariz v. Foundation Health Psychcare Services, Inc.*,
    24 Cal. 4th 83 (2000) ...................................................................................................... 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................ 2

*Baldain v. Am. Home Mortg. Servicing, Inc.*,
    No. CIV S-09-0931 LKKGGH, 2010 WL 56143 (E.D. Cal. Jan. 5, 2010) ..................... 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................ 2

*Bruton v. Gerber Prod. Co.*,
    No. 12–cv–2412, 2014 WL 172111 (N.D.Cal. Jan.15, 2014) ........................................ 4

*Burton v. Chrysler Group, LLC (In re Old Carco LLC)*,
    492 B.R. 392 (Bankr. S.D.N.Y. 2013) ........................................................................ 8, 9

*Cousins v. Lockyer*,
    568 F.3d 1063 (9th Cir. 2009) ........................................................................................ 2

*Czuchaj v. Conair Corp.*,
    No. 13-CV-1901-BEN RBB, 2014 WL 1664235 (S.D. Cal. Apr. 18, 2014) ............. 3, 4

*Gerstle v. American Honda Motor Company Inc.*,
    Case No. 16-CV-04384-JST, 2017 WL 2797810 (N.D. Cal. June 28, 2017) ................ 5

*In re Motors Liquidation Co.*,
    Nos. 15-2844-bk(L), 15-2847-bk(XAP), 15-2848-bk(XAP), 2016 U.S. App.
    LEXIS 12848 (2d Cir. July 13, 2016) ............................................................................ 8

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) ................................................................................. 3, 4, 6

*Reed v. Dynamic Pet Prod.*,
    No. 15CV0987-WQH-DHB, 2015 WL 4742202 (S.D. Cal. July 30, 2015) .............. 3, 5

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ........................................................................................ 2

*Won Kyung Hwang v. Ohso Clean, Inc.*,
    No. C–12–06355, 2013 WL 1632697 (N.D.Cal. Apr.16, 2013) .................................... 4

Statutes

Cal. Civ. Code § 1670.5 (West) ............................................................................................. 6

Cal. Com. Code § 2725 (West) .............................................................................................. 7

**TABLE OF AUTHORITIES (cont.)**

*Page(s)*

Rules

Rule 12(b)(6) of the Federal Rules of Civil Procedure......................................................1, 2

Other Authorities

# I    INTRODUCTION

This is a putative class action for breach of contract/warranty. Plaintiff Wendy Hightman alleges that Defendant FCA US LLC ("FCA") violated California's common law and the Magnusson-Moss-Warranty Act by voiding the Lifetime Warranty and refusing to repair her Jeep's transmission. Plaintiff further contends that Defendant violated California's consumer protection statutes by misrepresenting the terms of the Warranty through a nationally integrated advertising campaign; including an unconscionable provision within the terms the Warranty; and cancelling the Lifetime Warranty.

Defendant has filed a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("the Motion"), seeking to dismiss these claims for failure to state a claim for relief. Defendant's motion is based on four general arguments: (1) Plaintiff cannot assert her claims under California law because she purchased her Jeep in Guam; (2) Plaintiff failed to satisfy conditions precedent to FCA's performance, thereby precluding her breach of contract claims; (3) the statute of limitations bars all of Plaintiff's claims; and (4) all of Plaintiff's claims are barred by a bankruptcy court sale order. Defendants arguments, some which are erroneous, are generally premature as they fail to consider the current stage of this litigation. For the reason set forth below, Defendant respectfully requests that the Court deny the Motion.

