RICHARD D. McCUNE, State Bar No. 132124
rdm@mccunewright.com
DAVID C. WRIGHT, State Bar No. 177468
dcw@mccunewright.com
MARK I. RICHARDS, State Bar No. 321252
mir@mccunewright.com
MCCUNE WRIGHT AREVALO LLP
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: 909557-1275

DOUGLAS C. SOHN, State Bar No. 82920
dsohn@sohnlaw.com
Sohn & Associates
16870 West Bernardo Drive, Suite 400
San Diego, California 92127
Telephone; (619) 237-7646

Attorneys for Plaintiff Wendy Hightman,
and the putative class

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY HIGHTMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:18-cv-02205-BEN-KSC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT FCA US LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Hearing Date:  February 11, 2019<br>Hearing Time:  10:30 a.m.<br>Courtroom:  5A<br>Judge:  Hon. Roger T. Benitez |

-1-

Plaintiffs' Opposition to Motion to Dismiss for Lack of Personal Jurisdiction
Case No. 3:18-cv-02205-BEN-KSC

# I INTRODUCTION

This is a breach of contract/warranty class action case which stems from Defendant's refusal to repair Plaintiff's vehicle under FCA's Lifetime Powertrain Warranty. Defendant has availed itself of the privilege of California by conducting substantial business throughout the State of California. This includes, but is not limited to, vehicle sales to its dealership partners located within the state, and use of those dealers to conduct automotive service repairs to fulfill contractual warranty obligations. Plaintiff's breach of contract/warranty claims in this lawsuit directly arise and relate to those service offerings, thus subjecting Defendant to specific personal jurisdiction. And although there currently isn't a basis for personal jurisdiction over Plaintiff's consumer protection claims, this Court may properly assert pendent personal jurisdiction given that all of Plaintiff's claims arise out of a common nucleus of operative facts.

# II STATEMENT OF FACTS

On March 13, 2017, Plaintiff brought her Jeep into Carl Burger's Chrysler Jeep Dodge and RAM World because of a "whining sound" coming from the transmission. (FAC ¶ 28.) The technician determined the sound stemmed from a transmission fuel leak in the right-axle, repaired it, and confirmed the Jeep had "received a 16-point multi-inspection according to the maintenance interval." (*Id.*) On July 6, 2018, Plaintiff brought the Jeep to Burger's Chrysler because the check engine light was on. (FAC ¶ 29.) Following the inspection, the technician determined that the engine gasket needed to be replaced. (*Id.*). Plaintiff reasonably expected this to be covered under her Lifetime Powertrain Warranty but FCA denied coverage for the claim. (*Id.*) As justification, FCA asserted that Plaintiff failed to adhere to the maintenance inspection terms, which in relevant part provides:

> In order to maintain the Lifetime Powertrain Limited Warranty, the person . . . covered by this Power-train Limited Warranty must have a powertrain inspection performed by an authorized Chrysler, Dodge, or Jeep dealer once every 5 years. . . . The inspection must be made within sixty (60) days of each 5 year anniversary of the in-service date of the vehicle. You must have the inspection performed to continue this coverage.

1  (*Id.*) (hereinafter "the Inspection Clause").

2  According to FCA, although the Jeep admittedly underwent a second powertrain
3  inspection, such inspection did not occur within 60-days of the second 5-year purchase
4  anniversary, but rather, seven months prior to the 10-year purchase date anniversary.
5  Solely on this basis, FCA declined to replace or repair the engine gasket and voided the
6  Jeep's Lifetime Warranty.

7  **III    ARGUMENT**

8      **A.    This Court Has Specific Personal Jurisdiction over Defendant for**
9          **Plaintiff's Breach of Contract/Warranty Claims**

10 Defendant puts forth the argument that this Court lacks specific jurisdiction over it
11 because Plaintiff purchased her vehicle outside of California and that all of Plaintiff's
12 claims are based on events occurring the point of purchase. Defendant's argument is a
13 gross mischaracterization of the nature of Plaintiff's claims and the specific personal
14 jurisdiction analysis. Defendant is in fact subject to specific jurisdiction of this Court.  In
15 order for specific personal jurisdiction to exist (1) the non-resident Defendant must
16 purposefully direct its activities toward the forum; (2) the claim must arise out of or relate
17 to the defendant's forum-related activities; and (3) the exercise of jurisdiction must
18 comport with fair play and substantial justice. Plaintiffs have sufficiently pleaded facts to
19 demonstrate that this Court has specific personal jurisdiction over Defendant FCA, or in
20 the alternative has pendent personal jurisdiction.

21     **1.    FCA Purposefully Availed Itself of California by Effectuating a**
22         **Lifetime Powertrain Warranty**

23 "To have purposefully availed itself of the privilege of doing business in the
24 forum, a defendant must have performed some type of affirmative conduct which allows
25 or promotes the transaction of business within the forum state." *Sher v. Johnson*, 911
26 F.2d 1357, 1362 (9th Cir. 1990) (internal quotation marks and citation omitted).
27 *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (citation and quotations
28 omitted). "[C]ontemplated future consequences, along with the terms of the contract and

the parties' actual course of dealing' are the factors to be considered." *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir.1990) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 479 (1985)).

