William M. Low (Bar No. 106669)
wlow@higgslaw.com
Edwin Boniske (Bar No. 265701)
boniske@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA  92101-7913
Telephone:   (619) 236-1551
Facsimile:   (619) 696-1410

Kathy A. Wisniewski (admitted *pro hac vice*)
kwisniewski@thompsoncoburn.com
Stephen A. D'Aunoy (admitted *pro hac vice*)
sdaunoy@thompsoncoburn.com
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri  63101
Telephone:   (314) 552-6000
Facsimile:   (314) 552-7000

*Attorneys for Defendant FCA US LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WENDY HIGHTMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>    Defendant. | Case No. 3:18-cv-02205-BEN-KSC<br><br>**FCA US LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>**[CLASS ACTION]**<br><br>**DATE:** February 11, 2019<br>**TIME:** 10:30 a.m.<br>**JUDGE:** Roger T. Benitez<br>**COURTROOM:** 5A |

## I. INTRODUCTION

It is Plaintiff's burden to demonstrate that this Court has personal jurisdiction over Defendant FCA US LLC. In her opposition to FCA US's motion seeking dismissal for lack of jurisdiction, Plaintiff has not come close to making this showing.[1]

## II. UNCONTESTED FACTS

Plaintiff concedes that this Court has no general jurisdiction over FCA US. *See*, *generally*, Pl. Opp. (arguing only that specific jurisdiction exists). She also "concedes that there is no independent basis for jurisdiction over FCA for Plaintiff's consumer protection claims" because those claims "did not arise from or relate to California." Pl. Opp., pp. 1, 5-6.

## III. ARGUMENT

Based on Plaintiff's concessions, the only issues presented as to this Court's exercise of personal jurisdiction over FCA US is 1) whether there is specific personal jurisdiction with respect to the contract-based claims she pleads in Counts I, II, and III[2] of the First Amended Complaint ("FAC"), and 2) if so, whether this Court can then exercise pendent personal jurisdiction over FCA US with respect to the statutory consumer fraud claims pleaded in Counts IV, V, and VI.[3] The answer to the first question is a resounding "no" which obviates the need to even consider the second.

---

[1] *See* Plaintiffs' Opposition to Defendant FCA US LLC's Motion to Dismiss for Lack of Personal Jurisdiction, ECF #22 ("Pl. Opp.").

[2] Plaintiff's contract-based claims are for violation of the Magnuson-Moss Warranty Act (Count I), breach of contract/common law warranty (Count II), and breach of the duty of good faith and fair dealing (Count III).

[3] Plaintiff's statutory fraud claims are for violation of the False Advertising Law ("FAL") (Count IV), violation of the Consumer Legal Remedies Act ("CLRA") (Count V), and violation of the Unfair Competition Law ("UCL") (Count VI).

**FCA US LLC'S REPLY MEMORANDUM IN SUPPORT OF
ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

A. **There Is No Specific Jurisdiction Over The Contract-Based Claims.**

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on *the relationship among the defendant, the forum, and the litigation*." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (emphasis added) (internal quotations omitted). To establish specific personal jurisdiction, Plaintiff here "must show that [s]he would not have suffered an injury '***but for***' [FCA US's] forum-related conduct." *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (emphasis added).

Here, there simply is no "but for" connection between the injury underlying Plaintiff's contract-based claims and FCA US's activities in California. The only "forum-related conduct" that Plaintiff can even identify is a "dealer's" denial of her demand for coverage under a warranty. *See*, *generally*, Pl. Opp. But, "the relationship between automobile manufacturers and their dealers has been examined by a host of courts throughout the country, all of which have agreed that dealers are not 'agents' of manufacturers." *Williams v. Yamaha Motor Corp., U.S.A.*, 2015 WL 13626022, *6 (C.D. Cal. 2015) (citations omitted).[4] In other words, Plaintiff's claimed basis for invoking specific jurisdiction is premised squarely on alleged "forum-related conduct" that cannot even be attributed to FCA US.

Furthermore, Plaintiff makes clear in her opposition brief, as she did in the FAC, that her contract-based claims are not actually premised on the denial of warranty coverage. In fact, it is clear that Plaintiff's claims, including those pleaded under contract theories, are based on the notion that FCA US was wrong to "void" her Warranty based on her non-compliance with an inspection provision because that provision is unenforceable due to fraud and under the doctrine of

---

[4] *See also Morrison v. Ross Stores, Inc.*, 2018 WL 5982006, *4 (N.D. Cal. 2018) (finding contractual relationships with independent dealerships were not a sufficient basis for exercising personal jurisdiction).

2
**FCA US LLC'S REPLY MEMORANDUM IN SUPPORT OF
ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

unconscionability. *See, e.g.,* Pl. Opp., p. 5. Hence, the "but for" causation that is needed to establish personal jurisdiction can involve only the conduct occurring at the time of the original issuance of the Warranty *in Guam*, not conduct that occurred years later. Indeed, Plaintiff's theory makes clear that "but for" the allegedly improper inspection provision in the Warranty she would have no injury at all because the Warranty would never have been voided. In other words, all of Plaintiff's claims, including those sounding in contract, are wholly dependent on wrongdoing ***at the time the Warranty was formed in Guam***. *See*, *generally*, FAC. Plaintiff does not dispute that, without proof of the alleged wrongdoing in the issuance of that Warranty, she has no claim at all.

