William M. Low (Bar No. 106669)
wlow@higgslaw.com
Edwin Boniske (Bar No. 265701)
boniske@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA  92101-7913
Telephone:  (619) 236-1551
Facsimile:   (619) 696-1410

Kathy A. Wisniewski (admitted *pro hac vice*)
kwisniewski@thompsoncoburn.com
Stephen A. D'Aunoy (admitted *pro hac vice*)
sdaunoy@thompsoncoburn.com
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri  63101
Telephone:  (314) 552-6000
Facsimile:   (314) 552-7000

*Attorneys for Defendant FCA US LLC*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY HIGHTMAN,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | Case No. 3:18-cv-02205-BEN-KSC<br><br>**FCA US LLC'S REPLY IN SUPPORT OF ITS ALTERNATIVE MOTION TO TRANSFER TO BANKRUPTCY COURT**<br><br>**[CLASS ACTION]**<br><br>**DATE:** February 11, 2019<br>**TIME:** 10:30 a.m.<br>**JUDGE:** Roger T. Benitez<br>**COURTROOM:** 10C |

# I. INTRODUCTION

Defendant FCA US LLC moves to transfer this case to the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). FCA US argues that transfer to the Bankruptcy Court is warranted because that is where the Sale Order was entered which governs the issue of whether Plaintiff Wendy Hightman has any legally viable claims against it, and because the Bankruptcy Court retained jurisdiction to interpret its own Sale Order.

Plaintiff does ***not*** dispute that the Sale Order governs the viability of claims brought against FCA US arising out of the bankrupt entity Old Carco's manufacture, sale, and warranty of motor vehicles.[1] She does ***not*** dispute the fact that her vehicle is one that was manufactured, sold, and warranted by Old Carco.[2] And, she does ***not*** dispute that the viability of her claims is dependent entirely on what the Sale Order says.[3] Instead, her arguments appear to be that transfer is just not needed because 1) the Bankruptcy Court has already found that under the Sale Order FCA US assumed liabilities for warranty obligations,[4] and 2) her claims are based on FCA US's own actions in denying her warranty claim and not on the actions of the bankrupt entity, Old Carco. Although the first of these propositions is true to a limited extent, the second finds no basis in reality, and, in any event, neither is a basis for refusing to transfer this case to the Bankruptcy Court.

*First*, while it is true that in the Sale Order FCA US agreed to assume ***limited*** liabilities for ***certain*** types of warranty claims (not all), transfer to the Bankruptcy Court is still the proper course. Indeed, even if Plaintiff had limited her complaint

---

[1] *See, generally*, Plaintiffs' Opposition to Defendant FCA US LLC's Motion to Transfer to Bankruptcy Court, ECF #20 ("Pl. Opp.").

[2] *See, generally*, Pl. Opp..

[3] *Id.*

[4] Plaintiff's accusations of wrongdoing by FCA US based on some misguided perception that it withheld information relating to its assumption of liabilities for warranties are untenable and lack any good faith basis. *See* Pl. Opp., p. 1. In its motion seeking transfer FCA US expressly and repeatedly acknowledged this very fact. *See* ECF #16-1, pp. 3-4; *see also id.*, p. 4 fn.4.

1
**FCA US LLC'S REPLY IN SUPPORT OF**
**ITS ALTERNATIVE MOTION TO TRANSFER TO BANKRUPTCY COURT**

to the warranty claims she has pleaded (her claims go way beyond these), transfer would still be supported because these claims are dependent on issues of unconscionability in the warranty's formation, and it is FCA US's position that warranty claims based on this concept are barred.[5] And, in any event, Plaintiff has pleaded much more than warranty claims. Indeed, she pleads multiple claims based in both fraud and contract, and she seeks relief in the form of diminished value, and consequential, incidental, and punitive damages, as well as equitable relief. FCA US contends that these claims and relief are barred by the Sale Order. This creates a need for that Order to be interpreted.[6]

*Second*, while it is also true that the Sale Order does not bar claims to the extent they are based on FCA US's own actions unrelated to the original design, manufacture, and sale of Old Carco's vehicles, it is indisputable that Plaintiffs' claims are not limited to FCA US's own independent acts. Indeed, Plaintiff's claims are grounded in claims of fraud and unconscionable practices that are alleged to have occurred during her 2007 vehicle purchase, which was at a time when **FCA US did not even exist**. Because Plaintiff's claims are not limited to what FCA US did and did not do after it purchased assets from Old Carco, an interpretation of the Sale Order is required. That being said, if Plaintiff will replead her claims and limit them to a breach of express warranty claim based solely on the rejection of her demand for warranty coverage ***in July 2018***, without

