William M. Low (Bar No. 106669)
wlow@higgslaw.com
Edwin Boniske (Bar No. 265701)
boniske@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
Telephone: (619) 236-1551
Facsimile: (619) 696-1410

Kathy A. Wisniewski (admitted *pro hac vice*)
kwisniewski@thompsoncoburn.com
Stephen A. D'Aunoy (admitted *pro hac vice*)
sdaunoy@thompsoncoburn.com
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
Telephone: (314) 552-6000
Facsimile: (314) 552-7000

*Attorneys for Defendant FCA US LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WENDY HIGHTMAN,<br><br>     Plaintiff,<br><br>v.<br><br>FCA US LLC,<br><br>     Defendant. | Case No. 3:18-cv-02205-BEN-KSC<br><br>**FCA US LLC'S REPLY IN SUPPORT OF ITS ALTERNATIVE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**[CLASS ACTION]**<br><br>**DATE:** February 11, 2019<br>**TIME:** 10:30 a.m.<br>**JUDGE:** Roger T. Benitez<br>**COURTROOM:** 5A |

## I.  INTRODUCTION

Each of the six counts in Plaintiff's First Amended Complaint ("FAC") is premised on the same basic allegation: that FCA US hid from Plaintiff certain terms of the Lifetime Limited Powertrain Warranty ("the Warranty") covering her vehicle prior to the time that she purchased that vehicle in 2007.  It is undisputed that 1) Plaintiff purchased her vehicle in Guam, 2) the alleged misrepresentations and omissions that form the basis for her claims occurred in Guam, and 3) the Warranty that she claims is unconscionable was provided to her in Guam.

Based on the foregoing Plaintiff cannot credibly argue that California law governs her claims.  She apparently realizes this as she now attempts to use her opposition brief to recast her claims as ones stemming entirely from FCA US's denial of a demand for coverage under the Warranty made by her in California in 2018.[1]  But, as this District has repeatedly noted, a plaintiff cannot amend a complaint in an opposition to a motion to dismiss.[2]  And, the claims that are pleaded are not legally viable under California law.  For this, and a host of other reasons, the FAC should be dismissed.

## II.  ARGUMENT

### A.  Plaintiff Cannot Bring Her Claims Under California Law.

It is undisputed that Plaintiff purchased her vehicle in Guam, that the Warranty she complains about was issued in Guam, and that all of the alleged misrepresentations and omissions underlying her claims occurred in Guam.  There can be no dispute about these facts because Plaintiff admits them in the FAC.  *See* FAC, ¶¶ 26-28.  Yet, Plaintiff now argues that it is "premature" to decide that she

---

[1] *See* Plaintiff's Opposition to Defendant's Motion to Dismiss for Failure to State a Claim, ECF #21 ("Pl. Opp.").

[2] *See, e.g., Candor v. United States*, 1 F.Supp.3d 1076, 1082 (S.D. Cal. 2014) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss" (quoting *Ruiz v. Laguna,* 2007 WL 1120350, *7 (S.D. Cal. 2013))).

has no claims under California law, and "California law may be applied to a nationwide class in certain circumstances." *See* Pl. Opp., pp. 2-6. These arguments have no merit.

*First*, it is not "premature" to decide whether Plaintiff has any viable claims under California law when the admissions she makes in the FAC are wholly sufficient to make a choice of law determination. *See, e.g., Thornell v. Seattle Serv. Bureau, Inc.*, 742 Fed. Appx. 189, 193 (9th Cir. 2018) ("determining which state's law applies is appropriate at the motion to dismiss stage, if the pleaded facts allow it" (*citing Fields v. Legacy Health Sys.*, 413 F.3d 943, 949-53 (9th Cir. 2005))). The choice of law question here is *not* which law applies to the claims of putative class members, but, rather, **what law applies to Plaintiff's own claims**. And, Plaintiff **admits** every fact necessary to make that determination, *i.e.,* she purchased her vehicle in Guam, the Warranty underlying her claims was issued in Guam, and the fraudulent conduct she is complaining about all occurred in Guam.[3] *See* FAC, ¶¶ 26-28. No discovery will change these facts that are dispositive of the choice of law question.

