# UNITED STATES DISTRICT COURT

**Southern District of California**

Office Of The Clerk
333 West Broadway, Suite 420
San Diego, California 92101
Phone: (619) 557–5600
Fax: (619) 702–9900

John Morrill,
Clerk of Court

August 12, 2019

Clerk, U.S. District Court
New York, Southern District
500 Pearl Street Ste. 400
New York, NY 10007

Re: Wendy Hightman v. Fiat Chrysler US LLC, et al., Case No. 3:18–cv–02205–BEN–KSC

Dear Sir or Madam:

Pursuant to Order, the above–entitled action is transferred to your District.

Please acknowledge receipt on the copy of this letter and return. Thank you.

Sincerely yours,

John Morrill,
Clerk of the Court

By: s/ A. Hazard, Deputy Clerk

Copy to Attorney for Plaintiffs:
Copy to Attorney for Defendants:

RECEIVED ITEMS DESCRIBED

THIS DATE OF_____
AND ASSIGNED CASE NUMBER_____

CLERK, U.S. DISTRICT COURT

By:_____, Deputy



FILED
AUG 12 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY HIGHTMAN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FCA US LLC,<br><br>　　　　　Defendant. | Case No.: 3:18-cv-02205-BEN-KSC<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>**(2) GRANTING DEFENDANT'S MOTION TO TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK**<br><br>**(3) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>[Doc. Nos. 15, 16 and 17.] |

　　　Before the Court is Defendant FCA US LLC's ("FCA" or "Defendant") Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Failure to State a Claim, and Motion to Transfer pursuant to 28 U.S.C. section 1412 to the Southern District of New York for referral to the Bankruptcy Court. Pursuant to civil local rule 7.1.d.1, the

Court finds the Motions to be fully briefed and suitable for determination without oral argument. Having considered the briefing and governing law, the Court **GRANTS** Defendant's Motion to Transfer, and **DENIES without prejudice** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, and Motion to Dismiss for Failure to State a Claim.

## I. BACKGROUND[1]

### A. PLAINTIFF'S ALLEGATIONS.

On September 24, 2018, Plaintiff Wendy Hightman ("Hightman" or "Plaintiff") brought this civil class action against FCA US LLC ("FCA" or "Defendant") asserting six causes of action. (*See* Doc. No. 1, Complaint.) Thereafter, on October 5, 2018, Plaintiff filed a First Amended Complaint ("FAC"), asserting causes of action for: (1) Violation of Magnuson-Moss Warranty Act (15 U.S.C. § 2301, *et seq.*); (2) Breach of Contract/Common Law Warranty (Based on California Law); (3) Breach of the Duty of Good Faith and Fair Dealing (Based on California Law); (4) Violations of California False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*); (5) Violation of California Consumer Legal Remedies Act (Cal. Civil Code § 1750 *et seq.*); and (6) Violation of California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*). (*See* Doc. No. 3, FAC")

Plaintiff's claims relate to a new 2007 Jeep Patriot (hereinafter "the Jeep") she purchased from a Chrysler dealership in Guam. (Doc. No. 3 ¶ 26.) "Plaintiff was informed by a Chrysler dealership employee that the vehicle was covered by Chrysler's Lifetime Powertrain Warranty," but she "was not provided the terms and conditions of the warranty until after she had completed the purchase of her class vehicle." *Id.* ¶ 27. "None of FCA's advertisements or warranty booklets stated that the Lifetime Warranty

---

[1] The following overview of the facts is drawn from the relevant allegations of the FAC and related briefing for resolving the pending motions. The Court is not making findings of fact.

2

was subject to complete cancellation." *Id.* ¶ 28.

