**Hearing Date: August 11, 220 at 10:00 a.m. (ET)**
**Objection Deadline: August 4, 2020 at 4:00 p.m. (ET)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Old Carco LLC, *et al.*, | : | Case No. 09-50002 (SMB) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | |

# FRANKIE OVERTON'S MOTION FOR RELIEF FROM
# THE COURT'S "ENFORCEMENT ORDER" TO PERMIT HER
# TO PURSUE AN INDEPENDENT CLAIM AGAINST FCA US LLC

**Cole Schotz P.C.**
Mark Tsukerman
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Tel: (212) 752-8000
*Bankruptcy Counsel for Plaintiff*
*Frankie Overton, as Executor of the*
*Estate of Sue Ann Graham*

**Beasley, Allen, Crow, Methvin**
**Portis & Miles, P.C.**
J. Parker Miller  (*pro hac vice*)
Stephanie Monsplaisir  (*pro hac vice*)
P.O. Box 4160
Montgomery, Alabama 36103-4160
Tel: (334) 269-2343
*Lead Counsel for Plaintiff Frankie Overton,*
*as Executor of the Estate of Sue Ann Graham*

Frankie Overton ("**Overton**"), as executor of the estate of Sue Ann Graham, by and through her undersigned counsel, hereby moves (the "**Motion**") this Court, pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 60 of the Federal Rules of Civil Procedure (the "**Civil Rules**"), made applicable herein by Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting Overton relief from this Court's *Order Granting in Part and Denying in Part FCA US LLC's Motion to Enforce the Sale Order* [Docket No. 8535] (the "**Enforcement Order**") to permit her to pursue an independent claim against FCA US LLC ("**FCA**" or "**New Chrysler**") – *to wit*, a failure to warn claim based solely on New Chrysler's own post-Closing knowledge and conduct – as pleaded in the draft Amended Complaint attached hereto as **Exhibit B**.[1] In support of the Motion, Overton respectfully represents as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief sought herein are Bankruptcy Code section 105, Civil Rule 60, and Bankruptcy Rule 9024.

## BACKGROUND

### I. THE COURT'S DECISION AND ENFORCEMENT ORDER

2.  As the Court may recall, Overton and Scott Graham, the legal guardian of a minor J.G. ("**Graham**", and together with Overton, the "**Plaintiffs**"), are the plaintiffs in a personal

---

[1] A copy of Overton's proposed amended complaint, together with a blackline against the current Complaint (defined below), at attached hereto as **Exhibits B-1** and **B-2**, respectively.

1

injury and wrongful death suit pending against New Chrysler and others in the Circuit Court of Jefferson County, Alabama (the "**Alabama State Court**"). The lawsuit relates to a car accident that occurred in Alabama on June 10, 2016. Sue Anne Graham and her son, J.G., were traveling in their 2002 Jeep Liberty when the vehicle they were riding overturned. Despite being properly belted, Ms. Graham sustained catastrophic injuries that resulted in her death, and J.G., was physically, mentally and emotionally injured.

3.     Plaintiffs filed their Complaint on October 17, 2017 (the "**Complaint**"). Overton sued on behalf of Sue Ann Graham's estate and brought claims under the Alabama Wrongful Death Act (the "**AWDA**") premised on negligence, wantonness, and the Alabama Extended Manufactures Liability Doctrine ("**AEMLD**") (Alabama's products liability doctrine). The AWDA is the sole remedy for death in Alabama and any recovery thereunder is punitive. Graham, as the legal guardian of J.G., sought compensatory damages on all of his claims and punitive damages only in connection with claims based on New Chrysler's own post-sale knowledge and conduct.

