# **EXHIBIT B-2**

## **BLACKLINED COMPLAINT**

## IN THE CIRCUIT COURT FOR
## JEFFERSON COUNTY, ALABAMA

FRANKIE OVERTON, Administrator
of the Estate of SUE ANN GRAHAM,
Deceased; and SCOTT GRAHAM, as
legal guardian of ~~JORDON GRAHAM~~J.G., a minor child,

    Plaintiff,

vs.

FCA US LLC, f/k/a CHRYSLER GROUP LLC~~.;~~ ~~FIAT CHRYSLER AUTOMOBILES US, LLC (FCA US, LLC)~~; RODERICUS OBYRAN CARRINGTON; TRW AUTOMOTIVE HOLDINGS CORP., f/k/a TRW, INC.; TRW AUTOMOTIVE, INC.; TRW AUTOMOTIVE U.S. LLC; TRW VEHICLE SAFETY SYSTEMS, INC.; TRW AUTOMOTIVE US, LLC; TRW SAFETY SYSTEMS, INC.; ZF FRIEDRICHSHAFEN AG; ZF PASSIVE SAFETY SYSTEMS US INC.; ZF TRW AUTOMOTIVE HOLDINGS CORP.; and FICTITIOUS DEFENDANTS "1" through "13"

* * * * * * * * * * * * * * * * * * * * * *

CASE NO: 01-CV-2017-904376.00

JURY DEMAND REQUESTED

No. 1, whether singular or plural, that entity who or which designed the Jeep vehicle involved in the occurrence made the basis of Plaintiff's Complaint, any component part thereof, or any attendant equipment used or available for use therewith;

No. 2, whether singular or plural, that entity who or which manufactured or assembled the Jeep vehicle involved in the occurrence made the basis of Plaintiff's complaint, any component part thereof, or any attendant equipment used or available for use therewith;

No. 3, whether singular or plural, that entity who or which had any role in the distributive chain regarding the Jeep vehicle involved in the occurrence made the basis of Plaintiff's Complaint, any component part thereof, or any attendant equipment used or available for use therewith;

No. 4, whether singular or plural, that entity or those entities who or which, prior to the occurrence made the basis of this lawsuit, altered, maintained or repaired the Jeep vehicle involved in said occurrence, any component part thereof, or any attendant equipment used or available for use therewith;

**No. 5, whether singular or plural, that entity or those entities, that individual or those individuals, other than those described above whose negligence, intentional conduct, willfulness, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of Plaintiff's Complaint;**

**No. 6, whether singular or plural, that entity or those entities, other than those described above, which is the successor-in-interest of any of those entities described above;**

**No. 7, whether singular or plural, that entity who or which was responsible for the safety engineering of the Jeep vehicle made the basis of Plaintiff's Complaint;**

**No. 8, whether singular or plural, that entity who or which was buyer, seller, or as a buyer's or seller's agent or representative had any role in the distribution of the Jeep vehicle involved in the occurrence made the basis of Plaintiff's Complaint;**

**No. 9, whether singular or plural, that entity who or which issued or failed to issue warning or instructions regarding the use of the Jeep vehicle made the basis of the Plaintiff's Complaint;**

**No. 10, whether singular or plural, that entity who or which manufactured the component part of    the Jeep vehicle involved in the occurrence made the basis of Plaintiff's Complaint;**

**No. 11, whether singular or plural, that entity who or which as a buyer, seller, or buyer or seller's agent, had any role in the distribution of any component part of the Jeep vehicle made the basis of Plaintiff's Complaint;**

**No. 12, whether singular or plural, that entity who or which issued warnings or instructions regarding the use of any component part of the Jeep vehicle involved in the occurrence made the basis of Plaintiff's Complaint;**

**No. 13, whether singular or plural, that person, firm, corporation, or entity who or which had conducted safety inspections or analyses with respect to assembling of the Jeep vehicle made the basis of Plaintiff's Complaint; (Plaintiff avers that Defendant herein are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff their identities as proper parties Defendant are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained),**

**DEFENDANTS.**

## FIRST AMENDED COMPLAINT

### Parties

1.     The decedent, **Sue Ann Graham**, was a resident of St. Clair County, Alabama.

2.     Plaintiff **Frankie Overton**, as appointed administrator of the estate of Sue Ann Graham, deceased, is over the age of 19 years and is a resident citizen of St. Clair County, Alabama.

3.      Plaintiff **Scott Graham**, as the father and legal guardian of ~~Jordon Graham~~J.G., a minor, is over the age of 19 years and is a resident citizen of Okaloosa County, Florida.

4.      Defendant~~,~~ **Rodericus Obyran Carrington** is over the age of 19 years and is a resident citizen of Jefferson County, Alabama.

5.      Defendant~~,~~ **FCA US LLC, f/k/a** **Chrysler Group LLC**~~,~~ ("hereinafter referred to as "**FCA**" or "**New** **Chrysler**"), is a foreign corporation doing business in the State of Alabama, including Jefferson County.

