Hearing Date:  August 11, 2020 at 10:00 a.m. (ET)
Objection Deadline:  August 4, 2020 at 4:00 p.m. (ET)

Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Counsel for FCA US LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Old Carco LLC, *et al.*, | : | Case No. 09-50002 (SMB) |
| Debtors. | : | Jointly Administered |

**OPPOSITION OF FCA US LLC TO FRANKIE OVERTON'S MOTION FOR RELIEF FROM THE COURT'S "ENFORCEMENT ORDER" TO PERMIT HER TO PURSUE AN INDEPENDENT CLAIM AGAINST FCA US LLC**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

RELEVANT BACKGROUND ....................................................................................................2

    A.    This Court's Decision and Enforcement Order ........................................................2

    B.    Overton's Failed Pursuit of Appeals. ........................................................................3

ARGUMENT ..................................................................................................................................5

I.    THERE WAS NO "OVERSIGHT" IN THE COURT'S 2018 ORDER ENFORCING THE SALE ORDER. ..........................................................................5

    A.    The Relief Overton Seeks is Precluded by the Second Circuit's Mandate. .............5

    B.    Rule 60(a) is Unavailable Because Overton Seeks a Substantive Modification of the Enforcement Order. ....................................................................7

II.    OVERTON IS NOT ENTITLED TO ANY RELIEF UNDER RULE 60(B). .....................8

    A.    Overton's Request for Relief Under Rule 60(b) is An Untimely Attempt to Avoid the Final Enforcement Order. ........................................................................9

    B.    Overton's Proposed Amended Complaint Does Not Assert an Independent Claim Against FCA US. ..........................................................................................11

CONCLUSION .............................................................................................................................13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arias* v. *Connolly*,
    2017 WL 5633195 (E.D.N.Y. Nov. 21, 2017) ............................................................. 9, 10

*Dearden* v. *FCA US LLC (In re Old Carco LLC)*,
    582 B.R. 838 (Bankr. S.D.N.Y. 2018) ............................................................................ 11

*Emp'rs. Mut. Cas. Co.* v. *Key Pham., Inc.*,
    886 F. Supp. 360 (S.D.N.Y. 1995) .................................................................................. 5

*Doyle* v. *City of New York*,
    580 F. Supp. 59 (S.D.N.Y. 1984) .................................................................................... 8

*Dudley ex. rel. Estate of Patton* v. *Penn-America Ins. Co.*,
    313 F.3d 662 (2d Cir. 2002) ............................................................................................ 8

*Jacobs* v. *Mostow*,
    2012 WL 3704694 (E.D.N.Y. Aug. 20, 2012) ................................................................. 7

*Maduakolam* v. *Columbia Univ.*,
    866 F.2d 53 (2d. Cir. 1989) ............................................................................................. 9

*Manolis* v. *Brecher*,
    634 Fed. App'x 337 (2d Cir. 2016) ............................................................................. 5, 7

*In re Motors Liquidation Co.*,
    568 B.R. 217 (Bankr. S.D.N.Y. 2017) .......................................................................... 12

*Nichols* v. *Brown*,
    2013 WL 1703577 (S.D.N.Y. Apr. 19, 2013) .................................................................. 9

*In re Old Carco LLC*,
    593 B.R. 182 (Bankr. S.D.N.Y. 2018) ....................................................................... 3, 12

*In re Old Carco LLC*,
    603 B.R. 877 (S.D.N.Y. 2019) ........................................................................................ 4

*In re Old Carco LLC*,
    809 Fed. App'x 36 (2d Cir. 2020) .......................................................................... 4, 6-7

*Paddington Partners* v. *Bouchard*,
    34 F.3d 1132 (2d Cir. 1994) ........................................................................................ 7-8

SC1:5267527.3

09-50002-mg    Doc 8551    Filed 08/04/20    Entered 08/04/20 14:56:33    Main Document
    Pg 4 of 17

*SEC* v. *Longfin Corp.*,
  2020 WL 4194484 (S.D.N.Y. July 21, 2020) ................................................................. 9-10

