# EXHIBIT A

```
 1              UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF NEW YORK
 2   In re:
                                        Case # 09-50002-smb
 3              OLD CARCO LLC           New York, New York
          f/k/a CHRYSLER LLC, et al,   June 7, 2018
 4          n/k/a FCA US LLC,          10:11:40 am - 11:13:27 am
                              Debtors.
 5

 6                      - TRANSCRIPT -

 7          09-50002-SMB, OLD CARCO LLC AND RJM I, LLC,

 8      AS LIQUIDATION TRUSTEE FOR OLD CARCO LLC, CHAPTER 11

 9   MOTION TO REOPEN CHAPTER 11 CASE, FCA US LLC'S MOTION TO

       REOPEN THE OLD CARCO CASE FOR THE LIMITED PURPOSES OF
10
       (1) CONSIDERING FCA US LLC'S MOTION TO ENFORCE THE
11
         SALE ORDER AND (2) ADJUDICATING THE TRANSFERRED
12
              LITIGATION BY BRIAN D. GLUECKSTEIN;
13
          MOTION TO COMPEL ENFORCEMENT OF THE COURT'S
14
            SALE ORDER, BY BRIAN D. GLUECKSTEIN;

         MOTION TO STRIKE, FCA US LLC'S MOTION TO STRIKE
15
       THE AFFIDAVIT OF RETIRED JUSTICE R. BERNARD HARWOOD,
16
                  BY BRIAN D. GLUECKSTEIN.
17
          BEFORE THE HONORABLE STUART M. BERNSTEIN
18
                UNITED STATES BANKRUPTCY JUDGE
19

20

21

22

23

24

25
```

1   A P P E A R A N C E S :

2   *For FCA US LLC:*          BRIAN D. GLUECKSTEIN, ESQ.
                               Sullivan & Cromwell, LLP
3                              125 Broad Street
                               New York, New York 10004-2498
4                              (212) 558-1635; (212) 291-9305 fax
                               gluecksteinb@sullcrom.com
5

6
    *For Plaintiffs:*          MARK TSUKERMAN, ESQ.
7                              Cole Schotz, P.C.
                               1325 Avenue of the Americas, 19th Floor
8                              New York, New York 10019
                               (646) 563-8948; (646) 563-7948 fax
9                              mtsukerman@coleschotz.com

10
    *For Plaintiffs:*          STEPHANIE S. MONPLAISIR, ESQ.
11                             Beasley, Allen Crow, Methvin, Portis
                                 & Miles, P.C.
12                             218 Commerce Street
                               Montgomery, Alabama 36104
13                             (800) 898-2034; (334) 954-7555 fax
                               stephanie.monplaisir@beasleyallen.com
14

15
    *For Plaintiffs:*          J. PARKER MILLER, ESQ.
16                             Beasley, Allen Crow, Methvin, Portis
                                 & Miles, P.C.
17                             218 Commerce Street
                               Montgomery, Alabama 36104
18                             (800) 898-2034; (334) 954-7555 fax
                               parker.miller@beasleyallen.com
19

20
    *Transcriber:*             AA EXPRESS TRANSCRIPTS
21                             195 Willoughby Avenue, Suite 1514
                               Brooklyn, New York 11205
22                             (888) 456-9716; (888) 677-6131 fax
                               aaexpress@court-transcripts.net
23

24        *(Proceedings recorded by electronic sound recording)*

25

1          THE COURT:  Chrysler!

2          (Pause.)

3          THE COURT:  Go ahead.

4          MR. GLUECKSTEIN:  Good morning, Your Honor.  Nice to

5     see you.  For the record, Brian Glueckstein, Sullivan &

6     Cromwell, for FCA US LLC.

7          MR. TSUKERMAN:  Good morning, Your Honor, Mark

8     Tsukerman, from Cole Schotz.  I'm here for the Plaintiffs.  I'm

9     also here with my co-counsel from the Beasley, Allen firm.

10         MS. MONPLAISIR:  Stephanie Monplaisir, with the

11    Beasley, Allen firm.

12         THE COURT:  Welcome.

13         MR. MILLER:  Good morning, Your Honor, Parker Miller,

14    from Beasley, Allen.

15         THE COURT:  Welcome.  Go ahead.

16         MR. GLUECKSTEIN:  Good morning, Your Honor.  So, Your

17    Honor, we have three motions that FCA filed that are before the

18    Court, fully briefed and submitted.  And all of which are

19    calendared for hearing today.  Subject, of course, to the

20    Court's preferences, I would propose to address the motion to

21    reopen, and then proceed to the motion to enforce the sale

22    order, and to strike Mr. Harwood's affidavit.

23         THE COURT:  Okay.  Go ahead.

24         MR. GLUECKSTEIN:  Your Honor, with respect to the

25    motion to reopen, the motion asks this Court, as it has done in

1   the past, in the almost three years since the final decree was

2   entered, to reopen the Old Carco bankruptcy case to permit this

3   Court to consider the now fully briefed motion to enforce the

4   sale order that is pending.

5            THE COURT:  It's very unusual to have a motion to

6   reopen, and a fully briefed motion on for the same day.

7            MR. GLUECKSTEIN:  Your Honor, we filed them both at

8   the same time, because they were necessary.  Both were approved.

9   Plaintiffs have chosen to interpose an objection to the motion

10  to reopen on a procedural point.

11           THE COURT:  Mm-hm.

12           MR. GLUECKSTEIN:  As I stated, all the motions are

13  briefed.  Counsel, obviously, is here.

14           THE COURT:  Okay.

15           MR. GLUECKSTEIN:  And we certainly think that that is

16  a factor.  And the fact that we --

17           THE COURT:  Well, why don't you address the motion to

18  reopen in two minutes.

19           MR. GLUECKSTEIN:  Okay.  I will address it in two

20  minutes, Your Honor.  I do think there is good cause, and we

21  submit, there is good cause to reopen.  The primary issue with

22  respect to the motion to enforce is the question of Plaintiff's

23  wrongful death damages that are asserted, that are punitive, we

24  submit punitive in nature, and we think that is clear in part by

25  the sale order.

1          The Alabama District Court stated in its opinion that

2     those claims directly implicate and challenge this Court's sale

3     order, stated as much in its opinion.  And so, we submit

4     fundamentally, Your Honor, that this Court is best positioned to

5     interpret and enforce the sale order and the MTA amendment that

6     was approved by this Court.  And we cited cases to that effect

7     in our briefing.  This Court has reached similar reasoning, and

8     reached that conclusion in other cases, including, fairly

9     recently, the *Gawker* case.

10         We do believe that it is only this Court that's

11    positioned to provide the interpretation that will permit a

12    uniform and consistent treatment of similarly situated claims

13    with respect to this issue going forward.  The alternative

14    that's been suggested would be a piecemeal approach, which could

15    lead to different --

16         THE COURT:  It's going to be a piecemeal approach

17    either way.

18         MR. GLUECKSTEIN:  A piecemeal approach with respect to

19    how this particular issue is dealt with going forward.  We do

20    believe that if this Court makes a finding with respect to the

21    nature of the punitive damages claims, that that would be

22    obviously guiding parties here and going forward and eliminate

23    the inconsistent possibility of inconsistent decisions from

24    different courts, which courts often look to in considering

25    whether the bankruptcy court should consider these issues in the

1   first instance.

2          I also do believe, and we submit, Your Honor, that

3   reopening the case here to consider the motion to enforce will

4   conserve resources and be most efficient.  This is not a

5   question, Your Honor, of what is the best forum to litigate the

6   merits of the underlying claims.  The threshold question to be

7   answered, as Your Honor is well aware, is whether the

8   Plaintiff's punitive damages claims can proceed, or are barred

9   by the sale order to proceed in any forum.  Certainly, Judge

10  Garrity noted in the *Attardi* case recently, the need to answer

11  that threshold question weighs in favor of reopening.  And so,

12  we would submit, Your Honor, that this Court has retained

13  jurisdiction to do just this.  It's done it in other cases.

14  Guidance here at the outside of the case before we proceed in

15  Alabama with discovery and other issues that would further

16  develop the record, we believe is critical.

