UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

*In re:*

OLD CARCO LLC AND SCOTT GRAHAM,

*Debtors.*

Case No. 09-50002-smb
New York, New York
August 11, 2020
10:31 a.m. - 11:06 a.m.

(Hearing via Court Solutions)

09-50002-SMB, OLD CARCO LLC AND SCOTT GRAHAM, CHAPTER 11

FRANKIE OVERTON'S MOTION FOR RELIEF FROM THE COURT'S
"ENFORCEMENT ORDER" TO PERMIT HER TO PURSUE AN
INDEPENDENT CLAIM AGAINST FCA US LLC

BEFORE THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

A P P E A R A N C E S :

*For FCA US LLC:*                  BRIAN D. GLUECKSTEIN, ESQ.
                                   Sullivan & Cromwell, LLP
                                   125 Broad Street
                                   New York, New York 10004-2498
                                   (212) 558-1635; (212) 291-9305 fax
                                   gluecksteinb@sullcrom.com


*For Counsel for*                  MARK TSUKERMAN, ESQ.
  *Frankie Overton:*               Cole Schotz P.C.
                                   1325 Avenue of the Americas, 19th Floor
                                   New York, New York 10019
                                   (212) 752-8000; (212) 752-8393 fax
                                   mtsukerman@coleschotz.com


*Transcriber:*                     AA EXPRESS TRANSCRIPTS
                                   195 Willoughby Avenue, Suite 1514
                                   Brooklyn, New York 11205
                                   (888) 456-9716
                                   aaexpress@court-transcripts.net


*(Proceedings recorded by electronic sound recording)*

Old Carco LLC and Scott Graham - 8/11/20                    2

1      THE COURT:  Old Carco!

2      MR. TSUKERMAN:  Good morning, Your Honor, Mark

3  Tsukerman from Cole Schotz, on behalf of the Plaintiff, Frankie

4  Overton.

5      THE COURT:  Good morning.

6      MR. GLUECKSTEIN:  Good morning, Your Honor.  This is

7  Brian Glueckstein, Sullivan & Cromwell, for FCA US LLC.

8      THE COURT:  Good morning.  Mr. Tsukerman, I guess this

9  is your motion, so you can proceed.

10      MR. TSUKERMAN:  Thank you.  Your Honor, this is

11  Frankie Overton's --

12      THE COURT:  I have to ask you to take yourself off --

13  Mr. Tsukerman, I have to ask you to take yourself off the

14  speakerphone because it's hard to hear.

15      MR. TSUKERMAN:  Oh, I apologize.  One moment.  Let me

16  just put on my headset.

17      THE COURT:  Okay.

18      MR. TSUKERMAN:  Your Honor, can you hear me now?

19      THE COURT:  Yes, now I can hear you.

20      MR. TSUKERMAN:  Great.  Your Honor, this is Frankie

21  Overton's motion for relief from the order that was entered with

22  respect to this Court's decision granting in part and denying in

23  part FCA's motion to enforce the sale order.  Your Honor, the

24  order currently enjoins Overton from filing an amended complaint

25  that would assert an independent failure to warn claim against

Old Carco LLC and Scott Graham - 8/11/20                    3

1   FCA.  Your Honor, we assert that due to what we allege was a

2   clerical mistake or oversight, the language in the order is

3   overbroad and does not comport with this Court's ruling and

4   decision.

5          THE COURT:  How so?

6          MR. TSUKERMAN:  The threshold question in this matter

7   is whether the relief we are seeking constitutes a substantive

8   modification to the order or a clerical one.  And that issue

9   turns on whether the proposed modification seeks to alter the

10  substance of the Court's ruling.  And we submit, Your Honor,

11  that the answer to that question is that it does not.  The

12  modification we are seeking doesn't disturb the Court's ruling

13  and the decision in any way, and, therefore, it's non-

14  substantive.  If you look at the decision --

15         THE COURT:  But I thought I dismissed all -- wait,

16  wait, wait.  I though I dismissed, maybe wrongly, but I thought

17  I dismissed in the decision all of Overton's claims.  And the

18  order accurately reflects that disposition, right?

19         MR. TSUKERMAN:  In the decision, Your Honor, you

20  dismissed all of Overton's claims as alleged in the complaint.

