UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
                                          :
In re:                                    :        Chapter 11
                                          :
OLD CARCO LLC, *et al.*,                  :        Case No. 09-50002 (SMB)
                                          :
                    Debtors.              :        Jointly Administered
                                          :
---------------------------------------------------------X

### MEMORANDUM DECISION DENYING FRANKIE OVERTON'S MOTION FOR RELIEF FROM THE COURT'S ENFORCEMENT ORDER

**A P P E A R A N C E S :**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004

    Brian D. Glueckstein, Esq.
        Of Counsel

*Attorneys for FCA US LLC*

COLE SCHOTZ P.C.
1325 Avenue of the Americas
19th Floor
New York, New York 10019

    Mark Tsukerman, Esq.
        Of Counsel

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36103

    J. Parker Miller, Esq. (*pro hac vice*)
    Stephanie Monplaisir, Esq. (*pro hac vice*)
        Of Counsel

*Attorneys for Frankie Overton, as Executor
  of the Estate of Sue Ann Graham*

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

After exhausting the appellate process, Plaintiff Frankie Overton ("Overton"), as executor of the estate of Sue Ann Graham, filed *Frankie Overton's Motion for Relief from the Court's "Enforcement Order" to Permit Her to Pursue an Independent Claim Against FCA US LLC* ("*Motion*"), dated July 23, 2020 (ECF Doc. # 8549-1). The *Motion* asks this Court to correct what Overton characterizes as a clerical error in the *Order Granting in Part and Denying in Part FCA US LLC's Motion to Enforce the Sale Order* ("Enforcement Order"), dated Nov. 14, 2018 (ECF Doc. # 8535). The Enforcement Order enjoins Overton from prosecuting claims against FCA US LLC ("FCA" or "New Chrysler") under the Alabama Wrongful Death Act ("AWDA"). The *Motion* asks the Court to modify the Enforcement Order to allow Overton to amend the complaint ("*Complaint*") filed in the Circuit Court of Jefferson County, Alabama ("Alabama State Court") in a case styled *Overton v. Chrysler Group LLC*, No. 01-CV-2017-904376-EAF, to assert new claims against New Chrysler.[1]   For the reasons that follow, Overton's motion is denied.

## BACKGROUND

The facts are set out in this Court's prior decision, *In re Old Carco LLC*, 593 B.R. 182 (Bankr. S.D.N.Y. 2018) ("*Overton I*"), the District Court's decision affirming *Overton I, see Overton v. FCA US LLC* (*In re Old Carco LLC*), 603 B.R. 877 (S.D.N.Y. 2019) ("*Overton II*"), and the Second Circuit's decision affirming *Overton II, see Graham v. FCA US LLC* (*In re Old Carco LLC*), 809 F. App'x. 36 (2d Cir. 2020)

---

[1]      A copy of the proposed *Amended Complaint* is attached as Exhibit B to the *Motion*.

("*Overton III*") (summary order).  I assume familiarity with those decisions and limit the background discussion to the facts relevant to the disposition of the *Motion*.

On April 30, 2009, Old Carco LLC ("Old Chrysler") filed these chapter 11 cases. On June 1, 2009, the Court approved a sale order (the "Sale Order") and master transaction agreement (the "MTA") by which Old Chrysler sold substantially all of its assets to New Chrysler free and clear of any claims against Old Chrysler except for certain Assumed Liabilities.  The MTA was eventually amended (Amendment No. 4) to extend New Chrysler's Assumed Liabilities to include product liability claims for personal injuries or wrongful death arising from post-Closing accidents involving vehicles manufactured and sold by Old Chrysler ("Old Chrysler Vehicles") before June 10, 2009, the Closing Date of the sale transaction.  However, Amendment No. 4 expressly excluded liability for punitive damages.  The Sale Order did not limit New Chrysler's liability for its own post-Closing wrongful conduct involving an Old Chrysler Vehicle, such as the breach of an independent duty, if any, imposed on New Chrysler to warn about a defect in an Old Chrysler Vehicle or recall it.  *Overton I*, 593 B.R. at 199.

