**GIBBONS P.C.**
Robert K. Malone, Esq.
Brett S. Theisen, Esq.
One Pennsylvania Plaza, 37th Fl.
New York, New York 10119
Telephone:  (212) 613-2000
Facsimile:  (212) 290-2018
E-mail:  rmalone@gibbonslaw.com
        btheisen@gibbonslaw.com

*Counsel for FCA US LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| OLD CARCO LLC, *et al.,* | Case No. 09-50002 (MG) |
| Debtors. | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF ROBERT K. MALONE, ESQ.**
**PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT OF FCA US LLC'S MOTION TO**
**ENFORCE THE COURT'S SALE ORDER**

**ROBERT K. MALONE**, of full age, under penalty of perjury, declares as follows:

1.      I am a Director of Gibbons P.C., counsel for FCA US LLC ("FCA") in the above-caption proceedings.  I am one of the responsible attorneys for *FCA US LLC's Motion to Enforce the Court's Sale Order [Docket No. 3232]* (the "Motion") [Docket No. 8560] and as such I have personal knowledge of the facts and statements contained herein.

2.      I submit this Supplemental Declaration in further support of the Motion and to provide the Court with copies of certain materials filed on this Court's docket and referenced in the Motion.

3.      Attached as **Exhibit E** is a true and correct copy of the Second Amended Complaint at issue in *Burton, et al. v. Chrysler Group, LLC*, Adv. Proc. No. 13-01109, Docket

No. 15-1, Ex. A (redline version, as attached to the Burton plaintiffs' opposition to the motion to

dismiss their claims) that was originally filed  as a class action in the United States District Court

for the District of Delaware.

I declare under penalty of perjury that, to the best of my knowledge and belief, that the

foregoing is true and correct.

Executed on:  November 19, 2021
Newark, New Jersey

By: ___/s/ Robert K. Malone_____
Robert K. Malone

# EXHIBIT E

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUTUMN BURTON, MATTHEW COX, | : | CLASS ACTION |
| RODNEY LaFLEUR, DAN GULICK | : | |
| JAMES SPITLER,  MIKE BURKE, | : | |
| MIKE GASMAN, ERIC MALLOY and | : | |
| RYAN GILLETTE individually and in | : | |
| their representative capacity for all | : | |
| others similarly situated, | : | |
| | : | Case No.  12-cv-00005 LPS |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| CHRYSLER GROUP LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CLASS ACTION SECOND AMENDED COMPLAINT

The Plaintiffs, Autumn Burton, Matthew Cox, Rodney LaFleur, Dan Gulick, James Spitler, Mike Burke, Mike Gasman, Eric Malloy and Ryan Gillette individually and on behalf of all others similarly situated, sue the Defendant Chrysler Group, LLC (referred to as Chrysler) and state as follows:

## NATURE OF THE ACTION

1.    This is an action seeking compensation and injunctive relief requiring the repair ~~remedial repairs~~ of a dangerous and defective condition in Plaintiffs' Chrysler vehicles.  This action seeks remedial repairs of all vehicle models similarly situated, thus requesting that the case be certified as a Class Action.

2.      Each of the named Plaintiffs own a Chrysler product which has a design flaw that causes fuel to spill out of the filler tube during refueling.  This problem has been referenced as a "fuel spit-back problem."

3.      Based upon information and belief, it is alleged that beginning in the fall of 2001, the ~~defendant~~ owners of some Chrysler products began ~~receiving field reports of customers~~ complaining of fuel spit back in certain ~~Chrysler products~~ vehicle models. As a result of these complaints, ~~Chrysler admitted that this problem constituted~~ a safety defect ~~and agreed to a product~~ recall occurred in 2002.

4.      In  2005, ~~the defendant conducted~~ a second safety recall of Chrysler vehicles ~~for the same type "fuel spit back problem"~~ took place for 2005 MY Durango vehicles having "fuel spit back problems".

5.      Based upon information and belief, in February of 2007, ~~Chrysler began receiving~~ a rising number of ~~field complaints of~~ customers' complaints about "fuel spit back problems" in other ~~products, including the~~ model year Jeep ~~Wrangler, that were experiencing "fuel spit back problems"~~ Wranglers.

6.      In January 2009, ~~the Defendant conducted~~ a further safety recall ~~of~~ was issued involving other Durango model vehicles because of ~~the safety problem created in 2005 MY Durangos with~~ "fuel spit back problems".

7.      In September, 2009, defendant Chrysler published and sent a Technical Service Bulletin ~~sent~~ to its dealership network advising them that consumers were continuing to experience "fuel spit back problems", and ~~voicing complaints about refueling, and advising~~ the defendant advised dealerships on various repair steps that may be required if a customer brings in his or her Chrysler product with this ~~type~~ complaint.

8.    In August, 2010, the National Highway Traffic Safety Administration opened an investigation regarding complaints of "fuel spit back problems" in 2007 and 2008 Jeep Wranglers. In communications with the Defendant, ~~the~~ NHTSA advised Chrysler that the same "fuel spit back problems" currently being investigated for 2007-2008 MY Wranglers were previously ~~received by the owners of~~ found in 2005 and 2006 Jeep Wranglers.