# II    STATEMENT OF FACTS

From 2007 through 2009, FCA sold hundreds of thousands of vehicles by offering a Lifetime Powertrain Warranty. (First Amended Complaint, ECF No. 3, ("FAC") ¶ 6.) FCA sold and advertised the Lifetime Warranty though a nationally integrated marketing campaign. (FAC ¶¶ 5-6.) None of these advertisements disclosed that the Life Warranty was subject to the inspection requirement (discussed below) and would be void if those inspection were not performed within the arbitrarily narrow window of time. On October 12, 2007, Plaintiff Wendy Hightman purchased a new 2007 Jeep Patriot (hereinafter "the Jeep") from a Chrysler dealership in Guam. (FAC ¶ 25.) Plaintiff was informed by a

-1-

Chrysler dealership employee that the Jeep was covered by Chrysler's Lifetime Powertrain Warranty ("Lifetime Warranty" or "the Warranty"). (FAC ¶ 26.). However, Plaintiff was not provided the terms and conditions of the warranty until after she had completed the purchase of her class vehicle. (FAC ¶¶ 26-27.) The terms of conditions, which were contained in the warranty booklet, did not contain language of the inspection clause or state that the Warranty was subject to cancellation. (*See* FAC ¶ 27.) Moreover, Plaintiff did not fully understand, nor was she made aware of, the specific terms and consequences of the Inspection Clause prior to FCA cancelling the Warranty and denying of her claim on July 16, 2018. (*See* FAC ¶¶ 8, 27-30.)

### III    LEGAL STANDARD

When deciding a Rule 12(b)(6) motion, a court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A motion to dismiss should be denied if the Court finds that the plaintiff pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not the same as a "probably requirement," since it asks only whether the complaint "raises[s] a reasonable expectation that discovery will reveal evidence' to support the allegation." *Starr v. Baca*, 652 F.3d 1202, 1217 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

### IV    ARGUMENT

#### A.    Extraterritorial Application of California's Consumer Protection Statutes Is Warranted under Certain Circumstances

FCA argues that Plaintiff has no standing to invoke California statutes because she purchased her vehicle outside of California. Further, that California's choice of law rules prohibits Plaintiff from asserting her breach of contract claims under California law. These arguments are misguided and premature.

1       Defendant argues that "courts routinely conclude that the CLRA, UCL, and FAL
2   do not apply to product purchases outside of California." In some respect, Defendant is
3   correct – there are instances where courts refuse to apply California consumer protection
4   laws to purchases made outside of the state.  Those cases, however, generally involve
5   non-resident plaintiffs, who were injured outside of the state, or failed to allege any that
6   their claims have any significant contact with the State of California.

7       As this Court has previously recognized, "California law may be applied to a
8   nationwide class in certain circumstances." *See Czuchaj v. Conair Corp.*, No. 13-CV-
9   1901-BEN RBB, 2014 WL 1664235, at *7 (S.D. Cal. Apr. 18, 2014) (the Court refusing
10  to grant dismissal of at the pleading stage solely on the basis that the plaintiffs had sought
11  relief under California law); *c.f. Reed v. Dynamic Pet Prod.*, No. 15CV0987-WQH-DHB,
12  2015 WL 4742202, at *9 (S.D. Cal. July 30, 2015) ("In order to overcome the
13  presumption against extraterritorial application of a California statute, *non-resident*
14  *plaintiffs, who are not injured in California*, must establish that the unlawful conduct
15  giving rise to their claims occurred in California.")). "Due process requires that
16  California law can only be applied to the claims of nonresidents if California has a
17  significant contact or significant aggregation of contacts to the claims asserted by each
18  member of the plaintiff class, contacts creating state interests, in order to ensure that the
19  choice of the forum state's law is not arbitrary or unfair." *Czuchaj*, 2014 WL 1664235, at
20  *7 (internal citations and quotations omitted). Whether out-of-state class members can
21  pursue their claims under California's consumer protection statutes depends on a multi-
22  stage choice-of-law analysis specific to the "facts and circumstances" of the particular
23  case. *See generally Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589-94 (9th Cir.
24  2012).  "The class action proponent bears the initial burden of establishing that the forum
25  state has a significant contact or significant aggregation of contacts to the claims of each
26  class member such that application of the forum law is not arbitrary or unfair." *Czuchaj*,
27  2014 WL 1664235. at *8 (citing *Mazza*, 666 F.3d at 589).  Once this is established, the
28