    Here, FCA has purposefully availed itself of the privileges of California in a combined manner. First, Defendant created and offered a Lifetime Warranty that provided an ongoing performance/service obligation and did not specify or indicate a particular place of performance and, in doing so, contemplated the future consequence that Plaintiff would move away from Guam and continue to receive coverage under the Lifetime Warranty. Second, Defendant through its California dealers fulfilled its obligations under the Warranty and allowed Plaintiff to do the same. By doing this, FCA availed itself of California's benefits by ensuring that its holders of the Lifetime Warranty would be able to move to California without limitations. Defendant could have restricted the Warranty repairs to the dealership of purchase—but this obviously would be a far less attractive warranty offering. Instead, Defendant established a broad network certified dealership partners throughout the state of California to ensure that its contractual obligations were met and that it was able to provide such Lifetime Warranty offerings. These dealership partners not only purchase and resell FCA's vehicles, but also repair and service vehicles on behalf of FCA. This network of certified dealerships spans all throughout the State of California. A cursory search on MOPARS's website reveals 20 MOPAR Certified dealers within 125-mile radius of Los Angeles.[1] This network of California certified FCA dealerships service and repair FCA vehicles covered by warranty – warranties extended by Defendant. FCA sells its vehicles in California to California consumers. *See Sloan v. GM, LLC*, 287 F. Supp. 3d 840, 859 (N.D. Cal. 2018) (finding in a vehicle defect case that "GM has availed itself of the privilege of conducting

---

[1] Mopar is the parts, service, and customer care organization within Defendant FCA.

Plaintiffs' Opposition to Motion to Dismiss for Lack of Personal Jurisdiction
Case No. 3:18-cv-02205-BEN-KSC

business in the state of California, so the first prong [of the specific jurisdiction test] is not at issue").

### 2. Plaintiff's Breach of Contract/Warranty Claim Arises out of FCA's Automotive Repair Services in California

Contrary to Defendant's assertion, Plaintiff's breach of contract claims is not limited to the events at the point of sale. While Plaintiff concedes that there is no independent basis for jurisdiction over FCA for Plaintiff's consumer protection claims,[2] her breach of warranty/contract claim arose from her continued contractual obligations within the State of California. And Defendant's decision to void Plaintiff's warranty and refuse coverage is strongly related to her repair services, inspection, and claim submission through Burger's Chrysler – a certified FCA dealership in California. Burger's Chrysler conducted the initial transmission repairs under the Warranty and Plaintiff's first powertrain inspection. FCA's partnership with Burger's Chrysler and the continued performance obligations of the Lifetime Powertrain Warranty in California form the basis of Plaintiff's breach of contract claims.

### 3. Exercise of Personal Jurisdiction Over Defendant Is Reasonable

FCA does not identify another forum where it would bear a lighter burden in defending such claims or that is better suited to consider California law. In fact, this forum presents the best opportunity for efficient judicial resolution of this litigation. As the primary witnesses—those who dealt with the Vehicle's repairs, inspections, and warranty claims—are located within this district. Moreover, given that the Warranty requires ongoing performance obligations and lacks geographical restriction with respect

---

[2] Plaintiff concedes this point based on currently limited information regarding Defendant's business practices and operations within California. To the extent that decisions regarding marketing and terms of the warranty emanated from California, Plaintiff maintains that these facts would be sufficient to create an independent basis for specific personal jurisdiction over her CLRA and FAL claims.

-5-

to repairs, it was foreseeable that if necessary, the parties would litigate in a forum where the breach of warranty occurred.

Plaintiff, who happened to purchase her vehicle abroad, brings her claims in California – her state of residence – pursuant to and under the protection of its laws. For these reasons, specific personal jurisdiction exists over FCA as to Plaintiff's breach of contract/warranty claims.

### B. This Court May Exercise Personal Pendent Jurisdiction over Defendant for Plaintiff's CLRA and FAL Claims

the Ninth Circuit has explicitly adopted the concept of pendent personal jurisdiction—recognizing that a defendant may be required to defend a claim for which there is no independent basis of personal jurisdiction, so long as it arises out of a common nucleus of operative facts. *See generally In Action Embroidery v. Atlantic Embroidery*, 368 F.3d 1174 (9th Cir.2004) (holding that a claim that itself lacks an independent connection to the federal forum nevertheless may have a sufficient nexus for purposes of the personal jurisdiction analysis if it arises out of a common nucleus of operative facts with other claims properly before the court); *see also CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1113 (9th Cir. 2004). Here, all of Plaintiff's claims have a common nucleus of facts based on the provisions of the Lifetime Warranty. Although, Plaintiff's CLRA and FAL claims did not arise from or relate to California, the facts surrounding these claims are common and pretextual to her breach of contract/warranty claims.

## IV CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny Plaintiff's motion to dismiss her claims for lack of personal jurisdiction.[3]

DATED: January 22, 2019         **MCCUNE WRIGHT AREVALO LLP**

/s/ David. C. Wright
By: David C. Wright

RICHARD D. MCCUNE
DAVID C. WRIGHT
MARK I. RICHARDS

**SOHN & ASSOCIATES**
DOUGLAS C. SOHN

*Attorneys for Plaintiffs*

---

[3] Where pleadings are determined to be deficient, leave to amend is liberally granted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). If the Court determines that Plaintiff's FAC is in any manner deficient, Plaintiffs respectfully request that they be permitted leave to amend to cure any deficiencies that the Court identifies.

-7-

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on January 22, 2019 on all counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4(d).

 /s/ *David C. Wright*
David C. Wright, State Bar No. 177468

-1-

Plaintiffs' Opposition to Motion to Dismiss for Lack of Personal Jurisdiction
Case No. 3:18-cv-02205-BEN-KSC