In her opposition brief Plaintiff tries to recast her contract-based claims as arising entirely out of the denial of her demand for coverage under the Warranty in 2018. But, a contract-based claim of this nature would not create personal jurisdiction even if such a maneuver was permissible.[5] This is because the undisputed denial of Plaintiff's demand for coverage under the Warranty in 2018, standing alone, does not support any legally viable contract-based claim when she outright admits that she did not comply with a condition precedent in that Warranty. Plaintiff apparently knew this when she filed this case as she focused her contract-based claims entirely on allegations of purported unconscionable acts, all of which, she admits, occurred at the time the Warranty was issued ***in Guam***. *See*, *generally*, FAC.

Notably, in arguing that her contract claims are not defeated by her own admissions that she failed to comply with the Warranty's conditions precedent, Plaintiff relied entirely on the doctrine of unconscionability. *See* ECF #21, p. 6. And, it is beyond debate that the doctrine of unconscionability saves her claims

---

[5] As this District has recognized, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Candor v. United States*, 1 F.Supp.3d 1076, 1082 (S.D. Cal. 2014) (*quoting Ruiz v. Laguna,* 2007 WL 1120350, *7 (S.D. Cal. 2013)).

only if there was wrongful conduct at the time of the *issuance* of the Warranty *in Guam*. *Yerkovich v. MCA, Inc.*, 11 F.Supp.2d 1167, 1173 (C.D. Cal. 1997), *aff'd*, 211 F.3d 1276 (9th Cir. 2000) ("An unconscionability claim accrues at the moment when the allegedly unconscionable contract is formed. Under California law, unconscionability of a contract or a contract clause is determined based on the law and facts at the time of the agreement"). This makes it beyond clear that the "but for" causation requisite is lacking.

The fact that Plaintiff's contract-based claims arise out of conduct that occurred in Guam and not in California is not the only problem she fails to overcome in attempting to prove that this Court can exercise specific jurisdiction. She also fails to offer actual proof that FCA US engaged in any conduct *in California*, even in 2018, that is connected to the denial of her Warranty claim. "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is obligated to come forward with facts, *by affidavit or otherwise*, supporting personal jurisdiction." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citation and quotation omitted). FCA US submitted evidence in support of its jurisdictional motion, yet Plaintiff produces none in response.

**B.    There is No Pendent Jurisdiction over Plaintiff's Consumer Claims.**

Because Plaintiff has not established that this Court has specific jurisdiction over FCA US with respect to her contract-based claims, and she concedes that specific jurisdiction does not exist for her other claims (*see* Pl. Opp., p. 6), this Court need not reach her "pendent personal jurisdiction" argument. In any event, that doctrine does not apply here.

"[P]endent personal jurisdiction is typically found where one or more *federal claims for which there is nationwide personal jurisdiction* are combined in the same suit with one or more state or federal claims for which there is not nationwide personal jurisdiction." *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1180-81 (9th Cir. 2004) (emphasis added); *see also In re Packaged*

1  *Seafood Prod. Antitrust Litig.*, 338 F.Supp.3d 1118, 1172-73 (S.D. Cal. 2018)
2  (applying pendent personal jurisdiction where there were "*federal question claims*
3  arising out of the Clayton and Sherman Antitrust Acts, which provide for
4  nationwide personal jurisdiction" (emphasis added)).

5  Although Plaintiff pleads a "federal claim" under the Magnuson-Moss
6  Warranty Act, 28 U.S.C., § 2301, *et seq.* ("MMWA"), that statute does not, and
7  cannot, provide a basis for federal question jurisdiction here. *See* 28 U.S.C.
8  § 2310(d) (indicating a district court can exercise jurisdiction over an MMWA
9  claim only if the amount in controversy exceeds $50,000, and, in the case of a class
10 action, there are at least 100 named plaintiffs). Additionally, the MMWA does not
11 authorize nationwide service. *Alisoglu v. Cent. States Thermo King of Oklahoma,*
12 *Inc.*, 2012 WL 1666426, at *3 (E.D. Mich. May 11, 2012) (citing *Weinstein v.*
13 *Todd Marine Enterprises*, 115 F.Supp.2d 668, 671 (E.D. Va. 2000)). Thus, the
14 jurisdictional analysis for an MMWA claim is the same as the other claims in the
15 FAC. *See, e.g.*, *Alisoglu*, 2012 WL 1666426, at *3 (citation omitted).

16 There simply is no basis for this Court to exercise "pendent personal
17 jurisdiction."

18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

5

**FCA US LLC'S REPLY MEMORANDUM IN SUPPORT OF
ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## IV.  CONCLUSION

For the reasons outlined herein and in its Memorandum of Points and Authorities in Support of its Motion to Dismiss for Lack of Personal Jurisdiction (ECF 15-1), Defendant FCA US LLC respectfully requests that this Court dismiss the First Amended Class Action Complaint.

Dated:  February 4, 2019    **HIGGS FLETCHER & MACK LLP**

By:   */s/ Edwin Boniske*
William M. Low (Bar No. 106669)
Edwin Boniske (Bar No. 265701)

**THOMPSON COBURN LLP**

Kathy A. Wisniewski
Stephen A. D'Aunoy

*Attorneys for FCA US LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on February 4, 2019 on all counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ.L.R. 5.4(d).

By:   */s/ Edwin Boniske*
Edwin Boniske (Bar No. 265701)