---

[5] Whether or not a contract provision is unconscionable is determined based on the facts existing at the time a contract was made. *See, e.g., Yerkovich v. MCA, Inc.*, 11 F.Supp.2d 1167, 1173 (C.D.Cal. 1997), *aff'd*, 211 F.3d 1276 (9th Cir. 2000). This means that a determination needs to be made as to whether the Sale Order bars Plaintiff's warranty claims because, as she admits in other pleadings in this Court, they are viable only if a provision in the Warranty is determined to be unconscionable. *See* ECF #21, p. 6 (arguing that Plaintiff was excused from the condition precedent of a vehicle inspection as mandated in the Warranty because that provision is unconscionable).

[6] Notably, Plaintiff does not even suggest that FCA US assumed liabilities for the fraud and contract claims she pleads or for the various relief identified (and it clearly did not). Yet, inexplicably, she pleads these claims and seeks this relief anyway.

any accusations of wrongdoing in the formation of the warranty or in any of its provisions, FCA US will withdraw its motion seeking to transfer this case to the Bankruptcy Court.

Notwithstanding Plaintiff's protestations to the contrary, transfer here is particularly appropriate because the Bankruptcy Court has never before interpreted the Sale Order with respect to a case involving the Powertrain Limited Warranty, or to a case involving claims of unconscionability in the formation of a written warranty issued by Old Carco.[7] While it is true that, time and again, the Bankruptcy Court has evaluated fraud based claims like those pleaded here, the fact that Plaintiff is intent on pursuing them anyway must mean that she does not believe the Bankruptcy Court's consistent findings that all such claims are barred applies to her claims. Because Plaintiff is, apparently, contending that her fraud claims are somehow different than all those found to be barred by the Sale Order, interpretation of the Sale Order's application to her specific claims is needed.

The fact that Plaintiff (improperly) pleads her claims under California law does not, as she suggests, caution against transfer. *See* Pl. Opp., p. 1. The Bankruptcy Court will not interpret California law, but, rather, the Sale Order. And, all it will decide is whether the Sale Order bars fraud claims based under state statutory law, contract claims generally, and warranty claims that are dependent on issues of unconscionability. Plaintiff does not explain why any interpretation of California law is required to do this, and it clearly is not necessary.

In the end, it is evident that transfer is the best course. Indeed, Plaintiff outright admits, there is a clear nexus between "the subject of the case at bar" and

---

[7]Plaintiff's repeated arguments about the retirement of Bankruptcy Court Judge Gonzalez in 2012 are ridiculous. *See* Pl. Opp., pp. 1, 8. Transfers are analyzed based on the facts applicable to the relative ***courts***, not the judges who may or may not ultimately decide a case. In any event, since Judge Gonzalez retired in 2012, the Honorable Stuart M. Bernstein has presided over a multitude of cases transferred to the Bankruptcy Court for the purpose of determining whether the claims pleaded are barred by the Sale Order. He thus clearly is much more intimately familiar with the Sale Order than this Court or any other.

issues of FCA US's "assumption of liability under the Lifetime Powertrain Warranty." Pl. Opp., p. 7. And, it is indisputable that the Sale Order must be interpreted to determine the extent of that liability. There can be no earnest dispute over the fact that the Bankruptcy Court is the only court having the expertise necessary to interpret the Sale Order on liability issues, and to ensure that interpretations of this Order are consistent with those issued in the past, and those that will have to be issued in the future whenever, like here, its earlier interpretations as to which claims are barred are ignored by enterprising attorneys.

## II.  CONCLUSION

For the reasons outlined herein, and in its opening memorandum, Defendant FCA US LLC respectfully requests that this Court transfer this case to the United States District Court for the Southern District of New York, for referral to the Bankruptcy Court in that District.

Dated:  February 4, 2019        **HIGGS FLETCHER & MACK LLP**

By:  */s/ Edwin Boniske*
William M. Low (Bar No. 106669)
Edwin Boniske (Bar No. 265701)

**THOMPSON COBURN LLP**
Kathy A. Wisniewski
Stephen A. D'Aunoy

*Attorneys for FCA US LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on February 4, 2019 on all counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ.L.R. 5.4(d).

By: */s/ Edwin Boniske*
Edwin Boniske (Bar No. 265701)