Notably, a choice of law analysis is not even necessary to determine that Plaintiff cannot bring claims under the CLRA, UCL or FAL. "[T]he ordinary presumption against extraterritorial application of California law applies to UCL, CLRA, and FAL claims, and such claims 'are not supported where none of the alleged misconduct or injuries occurred in California.'" *Figy v. Frito-Lay N. Am.,*

---

[3] Plaintiff confusingly mixes issues relating to personal jurisdiction with those relating to choice of law when she argues that that "there are several unanswered questions of fact that are of vital significance to a choice of law analysis" such as "the particular functions" of an FCA US business center and distribution center in California. Pl. Opp., p. 5. These facts simply have nothing to do with what law applies to **Plaintiff's** claims when she has not alleged, and in good faith could never allege, any connection between these "functions" and her own claim. In any event, **FCA US did not even exist in 2007** when the alleged wrongdoing underlying Plaintiff's claims occurred, and thus, at that time, it had **no** "functions" in California.

*Inc.*, 67 F.Supp.3d 1075, 1086-87 (N.D. Cal. 2014) (*quoting Wilson v. Frito-Lay N. Am., Inc.*, 961 F.Supp.2d 1134, 1147 (N.D. Cal. 2013)).  Like the plaintiffs in *Figy*, Plaintiff here "mistakenly conflate[s]" FCA US's argument that the UCL, CLRA, and FAL cannot apply to her claims "with the choice of law inquiry often required at the class certification stage."  *Id.* at 1087.[4]

*Second*, Plaintiff is just wrong that California law can be applied to her claims in this case because some courts have allowed application of this state's laws in nationwide class actions "in certain circumstances."  Pl. Opp., p. 3.  Plaintiff cites *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012), *Czuchaj v. Conair Corp.*, 2014 WL 1664235 (S.D. Cal. 2014), and *Reed v. Dynamic Pet. Prod.*, 2015 WL 4742202 (S.D. Cal. 2015), in support of her argument.  But, the courts in these cases were not analyzing factual admissions like those made by Plaintiff here, and, in any event, in two of the three of these cases the courts actually found that California law could ***not*** be applied to claims accruing outside of California.

More specifically, in *Mazza* the Ninth Circuit expressly held that California law could ***not*** be applied nationwide to claims based on alleged vehicle defects, and, instead, the statutory fraud claims at issue were to "be governed by the consumer protection laws of the jurisdiction in which the transaction took place."  666 F.3d at 594.  In *Czuchaj*, there was no indication that the allegations in the operative complaint were sufficient to make a choice of law analysis as to the named out-of-state plaintiffs' claims and the court merely concluded that it would not dismiss as to these plaintiffs based on a simple argument that the complaint sought relief under California law.  2014 WL 1664235 at *7.  And, in *Reed*, there

---

[4] Plaintiff does even not refute FCA US's argument that California law does not apply to her contract claims, and therefore concedes this point. *Bogart v. Glenmark Generics, Inc., USA*, 2014 WL 5800577, *5 (S.D.Cal. 2014) ("A plaintiff's failure to respond to a party's argument in an opposition to a motion to dismiss amounts to a concession that such claims should in fact be dismissed").

3
**FCA US LLC'S REPLY IN SUPPORT OF ITS
ALTERNATIVE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

was no dispute as to the fact that California law applied to the named plaintiff's claims since he purchased the product at issue in this state, but, notably, there this District found, ***at the motion to dismiss stage***, that the CLRA, UCL, and warranty claims ***had to be dismissed as to consumers purchasing outside this state*** because California law did not apply to them. 2015 WL 4742202 at **2, 9-10. Applying the analysis of *Reed* here, Plaintiff's own claims must be dismissed.

It is true that there have been rare instances where courts have applied the ***consumer fraud*** laws of California nationwide. *See, e.g., Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224 (2001). But, in such cases the defendant was a corporation headquartered in his state, and the alleged fraudulent documents were prepared at, and disseminated to consumers from, these headquarters. *Id.* And, this District and others have found that even these types of contacts may not suffice to support application of California law nationwide. *See, e.g., Conde v. Sensa*, 2018 WL 4297056, **13-14 (S.D. Cal. 2018); *see also Grace v. Apple, Inc.*, 328 F.R.D. 320, 343-48 (N.D. Cal. 2018). Obviously, here, where FCA US did not even exist when the alleged wrongful conduct forming the basis of Plaintiff's claims occurred, California law could never be applied nationwide.[5]