"On March 13, 2017, Plaintiff—now living in San Diego, California—brought her Jeep into Carl Burger's Chrysler Jeep Dodge and RAM World (hereinafter 'Burger's Chrysler') because of a 'whining sound' coming from the transmission. The technician determined the sound stemmed from a transmission fuel leak in the right-axle, repaired it, and confirmed the Jeep had 'received a 16-point multi-inspection according to the maintenance interval.' No other mechanical issues were discovered by the technician. These repairs were covered by FCA under the Lifetime Powertrain Warranty." *Id.* ¶ 29.

"On July 6, 2018, Plaintiff brought the Jeep to Burger's Chrysler because the check engine light was on. Following the inspection, the technician determined that the engine gasket needed to be replaced. Plaintiff reasonably expected this to be covered under her Lifetime Powertrain Warranty but FCA denied coverage for the claim. As justification, FCA asserted that Plaintiff failed to adhere to the maintenance inspection terms."[2] *Id.* ¶ 30.

According to Defendant, although the Jeep admittedly underwent a second powertrain inspection, such inspection did not occur within 60-days of the second 5-year purchase anniversary, but rather, seven months prior to the 10-year purchase date anniversary. Solely on this basis, Defendant declined to replace or repair the engine gasket and voided the Jeep's Lifetime Warranty. (Doc. No. 22 at 3.)

Plaintiff subsequently brought the instant suit now pending before this Court.

**B. BANKRUPTCY PROCEEDINGS.**

Chrysler, LLC (subsequently known as Old Carco LLC) and several of its

---

[2] "As justification, FCA asserted that Plaintiff failed to adhere to the maintenance inspection terms, which in relevant part provides: To maintain the Lifetime Powertrain Limited Warranty, the person ... covered by this Power-train Limited Warranty must have a powertrain inspection performed by an authorized Chrysler, Dodge, or Jeep dealer once every 5 years…. The inspection must be made within sixty (60) days of each 5-year anniversary of the in-service date of the vehicle. You must have the inspection performed to continue this coverage. (*Id.*) (hereinafter 'the Inspection Clause')."

3

subsidiaries filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York, on April 30, 2009.[3] Old Carco LLC and Defendant entered into a Master Transaction Agreement ("MTA") under which Defendant purchased substantially all of Old Carco LLCs' assets and assumed certain liabilities. The United States Bankruptcy Court for the Southern District of New York entered an order approving an asset sale to Defendant ("Sale Order") under the terms of the MTA on June 1, 2009.

**C. PENDING MOTIONS**

On December 13, 2018, the Defendant filed the following three Motions:

1. <u>FCA's Motion to Dismiss for Lack of Personal Jurisdiction</u>. (Doc. No. 15.)

Defendant seeks dismissal of the FAC without prejudice contending it is not at "home" in California, and the claims pleaded by the Plaintiff do not arise out of or relate to its forum-related activities. *Id.* at 1. Thus, since the Plaintiff has failed to plead any facts supporting this Court's exercise of personal jurisdiction over the Defendant, dismissal is mandated. *See, e.g., Sullivan v. Ford Motor Co.*, 2016 WL 6520174, *3 (N.D. Cal. 2016); *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 961-62 & fn.1 (N.D. Cal. 2015). *Id.* at 4.

Plaintiff opposes the Motion arguing the suit stems from a breach of contract/warranty in which Defendant's "refusal to repair Plaintiff's vehicle under FCA's Lifetime Powertrain Warranty" is alleged to have caused Plaintiff's harm. (Doc. No. 22 at 2.) Specifically, since Defendant availed itself of the privileges of conducting substantial business throughout the State of California, the states exercise of jurisdiction over the Defendant is appropriate.[4] *Id.* Furthermore, Plaintiff contends that this Court

---

[3] *See In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (Bankr. S.D.N.Y.) ("the Bankruptcy Proceeding").

[4] "This includes, but is not limited to, vehicle sales to its dealership partners located within the state and use of those dealers to conduct automotive service repairs to fulfill contractual warranty obligations." (Doc. No. 22 at 2.)