4.     On March 12, 2018, New Chrysler filed a motion (the "**Motion to Enforce**") to enforce this Court's *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures* and *(III) Granting Related Relief,* dated June 1, 2009 [Docket No. 3232] (the "**Sale Order**"), seeking to enjoin the Plaintiffs from pursuing all punitive damages claims alleged in the Complaint. New Chrysler asserted, essentially, that (i) Overton's claims were barred by the Sale Order because Amendment No. 4 to the sale agreement (the "**MTA**") expressly excluded "any claim for exemplary or punitive damages," and recovery

2

under the AWDA is limited to punitive damages; and (ii) Graham's claims, to the extent they sought punitive damages, were also barred by Amendment No. 4 because they did not give rise to "independent claims" against New Chrysler.

5. On May 4, 2018, the Plaintiffs filed their opposition to the Motion to Enforce arguing, *inter alia*, (i) Overton's claims were not barred because the phrase "exemplary or punitive damages" as used in Amendment No. 4 was ambiguous and not intended to exclude claims under the AWDA, and interpreting Amendment No. 4 to exclude recovery under the AWDA violated Alabama's public policy; and (ii) Graham's claims for punitive damages were not barred because they were properly pleaded as independent claims, *i.e.,* based solely on New Chrysler's own conduct.

6. On November 1, 2018, the Court issued its *Memorandum Decision Granting in Part and Denying in Part FCA US LLC's Motion to Enforce the Sale Order* [Docket No. 8534] (the "**Decision**"). The Court granted the Motion to Enforce as to Overton's claims, ruling that the "Overton Claims are barred by the *Sale Documents*, and Overton is enjoined from prosecuting the Overton Claims in the Alabama State Court." (Decision at 29). As to Graham's claims, however, the Court denied the Motion to Enforce. The Court declared that "[a] § 363 sale order may not bar a claim that arises from wrongful conduct occurring after the sale." (*Id.* at 28). Accordingly, "injuries proximately caused by the post-Closing breach of any duty to warn or recall would not be barred to the extent they are cognizable claims under Alabama law." (*Id.*). The Court concluded: "[t]he Graham Claims are not barred by the *Sale Documents* to the extent they seek compensatory damages or punitive damages based on the post-Closing breach of duty to warn or recall, but the Court does not decide whether the *Complaint* asserts legally sufficient claims under Alabama Law." (*Id.* at 29).

3

7. On November 14, 2018, the Court entered the Enforcement Order. In pertinent part, paragraphs 2 and 3 of the Enforcement Order provide:

> 2. Plaintiff Overton is enjoined from prosecuting claims against FCA US under the Alabama Wrongful Death Act in Alabama State Court, either in the action captioned *Overton* v. *Chrysler Group LLC,* Case No. CV 17-904376-EAF, pending in the Circuit Court of Jefferson County, Alabama, or otherwise.
>
> 3. Plaintiff Graham's claims for compensatory damages are not barred by the Sale Order. To the extent he has alleged a legally sufficient claim for breach of duty to warn or recall under Alabama law, Plaintiff Graham may also seek punitive damages for any injuries that were proximately caused by FCA US's post-Closing conduct.

(Enforcement Order at ¶¶ 2, 3).

8. The language of paragraph 2 of the Enforcement Order, which is the subject of this Motion, mostly tracked the language in the Decision, which defined "Overton Claims" as: "Overton sought damages under the Alabama Wrongful Death Act ("AWDA," and collectively with its predecessors, the "Wrongful Death Act") as a result of the death of the Decedent (the "Overton Claims")." (Decision at 7). And the Court's conclusion that: "For the reasons stated, the Overton Claims are barred by the *Sale Documents,* and Overton is enjoined from prosecuting the Overton Claims in the Alabama State Court." (*Id.* at 29).

## II. RELEVANT PROCEEDINGS SUBSEQUENT TO ENTRY OF THE DECISION AND ENFORCEMENT ORDER

9. Overton appealed the Decision and Enforcement Order to the District Court. On June 4, 2019, the District Court entered Judgment with respect to its Opinion & Order dated May 31, 2019, affirming this Court's order. Overton then appealed to the Second Circuit.