6.      Defendant~~, Fiat Chrysler Automobiles US, LLC, ("FCA"), is a foreign corporation doing business in the State of Alabama, including Jefferson County.~~ ~~Collectively, Chrysler and FCA are referred to as the "Chrysler Defendants".~~

~~7.      Defendant,~~ **TRW Automotive Holdings Corp., f/k/a TRW, Inc.**~~,~~ is a foreign corporation doing business in the State of Alabama, including Jefferson County.

7.      ~~8.~~ Defendant~~,~~ **TRW Automotive, Inc.**~~,~~ is a foreign corporation doing business in the State of Alabama, including Jefferson County.

8.      ~~9.~~ Defendant~~,~~ **TRW Automotive U.S. LLC**~~,~~ is a foreign corporation doing business in the State of Alabama, including Jefferson County.

9.      ~~10.~~ Defendant~~,~~ **TRW Vehicle Safety Systems, Inc.**~~,~~ is a foreign corporation doing business in the State of Alabama, including Jefferson County.

10.     ~~11.~~ Defendant~~,~~ **TRW Automotive US, LLC**~~,~~ is a foreign corporation doing business in the State of Alabama, including Jefferson County.

11.    12. Defendant, **TRW Safety Systems, Inc.,** is a foreign corporation doing business in the State of Alabama, including Jefferson County. All TRW Defendants collectively referred to as "TRW".

12.    13. Defendant **ZF Friedrichshafen AG** is a foreign corporation doing business in the State of Alabama, including Jefferson County.

13.    Defendant **ZF Passive Safety Systems US Inc**, formerly named TRW Vehicle Safety Systems Inc., is a foreign corporation doing business in the State of Alabama, including Jefferson County.

14.    Defendant **ZF TRW Automotive Holdings Corp.,** is a foreign corporation doing business in the State of Alabama, including Jefferson County. All ZF Defendants are collectively referred to as "ZF".

15.    Fictitious Defendants "l" through "13" are any other persons, corporations or other legal entities whose negligence, wantonness or other wrongful conduct combined and concurred with that of the other Defendants, who are responsible for, and/or whose true identities are unknown to Plaintiff at this time but will be substituted by amendment when ascertained.

16.    The subject vehicle, a 2002 Jeep Liberty, VIN 1J4GL58K22W275419, was originally manufactured in the United States by the Defendants,Old Carco LLC (hereinafter referred to as '**Old Chrysler**'), TRW and ZF and was distributed into the stream of commerce and specifically to the State of Alabama.

17.    The subject vehicle was originally sold in the State of Alabama at a Chrysler-affiliated dealership.

18. ~~The Chrysler Defendants maintain~~FCA maintains dealerships within the State of Alabama that sell the same or similar vehicles, including in Jefferson County, Alabama.

19. Defendants ~~Chrysler~~FCA, TRW and ZF manufacture the same or similar vehicles, products and component parts of vehicles at issue in this case, and directed them into the stream of commerce and specifically to the State of Alabama for resale within the State, including in Jefferson County, Alabama.

20. Defendants ~~Chrysler~~FCA, TRW and ZF service the same or similar vehicles, products and component parts of vehicles at issue in this case located in the State of Alabama, including in Jefferson County, Alabama.

21. The accident giving rise to this lawsuit occurred in Jefferson County, State of Alabama.

22. The victims of the accident giving rise to this lawsuit resided within the State of Alabama at the time of the accident.

23. Venue is proper in this action pursuant to Rule 82 of the *Alabama Rules of Civil Procedure*, Ala. Code. ~~S~~§ 6-3-7(a)(1), (4) and Ala. Code ~~S~~§ 6-3-2(3).

**Old Chrysler's Bankruptcy Proceedings**

24. On April 30, 2019, Old Chrysler and certain of its affiliated debtors declared bankruptcy. On June 1, 2019, the Bankruptcy Court entered an order (the "**Sale Order**") authorizing the sale of substantially all of Old Chrysler's assets to FCA pursuant to the terms of a Master Transaction Agreement (as amended from time to time and including all ancillary documents thereto, the "**MTA**") free and clear of all liens, claims and interests, except for liabilities it assumed under the MTA. The sale closed on June

10, 2009 (the "**Closing Date**").    Following the Closing Date, Old Chrysler ceased operations and FCA took over the operations of the "Chrysler" automotive business.