*United States* v. *Quintieri*,
  306 F.3d 1217 (2d Cir. 2002) ....................................................................................... 5, 7

*Wright* v. *Poole*,
  81 F. Supp. 3d 280 (S.D.N.Y. 2014) ............................................................................. 7, 10

**Statutes and Rules**

Fed. R. Civ. P. 60 ............................................................................................................... *passim*

-iii-
SC1:5267527.3

FCA US LLC ("FCA US") hereby submits this opposition to *Frankie Overton's Motion for Relief From the Court's "Enforcement Order" to Permit Her to Pursue an Independent Claim Against FCA US LLC* [Dkt. No. 8549][1] (the "Motion"), and respectfully states as follows:

## PRELIMINARY STATEMENT

1. Following two years of litigation in this Court and through two appeals that culminated in May 2020 with a mandate issued by the United States Court of Appeals for the Second Circuit ("Second Circuit"), affirming the District Court's affirmance of this Court's order enforcing the Sale Order, Plaintiff Overton wants to start over. After paying lip service to the now final Decision and Enforcement Order and the Second Circuit's mandate, Overton belatedly invokes Federal Rule of Civil Procedure 60 ("Rule 60")[2] to request that the Court correct a "clerical mistake" in the Enforcement Order to permit a so-called "post-Closing" claim to be asserted against FCA US.

2. The entire premise of the Motion is disingenuous and the Court should halt Overton's latest gambit in its tracks. As an initial matter, the Motion is misleading in that it fails to disclose that Overton pursued an appeal of any post-Closing claim bar, and the Second Circuit specifically held Overton's arguments to be waived. The Second Circuit's rejection of the argument Overton now asserts is law of the case, and this Court is precluded from considering Overton's request for relief under Rule 60.

---

[1] Unless otherwise specified, "Dkt. No." refers to the docket for Case Number 09-50002 (SMB) in the United States Bankruptcy Court for the Southern District of New York.

[2] Rule 60 is made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9024.

SC1:5267527.3

3. Furthermore, Overton and her counsel know full well that there was no "clerical mistake," having reviewed and affirmatively signed-off on the text and scope of the Enforcement Order prior to its entry in November 2018. Overton is, in fact, arguing that the Court made a mistake in enforcing the Sale Order to bar all of Overton's claims. This is a substantive legal argument that must be considered under Rule 60(b)(1) and not Rule 60(a). Of course, the one-year time period to seek relief pursuant to Rule 60(b)(1) expired long ago. In an attempt to circumvent this rule, Overton tries to invoke Rule 60(b)(6) as the basis for her relief. That relief is both unavailable given the nature of the purported error: a mistake, and is also untimely.

4. Finally, while the Court can and should deny the Motion without reaching the substance, the Motion also fails on its merits. The proposed Amended Complaint does not meet this Court's established criteria for proceeding past the bankruptcy gate to assert a post-Closing independent claim against FCA US (and never could). Overton's wrongful death claims were barred more than twenty months ago and the blatant attempt to assert enjoined claims as disguised post-Closing claims should be rejected. For any and all of these independent reasons, the Motion should be denied and costs awarded to FCA US.

## RELEVANT BACKGROUND

### A. This Court's Decision and Enforcement Order

5. As this Court will recall, on November 1, 2018—almost twenty-one months before the instant Motion was filed—it issued the *Memorandum Decision Granting in Part and Denying in Part FCA US LLC's Motion to Enforce the Sale Order* [Dkt. No. 8534] (the "Decision"), that, in relevant part, enforced this Court's Sale Order and ruled that Overton's claims from wrongful death under the Alabama Wrongful Death Act ("AWDA") are barred by

the Sale Order and MTA, and that "Overton is enjoined from prosecuting the Overton Claims in the Alabama State Court." *In re Old Carco LLC*, 593 B.R. 182, 199 (Bankr. S.D.N.Y. 2018).