17         And finally, Your Honor, we would submit that clearly

18  Plaintiffs had indicated an interest in moving forward with

19  discovery in the underlying action.  We think a decision as to

20  whether punitive damages of these conduct-based punitive claims

21  can go forward is critical to narrowing those issues.  And

22  absent a prompt decision potentially could prejudice FCA with

23  respect to those matters.

24         THE COURT:  What about the failure to warn claim?

25  Maybe we're getting into the merits.

1          MR. GLUECKSTEIN:  Your Honor, the question that has

2     been raised by the Plaintiffs with respect to the failure to

3     warn claim is that the Alabama court decided that there was not

4     a bankruptcy issue.  We would respectfully disagree on that, as

5     to whether that is binding on this Court.  I think the issue --

6          THE COURT:  You know, that's one of the questions I

7     had, and certainly, the Alabama court considered the issue.  It

8     didn't really rule on the issue, it just said it was less

9     convinced.

10         MR. GLUECKSTEIN:  Correct.

11         THE COURT:  It had jurisdiction, although I have no

12    problem concluding I have jurisdiction to at least decide the

13    threshold issue; not to try the underlying merits in the case.

14    But the court also said, I think it was -- who's the other

15    Plaintiff?

16         MR. GLUECKSTEIN:  Mr. Overton?

17         THE COURT:  No.

18         MR. GLUECKSTEIN:  Graham?

19         THE COURT:  Mr. Graham also said that his claims

20    implicated; won't say they stated a cause of action, but

21    implicated post-sale conduct, and therefore, they didn't

22    implicate the sale order.  So, what do I do with that?

23         MR. GLUECKSTEIN:  So, Your Honor, first, it was

24    asserted in the briefing that this was somehow either a law of

25    the case, or this could be interpreted as a *res judicata* type

1  defense.  I don't think that's the issue.

2        THE COURT:  Well, nobody's briefed *res judicata* under

3  Alabama law.

4        MR. GLUECKSTEIN:  So, I would submit, Your Honor, that

5  the Court has the ability under its jurisdiction, always has the

6  jurisdiction, as the Court knows, under *Travelers* to consider

7  its prior orders.  We would submit that the issue is fairly

8  narrow with respect to those claims, and happy to address the

9  issues now or with respect to the merits.  But I don't think

10  that the comments from the court, and agree with your

11  characterization of them, preclude this Court from exercising

12  jurisdiction with respect to those claims.  And regarding --

13        THE COURT:  I mean basically, I could consider the

14  same issue, is what you're saying.

15        MR. GLUECKSTEIN:  I think the case law is clear on

16  that.

17        THE COURT:  To the extent that the Alabama judge

18  considered it at all.

19        MR. GLUECKSTEIN:  Yes, Your Honor.

20        THE COURT:  And the Alabama judge recognized that in

21  the decision, which I --

22        MR. GLUECKSTEIN:  Correct.  And that deals with the

23  personal injury claims of Plaintiff Graham.  Certainly, the

24  Alabama court concluded that this Court has jurisdiction with

25  respect to the wrongful death claims.  And that alone would be

1    reason in our view to reopen the case.  But I think there is

2    nothing that would prohibit this Court from addressing both of

3    the issues, which are fully briefed.  And we would submit that

4    this Court should exercise its jurisdiction to do to.

5         THE COURT:  All right.  Let me hear from Mr.

6    Tsukerman, if he's the one, on the motion to reopen.

7         MR. TSUKERMAN:  Thank you, Your Honor.  So, there are

8    two Plaintiffs here.  There's Overton claims and Graham claims.

9    And the Alabama District Court's decision dealt with them

10   differently, because they're somewhat in different positions.

11   So, let me start first with Graham's claims, Your Honor.  First

12   of all, obviously, Judge, you read the Alabama District Court

13   decision and it somewhat speaks for itself, but we think that

14   decision went further.  We think the judge clearly concluded

15   that Graham's claims didn't implicate the sale order and didn't

16   create federal jurisdiction.

17        THE COURT:  Well, let's suppose he did, and maybe this

18   is, again, getting to the merits, which is where I think this

19   thing is going.  But supposing he reached that conclusion, does

20   that prevent me from considering the same issue and reaching the

21   opposite conclusion?  And if so, under what doctrine of

22   preclusion?

23        MR. TSUKERMAN:  So, we think the issue is, you have

24   another federal court that's considered the complaint, reviewed

25   and analyzed the claims, and ruled that it doesn't implicate the

1  sale order.  And the question is what deference to afford that

2  conclusion and that decision.  And we think under principles of

3  law of the case and under the policy behind Section 1452(a), the

4  bankruptcy removal statute, you shouldn't reconsider that issue

5  and essentially vacate that order, which is FCA is asking you to

6  do.  The law of the case, it's a much broader doctrine.

7         THE COURT:  It's a discretionary doctrine.

8         MR. TSUKERMAN:  It's a discretionary doctrine.  It's

9  not as rigid as FCA makes it out to be.

10         THE COURT:  And I'm told it only applies in the same

11  court.

12         MR. TSUKERMAN:  We disagree, Your Honor.

13         THE COURT:  Okay.  I'm not talking about collateral

14  estoppel.  What case says that if court-A decides an issue,

15  court-B in a different court, under principles of law of the

16  case, should follow that result?

17         MR. TSUKERMAN:  There have been cases where courts

18  have applied law of case to coordinate federal courts on issues

19  of jurisdiction.  And I would cite, for example, the Supreme

20  Court's decision, 486 U.S. 800.

21         THE COURT:  I'm sorry, what's the name of that case?

22         MR. TSUKERMAN:  It's *Christianson v. Colt Industries*

23  *Operating Corp.*, 486 U.S. 800 (1988).  And there were also

24  similar issues discussed in a Second Circuit decision in *PCH*

25  *Associates Liona Corporation Inc*, 949 F.2d 585.  In that case,

1  the Second Circuit noted that different law suits by the same

2  parties could be precluded under law of the case.

3         THE COURT:  Okay.

4         MR. TSUKERMAN:  The point is, once parties litigate

5  and battle out an issue, and it's been ruled on, they shouldn't

6  have to relitigate it, which is exactly what FCA is trying to do

7  here.  And also, under Section 1452(b), the bankruptcy removal

8  statute, which the remand order was issued under, those orders

9  are nonreviewable on appeal.  They're meant to be final.

10        THE COURT:  Well, that's the remand order though.

11        MR. TSUKERMAN:  But that's the order that was entered

12 on --

13        THE COURT:  But I'm no reviewing the decision to

14 remand.  I know that Chrysler says it was a mistake whatever the

15 Alabama judge did, Judge Proctor, but I'm not going to review

16 his decision.  The question is whether I can consider what is

17 essentially an issue he considered.

18        MR. TSUKERMAN:  That's right.  But the issue he

19 decided, he concluded that the case should be remanded because

20 the court lacked jurisdiction over Graham's claims.  One other

21 point.  I did note that the issue wasn't briefed.

22        THE COURT:  Well -- okay, go ahead.  I don't know if

23 you can separate the jurisdictional question from the question

24 I'm asking.  Obviously, if he had ruled, I would have

25 jurisdiction to interpret whether or not Overton's claim or

In re Old Carco LLC - 6/7/18                              12

1    Graham's claim was barred by the sale order.  Would you agree

2    with that?

3            MR. TSUKERMAN:  If he had not ruled, Your Honor, you

4    exercised your jurisdiction as the bankruptcy gatekeeper with

5    Dearden complaints, other complaints, and presumably, you would

6    be able to --

7            THE COURT:  So, I would have jurisdiction.  So, you're

8    saying that his decision stripped me of subject-matter

9    jurisdiction?

10           MR. TSUKERMAN:  I'm saying it's a question of

11   discretion.

12           THE COURT:  Okay.  Fair enough.  Look, let me save

13   some time on this one.  I'm going to grant the motion to reopen.