21  In the complaint that was before the Court, there was

22  independent claim alleged.  The question that was before the

23  Court was whether the claims that were alleged, which were

24  product defect claims, and Overton's position was that she could

25  assert those product defect claims, which were assumed by FCA,

Old Carco LLC and Scott Graham - 8/11/20                    4

1   notwithstanding, the punitive damages exclusion because Alabama

2   wrongful death damages do not fall within the threshold of that

3   exclusion.  And Your Honor disagreed, but the issues were

4   contract-based argument.  The question was the scope of the

5   contract or public policy if the contract was enforced.  And so,

6   everything that was before the Court and everything that the

7   Court considered was whether the claims as alleged, which were

8   really assumed liability claims, should proceed.  And this Court

9   said that they could not because they were barred by the sale

10  order.  But the complaint, although --

11          THE COURT:  So, what was the mistake?

12          MR. TSUKERMAN:  The mistake is that when you look at

13  the language of the order that was actually entered, which

14  defines the claims that are barred as all claims under wrongful

15  death damages, there's no qualification to tie it to the

16  pleading that was asserted.  And because of the unique nature of

17  wrongful death damages, and that's the only type of claim that

18  Overton can assert, she now cannot even attempt to amend her

19  complaint to bring an independent claim that falls outside the

20  sale order all together.

21          Your Honor, if you had considered this issue, and

22  frankly, Your Honor, this wasn't in the papers, so we're not

23  surprised that the Court didn't consider it.  But if you had

24  considered whether Overton could assert an independent claim,

25  then as with any other time that the question of an independent

Old Carco LLC and Scott Graham - 8/11/20                    5

1  claim comes before the Court, the Court would have likely ruled

2  either -- well, as the complaint was currently drafted, the

3  Court certainly ruled that it pleaded as an independent claim.

4  But the Court would have likely ruled, as with any other

5  plaintiff, that it was without prejudice for the plaintiff to at

6  least attempt to replead to assert an independent claim.  But

7  that discussion, that colloquy, that argument was never had

8  because that was never before the Court at all.

9          THE COURT:  But if it was never before me, how could I

10 make a mistake not deciding it?  It sounds like you're saying,

11 you didn't make an argument, but I should have recognized that

12 there was an argument and modified my ruling.

13         MR. TSUKERMAN:  No, actually, that's exactly what

14 we're not alleging.  We're alleging that you don't have to

15 modify your ruling.  We're alleging that the decision is

16 correct.  You properly didn't decide it.  But due to our error

17 in transcribing the Court's ruling into the order, and not

18 catching the flaw in the language, now the order effectually

19 acts as a continuing injunction, barring Overton from even

20 attempting to plead a claim that is not barred by the sale

21 order.

22         THE COURT:  Why is that the Court's oversight or

23 mistake?

24         MR. TSUKERMAN:  Your Honor, it's more of Overton's

25 oversight in missing the language and not using the --

Old Carco LLC and Scott Graham - 8/11/20                    6

1      THE COURT:  Let me tell you the problem.  One of the

2   problems I'm having is whether it's a mistake within the meaning

3   of 60(a) or a mistake within the meaning of 60(b)(1).  And

4   that's an important distinction because if it's a 60(b)(1)

5   mistake, the motion is probably time barred, or at least FCA is

6   arguing it's time barred.  I just don't understand how you can

7   say it's a clerical mistake where I decided what was argued.

8   And it sounds to me like you're saying the judgment accurately

9   reflects the memorandum decision.

10      MR. TSUKERMAN:  Your Honor, we're saying there's no

11   mistake in the decision.  There's no substantive error in the

12   decision, but the order, due to an oversight, does not

13   accurately reflect what this Court actually ruled in the

14   decision.

15      THE COURT:  But that post-closing issue, you know, I

16   went back, and I looked at all the papers on the original

17   motion.  It's true that there were some general distinctions

18   between post-closing and preclosing, but it was really all in

19   connection with the Graham claims, where Graham had separately

20   pleaded a post-closing claim, which included punitive damages

21   and a preclosing claim that didn't.  But again, I come back to

22   the issue of how this is a clerical mistake if I've decided what

23   you argued and the judgment accurately reflects what I decided,

24   which is what I'm hearing.