## A.   Alabama Litigation

On June 10, 2016, Sue Ann Graham and her child, J.G., a minor, were riding as passengers in a 2002 Jeep Liberty, an Old Chrysler Vehicle, when it was struck by another vehicle.  Sue Ann Graham was killed as a result of the accident; J.G. was seriously injured but survived.  On October 17, 2017, Frankie Overton, as administrator of the estate of Sue Ann Graham ("Decedent"), and Scott Graham, as legal guardian of J.G., filed the *Complaint* in Alabama State Court against, among others, New Chrysler. As to the Decedent, Overton sought punitive damages under the AWDA, the only

available remedy for wrongful death under Alabama law. While the *Complaint* mainly asserted that the Jeep was defectively manufactured, the plaintiffs also alleged that the "Product Liability Defendants," a term that included New Chrysler, had failed to warn about or recall the allegedly defective Jeep. (*Complaint* ¶¶ 32, 44, 47, 51, 54, 56.) Overton did not, however, separately request punitive damages in connection with claims based on New Chrysler's post-Closing failure to warn or recall. In contrast, Graham sought compensatory damages against all defendants and also sought "punitive damages for FCA's post-bankruptcy sale conduct, transactions, actions, or failures to act which caused the chain of events and injuries giving rise to this action." (*Complaint* pp. 8, 11-12, 15.)

## B.    Prior Bankruptcy Litigation

New Chrysler eventually returned to this Court seeking to enjoin Overton and Graham from pursuing punitive damages with regard to all of their claims, including the failure to warn/recall claims. (*See FCA US LLC's Motion to Enforce the Court's Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures and (III) Granting Related Relief,* dated Mar. 12, 2018 ("*Motion to Enforce Sale Order*") (ECF Doc. # 8510).)[2] On November 1, 2018, the Court issued *Overton I*, concluding that Amendment No. 4 barred Overton's claims for

---

[2]    New Chrysler moved to reopen the Chapter 11 case on the same day, (*see* ECF Doc. # 8508), and the Court granted that motion for the limited purpose of adjudicating New Chrysler's motion to enforce the Sale Order. (*See Order, Pursuant to Section 350 of the Bankruptcy Code, Bankruptcy Rule 5010 and Local Bankruptcy Rule 5010-1, Reopening the Chapter 11 Case of Old Carco LLC for the Limited Purpose of Considering FCA US LLC's Motion to Enforce the Sale Order,* dated June 25, 2018 (ECF Doc. # 8531).)

4

punitive damages, her only remedy under Alabama law. *See* 593 B.R. at 199. As to the Graham claims, the Court held that the Sale Order "may not bar a claim that arises from wrongful conduct occurring after the sale." *Id*. Therefore, the Graham claims were not barred by the Sale Order "to the extent they seek compensatory damages or punitive damages based on the post-Closing breach of duty to warn or recall . . . ." *Id*. The Court did not make a similar determination with regard to the Overton claims.

The Court directed the parties to settle an order. *Id*. Counsel for Overton reviewed and consented to the draft order proposed by counsel for New Chrysler, subject to one change regarding the Court's jurisdiction that New Chrysler accepted. (*See* email, dated Nov. 8, 2018, attached as Exhibit B to the *Declaration of Brian D. Glueckstein in Support of Opposition of FCA US LLC to Frankie Overton's Motion for Relief from the Court's "Enforcement Order" to Permit Her to Pursue an Independent Claim Against FCA US LLC*, dated Aug. 4, 2020 ("*Glueckstein Decl.*") (ECF Doc. # 8552).) Counsel for New Chrysler then submitted the draft order to the Court with a representation that the form of order was "acceptable to the parties" and copied counsel for Overton on the communication. (*See* email, dated Nov. 13, 2018, *Glueckstein Decl.*, Exhibit C.)

On November 14, 2018, the Court entered the Enforcement Order, the order negotiated and approved by the parties, implementing its decision. The Enforcement Order stated in relevant part:

> 2.     Plaintiff Overton is enjoined from prosecuting claims against FCA US under the Alabama Wrongful Death Act in Alabama State Court, either in the action captioned *Overton* v. *Chrysler Group LLC,* Case No. CV 17-904376-EAF, pending in the Circuit Court of Jefferson County, Alabama, or otherwise.

> 3.    Plaintiff Graham's claims for compensatory damages are not barred
> by the Sale Order.  To the extent he has alleged a legally sufficient claim for
> breach of duty to warn or recall under Alabama law, Plaintiff Graham may
> also seek punitive damages for any injuries that were proximately caused
> by FCA US's post-Closing conduct.