9.    In response to the NHTSA communications in August, 2010, the Chrysler defendant admitted that the 2005 through 2010 Jeep Wrangler model vehicles ~~include~~ included the same or similar fuel system components, including the fuel tank assembly and inlet check valve.  Additionally, the Chrysler defendant admitted that the 2005 through 2008 Durango model vehicles were appropriate peer vehicles with the same or similar fuel tank assembly and inlet check valve.

10.   In its response to the NHTSA inquiry of August 2010, the Chrysler defendant admitted that there were 542,650 Jeep Wranglers with the same or similar fuel system assembly and inlet check valve.  ~~Further, in this same response,~~ And, the defendant Chrysler admitted there were 266,315 Durangos with the same or similar fuel system assembly and inlet check valve.

11.   On February 11, 2011, the defendant issued and then delivered to its dealership network a Technical Service Bulletin granting a lifetime warranty to the owners of (approximately 135,000 vehicles) 2007 to 2008 Jeep Wranglers ~~only~~. This warranty allowed for the repair and replacement of certain components if and when a customer complained of a "fuel spit-back problem". This TSB (referenced as Chrysler TSB 140001-11) was not a safety recall, it did not advise the owners of these vehicles that their vehicles contained a flaw or safety defect, and it did not appropriately notify current owners of the aforesaid hazard. This TSB

3

merely authorized Chrysler dealerships to inspect and repair ~~a limited number of~~ these Jeep Wranglers ~~that are brought~~ if an owner should happen to bring the vehicle into a dealership ~~with~~ complaining of "fuel spit back problems".

12. Despite the Defendant's awareness that the "fuel spit back problem" continued to exist in Jeep Wranglers for model years 2005 through 2010 and Durangos for model years 2005-2008, and despite the ~~Defendant's~~ earlier ~~admission~~ recognition that this refueling problem constituted a safety defect, the defendant ~~turned a blind eye~~ failed to ~~this issue. The Defendant, recognizing its duty~~ take necessary steps to rectify this ~~hazard, carelessly and wrongfully decided on February 11, 2011 to issue a silent recall (herein referenced as a TSB) for a limited number of the Wranglers and no Durango vehicles which contain this hazard. This negligent misconduct constituted an inadequate response to a continuing safety issue.~~ problem.

13. On February 11, 2011, the Defendant initiated a woefully inadequate procedure for the repair of ~~all~~ certain Jeep Wranglers ~~and Durangos~~ containing the same or similar hazards as those which were the subject of the aforementioned TSB.

14. ~~The~~ In 2011, the Defendant failed to conduct a proper ~~recall~~ and/~~or~~ necessary remedial program to remedy all Jeep Wranglers and Durangos containing the defective design that is responsible for the "fuel spit back problem".

15. In January 2012, the defendant sent a letter to the owners of certain Dodge Durangos advising them that because of the "fuel spit-back problem" these vehicles would now have a lifetime warranty for certain fuel system parts. And, in the event that their vehicle developed the problem, a Chrysler dealership would repair it.

4

16.     The January, 2012 letter did not reasonably alert customers to the safety defect at issue and did not properly and reasonably instruct owners to have their vehicles repaired.

17.     The Defendant is liable to the Plaintiffs and all other similarly situated Plaintiffs for the ~~defective design that causes~~ "fuel spit back problems" and because of its negligence, carelessness and other misconduct in initiating inadequate remedial action in 2011 and 2012 to rectify this hazard.  This liability is not predicated upon the assumption of any legal duty that arose in the Bankruptcy Court.

18.     The vehicle models identified below contain safety hazards, which result in the breach of applicable warranties.

19.     The 2005 through 2010 Jeep Wranglers and 2005 through 2008 Dodge Durangos all have, according to the Defendant, and upon information and belief, the same or similar design defect that produces "fuel spit back problems."

20.     The defendant Chrysler has sold 2009 and 2010 Jeep Wranglers after the Bankruptcy closing date that contain a design flaw that produces "fuel spit back problems".  The design flaw in these vehicles is the same or similar to those Wranglers that are the subject of the aforementioned TSB.  This design flaw has caused property damage or the loss of property, as well as the loss of value bargained for by the Plaintiffs.

21.     The aforementioned defect has manifested itself in each of the Plaintiffs' vehicles, causing fuel to spill out while refueling. This spillage causes a monetary loss and it poses a potential health and safety hazard.

22.     In the Bankruptcy proceedings, the defendant Chrysler did assume responsibility for the breach of product warranties (including but not limited to breach of implied warranties of merchantability, implied warranty of fitness for a particular purpose, and violation of other

consumer state laws for the marketing of unsafe products) extending back to vehicles sold five years prior to the Bankruptcy Closing date (e.g., 2004 model year vehicles) for products manufactured and sold by its predecessor.