-3-

Plaintiffs' Opposition to Motion to Dismiss for Failure to State a Claim
Case No. 3:18-cv-02205-BEN-KSC

1  burden then shifts to the defendant to demonstrate that foreign law, rather than California
2  law, should apply to class claims. *Id.*
3     Here, Plaintiff is a California resident who made a claim for repairs to the
4  powertrain of her vehicle under the Lifetime Powertrain Warranty at an authorized
5  Chrysler dealership within the District.  Plaintiff alleges that Defendant FCA wrongfully
6  denied her warranty claim and that such wrongful denial was communicated to her within
7  California and within the District.  As such, this case is distinguishable from the authority
8  cited by Defendant which involve claims of product defects that existed at the time of
9  sale.
10     Moreover, Plaintiff has already informed counsel for Defendant of her intent to
11  seek leave to amend the complaint to add additional Plaintiffs, some of whom originally
12  purchased their vehicle in the State of California and continue to reside within California.
13  Therefore, should the Court agree with Defendant's premature arguments, Plaintiff
14  nevertheless requests leave to amend.

### B. Defendant's Extraterritorial Application and Choice of Law Arguments Are Premature

17  because of the need for detailed factual inquiries, California district courts and
18  courts in the Ninth Circuit often decline to entertain choice-of-law arguments at the
19  pleading stage; instead, opting to reserve such inquiries for the class certification stage
20  after the parties have had the opportunity to engage in discovery. *See e.g., Bruton v.
21  Gerber Prod. Co.*, No. 12–cv–2412, 2014 WL 172111, at *13 (N.D. Cal. Jan.15, 2014)
22  (citations omitted) (denying foreign company's motion to dismiss nationwide class
23  claims where plaintiffs asserted California consumer protection statutes on behalf of
24  foreign class members who made out-of-state purchases of products); *see also Won
25  Kyung Hwang v. Ohso Clean, Inc.*, No. C–12–06355, 2013 WL 1632697, at *21 (N.D.
26  Cal. Apr.16, 2013) ("Such an inquiry is most appropriate at the class certification stage of
27  the case, after the parties have engaged in discovery."); *c.f. Reed v. Dynamic Pet Prod.*,
28  No. 15CV0987-WQH-DHB, 2015 WL 4742202, at *9 (S.D. Cal. July 30, 2015) (granting

1  dismissal of the plaintiffs' claims at the pleading stage because there were not plausible
2  facts alleged to demonstrate that non-California plaintiffs were injured in California or
3  injured by unlawful conduct emanating from California).

4        Here, it is apparent that Plaintiff lacks the facts necessary to craft a meaningful and
5  informed choice of law argument, thus dismissal of Plaintiff's claims without the
6  opportunity to conduct discovery is unwarranted.  Contrary to Defendant's self-serving
7  narrative, Plaintiff neither admits nor alleges that all of Defendant's wrongful conduct
8  occurred in Guam.  Rather, Plaintiff asserts that Defendant touted a nationally integrated
9  TV, print, and internet advertising campaign that violated California's consumer
10 protection laws.  (FAC ¶ 5-6.)  Moreover, while Plaintiff was a resident of California,
11 FCA violated California's consumer protection laws by refusing to repair the
12 transmission of the Vehicle under the Lifetime Powertrain Warranty and cancelling the
13 Lifetime Powertrain Warranty entirely.  (FAC ¶¶ 51.)