Plaintiff cannot amend her claims via her opposition brief by arguing that they are really just based on FCA US's rejection of her demand for warranty coverage for a vehicle repair she got in California. This purported singular act of a breach is not what is pleaded as the basis of her CLRA, UCL and FAL claims (nor would it be an adequate basis for those claims). *See* FAC, ¶¶ 26-28, 53, 64, 74, 76, 85-87, 95-96. And, at the heart of Plaintiff's breach of warranty claims lies the

---

[5]Whether Plaintiff is allowed to amend her complaint to add plaintiffs who purchased their vehicles in California, as she contends she wants to do (*see* Pl. Opp., p. 4), is irrelevant to the current motion which challenges ***Plaintiff's*** right to invoke California law. *See, e.g., Chavez v. Wal-Mart Stores, Inc.*, 2014 WL 12591252, *2 (C.D. Cal. 2014) ("That absent class members may have claims under these laws is immaterial—only Plaintiff's individual claims are presently before the Court")

4
**FCA US LLC'S REPLY IN SUPPORT OF ITS
ALTERNATIVE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

notion that some "unconscionable" conduct occurred when that warranty was issued in Guam; it is clearly not based simply on the rejection of a claim for warranty coverage in 2018. *See id.* at ¶¶ 53, 56, 64, 74, 76, 85-88, 95-96.

The FAC should be dismissed because Plaintiff does not have any legally viable claims under California law.

**B.    Plaintiff's Claims are Time-Barred.**

Plaintiff admits that this Court can dismiss her claims based on the statute of limitations if the facts alleged show they are barred. *See* Pl. Opp., p. 7. And, she does not dispute that 1) her allegations in the FAC show the alleged "unconscionable" and fraudulent conduct occurred in 2007 at the time she purchased her vehicle, 2) she knew about this conduct and its relationship to the Warranty no later than 2012 when she had her vehicle inspected as required, and 3) her claims are barred if, as the facts alleged show, she knew of this conduct in 2012. *See* Pl. Opp., pp. 6-7. It is thus beyond debate that the pleaded facts prove that all of Plaintiff's claims are barred by limitations.

Still, Plaintiff tries to salvage her claims by arguing that they are based on "the breach" that occurred on July 6, 2018 when her demand for warranty coverage was denied. *Id.* This argument defies logic because if Plaintiff knew in 2012 that the Warranty required her to have her vehicle inspected every five years, she knew then and there that if she failed to comply with this mandate any demand she made for warranty coverage after non-compliance would be denied. Under Plaintiff's theory her claims would not be barred by limitations in the year 2050 even if she knew of the inspection requirement in 2012 provided she did not demand warranty coverage until that time. This is nonsensical.

Furthermore, even a cursory review of the FAC makes it abundantly clear that Plaintiff's claims are not based on the denial of her demand for warranty coverage in 2018, but, rather, on the alleged withholding of information from her,

5

**FCA US LLC'S REPLY IN SUPPORT OF ITS
ALTERNATIVE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

and the alleged unconscionable practices that occurred, in 2007 when she purchased her vehicle and the Warranty was issued.

Plaintiff's claims are time-barred and should be dismissed.

### C. **Plaintiff's Contract Claims Fail Because She Did Not Satisfy a Condition Precedent.**

Plaintiff does not deny that FCA US had no warranty obligation to pay for the repair to her vehicle in 2018 if she did not satisfy a condition precedent in the Warranty. *See* Pl. Opp., p. 6. And, she admits that her admitted failure to have the required 5-year vehicle inspection mandated by the Warranty was the reason her demand for warranty coverage was denied. *Id.* Her only argument is that her failure to comply with the inspection condition precedent is excused because the inspection provision in the Warranty is unconscionable.[6] *Id.*

Plaintiff's claim of unconscionability, like the rest of her claims, is time-barred. "An unconscionability claim accrues at the moment when the allegedly unconscionable contract is formed," and it is not a continuing wrong. *Yerkovich v. MCA, Inc.*, 11 F.Supp.2d 1167, 1173-74 (C.D. Cal. 1997), *aff'd*, 211 F.3d 1276 (9th Cir. 2000). Filing a claim based on unconscionability 11 years after a contract is formed is too late. *See, e.g., id.* at 1175.