4

1 may properly assert pendent personal jurisdiction over Plaintiff's consumer protection
2 claims since they arise out of a common nucleus of operative facts. *Id.*

     2. <u>FCA's Motion to Dismiss for Failure to State a Claim</u>. (Doc. No. 17.)

     Defendant seeks dismissal of the FAC without prejudice contending all of Plaintiff's claims "arise out of the alleged issuance of a Lifetime Limited Powertrain Warranty ('the Warranty') by Defendant." *Id.* at 1. As a result, "Plaintiff's own admissions prove that her claims are not legally viable." *Id.*

     Plaintiff opposes the Motion arguing the Defendant "violated California's common law and the Magnusson-Moss-Warranty Act by voiding the Lifetime Warranty and refusing to repair her Jeep's transmission" in this putative class action for breach of contract/warranty. (Doc. No. 21 at 1.) Furthermore, Plaintiff alleges the Defendant "violated California's consumer protection statutes by misrepresenting the terms of the Warranty through a nationally integrated advertising campaign."[5] *Id.*

     3. <u>FCA's Motion to Transfer to Bankruptcy Court</u>. (Doc. No. 16.)

     Defendant seeks to transfer this case to the United States District Court for the Southern District of New York, for referral to the Bankruptcy Court. Defendant believes the Bankruptcy Court sits in the best position to interpret and enforce the meaning of the Sale Order. (Doc. No. 16 at 1.) Defendant further contends that it would serve the interest of justice to allow the bankruptcy court to interpret its own order.

     Plaintiff opposes the Motion arguing transfer will simply result in a lengthy delay, only to have a New York judge who is a stranger to the original bankruptcy proceeding interpret the previous judge's order and interpret California law.[6] (Doc. No. 20 at 1.)

---

[5] Defendants conduct allegedly included "an unconscionable provision within the terms of the Warranty and cancelling the Lifetime Warranty." (Doc. No. 21 at 1.)

[6] "… the judge who crafted the order in question has been reassigned and is no longer involved in the bankruptcy case. It cannot reasonably be argued that this Honorable Court is less able to interpret the bankruptcy order than another judge who was not involved in the drafting of that order." (Doc. No. 20 at 8.)

5

3:18-cv-02205-BEN-KSC

Moreover, because Plaintiff's "action is brought pursuant to the product warranties, this Honorable Court can simply apply the interpretation already made by the bankruptcy court in *Burton*[7], taking into consideration this Honorable Court's interpretation of California law." *Id.* at 1-2. Finally, a transfer is unnecessary since the Defendant's liability arises from Defendant's own conduct, *e.g.* breaching the warranty, and would clearly not be encompassed by the bankruptcy order and would not justify a transfer. *Id.* at 2.

## II. DISCUSSION

### 1. FCA's Motion to Transfer to Bankruptcy Court.

Section 1412 permits a district court to transfer "a case or proceeding under title 11 to a district court for another district in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Furthermore, because § 1412 is "phrased in the disjunctive," transfer may be appropriate even where one factor or the other is not present, or even "weigh[s] somewhat against transfer." *Jackson v. Fenway Partners, LLC*, 2013 WL 1411223, *4 (N.D. Cal. Apr. 8, 2013); *see also Creekridge Capital, LLC v. Louisiana Hosp. Center, LLC*, 410 B.R. 623, 629 (D. N.J. 1994) ("transfer under § 1412 requires a sufficient showing that granting the transfer either will be in the interest of justice or for the convenience of the parties"); *RFF Family P'ship, LP v. Wasserman*, 2010 WL 420014, *4 (N.D. Ohio 2010) ("the 'interest of justice' and 'convenience of the parties' standards in § 1412 are disjunctive and separate, and transfer is appropriate even if only one is met"). Notably, the procedural counterpart to § 1412, Federal Rule of Bankruptcy Procedure 1014(a) holds the same.[8]

---

[7] *Burton v. Chrysler Group, LLC (In re Old Carco LLC)*, 492 B.R. 392 (Bankr. S.D.N.Y. 2013).