10. Following the District Court's judgment and pending the Second Circuit appeal, on July 31, 2019, New Chrysler filed a motion to the Alabama State Court for judgment on the pleadings with respect to Graham's independent, post-sale claims for failure to warn, contending

4

they were not cognizable under Alabama law. The Plaintiff opposed the motion, contending the claims are cognizable. On August 15, 2019, the Alabama State Court entered an order denying New Chrysler's motion.

11.     On May 20, 2020, the Second Circuit issued a Summary Order affirming the District Court's judgment affirming this Court's Decision. On June 10, 2020, the Second Circuit issued its mandate. Overton determined not to pursue any further appeal.

## RELIEF REQUESTED

12.     Having exhausted Overton's appellate rights, Plaintiffs now seek to amend their Complaint to withdraw Overton's claims based on Old Chrysler's conduct (*i.e.*, claims assumed by FCA under the MTA, the "**Assumed Liability Claims**") but to instead assert a claim for failure to warn based solely on New Chrysler's own post-Closing knowledge and conduct.[2] The punitive nature of AWDA damages pose no bar to the assertion of this claim given its independence. Indeed, the claim Overton seeks to bring is substantially the same claim that Graham is already pursuing, which this Court has allowed through the "bankruptcy gate" and the Alabama State Court already upheld over New Chrysler's motion for judgment on the pleadings.

13.     Although the *Sale Documents* do not bar Overton from pursing an independent claim against FCA, the Court's Enforcement Order currently does. The Enforcement Order enjoins Overton from prosecuting any and all claims against New Chrysler under the AWDA. Of course, Overton can only pursue claims under the AWDA, even if based on post-Closing conduct. Thus, the language of the Enforcement Order bars Overton from bringing (or even attempting to bring) an independent claim based on FCA's post-Closing Date conduct. This is a clerical mistake. Neither the Court nor the parties' intended to bar Overton from pursuing, or

---

[2] While amending the Complaint, Plaintiffs have made various other amendments unrelated to this matter.

5

even attempting to pursue, truly independent claims, which fall outside the purview of the Sale Order and this Court's jurisdiction to enjoin. The injunction in the Enforcement Order should be limited to Overton's ability to bring Assumed Liability Claims which was the subject of the parties' briefing and the Court's Decision.

14. Through this Motion, Overton seeks entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, granting her relief from the Enforcement Order to permit her to amend the Complaint to pursue an independent failure to warn claim against FCA. Plaintiffs propose to file the draft amended Complaint (the "**Amended Complaint**") attached hereto as **Exhibit B** which, among other things, removes Overton's Assumed Liability Claims and appropriately asserts that Overton's failure to warn claim is based solely on FCA's post-Closing conduct.[3]

## BASIS FOR RELIEF

15. The Court should grant the relief sought herein pursuant to Civil Rule 60, made applicable by Bankruptcy Rule 9024, and the Court's inherent authority and continued jurisdiction to interpret, enforce and implement its own orders.

16. Civil Rule 60 provides, in pertinent part:

> (a) *Corrections Based on Clerical Mistakes; Oversights and Omissions*. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. . . .
>
> (b) *Grounds for Relief from a Final Judgment, Order, or Proceeding*. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[3] Although the issue of whether the Plaintiffs may amend their Complaint is not an issue for this Court to decide, under applicable Alabama law, the Plaintiffs do not need to obtain leave from the Alabama State Court to file the Amended Complaint.

6

>(1) mistake, inadvertence, surprise, or excusable neglect;
>
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.
>
>(c) (1) *Timing*. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. . . .

Fed. R. Civ. P. 60(a).

17.    As explained below, the relief afforded under Rule 60 is generally classified as either *clerical* in nature (which is governed by Rule 60(a)) or *substantive* in nature (which is governed by Rule 60(b)). *See In re Computer Learning Centers, Inc.*, 268 B.R. 468 (Bankr. E.D. Va. 2001). In this case, the relief sought is the Motion is appropriately granted pursuant to Civil Rule 60(a) and, alternatively, pursuant to Civil Rule 60(b)(6).