25.    Pursuant to the MTA, FCA assumed certain liabilities of Old Chrysler, including, among other liabilities, "Product Liability Claims" arising from motor vehicle accidents occurring after the Closing Date, including involving Jeep brand vehicles manufactured by Old Chrysler.  "Product Liability Claims" are defined as:

> any Action arising out of, or otherwise relating to in any way in respect of claims for personal injury, wrongful death or property damage resulting from exposure to, or any other warranty claims, refunds, rebates, property damage, product recalls, defective material claims, merchandise returns and/or any similar claims, or any other claim or cause of action, whether such claim is known or unknown or asserted or unasserted with respect to, Products or items purchased, sold, consigned, marketed, stored, delivered, distributed or transported by the Company Business, any Selling Group Member or any of its Subsidiaries, whether such claims or causes of action are known or unknown or asserted or unasserted.

(MTA Definitions Addendum, at p. 90, *as amended* by Amendment No. 1 to MTA, ¶ 36 (emphasis added).  FCA did not, however, assume any claims, including Product Liability Claims, for "exemplary or punitive damages."  Claims against FCA (including claims for exemplary or punitive damages) based on FCA's own post-Closing Date knowledge and wrongful conduct, however, are not implicated or in anyway impaired by Chrysler's bankruptcy proceedings.

26.    Plaintiffs do not seek any exemplary or punitive damages against FCA based on Old Chrysler's conduct.  Plaintiffs only seek punitive or exemplary damages against FCA based on its own post-Closing Date knowledge and wrongful conduct.

27.    In particular, Plaintiff Overton only asserts claims against FCA based upon FCA's own knowledge and conduct after the Closing Date; Overton does not assert any claims against FCA based on Old Chrysler's conduct.  Plaintiff Graham's claims against

FCA include (a) Product Liability Claims based on Old Chrysler conduct that FCA assumed under the MTA for which Graham does not seek punitive damages and (b) claims based on FCA's own knowledge and conduct after the Closing Date for which Graham does seek punitive damages.

**Statement of Facts**

28. 24. On June 10, 2016, Plaintiff's decedent, Sue Ann Graham, and Jordon Graham J.G., were passengers of a 2002 Jeep Liberty, VIN 1J4GL58K22W275419, traveling along Interstate 59 in the State of Alabama at or near mile marker 140 (139.8) in Jefferson County, Alabama.  At or around the given time and place, a vehicle operated by Rodericus Obyran Carrington struck the 2002 Jeep Liberty containing the decedent and Jordon Graham J.G., causing it to overturn on Interstate 59. At the time of the incident, the vehicle was being used as intended and both Sue Ann Graham and Jordon Graham J.G. were properly belted.

29. 25. The 2002 Jeep Liberty was originally sold in Alabama, and was designed, engineered, manufactured and/or marketed by Old Chrysler and Defendants Chrysler, FCA, TRW Automotive Holdings Corp., f/k/a TRW, Inc.; TRW Automotive, Inc.; TRW Automotive U.S. LLC; TRW Vehicle Safety Systems, Inc.; TRW Automotive US, LLC; TRW Safety Systems, Inc. (collectively, the "TRW Defendants" or "TRW"); ZF Friedrichshafen AG; ZF Passive Safety Systems US Inc; ZF TRW Automotive Holdings Corp. (collectively, the "ZF Defendants" or "ZF"), and the fictitious party defendants 1 through 13.  The At the time of the incident, the vehicle was in substantially the same condition as it was on its original date of sale.

30.    The subject 2002 Jeep Liberty and its restraint system was defective and/or unreasonably dangerous in design, manufacture and/or marketing as it relates to the vehicle's characteristics for structural integrity and occupant protection and crashworthiness in a foreseeable rollover event and lack of proper warnings regarding said issues.  The defective condition of the Jeep Liberty as it relates to said issues has been known by the Product Liability Defendants for some time.

31.    FCA was made aware of these defects and their potential to cause severe injury and death to occupants long before this accident occurred.  Despite such knowledge, FCA took no action to warn, recall or otherwise eliminate the defective conditions.

32.    26. As a direct and proximate result of Mr. Carrington's failure to obey the rules of the road, as well as; the defective condition of the 2002 Jeep Liberty, as well as concerning its structural integrity and its restraint systems (including failing to warn about the vehicle's defective condition); and the negligent and/or wanton conduct of the Defendants, including the fictitious Defendants, Sue Ann Graham sustained catastrophic injuries that resulted in her death.

33.    27. As a direct and proximate result of Mr. Carrington's failure to obey the rules of the road, as well as; the defective condition of the 2002 Jeep Liberty, Jordon Graham concerning its structural integrity and its restraint systems (including failing to warn about the vehicle's defective condition); and the negligent and/or wanton conduct of the Defendants, including the fictitious Defendants, J.G., a passenger and a mere seat behind Sue Ann Graham at the time of the accident, was physically, mentally and emotionally injured. 28.    At all relevant times, J.G. was seated within the subject

vehicle, and was exposed to an immediate risk of physical harm as a consequence of the vehicle's condition.

34.    At Old Chrysler, FCA, TRW and ZF, safety is paramount and of utmost importance.

## COUNT ONE

### (Scott Graham's Alabama Extended Manufacturer's Liability Doctrine Claim Against All Product Liability Defendants)

35.    29.  Plaintiff Scott Graham re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 2834 above as if set out here in full.