6. That holding followed exhaustive analysis explaining why all damages under the AWDA are punitive, and thus barred by the Sale Order and MTA. (*Id.* at 190-98.) The Court issued its Decision after holding oral argument with respect to FCA US's Motion to Enforce the Sale Order, during which Overton's counsel engaged in a colloquy including arguments about whether Overton could maintain a post-Closing claim against FCA US. In fact, the Court observed "if your complaint alleges that the proximate cause is the defective condition, how can the proximate cause be the failure to warn? Which would be the only basis to circumvent the sale order." (June 7, 2018 Hearing Tr. (the "June 7 Hr'g Tr.") at 31:15-18, attached as Exhibit A to the Declaration of Brian D. Glueckstein ("Glueckstein Decl.").)

7. The Decision directed the parties to settle an order. Counsel for Overton and FCA US conferred and agreed on the form of Enforcement Order entered by the Court. (*See* November 8, 2018 email, Ex. B. to the Glueckstein Decl.) On November 13, 2018, counsel for FCA US submitted the Enforcement Order to chambers, copying counsel for Overton, and representing that "[t]his form of order is acceptable to the parties." (November 13, 2018 email, Ex. C to the Glueckstein Decl.) The Court entered the Enforcement Order on November 14, 2018 [Dkt No. 8535].

**B.    Overton's Failed Pursuit of Appeals.**

8. Overton appealed the Decision and Enforcement Order to the United States District Court for the Southern District of New York (the "District Court"). In her briefing before the District Court, Overton argued in a footnote that the Decision and the Enforcement Order should be reversed on the merits, in part, because the "Enforcement Order

-3-

currently improperly bars Overton from pursuing claims against FCA for its own post-Closing Date conduct." (Case No. 18-11290, Overton App. Br. [S.D.N.Y. Dkt. No. 13] at 6 n.4.)

9. On May 31, 2019, the District Court entered its Order affirming this Court's Decision and Enforcement Order in their entirety. *In re Old Carco LLC*, 603 B.R. 877, 888 (S.D.N.Y. 2019). Overton then appealed again, this time to the Second Circuit.

10. Overton's briefs before the Second Circuit expanded its arguments with respect to post-Closing claims and expressly sought reversal, arguing that "[t]he lower courts' rulings barring Overton's post-sale conduct claims constitute clear error and should be reversed." (Case No. 19-1901, Overton 2d Cir. Br. [2d Cir. Dkt. No. 44] at 30-31.) Overton's reply brief filed in support of her appeal to the Second Circuit goes on to argue that "Overton has asserted claims against FCA for its post-sale failure to warn since the filing of her complaint in 2017." (Case No. 19-1901, Overton 2d. Cir. Reply Br. [2d Cir. Dkt. No. 89] at 21.) Overton's counsel continued to press for reversal specifically on the issue of post-Closing claims at oral argument before the Second Circuit on May 15, 2020.

11. On May 20, 2020, the Second Circuit issued a Summary Order, affirming the District Court's Order affirmance of this Court's Decision and Enforcement Order. *In re Old Carco LLC*, 809 Fed. App'x 36, 40 (2d Cir. 2020). In its decision, the Second Circuit rejected Overton's arguments as to post-Closing claims, explaining:

> Finally, Overton argues that it was clear error for the lower courts to bar her claim to the extent it was based on New Chrysler's post-sale conduct. . . . **Because Overton raised this argument only in a footnote to the district court, it is "forfeited."** *United States* v. *Greenfield*, 831 F.3d 106, 118 n.9 (2d Cir. 2016); D. Ct. Dkt. No. 13 at 6 n.4.

*Id.* at 40 n.1 (emphasis added). On June 10, 2020, the Second Circuit issued its mandate [2d Cir. Dkt. No. 114, attached as Ex. D to the Glueckstein Decl.] (the "Mandate").