14   Without ruling on whether or not I should or must defer to the

15   decision of Judge Proctor, I think that's part of the merits of

16   the underlying motion.  So, by reopening the case, I'm not

17   saying, gee, I'm just going to ignore what Judge Proctor did,

18   and consider the same issue.  I may in the end, but I think it

19   goes to the merits about whether or not it's appropriate for me

20   to consider it.  But I have to reopen the case in order to

21   consider that issue to consider the punitive damage issue, which

22   is really the main issue in this case.  So, I'll grant the

23   motion to reopen.

24           MR. TSUKERMAN:  And, Your Honor, just to be clear,

25   would that apply to Overton's claims as well?  Because that's

1    kind of a separate issue, and I think the Overton also has an

2    abstention component that we made in our opposition, --

3              THE COURT:  Well, I'm not --

4              MR. TSUKERMAN:  -- which has different --

5              THE COURT:  I know that argument.  I'm not sure that I

6    would abstain on an issue of bankruptcy law.

7              MR. TSUKERMAN:  We don't there is really an issue of

8    bankruptcy law.

9              THE COURT:  Well, I disagree with you on that.  So,

10   I'll grant the motion to reopen.  And let me hear the merits.

11   You can submit a separate order on that.

12             MR. GLUECKSTEIN:  We will, Your Honor.

13             THE COURT:  And I'll also hear the motion to strike

14   the affidavit.  You want to do that first since that's a

15   discrete issue.

16             MR. GLUECKSTEIN:  Happy to do that first, Your Honor.

17   It is a discrete issue, obviously, related to the motion.  We've

18   briefed the motion to strike.  I'm not going to repeat what's in

19   the motion.  But really, there's two points we think, Your

20   Honor.  The first really does go to the merits of the underlying

21   motion, which goes to the relevance.  And there's a fundamental

22   disagreement about whether the question here is, a question of

23   bankruptcy law, or there's a question of interpretation

24   required.

25             THE COURT:  I agree with you, I wouldn't take an

In re Old Carco LLC - 6/7/18                    14

1   expert opinion on the law.  That's what we're supposed to do

2   when you decide state law questions all the time.  But why not

3   just accept it as legal argument?  I checked.  They're under the

4   briefing limit for pages.  Why not just treat it as a brief?

5   You dealt with it; they dealt with it in their opposition; and

6   you dealt with it in your reply.

7          MR. GLUECKSTEIN:  Your Honor, I think --

8          THE COURT:  And to the extent that Judge Horowitz says

9   stuff, but there's no backup to it, or he gives his opinion, I

10  would treat that the same as any lawyer putting it in a brief.

11         MR. GLUECKSTEIN:  Certainly, I think, Your Honor, if

12  that's the Court's point of view, and makes that clear on the

13  record, we don't have objection.  The problem we have with the

14  affidavit is it's cited to in their reply brief.  They are

15  offering him as an expert as admissible evidence under Federal

16  Rules of Evidence, Rule 702.  And then they rely on the

17  affidavit as authority and citations in their briefing.

18         THE COURT:  I understand.

19         MR. GLUECKSTEIN:  So, that's the issue.  If Your Honor

20  wants to just take it as part of the briefing record, and

21  nothing more, certainly the Court has discretion to do.

22         THE COURT:  Mr. Tsukerman?  I'm sorry.

23         MS. MONPLAISIR:  Your Honor, I will be addressing the

24  motion to strike.  Your Honor, this Court certainly has

25  discretion to consider any source it deems helpful in reaching

In re Old Carco LLC - 6/7/18                    15

1    its opinion.

2            THE COURT:  But you're offering -- and I can consider

3    it.  And I would consider it as legal argument, essentially, as

4    I said.  But I wouldn't normally take an expert affidavit on

5    U.S. law or states law.

6            MS. MONPLAISIR:  Well, Your Honor, we believe the

7    Second Circuit allows this type of affidavit in evidence.  It's

8    helpful to the judge.  Well, first of all, Judge Horowitz is

9    well qualified, and they really having addressed that.

10           THE COURT:  I don't mean to impugn or question Judge

11   Horowitz's qualifications.  My question is, you know, he told me

12   that's what the law is.  And I have lawyers here telling me

13   laws.  Why should I treat it anything more than legal argument

14   on what Alabama law is?  This is what he thinks the law is,

15   right?

16           MS. MONPLAISIR:  Well, Your Honor, his affidavit does

17   not cross the line into inadmissible legal conclusions like the

18   cases that have been cited.

19           THE COURT:  What does it add to the case?

20           MS. MONPLAISIR:  He tells this Court how punitive

21   damages, how wrongful death punitive damages are treated

22   differently in practice in the state.  And you can't gather that

23   just from looking at the statute.  You can't gather that just

24   from looking at case law.  So, that's why we wanted to submit to

25   the Court a practitioner's and a jurist's opinion on how they're

In re Old Carco LLC - 6/7/18                          16

1  actually treated differently.

2          THE COURT:  Where is his experience described in

3  trying punitive damage cases in his affidavit?

4          MS. MONPLAISIR:  Your Honor, in his affidavit, he does

5  not expressly --

6          THE COURT:  Well, then how can I conclude that he's an

7  expert in the trial of punitive damage cases if you're not

8  telling me he ever tried a punitive damage case?

9          MS. MONPLAISIR:  Your Honor, in our opposition to

10 FCA's motion to strike, we list the number of cases that Judge

11 Horowitz has presided over while he was on the Alabama Supreme

12 Court, all involving the wrongful death statute or wrongful

13 death damages.  He is also on the pattern jury instructions that

14 instruct juries on what these damages mean, and how they're

15 applied in practice.  So, under Rule 702, he has extensive

16 experience and knowledge on how they're treated differently.

17         THE COURT:  Look, I will accept his affidavit or

18 declaration, essentially, as legal argument.  As I said, you're

19 under the page limit and you've addressed it in your opposition,

20 and you've addressed it in your reply.  I'll treat it like a

21 lawyer's argument.

22         MS. MONPLAISIR:  Thank you, Your Honor.

23         MR. TSUKERMAN:  That's really fine, Your Honor.  Our

24 issue, as I said, was the evidentiary part.

25         THE COURT:  Yes, I'm not going to accept it as an

In re Old Carco LLC - 6/7/18                              17

1  expert witness.  Okay.  You can submit an order on that one

2  also.

3           MR. GLUECKSTEIN:  Okay.  Yes, Your Honor.  So, with

4  that, Your Honor, that brings us to the two merits, the motion

5  to enforce the sale order.  And there are two components.  The

6  primary component is with respect to Plaintiff's Overton's

7  wrongful death claims, and the punitive damages claim that's

8  asserted under Alabama Law.  And, Your Honor, we submit that

9  there are two pieces of relevant information to the question

10 that's presented by these claims.

11          First, would the MTA preclude punitive damages?  And

12 second, are wrongful death damages that are being sought under

13 the cause of action in the complaint punitive?  And we submit,

14 Your Honor, the answer to both is plainly yes.  As such, FCA

15 submits, the Court can readily determine, this Court can readily

16 determine that Plaintiff's wrongful death claims are barred by

17 the sale order.

18          As to the first issue, the sale order and MTA provide

19 that Section 2.08 is the sole source of FCA's assumption of Old

20 Chrysler liabilities.  That's an issue that's been discussed

21 with Your Honor in many contexts over the years.  By Amendment

22 4, which voluntarily amended the MTA five months after closing,

23 FCA assumed certain additional product liability claims with

24 respect to post-closing accidents involving Old Chrysler

25 vehicles.  Consistent with FCA only agreeing to assume

1   liabilities for defects in the vehicle itself, the assumption of

2   liability was qualified with the requirement that a complaint

3   "not include a claim for exemplary or punitive damages."

4          That language is clear and unambiguous.  Plaintiffs,

5   in their opposition, suggest the fact that the fact that

6   punitive damages is undefined in the MTA, somehow creates an

7   ambiguity.  And we submit, Your Honor, that's not the law.

8          THE COURT:  Is there any evidence, extrinsic evidence,

9   that you're aware of, that would assist me in the interpretation

10  of that phrase, assuming it is ambiguous?

11         MR. GLUECKSTEIN:  I expected you were going to ask

12  that question, Your Honor.