25      MR. TSUKERMAN:  Well, that's exactly why it's a

Old Carco LLC and Scott Graham - 8/11/20                    7

1  clerical mistake, Your Honor, in the language.  Your Honor, if

2  you assume, for example, hypothetically, and this is not our

3  position, that it is a mistake that would fall within the scope

4  of (b)(1), then that would mean that it's essentially a

5  substantive error.  That Your Honor, that this Court made an

6  error, a substantive error in the decision that we should have

7  brought on appeal.  But we do not think it is that type of error

8  because we're not challenging that substance of the Court's

9  ruling, and there was no record on this issue below, and so,

10 it's not he type of issue that we should have been required to

11 bring on appeal because it's more the issue that should be

12 brought the way we have, pursuant to Rule 60(a).

13         THE COURT:  You know what it sounds like to me, this

14 is the kind of issue you normally hear on a motion to re-argue,

15 which is essentially a 60(b) motion.  The Court overlooked

16 something; the Court should have actually said in the decision

17 and indicated in the judgment that it's without prejudice to any

18 viable post-closing claims, basically.  And that's usually a

19 motion for re-argument.  If you're telling me that Overton

20 failed to make an argument that maybe it should have made at the

21 time, it sounds like it's excusable neglect or a mistake or

22 something like that, but that sounds like  60(b)(1) motion,

23 which I'm not sure you can do now, frankly.

24         MR. TSUKERMAN:  Well, Your Honor, I don't think we're

25 saying that we should have brought that.  I don't think that's

Old Carco LLC and Scott Graham - 8/11/20                    8

1  our position because the issue in the motion to enforce brought

2  by FCA was whether -- they were seeking to bar wrongful death

3  damages because they were determined by the Alabama courts to be

4  punitive, and the punitive damages are barred by the sale order.

5  And the focus of the pleadings and all the arguments were

6  regarding that.  And the assumption was that all of Overton's

7  claims really assumed liability claims.  And all of the

8  arguments and all the issues before the Court were on that

9  issue.  And admittedly, the language in the complaint, as

10  drafted, did encompass a failure to warn claim for Overton, but

11  it just wasn't pleaded that way.  It was pleaded as assumed

12  liability claims.  And the way the complaint separated out post-

13  closing and pre-closing claims for Graham, that just wouldn't be

14  possible for Overton.  First, it would be inconsistent with --

15          THE COURT:  Why not?

16          MR. TSUKERMAN:  Well, it would be inconsistent with

17  Overton's position.  First, that all the claims were outside the

18  scope of the order.  And for the exact reason that we've had to

19  amend the complaint now, it wouldn't be possible, right?

20  Because if the --

21          THE COURT:  Why?  Why couldn't you plead the same way

22  that you pleaded for Graham?  One theory was that it was the

23  defective design and manufacture, and the second theory was that

24  the proximate cause was the failure to warn.

25          MR. TSUKERMAN:  Well, because our position was that

09-50002-mg   Doc 8555   Filed 08/13/20   Entered 08/13/20 14:42:26   Main Document
Pg 9 of 25

Old Carco LLC and Scott Graham - 8/11/20                    9

1  all the claims were outside the contract and outside the scope

2  of the sale order.  So, it wouldn't make sense to take a

3  theoretical alternative position in the complaint.

4        THE COURT:  Why not?  You're doing it with Graham,

5  aren't you?

6        MR. TSUKERMAN:  We're doing it with Graham, but with

7  Graham --

8        THE COURT:  Either the proximate cause of the accident

9  was the defective design, or the proximate cause was the failure

10  to warn.  Exactly what you argued.

11        MR. TSUKERMAN:  Graham is proceeding with a claim on

12  the product defect against FCA no matter what.  Graham is just

13  not seeking punitive damages in connection with that claim.