(Enforcement Order ¶¶ 2-3.)  Because Overton's sole remedy was to seek punitive

damages under the AWDA, the Enforcement Order barred her post-Closing failure to

warn/recall claims against New Chrysler.

Overton appealed from the Enforcement Order to the United States District

Court for the Southern District of New York.  Her brief to the District Court included a

footnote stating the "[Enforcement Order] currently improperly bars Overton from

pursuing claims against [New Chrysler] for its own post-Closing Date conduct."

(S.D.N.Y. Case No. 18-11290, ECF Doc. # 13 at 6 n.4.)  On May 31, 2019, the District

Court affirmed, holding that the Overton claims sought punitive damages which are

barred by the unambiguous terms of the Sale Order.  *Overton II*, 603 B.R. at 888.  The

District Court did not address Overton's footnote regarding claims based on New

Chrysler's post-Closing conduct.

Overton then appealed to the Second Circuit, which affirmed the judgment of the

District Court.  *Overton III*, 809 F. App'x at 40.  Her brief again raised the argument

that the Enforcement Order improperly barred her from bringing claims based on post-

Closing conduct.  (*See* 2d. Cir. Case No. 19-1901, *Overton Brief*, ECF Doc. # 44 at 31

("The lower courts' rulings barring Overton's post-sale conduct claims constitute clear

error and should be reversed."); 2d. Cir. Case No. 19-1901, *Overton Reply*, ECF Doc. #

89 at 21 ("Overton has asserted claims against [New Chrysler] for its post-sale failure to

warn since the filing of her complaint in 2017.").)  The Second Circuit concluded that

Overton had forfeited this argument by failing to raise it properly:

> Finally, Overton argues that it was clear error for the lower courts to bar
> her claim to the extent it was based on New Chrysler's post-sale conduct.
> Although in her complaint Overton specifically requested "punitive
> damages for [New Chrysler's] post-bankruptcy sale conduct" only with
> respect to Jordan Graham's injuries, App'x 274, 278, 281, she did allege
> that "[a]s a proximate result" of New Chrysler's post-sale failure "to warn,
> recall or otherwise eliminate the defective condition" of the 2002 Jeep
> Liberty, "Sue Ann Graham suffered catastrophic injuries that resulted in
> her death," App'x at 277.  Because Overton raised this argument only in a
> footnote to the district court, it is "forfeited."  *United States v. Greenfield*,
> 831 F.3d 106, 118 n.9 (2d Cir. 2016); D. Ct. Dkt. No. 13 at 6 n.4.

*Overton III*, 809 F. App'x at 40 n. 1 (alterations in original).  The Second Circuit issued

its mandate on June 10, 2020.  (*See Glueckstein Decl.*, Exhibit D.)

## C.    The *Motion*

Her appeals exhausted, Overton returned to this Court seeking relief from the

Enforcement Order to amend the *Complaint* "to permit Overton to assert and prosecute

a claim against FCA under the Alabama Wrongful Death Act based solely on FCA's post-

Closing conduct."  (*Proposed Order* at ¶ 2, dated July 23, 2020 (ECF Doc. # 8549-2).)

She argues in the main that the language in the Enforcement Order enjoining her from

prosecuting such claims was a clerical error under Rule 60(a) of the Federal Rules of

Civil Procedure because it does not accurately reflect the Court's decision in O*verton I*

and it bars her from asserting the same type of claims the Court allowed Graham to

prosecute.  (*Motion* at 7-9; *see Frankie Overton's Reply to FCA US LLC's Opposition to*

*Her Motion for Relief from the Court's "Enforcement Order" to Permit Her to Pursue*

*an Independent Claim Against FCA US LLC* ("*Reply*") at 8-10, dated Aug. 7, 2020 (ECF

Doc. # 8553).)  Alternatively, she asks the Court to grant the same relief under the

catch-all provision of Rule 60(b)(6), which permits the Court to provide substantive relief from a final judgment under "extraordinary circumstances" or to prevent "undue hardship." (*Motion* at 9-11; *Reply* at 10-12.)