23. The product models for which breach of warranty claims are asserted are identified below.

## JURISDICTION AND VENUE

24. This Court has jurisdiction over this action predicated upon CAFA, because the ~~defendant is incorporated in~~ parties are diverse and the ~~State~~ plaintiffs number more than 100 and the claim for damages exceeds $5,000,000.00 exclusive of ~~Delaware. Defendant Chrysler's registered agent is Corporation Trust Company located at 1209 Orange Street, Wilmington, Delaware, 19801.~~ costs and attorneys fees and interest.

25. The Defendant has marketed and sold Jeep Wranglers and Dodge Durangos in the State of Delaware and the County of New Castle.

## PARTIES

26. Plaintiff Autumn Burton resides in Memphis, Tennessee. In October, 2008, she purchased and currently owns a 2006 Dodge Durango [VIN 1D4HB48N86F164206]. Plaintiff has in the past and she continues to experience "fuel spit back problems" with this vehicle. This problem has caused the loss of fuel and it poses a potential health and safety risk. Plaintiff Burton was given/received express and/or implied warranties when she purchased the Durango. In January, 2012, Plaintiff Burton received from the defendant Chrysler an extended life time warranty regarding the components at issue. The defects in her vehicle and resulting "fuel spit-back problems" constitute a breach of warranties as described below.

27. Plaintiff Matthew Cox resides in Westminster, Colorado. In March, 2011, he purchased and currently owns a 2005 Jeep Wrangler [VIN 1JFA64S25P357114]. Plaintiff has in the past

and he continues to experience "fuel spit back problems" with this vehicle. This problem has caused the loss of fuel and it poses a potential health and safety risk. <u>On March 30, 2011, Plaintiff Cox sent a notice to the National Highway Traffic Safety Administration and/or the defendant Chrysler notifying them of the defect in question.  This defect in the product constitutes a breach of applicable warranties as set forth below.</u>

28.    Plaintiff Dan Gulick resides in Penn Yan, New York.  In October, 2009, Mr. Gulick purchased and he currently owns a 2005 Jeep Wrangler [VIN 1JFA49S150342567]. Plaintiff has in the past and he continues to experience "fuel spit back problems" with this vehicle. This problem has caused the loss of fuel and it poses a potential health and safety risk. <u>Plaintiff Gulick sent a notice to the National Highway Traffic Safety Administration and/or the defendant Chrysler notifying them of the defect in question.  This defect in the product constitutes a breach of applicable warranties as set forth below.</u>

29.    Plaintiff Rodney LaFleur resides in Chicago, Illinois. In 2009, Mr. LaFleur purchased and currently owns a 2005 Jeep Wrangler [VIN 1J4FA44S25P320052].  The Plaintiff has in the past and he continues to experience "fuel spit back problems" with this vehicle.  This problem has caused the loss of fuel and it poses a potential health and safety risk. <u>Plaintiff LaFleur sent a notice to the National Highway Traffic Safety Administration and/or the defendant Chrysler notifying them of the defect in question.  This defect in the product constitutes a breach of applicable warranties as set forth below.</u>

30.    Plaintiff James Spitler resides in Camden, North Carolina.  In 2009, Mr. Spitler purchased and continues to own a 2006 Jeep Wrangler [VIN 1J4FA64SX6P762994].  The Plaintiff has in the past and he continues to experience "fuel spit back problems" with this vehicle.  This problem has caused the loss of fuel and it poses a potential health and safety risk. <u>This</u>

defect in the product constitutes a breach of applicable warranties as set forth below. Plaintiff Spitler notified the defendant of this defect before filing this lawsuit.

31.    Plaintiff Mike Burke resides in Wesley Chapel, Florida. Mr. Burke purchased and continues to own a 2007 Jeep Wrangler [VIN 1JFA49S46P750210]. The Plaintiff has in the past and he continues to experience "fuel spit back problems" with this vehicle. This problem has caused the loss of fuel and it poses a potential health and safety risk. This vehicle and the parts at issue have a lifetime warranty. This defect constitutes a breach of warranties as described below. The 2007 Wrangler has the same design flaws as the 2008 through 2010 Jeep Wranglers.

32.    Plaintiff Eric Malloy resides in Fort Hood, Texas. Mr. Malloy purchased and continues to own a 2005 Dodge Durango [VIN 1J4FA64595P386741]. The Plaintiff has in the past and he continues to experience "fuel spit back problems" with this vehicle. This problem has caused the loss of fuel and it poses a potential health and safety risk. Plaintiff Malloy provided notice to Chrysler of the defects in his vehicle. These defects constitute a breach of applicable warranties as described below.

33.    Plaintiff Mike Gasman resides in Appleton, Wisconsin. Mr. Gasman purchased and continues to own a 2005 Jeep Wrangler [VIN 1D4HB58D85F592207]. The Plaintiff has in the past and he continues to experience "fuel spit back problems" with this vehicle. This problem has caused the loss of fuel and it poses a potential health and safety risk. Plaintiff Gasman notified NHTSA/Chrysler of the defects in his vehicle. These defects constitute a breach of applicable warranties as described below.