14       There are several unanswered questions of fact that are of vital significance to a
15 choice of law analysis for these claims.  For example, Defendant admits that FCA has
16 two separate corporate operations in California: a business center and distribution center.
17 (Royek Decl., ECF No. 15-2, at ¶ 4.)  The particular functions of these two operations are
18 of vital importance to the Court's extraterritorial application/choice of law analysis. *See*
19 *Gerstle v. American Honda Motor Company Inc.*, Case No. 16-CV-04384-JST, 2017 WL
20 2797810, at *3 (N.D. Cal. June 28, 2017) ("To determine whether sufficient wrongful
21 conduct occurred in California, the court consider[s] where the defendant does business,
22 whether the defendant's principle office are located in California, where the class
23 members are located, and the location from which advertising and other promotion
24 materials were made.")

25       Plaintiff is not in a position to independently discover details pertaining to the
26 inner workings of FCA's business operations within California and their relations to the
27 Lifetime Warranty program.  Most importantly, Defendant has exclusive knowledge of
28 the specifics pertaining to the marketing campaign of the Lifetime Warranty—e.g. where

-5-

Plaintiffs' Opposition to Motion to Dismiss for Failure to State a Claim
Case No. 3:18-cv-02205-BEN-KSC

the advertisements were created and whether they emanated from California. Furthermore, determining the number of Class Members located in California will ultimately hinge on an analysis of the specific warranties that FCA were offered in California and have been cancelled in California. And of equal importance will be whether those decisions were made within the State of California. All of this information is crucial to Plaintiff's ability to establish that application of California law to those who purchased their vehicles outside of California is not arbitrary and unfair. *See Mazza, 666 F.3d. at 590.* Thus, because these facts are of vital importance and within the exclusive knowledge of the Defendant, the Court should defer any extraterritorial application/choice of law analysis until the class certification stage, or at the very least until after the parties have had the opportunity to engage in some discovery on these issues.

### C. FCA's "Other Bases" for Dismissal Are Unwarranted

#### 1. Plaintiff Adequately Pled Unconscionability as an Excuse for Non-performance

Defendant argues Plaintiff cannot establish breach of contract because she failed to Comply with the inspection requirement which was condition precedent to Plaintiff's performance. This argument is unavailing. Plaintiff has clearly alleged that the inspection requirement was both procedurally and substantively unconscionable and unenforceable, thus excusing her non-performance. (FAC ¶¶ 9-12); *see* Cal. Civ. Code § 1670.5 (West) ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may . . . may enforce the remainder of the contract without the unconscionable clause . . .".) *see also Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 C4th 83, 114 (2000)).

#### 2. Defendant's Statute of Limitation Defense Is Improperly Raised

Defendant asserts that Plaintiff's claims are barred by California's statute of limitations. But Defendant argument completely ignores the relevant law and Plaintiff's allegations. "The statute of limitations is an affirmative defense . . . and complaints do

not ordinarily need to allege the non-availability of affirmative defenses." *Baldain v. Am. Home Mortg. Servicing, Inc.,* No. CIV S-09-0931 LKKGGH, 2010 WL 56143, at *4 (E.D. Cal. Jan. 5, 2010) (citations omitted). "Nonetheless, the statute of limitations may be raised in a motion to dismiss "[w]hen the running of the statute *is apparent from the face of the complaint.*" *Id.* (emphasis added).

Plaintiff maintains that the breach occurred on July 6, 2018, when Defendant FCA, for the first time, informed her that FCA was cancelling her Lifetime Powertrain Limited Warranty. And to the extent that Defendant are that it is not apparent from the face of the Complaint when the statute of limitations began to run – "the breach Plaintiff seems to be complaining about" is "less than clear . . ." (ECF No. 17-1 at 11) – that, in and of itself makes Defendant's statute of limitations argument premature. Moreover, Defendant strains to arrive at its conclusions by assuming facts. For example, Defendant concludes that "the only plausible interpretation of her allegations is that she knew of the terms of the Warranty, including the its powertrain provision, no later than 2012 . . . ." However, Plaintiff explicitly alleges that she did not know that the Warranty was subject to cancellation until being denied coverage and learning that Defendant cancelled it. (FAC ¶ 8.) Thus, if any inference could be drawn from the complaint, it would be that the statute of limitations for Plaintiff's breach of contract claims began to run on July 6, 2018 – the date Defendant refused coverage and cancelled the Lifetime Warranty. *See* Cal. Com. Code § 2725 (West) ("A breach of warranty occurs when tender of delivery is made, except *that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance* the cause of action accrues when the breach is or should have been discovered.").