In any event, Plaintiff has clearly failed to allege the facts necessary to plead an unconscionability claim. To support such a claim, Plaintiff had to plead *facts* showing that the inspection provision in the Warranty is both procedurally and substantively unconscionable. *See, e.g., Aron v. U-Haul Co. of California*, 143 Cal.App.4th 796, 808 (2006). This means that Plaintiff was required to plead facts supporting oppression and surprise, and that the terms of the Warranty created

---

[6] Whether or not a contract provision is unconscionable is determined at the time a contract was made. *See, e.g., Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83 (2000)). The "contract" here (*i.e.,* the Warranty) was entered into in Guam. *See* FAC, ¶ 27. This fact lends further support to the fact that California law does not govern any of Plaintiff's claims.

"overly harsh" or "one-sided" results to the extent they "shock the conscience." *Id.* Claims of unconscionability should not be considered where, as here, only conclusory allegations are pleaded. *See e.g., Seifi v. Mercedes-Benz USA, LLC*, 2013 WL 5568449, *5 (N.D. Cal. 2013); *Shomaker v. GMAC Mortg., LLC*, 2012 WL 13020070, *4 (C.D. Cal. 2012).

Plaintiff does not actually allege, even in a conclusory fashion, that the Warranty provision requiring a powertrain inspection every five years itself was "unconscionable". Rather, her allegations are that the withholding of the information from her at the point of sale as to its existence was unconscionable. And, even these allegations are nothing other than conclusory. Thus, Plaintiff is not saved from her admitted non-performance of a condition precedent by the doctrine of unconscionability. Hence, Counts I, II, and III should be dismissed.

D. **Plaintiff Waived Any Right to Seek Damages for Fraud.**

Plaintiff does not offer any opposition to FCA US's argument that her fraud-based claims in Counts IV, V, and VI must be dismissed for the separate reason that she waived the right to sue for fraud when she affirmed the Warranty in 2012 and subsequently accepted the benefits of the Warranty. Because Plaintiff offers no opposition to this argument, she effectively concedes that Counts IV, V, and VI should be dismissed on this ground. *See, e.g., Bogart*, 2014 WL 5800577 at *5.

E. **Plaintiff's Claims Are Barred By A Bankruptcy Court Sale Order.**

Plaintiff does not deny that the validity of her claims must be determined by the Sale Order issued by the Bankruptcy Court in New York. *See* Pl. Opp., pp. 7-8. Nor does she dispute that all of the claims she pleads are barred to the extent they are based on events occurring prior to June 2009, when FCA US purchased certain assets of a bankrupt entity. *Id.* Plaintiff simply argues that her claims are not barred because they are based on FCA US's alleged breach of the Warranty in July 2018 when it denied her request for warranty coverage. FCA US agrees that if Plaintiff re-pleads her claims and bases them ***entirely*** on its singular act of refusing

her warranty claim in July 2018, without regard to any events occurring at the time the Warranty was issued, the Sale Order will not act as a bar of this claim. However, Plaintiff has pleaded much more than this in the FAC. Since she now apparently concedes that any claims pleaded based on anything other than FCA US's own actions in July 2018 are barred, the FAC should be dismissed.

### III.  CONCLUSION

For the reasons outlined herein and in its Memorandum of Points and Authorities in Support of its Motion to Dismiss (ECF #17-1), Defendant FCA US LLC respectfully requests that this Court dismiss the First Amended Class Action Complaint, and grant it all other relief.

Dated:  February 4, 2019            **HIGGS FLETCHER & MACK LLP**

                                    By:  */s/ Edwin Boniske*
                                         William M. Low (Bar No. 106669)
                                         Edwin Boniske (Bar No. 265701)

                                    **THOMPSON COBURN LLP**
                                    Kathy A. Wisniewski
                                    Stephen A. D'Aunoy

                                    *Attorneys for FCA US LLC*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on February 4, 2019 on all counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ.L.R. 5.4(d).

                                    By:  */s/ Edwin Boniske*
                                         Edwin Boniske (Bar No. 265701)

**FCA US LLC'S REPLY IN SUPPORT OF ITS
ALTERNATIVE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**