[8] The 2007 Amendments to Bankruptcy Rule 1014(a)(1) and (2) expressly authorize a court, on its own motion, to transfer a case filed in a proper district and to dismiss or transfer a case filed in an improper district respectively, either in the interest of justice or for the convenience of the parties. Fed. R. Bankr. P. 1014(a). Thus, as noted above,

6

3:18-cv-02205-BEN-KSC

1    With respect to whether this district is the appropriate forum for the adjudication of
2    the case, Plaintiff argues transfer is inappropriate and against judicial economy. (Doc.
3    No. 20 at 5-8). Defendant, on the other hand, does not contest remanding any claims that
4    arise from the Southern District of New York Bankruptcy Court's review of the case,
5    back to this District for trial before this Court. (Doc. No. 24 at 1.) As noted above, under
6    § 1412 of the Federal Rules of Civil Procedure or subsection (A)(1) of Bankruptcy Rule
7    1014, even if a case is properly venued, it may still be transferred. In short, whether
8    venue in this district is proper or not, the Court has the authority to transfer this case *sua*
9    *sponte* to the Southern District of New York either in the interest of justice or for the
10   convenience of the parties.

11   In this case, the interests of justice strongly favor transferring the case to the
12   district where the bankruptcy proceedings continue. Factors to be considered include
13   whether transferring venue would promote the efficient administration of the bankruptcy
14   estate, judicial economy, timeliness, and fairness. (*See* Doc. No. 16 at 9.) In particular,
15   courts have considered: (1) whether transfer would promote the economic and efficient
16   administration of the bankruptcy estate; (2) whether the interests of judicial economy
17   would be served by the transfer; (3) whether the parties would receive a fair trial; (4) the
18   willingness and ability of the parties to participate in the case; (5) the plaintiff's choice of
19   forum; (6) the effect of a transfer on the enforceability of a judgment; and (7) whether
20   either forum has an interest in having the controversies resolved within its borders. (*See*
21   *In re Enron Corp*, 317 B.R. 629, (Bankr. S.D.N.Y. 2004); *In re Enron Corp.*, No. 01-
22   3626, 2002 WL 32153911, at * 3-4 (Bankr. S.D.N.Y. Apr. 12, 2002); *In re Gurley*, 215
23   B.R. 703, 709 (Bankr. W.D. Tenn. 1997) (internal citations omitted). Of these many
24   factors, the most important consideration is whether the transfer would promote the
25   "economic and efficient administration of the estate." (Doc. No. 16 at 10.)

26
27
28   subsection (a)(1) of the Bankruptcy Rule 1014 provides that even if a case is properly venued, it may still be transferred.

7

On balance, these factors support the conclusion that a transfer would be in the interests of justice. As a threshold matter, the bankruptcy court expressly retained jurisdiction over all matters relating to the implementation, enforcement, and interpretation of its sale order. Failing to transfer this case to the bankruptcy court that approved that order would run the risk of inconsistent interpretations that could unravel the order's "free and clear" transfer of assets to Defendant FCA. Transfer of an action requiring the interpretation of the sale order, even after the final decree is entered, as many courts have found, will permit the bankruptcy court to resolve issues pertaining to the interpretation and enforcement of its sale order, including the validity of claims alleged by Plaintiff. (*See Wolff v. Chrysler Grp.*, No. 5:10-CV-34-PA-DTB (C.D. Cal. Feb. 22, 2010), ECF No. 17; *Shatzki v. Abrams*, No. 1:09-CV-02046-LJO-DLB, 2010 WL 148183, at *3 (E.D. Cal. Jan. 12, 2010); *Doss v. Chrysler Grp. LLC*, No. 09-2130, 2009 WL 4730932 (D. Ariz. Dec. 7, 2009) (transferring a similar action against Chrysler Group under § 1404 in the interests of justice and for the convenience of the parties).