**I.    THE RELIEF REQUESTED IS WARRANTED AND APPROPRIATE PURSUANT TO CIVIL RULE 60(a) TO CORRECT AN OVERSIGHT OR OMISSION IN THE ENFORCEMENT ORDER AND IMPLEMENT THE COURT'S INTENDED RULING**

18.    "Rule 60(a) applies when the record indicates that the court intended to do one thing but, by virtue of a clerical mistake or oversight, did another." 12 MOORE'S FEDERAL PRACTICE - Civil § 60.11 (2020). Furthermore, "[a] mistake correctable under Rule 60(a) need not be committed by the clerk or the court and Rule 60(a) is even available to correct mistakes by the parties." *In re West Texas Mktg. Corp.*, 12 F.3d 497, 503-504 (5th Cir. 1994).

7

19. As the Second Circuit has explained: "[i]n deciding whether Rule 60(a) applies, courts distinguish 'between changes that implement the result intended by the court at the time the order was entered and changes that alter the original meaning to correct a legal or factual error,' because Rule 60(a) allows for the former, but not the latter. *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150-51 (2d Cir. 1999) (quoting *Kokomo Tube Co. v. Dayton Equip. Servs. Co.*, 123 F.3d 616, 623 (7th Cir. 1997) (citing cases)); *accord Panama Processes, S.A. v. Cities Service Co.*, 789 F.2d 991, 994 (2d Cir. 1986); *United States v. Griffin*, 782 F.2d 1393, 1396-97 (7th Cir. 1986); *Computer Learning Centers, Inc.*, 268 B.R. at 472 ("Rule 60(a) is designed to assure that the court's records accurately reflect and effectuate the actual proceedings and decisions of the court and the parties. An error that merely misstates what was actually done or decided is a clerical error and may generally be corrected pursuant to Rule 60(a)."). If, on the other hand, an order accurately reflects the court's ruling, even though based on legal or factual error, such an error is substantive, the relief from which is governed by Rule 60(b).

20. In this case, there should be no question from a review of the Decision and the parties' briefing – including the Court's affirmation that "a §363 sale order may not bar a claim that arises from wrongful conduct after the sale" (Decision at 28) – that neither the parties nor the Court intended the Enforcement Order enjoin more than even the Sale Order does by precluding Overton from bringing (or even attempting to bring) independent claims based on FCA's own post-Closing conduct. The issue that was presented to the Court with respect to Overton's claims in the parties' briefing, and addressed in the Court's Decision, was whether Overton could continue to prosecute any Assumed Liability Claims given the punitive nature of AWDA damages and the exclusion of punitive damage in Amendment No. 4. of the MTA. (*See* Decision at 11-26). Because all of Overton's claims are punitive under the AWDA, the

8

Complaint did not make any distinction between pre- or post-Closing claims. Thus, FCA did not make any "independent claim" type argument in its Motion to Enforce as against Overton, Overton did not assert an independent claim defense in its opposition papers, and the Court never considered whether Overton could assert or plead an independent claim in its decision. Thus, the relief sought herein is clerical and not substantive in nature. Overton has now exhausted her appeals and does not seek in any way to change the substance of the Court's rulings through this Motion. Indeed, through the Amended Complaint, Overton will be withdrawing her Assumed Liability Claims in compliance with the Court's Decision and Enforcement Order and is only asserting claims that comply with the *Sale Documents*.

21. Accordingly, the Court should grant the relief sought herein pursuant to Civil Rule 60(a) to correct a an oversight or omission in the language of the Enforcement Order and thereby accurately reflect and implement the Court's ruling in its Decision.

## II. ALTERNATIVELY, THE RELIEF SOUGHT HEREIN IS JUSTIFIED PURSUANT TO CIVIL RULE 60(b)(6)

22. Rule 60(b)(6) authorizes relief from a final judgment or order for "any other reason that justifies relief," and has been described as a "grand reservoir of equitable power to do justice in a particular case." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *Matarese v. LeFevre*, 807 F.2d 98, 106 (2d Cir. 1986)). Furthermore, Bankruptcy Section 105(a) provides that the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," 11 U.S.C. § 105(a), and the Court has inherent authority and continuing jurisdiction to interpret, enforce, and implement its own orders.