36.    30.  At the aforesaid time and place, and for sometime prior thereto, Old Chrysler and Defendants Chrysler, FCA, TRW, ZF, and the fictitious party defendants 1 through 13 (the 'Product Liability Defendants'), were engaged in the business of designing, manufacturing, distributing, marketing and/or selling the Jeep Liberty made the basis of this suit throughout the United States, including the State of Alabama, for use by the general public.  During that period of time, the Product Liability DefendantsOld Chrysler, TRW, ZF, and the fictitious party defendants 1 through 13, for valuable consideration, designed, manufactured, distributed, inspected, marketed and/or sold the Jeep Liberty and its component parts made the basis of this suit which injured Sue Ann Graham and Jordon GrahamJ. G. At the time Sue Ann GrahamJ.G. was killedinjured, the Jeep Liberty made the basis of this suit was being used in a manner that was foreseeable. The Product Liability DefendantsOld Chrysler, TRW, ZF, and the fictitious party defendants 1 through 13 negligently designed, manufactured, distributed, marketed, and/or sold the Jeep Liberty.

37.    Old Chrysler, TRW, ZF, and the fictitious party defendants 1 through 13 had a duty to determine if there were potential hazards to consumers that were associated with the foreseeable uses of its products.

38.    31. The defective condition of the vehicle made the basis of this suit was a proximate cause of Sue Ann Graham and Jordon GrahamJ.G.'s injuries.  These defective conditions, and the resulting injuries and damages, render the Product Liability DefendantsOld Chrysler, TRW, ZF, and the fictitious party defendants 1 through 13 liable to Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

32.    The subject 2002 Jeep Liberty and its restraint system was defective and/or unreasonably dangerous in design, manufacture and/or marketing as it relates to the vehicle's characteristics for occupant protection and crashworthiness in a foreseeable rollover event and lack of proper warnings regarding said issues.  The defective condition of the Jeep Liberty as it relates to said issues has been known by the Product Liability Defendants for some time.  Moreover, the defective condition of the Jeep Liberty was known by Chrysler and/or former Chrysler companies absorbed by FCA, and that knowledge transferred  Pursuant to the MTA, FCA assumed Old Chrysler's liability with respect to Plaintiff Graham's Product Liability Claims arising from the incident. Despite such knowledge, FCA took no action to warn, recall or otherwise eliminate the defective condition. 33.  FCA, TRW, ZF, and the fictious party defendnants 1 through 13, shall hereinafter be referred to as the "Product Liability Defendants had a duty to determine if there were potential hazards to consumers that were associated with the foreseeable uses of its products".

39. 34. As a proximate result of the aforesaid wrongful, negligent conduct of each of the Product Liability Defendants, ~~Sue Ann Graham suffered catastrophic injuries that resulted in her death, and her minor son Jordon Graham~~J.G., who was seated within the zone of danger and subject to immediate risk of physical harm, was injured physically, mentally and emotionally as a result of the accident.

**WHEREFORE**, ~~Plaintiffs demand~~Plaintiff Graham demands judgment against each of the Product Liability Defendants for damages in the following manner:

> • As to Sue Ann Graham, All damages allowable under Alabama's Wrongful Death Act for the death of Sue Ann Graham as determined by a jury in an amount in excess of the jurisdiction requirements of this Court, together with interest from the date of injury, and the costs of this proceeding.

> • As to ~~Chrysler as related to Jordan~~all Product Liability Defendants other than FCA, Scott Graham, on behalf of J.G., seeks all compensatory and punitive damages recoverable pursuant to the laws of Alabama ~~for the injuries sustained by Jordan Graham as determined by a jury;~~, including mental anguish damages. Under Alabama law, J.G. is entitled to mental anguish damages because he sustained a physical injury and/or was placed in immediate risk of physical harm as a consequence of the Defendants' conduct. Scott Graham seeks these damages together with interest from the date of injury; the cost of this proceeding; and any further ~~non-punitive~~ relief that a jury shall determine as appropriate pursuant to the laws of Alabama.

> • As to FCA ~~as related to Jordan~~, Scott Graham, on behalf of J.G., seeks all compensatory damages recoverable pursuant to the laws of Alabama~~; punitive~~, including

mental anguish damages for FCA's post-bankruptcy sale. Under Alabama law, J.G. is entitled to mental anguish damages because he sustained a physical injury and/or was placed in immediate risk of physical harm as a consequence of the Defendants' conduct, transactions, actions, or failures to act which caused the chain of events and injuries giving rise to this action;. Finally, Scott Graham seeks interest from the date of the injury, the cost of this proceeding, and any further relief that a jury shall determine as appropriate pursuant to the laws of Alabama.