-4-

# ARGUMENT

## I. THERE WAS NO "OVERSIGHT" IN THE COURT'S 2018 ORDER ENFORCING THE SALE ORDER.

### A. The Relief Overton Seeks is Precluded by the Second Circuit's Mandate.

12. Overton is not permitted to use Rule 60 to ask this Court to revisit an issue litigated on appeal that was previously decided and is the subject of the Mandate. The law in this Circuit is clear that this Court lacks jurisdiction to entertain Overton's Rule 60 Motion because "'[t]he law of the case doctrine forecloses reconsideration of issues that were decided—or could have been decided—during prior proceedings' in the same case." *Manolis* v. *Brecher*, 634 Fed. App'x 337, 338 (2d Cir. 2016) (summary order) (quoting *United States* v. *Williams*, 475 F.3d 468, 471 (2d Cir. 2007). The so-called "mandate rule" requires a lower court to "follow an appellate court's previous ruling on an issue in the same case" and "ordinarily forecloses relitigation of all issues **previously waived by the defendant or decided by the appellate court**." *United States* v. *Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (emphasis added).

13. Furthermore, it is well-established that Rule 60 is "is not meant to provide a way for parties to relitigate matters already decided . . . or to attempt to establish a right to relief which the court has not previously recognized." *Emp'rs. Mut. Cas. Co.* v. *Key Pham., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). Overton is attempting to do precisely that under the guise of Rule 60, and the Court should summarily deny the Motion.

14. Overton knew what the Decision and Enforcement Order said back in November 2018. If Overton believed, as she now asserts, that all along there was a "clerical mistake" in the Enforcement Order precluding the assertion of a post-Closing claim against FCA US, she could have filed a motion under Rule 60 for reconsideration or to amend the Court's order at that time. If she believed the issue of post-Closing claims was outside the scope of the

Court's Decision and Enforcement Order, Overton could have promptly sought clarification from this Court. But Overton did neither of those things. Instead, she and her counsel made the conscious and deliberate decision to pursue an appeal, and to include in that appeal arguments with respect to the restrictions on the assertion of post-Closing claims against FCA US. The fact that Overton chose to initially raise the issue only by footnote in her brief filed with the District Court was a tactical decision that was made by her and her sophisticated counsel. However, there can be no doubt that Overton engaged squarely on the issue, arguing that the Decision and the Enforcement Order should be reversed on the merits, in part, because the "Enforcement Order currently improperly bars Overton from pursuing claims against FCA for its own post-Closing Date conduct." (Overton App. Br. at 6 n.4.)

15.    Overton then made another tactical decision to more fully address arguments pertaining to post-Closing claims in briefing before the Second Circuit. There, Overton argued that "[t]he lower courts' rulings barring Overton's post-sale conduct claims constitute clear error and should be reversed." (Overton 2d Cir. Br. at 30-31.) Overton's reply brief filed in support of her appeal to the Second Circuit goes on to argue that "Overton has asserted claims against FCA for its post-sale failure to warn since the filing of her complaint in 2017." (Overton 2d. Cir. Reply Br. at 21.) Overton's counsel even pointed out to the Second Circuit that he had argued to this Court that "Overton's post-sale claims were no different than Scott Graham's post-sale claims." (*Id.* (citing June 7 Hr'g Tr. at 32:6-12).) Overton's counsel continued to press for reversal specifically on the issue of post-Closing claims at oral argument before the Second Circuit on May 15, 2020.

16.    The Second Circuit rejected Overton's argument and her appeal tactics, holding that the arguments with respect to Overton's purported post-Closing claims against FCA

-6-

US were "forfeited." *In re Old Carco LLC*, 809 Fed. App'x at 40 n.1 (quoting *United States* v. *Greenfield*, 831 F.3d 106, 118 n.9 (2d Cir. 2016); D. Ct. Dkt. No. 13 at 6 n.4).