13         THE COURT:  It's always the question I ask.

14         MR. GLUECKSTEIN:  I don't believe there is.

15         THE COURT:  Okay.

16         MR. GLUECKSTEIN:  I think this is a question, of

17  punitive damages, means punitive damages.  And there's a

18  discussion in the briefing that perhaps we're suggesting

19  something otherwise, and we address that in our reply briefing.

20  I think we agree that there is in fact a concept of punitive

21  damages that's well understood in the profession and to the

22  Court, and that the hallmark of punitive damages, if you look at

23  how punitive damages are defined in virtually any context, is

24  that they are intended to punish actor.  And the existence of

25  condition 'D' in 2.08(h), reveals that the MTA intends to bar

In re Old Carco LLC - 6/7/18                                    19

1    all punitive damages.  There's no suggestion that there's a

2    qualification to particular types of punitive damages or

3    anything else.  It simply states punitive damages.  And in fact,

4    this Court has reinforced that fact in the distinction between

5    compensatory and punitive damages in other contexts and issues

6    that have arisen under the sale order.  And so, we thank Your

7    Honor and submit that Section 2.08(h), as amended is clear.

8    Punitive damages are barred.  If the Plaintiff asserts a claim

9    that contains punitive damages, that claim cannot proceed.

10            The second part of the analysis, we submit, is the

11   nature of the nature of the damages that are being asserted in

12   the complaint.  And that question, which has been the subject of

13   many pages of briefing now before Your Honor, we submit has been

14   answered definitively with a resounding yes.  The Alabama

15   Supreme Court has been presenting virtually every permutation of

16   why damages under the wrongful death statute are not punitive.

17   And the case law reveals that it has rejected them.  This is

18   outlined in the briefing.  As we detail in our papers, dating

19   back 150 years, all the way up to the present, the Alabama

20   Supreme Court has time and again that wrongful death damages are

21   not compensation; that they are intended to impose civil

22   punishment; that they are punitive; that they are the only

23   damages that are available under Alabama Law.  And in the Tillis

24   Trucking Company case that's cited in our briefing, the Alabama

25   Supreme Court actually states that it's understood the

1  legislative intent to be that the jury is "to award punitive or

2  exemplary damages."  That's the same phrase that exists in

3  Section 2.08(h) of the MTA.  And so certainly, this Court can

4  review that controlling precedent and determine for itself

5  whether our reading is correct.  If so, the wrongful death

6  claims are barred by the MTA.

7          And, Your Honor, this issue is --

8          THE COURT:  Well, one of the arguments they make, I

9  guess, is that the types of damages that are recoverable in

10  Alabama are not the traditional punitive damages.  In other

11  words, you don't have to show willful and wanton, or socially

12  reprehensive conduct and motives in order to get them.  What's

13  your response to that?

14          MR. GLUECKSTEIN:  Well, two responses, Your Honor.

15  First, I think, aside from Mr. Horowitz' argument in the

16  briefing that's relied on, if we actually look at the cases that

17  are cited in our briefing, I think this issue has been

18  addressed.  Time and again, the Alabama Supreme Court has said,

19  these damages are interpreted to be punitive.  We're not going

20  to twist this to be compensatory; they're punitive.  There's no

21  suggestion that punitive means something different in this

22  context.  And much of the focus of their briefing is on this

23  question of the standard and the question that perhaps because

24  there's availability or potential availability for wrongful

25  death damages in Alabama on a negligence standard, that that

In re Old Carco LLC - 6/7/18                          21

1   somehow differentiates this.

2            THE COURT:  Well, that makes it worse, not better.

3            MR. GLUECKSTEIN:  We submit, Your Honor, that that

4   certainly makes it worse.  And it's a false distinction with

5   respect to willfulness and the like.  First of all, there is a

6   count for wantonness in the complaint.  And so, the suggestion

7   that the Plaintiff is not pursuing that sort of wrongful conduct

8   type theory is not correct under the complaint.

9            THE COURT:  Could the Plaintiff solve all of this by

10  crafting a jury charge that essentially looks like a

11  compensatory jury charge saying, you shouldn't consider

12  willfulness of the conduct or malice of the conduct, or anything

13  like that?  And compensate based on pain sand suffering, loss

14  wages, the whole thing.

15           MR. GLUECKSTEIN:  I think the case law is clear.  And

16  this is talked about in the King case that we cite in the

17  Alabama Supreme Court, where they're not going to twist this to

18  mean compensatory when it means punitive.  And so, the theory

19  that's been expounded numerous times in these decisions goes to

20  the need to treat this punitively.

21           THE COURT:  Have you seen, or are you aware of any

22  cases under Section 726(a)(4) that have subordinated wrongful

23  death punitive damage awards issued in Alabama?  I looked, I

24  didn't see anything, but I was curious about that.

25           MR. GLUECKSTEIN:  I have not, Your Honor.

1          THE COURT:  Okay.

2          MR. GLUECKSTEIN:  But admittedly, I haven't done a

3    deep dive on that, but I have not.  But I think the question

4    that you're suggesting is, is there a way around this either by

5    pleading, jury charge, etcetera, and we think that the Alabama

6    Supreme Court is clear on this.  It doesn't take former Justice

7    Horowitz's advocacy as to intent behind this.  Because what Your

8    Honor is to do is look at the case law as controlling case law,

9    we submit, and is going to interpreter this.  And we think that

10   that is an important fact.

11         The Plaintiffs have suggested, and I'm sure we're

12   going to hear that there is somehow some undecided or question

13   of Alabama Law to be presented by this court, and we just

14   respectfully disagree.  The motion does not ask, nor does it

15   require this Court to make a determination whether wrongful

16   death damages are punitive under Alabama Law.  We think that the

17   case law is clear on that.  And if Your Honor agrees with us, we

18   think this issue is very straightforward, given the language

19   that exists in 2.08(h) of the MTA.

20         One other point on the negligence point, Your Honor,

21   and you alluded to it, we do think the fact that wrongful death

22   damages can be asserted in Alabama potentially on a negligence

23   standard, we think runs afoul of other issues in the MTA.  It

24   goes to the fundamental point that punitive damages, going back

25   to this conduct argument of whether punitive damages are

1   intended to have FCA defend Old Chrysler conduct.  Defending a

2   negligence theory for punitive damages has us back in that

3   world.  And I think as Your Honor suggested, we submit, makes

4   the situation worse.  Because now we're not facing compensatory

5   damages, we're facing uncapped, unbounded punitive damages under

6   Alabama law under potentially a negligence fate.  And so, we

7   would submit, Your Honor, that with respect to this question of

8   whether or not the damages are in fact punitive, that there's

9   clear controlling case law that Your Honor can review and apply

10  to the clear language of 2.08(h).

11          Plaintiffs also suggest in their briefing that somehow

12  such an application would somehow violate a public policy,

13  either in Alabama or elsewhere.  We address this in the

14  briefing.  We disagree.  They have not cited anything that

15  actually stands for the sweeping proposition that they claim.

16  And the reality is that FCA disclaimed punitive damages.  The

17  fact that the Alabama state legislature has chosen not to

18  provide compensatory damages to be available on a wrongful death

19  claim, we submit, does not give cause for this Court to fit the

20  claim that is otherwise available under state law into this sale

21  order.

22          The language is clear.  That's not a new issue.  We

23  cite some cases to that effect in our reply papers.  This issue

24  came up with respect to Section 1983 cases once the nature of

25  those claims were determined.  And so, there's nothing here that

In re Old Carco LLC - 6/7/18                           24

1    suggests that FCA coming to this Court and asking the plain

2    language of the sale order to be enforced if the result is that

3    under Alabama Law they can't maintain a wrongful death action

4    violates any type of public policy.

5            THE COURT:  Can I ask you about the Graham claim and

6    this failure to warn claim?

7            MR. GLUECKSTEIN:  Yes.  I was going to go right there,

8    Your Honor.  Yes.

9            THE COURT:  I've said, Judge Glenn has said, and Judge

10   Furman recently affirmed what Judge Glenn said.  You know you're

11   a gatekeeper.  If it relies on post-sale conduct, you just send

12   it out, and if you think it fails to state a claim, that's for

13   the trial court to decide.