14        THE COURT:  Right.

15        MR. TSUKERMAN:  With Overton, it's a binary

16  proposition.  It's one or the other.  Overton can't proceed

17  against FCA based on a product defect claim at this point

18  because it was found that that Overton position was incorrect,

19  which is now final.  And we're not challenging that ruling.  So,

20  now Overton is only seeking to assert post-closing claims

21  against FCA.  But at the time, Overton's position was that the

22  claims that were being asserted against FCA fell outside the

23  scope of the sale order.  So, it wouldn't make sense to have a -

24  - I mean, I don't even know how that would look in the

25  complaint, but you would have to have --

Old Carco LLC and Scott Graham - 8/11/20                    10

1        THE COURT:  Let me tell you how it would look.

2   Alternatively, even if the sale order bars the punitive damage

3   claim based on the theory of defective design and manufacture,

4   it would not bar a post-closing claim arising from the failure

5   to warn.  That's what you would argue.  Which is kind of what

6   you tried to argue in the district court in a footnote and then

7   before the Second Circuit.  So, that brings me to my next

8   question.  Procedurally or substantively, what is the effect

9   that the Second Circuit's determination in its footnote that you

10  forfeited the argument about post-closing claims?

11       MR. TSUKERMAN:  Your Honor, we submit that it has no

12  effect, assuming the Court agrees, that the issue that we're

13  seeking to address is a clerical issue.  Because it's not an

14  issue that one would expect to bring on appeal, given that it

15  wasn't addressed below, and it's an issue that is appropriately

16  brought under Rule 60(a).

17       THE COURT:  What does it mean, though, when the court

18  says you forfeited an argument?

19       MR. TSUKERMAN:  Well, the question is what was

20  forfeited?  I think what it means is, the Second Circuit

21  determined that the argument wasn't adequately reasonable, and

22  the district court didn't have notice of it, which is fair,

23  because it never was raised on the district court level.  And

24  then the court held that it wasn't therefore adequately

25  preserved on appeal and forfeited it.  But the question is, what

Old Carco LLC and Scott Graham - 8/11/20                11

1   was forfeited?

2           THE COURT:  Fair enough.  But that's what I'm asking.

3           MR. TSUKERMAN:  Right.  I mean the argument that was

4   admittedly raised for the first time at the Second Circuit level

5   was that the order had substantive error, and therefore, it

6   should be reversed.  But that's not the argument we're making

7   under Rule 60(a).  We're not making that argument.  Certainly,

8   there was never an argument made before the Second Circuit that

9   the order, due to the parties' transcription error, didn't

10  accurately reflect the import of this Court's decision, which

11  was to bar claims barred by the sale order.  The current order,

12  as now entered, we submit, exceeds the scope of even the sale

13  order.  And we think that that certainly wasn't this Court's

14  intent.

15          THE COURT:  Well, you might have been right if you had

16  made the argument, or if Overton had made the argument that in

17  the alternative, the design and manufacture claims are barred,

18  the assumed liability claims you referred to.  We also have

19  claims for failure to warn post-closing, and those claims would

20  not and could not be barred by the sale order.  And you'd

21  probably be right, frankly.  But you're saying you never made

22  that argument, and I decided the argument you made, and it

23  sounds like the judgment accurately reflects what I decided, and

24  you're saying, well, but maybe the judgment, which by the way, I

25  won't say it was negotiated, but you certainly had notice of,

Old Carco LLC and Scott Graham - 8/11/20                    12

1   and you had one objection to the form of the judgment, which

2   probably was resolved.  But you're saying, well, maybe the

3   judgment should have carved something out, recognized an

4   argument that I never made.  I just don't understand that.

5           MR. TSUKERMAN:  Well, I think that's maybe another way

6   to look at it, Your Honor.  Had we caught the issue with the

7   language in paragraph 2 it is, I think, of the order before,

8   while it was being settled, and before it was entered, and we

9   raised this issue with the Court, we submit that the Court would

10  have agreed that in its decision, it didn't intend to preclude

11  Overton from the ability of even attempting to assert an claim,

12  and would have agreed to a qualification of the language in that

13  paragraph in order to prevent that outcome.

14          THE COURT:  Wouldn't I have said that if you submitted

15  such an order, that it doesn't accurately reflect the decision?

16          MR. TSUKERMAN:  That's right.  I'm sorry, what's the

17  question, Your Honor?

18          THE COURT:  In other words, when I get an order, if

19  somebody puts something in which was not int he decision, I

20  always reject it saying, the order doesn't accurately reflect

21  the decision.  It's inconsistent with the decision.  And that's

22  why I say, this sounds like what you're really arguing is, you

23  should have made a motion for re-argument to clarify the

24  decision.  Saying that either I overlooked it, or you overlooked

25  it, or whatever you want.  Or you meant to argue this.  But you

Old Carco LLC and Scott Graham - 8/11/20                 13

1    didn't do that.