New Chrysler opposes the *Motion*. (*See Opposition of FCA US LLC to Frankie Overton's Motion for Relief from the Court's "Enforcement Order" to Permit Her to Pursue an Independent Claim Against FCA US LLC* ("*Opposition*") (ECF Doc. # 8551).) First, New Chrysler argues that the "mandate rule" forecloses relitigation of issues previously forfeited by a defendant, and the Second Circuit held that Overton had "forfeited" the argument that the Enforcement Order improperly enjoined her from asserting post-Closing claims against New Chrysler. (*Opposition* at 5-7.) Second, Rule 60(a) does not apply because the challenged portion of the Enforcement Order accurately reflects *Overton I*, and the language was agreed to by the parties. (*Id.* at 7-8.) Third, Rule 60(b) is similarly unavailable to Overton because (i) her claim is one of judicial mistake under Rule 60(b)(1), not clerical error under Rule 60(a), and her Rule 60(b)(1) claim is time-barred, (*id.* at 9-10); and (ii) she failed to establish the "extraordinary circumstances" required for relief under Rule 60(b)(6). (*Id.* at 11.) During oral argument, counsel for Overton conceded that if the Court determines that the *Motion* should have been brought under Rule 60(b)(1), "then under the statute [sic], it is time barred because it's been more than a year." (Transcript of 8/11/20 Hr'g ("Tr.") at 23:8-9 (ECF Doc. # 8554).)

8

## DISCUSSION

### A.    The Mandate Rule

The Mandate Rule "requires a trial court to follow an appellate court's previous ruling on an issue in the same case." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). A subset of the law of the case doctrine, the terms are sometimes used interchangeably. *See id.* Importantly, "the law of the case does not extend to issues an appellate court did not address." *New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 606 (2d Cir. 2003) (quoting *Moore v. Anderson*, 222 F.3d 280, 284 (7th Cir. 2000)) (internal quotation marks omitted); *see also Schwabenbauer v. Bd. of Educ. of City Sch. Dist. of City of Olean*, 777 F.2d 837, 841-42 (2d Cir. 1985) (law of the case did not apply to dictum contained in a prior opinion's footnote). "As long as the appellate court has not expressly or implicitly ruled on the issue, the district court has not transgressed any jurisdictional boundaries by amending after an appeal has been taken." *Panama Processes, S.A. v. Cities Serv. Co.*, 789 F.2d 991, 994 (2d Cir. 1986).

The Second Circuit did not address Overton's claim that the Enforcement Order improperly cut off post-Closing claims. The issues presented to and decided by the Second Circuit were threefold: "(1) [whether] the punitive damages exclusion in the bankruptcy sale documents is ambiguous because it does not define 'punitive damages'; (2) [whether] damages under the AWDA are not punitive damages and therefore do not fall within the punitive damages exclusion; and (3) [whether] enforcing the punitive damages exclusion would violate Alabama public policy." *Overton III*, 809 F. App'x at 37; (*see also* 2d. Cir. Case No. 19-1901, *Overton Brief*, ECF Doc. # 44 at 3 (listing

statement of issues on appeal); *FCA US LLC Brief*, ECF Doc. # 68 at 6 (listing

counterstatement of issues on appeal).)  The question of Overton's post-Closing claims

was not raised in this Court and was only mentioned in a footnote in Overton's District

Court brief.  Although she argued the issue more extensively before the Second Circuit,

the Second Circuit concluded that it had been forfeited because she raised it only in a

footnote before the District Court.  *Overton III*, 809 F. App'x. at 40 n.1; *see City of New

York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("We ordinarily deem

an argument to be forfeited where it has not been sufficiently argued in the briefs, . . .

such as when it is only addressed in a footnote[.]") (internal quotation marks and

citation omitted); *accord United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993).

    Thus, the Second Circuit never decided the issue now presented to this Court.

Rather, the Second Circuit declined to review the issue because of a procedural

deficiency, and law of the case does not apply to an argument a court refused to hear

based on a procedural deficiency.  *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1271 (2d

Cir. 1994) (because appellate court's denial of motion to recall the mandate without

opinion could have been on procedural grounds rather than on the merits, district court

could subsequently rule on same issues in a Rule 60(b) motion); *O'Connor v. Pierson*,

482 F. Supp.2d 228, 233 (D. Conn. 2007) (where appellate court declined to address

res judicata argument because issue was not properly preserved for appeal, law of the

case did not bar district court from subsequently deciding the issue), *aff'd*, 568 F.3d 64

(2d Cir. 2009); *see also United States v. Ackerman*, 804 F. App'x 900, 903 (10th Cir.