34.    Plaintiff Ryan Gillette resides in Robertsville, Missouri. Mr. Gillette purchased and continues to own a 2005 Jeep Wrangler [VIN 1J4FA39S15P376518]. The Plaintiff has in

the past and he continues to experience "fuel spit back problems" with this vehicle. This problem has caused the loss of fuel and it poses a potential health and safety risk. <u>The defendant Chrysler was fully aware of the defect in this model vehicle. These defects constitute a breach of applicable warranties as described below.</u>

35.  Defendant Chrysler Group LLC is a limited liability company incorporated in the ~~state~~ <u>State</u> of Delaware.

## CLASS ACTION ALLEGATIONS

36.  This action seeks to establish a nationwide class against the named Defendant for negligence and <u>breaches of warranties</u> ~~other wrongful conduct~~ alleged in this Complaint.

37.  Certification under Rule 23(b) of the ~~Del. Super. Ct. R. Civ. P.~~ <u>Federal Rules of Civil Procedure</u> is proper.

38.  The Plaintiffs and the Class seek <u>injunctive relief, and</u> compensatory <u>and incidental</u> damages in ~~the~~ <u>an</u> amount determined that is <u>for</u> the cost/value of the repair and replacement of <u>necessary components in</u> each Jeep Wrangler and Dodge Durango, <u>and any loss of the use of the vehicle, and if the condition cannot be rectified then a loss of the value of the vehicle due to the continuing loss of fuel</u> for each class member for the Defendant's wrongful conduct as alleged herein.

39.  Plaintiffs seek certification of a nationwide class against the named Defendant with the class consisting of the following:

   a.  "All current owners of Jeep Wranglers, model years 2005 through 2010 which include the design features responsible for the "fuel spit back problem" and which have not been <u>corrected</u> ~~recalled~~ or repaired in the past".

    b.  "All current owners of Dodge Durangos, model years 2005 through 2008 which include the design features responsible for the "fuel spit back problem" and which have not been <u>corrected</u> ~~recalled~~ or repaired in the past."

40.    The        class        is        further        defined        as        follows: "The person does not have a pending action against the Defendant, on the Date of the Court's certification order, any individual action where in the recovery sought is based in whole or in part on the type of claims asserted herein, or has previously had his or her vehicle recalled or otherwise repaired to correct the safety hazard described herein." <u>Further, "the class members do not include those who own vehicles sold before the Bankrutpcy Sale Order date that are not subject to the assumption of warranty liabilities set forth in Paragraph 19 of the Sale Order".</u>

41.    <u>The class is further defined into the following sub-classes:</u>

    a.  <u>All Jeep Wrangler products marketed by the defendant after the Closing Date of the Bankruptcy and which contain the defect that has or will cause the "fuel spit back problem" and have not been repaired (e.g., 2009 and 2010 model year vehicles).</u>

    b.  <u>All Jeep Wrangler products containing the defect in question and to which warranties described below were existent on the Closing Date of the Bankruptcy (eg., 2005 to 2009 model year vehicles), exclusive of those referenced in ¶ 42 a.)</u>

    c.  <u>All Dodge Durango products containing the defect described and to which warranties described below were existent on the Closing date of the Bankruptcy (2005 to 2009 models), exclusive of those 2006-2008 models that were the subject of the aforementioned TSB.</u>

    d.    <u>All Dodge Durango vehicles that obtained a lifetime warranty via the January 20, 2012 letter issued by the defendant and which contain the defect described and which have not been remedied.</u>

    e.    <u>All 2007-2008 Jeep Wranglers that obtained a lifetime warranty via the February 2011 TSB issued by the defendant to repair these model vehicles which contain defects causing the "fuel spit-back problem" and which have not been remedied.</u>

    f.    <u>All Dodge Durango 2005 to 2008 model years that include the same or similar fuel system which has led to the "fuel spit-back problem" and which have not been repaired and which no longer have viable warranties, but have the defect in question, exclusive of those models that are the subject of the aforementioned TSB;</u>

    g.    <u>All Jeep Wranglers 2005 to 2010 model years that include the same or similar fuel system which has led to the "fuel spit-back problem" and which have not been repaired and which no longer have viable warranties, but have the defect in question, exclusive of those model years that are the subject of the aforementioned TSB.</u>

42.    Rule 23(a) and Rule 23(b), requirements are met because:

    a.    Plaintiffs estimate that the proposed class ~~consists~~ <u>and sub-classes consist</u> of hundreds of thousands of Jeep Wrangler <u>and Dodge Durango</u> owners throughout the United States, and joinder of all members in this action is impracticable.

    b.    There are questions of law and fact common to the class.

    c.    The common questions predominate over any questions affecting only individual members.

    d.    The named Plaintiffs are adequate representatives of the class and sub-classes. The claims of the Plaintiffs as class representative are typical of those of the class

members in that they were subjected to the same unlawful treatment, and the named

Plaintiffs suffered the same type harm as suffered by other members of the class.