### D. FCA's Liability Stems from Its Post-Bankruptcy Sale Conduct

Finally, Defendant argues that should the Court decline to transfer this case to the United States Bankruptcy Court for the Southern District of New York, the Court should dismiss Plaintiff's claims based on the Sale Order issued by the Bankruptcy Court. As stated in Plaintiff's response to Defendant's motion to transfer – Defendant ignores the

-7-

fact that Plaintiffs' damage in the case at bar was proximately caused by the post-sale conduct of Defendant FCA, not Chrysler or Old Carco, in refusing to honor the Lifetime Powertrain Warranty. This is post-bankruptcy conduct by Defendant FCA and is, therefore, not neither subject to the bankruptcy order, nor to interpretation by the Bankruptcy Court. *See Mathias v. Fiat Chrysler Automobiles, NV ("FCA")*, No. 5:16-CV-01185-EJD, 2016 WL 5109967, at *3 (N.D. Cal. Sept. 21, 2016) (finding that the Bankruptcy Order did not apply to Plaintiff's claims given that their allegations against FCA stemmed from its post-bankruptcy sale conduct); *See also* Motors Liquidation Co., 2016 U.S. App. LEXIS 12848, at *42. (stating that claims based on post-bankruptcy petition conduct, are not claims that are based on a right to payment that arose before the filing of petition or that are based on pre-petition conduct.)

As it did in its motion to transfer, Defendant here also fails to acknowledge that the Bankruptcy Court has already ruled that Defendant FCA assumed:

> . . . **all Liabilities pursuant to product warranties** (including extended services contracts purchased from one of the Debtors), product returns and rebates on vehicles sold by Sellers prior to the Closing." ( MTA § 2.08(g), as modified by Amendment No. 1 to Master Transaction Agreement, dated May 31, 2009 (" Amendment No. 1 "), at ¶ 14.)

*Burton v. Chrysler Group, LLC (In re Old Carco LLC),* 492 B.R. 392, 396 (Bankr. S.D.N.Y. 2013) (emphasis added). Because Plaintiffs' action is brought pursuant to the product warranties, this Honorable Court can simply apply the interpretation already made by the bankruptcy court in *Burton,* taking into consideration this Honorable Court's interpretation of California law.

Here, Defendant has alleged FCA breached the Lifetime Warranty by refusing to repair or replace powertrain components of the Class Vehicles and voiding the Lifetime Powertrain Warranty. (FAC, ¶ 62.) Further, FCA breached the contract and the implied covenant of good faith and fair dealing by denying Plaintiff's claim and voiding her warranty without reasonable justification. (FAC, ¶ 70.) Because this is independent post-bankruptcy conduct, Plaintiff's claims are not affected by the Bankruptcy Order.

-8-

Plaintiffs' Opposition to Motion to Dismiss for Failure to State a Claim
Case No. 3:18-cv-02205-BEN-KSC

# V    CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that the Court deny Plaintiff's motion to dismiss for failure to state a claim.

DATED: January 22, 2019                    **MCCUNE WRIGHT AREVALO LLP**


/s/ David C. Wright
DAVID C. WRIGHT
MARK I. RICHARDS

**SOHN & ASSOCIATES**

DOUGLAS C. SOHN.

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on January 22, 2019 on all counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4(d).

                                                /s/ *David C. Wright*
                                                David C. Wright, State Bar No. 177468

Plaintiffs' Opposition to Motion to Dismiss for Failure to State a Claim
Case No. 3:18-cv-02205-BEN-KSC