As for the remaining factors, the Court finds that, on balance, they do not weigh against a transfer. Because the bankruptcy court is in the best position to interpret and enforce the sale order, judicial economy weighs in favor of transfer. Moreover, there is no reason to believe that either party will be prejudiced by the transfer because in the event the Bankruptcy Court finds Defendant assumed any liabilities associated with any claim made by Plaintiff, such claims may be transferred back to this Court. Finally, although California has an interest in having this case decided here, such concern may be later addressed should any viable claims be transferred back to this Court for adjudication.

The bankruptcy court that oversees the Chrysler bankruptcy proceeding has expressly retained jurisdiction over the sale order in the sale order itself and in its final decree and continues to exercise that jurisdiction. *See, e.g., In re Old Carco LLC*, 538 B.R. 674, 677 (Bankr. S.D.N.Y. 2015) (the sale order bars Indiana and Illinois from using Old Chrysler's Experience Rating to compute New Chrysler's unemployment insurance

1 | tax rate; interests in property cut off by sale order not limited to in rem interests); *In re*
2 | *Old Carco LLC*, 492 B.R. 392, 395 (Bankr. S.D.N.Y. 2013) (sale order does not bar
3 | claims concerning vehicles manufactured or sold by New Chrysler after the closing or
4 | injuries resulting from the breach of any duties that arose under non-bankruptcy law after
5 | the closing); *Wolff*, 2010 Bankr. LEXIS 6320 (dismissing claims against Chrysler Group
6 | because Chrysler Group did not assume such liabilities in the sale order).

7        A court has special expertise regarding the meaning of its own order, and therefore
8 | its interpretation is entitled to deference. *See Travelers Indem. Co. v. Bailey*, 557 U.S.
9 | 137, 151 n. 4 (2009). Moreover, it is well-established that a court has jurisdiction to
10 | enforce its own orders. *Id.* at 151 ("the Bankruptcy Court plainly had jurisdiction to
11 | interpret and enforce its own prior orders."); *see also Local Loan Co. v. Hunt*, 292 U.S.
12 | 234, 239 (1934) ("That a federal court of equity has jurisdiction of a bill ancillary to an
13 | original case or proceeding in the same court, whether at law or in equity, to secure or
14 | preserve the fruits and advantages of a judgment or decree rendered therein is well
15 | settled.").

16        Although the Court recognizes that a decision to transfer a case is not to be taken
17 | lightly, the threshold question in this matter is one best left to the bankruptcy court that
18 | issued the sale order. This is especially apparent considering the parties provided no
19 | compelling reason as to why this Court is in a better position to interpret and enforce the
20 | sale order than the bankruptcy court that issued it.

21        Accordingly, in the interest of justice, the Court, therefore, **GRANTS** Defendant's
22 | Motion to Transfer. The Clerk shall transfer this matter to the Southern District of New
23 | York.

### III. CONCLUSION

25        For the reasons stated above, Defendants Motion to Transfer is **GRANTED**, this
26 | case is hereby ordered **TRANSFERRED** pursuant to 28 U.S.C. § 1412 to the United
27 | States District Court for the Southern District of New York for referral to the Bankruptcy
28 | Court. The Clerk of Court is directed to take the appropriate steps to affect the transfer.

1   Consequently, Defendants Motion to Dismiss for Lack of Personal Jurisdiction and
2   Motion to Dismiss for Failure to State a Claim are hereby **DENIED without prejudice**
3   with leave to refile after the Southern District of New York Bankruptcy Court has had an
4   opportunity to interpret and enforce the June 2009 Sale Order entered in the Chrysler
5   Motors bankruptcy proceeding in conjunction with Plaintiff's alleged claims.

6   **IT IS SO ORDERED.**

8   Dated: August __, 2019

    HON. ROGER T. BENITEZ
    United States District Judge