23. Although Rule 60(b)(6) "should be liberally construed when substantial justice will thus be served," *Quevedo v. Postmaster, United States Postal Service*, 774 F. Supp. 837, 839 (S.D.N.Y.1991), the movant must show extraordinary circumstances or an extreme and undue

9

hardship. *See Montco, Inc. v. Barr (In re Emergency Beacon Corporation)*, 666 F.2d 754, 759 (2d Cir.1981); *Key Mechanical Inc. v. BDC 56 LLC,* No. 01 Civ. 10173(RWS), 2002 WL 467664, at *4 (S.D.N.Y. March 26, 2002), *aff'd,* 330 F.3d 111 (2d Cir. 2003). "The decision on a motion under Rule 60(b) is committed to the Court's discretion." *In re Teligent, Inc.*, 306 B.R. 752, 758 (Bankr. S.D.N.Y. 2004).

24.     Furthermore, unlike a motion under Rule 60(a) which can be brought at any time, a motion under Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What qualifies as a "reasonable time" depends on the facts of a given case, including the length and circumstances of the delay, intervening rights, the possibility of prejudice to the opposing party and the desirability that judgments be final." *Teligent*, 306 B.R. at 758 (citing cases).

25.     It is hard to imagine a more "extraordinary" case that would warrant Rule 60(b)(6) relief. Overton already is precluded from seeking any recovery on claims FCA otherwise assumed due to the sole fact that the car accident that claimed Sue Anne Graham's life occurred in Alabama, as opposed to any other state in the Nation. As the Court noted in its Decision, the result is unsatisfactory. (Decision at 26 (noting "[w]hile the result is unsatisfactory, the Court is powerless to change the result")). Due to the language in the Enforcement Order, however, Overton is now also enjoined from pursuing FCA based on its own conduct. No other plaintiff in the country is subject to such an injunction, which is egregiously inequitable and inconsistent with the bankruptcy law. The extreme and undue hardship imposed on Overton absent relief is obvious – she is precluded from asserting an independent claim against FCA that is not barred by the Sale Order.

26.     Furthermore, Overton brought this Motion "within a reasonable time." As discussed above, the Second Circuit recently issued its order and mandate on Overton's appeal.

10

Having just recently exhausted her efforts to maintain her AWDA claim based on Old Chrysler's pre-sale design, Overton now brings this Motion, together with her proposed Amended Complaint, so that she may pursue her only available claim against FCA, an independent claim that falls outside the scope of the Sale Order.

## NOTICE

27.    Notice of this Motion will be given to (i) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York, 10014 (ii) counsel to New Chrysler, and (iii) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). Overton submits that no other or further notice is required.

## NO PRIOR REQUEST

28.    No previous request for the relief sought herein has been made to this Court or any other court.

[*The remainder of this page is intentionally blank*]

## **CONCLUSION**

29. Overton respectfully requests that this Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief the Court deems just and proper.

DATED:   New York, New York
         July 23, 2020

Respectfully submitted,

/s/ *Mark Tsukerman*
**COLE SCHOTZ P.C.**
Mark Tsukerman
1325 Avenue of the Americas, 19th Floor
New York, NY  10019
(212) 752-8000- Telephone
mtsukerman@coleschotz.com

*Bankruptcy Counsel for Frankie Overton, as Executor of the Estate of Sue Ann Graham*

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C**
Parker Miller  (*pro hac vice*)
Cole Portis  (*pro hac vice*)
Chris Glover  (*pro hac vice*)
Stephanie Monsplaisir  (*pro hac vice*)
P. O. Box 4160
Montgomery, Alabama 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
Parker.Miller@beasleyallen.com
Cole.Portis@beasleyallen.com
Chris.Glover@beasleyallen.com
Stephanie.Monsplaisir@beasleyallen.com

*Lead Counsel for Frankie Overton, as Executor of the Estate of Sue Ann Graham*

12