> . As to all remaining Product Liability Defendants as related to Jordan Graham, all compensatory and punitive damages recoverable pursuant to the laws of Alabama, including interest from the date of injury; the cost of this proceeding; and any further relief that a jury shall determine as appropriate pursuant to the laws of Alabama. Scott Graham does not, however, seek any exemplary or punitive damages against FCA in this count.

## COUNT TWO
### (Negligence - Rodericus Obyran Carrington)

### (Frankie Overton's Alabama Extended Manufacturer's Liability Doctrine Claim Against Product Liability Defendants other than FCA)

40. 35. Plaintiff Overton re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 3439 above as if set out here in full.

41. At the aforesaid time and place, and for sometime prior thereto, Defendants TRW, ZF, and the fictitious party defendants 1 through 13, were engaged in the business of designing, manufacturing, distributing, marketing and/or selling the Jeep Liberty component parts made the basis of this suit throughout the United States,

including the State of Alabama, for use by the general public. During that period of time, TRW, ZF, and the fictitious party defendants 1 through 13, for valuable consideration, designed, manufactured, distributed, inspected, marketed and/or sold the component parts made the basis of this suit which caused Sue Ann Graham's death. At the time Sue Ann was killed, the Jeep Liberty made the basis of this suit was being used in a manner that was foreseeable. TRW, ZF, and the fictitious party defendants 1 through 13 negligently designed, manufactured, distributed, marketed, and/or sold the Jeep Liberty component parts.

42.     TRW, ZF, and the fictitious party defendants 1 through 13 had a duty to determine if there were potential hazards to consumers that were associated with the foreseeable uses of its products.

43.     The defective condition of the vehicle made the basis of this suit was a proximate cause of Sue Ann Graham's death. These defective conditions, and the resulting injuries and damages, render TRW, ZF, and the fictitious party defendants 1 through 13 liable to Plaintiff Overton pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

**WHEREFORE**, Frankie Overton demands judgment against all Product Liability Defendants other than FCA for all damages allowable under Alabama's Wrongful Death Act for the death of Sue Ann Graham as determined by a jury in an amount in excess of the jurisdiction requirements of this Court, together with interest from the date of injury, and the costs of this proceeding. Frankie Overton does not assert a claim or seek any damages against FCA in this count.

## COUNT THREE

### (Negligence - Defendant Carrington)

44.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 43 above as if set out here in full.

45.    36. Defendant Rodericus Obyran Carrington ("**Defendant Carrington**") is responsible for his negligent acts while operating a motor vehicle in the State of Alabama.

46.    37. Defendant Carrington owed a duty of care to the occupants of the 2002 Jeep Liberty to use reasonable care in his operation of the motor vehicle as alleged above.

47.    38. On June 10, 2016 at the above-referenced time and place, Defendant Carrington negligently operated his vehicle. Defendant Carrington's negligent acts include but are not limited to: failing to operate his vehicle in accordance with the Alabama Rules of the Road; failing to control and operate his vehicle safely; failing to maintain a safe distance from the 2002 Jeep Liberty occupied by Sue Ann Graham and ~~Jordon Graham~~J.G.; failing to keep a proper lookout for the 2002 Jeep Liberty occupied by Sue Ann Graham and ~~Jordon Graham~~J.G.; and failing to slow down or yield to the 2002 Jeep Liberty occupied by Sue Ann Graham and ~~Jordon Graham~~J.G.

48.    39. As a proximate consequence of Defendant Carrington's negligence, the 2002 Jeep Liberty occupied by Sue Ann Graham and ~~Jordon Graham~~J.G. was struck by Defendant Carrington's vehicle, causing the vehicle to lose control and ultimately overturn on Interstate 59, killing Sue Ann Graham and injuring ~~Jordon Graham~~J.G. physically, mentally and emotionally.

~~40.~~ **WHEREFORE**, Plaintiffs demand judgment against Defendant Carrington in such an amount of damages as a jury may award under the laws of the State

of Alabama in an amount in excess of the jurisdiction requirements of this Court, and the costs of this action; and for all damages recoverable pursuant to the laws of Alabama for the injuries sustained by ~~Jordan Graham~~J.G. as determined by a jury, including punitive damages, interest from the date of injury, the cost of this proceeding, and any further relief that a jury shall determine as appropriate pursuant to the laws of Alabama.

## COUNT ~~THREE~~FOUR

### (Negligence – Product Liability Defendants)

49.    41.  ~~Plaintiff~~Plaintiffs re-~~alleges~~allege and ~~incorporates~~incorporate by reference the allegations contained in paragraphs 1 through ~~40~~48 above as if set out here in full.