17. By any measure, the issues underlying the relief Overton seeks in this Motion were considered and addressed by the Second Circuit in its Mandate. Only now, almost 21 months after the Enforcement Order was entered, and 17 months after the issue was raised in her briefing to the District Court, does Overton seek relief from this Court under Rule 60. Overton is seeking the proverbial "have her cake and eat it too"—having lost an appeal on the merits due, in part, to tactical choices made along the way, she wants to start over before this Court by seeking relief under Rule 60. This is precisely what the law of the case doctrine precludes, and is not permitted. *Manolis* v. *Brecher*, 634 Fed. App'x at 338; *see also Wright* v. *Poole*, 81 F. Supp. 3d 280, 286-87 (S.D.N.Y. 2014) (holding that the law of the case doctrine bars granting Rule 60 motion where the appellate court has decided an issue). The Second Circuit's Mandate is final and cannot be revisited through this Motion. *United States* v. *Quintieri*, 306 F.3d at 1225 (stating that the "mandate rule ordinarily forecloses relitigation of all issues previously waived by the [appellant] or decided by the appellate court"); *see also Jacobs* v. *Mostow*, 2012 WL 3704694, at *2-3 (E.D.N.Y. Aug. 20, 2012) (denying rule 60 motion because "the Second Circuit's summary order affirming [the court's order] . . . bars re-litigation of the issues decided therein").

**B. Rule 60(a) is Unavailable Because Overton Seeks a Substantive Modification of the Enforcement Order.**

18. The premise of Overton's Motion—that she seeks a modification to the Enforcement Order merely to correct a "clerical mistake" is patently false, and is belied by the record of these proceedings. The Second Circuit has made clear that Rule 60(a) does not apply to an alleged mistake that "accurately reflects the decision of the court." *Paddington Partners* v.

-7-

*Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994). Instead, a "Rule 60(a) motion is directed to errors or omissions in the essentially ministerial act of transcribing the court's rendered judgment into writing; it cannot serve to correct errors or omissions in the judicial act of rendering that judgment." *Dudley ex. rel. Estate of Patton* v. *Penn-America Ins. Co.*, 313 F.3d 662, 671 (2d Cir. 2002) (Sotomayor, J., concurring). . Where, as here, the alleged mistake is "not a mere error in recording or an oversight, but goes to the disposition of the case itself" Rule 60(a) does not apply. *Doyle* v. *City of New York*, 580 F. Supp. 59, 61 (S.D.N.Y. 1984).

19. *First,* the Enforcement Order was reviewed and approved by Overton's counsel in November 2018 prior to its submission to the Court. (*See* Exs. A and B to Glueckstein Decl.) Having agreed to the precise language of the Enforcement Order, it is implausible for Overton to argue now, for the first time, that the Enforcement Order is an inaccurate reflection of the Court's Decision due to a ministerial transcription error.

20. *Second*, the assertion that the Enforcement Order does not conform to the Decision is controverted by the fact, as detailed in section I.A above, that Overton litigated two appeals over an almost two year period, arguing recently to the Second Circuit that the Decision and Enforcement Order should be **reversed** on the merits, in part, because of the bar as to the entirety of Overton's claims under the AWDA. Having exhausted her appellate options, Overton cannot circumvent those proceedings to achieve the same result through Rule 60(a).

**II.     OVERTON IS NOT ENTITLED TO ANY RELIEF UNDER RULE 60(B).**

21. Given that Overton is clearly seeking a substantive change to scope of the Decision and Enforcement Order as to the viability of her claims, any relief would therefore need to be obtained under Rule 60(b). However, even if the Court were to consider the Motion under Rule 60(b), the Motion must be denied.

22.  As recognized by courts in this District, "[u]nder Second Circuit precedent, 'a motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances.'" *Nichols* v. *Brown*, 2013 WL 1703577, at *2 (S.D.N.Y. Apr. 19, 2013) (quoting *Marrero Pichardo* v. *Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)). The burden of proving extraordinary circumstances is on the party seeking relief from judgment. *Id.*

### A. Overton's Request for Relief Under Rule 60(b) is An Untimely Attempt to Avoid the Final Enforcement Order.

23.  Aside from having litigated these issues on appeal, Overton's Rule 60(b) request is untimely. The Motion seeks alternative relief pursuant to Rule 60(b)(6), which is a catch-all provision that is available "only if the other, more specific grounds for relief encompassed by the rule are inapplicable." *Maduakolam* v. *Columbia Univ.*, 866 F.2d 53, 55 (2d. Cir. 1989). Here, the Motion argues, like in the appeals before it, that this Court made a mistake enjoining all of Overton's claims against FCA US in the Enforcement Order, and that she should now be permitted to amend the Complaint to assert a claim under the AWDA based on FCA US's conduct. (Mot. at 5-6.)