14           MR. GLUECKSTEIN:  So, Your Honor, on the Graham claim

15   and I understand state of the law, both with this Court --

16           THE COURT:  And I'm going to assume, for the purposes

17   of my question, that from point of view, the allegations of

18   imputation that underlie the failure to warn claim are wholly

19   insufficient.  But isn't it still the determination that should

20   be made by the state court in Alabama?

21           MR. GLUECKSTEIN:  Your Honor?

22           THE COURT:  You make a motion to dismiss.  That's the

23   way you deal with it.

24           MR. GLUECKSTEIN:  Your Honor, we submit no.  And we

25   understand the Court's reasoning both in Dearden and Judge

In re Old Carco LLC - 6/7/18                           25

1    Glenn's opinions.  And I actually think that Judge Glenn's

2    opinion, which was reaffirmed in his most recent opinion last

3    most in one of the GM cases, --

4             THE COURT:  Well, Judge Furman affirmed a lot of his

5    decisions, and vacated certain of them.

6             MR. GLUECKSTEIN:  But the concept, Your Honor, there's

7    still this gatekeeper function.

8             THE COURT:  Right.

9             THE COURT:  We would submit, it certainly can't be

10   that a Plaintiff can just allege post-sale conduct, and say it's

11   post-sale conduct, and therefore, absolve itself of any review

12   by this Court.

13            THE COURT:  But then can't you just argue that the

14   allegation is insufficient?  After all, if it's sufficient, and

15   they can prove, for example, that under Alabama Law, there's a

16   duty to warn if you know of a danger, let's say.  And you knew,

17   which I guess is kind of what they're alleging.  Why should the

18   sale order exonerate you for that?

19            MR. GLUECKSTEIN:  It wouldn't if that claim is

20   actually pled.  And I understand that the Court is not going to

21   decide the motion to dismiss.  We would submit, under this body

22   of case law, there's still a threshold question that has to be

23   answered, which is their complaint as actually drafted, could it

24   plausibly state any claim, putting aside the state of the law.

25   Or is it just simply saying, post-sale conduct?  And I think

                        In re Old Carco LLC - 6/7/18                    26

1   Judge Glenn addresses this.  He talks about it in the decisions.

2           For example, Your Honor, in the most recent decision

3   that came out last month that I only have a Westlaw cite to,

4   2018 WL 2085616.  It was a May --

5           THE COURT:  What's the Westlaw cite?  I have the 2018.

6           MR. GLUECKSTEIN:  2085616.  Judge Glenn, referring to

7   some of his earlier decisions, again reaffirmed that only truly

8   independent claims, based solely on post-sale conduct, can pass

9   through the gate as independent claims.  And so, what we would

10  submit, Your Honor, is there still a role for this Court to look

11  at the complaint and determine whether the complaint, as pled

12  actually says this is a claim against FCA?  That that minimum

13  step has to be taken.  That it can't be jumbled together.  It

14  can't be based on allegations against all Defendants that

15  include Old Chrysler --

16          THE COURT:  Well --

17          MR. GLUECKSTEIN:  -- and FCA, which is what's

18  suggested.

19          THE COURT:  I understand the complaint to say that FCA

20  absorbed Old Chrysler and through some imputation had knowledge,

21  and failed to warn, etcetera.  Failed to recall; failed to warn.

22  This isn't the kind of case, like I think it was Dearden where

23  the old entity and the new entity were merged together, and it

24  was difficult to determine which was the wrongdoer in the

25  allegations.

1          MR. GLUECKSTEIN:  Agreed to the extent, Your Honor,

2    that in the prayer for relief here, there is a specific mention

3    of claims against FCA.  But certainly, in the allegations, the

4    substantive allegations of the complaint, they talk about

5    Chrysler jointly as defined.  They also talk about all products

6    liability defendants, which are Old Chrysler, FCA and the other

7    defendants in the case.  And so, we would certainly submit, Your

8    Honor, we don't think, if the complaint is looked at on a whole,

9    that this actually does what Judge Glenn and now Judge Furman

10   have said need to happen, which is set forth a claim solely

11   against FCA.  If Your Honor determines that that is in fact the

12   case, we agree that the case law in this circuit is now clear

13   that the merits of an underlying motion to dismiss are going to

14   be decided back in Alabama.

15          But the concern, Your Honor, is that this creeps in a

16   direction where we can simply say, we have a claim against FCA

17   based on post-sale conduct, and nothing else that's specific to

18   FCA, and that that's enough to get through the bankruptcy case.

19          THE COURT:  I'm looking at Paragraph 56 of the

20   complaint, skipping the first sentence.  "The defective

21   condition of the subject vehicle was known by Chrysler and/or

22   former Chrysler companies absorbed by FCA, and that knowledge

23   transferred to FCA.  And despite FCA's knowledge, it failed to

24   warn, recall," etcetera.  So, at least that allegation is

25   telling you what the theory is.  The allegation may be

In re Old Carco LLC - 6/7/18                    28

1   insufficient because there's nothing in the complaint that says

2   that New Chrysler has any documents.

3          MR. GLUECKSTEIN:  Correct.

4          THE COURT:  There's nothing in the complaint that says

5   that employees from Old Chrysler went to New Chrysler, and their

6   knowledge would be imputed to New Chrysler.  I understand that.

7   That's really an argument that the allegations are insufficient,

8   not that they don't implication post-sale conduct.  And you

9   know, this comes up a lot in these cases.  And I understand the

10  problems you're having with the failure to warn claims.  But if

11  they're true failure to warn claims that arose post sale, it

12  seems to me that they get past the gate.

13         MR. GLUECKSTEIN:  I understand the Court's comments

14  there.  I think part of the issue though is, and it's a

15  question, obviously, for the Court that we're presenting here in

16  this motion, is the allegation that you just read in Paragraph

17  56, sufficient to state a claim against FCA if you get through

18  the bankruptcy gate?  Because if you look at the other

19  substantive allegations, all the Court needs to do is look at

20  the preceding sentence in Paragraph 56, where it says the

21  defective condition was known by the product liability

22  defendants, which includes everybody, including Old Chrysler and

23  FCA.

24         THE COURT:  By the way, there's the same allegation in

25  Paragraph 47.  But there is an allegation in there.  You know

1   what their theory of the case is.  I agree with you there aren't

2   really any facts in here that support the allegation because New

3   Chrysler didn't absorb Old Chrysler.

4          MR. GLUECKSTEIN:  Correct.  And, of course, we think

5   that's fundamental point that is alleged.  It's understood that

6   there's case law that suggests, they need to show facts.  We

7   believe it's very clear, they'll need to show individualized

8   facts that individual employees --

9          THE COURT:  I don't know what the pleading rules are

10  in Alabama, so I can't say.

11         MR. GLUECKSTEIN:  But regardless, we think there is a

12  question again for this Court as to whether or not this, as

13  alleged, is really just a backdoor successor liability claim.

14  There's language in here about absorbing companies and people

15  that we believe is inconsistent with the sale order.  And then

16  you've got this question of whether these singular allegations

17  are enough to pass through the gage to allow this to proceed to

18  the motion to dismiss stage.  We would submit that this

19  complaint does not, but we understand the issue with respect to

20  where that line is drawn.  We suggest that there is no role for

21  the Court on these particular claims.

22         THE COURT:  Thank you.

23         MR. GLUECKSTEIN:  Thanks, Your Honor.

24         MR. MILLER:  Good morning, Your Honor, Parker Miller

25  for Overton and Graham.  I'm going to cover the Graham related

In re Old Carco LLC - 6/7/18                    30

1   allegations first, and then we can turn our attention back to

2   punitive damages if that's okay with Your Honor?

3          THE COURT:  That's fine.

4          MR. MILLER:  Your Honor, you know, obviously, I had an

5   outline I wanted to cover, but it's probably best to just tick

6   off from his arguments and go from there.  Your Honor, I would

7   respectfully submit, even if you look in Paragraph 47, the

8   complaint actually says, not just that knowledge was transferred

9   or absorbed by FCA from Old Chrysler, but it also says in a

10  preceding paragraph that it was known to the Defendants.  That

11  the defects that are alleged by the Plaintiffs were known to the

12  Defendants.  So, there is a separate allegation that they

13  possessed knowledge as to the defects that we alleged.