2         All right.  You haven't really told me, or maybe you

3    have.  It's not clear to me what the effect of Second Circuit's

4    statement that you forfeited the argument that the court made

5    substantive error by not, I guess, recognizing that the sale

6    order didn't bar post-closing claims.

7         MR. TSUKERMAN:  Your Honor, I think just to make sure

8    my answer is clear on that question, the question is what was

9    forfeited and what was waived, and the argument here that

10   there's a clerical mistake or oversight is not an argument that

11   was raised with the Second Circuit, nor should it have been

12   raised with the Second Circuit.  And therefore, it is not waived

13   or forfeited.

14        THE COURT:  Okay.  Thank you.

15        MR. TSUKERMAN:  And there's one other point, Your

16   Honor, if I can just mention before you move on?

17        THE COURT:  Sure.

18        MR. TSUKERMAN:  Obviously, this motion was brought

19   under Rule 60 for relief from the order, but I think given the

20   unique circumstances of this case, and the fact that the order

21   itself, the order interpreting the sale order has the effect of

22   a continuing injunction, I think that this Court certainly has

23   the power and the authority and the ability to interpret,

24   enforce, and implement its own orders.  And to the extent the

25   Court agrees that it shouldn't foreclose a non-debtor from the

Old Carco LLC and Scott Graham - 8/11/20                14

1  ability to bring a claim that's outside of the sale order, which

2  the order is intending to interpret or enforce, this Court has

3  the ability to rectify that issue, even if it's not under Rule

4  60.  Even *sua sponte*.

5          THE COURT:  I can do it outside of Rule 60?

6          MR. TSUKERMAN:  Your Honor, I respectfully submit that

7  you can.  The bankruptcy court is a court of equity; this is

8  your order, you entered the order; and this Court can review it,

9  modify it, and interpret it, and implement it.  I think what's

10  happening here is that the order is being implemented in a way

11  that was not anticipated, not intended by this Court.  I think

12  the effect of the order currently has jurisdictional

13  implication.  There's binding Second Circuit law that the sale

14  order doesn't bar independent claims.  Assuming Your Honor

15  admits that we've an independent claim now in the amended

16  complaint, there's just no reason that that claim should be

17  barred.  And the order currently prevents Overton from even

18  making that claim.

19          THE COURT:  Well, if you really want me to determine

20  under the Federal Rules of Civil Procedures whether you

21  adequately pleaded an independent post-closing claim, I'm happy

22  to do it. I don't think you're going to be happy with the

23  result.

24          MR. TSUKERMAN:  Well, Your Honor, you already made

25  that determination with (inaudible) Graham.

Old Carco LLC and Scott Graham - 8/11/20                    15

1    THE COURT:  You don't allege any facts in there.  All

2    you say is that they knew, and they failed to warn.

3         MR. TSUKERMAN:  Your Honor, we alleged the same facts

4    that Graham alleged in support of his independent claim, which

5    this Court already allowed.  So, unless Your Honor wants to

6    reconsider that decision, we think that there's law of the case

7    on that.

8         THE COURT:  Okay.  Fair.  Let me hear from Mr.

9    Glueckstein.

10        MR. GLUECKSTEIN:  Thank you, Your Honor.  Good

11   morning.  This I Brian Glueckstein, Sullivan & Crowell for FCA.

12   Your Honor has hit it on the right points.  And just to level

13   segue where we are, Your Honor, the Court is right.  This Court

14   did dismiss in its 2018 decision, all of Overton's claims.  And

15   the order that was reviewed by Mr. Tsukerman, and agreed and

16   submitted to the Court, pursuant to the Court's direction,

17   reflect that decision.

18        And, Your Honor, the Court is 100 percent correct.

19   And then there was some colloquy in the discussion now about

20   whether this could have been pleaded in the alternative in the

21   complaint, and certainly, as Your Honor points out, it could

22   have been.  I would go further.  Certainly, at the point that

23   Your Honor issued the decision and Overton determined to take an

24   appeal of the decision, it had one year under Rule 60(b)(1) to

25   bring a motion for reconsideration to raise this very issue.