2020) (where appellate court "declined to consider the government's good-faith-

exception argument because it was insufficiently briefed," "the district court still had the

authority to consider the good-faith exception on remand" because appellate court "did not render a decision on the merits"); *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016) (law of case doctrine inapplicable where appellate court in prior appeal "found the issue moot given the evidence precluded was not presented" and "did not 'squarely decide' the merits of the district court's rulings").

New Chrysler cites *United States v. Quintieri* for the proposition that the Mandate Rule "ordinarily forecloses relitigation of all issues previously waived by the defendant." 306 F.3d at 1225. While the quotation is accurate, the holding is narrower than New Chrysler suggests. In *Quintieri*, the Second Circuit had remanded during an earlier appeal for the limited purpose of deciding whether the District Court had improperly enhanced the Defendant's sentence by double-counting certain offenses. *Id.* at 1223. On remand, the defendant made several additional arguments regarding his original sentencing that he had failed to raise during the first appeal. *Id.* at 1225. The Second Circuit concluded that the defendant was foreclosed from raising these other issues because the remand was limited to the double counting issue and the defendant was not entitled to *de novo* review of his sentencing. *Id.*

In this case, there is no similar mandate directing the Court to consider any specific issue and only that issue. Furthermore, unlike the defendant in *Quintieri*, Overton raised the issue of the Enforcement Order's overbreadth, but the Second Court declined to consider it because it was only raised below in a footnote and never decided by the District Court. Finally, the Mandate Rule does not prohibit a court from correcting a clerical mistake under Rule 60(a), *see Panama Processes*, 789 F.2d at 994; *see also* 12 MOORE'S FEDERAL PRACTICE - CIVIL § 60.12 (2020) ("A district court may

correct a clerical mistake even after an appellate court has decided the case."), or granting relief under Rule 60(b) where the appellate court has not implicitly or explicitly decided the issue raised in the Rule 60(b) motion. *See DeWeerth*, 38 F.3d at 1271.

Accordingly, the Mandate Rule does not bar the Court from considering the relief sought in *Motion*.

**B.    Rule 60(a)**

According to Overton, the Enforcement Order contains a clerical mistake to the extent it bars her post-Closing claims, and that clerical mistake can be rectified under Rule 60(a) of the Federal Rules of Civil Procedure 60(a).[3]   Rule 60(a) permits a court to conform an order to the "contemporaneous intent of the court," but "not to reflect a new and subsequent intent of the court." *In re Marc Rich & Co. A.G.*, 739 F.2d 834, 837 (2d Cir. 1984). "The relevant distinction is 'between what is erroneous because the thing spoken, written or recorded is not what the person intended to speak, write or record, and what is erroneous because the person later discovers that the thing said, written or recorded was wrong. The former comes within Rule 60(a); the latter does not." *Id.* (quoting *Allied Materials Corp. v. Superior Prod. Co.*, 620 F.2d 224, 226 (10th Cir. 1980)). In determining whether Rule 60(a) is appropriate, "reviewing courts primarily look to the contemporaneous intent of the district court as evidenced by the record." *Panama Processes*, 789 F.2d at 995.

---

[3]      Rule 60 is made applicable to this contested matter by Bankruptcy Rule 9024. Rule 60(a) provides: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a).

The Enforcement Order accurately reflects the contemporaneous intent of this Court. The Overton *Complaint* sought damages under the AWDA as a result of the death of Sue Ann Graham. (See *Complaint* at pp. 8, 11, 14-15.) The issue she presented to this Court with respect to Overton's claims was all or nothing — could she could continue to prosecute her claims for the Decedent's wrongful death given the punitive nature of AWDA damages and the exclusion of punitive damages under Amendment No. 4? She did not distinguish, as Graham did, (*see Plaintiffs' Opposition to FCA US LLC's Motion to Enforce the Court's Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures and (III) Granting Related Relief*, dated May 4, 2018, at 25-28 (ECF Doc. # 8523)), between liability for punitive damages based on the defective manufacture of the vehicle by Old Chrysler and the post-Closing breach by New Chrysler of an independent duty to warn or recall. The Court answered the question Overton raised in the negative, and the Enforcement Order accurately reflects that disposition.

Furthermore, the *Motion* concedes that the survival of Overton's post-Closing claims was never presented to or decided by the Court. (*See Motion* at 9 ("FCA did not make any 'independent claim' type argument in its Motion to Enforce as against Overton, Overton did not assert an independent claim defense in its opposition papers, and the Court never considered whether Overton could assert or plead an independent claim in its decision."); *Reply* at 9 n.5 ("[T]he Court, understandably, was not focused on and did not consider any argument that Overton could assert an independent claim.