The class representatives will vigorously pursue the claims on behalf of the class,

and will fairly and adequately protect the interests of the class. Plaintiffs' counsel is

experienced and professionally able to properly represent the class.

    e. The claims of the representative parties are typical of the claims of each member of

the class, and are based on or arise out of similar facts constituting the wrongful

conduct of the Defendant.

    f. A class action is far superior to any other available method for the fair and efficient

adjudication of this controversy.

43. Prerequisites to a Class Action – ~~Del~~ Fed. R. Civ. P. 23(a) <u>and Fed. R. Civ. P.23(b)(2).</u> The

prerequisites to maintaining this action as a Class action are satisfied in this case as alleged

below.

    a. Numerosity, on information and belief, there are hundreds of thousands of Jeep

Wranglers and Dodge Durangos with the aforementioned safety defect that has not

been repaired.

    b. Because Defendant has exclusive control of such information, the Plaintiffs reserve

the right to amend their allegations following completion of discovery. Given the

scope of the Defendant's business, it is clear that the members of the Class are so

numerous that joinder is impracticable and the disposition of their claims in a Class

action will provide substantial benefits to the parties and the Court.

    c. Commonality – Since the Plaintiffs and other members of the Class all own 2005

through 2010 Jeep Wranglers or 2005 through 2008 Dodge Durangos that include

the same or similar fuel system design, and they all suffer from the same hazardous "fuel spit back problem," there are questions of law and fact common to the Class. Such common questions of law and fact predominate over any individual questions affecting Class members.

d.  Typicality – Named Plaintiffs have the same interests in this matter as all the other members of the Class, and their claims are typical of all members of the Class. The named Plaintiffs' claims are typical of the claims of all Class members because the claims originate from the same design features.

e.  Adequacy of Representation – Plaintiffs' claims are aligned with the interests of the absent members of the Class such that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in the prosecution and successful resolution of Class litigation. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class. Plaintiffs' interests are antagonistic to the interests of the Defendant and Plaintiffs will vigorously pursue the claims of the Class.

f.  Class Actions Maintainable –Class action status is also appropriate because the common question of law and fact identified above predominate over questions affecting only individual members. A Class action is superior to other available methods for the fair and efficient adjudication of this litigation. It is desirable to concentrate the litigation of the claims in this Court. Plaintiffs and their counsel do not anticipate encountering any unique difficulties in the management of this action as a Class action.

g. Injunctive relief is necessitated because of the defendant's refusal to act in accordance with the allegations set forth herein.

## COUNT I :NEGLIGENCE

## NEGLIGENCE REGARDING POST-CLOSING DATE PRODUCTS.

44.    Plaintiffs adopt and incorporate by reference all prior paragraphs of this Complaint as if fully set forth herein.

45.    The Defendant has in the past acknowledged the inherent dangers associated with "fuel spit back" in its Jeep Wranglers and Dodge Durangos.

46.    The Defendant accepted its duty to rectify the "fuel spit back" problem on several occasions in the past by conducting safety recalls. by issuing Technical Service Bulletins.

47.    On February 11, 2011, the Defendant again acknowledged the hazards associated with "fuel spit back" and initiated a silent recall known as a Technical Service Bulletin (TSB) for a limited number of Jeep Wranglers that were at that time past the warranty period for repairs and none of the relevant Dodge Durangos., but that action did not include Wranglers sold after the Closing date and which contain the defect in question.  These 2009-2010 products contain the defect in question and the failure to remedy this defect in those vehicles constitutes actionable negligence.

48.    The defendant Chrysler's action on February 11, 2011 was a careless and negligent effort to rectify known hazards in Jeep Wrangler and Dodge Durango model vehicles.

49.    The defendant's action on February 11, 2011 failed to rectify known defects in Jeep Wranglers it sold in calendar years 2009 and 2010.  The TSB issued on February 11, 2011 did not provide reasonable notice to the owners of these vehicles.  These products remain unsafe and/or have defects constituting a breach of warranty as described below.

50.     As a result of this negligence, the defendant is liable to those owners of Jeep Wranglers sold in 2009 and 2010 by the defendant and containing the defect in question and which have not been repaired.

## COUNT II

## NEGLIGENCE REGARDING JEEP WRANGLERS THAT THE DEFENDANT CHOSE TO REPAIR BUT FAILED TO DO SO CAREFULLY

51.     The TSB issued by the defendant on February 11, 2011 was intended to repair some Jeep Wrangler model vehicles (2007-2008) that were sold by its predecessor. In doing so, the defendant assumed a duty toward the owners of these vehicles. Nevertheless, the defendant's action did not reasonably notify the ~~public~~ owners of the aforementioned Wranglers of the "fuel spit back problem" nor did it reasonably and carefully advise that the repair of this problem should promptly take place.

52.     The Defendant's ~~actions~~ action on February 11, 2011 occurred because of ~~its~~ a duty to rectify known dangers associated with these vehicles.

53.     The Defendant was negligent in its ~~vehicles~~ voluntary undertaking to repair the Jeep Wrangler models in question.