50.    42. At the aforesaid time and place, and for some time prior thereto, ~~the Product Liability~~Old Chrysler and Defendants TRW, ZF, and the fictitious party defendants 1 through 13 undertook a duty to design, manufacture, market, inspect, distribute, and/or sell the 2002 Jeep Liberty and its restraint system made the basis of this suit, in a reasonably safe condition for its intended use by the Plaintiff and the general public.  ~~The Product Liability~~Old Chrysler and Defendants TRW, ZF, and the fictitious party defendants 1 through 13 negligently designed, manufactured, inspected, marketed and/or sold on the subject vehicle.  Such conduct caused the 2002 Jeep Liberty to be unsafe when used as intended.

51.    43. ~~Product Liability~~Old Chrysler and Defendants TRW, ZF, and the fictitious party defendants 1 through 13 had a duty to hold paramount the safety, health, and welfare of the public when designing the 2002 Jeep Liberty made the basis of this action.

52.    44. Product LiabilityOld Chrysler and Defendants TRW, ZF, and the fictitious party defendants 1 through 13 had a duty to determine if there were potential hazards to consumers that were associated with the foreseeable uses of its products. Moreover, Product LiabilityOld Chrysler and Defendants TRW, ZF, and the fictitious party defendants 1 through 13 had a duty to correct and warn of known hazards that were associated with the foreseeable uses of its products.

53.    45. The defective and dangerous condition of the 2002 Jeep Liberty and its restraint system was, as well as the compromised structural integrity of the vehicle, were a proximate causecauses of the injuries to Sue Ann Graham and Jordon Graham, and renders said Product Liability J.G.

54.    Old Chrysler and Defendants liable toTRW, ZF, and the Plaintiffs.

46.    Product Liability Defendantsfictitious party defendants 1 through 13 negligently failed to complete an adequate hazard analysis and risk assessment of the 2002 Jeep Liberty and its structural integrity and restraint systemsystems for potential occupant harm in a foreseeable rollover event.

55.    47. The defective condition of the Jeep Liberty as it relates to said issues has been known by the Product Liability Defendants for some time. MoreoverFor example, since the defective condition of the Jeep Liberty was known by Chrysler and/or former Chrysler companies absorbed by FCA, and that knowledge transferred to FCAbankruptcy of Old Chrysler, FCA was made aware of these defects and their potential to cause severe injury and death to occupants long before this accident occurred. Despite such knowledge, FCA took no action to warn, recall or otherwise eliminate the defective conditionconditions.

56. 48. As a proximate result, the aforesaid wrongful and negligent conduct of each of the Product Liability Defendants, Sue Ann Graham suffered catastrophic injuries that resulted in her death, and Jordon GrahamJ.G., who was seated within the zone of danger and subject to immediate risk of physical harm, was injured physically, mentally and emotionally.

**WHEREFORE**, Plaintiffs demand judgment against each of the Defendants for damages in the following manner:

- As to all Defendants as pertaining to Sue Ann Graham, AllFCA, Frankie Overton seeks damages under the Alabama Wrongful Death Act for the death of Sue Ann Graham against solely for FCA's own post-Closing Date conduct, transactions, actions, or failures to act which proximately caused Sue Ann Graham's death, together with interest from the date of injury, and the costs of this proceeding.  Frankie Overton does not assert a claim or seek any damages against FCA based upon Old Chrysler's conduct.

- As to all remaining Defendants, Frankie Overton seeks all damages allowable under Alabama's Wrongful Death Act for the death of Sue Ann Graham as determined by a jury in an amount in excess of the jurisdiction requirements of this Court, together with interest from the date of injury, and the costs of this proceeding.

- As to Chrysler as related to JordanFCA, Scott Graham, on behalf of J.G., seeks all compensatory damages recoverable pursuant to the laws of Alabama for the injuries, including mental anguish damages. Under Alabama law, J.G. is entitled to mental anguish damages because he sustained by Jordan Graham as determined by a jury; interest from the date ofa physical injury; the cost of this proceeding; and any further

~~non-punitive relief that's a jury shall determine as appropriate pursuant to the laws of Alabama.~~

- ~~As to FCA as related to Jordan Graham, all compensatory damages recoverable pursuant to the laws of Alabama for the injuries sustained by Jordan Graham as determined by a jury; punitive damages for~~ and/or was placed in immediate risk of physical harm as a consequence of the Defendants' conduct.  In addition, Scott Graham seeks punitive damages against FCA based solely upon FCA's post-~~bankruptcy sale~~Closing Date conduct, transactions, actions, or failures to act which caused the chain of events and injuries giving rise to ~~this action;~~J.G.'s injuries.  Finally, Scott Graham seeks interest from the date of the injury, the cost of this proceeding, and any further relief that a jury shall determine as appropriate pursuant to the laws of Alabama.

- As to all remaining ~~Product Liability~~ Defendants~~ as related to Jordan~~, Scott Graham, on behalf of J.G., seeks all compensatory and punitive damages recoverable pursuant to the laws of Alabama,  including mental anguish damages. Under Alabama law, J.G. is entitled to mental anguish damages because he sustained a physical injury and/or was placed in immediate risk of physical harm as a consequence of the Defendants' conduct. Scott Graham seeks these damages together with interest from the date of injury; the cost of this proceeding; and any further relief that a jury shall determine as appropriate pursuant to the laws of Alabama.