24.  In other words, Overton is asserting that the Court made a substantive mistake in the scope of the relief granted in the Decision and Enforcement Order with respect to Overton's AWDA claims. It is well established that "Rule 60(b)(1) permits relief from a judgment, order, or proceeding resulting from a judicial mistake." *Arias* v. *Connolly*, 2017 WL 5633195, at *3 (E.D.N.Y. Nov. 21, 2017) (holding that motion properly construed as seeking relief under Rule 60(b)(1) and not Rule 60(b)(6) because it sought relief resulting from a judicial mistake). Thus, when a party seeks relief due to a judicial mistake, it "must do so under Rule 60(b)(1)" and under not Rule 60(b)(6). *SEC* v. *Longfin Corp.*, 2020 WL 4194484, at *3

(S.D.N.Y. July 21, 2020) (holding that relief available under Rule 60(b)(1) cannot be granted under Rule 60(b)(6)). This distinction is important because any request for relief under Rule 60(b)(1) must have been made within one year from the date of entry of the Enforcement Order. *See* Fed. R. Civ. P. 60(c)(1). Since Overton waited almost *twenty-one months* from entry of the Enforcement Order to seek this relief, the request is untimely because it was made long after expiration of the limitations period. *See Arias,* 2017 WL 5633195, at *3 (finding motion untimely because it was properly construed as a Rule 60(b)(1) motion and the motion was filed more than thirteen months after the relevant order); *see also Wright* v. *Poole*, 81 F. Supp. 3d at 290 (holding that "a party may not circumvent the one-year limit by bringing a motion under a different subsection that should properly be brought under 60(b)(1)-(3)").

25.     Even if the Court were to consider the Motion under Rule 60(b)(6)—and it should not—the request is untimely. As Overton acknowledges, a request pursuant to Rule 60(b)(6) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1); *see* Mot. at 10. Overton asserts that the Motion was brought within a reasonable time following the Second Circuit issuing its order and Mandate affirming enforcement of this Court's Sale Order. (Mot. at 10-11.) But Overton cannot have it both ways. Either the post-Closing claims Overton seeks to revive through the Motion were properly subject of the appeal litigation and barred by the Mandate, or those issues are outside the scope of those appeals and should have been addressed long ago through a Rule 60 motion. Overton's chosen course of action: to seek reversal as part of her vigorous appeal strategy, lose, and then seek a do-over is hardly acting within a reasonable time. The Motion seeking relief under Rule 60(b) is untimely and should be denied on that independent basis.

> B. **Overton's Proposed Amended Complaint Does Not Assert an Independent Claim Against FCA US.**

26. Overton includes a single paragraph in the Motion in support of her assertion that there are present extraordinary circumstances warranting relief under Rule 60(b)(6) because Overton is enjoined from pursuing claims against FCA US under the AWDA based on FCA US's conduct. (Mot. at 10, ¶ 25.) This conclusory statement is woefully insufficient to establish extraordinary circumstances. To the contrary, this precise scenario was discussed all the way back at the hearing before this Court with respect to FCA US's Motion to Enforce the Sale Order. (*See* June 7 Hr'g Tr. 32:6-12.)

27. In any event, if the Court were inclined to consider the merits of Overton's argument, the proposed Amended Complaint illustrates why, unlike with respect to plaintiff Graham's claims, the Court correctly enjoined *all* of Overton's claims against FCA US under the AWDA.