14         THE COURT:  You know one of the problems I have with

15  your duty to warn claim is the complaint alleges that the

16  proximate cause of the injuries, the Graham injuries, was the

17  defective condition of the vehicle.  If that's true, how can the

18  proximate cause of the injury be the failure to warn?

19         MR. MILLER:  Your Honor, I think that raises a really

20  good point.  And you actually made a statement just a second ago

21  when Mr. Glueckstein was talking.  You said, well, I don't know

22  what the Alabama pleading standards were.  And so, what I'd like

23  to do is enlighten the Court on what those standards are to kind

24  of give you an idea of why we pled the way we did.

25         Importantly, Your Honor, Alabama is a notice pleading

In re Old Carco LLC - 6/7/18                    31

1    state.  And what that means is that the plaintiff need only make

2    generalized statements to put the defendants on notice as to

3    what the claims are against it.  Importantly, and this is from a

4    fairly recent decision from the Alabama Court of Civil Appeals.

5    Cert. was denied, so it is the law in Alabama.  It's *McKelvin v.*

6    *Smith*, 85 So. 3d 386.  And what the court does is it walks

7    through basically the pleading standard in Alabama at the time.

8    It says, number one, "pleading technicalities are now largely

9    avoided".  And the reason why they're avoided is because aside

10   from placing the defendants on notice as to what the claims are

11   against it, discovery fills in the factual allegations.

12          THE COURT:  I understand that, but I assume proximate

13   cause is an element of a tort claim in Alabama?

14          MR. MILLER:  Yes, Your Honor.  That's correct.

15          THE COURT:  And what I'm saying is, if your complaint

16   alleges that the proximate cause is the defective condition, how

17   can the proximate cause be the failure to warn?  Which would be

18   the only basis to circumvent the sale order.

19          MR. MILLER:  Well, and that also gets to the other

20   interesting aspect of Alabama's pleading laws, which is,

21   plaintiffs can plead in the alternative.  So, if a plaintiff

22   pleads that the defective e condition was the proximate cause of

23   the injuries, they can also plead the inconsistent statement

24   that the cause of the injuries was actually the failure to warn.

25   In fact, --

In re Old Carco LLC - 6/7/18                    32

1          THE COURT:  Do you plead that there?

2          MR. MILLER:  Yes, Your Honor, I believe we pled, and

3   Paragraph 47 is an example under negligence, that --

4          THE COURT:  And you say is a proximate result in 48.

5   Okay.

6          MR. MILLER:  That's correct.  And Your Honor I think

7   it's important to note, we've been talking about Graham a lot,

8   but the complaint does not differentiate between Graham and

9   Overton.  In fact, it is very possible that the facts will show

10  that it's the post-sale wrongful conduct of FCA that was the

11  cause of Overton's death.  And obviously, if that's the case, as

12  the case precedent shows, it --

13         THE COURT:  They're a little situation because Graham

14  can certainly sue for compensatory damages.  Nobody is disputing

15  that, whether it's pre-sale or post-sale conduct,  This just

16  relates to his failure to warn claim and the punitive damages

17  claim.

18         MR. MILLER:  Yes, Your Honor.

19         THE COURT:  You know I had these gentlemen in another

20  case, and the failure to warn doesn't really add anything to the

21  underlying case because of the sale order.  You know obviously

22  the injuries, on your theory, were caused by the defective

23  condition of the car.  If it wasn't defective, there'd be no

24  failure to warn.

25         MR. MILLER:  Well, obviously, if it's not defective,

1   then they would have no reason to warn.  But it's important to

2   note that a failure to warn gives rise to an independent duty on

3   behalf of FCA.

4          THE COURT:  Yeah, I understand.  And there's always

5   the question of, is there a failure to warn state law claim, and

6   what are the elements of that claim.  But that's not something

7   that we deal with.

8          MR. MILLER:  And that's a good point.  I mean these

9   are merits, determinations made by the trial court as you've

10  noted.  It's important to note too that in Alabama, you can

11  actually have concurring causes.  So, it is possible that there

12  can be more than one proximate cause to an injury.  And again --

13         THE COURT:  How would you decide which is post-sale,

14  which is pre-sale, and how would you rack up punitive damages?

15         MR. MILLER:  Well, I think in that situation,

16  normally, after the facts have been discovered, and obviously,

17  FCA would file its motions to dismiss, and knock out certain

18  parts of the Plaintiff's complaint.  That's certainly a

19  possibility.  And you even mentioned your instructions to the

20  extent necessary.  So, there are a number of ways that that can

21  be carved up.  But you know it kind of gets to a difficulty that

22  Your Honor faces in this situation.  Here we are, a complaint

23  has just been filed.  FCA immediately moves it to federal court.

24  Federal court abstains; sends it back to state court.  Then we

25  go to the bankruptcy court.  No discovery has even taken place.

In re Old Carco LLC - 6/7/18                    34

1   And we believe that under Alabama's pleading standards, we have

2   pled this complaint correctly.  But obviously, as we go forward,

3   and as we learn more in discovery, then it's a good possibility

4   that those allegations could change, as they do in any other

5   case in litigation.

6             THE COURT:  Okay.  Thank you.

7             MS. MONPLAISIR:  Your Honor, I want to address your

8   questions as far as Alabama's wrongful death damages.  And first

9   I want to reframe the issues for the Court.  Because any time

10  the Court is asked to enforce a sale order, it's really making a

11  determination on contract interpretation.  So, there are three

12  issues for the Court to decide to interpret this contract.

13            Number one is, are the terms exemplary?  Are punitive

14  damages ambiguous?

15            THE COURT:  If they are, are you aware of any

16  extrinsic evidence that I could review in order to interpret

17  that supposedly ambiguous phrase?

18            MS. MONPLAISIR:  Yes, Your Honor.  In fact, FCA and

19  the Plaintiffs both cited to Black's Law Dictionary.

20            THE COURT:  Okay.  But that's not extrinsic.  I didn't

21  mean that.  I mean is there any testimony regarding what the

22  contracting parties intended when they negotiated this term?

23            MS. MONPLAISIR:  Do you mind if I stop and get the

24  hearing transcript quickly?

25            THE COURT:  Sure.

1          (Pause.)

2          MS. MONPLAISIR:  Your Honor, the only extrinsic

3    evidence we have from this Amendment Number 4 is from the

4    hearing on it.  And the evidence that we have is, this amendment

5    was intended to be an expansion of liabilities.

6          THE COURT:  Well, certainly.

7          MS. MONPLAISIR:  There was no discussion of "we intend

8    to exclude Alabama wrongful death damages and call them

9    punitive."  There was no discussion of that.  The parties did

10   not really discuss what punitive meant.  But the whole purpose

11   of the amendment in the first place was to increase liability on

12   FCA.  Under FCA's interpretation, which would bar all wrongful

13   death claims in the State of Alabama, that would not only

14   restrict those liabilities, it would completely abrogate them.

15         THE COURT:  Well, let me ask you a question.  Could

16   you, under the Alabama statute, prove that FCA acted willfully

17   and wantonly and recover $100 million in punitive damages?

18         MS. MONPLAISIR:  No, Your Honor.

19         THE COURT:  Why not?

20         MS. MONPLAISIR:  Under the statute, wrongful death is

21   based on negligence.  There is no mention of wantonness or

22   willfulness or anything.  The statute just says it's based on an

23   omission or wrongful act negligence.

24         THE COURT:  And you're saying that the

25   reprehensibility of the conduct leading to the injury has no

1  effect on the damage award?

2          MS. MONPLAISIR:  If we get a verdict against FCA, the

3  Court reviews every wrongful death verdict for reasonableness.

4  And in part of that, they look at the reprehensibility of the

5  conduct.

6          THE COURT:  Okay.  So, my point is that FCA could be

7  liable for traditional punitive damages, or what we consider

8  traditional punitive damages under Black's Law Dictionary and

9  what every first-year law student learns in torts.  So how do

10  you prevent that?