Old Carco LLC and Scott Graham - 8/11/20                16

1    They could have brought that motion.  They chose not to.

2           In fact, Your Honor, what they did was appeal the

3    order.  And now in the briefing on this Rule 60 motion, Your

4    Honor is seeing counsel downplay what they did.  And we would

5    submit, Your Honor, that they are understating drastically what

6    they tried to do in the two appeals.  They included this very

7    point in their briefing with the district court.  Did so in

8    footnote.  That was a tactical decision that they made.  They

9    did that for whatever reason they decided to do it.

10          In their briefing to the Second Circuit, after the

11   district court affirmed this Court's decision in its entirety,

12   Overton's counsel argued this point at length.  It argued it in

13   its opening brief, and it argued it in even more length in its

14   reply brief covering four pages.  And as part of that

15   discussion, Your Honor, contrary to what we are hearing now,

16   Overton's counsel argued to the Second Circuit Court of Appeals

17   that she had asserted post-closing claims since "the filing of

18   the complaint in 2017."  And cited to paragraph 56 of the

19   original complaint.

20          This was a substantive point that was raised in the

21   appeal, it was discussed after oral argument before the panel in

22   May.  The Second Circuit did not stay silent on this issue.  And

23   unlike the Panama (indiscernible) case that's cited in the reply

24   brief that was filed in connection with this motion, where there

25   was some question as to whether the Second Circuit had engaged

Old Carco LLC and Scott Graham - 8/11/20                17

1   on the issue, here, the Second Circuit included in its decision

2   and mandate an express determination that the argument was

3   forfeited.  And Your Honor asked the question of Mr Tsukerman as

4   to what that means, and we would submit, Your Honor, that the

5   substantive point has in fact been forfeited.  And I think what

6   we're hearing now is --

7           THE COURT:  Can I ask you, Mr. Glueckstein?

8           MR. GLUECKSTEIN:  Yes.

9           THE COURT:  Is the argument just on the appeal

10  forfeited so that the Court won't consider it?  Or is the

11  underlying argument, which is basically the same argument

12  they're making here, forfeited in this Court?

13          MR. GLUECKSTEIN:  Our position, Your Honor, is that

14  them having chosen to engage in this argument on the appeal, the

15  Second Circuit has now said, as a substantive matter, it has

16  been forfeited.  What we're hearing now is that the potential

17  way around that, and that's why this motion is filed, in my

18  view, as a Rule 60(a) motion, is this clerical error idea.  That

19  notwithstanding the fact that the substantive issue is now

20  barred because they engaged on this issue in however manner they

21  chose to do it, and that argument failed.

22          They argued strenuously and attempted to persuade the

23  Second Circuit to exercise its discretion that despite having

24  only raised it in a footnote with the district court, to

25  consider this argument on the appeal.  The Second Circuit took

Old Carco LLC and Scott Graham - 8/11/20                    18

1    argument orally at the oral argument on this and declined to do

2    so.  Coming back to this Court now and asserting the exact same

3    substantive argument should not, Your Honor, we submit, be

4    permitted.  And so, this does come back to the question, where

5    Mr. Tsukerman started the argument this morning, as to whether

6    this is a clerical error.  And, Your Honor, we submit that it

7    clearly is not.  What they're asking to do here is modify the

8    Court's 2018 decision that bar in its entirety Overton's claims

9    that they have represented to the Second Circuit Court of

10   Appeals.

11          And, frankly, Your Honor might recall, there was a

12   colloquy back in 2018 on the motion before this Court where

13   counsel for Overton made the point that Overton had asserted the

14   same post-closing claims as Graham.  Yes, the focus of that

15   argument primarily at the timed was on Graham claims, but the

16   first time we ever heard that this is a new claim they want to

17   assert that had not been part of the case, that had not been

18   part of the decision before Your Honor was in this motion.  And

19   the record all the way up to the Second Circuit Court of Appeals

20   belies that fact, Your Honor.  So, this is, as Your Honor

21   posited, a Rule 60(b)(1) motion.  And that by statute, under

22   Federal Rule 60(c)(1) is expressed that that must be brought

23   within one year of the date of entry of the enforcement order.