13

No such argument was ever made in the parties' briefing."); *id.* at 10 ("Overton did not plead her failure to warn claim against FCA in the Complaint as an independent claim the way Graham did").)  Similarly, Overton's counsel admitted at oral argument that the Court never considered whether Overton could assert an independent, post-Closing claim because she failed to raise it.  (*See* Tr. at 5:7-8 ("that argument was never had because that was never before the Court at all"); *id.* at 4:22-23 ("this [issue] wasn't in the papers, so we're not surprised that the Court didn't consider it").)  Finally, the Enforcement Order was the product of negotiation between counsel, and Overton's counsel did not object to it.

Overton nevertheless argues that the Court has already decided that "[t]he Graham Claims are not barred by the *Sale Documents* to the extent they seek compensatory damages or punitive damages based on the post-Closing breach of a duty to warn or recall," *Overton I*, 593 B.R. at 199,  and argues that the Court would have made the same holding with respect to the Overton claims.  Assuming that to be correct, Overton did not make that argument on her own behalf, the Court never considered or decided it, and the Enforcement Order does not fail to express the Court's contemporaneous intent regarding an issue that was neither raised nor decided.  In short, even if the Court made a mistake in not deciding it, it is not the type of clerical mistake that can now be decided through a motion under Rule 60(a).

## C.    Rule 60(b)

Overton alternatively seeks the same relief based on the same mistake under Rule 60(b)(6).  The alternative request overlooks the limitations on relief under Rule 60(b).  Rule 60(b)(1), on which Overton does not rely, provides that a party may be relieved

from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect," FED. R. CIV. P. 60(b)(1), but such a motion must be made "no more than a year after the entry of the judgment or order," FED. R. CIV. P. 60(c)(1). The Enforcement Order was entered on November 14, 2018, and the *Motion* was made on July 23, 2020, more than 20 months later. Thus, the *Motion*, if made under Rule 60(b*)*(1), would be time-barred, as Overton's counsel conceded at oral argument.

Realizing that the Rule 60(b)(1) would be time-barred, Overton instead moved in the alternative under Rule 60(b)(6). Rule 60(b)(6) allows relief from judgment based on "any other reason that justifies relief," FED. R. CIV. P. 60(b)(6), and the motion must be made "within a reasonable time," FED. R. CIV. P. 60(c)(1). Assuming that the *Motion* was made within a reasonable time, the alternative *Motion* nevertheless fails.

Rule 60(b)(6) has been described as "a grand reservoir of equitable power to do justice in a particular case[,] . . . [b]ut that reservoir is not bottomless." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks and citations omitted). "Of particular concern is that parties may attempt to use Rule 60(b)(6) to circumvent the one-year time limitation in other subsections of Rule 60(b)." *Id.* "Recognizing this concern, [the Second Circuit] ha[s] found that Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" *Id.* (quoting *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976)); *accord United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) ("The two provisions are exclusive and 'an appellant cannot circumvent the one-year limitation [of Rule 60(b)(1)] by invoking the residual clause (6) of Rule 60(b).") (quoting *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d

Cir. 1972) (per curiam)) (alteration in original); *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 55-56 (2d Cir. 1989) (Rule "60(b)(6) cannot provide relief, because the grounds stated are covered under 60(b)(1)."). Thus, "[w]here a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Stevens*, 676 F.3d at 67. As Overton's *Motion* is based on the mistaken overbreadth of the Enforcement Order, she is limited to Rule 60(b)(1), she cannot rely on Rule 60(b)(6), and relief under Rule 60(b)(1) is time-barred.

Finally, Overton argues that the Court has a general equitable power to amend the Enforcement Order outside of Rule 60. (*See* Tr. at 14:2-9, 24:3-6; *Reply* at 11-12.) She fails to cite any authority supporting this proposition, and while equitable considerations may well favor her position, the Court lacks the power to grant relief that Rule 60 forecloses.

Accordingly, the *Motion* is denied. The Court has considered Overton's remaining arguments and concludes that they lack merit. Submit Order.

Dated:  New York, New York
      October 22, 2020

                        /s/ *Stuart M. Bernstein*
                        STUART M. BERNSTEIN
                  United States Bankruptcy Court