54.     ~~The TSB was~~ The Defendant's negligent undertaking has failed to rectify a known defect and these Jeep Wranglers remain defective as described above. This conduct has caused the harm as described above.

## COUNT III

## NEGLIGENCE RELATED TO A GRATUITOUS UNDERTAKING AS TO ALL DODGE DURANGOS SUBJECT TO THE TECHNICAL SERVICE BULLETIN ISSUED IN JANUARY 20, 2012.

55.     The Plaintiffs incorporate by reference all of the foregoing paragraphs as if they were set forth at length herein.

56.    On January 20, 2012, the defendant issued a TSB and then on January 25, 2012, the defendant sent a letter to the owners of Dodge Durangos, model years 2006 to 2008, advising that these vehicles may require the replacement of portions of their fuel system because of a defect causing "fuel spit-back problems", and providing these owners with a life-time warranty to obtain certain repairs for this defect.  That letter, which constituted an admission, did not provide for appropriate and necessary measures to remedy the defect or provide for the reimbursement of costs associated with this breach.

57.    Further this notification in January, 2012 was an inadequate remedial measure, constituting negligence on the part of the defendant in failing to take appropriate action to correct flaws in these vehicles.

58.    These omissions constitute negligence which is the proximate cause of damages suffered by the owners of these Dodge Durangos.

## COUNT IV

## NEGLIGENCE AS TO ALL APPLICABLE JEEP WRANGLERS SUBJECT TO THE FEBRUARY 11, 2011 TECHNICAL SERVICE BULLETIN

59.    The plaintiffs incorporate by reference all the paragraphs set forth above as though they were fully set forth herein.

60.    On February 11, 2011, the defendant issued a TSB extending to the owners of 2007-2008 Jeep Wranglers a lifetime warranty to remedy the defect causing fuel spit back, but it failed to reasonably and effectively notify all owners or to provide for effective remedies of this safety defect.  This TSB was inadequate to remedy the defect and constitutes negligence on the part of the defendant in failing to take appropriate action to correct flaws in these vehicles.

61.    Further this TSB was an inadequate remedial measure, constituting negligence on the part of the defendant in failing to take appropriate action to correct flaws in these vehicles.

62.    That TSB, which constituted an admission, did not provide for appropriate and necessary measures to remedy the defect or provide for the reimbursement of costs associated with this breach.

63.    These omissions constitute negligence and the proximate cause of damages suffered by the owners of these Jeep Wranglers.

## COUNT V

## GENERAL NEGLIGENCE CLAIM BASED UPON THE DEFENDANT'S GRATUITOUS/VOLUNTARY EXTENSION OF WARRANTIES TO SOME BUT NOT ALL APPLICABLE JEEP WRANGLERS AND DODGE DURANGOS

64.    The Plaintiffs incorporate by reference herein all of the foregoing relevant allegations as if they were set forth at length herein.

65.    The several referenced TSBs were limited in scope and did not ~~attempt to~~ notify all owners of the inherent ~~flaw~~ flaws in the fuel system of all Jeep Wranglers marketed between 2005 and 2010 and Dodge Durangos marketed between 2005 and 2008.

66.    This Count of negligence relates to those Jeep Wrangler and Dodge Durango model years that are not the subject of the Technical Service bulletins issued by the defendant on February 11, 2011 and January 20, 2012.

67.    Because the Defendant did, on February 11, 2011 and January 20, 2012, gratuitously elect to rectify a hazardous condition ~~in certain model Jeep Wranglers~~ that it knew existed in some but not all 2005 through 2010 Jeep Wranglers and 2005 through 2008 Dodge Durangos, ~~its failure to carefully undertake this task~~ this omission constitutes actionable negligence and

~~established~~ establishes the accrual of a cause of action ~~— i.e., the running of the negligence statute of limitations as to these vehicles began on February 11, 2011.~~

68. ~~The 2005 through 2010 Jeep Wranglers and 2005 through 2008 Dodge Durangos all have, according to the Defendant and upon information and belief, the same design defect that produces "fuel spit back problems." This defect has manifested itself by causing fuel to spill out while refueling. This spillage causes a monetary loss and it continues to pose a potential health and safety hazard.~~ The Defendant has, in its prior action, acknowledged the appropriate repairs that are needed to eliminate the defect and the "fuel spit back problem."

69. ~~The Defendant assumed~~ The Defendant has a duty to ~~the owners of Jeep Wranglers and Dodge Durangos to~~ keep abreast of performance problems that arise in association with the use of all relevant Jeep Wranglers and Dodge Durangos.

70. The Defendant assumed a duty to take necessary action to repair or otherwise correct flaws that ~~materialize in its vehicles~~ have materialized in the model year Jeep Wranglers and Dodge Durangos identified above, but then it negligently selected to limit its extension of warranties and limit its notification to the owners of these vehicle models to obtain remedial repairs to eliminate the defect in question.