## COUNT ~~FOUR~~FIVE

### (Wantonness)

57.    49.  PlaintiffPlaintiffs  re-allegesallege  and  incorporatesincorporate  by reference the allegations contained in paragraphs 1 through 4856 above as if set out here in full.

58.    50. At the aforesaid time and place, and for some time prior thereto, the Product LiabilityOld Chrysler and Defendants TRW, as well asZF, and the fictitious party defendants, 1 through 13 were engaged in the business of and undertook a duty in designing, manufacturing, distributing, marketing, inspecting, testing and/or selling the occupant compartment structure and the passenger restraint system in the 2002 Jeep Liberty throughout the United States, including the State of Alabama. Prior to the wreck made the basis of this action, the Product LiabilityOld Chrysler and Defendants TRW, ZF, and the fictitious party defendants 1 through 13, for valuable consideration, designed, manufactured, distributed, marketed, inspected and/or sold the Jeep Liberty and its structural integrity and restraint system made the basis of this suit, which caused, in part or in whole, the Plaintiffs' injuries. At the time Sue Ann Graham was killed and Jordan GrahamJ.G. was injured, they were using the vehicle and the vehicle's restraint systems in a manner that was foreseeable, but the vehicle and its structure and/or restraint systemsystems were defective and unreasonably dangerous in design, manufacture, warnings and/or marketing, to the human body because they were not crashworthy.

59.    51. The Product LiabilityOld Chrysler and Defendants TRW, ZF, and the fictitious party defendants 1 through 13, wantonly designed, manufactured, distributed, marketed, failed to warn or adequately warn, inspect, and/or sold the subject vehicle and/or restraint the aforementioned systems. Such conduct caused the 2002 Jeep Liberty to be defective and unreasonably dangerous when used as intended.

60.    52. The defective condition of the 2002 Jeep Liberty and its restraint systemthe aforementioned systems made the basis of this suit was a proximate cause of Plaintiffs' injuries,.

61.    Old Chrysler and renders said Product Liability Defendants liable.

53.    The Product Liability DefendantsTRW, ZF, and the fictitious party defendants 1 through 13 had a duty to hold paramount the safety, health, and welfare of the public when designing the 2002 Jeep Liberty and its restraint system made the subject of this action.

62.    54. The Product LiabilityOld Chrysler and Defendants TRW, ZF, and the fictitious party defendants 1 through 13 had a duty to determine if there were potential hazards to consumers that were associated with the foreseeable uses of their products. Moreover, Product LiabilityOld Chrysler and Defendants TRW, ZF, and the fictitious party defendants 1 through 13 had a duty to correct and warn of known hazards that were associated with the foreseeable uses of its products

63.    55. The Product LiabilityOld Chrysler and Defendants TRW, ZF, and the fictitious party defendants 1 through 13 failed to complete an adequate hazard analysis and risk assessment of the 2002 Jeep Liberty and restraint systemthe aforementioned systems for potential occupant harm in foreseeable driving events, including rollover events and other car accidents.

64.    56. The defective condition of the Jeep Liberty as it relates to said issues has been known by the Product Liability Defendants for some time. MoreoverFor example, since the defective condition of the subject vehicle was known by Chrysler and/or former Chrysler companies absorbed by FCA, and that knowledge transferred to

~~FCA~~bankruptcy of Old Chrysler, FCA was made aware of these defects and their potential to cause severe injury and death to occupants long before this accident occurred. Despite such knowledge, FCA ~~wantonly failed~~took no action to warn, recall or otherwise eliminate the defective ~~condition~~conditions.

65.    ~~57.~~ Defendant Carrington, including the fictitious party defendants, wantonly operated his vehicle so as to cause the 2002 Jeep Liberty to lose control and overturn.

66.    ~~58.~~ Defendant Carrington operated his vehicle in an unreasonable manner and without regard to the safety of others. Defendant Carrington's wanton operation of his vehicle was a proximate cause of the accident made the basis of this action that resulted in the death of Sue Ann Graham and the injuries suffered by ~~Jordan Graham~~J. G.

67.    ~~59.~~ As a proximate result of the aforesaid wanton conduct of the Defendants, Sue Ann Graham suffered injuries that resulted in her death, and ~~Jordan Graham~~J.G., who was seated within the zone of danger and subject to immediate risk of physical harm, was injured physically, mentally and emotionally.

**WHEREFORE**, Plaintiffs demand judgment against each of the Defendants for damages in the following manner:

- As to ~~all Defendants as pertaining to Sue Ann Graham, All~~FCA, Frankie Overton seeks damages under the Alabama Wrongful Death Act for the death of Sue Ann Graham solely based upon FCA's post-Closing Date conduct, transactions, actions, or failures to act which proximately caused Sue Ann Graham's death, together with interest from the date of injury, and the costs of this proceeding. Frankie Overton does not assert a claim or seek damages against FCA based upon Old Chrysler's conduct.