28. This Court has made clear that claims seeking punitive damages against FCA US—which of course is all the AWDA provides for—can only pass through the bankruptcy gate if the "proximate cause of the Decedents' fatal injuries was due **solely** to [FCA US's] failure to warn, recall, notify or retrofit . . . rather than the design flaw itself." *Dearden* v. *FCA US LLC (In re Old Carco LLC)*, 582 B.R. 838, 846 (Bankr. S.D.N.Y. 2018) (emphasis added). While this Court has also made clear that it will not determine whether post-Closing allegations are in fact legally sufficient to state a claim, this Court and others in the District have been explicit that Overton must still satisfy the threshold requirement that the post-Closing conduct allegation be the **sole** proximate cause of damages giving rise to punitive damages. As this Court held in *Dearden*, "to survive . . . [plaintiff] must allege liability for punitive damages based **solely** on the post-Closing acts of [FCA US]." *Id.* at 844 (emphasis added); *see also In re Motors Liquidation*

-11-

*Co.*, 568 B.R. 217, 231 (Bankr. S.D.N.Y. 2017) (holding that "[t]o pass the bankruptcy gate, a complaint must clearly allege its causes of action are based solely on New GM's post-closing wrongful conduct.").

29.   This makes sense, of course, because this Court has been unwavering in holding that FCA US cannot be held liable under any theory of successor liability (*see* Sale Order [Dkt. No. 3232] ¶¶ 39, 42), and thus if there is another cause of action set forth asserting that a design defect is a proximate cause of the death, then it cannot be that FCA US's post-Closing conduct was the sole proximate cause.  The Court reaffirmed this principle in the Decision itself when permitting the personal injury claims of plaintiff Graham to proceed.  The Court again held that claims are not "barred by the Sale Documents to the extend they are based **solely** on the post-Closing conduct" of FCA US.  *In re Old Carco LLC*, 593 B.R. at 199 (citing *In re Motors Liquidation Co.*, 568 B.R. at 231).  Said differently, Overton does not get to present her claims to the trial court to determine the sufficiency of her pleadings if, on its face, the Complaint does not allege FCA US's post-Closing conduct to the be the sole proximate cause of the punitive damages sought.

30.   Overton's proposed Amended Complaint is clear on its face that it does not, and cannot, allege that FCA US's post-Closing conduct is the sole proximate cause of death.  The AWDA damages are sought in Count Four for Negligence against FCA US.  In the demand for relief, Overton seeks damages from FCA US under the AWDA "solely for FCA's own post-Closing Date conduct . . . which proximately caused Sue Ann Graham's death . . . ." (Mot. Ex. B-1 at 15.)  But in the prior Count Two, Overton seeks damages against other co-defendants on the basis that "[t]he defective condition of the vehicle made the basis of this suit was a proximate cause of Sue Ann Graham's death." (*Id.* at 11.)  Overton cannot allege, as she does, multiple or

alternative theories of proximate cause and proceed past the bankruptcy gate. The prior holdings of this Court are clear that the sole proximate cause *alleged* be FCA US's post-Closing conduct. Thus this is not a sufficiency of the pleadings issue (which would be for the trial court), but rather the gating threshold issue for this Court of whether a hypothetical claim by Overton alleges that FCA US's purported post-Closing conduct is the sole proximate cause of the punitive damages sought under the AWDA.

31.  Any reading of the proposed Amended Complaint reveals it does not, and cannot, given the scope of the lawsuit against other defendants. Of course, this is not surprising, because the entirety of the proposed Amended Complaint, including Count Four (Negligence) and Count Five (Wantonness) asserted against FCA US, are premised on an alleged product defect in the subject vehicle designed, manufactured, and sold by Old Chrysler. (*Id.* at 13-18.) The Court correctly barred all of Overton's claims under the AWDA.

32.  Finally, this Court should award costs to FCA US for needing to spend additional money to address this Motion given the history of these proceedings detailed herein.

## CONCLUSION

33.  For the foregoing reasons, FCA US respectfully requests that the Court deny Overton's Motion, grant all lawful costs and attorneys' fees, and grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: August 4, 2020<br>New York, New York | /s/ Brian D. Glueckstein<br>Brian D. Glueckstein<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York  10004<br>Telephone:   (212) 558-4000<br>Facsimile    (212) 558-3588<br><br>*Counsel for FCA US LLC* |