11          MS. MONPLAISIR:  Well, Your Honor, we submit these are

12  not traditional punitive damages.  Number one, Black's Law

13  Dictionary says that punitive damages have to have an existing

14  compensatory damages award.  And the punitives are an

15  enhancement to compensatory damages.

16          THE COURT:  Right.

17          MS. MONPLAISIR:  Here, we don't have compensatory

18  damages.  These are the only recoveries.

19          THE COURT:  So, why don't they fit the definition of

20  punitive in the sale order?  The exclusion?

21          MS. MONPLAISIR:  Because punitive damages is not

22  explained the sale order.  We don't have a definition.  So, we

23  have to --

24          THE COURT:  Yeah, but you've told me there's no

25  extrinsic evidence.  And I'll look, at Black's Law Dictionary,

1  and I know what Black's Law Dictionary says, because I looked at

2  it before I came here.  You just told me that the state court

3  judge could consider the reprehensibility of the conduct in

4  fixing the award.  And that just sounds like traditional

5  punitive damages.  So, my question is, how do you prevent that?

6  Because if you tell me you can't, then it really sounds like

7  punitive damages.

8       MS. MONPLAISIR:  Well, Your Honor, we could amend our

9  complaint and just plead for negligence.  Then the jury would

10 just be instructed on negligence and would never consider any

11 wanton conduct.

12      THE COURT:  But isn't that worse?  In other words,

13 normally, you wouldn't get punitive damages absent willful and

14 wanton conduct.  Now, you're saying, well, you can get punitive

15 damages, uncapped punitive damages, based on mere negligence.

16 It just sounds like that makes it worse, not better.

17      MS. MONPLAISIR:  Your Honor, I think the fact that

18 they're based on negligence makes it better because it shows

19 that they are a completely different animal.  And, Your Honor, I

20 want to point out that Defendant cites a case called *Tillis*

21 *Trucking*.  And in that case, the Alabama Supreme Court discussed

22 several wrongful death damages verdicts.  And I just want to

23 read what those amounts are. They range from $500,000 to just 4

24 million.  That's it.

25      THE COURT:  When was that case decided?

1          MS. MONPLAISIR:  *Tillis Trucking Company v. Moses*, and

2     the citation is 748 So. 2d 874.

3          THE COURT:  What year was it?

4          MS. MONPLAISIR:  1999.

5          THE COURT:  Okay.

6          MS. MONPLAISIR:  And in fact, in the *Tillis Trucking*

7     case, the jury awarded $7 million, and the Alabama Supreme Court

8     said --

9          THE COURT:  So, you agree to cap your award at some

10    number?  And if so, what is that number?

11         MS. MONPLAISIR:  We will not agree to a cap, but we

12    would agree to just go under negligence, and tell the jury it

13    would just be for negligence, which when the court reviews the

14    damages award, it would look at it and say, this is just for

15    negligence, the reprehensibility is not high, and so they would

16    cut the damages down.

17         THE COURT:  But the criteria for awarding damages has

18    nothing to do with compensation, right?  In other words, it

19    wouldn't look at pain and suffering or try and value pain and

20    suffering, loss wages, loss of consortium and things like that.

21         MS. MONPLAISIR:  Your Honor, that's correct.  Alabama

22    is the only state in the nation that does not allow those types.

23         THE COURT:  So why doesn't Alabama legislation just

24    pass a bill that says if punitive damages are unavailable,

25    parties can recover compensatory damages?

1          MS. MONPLAISIR:  If they would, we would not be in

2     this situation.  The courts have been fighting over this for 150

3     years.  And they've said, these damages are a legal fiction.

4     They're an anomaly.  They're a paradox.  We don't know what to

5     do with them.

6          THE COURT:  It sounds like the New York State

7     legislature.  That's exactly right, they don't know what to do

8     with them because they're not completely punitive, and they're

9     not completely compensatory.

10          THE COURT:  It doesn't sound like they're compensatory

11     at all.

12          MS. MONPLAISIR:  Well, the --

13          THE COURT:  Whether or not they're traditionally

14     punitive is what I understand you to be arguing, but they're

15     certainly not compensatory.

16          MS. MONPLAISIR:  Well, Your Honor, the U.S. Supreme

17     Court and the Alabama Supreme Court have both noted that while

18     they're punitive in nature, they are compensatory in effect.

19     And that does make sense because look at who the wrongful death

20     damages go to.  They go to the spouse and the children.  They do

21     not go to the personal representative or whoever files the case.

22     They go to the people who would have gotten any compensatory

23     damages.

24          THE COURT:  But, you know, that's who gets punitive

25     damages.  These aren't fines or things like that.

1        MS. MONPLAISIR:  They're not fines and they're not

2   penal.

3        THE COURT:  No, but punitive damages go to the

4   Plaintiff.

5        MS. MONPLAISIR:  Well, in this case they don't.  The

6   Plaintiff in this case is --

7        THE COURT:  Who gets the punitive damages?

8        MS. MONPLAISIR:  The Plaintiff does not get punitive

9   damages here.  The Plaintiff is the personal representative --

10        THE COURT:  Right.

11        MS. MONPLAISIR:  -- bringing the case.  So, any

12   wrongful damages award would not go to the Plaintiff, but to the

13   husband or the children.  It's distributed --

14        THE COURT:  Wouldn't it go to the estate?

15        MS. MONPLAISIR:  It would not go to the estate.

16        THE COURT:  All right.

17        MS. MONPLAISIR:  Wrongful death damages do not pass to

18   the estate, they are awarded directly under distribution

19   statute.

20        THE COURT:  Okay.

21        MS. MONPLAISIR:  So, these are the same people that if

22   Alabama allowed compensatory damages would get them.

23        THE COURT:  I understand that, but how does that

24   change the nature of the damages?

25        MS. MONPLAISIR:  Because it removes the nature of the

In re Old Carco LLC - 6/7/18                        41

1   damages from focusing on punishment.  There is compensatory

2   effect here.  It's not just about punishment.  And we have to

3   look at why we do this.  I mean why has Alabama created this

4   crazy law where you can't define the damages?  So, the Alabama

5   legislature has never called these damages punitive.  They've

6   always said such damages as the jury may assess.

7        The courts have said, well, we think, the policy

8   behind this is we won't to value all human life the same.  No

9   matter how rich or poor, we want to make sure that family gets

10  recovery based on the finality of death.  And so over time, the

11  courts have said, well, we think that means they're punitive.

12  But they have a compensatory effect because they go to the

13  family.  So, it's just that they're hybrid.  And that is why,

14  Your Honor, we don't fit within traditional punitive damages.

15  But it's also why applying this exclusion to Alabama is against

16  public policy.  And when other federal and state entities have

17  looked at this issue, and they can't figure out what to call

18  these damages, and they have an exclusion that would apply to

19  punitives, they've said we're not going to treat Alabama's

20  wrongful damages like punitives.  And an example of that would

21  be the IRS.  They do not tax Alabama wrongful death damage award

22  even though they tax all other punitive damages.  And the reason

23  behind that, and I believe FCA cited a case.  This fifth circuit

24  case you guys cited that talks about the reason for the Alabama

25  exception to the IRS code is because there's a compensatory

In re Old Carco LLC - 6/7/18                    42

1   effect to the punitive damages and wrongful death.

2          Another example would be, our Alabama attorney general

3   and Alabama courts that hold insurance companies cannot exclude

4   punitive damages in Alabama.

5          THE COURT:  Well, isn't there also a punitive effect

6   to the damages?  In other words, part of the award is to punish,

7   right?  At least that's is what the Alabama court has said on

8   several occasions.

9          MS. MONPLAISIR:  Yes, Your Honor.

10          THE COURT:  So, how do you separate the compensatory

11   element from the punitive element?

12          MS. MONPLAISIR:  I think you have to look at the whole

13   definition of punishment.  So, in a traditional punitive damage

14   setting, the punishment is intended to punish extreme conduct.

15   But in Alabama, it's just intended to punish --

16          THE COURT:  Less extreme conduct.

17          MS. MONPLAISIR:  -- for finality of death.  And the

18   whole purpose of that is just to make sure the family is

19   compensated regardless of the station of life of the decedent.