24          So, what happened here, Your Honor, we would submit,

25   is that the plaintiff chose an appeal strategy.  They were

Old Carco LLC and Scott Graham - 8/11/20                    19

1   seeking desperately to overturn this Court's decision with

2   respect to the macro issue, as to whether the damages under the

3   Alabama Wrongful Death Act were considered punitive or not.

4   They focused their efforts there, they raised the post-closing

5   claim in connection with that argument, and they lost.  And now,

6   they're coming back to Your Honor to try to start over again.

7   And we would submit, Your Honor, that's precisely what Rule 60

8   is drafted to prevent.

9        After having litigated this issue for two years, up to

10   the Second Circuit, FCA is entitled to some finality.  And we

11   don't believe that Your Honor has the ability under Rule 60 as a

12   result of the mandate being issued by the Second Circuit, or to

13   consider it under 60(b) to engage on this issue further now

14   under this new theory that Overton has come up with.  And so,

15   Your Honor, we would submit that really the only path to the

16   modification that's being sought is Rule 60(a) and there's

17   nothing in the record to suggest that there was an error in

18   transcription from the decision where this Court in fact barred

19   all of Overton's claims, reducing that to the order that was

20   negotiated and entered by the Court in November of 2018.

21        So, we would submit, Your Honor, that, yes, we'd be

22   having a different discussion if this had been raised

23   contemporaneously or in parallel with the appeal of the

24   preclosing claims, but we don't believe at this stage, Your

25   Honor, that this Court should entertain any modification of the

Old Carco LLC and Scott Graham - 8/11/20                    20

1   judgment at this time.

2          THE COURT:  What's your response to the argument that

3   there's a general equity power to correct the judgment?  Not to

4   correct the mistake because I'm not convinced there's nay

5   mistake here, but to clarify a judgment to the effect that the

6   question been presented, this is how I would have decided it.

7          MR. GLUECKSTEIN:  Your Honor, it's hard to answer int

8   he abstract, but, I think, in the context of what we're talking

9   about here, where the Court is being asked to, notwithstanding

10  if we accept for a moment that Rule 60 is not available, because

11  of a strategic path that the plaintiff here chose to take, that

12  the Court should nonetheless revisit issues two years on, we

13  would submit, Your Honor that that's not an equitable way to

14  proceed.  That in fact, this plaintiff has been well represented

15  by competent counsel, who has fought tooth and nail all the way

16  up to the Second Circuit on all of these issues.  They have

17  fought in the Alabama trial court, they have resisted in the

18  Alabama trial court any dismissal of these claims, saying, we

19  have continuing appeals.  And so, Your Honor, this is yet,

20  another tactic.

21          I would submit, Your Honor, that on the facts at least

22  of this case, there is no basis for the Court to try to exercise

23  any sort of equitable remedy to a situation that has Rule 60 in

24  the federal rules plainly available and was not utilized.  And

25  that is a decision to pursue an appeal instead of a motion for

Old Carco LLC and Scott Graham - 8/11/20                    21

1   reconsideration that we submit this particular plaintiff needs

2   to live with at this stage of the litigation.

3         THE COURT:  Well, the question was originally, is

4   there some general equitable authority outside of Rule 60 to

5   modify a judgment that does not reflect what I would have

6   decided had the issue been presented.  And as you know, I've

7   consistently said that the sale order doesn't bar post-closing

8   wrongful conduct.  And I think the Second Circuit said that in

9   GM in the Elliot case.  And it makes sense.  And the question

10  is, whether I should clarify the judgment, for lack of a better

11  verb, to clarify the judgment to say that, even though it wasn't

12  raised, it wasn't decided, and it's not in the judgment as a

13  matter of equity, whether or not Rule 60 permits it?  I

14  understand you're saying this is not an equitable situation.

15  I'm really asking more, is there an authority to do that?

16        MR. GLUECKSTEIN:  I'm not aware of such authority

17  outside of Rule 60, Your Honor.  And I would say, understanding

18  you're asking the general equitable question, and I'm not aware

19  of such authority, other than the fact that this is a court of

20  equity and the Court does have broad discretionary powers.  But

21  I'm not aware of any instance where Rule 60 was found to be

22  available and the Court nonetheless granted relief.  There is

23  quite a bit of caselaw, in fact, enforcing, and we cited some of

24  it in our briefing, but, of course, there's quite a bit of

25  caselaw suggesting that if you don't comply with the timing and

Old Carco LLC and Scott Graham - 8/11/20                    22

1   initial requirements of Rule 60 that that is finality.  And I

2   think finality here is important.