71. The Defendant was generally careless and negligent in breaching the duty of due care it ~~assumed for~~ owed to the ~~benefit~~ owners of ~~the Plaintiffs and class members,~~ all relevant vehicle models both generally and in the following particular respects:

a. Failing to properly and adequately warn of the hazards associated with "fuel spit back problems;"

18

b. Failing to conduct a full and complete repair of all Jeep Wranglers and Dodge Durangos ~~that~~ which were designed and included the same features that are the cause of "fuel spit back problems;"

c. Conducting a silent recall without alerting all owners of 2005 to 2010 Jeep Wranglers and all owners of 2005 through 2008 Dodge Durangos of the "fuel spit back problems" and failing to provide corrective action for all such vehicles;

d. Conducting an inadequate and incomplete notification to owners of the need to repair all 2005 to 2010 Jeep Wranglers and 2005 through 2008 Dodge Durangos to eliminate the "fuel spit back problem;"

e. Failing to carefully carry out proper and reasonable remedial remedies to eliminate the hazards and safety issues and loss of fuel associated with "fuel spit back problems" in the 2005 through 2010 Jeep Wranglers and 2005 through 2008 Dodge Durangos; and,

f. Other acts of negligence and carelessness that may materialize during the pendency of this action.

## COUNT VI

## BREACH OF WARRANTIES REGARDING ALL APPLICABLE VEHICLES

72. The Plaintiffs incorporate by reference all the foregoing paragraphs as set forth herein at length.

73. The defendant Chrysler assumed liabilities associated with claims for breach of express and implied warranties for model year 2005 through 2009 Jeep Wranglers and 2005 through 2008 Dodge Durangos except for those liabilities associated with personal injuries or other damage claims that are not asserted herein.

74. The vehicles in question were sold and delivered with implied warranties of merchantability.

75. As described below, these vehicles have defects that constitute material breaches of these implied warranties of merchantability.

76. The defendant has received reasonable notice of the breach of warranties described herein.

77. The vehicles in question were sold with implied warranties of merchantability that included, but are not limited to,

    a. a promise that the vehicle will operate safely;

    b. a promise that it can be used in a safe condition;

    c. a promise that it will be free of defects; and,

    d. a promise that the vehicle's components will function as intended.

78. The vehicles in question contain defects as described above and failed to safely store fuel for usage as intended by its design.

79. The "fuel spit-back problems" constitute a breach of implied warranties of merchantability.

80. This breach has caused damages both direct and indirect including consequential damages.

81. The vehicle models in question were sold with an implied warranty of fitness for a particular purpose.

82. As described below, these vehicles have defects that constitute material breaches of this implied warranty of fitness of a particular purpose.

83. The defendant has received reasonable notice of the breach of warranty described herein.

84. The vehicles in question were sold with implied warranty of fitness for a particular purpose that included, but is not limited to,

    a. a promise that the vehicle will operate safely;

    b. a promise that it can be used in a safe condition;

    c.  a promise that it will be free of defects; and,

    d.  a promise that the vehicle's fuel system components would function as intended and provide a safe storage facility for fuel.

85.  The vehicles in question contain defects as described above and failed to safely store fuel for usage as intended by its design.

86.  The "fuel spit-back problems" constitute a breach of implied warranty of fairness for a particular purpose.

87.  This breach has caused damages both direct and indirect including consequential damages.

## COUNT VII

## BREACH OF WARRANTIES REGARDING JEEP WRANGLERS
## 2009-2010 MODEL YEARS

88.  The plaintiffs incorporate by reference here all the foregoing paragraphs as if they were set forth herein.

89.  The vehicles in question were sold and delivered with implied warranties of merchantability.

90.  As described herein, these vehicles have defects that constitute material breaches of these implied warranties of merchantability.

91.  The defendant has received reasonable notice of the breach of warranties described herein.

92.  The vehicles in question were sold with implied warranties of merchantability that included, but are not limited to,

    a.  a promise that the vehicle will operate safely;

    b.  a promise that it can be used in a safe condition;

    c.  a promise that it will be free of defects; and,

    d.  a promise that the vehicle's components will function as intended.

93.   The vehicles in question contain defects as described above and failed to safely store fuel for usage as intended by its design.

94.   The "fuel spit-back problems" constitute a breach of implied warranties of merchantability.

95.   This breach has caused damages both direct and indirect including consequential damages.

96.   The vehicle models in question were sold with an implied warranty of fitness for a particular purpose.

97.   As described below, these vehicles have defects that constitute material breaches of this implied warranty of fitness of a particular purpose, and this breach accrued within less than 4 years before the date this action was commenced.

98.   The defendant has received reasonable notice of the breach of warranty described herein.

99.   The vehicles in question were sold with implied warranty of fitness for a particular purpose that included, but is not limited to,

   a.   a promise that the vehicle will operate safely;

   b.   a promise that it can be used in a safe condition;

   c.   a promise that it will be free of defects; and,

   d.   a promise that the vehicle's fuel system components would function as intended and provide a safe storage facility for fuel.

100.  The vehicles in question contain defects as described above and failed to safely store fuel for usage as intended by its design.