- **As to all remaining Defendants, Frankie Overton seeks all** damages allowable under Alabama's Wrongful Death Act for the death of Sue Ann Graham as determined by a jury in an amount in excess of the jurisdiction requirements of this Court, together with interest from the date of injury, and the costs of this proceeding.

- As to ~~Chrysler as related to Jordan~~FCA, Scott Graham, on behalf of J.G., seeks all compensatory damages recoverable pursuant to the laws of Alabama ~~for the injuries~~, including mental anguish damages. Under Alabama law, J.G. is entitled to mental anguish damages because he sustained ~~by Jordan Graham as determined by a jury; interest from the date of~~a physical injury~~; the cost of this proceeding; and any further non-punitive relief that a jury shall determine as appropriate pursuant to the laws of Alabama.~~

  ~~As to FCA as related to Jordan Graham, all compensatory damages recoverable pursuant to the laws of Alabama for the injuries sustained by Jordan Graham as determined by a jury; punitive damages for~~ and/or was placed in immediate risk of physical harm as a consequence of the Defendants' conduct.  In addition, Scott Graham seeks punitive damages against FCA based solely upon FCA's post-~~sale~~Closing Date conduct, transactions, actions, or failures to act which caused the chain of events and injuries giving rise to ~~this action;~~J.G.'s injuries.  Finally, Scott Graham seeks interest from the date of the injury, the cost of this proceeding, and any further relief that a jury shall determine as appropriate pursuant to the laws of Alabama.

- As to all remaining ~~Product Liability~~ Defendants, ~~Defendant Carrington and Fictitious Defendants as related to Jordan~~Scott Graham, on behalf of J.G., seeks all compensatory and punitive damages recoverable pursuant to the laws of Alabama, including mental anguish damages. Under Alabama law, J.G. is entitled to mental anguish damages because he sustained a physical injury and/or was placed in immediate risk of physical harm as a consequence of the Defendants' conduct. Scott Graham seeks these damages together with interest from the date of injury; the cost of this proceeding; and any further relief that a jury shall determine as appropriate pursuant to the laws of Alabama.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

~~/s/ J. Parker Miller~~

J. Parker Miller (MIL138)
Attorney for Plaintiff

OF COUNSEL:

J. Parker Miller
J. Cole Portis
Christopher D. Glover
C. Gibson Vance
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343

**SERVE DEFENDANT BY REGISTERED AGENT AS FOLLOWS:**

~~**CHRYSLER GROUP LLC**~~
~~c/o C T Corporation System~~
~~2 North Jackson Street, Suite 605~~
~~Montgomery, AL  36104~~

**FCA US, LLC**
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL  36104

**RODERICUS OBYRAN CARRINGTON**
314 40th Avenue NE
Birmingham, Alabama 35215

**TRW AUTOMOTIVE HOLDINGS CORP., f/k/a TRW, INC.**
c/o Corp. Service Company
2711 Centerville Road, Suite 400
Wilmington, DE  19808

**TRW AUTOMOTIVE, INC.**
c/o Corp. Service Company
2711 Centerville Road, Suite 400
Wilmington, DE  19808

**TRW AUTOMOTIVE U.S. LLC**
c/o Corp. Service Company
2711 Centerville Road, Suite 400
Wilmington, DE  19808

**TRW VEHICLE SAFETY SYSTEMS, INC.**
c/o Corp. Service Company
2711 Centerville Road, Suite 400
Wilmington, DE  19808

**TRW AUTOMOTIVE US, LLC**
c/o Corp. Service Company
2711 Centerville Road, Suite 400
Wilmington, DE  19808

**TRW SAFETY SYSTEMS, INC.**
c/o Corp. Service Company
2711 Centerville Road, Suite 400
Wilmington, DE  19808

**ZF FRIEDRICHSHAFEN AG**
c/o Corp. Service Company
2711 Centerville Road, Suite 400
Wilmington, DE  19808

**ZF PASSIVE SAFETY SYSTEMS US INC.**
c/o Corp. Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

**ZF TRW AUTOMOTIVE HOLDINGS CORP.**
c/o Corp. Service Company
2711 Centerville Road, Suite 400
Wilmington, DE  19808

Document comparison by Workshare 10.0 on Thursday, July 23, 2020 12:39:13
PM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\myt\Work Folders\Desktop\Overton - Original Complaint.docx |
| Description | Overton - Original Complaint |
| Document 2 ID | C:\NRPortbl\CSDOCS\MYT\20917663_1.docx |
| Description | C:\NRPortbl\CSDOCS\MYT\20917663_1.docx |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 245 |
| Deletions | 181 |
| Moved from | 5 |
| Moved to | 5 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 436 |