20   So, Your Honor, we would ask that the Court deny FCA's motion to

21   enforce; adopt our interpretation of punitive damages.

22          THE COURT:  Now, I want to ask a question.  It may be

23   a question for Mr. Tsukerman.  It's a bankruptcy question.  The

24   same question I asked Mr. Glueckstein.  Are you aware of any

25   cases on how cases treat wrongful death awards in Alabama under

1  726(a)(4)?  Are they subordinated?

2        MR. TSUKERMAN:  Your Honor, similar to Mr.

3  Glueckstein's answer, I haven't dug deep on that issue.  I will

4  say, I haven't discovered any bankruptcy cases that considered

5  the specific issue of Alabama wrongful death damages in a

6  bankruptcy case.  But, Your Honor, I'm not sure that the

7  question of how they would fall within the bankruptcy priority

8  scheme is relevant here since we're in contract interpretation

9  world I guess.

10        THE COURT:  Okay.  But if bankruptcy law treats these

11  damages as punitive damages under 726(a)(4), maybe I should just

12  treat them as traditional punitive damages.  Because I'm not

13  sure that the punitive damages referred to in 726(a)(4) are any

14  different than the punitive damages referred to in the sale

15  order.  That's my point.

16        MR. TSUKERMAN:  Understood.

17        THE COURT:  The amendment to the sale order.

18        MR. TSUKERMAN:  And, Your Honor, if you think it would

19  be helpful, we could look into that.

20        THE COURT:  You know, I'll certainly accept any letter

21  brief you have which identifies cases on that issue.  As I said,

22  I looked quickly before I came in, and I didn't find anything.

23  Mr. Glueckstein, I'll give you the last word.

24        MR. GLUECKSTEIN:  Thank you, Your Honor.  We certainly

25  will look at that issue.  I understand if there is a definitive

1  point it might be informative.  I agree that it would not be

2  dispositive here.  I do think, Your Honor, though, just to

3  respond to a few of the points that were made by counsel.  I

4  think Your Honor hit on these issues.

5          First, with respect to the Graham issue, just one

6  point there.  The suggestion that they're going to take

7  discovery, it might have more to say on FCA's conduct, is

8  exactly the problem here.  If the claim cannot pass through the

9  bankruptcy gate, FCA should not be subject to defending that

10  claim, and discovery on that claim into the conduct of Old

11  Chrysler.

12          THE COURT:  Let me ask you a question in a different

13  way.  If you can't successfully move to dismiss it, and under

14  Alabama Law, they're entitled to discovery, why shouldn't they

15  be entitled to discovery?  Because you're really arguing that

16  the complaint is so legally insufficient, basically, that it

17  shouldn't pass through the gate.  I'm not just not sure how you

18  apply that in a case-by-case situation.  You know, as I've said,

19  the cases, and most recently Judge Furman, seem to say if it

20  relies on post-sale conduct, it goes back to the trial court to

21  determine its legal sufficiency.

22          MR. GLUECKSTEIN:  I do think, Your Honor, there is

23  still a role on this question of the standard solely based on

24  post-sale conduct.  And whether the complaint on its face

25  alleges that's or not.  And if it doesn't, perhaps a different

In re Old Carco LLC - 6/7/18                    45

1   complaint could, but I do think that the particular complaint at

2   issue does need to be looked at by this Court.  So, I'll leave

3   it there on Graham.

4            THE COURT:  Okay.

5            MR. GLUECKSTEIN:  But with respect to Overton, Your

6   Honor, a couple of points.  I think Your Honor hit the nail on

7   the head.  First, the question here is, and I think I heard

8   counsel acknowledge it.  The Alabama Supreme Court have said

9   these damages are punitive.  They're trying to do what the

10  Alabama Supreme Court has rejected many times.  And they're

11  trying to do it here in a different context now.  They're trying

12  to suggest that these really should be treated as compensatory

13  damages under the circumstances because they have some

14  compensatory effect.  And that line of reasoning has been

15  rejected repeatedly by the Alabama Supreme Court, and we cite to

16  those cases in our brief.

17           And second, Your Honor, the concession that I heard

18  is, well, we'll just limit this to a negligence theory.  Which

19  of course it was first suggested that the willful conduct

20  wouldn't be considered, but they asserted a wantonness conduct

21  and asserted a wrongful death claim under that cause of action.

22  So, as the complaint current stands, they are asserting that.

23           I've now heard counsel say, well, we'll eliminate

24  that.  We'll just proceed on a negligence theory.  That in no

25  way fixes the issue.  First, Your Honor, the negligence claim is

1   still going to force FCA to defend Old Chrysler conduct.

2   There's still a finding of fault under a negligence theory,

3   certainly, that would need to be established to prove that cause

4   of action.

5           THE COURT:  Well, it could be the fault of Old

6   Chrysler though.

7           MR. GLUECKSTEIN:  But it could be the fault of Old

8   Chrysler, right.  And that --

9           THE COURT:  If it's the fault of Old Chrysler, then

10  under the sale order, you're not liable for punitive damages I

11  would think.

12          MR. GLUECKSTEIN:  We're not liable for punitive

13  damages is the theory.  So, I don't believe that that solves the

14  issue that's before the Court here, because we're back in a

15  world where there's a punitive damages claim being asserted with

16  respect to conduct of Old Chrysler under that negligence theory.

17          Second, Your Honor, the suggestion that, well, we

18  should just trust the system because perhaps a punitive damages

19  order is going to be entered, and then it's going to be reviewed

20  for reasonableness post-verdict, and we then have to go litigate

21  the unreasonableness of some large jury verdict that

22  unquestionably can be uncapped in the first instance is

23  completely backwards.  The issue here I the one that Your Honor

24  raised.  Why hasn't the Alabama legislature addressed this

25  issue?

In re Old Carco LLC - 6/7/18                47

1          THE COURT:  Okay.  I don't have to concern myself with

2     that issue.

3          MR. GLUECKSTEIN:  Right.

4          THE COURT:  My issue is strictly whether this asserts

5     a claim that's barred by the sale order.

6          MR. GLUECKSTEIN:  Correct, Your Honor.  And so, what

7     we would submit is, what the Plaintiff is trying to do here is

8     they don't like the effect.  The effect is that the estate will

9     not be able to pursue wrongful death damages under Alabama Law.

10    That we submit, Your Honor, is a function of Alabama State Law,

11    and that is not reason for this Court to deviate from the plain

12    language of the sale order.  2.08(h) is clear.  The Alabama

13    Supreme Court is clear that these damages are punitive, and we

14    submit that punitive damages claims are barred.

15         THE COURT:  Thank you.  I'll reserve decision on the

16    enforcement motion.  As I've said, I've granted the motion to

17    reopen.  You didn't mention, but Bennett, but obviously that's a

18    separate matter, but I'll grant the motion to reopen in Bennett.

19         MR. GLUECKSTEIN:  That was addressed previously, Your

20    Honor.  We've already had an order entered on Bennett.

21         THE COURT:  Oh, okay.  Because it was in the papers.

22         MR. GLUECKSTEIN:  Yes.

23         THE COURT:  And as I said, with respect to Judge

24    Horowitz' affidavit or declaration, I'll accept it as legal

25    argument.

In re Old Carco LLC - 6/7/18                          48

1        MR. GLUECKSTEIN:  Thank you, Your Honor.  And we'll

2   submit --

3        THE COURT:  And give it such weight as is appropriate.

4        MR. GLUECKSTEIN:  We'll submit an order on the motion

5   to reopen and the affidavit.

6        THE COURT:  Okay.  Thank you.

7        MR. GLUECKSTEIN:  Thank you, Your Honor.

8        THE COURT:  Thank you very much.  This case is a

9   little different from the other ones.  Have a good trip home.

10                          - o0o -

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

49

1                                  CERTIFICATION

2

3              I, Rochelle V. Grant, certify that the foregoing is a

4     correct transcript from the official electronic sound recording

5     of the proceedings in the above-entitled matter.

6     Dated:   June 11, 2018

7

8     _____

9                                  Signature of Approved Transcriber

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25