3          And the last thing I would say on this point, Your

4   Honor, is with respect to the post-closing claim itself.  And

5   I'm not going to go into the details of that.  Obviously, Your

6   Honor has issued now two decisions in the last two years that

7   deal with that issue and set out a standard in the Deardon case.

8   And with respect to the Graham claims here that any litigant can

9   look to.  I think there continued to be some disagreements,

10  frankly, as to how that's interpreted, and I don't concede for

11  this purposes of this discussion that this amended complaint

12  necessarily falls within that standard.  But I don't believe

13  that the Court needs to get there.

14         I think this is a particular situation where the

15  litigation history here is well documented.  Your Honor

16  referenced earlier this morning that you've reviewed the record,

17  we reviewed the record, I'm not going to belabor it, but I think

18  this is the classic situation where a litigant chose an appeal

19  path, Rule 60 states what it does.  Any challenge at this point

20  is untimely, absent it being a clerical error, and I think it is

21  patently clear from the documents that there was no clerical

22  error.  So, under the circumstances, we would submit, Your

23  Honor, that this motion should be denied, and we should finally

24  have the finality that we thought the Second Circuit decision

25  had provided.

Old Carco LLC and Scott Graham - 8/11/20                    23

1    THE COURT:  Thank you.  Mr. Tsukerman, I have one

2   question.  Do you dispute that if Rule 60(b)(1) is the

3   appropriate vehicle for your motion that the motion is time

4   barred?  And if not, why not?

5    MR. TSUKERMAN:  No, Your Honor.  I don't think we can

6   dispute that.  We dispute that this argument needs to be brought

7   under (b)(1), but if the Court finds that it must have been

8   brought under (b)(1), then under the statute, it is time barred

9   because it's been more than a year.  But, Your Honor, we think

10  this is a unique circumstance and would fall under Rule (b)(6),

11  which is a very broad kind of --

12    THE COURT:  I know but hasn't the Second Circuit said

13  though you can't rely on (b)(6) if one of the more specific

14  provisions applies?

15    MR. TSUKERMAN:  The Second Circuit has ruled that.

16    THE COURT:  Okay.

17    MR. TSUKERMAN:  But we don't think it's a (b)(1)

18  situation.  Again, because we're not challenging any of the

19  substance of this Court's rulings in its decision.  We're

20  seeking actually the exact relief that Your Honor just mentioned

21  in connection with the Court's equitable power and the relief,

22  which you could potentially do, which would be just to clarify

23  that the order axiomatically does not bar claims that are

24  independent and therefore outside the 363 sale.  If that

25  qualification were in the order, we would not have this issue.

Old Carco LLC and Scott Graham - 8/11/20                    24

1    And so, Your Honor, to that point, we could have brought this

2    motion as a motion essentially to interpret and clarify the

3    order, alternatively, under Rule 60.  And we think this Court

4    has inherent powers.  And is a court of equity.  And this Court

5    has inherent powers to review, and interpret, and enforce, and

6    implement its orders.  And if there's an injunction in the

7    order, which the Court determines exceeds the scope, which has

8    the effect of being contrary to Second Circuit law, and

9    potentially exceeds the scope of this Court's limited

10   jurisdiction to bar claims, which are impacted by the order and

11   not bar claims that are outside the scope of the sale order,

12   amongst non-debtors, then this Court has the power to consider

13   that.

14           THE COURT:  Okay.  What I'd like the parties to do is

15   to order the transcript to this argument, file it on the ECF and

16   email a copy to chambers, if you would.  And I'll reserve

17   decision.

18           MR. TSUKERMAN:  Will do.

19           MR. GLUECKSTEIN:  Thank you, Your Honor.

20           THE COURT:  Thank you.

21                          - o0o -

22

23

24

25

25

CERTIFICATION

I, Rochelle V. Grant, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

Dated:  August 12, 2020

_____
Signature of Approved Transcriber