101.  The "fuel spit-back problems" constitute a breach of implied warranty of fitness for a particular purpose.

102.  This breach has caused damages both direct and indirect including consequential damages.

**COUNT VIII**

## BREACH OF WARRANTIES REGARDING JEEP WRANGLERS
## MODEL YEARS 2007-2008 AND DODGE DURANGOS MODEL YEARS 2006-2008

103.    Plaintiffs incorporate by reference all the paragraphs set forth above as if they were set forth at length herein.

104.    The vehicles in question were sold and delivered with implied warranties of merchantability.

105.    As described herein, these vehicles have defects that constitute material breaches of these implied warranties of merchantability.

106.    The defendant has received reasonable notice of the breach of warranties described herein.

107.    The vehicles in question were sold with implied warranties of merchantability that included, but are not limited to,

   a.    a promise that the vehicle will operate safely;

   b.    a promise that it can be used in a safe condition;

   c.    a promise that it will be free of defects; and,

   d.    a promise that the vehicle's components will function as intended.

108.    The vehicles in question contain defects as described above and failed to safely store fuel for usage as intended by its design.

109.    The "fuel spit-back problems" constitute a breach of implied warranties of merchantability.

110.    This breach has caused damages both direct and indirect including consequential damages.

111.    The vehicle models in question were sold with an implied warranty of fitness for a particular purpose.

112.    As described below, these vehicles have defects that constitute material breaches of this implied warranty of fitness of a particular purpose, and this breach accrued within less than 4 years before the date this action was commenced.

113.    The defendant has received reasonable notice of the breach of warranties described herein.

114. The vehicles in question were sold with implied warranties of fitness for a particular purpose that included, but is not limited to,

    a.    a promise that the vehicle will operate safely;

    b.    a promise that it can be used in a safe condition;

    c.    a promise that it will be free of defects; and,

    d.    a promise that the vehicle's fuel system components would function as intended and provide a safe storage facility for fuel.

115. The vehicles in question contain defects as described above and failed to safely store fuel for usage as intended by its design.

116. The "fuel spit-back problems" constitute a breach of implied warranty of fitness for a particular purpose.

### DAMAGES

117. Plaintiffs adopt and incorporate by reference all prior paragraphs of this Complaint as if fully set forth herein.

118. The Plaintiffs individually and the Class members have in the past and/or will in the future suffer the loss of fuel and/or be exposed to potential health and safety hazards as a result of the Defendant's careless and negligent decision to conduct a woefully inadequate offer to repair a limited number of Jeep Wranglers and Dodge Durangos that all have the design flaws that cause "fuel spit-back problems."

119. Plaintiffs individually and the Class members have suffered damages because of the breach of warranties described above and they are entitled to recover damages recognized at law including repair and replacement costs plus consequential damages.

24

120.    The Plaintiffs individually and the Class members are each entitled to the repair and replacement of all component parts that cause the "fuel spit back problems". These repairs and replacements must be made at the expense of the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs individually and on behalf of the proposed Class, pray for judgment as follows:

    a.  Certification of the proposed Class pursuant to the Delaware Rules of Civil Procedure Rule 23(a), (b)(2) and (b)(3);

    b.  Designation of Plaintiffs as representatives of the proposed Class and designation of Plaintiffs' counsel as Class counsel;

    c.  An award of compensatory damages, the amount of which is to be determined at trial;

    d.  An award to the Plaintiffs and Class prejudgment interest, costs and attorneys fees;

    e.  An award to the Plaintiffs and Class of such other and further relief as the Court deems just and proper.

*/s/ Bartholomew J. Dalton*
Bartholomew J. Dalton (ID #808)
Laura J. Simon (ID #3644)
DALTON & ASSOCIATES, P.A.
Cool Spring Meeting House
1106 West Tenth Street
Wilmington, DE 19806
(302) 652-2050
bdalton@bdaltonlaw.com
*Attorneys for Plaintiffs*

*Of Counsel:*
Larry Coben, Esquire

ANAPOL SCHWARTZ
8700 E Vista Bonita Drive
Scottsdale, AZ 85255
(480) 515-4745

Patrick Ardis, Esquire
ARDIS WOLF, P.C.
5810 Shelby Oaks Drive
Memphis, TN 38134
(901) 763-3336

DATED:  August 21, 2012

JS 44 (Rev. 12/07)  CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

AUTUMN BURTON, MATTHEW COX, RODNEY LaFLEUR, DAN GULICK, JAMES SPITLER, MIKE BURKE, MIKE GASMAN, ERIC MALLOY, RYAN GILLETTE, and all others similarly situated.

**DEFENDANTS**

CHRYSLER GROUP LLC, a Delaware Corporation

**(b)** County of Residence of First Listed Plaintiff   Shelby County, TN
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dalton & Associates, Laura J. Simon and Bartholomew J. Dalton, 1106 West 10th Street, Wilmington, DE  19806

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☒ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Class Action Product Liability filed in Superior Court, removed by Defendant.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE
08/21/2012

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____